Case 2:24-bk-20439 Doc 148-1 Filed 02/26/25 Entered 02/26/25 17:30:03 Desc Main
Supplement Form 2540 - Subpoena for Rule 2004 Examination    Page 1 of 13

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of __Wyoming_____

In re __In Re: SIGNAL HILL SERVICE, INC.,_____

Debtor

Case No. __2:24bk20439_____

Chapter __7_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: __Alex Schurawel_____

*(Name of person to whom the subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE<br>To be held by remote means | DATE AND TIME<br>An agreed upon date after April 15, 2025 |
|---|---|

The examination will be recorded by this method: __Video recording and transcription_____

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

   See Exhibit A attached.

---

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __2/26/2025__

CLERK OF COURT

*/s/ Christie A. Leggetto*                                    OR        _____

*Signature of Clerk or Deputy Clerk*                                  *Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__California State Lands Commission__ , who issues or requests this subpoena, are:

(213) 269-6226
Steven Kerns, Deputy Attorney General, 300 S. Spring St., Suite 1702, CA 90013, Steven.Kerns@doj.ca.gov

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 24-20439 Doc 48-1 Filed 02/00/23/25 Entered 02/00/23/25 18:30:03 Desc Main
Supplement Form 2540 - Subpoena for Rule 2004 Examination    Page 2 of 13

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

Supplement Form 2540 - Subpoena for Rule 2004 Examination Page 3 of 13
B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

 *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

 *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

Case 24-20439 Doc 48-1 Filed 02/23/25 Entered 02/23/25 17:30:03 Desc Main
Supplement Form 2540 - Subpoena for Rule 2004 Examination    Page 4 of 13

1  ROB BONTA
   Attorney General of California
2  JESSICA TUCKERMOHL
   Supervising Deputy Attorney General
3  LEENA M. SHEET (SBN 235415)
   ISABELLA A. LANGONE (SBN 318984)
4  STEVEN W. KERNS (SBN 333983)
   Deputy Attorneys General
5    300 South Spring Street, Suite 1702
     Los Angeles, CA  90013
6    Telephone:  (213) 269-6226
     Fax:  (916) 731-2121
7    E-mail:  Steven.Kerns@doj.ca.gov
   *Attorneys for Creditor*
8  *California State Lands Commission*

9                IN THE UNITED STATES BANKRUPTCY COURT

10                       FOR THE DISTRICT OF WYOMING

11

| 12 | **In Re: SIGNAL HILL SERVICE, INC.,** | CASE NO. 2:24bk20439 |
|---|---|---|
| 13 | Debtor. | Chapter 7 |
| 14 | | **DEPOSITION SUBPOENA FOR PRODUCTION OF DOCUMENTS** |
| 15 | | |
| 16 | **SIGNAL HILL SERVICE, INC.,** | Hearing:<br>Time: |
| 17 | Debtor | Place: 2120 Capitol Avenue<br>8th Floor |
| 18 | **v.** | Cheyenne, WY 82001<br>Judge: Honorable Cathleen D. Parker |
| 19 | | |
| 20 | **CALIFORNIA STATE LANDS COMMISSION,** | |
| 21 | Creditor | |

1

## **DEFINITIONS**

This request uses certain terms with defined meanings:

A. The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request anything which might otherwise be construed to be outside its scope.

B. "DOCUMENT" is synonymous in meaning and equal in scope to its usage in Federal Rules of Civil Procedure ("FRCP") section 34(a)(1)(A), which states "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form" or any designated tangible things, or entry onto land or other property. The term "document" refers to any document now or at any time in Mr. Alex Schurawel's possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

C. "COMMUNICATION" means the transmission of information or data in any form including, without limitation, written, oral, or electronic transmissions.

D. "SIGNAL HILL" refers to Signal Hill Service, Inc. and its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

E. "YOU" and "YOUR" refer to Mr. Alex Schurawel, and his agents, servants, employees, accountants, investigators, and/or anyone else acting on his behalf

2

1    for purposes of managing SIGNAL HILL's tax records.

