Stephen R. Winship
(Wyoming State Bar No. 5-2093)
WINSHIP & WINSHIP, P.C.
145 South Durbin Street, Suite 201
Casper, WY 82601
(307) 234-8991
steve@winshipandwinship.com

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SIGNAL HILL SERVICE, INC., | ) | Case No. 24-20439 |
| | ) | CHAPTER 7 |
| Debtor. | ) | |
| | ) | |

## REPLY TO OPPOSITION TO DEBTOR SIGNAL HILL SERVICE, INC.'S MOTION TO RECONSIDER RULE 2004 ORDER

      **COMES NOW** the above-named Debtor and its affiliates[1], by and through its counsel, and in reply to the "Opposition to Debtor Signal Hill Service, Inc.'s Motion to Reconsider Rule 2004 Order" ("Opposition") filed herein [D.E. 18] by the California State Lands Commission ("California"), states as follows:

      1.      Perhaps what is most significant in the Opposition is its failure to address the "Pending Litigation Rule". (See e.g. *In re Brooke Corp*., 2013 WL 3948866, at *3 (Bankr. D. Kan. July 29, 2013).) In other words, the information sought as to the affiliates should be obtained through the pending state court suit: *California State Lands Commission v. Signal Hill Service, Inc.; Pacific Operators, Inc., DBA Pacific Operators Offshore, Inc.; Does 1-100, Inclusive*. Related thereto, California should be able to obtain the relevant financial

---

[1] The specific affiliates are those entities that California's subpoena includes in tis definition of "Signal Hill".

information through that state court litigation as to the affiliates of Debtor rather than through the disclosure of their tax returns.  In order to overcome the privilege or policy against disclosure of tax returns, California must prove, *inter alia*, "there is a compelling need for the tax returns because the information is not otherwise readily obtainable".  *Progressive Northern Ins. Co. v. Sampson*, 2011 WL 2748678, at *3 (N.D. Okla. July 14 2014).  See also *Stone v. State Farm Mut. Auto. Ins. Co*., 185 P.3d 150, 159 (Colo. 2008) and *In re Bryant*, 2011 WL 5908773, at *2 (Bankr. D. Colo. Nov. 17, 2011).  The Opposition fails to explain why the information it seeks through its examination cannot be obtained from some other source than from the affiliates tax returns.  In that regard, the Debtor's affiliate's having standing to object to the disclosure of their tax returns. See *Falato v. Fotografixusa, LLC*, 2013 WL 1846807, *4 (Bank. Kan. Apr. 30, 2013); *Pub. Serv. Corp Okla. v. A Plus, Inc.*, 2011 WL 691204, *3 (W.D. Okla., Feb. 16, 2011).  See also *Chorwadi v. City of Boynton Beach*, 2020 WL 2516979 (S.D. Fla. May 18, 2020).  Equally important is the fact that California did not serve the affiliates with the subpoena (or the Rule 2004 Motion).  See Fed. R. Civ. P. 45(b)(4).

2.      The Opposition criticizes that this matter was brought as a motion to reconsider. This procedure has been deemed proper by the Colorado Bankruptcy Court. "Once a motion to reconsider, or more technically correct, a form of motion for protective order, is filed objecting to a Rule 2004 examination, the party seeking to conduct the examination bears the burden of producing evidence that good cause exists for taking the requested discover." *In re Buick*, 174 B.R. 299, 304 (Bankr. D. Colo. 1994).  Further, the Motion to Reconsider was filed pursuant to, *inter alia*, Fed. R. Bankr. P. 7026(c) ("Protective Orders").  In that regard, the Motion to Reconsider was timely filed since it was filed prior to the Rule 2004 examination.

3.      As shown by the attached emails, the undersigned did confer with opposing counsel before filing the Motion to Reconsider.

**WHEREFORE** Debtor and its affiliates request that those documents relevant hereto be limited to four years and no tax returns, schedules, worksheets or other financial information requested in California's subpoena to Schurawel that relate to non-Debtor entities be disclosed in connection with said subpoena, and for any such other and further relief as the Court deems just and proper.

**DATED** this 23rd day of April, 2025.

SINGAL HILL SERVICE, INC.

By: _____/s/_____
      Stephen R. Winship
      (Wyoming State Bar No. 5-2093)
      WINSHIP & WINSHIP, P.C.
      145 S. Durbin Street, Suite 201
      Casper, WY 82601
      (307) 234-8991
      steve@winshipandwinship.com

**CERTIFICATE OF SERVICE**

I, Stephen R. Winship hereby certify that a true and correct copy of the foregoing **Reply to Opposition to Debtor Signal Hill Service, Inc.'s Motion to Reconsider Rule 2004 Order** was served *electronically* upon **Steven Kerns (steven.kerns@doj.ca.gov), Randy Royal, Chapter 7 Trustee,** and **the Office of the United States Trustee**, this 23rd day of April, 2025.

