Stephen R. Winship
(Wyoming State Bar No. 5-2093)
WINSHIP & WINSHIP, P.C.
145 South Durbin Street, Suite 201
Casper, WY 82601
(307) 234-8991
steve@winshipandwinship.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: ) | |
| ) | |
| SIGNAL HILL SERVICE, INC., ) | Case No. 24-20439 |
| ) | CHAPTER 7 |
| Debtor. ) | |
| ) | |

## MOTION FOR LEAVE TO APPEAL

**COMES NOW** the above-named Debtor, Signal Hill Service, Inc. ("SHSI") and its Affiliates[1], by and through their counsel, and pursuant to 28 U.S.C. § 1292(b) and Fed. R. Bankr. P. 8004 request leave to appeal those orders entered herein that are identified in the Notice of Appeal filed contemporaneously herewith and attached hereto, and in support hereof shows the Court as follows:

### I. FACTUAL AND PROCEDURAL BACKGROUND

**A. Statement of Facts**

SHSI, an offshore oil production business, began operations in 1990. SHSI is owned by Carone Energy Corporation. SHSI and the Affiliates acquired and produced oil and gas

---

[1] The "Affiliates" are comprised of Carone Energy Corporation, Carone Petroleum Corporation. Republic Drilling Company, Inc., Pacific Operators Offshore, LLC, Verrazzano Corporation, Carpinteria Offshore Project Ltd, Pacific Operators, Inc., dba Pacific Operators Offshore, Inc., AnAmerican Corporation (fdba AnAmerican Drilling, Inc.)

from platform leases off the coast of California, which became known as the Carpinteria Offshore Project Partnership. SHSI ceased its business operations in 2019 because of pipeline lease disputes. For all times relevant hereto, SHSI and its Affiliates filed consolidated federal income tax returns.

On August 13, 2019, California State Lands Commission ("California") filed suit in the Superior Court of the State of California, County of Santa Barbara (Case No. 19Cv04295) against SHSI, Pacific Operating, Inc.; Pacific Operations Offshore, Inc.; "Does 1-100, Inclusive" ("State Court Action"), and counterclaims were filed. This litigation involves SHSI's use of an underwater pipeline's right-of-way. The State Court Action has been stayed as a result of SHSI's bankruptcy filing.

**B.    Course of Proceedings**

On November 1, 2024, SHSI filed for protection in the United States Bankruptcy Court for the District of Wyoming ("Bankruptcy Court") under Chapter 7 of the Bankruptcy Code. After the Chapter 7 Trustee held the meeting of creditors, he closed the case on November 26, 2024. At the behest of California, the Chapter 7 Trustee withdrew the closure of the bankruptcy case.

California filed its "Motion for 2004 Request for Production of Documents and Deposition of Third-Party, Witness Alex Schurawel" ("2004 Request")[2] wherein California

---

[2] Fed. R. Bankr. P. 2004 provides as relevant hereto:

> (a) EXAMINATION ON MOTION. On motion of any party in interest, the court may order the examination of any entity.
>
> (b) SCOPE OF EXAMINATION. The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities

seeks to obtain, *inter alia*, income tax returns and related information, and to depose Mr. Alex Schurawel (SHSI's and the Affiliate's accountant), in order to determine if the Debtor's transactions reveal "any fraudulent conveyances prior to it declaring bankruptcy…" Attached to the 2004 Request was a proposed form of subpoena to SHSI's accountant (Alex Schurawel), requesting ten years of Signal Hill's "tax filings". The proposed subpoena expansively defined Signal Hill as follows:

> "Signal Hill" refers to Signal Hill Service, Inc. and its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

The 2004 Request was served only upon SHSI.

Without a hearing, the Bankruptcy Court granted the 2004 Request on February 21, 2025. (Ex. 1) SHSI and its Affiliates filed their "Motion to Reconsider Rule 2004 Order" on April 14, 2025, which sought to limit the disclosure of tax returns and related information to just SHSI[3]. California opposed that Motion to Reconsider, and the Bankruptcy Court held a hearing on July 30, 2025 wherein the Court denied the Motion to Reconsider, and California was directed to prepare a formal order and a proposed protective order. No formal order in connection with the denial of the Motion to Reconsider was drafted or proposed by California, but California presented proposed forms of protective order to the Bankruptcy Court. SHSI

---

and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge...

[3] Considering the *ex parte* manner of handling motions filed pursuant to Fed. R. Bankr. P. 2004, the filing of a motion to reconsider is considered an acceptable procedure for challenging a Rule 2004 order. See e.g. *In re Buick*, 174 B.R. 299, 304 (Bankr. D. Colo. 1994).

