FILED
11:19 am, 9/26/25
HJ Esterholdt
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF WYOMING

| | |
|---|---|
| **In re:**<br>**In Re: SIGNAL HILL SERVICE, INC.,**<br><br>Debtor. | CASE NO. 2:24bk20439<br><br>**AMENDED PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION ONLY**<br><br>Hearing:<br>Time:<br>Courtroom: 2120 Capitol Avenue<br>8th Floor<br>Cheyenne, WY 82001<br>Judge: Honorable Cathleen D. Parker |

1

1   IT IS HEREBY ORDERED by and between creditor California State Lands Commission ("Creditor") and debtor Signal Hill Service, Inc. ("Debtor"), to enable the parties to produce or seek discovery of documents, information, or other materials that may contain or relate to personal, sensitive, and/or confidential information of another party or a third party, that may be subject to confidentiality limitations on disclosure due to federal laws and privacy rights, the Court orders as follows:

2.  PURPOSES AND LIMITATIONS: Disclosure and discovery activity in this Proceeding are likely to involve production of confidential, sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this bankruptcy and related matters may be warranted, necessitating this Court's Protective Order. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. This Protective Order does not automatically entitle any party to file confidential information under seal.

3.  DEFINITIONS: In this Protective Order, the words set forth below shall have the following meanings:

    a.  "Proceeding" means the above-entitled bankruptcy proceeding 2:24bk20439, unless context indicates other case proceedings, including but not limited to Case No. 19CV04295 adjudicated within the Superior Court of the State of California – County of Santa Barbara.

    b.  "Court" means the Hon. Cathleen D. Parker, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

    c.  "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information

2

1 is entitled to confidential treatment under applicable law.

2       d.     "Confidential Materials" means and includes any document, thing, deposition testimony, interrogatory answers, responses to requests for admissions and requests for production, disclosures, pursuant to Federal Rule of Civil Procedure 26, or other information provided in discovery or settlement communications and negotiations in this or previous Proceedings between the Parties, that contains information that is non-public, confidential, and/or sensitive, such as employment information, and other information, the disclosure of which is likely to cause harm to the position of the party making the confidential designation.

      e.     "Designating Party" means the Party that designates Materials as "Confidential."

      f.     "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

      g.     "Documents" means (i) any "Writing," "Recording," "Original," and "Duplicate" as those terms are defined by Federal Rule of Evidence 1001, subdivisions (a), (d), and (e) that have been produced in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

      h.     "Information" means the content of Documents.

      i.     "Testimony" means all depositions, declarations, or other statements taken or used in this or prior Proceedings, including but not limited to Case No. 19CV04295 adjudicated within the Superior Court of the State of California – County of Santa Barbara.

3. The Designating Party shall have the right to designate as "Confidential" any Documents or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential

treatment under applicable law. **Any tax returns that are disclosed are deemed confidential without any party designating them as such and any testimony concerning any information within those tax returns should also be treated as confidential without specific designation.**

4. The entry of this Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

5. Any Documents or Information to be designated as "Confidential" must be clearly so designated before the Document or Information is Disclosed or produced. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information. Documents or Information shall, otherwise, be produced in their native format despite their "Confidential" designations, unless redaction or omission can be justified through any applicable privilege or law.

   a. For Testimony given in depositions the Designating Party may either:

      i. identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

      ii. designate the entirety of the Testimony at the deposition as "Confidential" before the deposition is concluded with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the final deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix the top of each page the legend "Confidential," as instructed by the Designating Party.

    **iii. any testimony related to the content of the tax returns is deemed confidential without either party designating it as such.**

  b. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, external hard drives, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

 6. For documents redacted or withheld from production solely on the basis of privilege, including attorney-client privilege, work product doctrine, and/or any other applicable privilege, the Producing Party will prepare a privilege log containing, for each document claimed as privileged, the following information:

  a. Date composed, created, or appearing on the document;
  b. Date document was sent or communicated to others;
  c. Author(s);
  d. Number of pages, if other than an email;
  e. Privilege or protection claimed; and
  f. Brief description identifying the document type (e.g., email, PowerPoint, memorandum, etc.) and subject matter of the document.

This provision does not require a privilege log for records that are unresponsive to any propounded Request for Production.

