Steven Kerns, *pro hac vice*
Isabella Panicucci, *pro hac vice*
Jessica Tucker-Mohl, *pro hac vice*
California Attorney General's Office
1300 I Street | P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7662
Steven.Kerns@doj.ca.gov
Isabella.Panicucci@doj.ca.gov

Jeffrey M. Boldt, #7-4730
OVERSTREET HOMAR & KUKER
2922 Central Avenue
Cheyenne, Wyoming 82001
307.274-4444 telephone
307.274-4443 facsimile
jeffrey@kukerlaw.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SIGNAL HILL SERVICE, INC., | ) | Case No. 24-20439 |
| | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |

## OPPOSITION TO DEBTOR'S MOTION FOR LEAVE TO APPEAL

**COMES NOW** Creditor, California State Lands Commission ("Commission"), by and through its counsel, and responds in opposition to Debtor, Signal Hill Service, Inc.'s, ("Signal Hill") and its Affiliates' Motion for Leave to Appeal (ECF No. 49) (the "Motion") as follows:

Signal Hill's Motion should be denied because it fails to establish that the orders Signal Hill wishes to appeal are final or that they can be subject to appeal under the Collateral Order doctrine. Signal Hill's attempt to appeal the orders is simply the latest attempt of many by Signal Hill to delay and obstruct the Commission's routine discovery,

namely the Rule 2004 examination of Signal Hill's accountant, Mr. Alex Schurawel.[1]

Signal Hill's arguments for why the orders are appealable primarily fail because they: (1)

improperly characterize the orders as final under 28 U.S.C. section 158; (2) do not show

that there is an important issue at stake; and (3) do not show that the orders are effectively

unreviewable if not presented in an interlocutory appeal. In the alternative, Signal Hill's

attempt to overturn the Court's order granting the Commission's request for the Rule 2004

examination (ECF No. 12), and by extension the Court's July 30, 2025 Minute Order (ECF

No. 33), is untimely under Fed. R. Bankr. P., Rule 8002. As such, Signal Hill's arguments

should only be considered with regard to the Court's entered protective order (ECF No.

43) and order on the Motion to Clarify (ECF No. 44). Additionally, Signal Hill's motion

relies on inaccurate claims, including that the Commission has never explained why it

needs these consolidated tax records, and that any kind of harm could result from the

disclosure of the consolidated tax records, particularly in light of the protective order that

has been entered in the matter.

## RELEVANT BACKGROUND

### *State Court Proceeding Between Signal Hill and the Commission*

In 2019, the Commission sued Signal Hill in Santa Barbara Superior Court in the

State of California, Case No. 19CV04295, for trespass, breach of contract, and declaratory

relief stemming from Signal Hill's failure to pay rent and its abandonment of the pipeline

it leased from the Commission without performing the necessary remediation actions

---

[1] Though Signal Hill's pattern of obstructing the Commission's rightful attempt to conduct a 2004 examination warrants sanctions, the Commission does not seek sanctions at this time.

required under the lease. On March 13, 2024, Signal Hill and the Commission stipulated to a judgment wherein Signal Hill agreed that judgment would be entered in favor of the Commission in the amount of $299,455.74, not including costs. The Court entered the judgment on March 15, 2024, and the case concluded but was never dismissed pending payment of the judgment from Signal Hill. Signal Hill never paid the judgment, and the Commission was in the process of preparing to conduct debtor discovery and enforce the judgment when Signal Hill filed for bankruptcy in Wyoming Bankruptcy Court on November 1, 2024.[2]

*Rule 2004 Examination and Related Motion Practice*

On February 12, 2025, the Commission moved for a Rule 2004 Request for Production of Documents and Deposition of Third-Party Witness, Alex Schurawel. ECF No. 8. On February 14, 2025, Signal Hill filed a motion to strike the Commission's request on the ground that the Commission's counsel were not at that time admitted *pro hac vice* in Wyoming Bankruptcy Court. ECF No. 9. On its own accord, the Court denied that motion on February 15, 2025. ECF No. 10. The Court granted the Commission's motion for a Rule 2004 examination on February 21, 2025. ECF No. 12. On February 26, 2025, this Court issued the Rule 2004 examination subpoena for Mr. Alex Schurawel, including the Commission's request for production of documents. ECF No. 14. The Commission effectuated service of the subpoena on Mr. Schurawel and all creditors, including Signal Hill affiliate Pacific Operators Offshore, LLC. ECF No. 16. On April 14, 2025, Signal Hill

