Jeffrey M. Boldt, #7-4730
OVERSTREET HOMAR & KUKER
2922 Central Avenue
Cheyenne, Wyoming 82001
307.274-4444 telephone
307.274-4443 facsimile
jeffrey@kukerlaw.com

Jessica Tucker-Mohl, *pro hac vice*
Isabella Panicucci, *pro hac vice*
Steven Kerns, *pro hac vice*
California Attorney General's Office
1300 I Street | P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7662
Isabella.Panicucci@doj.ca.gov

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re ) | |
| ) | |
| SIGNAL HILL SERVICE, INC., ) | Case No. 24-20439 |
| ) | |
| ) | Chapter 7 |
| Debtor. ) | |

## CREDITOR CALIFORNIA STATE LANDS COMMISSION'S OBJECTIONS TO TRUSTEE'S REPORT OF NO DISTRIBUTION AND REQUEST TO COURT TO KEEP MATTER OPEN

**COMES NOW** Creditor, California State Lands Commission ("Commission"), by and through its counsel, and objects to the Trustee's Report of No Distribution filed on February 2, 2026 (no Docket Entry number is associated with the report) pursuant to Federal Rule of Bankruptcy Procedure 5009 and requests that the Court keep the case open as follows:

### BACKGROUND

1. Debtor Signal Hill Service, Inc. ("Signal Hill") filed its bankruptcy petition on November 1, 2024. (Bankr. ECF No. 1.)

2. The Commission is a creditor of Signal Hill by virtue of a stipulated judgment that

was entered on March 15, 2024 in the Superior Court of California for the County of Santa Barbara against Signal Hill and in favor of the Commission, in the matter *California State Lands Commission v. Signal Hill Service, Inc., et al.* (Case No. 19CV04295).

3.  The Commission has diligently participated in the bankruptcy proceeding since the case was opened. On February 12, 2025, the Commission filed a motion to conduct an examination and subpoena documents pursuant to Federal Rule of Bankruptcy Procedure 2004. (Bankr. ECF No. 8.) The Court granted the Commission's motion on February 21, 2025. (Bankr. ECF No. 12.)

4.  At every turn, Signal Hill has interfered with the Commission's attempt to conduct this routine examination. On April 14, 2025, Signal Hill filed a motion for reconsideration asking the Court to modify its order granting the Commission's request to take the Rule 2004 examination. (Bankr. ECF No. 17.) The Court denied Signal Hill's motion on July 30, 2025 and on September 26, 2025 the Court entered a protective order to protect the confidentiality of tax returns pertaining to Signal Hill's affiliates that might be disclosed during the Rule 2004 examination. (Bankr. ECF Nos. 33, 34, 43.)

5.  On October 9, 2025, Signal Hill sought leave to appeal three orders from this Court to the United States District Court: the order granting the Rule 2004 examination (Bankr. ECF No. 12), the amended protective order (Bankr. ECF No. 43), and the order denying Signal Hill's motion for clarification regarding the Court's order on the motion for reconsideration (Bankr. ECF No. 44). (Bankr. ECF Nos. 47, 49 [notice of appeal and motion for leave to appeal].) The United States District Court denied Signal Hill's motion for leave to appeal and dismissed the appeal on November 14, 2025. (Bankr. ECF Nos. 53, 54.)

6.  On December 15, 2025, Signal Hill filed a notice of appeal in the United States

District Court seeking review by the United States Court of Appeals for the Tenth Circuit of the district court's denial of Signal Hill's motion for leave to appeal. (Bankr. ECF No. 58.) The appeal is still pending in the Tenth Circuit, and Signal Hill's appellant's brief and appendix are currently due March 13, 2026. (Appellate Case: 25-8081, ECF No. 17.)

