

FILED

11:52 am, 2/13/26

HJ Esterholdt
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

In re:

SIGNAL HILL SERVICE, INC.,

Debtor.

Case No. 24-20439
Chapter 7

**ORDER ON MOTION TO STAY PENDING APPEAL**

This matter is before the court on a Motion for Stay Pending appeal (ECF No. 60) and the Objection thereto (ECF No. 64). The court has reviewed the pleadings and denies the Motion as follows:

**Procedural History**

On February 12, 2025, the California State Lands Commission (California) filed a Motion for 2004 Examination and Request for Production of Documents and Deposition of Third-Party Witness Alex Schurawel.[1] California "seeks to inquire into the Debtor's conduct and to discover assets belonging to the Debtor's estate. To do so, the Commission desires to depose the debtor's accountant, Mr. Alex Schurawel CPA, concerning the Debtor's books, records and accounts, affairs and business transactions. Specifically, the Commission seeks to examine the Debtor's tax preparation and banking records, among other documents reflected in the attached document requests."[2] Because Debtor's information is part of consolidated tax returns, the information requested also includes affiliate company information.[3]

Debtor filed a Motion to Strike on February 13, 2025, based on counsel Steven Kearn's lack of admission before this court.[4] The court entered an Order Denying the Motion to Strike on February 14, 2025, finding a Motion for Rule 2004 Examination is not a contested matter requiring admission before this court.[5] Debtor did not to object to the Motion on any other grounds, and on February 21, 2025, the court granted California's Motion.[6] Debtor, nor its affiliates or Mr. Schurawel, sought to quash the subpoena once issued.

---

[1] ECF No. 8.
[2] *Id.*
[3] *See* ECF No. 17, pgs. 3-4 and ECF No. 18.
[4] ECF No. 9.
[5] ECF No. 10.
[6] ECF No. 12.

Almost two months later, on April 14, 2025, a Motion to Reconsider Rule 2004 Order[7] was filed on behalf of Debtor and its affiliates[8] (Movants) and California objected.[9] The court held a hearing on the Motion to Reconsider on July 30, 2025. At the hearing, the court denied the Motion to Reconsider, but granted and directed California to file a proposed protective order as a formal order addressing Movant's confidentiality concerns.[10] California filed a Proposed Protective Order[11], and Movants filed a Motion to Clarify[12] and an Objection to the Proposed Protective Order.[13] After considering Movant's Objections, the court entered an Amended Protective Order[14] and an Order Denying the Motion to Clarify.[15] Subsequently, California served a subpoena upon Alex Schurawel (Movants' accountant). Pursuant to this Subpoena, and agreement of Mr. Schurawel and California, the tax returns are to be turned over to California in mid-February 2026.[16]

Movants filed a Motion for Leave to Appeal with the United States District Court for the District of Wyoming, and the District Court denied the Motion.[17] On December 15, 2025, Movants filed their Notice of Appeal to the Tenth Circuit Court of Appeals, appealing the District Court's Order.[18]

**Discussion**

A stay pending appeal "temporarily suspends proceedings or the effect of a judgment"[19] and "is an extraordinary remedy and requires a substantial showing on the part of the movant."[20] In determining whether to issue a stay pending appeal, this court must consider: (1) the likelihood the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood the moving party will suffer irreparable injury unless the stay is granted; (3) whether granting the stay will result in

---

[7] ECF No. 17.
[8] The "Affiliates" are comprised of Carone Energy Corporation, Carone Petroleum Corporation. Republic Drilling Company, Inc., Pacific Operators Offshore, LLC, Verrazzano Corporation, Carpinteria Offshore Project Ltd, Pacific Operators, Inc., dba Pacific Operators Offshore, Inc., AnAmerican Corporation (fdba AnAmerican Drilling, Inc.)
[9] ECF No. 18.
[10] ECF No. 33.
[11] ECF No. 36.
[12] ECF No. 37.
[13] ECF No. 38.
[14] ECF No. 43.
[15] ECF No. 44.
[16] *See* ECF No.
[17] *See* 25-cv-236-KHR, ECF No. 3 and 8.
[18] 25-cv-236-KHR, ECF No. 11.
[19] *Lofstedt v. Kendall (In re Kendall)*, 510 B.R. 356, 359 (Bankr. D. Colo. 2014).
[20] *Renfrow v. Grogan (In re Renfrow)*, No. 17-10385-R, 2019 WL 2240902, at *3 (Bankr. N.D. Okla. May 22, 2019).

