Stephen R. Winship
(Wyoming State Bar No. 5-2093)
WINSHIP & WINSHIP, P.C.
145 South Durbin Street, Suite 201
Casper, WY 82601
(307) 234-8991
steve@winshipandwinship.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: ) | |
| ) | |
| SIGNAL HILL SERVICE, INC., ) | Case No. 24-20439 |
| ) | CHAPTER 7 |
| Debtor. ) | |
| ) | |

**RESPONSE TO CREDITOR CALIFORNIA STATE LANDS COMMISSION'S OBJECTIONS TO TRUSTEE'S REPORT OF NO DISTRIBUTION AND REQUEST TO COURT TO KEEP MATTER OPEN**

**COMES NOW** the above-named Debtor, by and through its counsel, and in response to "Creditor California State Lands Commission's Objections to Trustee's Report of No Distribution and Request to Court to Keep Matter Open" ("Objection") [D.E. 70], states as follows:

1. On February 2, 2026, the Chapter 7 Trustee filed herein his "Report of No Distribution" which stated, *inter alia*, that after making, "a diligent inquiry into the financial affairs of the debtor(s) … there is no property available for distribution from the estate … that the estate of the above-named debtor(s) has been fully administered"[1].

2. The Objection is directed to the business judgment of the Chapter 7 Trustee in his determination that there are no assets to be liquidated herein. See *In re Venegas*, 623 B.R.

---

[1] A similar report was filed herein by the Chapter 7 Trustee on November 26, 2024, but was later rescinded.

**1 |** P a g e

555, 562 (9th Cir. B.A.P. 2020); *In re Carvalho*, 578 B.R. 1, 11-12 (Bankr. D.C. 2017) (business judgment doctrine applies to Chapter 7 trustee decisions as to administration of estate assets). In an attempt to circumvent the presumption in favor of the Trustee's decision herein, the Objection cites to *In re Union Home and Industrial, Inc.*, 375 B.R. 912, 916 (10th Cir. B.A.P. 2009), which is not applicable to this matter since that decision was governed largely by Fed. R. Bankr. P. 3022. That decision and that rule dealt with a Chapter 11 matter.

3. The Objection challenges the presumption under Fed. R. Bankr. P. 5009(a) that the estate is fully administered as well the Chapter 7 Trustee's business judgment because California "believes there are assets of the estate that have yet to be discovered." The Objection provides no basis much less facts for this belief. Such a belief is hardly sufficient to overcome the Rule 5009 presumption and the Trustee's business judgment. "Without any controverting evidence from the Cieciorkas, the bankruptcy court could properly presume that Trustee acted prudently and on an informed basis in deciding whether to administer the asset". *In re Leonis*, 2017 WL 2492528, at *5 (9th Cir. B.A.P. June 8, 2017). Throughout these proceedings California has indicated it suspects that there are fraudulent conveyances that can be discovered that will enable the Chapter 7 Trustee to recover. The Chapter 7 Trustee has the benefit of Debtor's tax returns, which would very likely reveal any such transfers (or unreported assets). Further, Debtor ceased its business operations more than four years prior to its bankruptcy filing. California has had more than ample opportunity to uncover any purported fraudulent conveyances through the underlying state court litigation against Debtor and several of its affiliates.

4. The Objection also refers to the pending matters in the Tenth Circuit. However, those matters become resolved or rendered moot by the closing of the estate. A Chapter 7 case is not to remain open on the off chance that further bankruptcy jurisdiction might be required. *In re Cook*, 2012 WL 5408905, at * 4 (Bankr. D. N.M. Nov. 6, 2012). See also *In re Krammer*, 2025 WL 328625, at *3 (6th Cir. Jan. 29, 2025).

**WHEREFORE** Debtor requests that the Objection be denied.

**DATED** this 23rd day of February, 2026.

                                        SINGAL HILL SERVICE, INC.

                                        By: /s/
                                             Stephen R. Winship
                                             (Wyoming State Bar No. 5-2093)
                                           WINSHIP & WINSHIP, P.C.
                                           145 S. Durbin Street, Suite 201
                                           Casper, WY 82601
                                           (307) 234-8991
                                           steve@winshipandwinship.com

## CERTIFICATE OF SERVICE

I, Stephen R. Winship hereby certify that a true and correct copy of the foregoing **Response to Creditor California State Lands Commission's Objections to Trustee's Report of No Distribution and Request to Court to Keep Matter Open** was served *electronically* upon **Jeff Boldt (jeffrey@kukerlaw.com), Steven Kerns (steven.kerns@doj.ca.gov), Randy Royal, Chapter 7 Trustee,** and **the Office of the United States Trustee**, this 23rd day of February, 2026.

                                             /s/
                                             Stephen R. Winship