2    F. "RELATED TO" means concerning, referring to, discussing, involving,
3    alluding to, mentioning, describing, or in any way evidencing, constituting,
4    substantiating, supporting, or refuting the stated subject matter.

## INSTRUCTIONS

6    1.   All objections to the production of documents requested herein shall be
made in writing and delivered to the Office of the Attorney General of California, 300 S.
Spring Street #1702, Los Angeles, CA 90013 in writing on or before the date set for
production, unless a different date or location is mutually agreed upon in writing.

10   2.   All documents are to be produced as they are kept in the usual course of
business including any labels, file markings, or similar identifying features, or shall be
organized and labeled to correspond to the categories requested herein. If there are no
documents in response to a particular request, or if you withhold any responsive
documents or categories of documents based on any objections, YOU shall state so in
writing.

16   3.   Electronically stored information (ESI) must be produced in its original
native format including its accompanying metadata. For example:

18   (a)  documents created using Microsoft Word must be produced as .DOC
19        or DOCX files; and
20   (b)  emails must be produced in a form that readily supports import into
21        standard email client programs, or the form of production should adhere to
22        the conventions set out in the internet email standard
23   **OR**
24   ESI must be produced in .PDF with corresponding load files containing the
25   document's text and all available metadata.

26   4.   These requests call for the production of all responsive documents in your
possession, custody or control, or in the possession, custody or control of your employees,
predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint

3

1  venturers, brokers, accountants, financial advisors, representatives, and agents or other
2  persons acting on your behalf, without regard to the physical location of such documents.
3      5.    In responding to these requests, include documents obtained on your behalf
4  by your counsel, employees, agents, or any other persons acting on your behalf. If your
5  response is that the documents are not within your possession or custody, describe in
6  detail the unsuccessful efforts you made to locate each such document. If your response is
7  that documents are not under your control, identify who has control and the location of the
8  documents.
9      6.    If any document was, but no longer is, in your possession, subject to your
10 control, or in existence, include a statement:
11     (a)    identifying the document;
12     (b)    describing where the document is now;
13     (c)    identifying who has control of the document;
14     (d)    describing how the document became lost or destroyed or was
15         transferred;
16     and
17     (e)    identifying each of those persons responsible for or having
18         knowledge of the loss, destruction, or transfer of the document from
19         your possession, custody, or control.
20     7.    Each request contemplates production of all documents in their entirety. If
21 only a portion of a document is responsive to one or more requests, the document shall be
22 produced in its entirety.
23     8.    If any document is withheld in whole or in part for any reason including,
24 without limitation, a claim of privilege or other protection from disclosure such as the
25 work product doctrine or other business confidentiality or trade secret protection, set out
26 separately with respect to each withheld document:
27     (a)    the ground of privilege or protection claimed;
28     (b)    every basis for the privilege or protection claimed;

|   |   |   |   |
|---|---|---|---|
| 1 |  | (c) | the type of document; |
| 2 |  | (d) | its general subject matter; |
| 3 |  | (e) | the document's date; |
| 4 |  |  | and |
| 5 |  | (f) | other information sufficient to enable a full assessment of the |
| 6 |  |  | applicability of the privilege or protection claims, as required by |
| 7 |  |  | FRCP section 26(b)(5), the court's local rules, and the judge's |
| 8 |  |  | individual practice rules. |

9. If YOU object to any document request on any ground other than privilege, YOU must specify:

    (a) the part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request; and;

    (b) whether any responsive materials are being withheld on the basis of an objection.

10. To the extent YOU assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED [AS [BASIS FOR PROTECTION]]" on the document in an appropriate location that does not obscure the remaining text.

11. If there are no documents in response to any particular request, YOU shall state so in writing.

12. Unless otherwise stated herein, all documents requested cover the period from January 1, 2015, through November 1, 2024.

13. Requests for production should be read to encompass any and all items responsive to the request.

5

1    14.    These requests are continuing, and YOUR response to these requests must
be promptly supplemented when appropriate or necessary in accordance with Federal
Rule of Civil Procedure 26(e).