_____/s/_____
Stephen R. Winship

## Steve Winship

| | |
|---|---|
| **From:** | Steven Kerns <Steven.Kerns@doj.ca.gov> |
| **Sent:** | Tuesday, April 8, 2025 1:08 PM |
| **To:** | Steve Winship |
| **Cc:** | Leena M Sheet; Isabella Langone |
| **Subject:** | Re: Signal Hill Serv. Bankruptcy |

Thank you for raising that point, Mr. Winship. I wanted to confirm whether you now represent Mr. Schurawel to raise these issues on his behalf. Can you confirm that?

Regarding your point, 26 USC Sec. 7216 includes an exception. Specifically, subdivision (b) allows for disclosures made "pursuant to an order of a court," as here. Beyond this exception, we have potential solutions we would like to discuss, but we want to raise them either with Mr. Schurawel or his counsel.

Lastly, your prior email notes that Mr. Schurawel did not maintain the "Debtor's books and records." Would you be willing to identify who maintained the Debtor's books and records? Thank you.

Best,

Steven

**From:** Steve Winship <steve@winshipandwinship.com>
**Sent:** Monday, April 7, 2025 4:14 PM
**To:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Subject:** RE: Signal Hill Serv. Bankruptcy

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Mr. Kerns:

One other matter has been brought to my attention. Because of the limitations imposed upon tax preparers under 26 USC sec. 7216, Mr. Schurawel informs me that he is only able to produce and testify regarding Signal Hill's information. In your subpoena, you have defined "Signal Hill" to include its affiliates. These are separate entities, which are not in bankruptcy. Not only does this affect the Bankruptcy Court's ability to order  information as to my client's affiliates, but it also violates sec. 7216. It is my understanding that Signal Hill files a consolidated tax return that includes schedules specific to these non-debtor entities. Can we stipulate for purposes of the Rule 2004 examination that the portions of the returns relating to the affiliates not be produced nor will there be questions posed as to these affiliates? Thank you.

*Stephen R. Winship*

Winship & Winship, P.C.
145 S. Durbin Street, Suite 201

1

Casper, WY 82601
Phn. (307)234-8991
Fax. (307)234-1116

** Please take notice that Winship & Winship, P.C. no longer has a post office box for its mailing address. The firm is only receiving its mail at the physical address above. Thank you.

CONFIDENTIALITY NOTICE - This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read or play this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving in any manner. Thank you.

**From:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Sent:** Monday, April 7, 2025 4:03 PM
**To:** Steve Winship <steve@winshipandwinship.com>
**Cc:** Leena M Sheet <Leena.Sheet@doj.ca.gov>; Isabella Langone <Isabella.Langone@doj.ca.gov>
**Subject:** RE: Signal Hill Serv. Bankruptcy

Mr. Winship,

Thank you for your email. We are considering your request and will respond thereafter.

Additionally, your email notes that Mr. Schurawel did not maintain the "Debtor's books and records." Would you be willing to identify who did maintain the Debtor's books and records?

Lastly, if I am ever out of the office, please send any emails concerning this matter to leena.sheet@doj.ca.gov and/or Isabella.langone@doj.ca.gov (both cc'd). Thank you.

Best,

Steven

**From:** Steve Winship <steve@winshipandwinship.com>
**Sent:** Friday, March 28, 2025 3:03 PM
**To:** Steven.Kerns@doj.ca.gov <Steven.Kerns@doj.ca.gov>
**Subject:** Signal Hill Serv. Bankruptcy

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Mr. Kerns:

In order to avoid having to file a motion to modify the Rule 2004 order (or a motion for protective order), I would request that you extend the time for Mr. A. Schurawel to respond to the document request to May 26 ,2025. His tax season and travel plans do not allow him to meet the current due date of April 20 date for the document production. Consider also that the requested records are stored offsite with his other clients' records. Also it is unclear why 10 years of records need to be produced. The maximum "lookback" period relevant hereto is

4 years (fraudulent conveyances). Please consider reducing the period of time for document production accordingly. Right now the document request appears to be overbroad as well as being unnecessarily burdensome. (Mr. Schurawel apparently did not maintain Debtor's books and records; his involvement was only as a tax preparer.)

Thank you for your consideration of the above.

*Stephen R. Winship*

Winship & Winship, P.C.
145 S. Durbin Street, Suite 201
Casper, WY 82601
Phn. (307)234-8991
Fax. (307)234-1116

** Please take notice that Winship & Winship, P.C. no longer has a post office box for its mailing address. The firm is only receiving its mail at the physical address above. Thank you.

CONFIDENTIALITY NOTICE - This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read or play this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving in any manner. Thank you.


CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.