**3 | P a g e**

and its Affiliates objected to California's two forms of protective order (and submitted their own proposed order) and filed a Motion to Clarify Order to determine whether the protective order was to serve as the "formal order" addressing the results of the July 30, 2025 hearing.

The Bankruptcy Court entered a protective order on September 26, 2025 (Ex. 2) and ruled that the Motion to Clarify Order was now moot and therefore it was denied. (Ex. 3)

At this point in time, no documents requested by California have been produced nor has Alex Schurawel's deposition been scheduled.

## II.   ISSUES

A. Whether, in a Chapter 7 bankruptcy case, may a creditor obtain the Federal income tax returns of non-debtors through Fed. R. Bankr. P. 2004.

B. Whether, in a Chapter 7 bankruptcy case, may a creditor seek to discover information to determine whether there is sufficient basis to allow the commencement of a fraudulent conveyance adversary proceeding under 11 U.S.C. §§ 544(a) and/or 548.

## III.   THE RELIEF SOUGHT

SHSI and its Affiliates request that this court determine that this appeal is from a final order or that the subject orders be reviewed under the Collateral Order doctrine. See *Cohen v. Ben. Indus. Loan Corp.*, 337 U.S. 541-46 (1949).  Should such relief be granted, it is also requested that the matter then proceed in accordance with Fed. R. Bankr. P. 8009-14.

## IV.   ARGUMENT

Unlike in ordinary civil litigation, the concept of "finality" as to bankruptcy court orders is accorded more flexibility. "A bankruptcy case embraces an aggregation of individual controversies. Orders in bankruptcy cases qualify as 'final' when they definitively dispose of

discrete disputes within the overarching bankruptcy case." *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37 (2020). See also *In re Donovan*, 532 F.3d 1134, 1136 (11th Cir. 2008). It is therefore common for a bankruptcy court to resolve discrete disputes, thereby allowing separate "appeals from discrete, controversy-resolving decisions," even "while the umbrella bankruptcy case remains pending." *Ritzen Grp.,* 589 U.S. at 38-39. In the instant matter, the Bankruptcy Court orders on appeal herein resolved the discrete issues regarding the disclosure of income tax returns of the Affiliates (and the other entities that were included in the broad scope of California's definition of "Signal Hill") even though they did not submit to the jurisdiction of the Bankruptcy Court and were not served with the 2004 Request. Only a Chapter 7 Trustee may pursue avoidance actions under 11 U.S.C. §§ 544(a) and 548. Nevertheless, as a result of these orders, a creditor is allowed to conduct discovery for the purpose of "aiding" a Chapter 7 Trustee's pursuit of the various bankruptcy avoidance remedies. These are issues that fall within the scope of finality under *Ritzen*.

Alternatively, leave to appeal should be granted under the Collateral Order doctrine. See *Swint v. Chamber Cnty Comm'n*, 514 U.S. 35, 41 (1995). This Court should grant leave to appeal because it would be conclusive as to the issues presented above, resolve important issues separate or independent from the merits of the underlying bankruptcy case and said issues will become effectively unreviewable if not reviewed by this appeal. Under the Collateral Order doctrine, an interlocutory order may be appealed if three conditions are met: (1) the order is "conclusive" on the question it decides, (2) the order "resolve[s] important questions separate from the merits," and (3) the order is "effectively unreviewable" if not

presented in an interlocutory appeal. *Id.* See also *Kell v. Benzon,* 925 F.3d 448, 452 (10th Cir. 2019).

Regarding the separability requirement, the subject matter of this appeal - tax return disclosure and standing questions - are completely separate from the bankruptcy case and particularly with reference to California's ultimate purpose – a fraudulent transfer action to be brought by the Chapter 7 Trustee. The practical effect of accepting this appeal is that review at this point in time means that review now is less likely to cause an appellant court to consider the same or similar matters more than once. *Johnson v. Jones,* 514 U.S. 304, 311 (1999).

The second element of the Collateral Order doctrine requires the order on appeal to resolve important questions separate from the merits. In that regard, tax returns have historically been protected by a "qualified privilege" against their disclosure, especially considering that it is not the tax returns of the bankrupt that are being sought. See *Progressive Ins. v. Sampson*, 2011 WL 274878, at *2 (N.D. Okla. July 14, 2011); *Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4, 11 (S.D. N.Y. 2015); *Hawkins v. S. Plains Int'l Trucks, Inc.*, 139 F.R.D 679, 681-82 (D. Colo. 1991); *Eastern Auto Distribs., Inc. v. Peugeot Motors of Am., Inc.*, 96 F.R.D. 147, 148-49 (E.D. Va. 1982). See also *Perlman v. U.S.*, 247 U.S. 7, 7-13 (1918). Nor should the due process concerns raised by the lack of service of the 2004 Request to the Affiliates be overlooked.