 7. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document or Information that is subject to a "Confidential" designation is inadvertently

produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document or Information shall promptly destroy the inadvertently produced Document or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document or Information to counsel for the producing Party and shall retain only the intentionally produced "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. If this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents or Information, such law shall govern.

8. In the event that counsel for a Party receiving Documents or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information

| | |
|---|---|
| 1 | addressed by the Designation Objections (the "Designation Motion"). Pending a |
| 2 | resolution of the Designation Motion by the Court, any and all existing designations |
| 3 | on the Documents, Testimony or Information at issue in such Motion shall remain |
| 4 | in place. The Designating Party shall have the burden on any Designation Motion |
| 5 | of establishing the applicability of its "Confidential" designation. If the |
| 6 | Designation Objections are neither timely agreed to nor timely addressed in the |
| 7 | Designation Motion by the Designating Party, then such Documents, Testimony or |
| 8 | Information shall be de-designated in accordance with the Designation Objection |
| 9 | applicable to such material. |
| 10 |      9.     Access to and/or Disclosure of Confidential Materials designated as |
| 11 | "Confidential" shall be permitted only to the following persons: |
| 12 |      a.     the Court; |
| 13 |      b.     (1) Attorneys of record in this or any prior Proceedings and their |
| 14 | affiliated attorneys, and support staff employed by such attorneys who are actively |
| 15 | involved in this Proceeding and are not employees of any Party. (2) In-house |
| 16 | counsel to the Debtor, Signal Hill Service Inc., and its affiliates, and Creditor, |
| 17 | California State Lands Commission, and the paralegal, clerical and secretarial staff |
| 18 | employed by such counsel. Provided, however, that each non-lawyer given access |
| 19 | to Confidential Materials shall be advised that such Materials are being Disclosed |
| 20 | pursuant to, and are subject to, the terms of this Protective Order and that they may |
| 21 | not be Disclosed other than pursuant to its terms; |
| 22 |      c.     those officers, directors, partners, members, employees and |
| 23 | agents of all non-designating Parties that counsel for such Parties deems necessary |
| 24 | to aid counsel in the investigation of Debtor's finances within this Proceeding; |
| 25 | provided, however, that prior to the Disclosure of Confidential Materials to any |
| 26 | such officer, director, partner, member, employee or agent, counsel for the Party |
| 27 | making the Disclosure shall deliver a copy of this Protective Order to such person, |
| 28 | shall explain that such person is bound to follow the terms of such Order, and shall |

secure the signature of such person on a statement in the form attached hereto as Exhibit A;

       d.    court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

       e.    any deposition, trial or hearing witness in this or any prior Proceedings who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

       f.    any deposition or non-trial hearing witness in this Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be Disclosed other than pursuant to its terms;

       g.    mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

       h.    outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach

of this Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and any other person that the Designating Party agrees to in writing.

10. Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding and those related to it, and not for any business or other purpose whatsoever.

11. Any Party to the Proceeding (or other person subject to the terms of this Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Protective Order.

12. Entering, agreeing to, and/or complying with the terms of this Protective Order shall not:

    a. operate as an admission by any person that any Document or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

    b. prejudice in any way the right of any Party (or any other person subject to the terms of this Protective Order):

        i. to seek a determination by the Court of whether any Confidential Material should be subject to protection as "Confidential" under the terms of this Protective Order; or

        ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Protective Order, either generally or as to any Document, Material or Information.

13. Any Party to the Proceeding who has not executed this Protective Order as of the time it is presented to the Court for signature may thereafter become

a Party to this Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Protective Order.

14. Any Information that may be produced by a non-Party witness in discovery in this or any prior Proceedings pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto.  Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Protective Order.