---

[2] Signal Hill was previously incorporated in California, but reincorporated in the State of Wyoming on or around September 21, 2023. The Commission did not discover that Signal Hill had reincorporated in Wyoming until after the bankruptcy proceeding began.

moved for reconsideration of the Court's February 26, 2025 order. ECF No. 17. The Court

heard Signal Hill's motion on July 30, 2025. ECF Nos. 33, 34. The Court held that the

Commission's Rule 2004 Request for Production of Documents and Deposition of Third-

Party Witness Alex Schurawel could continue subject to a protective order. *Id*. The

Commission submitted a protective order on August 21, 2025. ECF No. 36. On August 26,

2025, Signal Hill objected to the Commission's protective order, submitted its own

proposed protective order, and filed a motion to clarify whether the Commission was also

required to file a formal order or judgment as to the July 30, 2025 hearing. ECF Nos. 37,

38. On September 26, 2025, the Court signed an amended version of the Commission's

protective order that rendered any tax documents automatically confidential and denied

Signal Hill's motion to clarify as moot. ECF Nos. 43, 44. Signal Hill's instant Motion for

Leave to Appeal followed. ECF No. 49.

## ARGUMENT

### I.    THE ORDERS SIGNAL HILL ATTEMPTS TO APPEAL ARE NOT FINAL

Signal Hill's Motion for Leave to Appeal should be denied because the orders that

Signal Hill seeks to overturn (ECF Nos. 12, 43, and 44) do not constitute final, appealable

orders. Bankruptcy orders "qualify as 'final' when they definitively dispose of discrete

disputes within the overarching bankruptcy case." *Ritzen Group, Inc. v. Jackson Masonry,

LLC*, 589 U.S. 35, 37 (2020) (quoting *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501

(2015)). However, "[a]ppellate courts have reached different conclusions on whether an

order for a Rule 2004 examination is a discrete dispute that sufficiently concludes a

'proceeding.'" *In re Lynch*, 544 B.R. 444, 448 (B.A.P. 10th Cir. 2016). Indeed, "Rule 2004

4

examination decisions *may* be interlocutory" for purposes of appeals under 28. U.S.C. section 158(a). *In re Mastro*, 585 B.R. 587, 591 (B.A.P. 9th Cir. 2018). However, sometimes Rule 2004 orders cannot satisfy the finality requirement because "[i]ssues may arise that require further action from the bankruptcy court relating to the information discovered from the Rule 2004 examination or what transpires in connection with the examination itself." *In re Lynch*, *supra*, at 449 (holding that appealing the Rule 2004 discovery order in that case as a final order "would defeat the purposes of the finality rule in appellate review by causing delays, inefficiencies, and undue expense in the litigation of controversies.")

As the Supreme Court observed in *Bullard v. Blue Hills Bank*—a case that *Ritzen* relies upon—the finality requirement can lead to abuse that should not be used to create delays or inefficiencies. *Bullard*, *supra*, at 504. The Supreme Court recognized that "each climb up the appellate ladder and slide down the chute" can take years and explained that "[a]voiding such delays and inefficiencies is *precisely the reason for a rule of finality*." *Id*. (emphasis added). The Supreme Court's foresight applies here.

This Court should similarly reject Signal Hill's attempts to abuse the appellate process to appeal non-final interlocutory orders. Courts "should not define 'proceeding' to include disputes over minor details about how a bankruptcy case will unfold." *Ritzen*, *supra*, at 44. But that is precisely what Signal Hill asks this Court to do by granting this motion. The orders Signal Hill seeks to appeal relate to a minor and routine discovery procedure that in itself does not constitute a separate proceeding. The orders do not resolve a discrete dispute within the larger bankruptcy case, in that they do not determine creditor

5

priorities, nor do they resolve any issues regarding the Debtor's assets. *In re Fox*, 241 B.R. 224, 230 (B.A.P. 10th Cir. 1999). Allowing an appeal to proceed on these orders would create the very "delays, inefficiencies, and undue expense in the litigation of controversies" that the Supreme Court warned of in *Bullard*, because future issues may arise related to the 2004 examination or a future fraudulent conveyance claim that the Court must address. *Bullard*, *supra*, at 504; *In re Lynch*, *supra*, at 449.