7. On December 29, 2025, Signal Hill filed a motion to stay the Rule 2004 examination pending the Tenth Circuit appeal. (Bankr. ECF No. 60.) The Commission filed an opposition to the motion on January 5, 2026. (Bankr. ECF No. 64.) The Court heard the motion on January 7, 2026 and took the matter under advisement. (Bankr. ECF No. 66.) The Court has not yet ruled on the motion to stay pending appeal.

8. On December 31, 2025, the Tenth Circuit Mediation Office scheduled a mediation conference pursuant to Rule 33.1, Rules of the Tenth Circuit. (Appellate Case: 25-8081, ECF No. 6-1.) Signal Hill and the Commission participated in a conference facilitated by the Tenth Circuit Mediation Office on January 14, 2026. (Bankr. ECF No. 67 [status report filed by Signal Hill].) After the January 14, 2026 conference, which lasted approximately two hours, the mediation was continued to February 10, 2026. (*Id.*)

9. On February 2, 2026, before the continued mediation could proceed, the Trustee filed a Report of No Distribution ("Report") pursuant to Federal Rule of Bankruptcy Procedure 5009, informing the Court that the "estate has been fully administered" and requesting to be discharged from any further duties as trustee. There is no docket number associated with the Report.

**LEGAL STANDARDS**

10. The estate in a Chapter 7, 12, or 13 case is presumed to have been fully administered when the trustee has filed a final report and final account and has certified that the estate has

3

been fully administered and, within 30 days after the filing, no objection to the report has been filed by the United States trustee or a party in interest. Fed. R. Bankr. P. 5009(a).

11. It is the Trustee's duty "to collect and reduce to money" all assets of the estate "as expeditiously as is compatible with the best interest of the parties in interest." *In re W.A.R. LLP*, No. 11-00044, 2011 WL 2518926, at *2 (Bankr. D.D.C. June 23, 2011) (citing 11 U.S.C. § 704).

12. There are two prerequisites to the closure of a bankruptcy case: (1) full administration of the estate, and (2) discharge of the trustee. 11 U.S.C. § 350(a).

13. Neither the U.S. Code nor Federal Rules of Bankruptcy Procedure define "fully administered." *In re Union Home & Indus., Inc.*, 375 B.R. 912, 916 (B.A.P. 10th Cir. 2007). The determination of whether an estate has been fully administered is within the bankruptcy court's discretion. *In re Shotkoski*, 420 B.R. 479, 483 (B.A.P. 8th Cir. 2009). "[D]etermining when a case is 'fully administered' is a decision for the bankruptcy court based on consideration of numerous case-specific, procedural, and practical factors." *In re Union Home & Indus., Inc.*, 375 B.R. 912, 917 (B.A.P. 10th Cir. 2007).

14. The presumption that arises under Federal Rule of Bankruptcy Procedure 5009 that, upon the trustee's certification, an estate has indeed been fully administered is rebuttable. *In re Schoenewerk*, 304 B.R. 59, 64 (Bankr. E.D.N.Y. 2003).

## OBJECTIONS AND BASIS FOR REQUEST TO KEEP CASE OPEN

15. The Commission respectfully objects to the Trustee's Report and requests that the Court keep the matter open so that the Commission can continue to pursue its right to conduct the Rule 2004 examination.

16. Informed in part by its long history with Signal Hill, the Commission believes there are assets of the estate that have yet to be discovered. In order to uncover those assets, it is

essential that the Commission be permitted to conduct the Rule 2004 examination. The Commission's request to take the Rule 2004 examination was granted nearly a year ago. Were it not for Signal Hill's relentless obstructionist behavior, the Rule 2004 examination would have been completed long ago. The case should not be closed before the Commission has had an opportunity to complete the Rule 2004 examination, and Signal Hill should not be rewarded for its interference with the orderly administration of this bankruptcy and abuse of appeal process.