substantial harm to the other parties to the appeal; and (4) the effect of granting the stay upon the public interest.[21] In analyzing the factors, courts give more deference to the first and second factors because they are the most critical in determining whether to grant the motion for stay pending appeal.[22]

To succeed on the heavy burden of the first factor, "it is not enough that the chance of success on the merits be better than negligible or that success be a mere possibility."[23] Movants must show the lower court's decision was erroneous on the merits.[24] Movants erroneously argues the Tenth Circuit will decide the underlying appeal on the merits. But the only issue before the Tenth Circuit is whether the District Court was erroneous in denying Movants' Motion for Leave to Appeal.[25] If the Tenth Circuit overrules the District Court on this issue, it will remand the matter to the District Court to decide the underlying appeal on the merits. The District Court order found the underlying appeal to be untimely.[26] For Debtor to be successful on the merits before the Tenth Circuit, they must show that the District Court was erroneous in finding the appeal to be untimely. Notably, Movants did not address this issue at all.[27] Therefore, having not explained how this significant procedural deficiency can be overcome, Movants have failed to meet the heavy burden of showing a likelihood of success on the merits. The court finds this factor weighs heavily against grating the Stay. With Movants having failed to establish a likelihood of success on the merits, the court could end the analysis here.[28]

To meet second factor's heavy burden, a movant must show they will suffer irreparable harm if the stay is not granted. "[S]imply showing some 'possibility of irreparable injury . . . fails to satisfy the [irreparable harm] factor."[29] Movants argue that the confidentiality of the tax returns is lost once California has reviewed them. California argues Movants are protected from any sort of harm that could result from the disclosure by virtue of the Protective Order. The purpose of the Amended Protective Order is to protect the confidentiality of sensitive information subject to a qualified

---

[21] *In re Lang*, 414 F.3d 1191, 1201 (10th Cir. 2005) (citations omitted). *See also, Nken v. Holder*, 556 U.S. 418, 426 (2009); *Abengoa Bioenergy Biomass of Kan., LLC v. ICM, Inc. (In re Abengoa Bioenergy Biomass of Kan., LLC)*, No. KS-16-012, 2016 WL 2726643, at 1 (B.A.P. 10th Cir. May 6, 2016).
[22] *Nken v. Holder,* 556 U.S. at 434.
[23] *Pueblo of Pojoaque v. State*, 233 F. Supp. 3d 1021, 1114–15 (D.N.M. 2017) (citing *Nken v. Holder,* 556 U.S. at 426).
[24] *Nken v. Holder*, 556 U.S. at 439.
[25] *See* 25-cv-236-KHR, ECF No. 8.
[26] *Id.*
[27] *See* ECF No. 60.
[28] *See In re Fremon Sheep Co.*, 110 F.3d 73, *2 (10th Cir. 1997).
[29] *In re Stewart*, 604 B.R. 900, 905 (Bankr. W.D. Okla. 2019) (citing *Nken v. Holder*, 556 U.S. at 434-35).

privilege, where there is a compelling need for the information to be disclosed in the bankruptcy.[30] The court agrees that the Protective Order appropriately safeguards the confidentiality of the tax returns.