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS that are RELATED TO SIGNAL HILL's balance sheets.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS that are RELATED TO SIGNAL HILL's assets and liabilities.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that are RELATED TO SIGNAL HILL's bank statements.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS that are RELATED TO SIGNAL HILL's credit card statements.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS that are RELATED TO SIGNAL HILL's profit and loss statements.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS that are RELATED TO SIGNAL HILL's sources of income since 2015.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS that that are RELATED TO any of SIGNAL HILL's debits.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS that show any of SIGNAL HILL's credits.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that are RELATED TO SIGNAL HILL's accounts which have been closed or inactive since 2015.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS YOU were given by SIGNAL HILL to prepare SIGNAL HILL's

6

1  tax filings.

2  **REQUEST FOR PRODUCTION NO. 11:**

3  All DOCUMENTS SIGNAL HILL's accountant(s) were given by SIGNAL HILL to
4  prepare SIGNAL HILL's tax filings.

5  **REQUEST FOR PRODUCTION NO. 12:**

6  All DOCUMENTS that are RELATED TO SIGNAL HILL's tax filings.

7  **REQUEST FOR PRODUCTION NO. 13:**

8  All COMMUNICATIONS between YOU and SIGNAL HILL.

9  **REQUEST FOR PRODUCTION NO. 14:**

10 All COMMUNICATIONS between YOU and SIGNAL HILL's banking, lending,
11 and insurance institutions and debtors pertaining to SIGNAL HILL's accounts.

12 **REQUEST FOR PRODUCTION NO. 15:**

13 All COMMUNICATIONS between YOU and SIGNAL HILL's debtors pertaining
14 to SIGNAL HILL.

15 **REQUEST FOR PRODUCTION NO. 16:**

16 All COMMUNICATIONS between SIGNAL HILL's accountant(s) and SIGNAL
17 HILL.

18 **REQUEST FOR PRODUCTION NO. 17:**

19 All DOCUMENTS that show any loans given to SIGNAL HILL.

20 **REQUEST FOR PRODUCTION NO. 18:**

21 All DOCUMENTS that show any debts held by SIGNAL HILL.

22 **REQUEST FOR PRODUCTION NO. 19:**

23 All DOCUMENTS that show SIGNAL HILL's payments to any of its agents.

24 **REQUEST FOR PRODUCTION NO. 20:**

25 All DOCUMENTS that show SIGNAL HILL's payments to any of its consultants.

26 **REQUEST FOR PRODUCTION NO. 21:**

27 All DOCUMENTS that show SIGNAL HILL's payments to any of its contractors.

28 ///

7

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS that are RELATED TO the identity of SIGNAL HILL's creditors.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS that are RELATED TO the identity of SIGNAL HILL's accountant(s) since 2015.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS that are RELATED TO the identity of SIGNAL HILL's officers since 2015.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS that are RELATED TO SIGNAL HILL's corporate records (including corporate meeting minutes).

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS that are RELATED TO any property owned by SIGNAL HILL.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS that are RELATED TO insurance policies held by SIGNAL HILL.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS that are RELATED TO any surety bonds maintained by SIGNAL HILL.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS that are RELATED TO the stipulated judgment SIGNAL HILL entered into with the California State Lands Commission in March 2024.

///
///
///
///
///

8

1  **REQUEST FOR PRODUCTION NO. 30:**

2  All DOCUMENTS that are RELATED TO SIGNAL HILL's bankruptcy proceeding

3  pending in the United States District Court, District of Wyoming.

5  Dated: February 11, 2025                    Respectfully submitted,

   ROB BONTA
   Attorney General of California
   JESSICA E. TUCKER-MOHL
   Supervising Deputy Attorney General

   *Steven Kerns*

   STEVEN W. KERNS
   LEENA M. SHEET
   ISABELLA A. LANGONE
   Deputy Attorneys General
   *Attorneys for Creditor*
   *California State Lands Commission*

LA2024305269
67416618.docx

9