In order to overcome the privilege or policy against disclosure of tax returns, the party seeking such information must prove that, *inter alia*, "there is a compelling need for the tax returns because the information is not otherwise readily obtainable". *Phillip M. Adams & Assoc. v. Fujitsu, Ltd.,* 2010 WL 133002, at *8 (D. Utah, March 29, 2020); *Progressive*

*Northern Ins. Co. v. Sampson*, 2011 WL 2748678, at *3 (N.D. Okla. July 14 2014); *In re Parker*, 488 B.R. 794, 798 (Bankr. M.D. Ga. 2014). See also *Stone v. State Farm Mut. Auto. Ins. Co.*, 185 P.3d 150, 159 (Colo. 2008) and *In re Bryant*, 2011 WL 5908773, at *2 (Bankr. D. Colo. Nov. 17, 2011). California never explained (nor did the Bankruptcy Court address) why it could not seek the information as part of the pending State Court Action. Related thereto, Fed. R. Bankr. 2004 should not be employed when there is ongoing litigation in another court. See e.g. *Snyder v. Soc'y Bank,* 181 B.R. 40, 42 (S.D. Tex. 1994*), aff'd sub nom., In re Synder,* 52 F. 3d 1067 (5th Cir. 1995). See also *In re Wash. Mut., Inc.,* 408 B.R. 45, 51 (Bankr. D. Del. 2009).

> Where a party requests a Rule 2004 examination and an adversary proceeding or *other litigation in another forum* is pending between the parties, the relevant inquiry is whether the Rule 2004 examination will lead to the discovery of evidence related to the pending proceeding or whether the requested examination seeks to discover evidence unrelated to the pending proceeding.

*In re Brooke Corp.*, 2013 WL 3948866, at *3 (Bankr. D. Kan. July 29, 2013) (emphasis added). See also *In re Sunedison*, Inc., 572 B.R. 482, 491 (Bankr. S.D. N.Y. 2017).

Further, the jurisdictional issues as to California's standing to seek discovery regarding a possible fraudulent transfer adversary proceeding that might be filed by the Chapter 7 Trustee is an important issue that is separate from the merits of any other issues relating to the bankruptcy case. Only a bankruptcy trustee has the standing to bring fraudulent transfer claims in connection with a bankruptcy case. See *Poth v. Russey*, 99 Fed. Appx. 446, 457 (4th Cir. 2004); *In re Fox*, 305 B.R. 912, 914 -15 (10th Cir. B.A.P. 2004); *In re Barkany*, 542 B.R. 662, 668 (Bankr. E.D. N.Y. 2015). The Chapter 7 Trustee has not sought authority to retain

California's counsel to pursue the Rule 2004 examination or otherwise authorized California's actions.

The above issues are completely separate from some possible fraudulent transfer adversary proceeding that might be filed in the future. As detailed below, once the tax returns are disclosed and the accountant's deposition is taken, the above issues not only become completely separate from the possible fraudulent conveyance adversary proceeding, but will have been rendered moot by the disclosure of the subject tax information.

The third element – the order is effectively unreviewable on appeal from the from the final and not in the underlying action – is satisfied when considering the doctrine of mootness. If the Affiliates' tax returns are turned over to California, the proverbial bell cannot be unrung, and no meaningful relief can then be granted. In other words, the controversy will cease to exist with the disclosure of the Affiliates' tax returns. See *City Center West, L.P. v. Amer. Modern Home Ins. Co.*, 749 F.3d 912 (10th Cir. 2014); *Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011). There cannot be full redress of the tax returns' disclosure by some future appeal.

## V. CONCLUSION

For the reasons stated above, this Court should hear the appeal as to the orders attached hereto.

**DATED** this 9th day of October, 2025.

                                          SIGNAL HILL SERVICE, INC.

                                          By: /s/
                                              Stephen R. Winship (WSB No. 5-2093)
                                              WINSHIP & WINSHIP, P.C.
                                              145 S. Durbin Street, Suite 201

Casper, WY 82601
(307) 234-8991
steve@winshipandwinship.com

## CERTIFICATE OF SERVICE

I, Stephen R. Winship hereby certify that a true and correct copy of the foregoing **Motion for Leave to Appeal** was served *electronically* upon **Steven Kerns (steven.kerns@doj.ca.gov),** this 9th day of October, 2025.

/s/
Stephen R. Winship