15. If any person subject to this Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena.  Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law.  The recipient of the Subpoena may not produce any Documents or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

16. Nothing in this Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require

1  additional protection.  The Parties shall meet and confer to agree upon the merits
2  and terms of such additional protection.
3      17.   If, after execution of this Protective Order, any Confidential Materials
4  submitted by a Designating Party under the terms of this Protective Order is
5  Disclosed by a non-Designating Party to any person other than in the manner
6  authorized by this Protective Order, the non-Designating Party responsible for the
7  Disclosure shall bring all pertinent facts relating to the Disclosure of such
8  Confidential Materials to the immediate attention of the Designating Party.
9      18.   This Protective Order is entered into without prejudice to the right of
10 any Party to knowingly waive the applicability of this Protective Order to any
11 Confidential Materials designated by that Party.  If the Designating Party uses
12 Confidential Materials in a non-Confidential manner, then the Designating Party
13 shall advise that the designation no longer applies.
14     19.   Without written permission from the Designating Party or a court
15 order secured after appropriate notice to all interested persons, a Party may not file
16 in the public record in this action any Confidential Material, including in motions,
17 briefs, and proceedings. A Party that seeks to file under seal any Confidential
18 Material must comply with all applicable bankruptcy laws, local rules, and federal
19 laws. Confidential Material may only be filed under seal pursuant to a court order
20 authorizing the sealing of the specific Confidential Material at issue. If Confidential
21 Materials or Information derived from Confidential Materials are submitted to or
22 otherwise disclosed to the Court in connection with discovery motions and
23 proceedings, the same shall be separately filed under seal with the clerk of the
24 Court in an envelope marked: "CONFIDENTIAL – FILED UNDER SEAL
25 PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER
26 SEALING ORDER REQUIRED."
27     20.   Nothing in this Protective Order shall affect the admissibility into
28 evidence of Confidential Materials or abridge the rights of any person to seek

11

1  judicial review or to pursue other appropriate judicial action with respect to any
2  ruling made by the Court concerning the issue of the status of Confidential
3  Material.
4     21.   This Protective Order shall continue to be binding after the conclusion
5  of this Proceeding and all subsequent proceedings arising from this Proceeding,
6  except that a Party may seek the written permission of the Designating Party or may
7  move the Court for relief from the provisions of this Protective Order.  To the
8  extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or
9  reconsider this Protective Order, even after this Proceeding and all subsequent
10 and/or related proceedings are terminated.
11    22.   Upon written request made within thirty (30) days after the settlement
12 or other termination of the Proceeding, the undersigned Parties shall have thirty
13 (30) days to either (a) promptly return to counsel for each Designating Party all
14 Confidential Materials and all copies thereof (except that counsel for each Party
15 may maintain in its files, in continuing compliance with the terms of this Protective
16 Order, all work product, and one copy of each pleading filed with the Court and one
17 copy of each deposition together with the exhibits marked at the deposition subject
18 to the agreement between the Parties' counsel, (b) agree with counsel for the
19 Designating Party upon appropriate methods and certification of destruction or
20 other disposition of such Confidential Materials, or (c) as to any Documents, or
21 other Information not addressed by sub-paragraphs (a) and (b), file a motion
22 seeking a Court order regarding proper preservation of such Materials.  To the
23 extent permitted by law the Court shall retain continuing jurisdiction to review and
24 rule upon the motion referred to in sub-paragraph (c) herein.
25    23.   The Parties and all signatories to the Certification attached hereto as
26 Exhibit A agree to be bound by this Protective Order. If the Court modifies this
27 Protective Order, or if the Court enters a different Protective Order, the Parties
28 agree to be bound by this Protective Order until such time as the Court may enter

12

such a different Order. It is the Parties' intent to be bound by the terms of this Protective Order pending its entry to allow for immediate production of Confidential Materials under the terms herein. This Protective Order may be executed in counterparts.

## ORDER

**GOOD CAUSE APPEARING**, the Court hereby approves this Protective Order.

**IT IS SO ORDERED.**

_____ 9/26/2025
The Honorable Cathleen D. Parker
United States Bankruptcy Judge

# EXHIBIT A

# CERTIFICATION RE: CONFIDENTIAL DISCOVERY MATERIALS

I _____ hereby acknowledge that I, _____, [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, (Case No. 2:24bk20439.) I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Protective Order filed in this Proceeding. I have been given a copy of the Protective Order; I have read it, and I agree to be bound by its terms. I understand that Confidential Materials, as defined in the Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Protective Order. I will not copy or use, except solely for the purposes of this Proceeding or those related to it, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding. I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct. Executed this \_\_\_\_\_ day of _____, 20\_\_, at _____.

DATED:_____ BY: _____

Signature _____
Title _____
Address _____
City, State, Zip _____
Telephone Number_____

14