Signal Hill has not made an adequate showing that the Rule 2004 order in this case should be considered final and its Motion should be denied. In addition to the high potential that further future action related to the Rule 2004 examination and information discovered therefrom may be needed, causing unwarranted delay, inefficiency, and undue expense resulting from numerous appeals, Signal Hill's request for leave to appeal relies on easily disproven assertions—e.g., that the Commission never explained why it needed these records or why the information sought is not obtainable in a California state court proceeding that concluded over a year ago, and never served the subpoena on the affiliates. *See infra*, pp. 8-9, 11-12. However, each of these claims has been refuted and the Court already determined that the consolidated tax records failed to meet the qualified privilege standard. The Court then required that those records be produced subject to a protective order to ensure that no harm would result from their production. ECF Nos. 33, 34, 43.

## II.  SIGNAL HILL'S COLLATERAL ORDER DOCTRINE ARGUMENTS FAIL

Signal Hill asserts its Motion for Leave to Appeal should be granted in the alternative under the Collateral Order doctrine. The failure to satisfy any of the three elements of the Collateral Order doctrine prevents a Court from applying the doctrine, and each element is

considered stringent. *Kell v. Benzon*, 925 F.3d 448, 452 (10th Cir. 2019). Here, the

elements of the Collateral Order doctrine have not been satisfied. None of the orders Signal

Hill seeks to appeal involve important questions separate from the merits of the underlying

bankruptcy that will be effectively unreviewable if not presented in an interlocutory appeal.

### A.   Signal Hill and Its Affiliates' Privilege Claims Are Baseless and Do Not Constitute an Important Issue Separate From the Merits.

Signal Hill asserts that the second element of the Collateral Order doctrine (which

requires that the order on appeal resolve important questions separate from the merits) has

been satisfied because the Affiliates' tax returns are protected by "qualified privilege." The

production of the supposedly privileged consolidated tax returns is the harm on which

Signal Hill rests its Motion for Leave to Appeal. See ECF No. 49, p. 8 ("If the Affiliates'

tax returns are turned over to California, the proverbial bell cannot be unrung, and no

meaningful relief can then be granted."). The mere fact that the tax returns may be protected

by qualified privilege does not mean that the orders related to the Rule 2004 examination

and related protective order raise important issues separate from the merits. Signal Hill

cites no case law to support this contention. To the contrary, discovery of the tax returns

and the attendant Rule 2004 examination of Mr. Schurawel are central to the bankruptcy

proceeding, and the entry of the protective order neutralizes any supposed concern about

disclosure of privileged documents. The Collateral Order doctrine exists to allow appeals

of issues "too important to be denied review and too independent of the cause itself to

require that appellate consideration be deferred until the whole case is adjudicated." *Cohen

v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-546 (1949). Given that this Court

ordered that any consolidated tax forms must be produced subject to a protective order, there is no harm capable of rising to an issue "too important to be denied review." *Id.*

In any event, the Commission has already demonstrated that the tax returns are not privileged. Signal Hill again cites *Eastern Auto Distribs., Inc. v. Peugeot Motors of Am., Inc.*, 96 F.R.D. 147, 148-49 (E.D. Va. 1982), which establishes a two-part test that the Fourth Circuit uses to determine if tax returns should be disclosed in discovery: (1) "the information sought from the returns bears some relevance to the subject matter of the litigation; and [2] that the information sought from the returns is not readily obtainable from other sources." *Id.* Assuming this is the applicable test,[3] the Commission satisfies it for the same reasons set forth at the July 30, 2025 hearing and in its April 21, 2025 opposition to Signal Hill's motion. *See* ECF Nos. 18, 34. To wit, Signal Hill's consolidated tax returns are relevant because Signal Hill's creditors, like the Commission, have the right to know if Signal Hill has committed any wrongdoing pertaining to the veracity of their financial representations, all matters within the scope of the Rule 2004 examination. *In re Kearny*, 590 B.R. 913, 920 (Bankr. D. N.M. 2018) (Rule 2004 Examination proper to determine "the extent and location of the estate's assets"); *see also In re Handy Andy Home Improvement Centers, Inc.*, 199 B.R. 376, 379 (Bankr. N.D. Ill. 1996). The fact that the Affiliates' and Debtor's tax returns are consolidated does not give Signal Hill the right to prevent disclosure of the documents. Signal Hill's tax filings are eminently relevant to the

---

[3] The 10th Circuit Court of Appeals has yet to adopt this test but several district courts within the 10th Circuit have. *See Hawkins v. South Plains Int'l Trucks, Inc.*, 139 F.R.D. 679, 681–82 (D. Colo. 1991); *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 539 (D. Kan. 2006).

bankruptcy proceeding, and the protective order sufficiently protects the Affiliates' privacy interests.