17. The Commission objects to the Trustee's Report and requests that the Court keep the case open on the ground that the case has not been fully administered. *In re Union Home & Indus., Inc.*, 375 B.R. 912, 916-17 (B.A.P. 10th Cir. 2007). The Commission has not been able to complete its Rule 2004 examination, which could yield information that leads to the discovery of assets. It is also not apparent from the Report that a diligent inquiry into the financial affairs of the debtor has been conducted, or what evidence underlies the Trustee's determination that there are no assets. There are no details in the Report that show what steps the Trustee took to investigate the estate or to determine whether Signal Hill has any assets that could be distributed to creditors. At the time the Report was filed, the Rule 2004 examination had not yet been completed, and at present none of the subpoenaed documents have been produced. Accordingly, the Trustee has not had the benefit of the information that will be gained through the Rule 2004 examination that will give insight into Signal Hill's financial affairs and will likely have bearing on the administration of the bankruptcy estate. *See Mele v. First Colony Life Ins., Co.*, 127 B.R. 82, 86 (D.D.C. 1991) (failure to make minimal inquiries into a potential source of assets does not "comport with a trustee's duty to 'investigate the financial affairs of the debtor' as required by 11 U.S.C. § 704(4) in a manner that would enable the trustee to reasonably fulfill his fiduciary duty to 'maximize the value of the estate.'").

18. The Commission further objects to the Report and requests that the Court keep the case open on the ground that there are multiple pending matters before this Court and the Tenth Circuit Court of Appeals that have not yet been resolved, all stemming from the Commission's effort to conduct the Rule 2004 examination, as well as the mediation facilitated by the Tenth Circuit Mediation Office. One of the factors to be considered when determining whether the estate has been fully administered is whether all motions, contested matters, and adversary proceedings have been finally resolved. *In re Union Home & Indus., Inc.*, 375 B.R. 912, 916 (B.A.P. 10th Cir. 2007). Here, there are multiple matters that are still pending. The Commission will not be able to proceed with the Rule 2004 examination unless and until this Court denies Signal Hill's motion for stay pending appeal, and the Tenth Circuit appeal has not yet been briefed. It would be unfair and prejudicial to the Commission and all creditors to close the bankruptcy before the Commission has been allowed to proceed with a routine Rule 2004 examination, which will be instructive for the ongoing pending matters before the courts, as well as the mediation. *In re Potter*, No. 19-30087, 2020 WL 6928782, at *18 (Bankr. S.D. Ill. Oct. 30, 2020) (case should not be closed while the process of scheduling and taking 2004 examinations is underway).

///

///

///

## CONCLUSION

For the reasons articulated above, the Commission objects to the Trustee's Report and respectfully requests that the Court leave the case open.

**DATED** this 6th day of February 2026.

                                          **THE CALIFORNIA STATE LANDS COMMISSION,**
                                          **Creditor**

By:     */s/ Isabella Panicucci*
            Isabella Panicucci, *pro hac vice*
            California Attorney General's Office
            1300 I Street | P.O. Box 944255
            Sacramento, CA 94244-2550
            Telephone: (916) 210-7662
            Isabella.Panicucci@doj.ca.gov

            Jeffrey M. Boldt, #7-4730
            OVERSTREET HOMAR & KUKER
            2922 Central Avenue
            Cheyenne, Wyoming 82001
            307.274.4444 telephone
            307.274.4443 facsimile
            jeffrey@kukerlaw.com

# CERTIFICATE OF SERVICE

Case Name: **In Re: SIGNAL HILL SERVICE, INC.**   No. **2:24bk20439**

I hereby certify that on <u>February 6, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **CREDITOR CALIFORNIA STATE LANDS COMMISSION'S OBJECTIONS TO TRUSTEE'S REPORT OF NO DISTRIBUTION AND REQUEST TO COURT TO KEEP MATTER OPEN**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>February 6, 2026</u>, at San Francisco, California.

| G. Guardado | /s/ G. Guardado |
|---|---|
| Declarant | Signature |

LA2024305269
44919555