Movants also argue denial of the stay will result in the irreparable harm of rendering the appeal moot. However, "the risk of equitable mootness is not, by itself, sufficient to demonstrate irreparable harm to justify a stay pending appeal. . ."[31] Further, the court disagrees that denying the stay would render the appeal moot. When an event occurs "while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed."[32] When, however, a court finds an entity has improperly acquired information, "a court can fashion *some* form of meaningful relief. . . by ordering the Government to return the records."[33] California's continued possession of materials after a potential ruling the information should not have been produced is a continuing injury to the taxpayer: "the affront to the taxpayer's privacy."[34] Even though an appeals court may be too late "to prevent, or to provide a fully satisfactory remedy for, the invasion of privacy . . . a court does have power to effectuate a partial remedy by ordering the [entity] to destroy or return any and all copies it may have in its possession."[35] This possible remedy is sufficient to prevent this case from being moot.[36] Therefore, denial of the stay would not render the appeal moot. The court finds this factor weighs against granting the stay.

The third factor requires the court to look at whether granting the stay will result in substantial harm to the other parties to the appeal. "In other words, the moving party must show that the balance of harms tips in favor of granting the stay."[37] California argues further delay increases the risk of harm to creditors, as assets may be disposed of and unable to be properly assessed or claimed.[38] Currently, there is no evidence before the court that any assets do exist, and

---

[30] *In re S. Indus. Banking Corp.*, 49 B.R. 760, 761 (Bankr. E.D. Tenn. 1985) (recognizing that preservation of the confidentiality of materials revealed during discovery is an important purpose of a protective order).
[31] *In re Los Angeles Dodgers LLC*, 465 B.R. 18, 36 (D. Del. 2011).
[32] *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) (citing *Mills v. Green*, 159 U.S. 651, 653 (1895)).
[33] *Id.*
[34] *Id.* at 13.
[35] *Id.*
[36] *Id.*; *See also Utah Env't Cong. v. Russell*, 518 F.3d 817, 824 (10th Cir. 2008) (explaining a partial remedy will prevent a case from becoming moot).
[37] *In re Stewart*, 604 B.R. 900, 908 (Bankr. W.D. Okla. 2019) (quoting *In re Adelphia Commc'n Corp.*, 361 B.R. 337, 349 (S.D. N.Y. 2007)).
[38] *See* ECF No. 64, pg. 12.

the Chapter 7 Trustee has deemed this to be a no asset case.[39] While California may believe the tax returns will reveal fraudulently transferred assets, mere speculation of harm is not enough.[40] Therefore, the court finds that this factor is neutral.

Finally, the court finds the impact upon the public interest weighs against granting the stay. Movants argue the public interest will be furthered by this appeal because it will clarify the public policy regarding the exposure of third-party tax returns. However, as noted earlier in Movants' own Motion, these are not the tax returns of third-party's unassociated with Debtor. At issue are the tax returns and documents supporting the combined tax return of Debtor and affiliates.[41] The public interest in bankruptcy is the expeditious administration of bankruptcy cases and the efficient administration of the bankruptcy system.[42] Further delay is contrary to public policy and therefore would not be in public interest.[43]

Taking into consideration the great deference given to the first two factors, on which the court found Movants did not meet their burden, the court finds the factors weigh against granting the stay.

IT IS THEREFORE ORDERED the Motion for Stay Pending Appeal is denied.

BY THE COURT

*Cathleen D Parker* 2/13/2026
Honorable Cathleen D. Parker
United States Bankruptcy Judge

Service to:
  Signal Hill Service, Inc.
  Stephen R. Winship
  Steven Kerns

---

[39] ECF No. 5.
[40] *See Keller N. Am., Inc. v. Berkel & Co. Contractors, Inc.*, 773 F. Supp. 3d 1248, 1262 (D. Kan. 2025) (finding tangible harm outweighed speculative harm).
[41] *See* ECF 60, pgs. 1 and 3.
[42] *See In re Ayaad*, No. 23-13723 KHT, 2025 WL 3028170, at *10 (Bankr. D. Colo. Oct. 28, 2025) (citations omitted).
[43] *In re Drs. Hosp. of Hyde Park, Inc.*, 376 B.R. 242, 249 (Bankr. N.D. Ill. 2007).