Moreover, the Commission and the Court have already explained that "'there is a compelling need for the tax returns because the information is not otherwise readily obtainable.'" ECF No. 49, p. 6, quoting *Phillip M. Adams & Assoc. v. Fujitsu, Ltd.,* 2010 WL 133002, at *8 (D. Utah, March 29, 2020). The Commission previously explained why it needs the consolidated tax returns and why these documents could not be obtained through the state litigation (ECF No. 18, pp. 3-4.), which is discussed as follows. The state court litigation concluded on March 15, 2024 when the superior court entered the stipulated judgment, and the automatic stay triggered by the bankruptcy proceeding prevented the Commission from conducting post-judgment enforcement efforts, including debtor discovery. Additionally, Signal Hill destroyed digital evidence during the state court proceeding and failed to provide records capable of showing their financial transactions. Signal Hill was subsequently subjected to sanctions for its destruction of evidence. ECF No. 18, p. 3-4, 8, ¶ 4, Exh. C (Ruling on Motion for Sanctions for Spoliation of Evidence in state court proceeding).

Another reason for the Rule 2004 examination is that Signal Hill provided contradictory information on who has maintained its books. For example, on its Official Form 201 Voluntary Petition for Non-Individuals Filing for Bankruptcy, and under penalty of perjury, Signal Hill listed *only* Alex Schurawel when asked to "List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case." ECF No. 1. But Signal Hill's counsel has represented that "[t]he books and

records for Signal Hill were maintained in-house" and, on March 7, 2022, Signal Hill's

Chief Executive Officer, Richard L. Carone, testified that Scott Lee and Mark Stratton

prepared Signal Hill's taxes but never mentioned Mr. Schurawel, nor did Signal Hill

include Messrs. Lee or Stratton on its Official Form 201. ECF No. 18, p. 8, ¶¶ 2, 5, Exh.

A, Exh. D; ECF No. 1. Signal Hill's actions highlight that the information the Commission

seeks is unavailable elsewhere and that Signal Hill's representations have been inaccurate

and misleading. For these reasons, Signal Hill's qualified privilege claims fail, and the

application of the Collateral Order doctrine is not justified here, as there is no issue too

important to be denied review. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-

546 (1949).

### B.    The Commission Is Entitled and Has Standing to Request the Documents Sought and Conduct a Rule 2004 Examination

Signal Hill's standing concerns are equally meritless. The Commission is a creditor,

and, therefore, has every right to obtain the federal income tax returns through Rule 2004,

particularly when the tax returns are consolidated with the Debtor's and cannot be easily

segregated. Fed. R. Bankr. P. 2004. One of the cases Signal Hill cites explains this well:

> An entity may be examined under Rule 2004 as 'to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate.' The scope is very broad. A Rule 2004 examination is commonly referred to as a 'fishing expedition.' Rule 2004 is properly used by a trustee to reveal the nature and extent of the estate, and as a pre-litigation device to determine if there are grounds to bring an action.

*In re Brooke Corp.*, 2013 WL 3948866, at *2 (Bankr. D. Kan. July 29, 2013) (footnotes

omitted). Here, the Affiliates' tax returns can be examined because they relate to the

financial condition of Signal Hill and may "affect the administration" of its estate by "reveal[ing] the nature and extent of the estate" and whether the Trustee should bring a fraudulent transfer action. Nor does the Trustee need to authorize the Commission's actions, as any *creditor*, by virtue of having an interest in the bankruptcy, can initiate and conduct a Rule 2004 examination. Indeed, Rule 2004's plain text establishes this point unambiguously: "On a *party in interest's* motion, the court may order the examination of any entity." Fed. R. Bankr. P. 2004, subd. (a) (emphasis added); *see also Snyder v. Soc'y Bank*, 181 B.R. 40, 41 (S.D. Tex. 1994) ("Rule 2004 affords both *debtors and creditors* the broad rights of examination of a *third-party's records*." (emphasis added)).

Signal Hill errs by conflating the instant Rule 2004 examination at issue before the Court now, with a possible future fraudulent transfer or avoidance action brought by the Trustee. ECF No. 49, pp. 5, 7-8. The Commission does not dispute that the Trustee must bring the fraudulent transfer claims in a bankruptcy case. The Commission is not attempting to bring such a claim. It merely seeks to conduct a Rule 2004 examination, as it is entitled to do, and that examination may lead to evidence of fraudulent conveyance. However, the Trustee's possible future actions are not before the Court now, nor raised by the Commission, and are, therefore, irrelevant to Signal Hill's Motion for Leave to Appeal. Signal Hill cannot obstruct the Commission's lawful attempt at conducting permissible discovery simply because it might lead to evidence that could support a fraudulent transfer claim that is ultimately brought by the Trustee.

**C.    The Commission Served Signal Hill and Its Affiliates with the Rule 2004 Examination Subpoena**

Signal Hill's factually inaccurate claims concerning the service of the subpoena are egregious and easily disproven. Signal Hill argues that "[t]he 2004 Request was served only upon" Signal Hill, and that the Affiliates "were not served with the 2004 Request." EFC No. 49, pp. 3, 5. Untrue. The Commission served Signal Hill's counsel, Mr. Winship, with the Rule 2004 subpoena on March 26, 2025. *See* ECF No. 16. It is unclear how or why Signal Hill can maintain that the Affiliates have not been served with the subpoena, when Signal Hill's counsel has repeatedly confirmed that he represents both the Debtor *and the Debtor's Affiliates*, as evidenced by this Motion which is brought on behalf both Signal Hill and its Affiliates. Either Mr. Winship represents the Affiliates and received notice on their behalf, or he does not, and he cannot advance claims on their behalf—as they are not parties in this action and have no standing to appeal the subject orders. Given Mr. Winship's statements before the Court, the Commission presumes that he still represents the Affiliates and, thus, they received notice. Signal Hill has never mounted any objection to the form or manner of service of the subpoena.

**D.    The Orders Will Not Become Moot and Therefore "Effectively Unreviewable" If They Are Not Subject to Interlocutory Appeal**

Signal Hill also fails to establish the third element of the Collateral Order doctrine because it does not make a showing that the orders are effectively unreviewable on appeal after final judgment. *In re Fox*, 241 B.R. 224, 230 (B.A.P. 10th Cir. 1999). Signal Hill fails to show how the issues it seeks to appeal will become moot and non-justiciable

prior to a final resolution of the bankruptcy.[4] Signal Hill's appeal involves two issues: (1)

whether a creditor may obtain the tax returns of non-debtors, and (2) whether a creditor

may seek discovery of information that may lead to evidence of fraudulent conveyance.

Neither of these issues will be unreviewable at the conclusion of the bankruptcy

proceeding. For instance, it is entirely speculative at this point whether any of the subject

tax returns that will be produced are protected by qualified privilege (and as discussed

above, the Commission has established that they are not), and Signal Hill will have an

opportunity to dispute the admissibility of any potentially privileged tax documents at a

later time. *See Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 103, 108-109, 113

(2009) (effective review of disclosure of privileged material can be had without resort to

the collateral order doctrine). It is also uncertain at present whether the Trustee will even

pursue a fraudulent conveyance claim, but if it does, Signal Hill will have an opportunity

to challenge that claim and any evidence it is based upon when those issues become ripe.

## III. THERE IS NO "PENDING LITIGATION" IN ANOTHER COURT CAPABLE OF SUPPORTING SIGNAL HILL'S CLAIMS

Signal Hill argues that "ongoing litigation in another court" bars the Commission's

Rule 2004 examination. ECF No. 49, p. 7. This argument hinges on Signal Hill's

misrepresentation that the state court litigation between the Commission and Signal Hill is

still active. The California litigation between Signal Hill and Commission concluded in

March of 2024. Indeed, the *judgment* from that litigation is the debt that Signal Hill owes

---

[4] With respect to the Order on Motion to Clarify Order (ECF No. 44), the Bankruptcy Court denied the order on the ground that the Court's entry of the protective order rendered Signal Hill's request for clarification moot. By Signal Hill's logic, that order is no longer appealable because the issue is already moot.

to the Commission. Signal Hill's cited cases show that litigants cannot use Rule 2004 "to further its case in state court" when litigants "can use the discovery rules available under" state law. *Snyder v. Soc'y Bank*, *supra*, at 42. That is not the case here where the state court proceeding has concluded and an automatic stay is in effect. Rather, the pending litigation rule renders Rule 2004 examinations inappropriate "where the party requesting the Rule 2004 examination could benefit their pending litigation outside of the bankruptcy court against the proposed Rule 2004 examinee." *In re Washington Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009) (internal quotes and citation omitted).

Here, the Commission's Rule 2004 examination relates to whether Signal Hill has made truthful assertions to its creditors. It is wholly unrelated to the state litigation that centered on Signal Hill's trespass and breach of contract, and which concluded long ago. *Id.* at 51. Signal Hill's construction of the pending proceeding rule is precisely the type of "aggressive application" of the rule that courts warn can improperly interfere with legitimate efforts to maximize estate assets. *Id.*; Fed. R. Bankr. P. 2004.

## IV.  SIGNAL HILL LACKS STANDING TO OBJECT TO OR APPEAL THE SCOPE OF THE VALIDLY ISSUED SUBPOENA

Federal Rule of Civil Procedure 45 establishes that the *recipient* of a subpoena must timely file a motion to quash or modify a subpoena. Fed. R. Civ. P. 45. The general rule is that "'only the party or person to whom the subpoena is directed has standing to move or quash or otherwise object to a subpoena.'" *See e.g.*, *S.E.C. v. Goldstone*, 301 F.R.D. 593, 646 (D. N.M. 2014) (quoting *Beach v. City of Olathe*, Kan., No. 99–2217GTV, 2001 WL 1098032, at *1 (D. Kan. Sept. 17, 2001); citing *Hertenstein v. Kimberly Home Health Care,*

*Inc.*, 189 F.R.D. 620, 635 (D. Kan. 1999)). The subpoena here was issued to Mr. Schurawel. ECF No. 16. Mr. Schurawel has not objected or moved to quash the subpoena. The exception to this rule is that a party not subject to the subpoena, like Signal Hill and its Affiliates, may timely move to quash it when it infringes upon their legitimate interests, like protecting raising privileged information. *See e.g.*, *S.E.C. v. Goldstone*, *supra*, at 646. Here, Signal Hill and its Affiliates only have standing to appeal their privilege claims. As discussed above, these privilege claims have already been addressed. *See supra*, pp. 8-9; ECF Nos. 18, 33, 34. They fail for the same reasons articulated above.

**WHEREFORE** the Commission respectfully requests that this Court deny Signal Hill's and its Affiliates' Motion for Leave to Appeal. (ECF No. 49.)

**DATED** this 23rd day of October 2025.

> **THE CALIFORNIA STATE LANDS COMMISSION,**
> **Creditor**
>
> By:     */s/ Isabella Panicucci*
> Steven Kerns, *pro hac vice*
> Isabella Panicucci, *pro hac vice*
> Jessica Tucker-Mohl, *pro hac vice*
> California Attorney General's Office
> 1300 I Street | P.O. Box 944255
> Sacramento, CA 94244-2550
> Telephone: (916) 210-7662
> Steven.Kerns@doj.ca.gov
> Isabella.Langone@doj.ca.gov
>
> Jeffrey M. Boldt, #7-4730
> OVERSTREET HOMAR & KUKER
> 2922 Central Avenue
> Cheyenne, Wyoming 82001
> 307.274.4444 telephone
> 307.274.4443 facsimile
> jeffrey@kukerlaw.com

# CERTIFICATE OF SERVICE

Case Name:  __In Re: Signal Hill Service, Inc.__      No.   __2:24bk20439__

I hereby certify that on <u>October 23, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**OPPOSITION TO DEBTOR'S MOTION FOR LEAVE TO APPEAL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Stephen R. Winship
Winship and Winship, PC
145 South Durbin Street
Suite 201
Casper, WY 82601-2566
**Email:** steve@winshipandwinship.com
**Email:** billie@winshipandwinship.com
**Email:** receptionist@winshipandwinship.com

***Attorney for Debtor***
***Signal Hill Service, Inc.***

John A. Coppede
Coal Creek Law, LLP
211 W. 19th Street
P.O. Box 467
Cheyenne, WY 82003-0467
**Email:** jcoppede@coalcreeklaw.com
**Email:** marmijo@coalcreeklaw.com

***Attorney for Creditor***
***Gaynor Ranch LLC***

Randy L. Royal
P.O. Box 551
Greybull, WY 82426-0551
**Email:** rlroyal@randyroyalpc.com
**Email:** charlene@randyroyalpc.com
**Email:** msanderton@randyroyalpc.com
**Email:** WY14@ecfcbis.com

***Bankruptcy Trustee***

Office of The United States Trustee
308 West 21st Street
Suite 203
Cheyenne, WY 82001-3669
**Email:** ustpregion19.cy.ecf@usdoj.gov

***The United States Trustee***
***for Region 19 – District of Wyoming***

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>October 23, 2025</u>, at Sacramento, California.

| Antinia Brown | /s/ Antinia Brown |
|---|---|
| Declarant | Signature |

LA2024305269
39396640