John A. Coppede (#5-2485)
COAL CREEK LAW, LLC
211 W 19th Street
P.O. Box 467
Cheyenne, WY 82003-0467
Ph: (307) 634-1525
Fx: (307) 638-7335
jcoppede@coalcreeklaw.com

Bret G. Anderson (*Pro Hac Vice* Forthcoming)
banderson@fcoplaw.com
Morgan T. Lynch (*Pro Hac Vice* Forthcoming)
mlynch@fcoplaw.com
FERGUSON CASE ORR PATERSON LLP
4550 E. Thousand Oaks Blvd., Ste 250
Westlake Village, CA 91362
Phone: (805) 659-6800
Fax: (805) 659-6818

*Attorneys for Creditor*
*Gaynor Ranch LLC*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: ) | |
| ) | |
| SIGNAL HILL SERVICE, INC., ) | Case No. 24-20439 |
| ) | Chapter 7 |
| Debtor-in-Possession. ) | |

**CREDITOR GAYNOR RANCH LLC'S OBJECTIONS TO TRUSTEE'S REPORT OF NO DISTRIBUTION AND REQUEST TO COURT TO KEEP MATTER OPEN**

**COMES NOW** Creditor, Gaynor Ranch LLC ("Gaynor Ranch"), by and through its counsel, and objects to the Trustee's Report of No Distribution filed on February 2, 2026 (no Docket Entry number is associated with the report) pursuant to Federal Rule of Bankruptcy Procedure 5009 and requests that the Court keep the case open as follows:

## BACKGROUND

1. Debtor Signal Hill Service, Inc. ("Signal Hill" or "Debtor") filed its bankruptcy

petition on November 1, 2024. (Bankr. Dkt. No. 1.)

2.      Gaynor Ranch is a creditor of Signal Hill by virtue of a lawsuit filed in the Superior Court of California for the County of Ventura titled *Gaynor Ranch LLC v. Signal Hill Service, Inc.*, Case No. 56-2020-00540655-CU-BC-VTA (the "Litigation"), in which Gaynor Ranch brought claims against Signal Hill for breach of lease, indemnity, and related property and environmental contamination damages arising out of Signal Hill's operations and failure to remediate and restore the real property located at 7459 Pacific Coast Highway, Rincon, County of Ventura, California, 93001, and identified as Assessor's Parcel Number 060-0-010-130 (the "Subject Property").

3.      Gaynor Ranch served written discovery on Signal Hill, including Requests for Admission. Signal Hill responded on June 5, 2023, admitting that it breached the 2006 Lease, remained in possession of the property, that it failed to pay $97,832.18 in back rent from August 2019 to owed by February 21, 2020, that it abandoned the property in July 2020, that it failed to decommission the property, and that it failed to remove related structures, fixtures, and piping from the Subject Property.

4.      Gaynor Ranch filed a Motion for Summary Judgment in the Litigation on August 19, 2024. Rather than oppose Gaynor Ranch's Motion for Summary Judgment, Signal Hill filed a Notice of Intent to File Bankruptcy on October 28, 2024.

5.      Gaynor Ranch has diligently participated in the bankruptcy proceeding since the case was opened. On November 26, 2024, Gaynor Ranch participated in the meeting of creditors. On February 12, 2025, the California State Lands Commission (the "Commission") filed a motion to conduct an examination and subpoena documents pursuant to Federal Rule

of Bankruptcy Procedure 2004. (Bankr. Dkt. No. 8.) The Court granted the Commission's motion on February 21, 2025. (Bankr. Dkt. No. 12.) Gaynor Ranch subsequently informed the Commission that it desired to participate in the examination.

6. Signal Hill has interfered with the Commission's and Gaynor Ranch's attempt to conduct this routine examination. On April 14, 2025, Signal Hill filed a motion for reconsideration asking the Court to modify its order granting the Commission's request to take the Rule 2004 examination. (Bankr. Dkt. No. 17.) The Court denied Signal Hill's motion on July 30, 2025 and on September 26, 2025 the Court entered a protective order to protect the confidentiality of tax returns pertaining to Signal Hill's affiliates that might be disclosed during the Rule 2004 examination. (Bankr. Dkt. Nos. 33, 34, 43.)

7. On October 9, 2025, Signal Hill sought leave to appeal three orders from this Court to the United States District Court: the order granting the Rule 2004 examination (Bankr. Dkt. No. 12), the amended protective order (Bankr. Dkt. No. 43), and the order denying Signal Hill's motion for clarification regarding the Court's order on the motion for reconsideration (Bankr. Dkt. No. 44). (Bankr. Dkt. Nos. 47, 49 [notice of appeal and motion for leave to appeal].) The United States District Court denied Signal Hill's motion for leave to appeal and dismissed the appeal on November 14, 2025. (Bankr. Dkt. Nos. 53, 54.)

8. On December 15, 2025, Signal Hill filed a notice of appeal in the United States District Court seeking review by the United States Court of Appeals for the Tenth Circuit of the district court's denial of Signal Hill's motion for leave to appeal. (Bankr. Dkt. No. 58.) The appeal is still pending in the Tenth Circuit, and Signal Hill's appellant's brief and appendix are currently due March 13, 2026. (Appellate Case: 25-8081, Dkt. No. 17.)

9. On December 29, 2025, Signal Hill filed a motion to stay the Rule 2004

examination pending the Tenth Circuit appeal. (Bankr. Dkt. No. 60.) The Commission filed an opposition to the motion on January 5, 2026. (Bankr. Dkt. No. 64.) The Court heard the motion on January 7, 2026, and took the matter under advisement. (Bankr. Dkt. No. 66.) On February 13, 2026, the Court entered its order denying the Debtor's motion to stay pending appeal. (Bankr. Dkt. No. 71).

10. On February 6, 2026, the Tenth Circuit extended Signal Hill's and its affiliates' time to file their brief until March 13, 2026. (Appellate Case: 25-8081, Dkt. No. 17.) On February 2, 2026, the Trustee filed a Report of No Distribution ("Report") pursuant to Federal Rule of Bankruptcy Procedure 5009, informing the Court that the "estate has been fully administered" and requesting to be discharged from any further duties as trustee. There is no docket number associated with the Report.

11. On February 6, 2026, the Commission filed an objection to the Report, and Signal Hill responded on February 23, 2026. (Bankr. Dkt. Nos. 70, 74.)

## LEGAL STANDARDS

12. The estate in a Chapter 7, 12, or 13 case is presumed to have been fully administered when the trustee has filed a final report and final account and has certified that the estate has been fully administered and, within 30 days after the filing, no objection to the report has been filed by the United States trustee or a party in interest. Fed. R. Bankr. P. 5009(a).

13. It is the Trustee's duty to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1).

14. A bankruptcy case may not be closed unless (1) the estate is fully administrated

4

and (2) the Court discharges the trustee. 11 U.S.C. § 350(a).

15. Neither the U.S. Code nor Federal Rules of Bankruptcy Procedure define "fully administered." *In re Union Home & Indus., Inc.*, 375 B.R. 912, 916 (B.A.P. 10th Cir. 2007). The determination of whether an estate has been fully administered is within the bankruptcy court's discretion. *In re Shotkoski*, 420 B.R. 479, 483 (B.A.P. 8th Cir. 2009). "[D]etermining when a case is 'fully administered' is a decision for the bankruptcy court based on consideration of numerous case-specific, procedural, and practical factors." *In re Union Home & Indus., Inc.*, 375 B.R. 912, 917 (B.A.P. 10th Cir. 2007).

16. Under Federal Rule of Bankruptcy Procedure 5009, a presumption that the estate has been fully administered where (1) the trustee has filed a final report and final account and has certified that the estate has been fully administered and (2) neither the United States trustee nor a party in interest files an objection.

## OBJECTIONS AND BASIS FOR REQUEST TO KEEP CASE OPEN

17. Gaynor Ranch respectfully objects to the Trustee's Report and requests that the Court keep the matter open so that creditors can continue to pursue their right to conduct the Rule 2004 examinations.

18. As an initial matter, no presumption arises under Federal Rule of Bankruptcy Procedure 5009 that the estate has been fully administered, given that (1) the Commission filed a timely objection to the Report and (2) Gaynor Ranch files this timely objection. And, as set forth below, regardless of any presumption, the estate has not yet been fully administered.

19. Gaynor Ranch believes there are assets of the estate that have yet to be discovered. For instance, a reasonable suspicion and concern exists that Signal Hill transferred

5

assets to one of its many affiliated companies to avoid paying the Commission, Gaynor Ranch, and potentially other creditors. Signal Hill's vehement opposition to routine inquiries concerning its tax returns indicates a concerted attempt to hinder and delay a full investigation into its financial affairs. It stands to reason that an ostensibly financially-distressed entity, such as Signal Hill, would not be expending vital resources on multiple appeals and litigation over basic financial information if it had nothing to hide from the estate and its creditors. It is therefore essential that creditors be permitted to conduct Rule 2004 examinations. The Commission's request to take the Rule 2004 examination was granted nearly a year ago and Signal Hill has obstructed all discovery efforts ever since. It would be manifestly unfair to creditors for the case to be closed before creditors have had an opportunity to complete the authorized Rule 2004 examinations. Doing so would reward Signal Hill for its interference with the orderly administration of this bankruptcy case.

20.     Gaynor Ranch objects to the Trustee's Report and requests that the Court keep the case open on the ground that the case has not been fully administered. *In re Union Home & Indus., Inc.*, 375 B.R. 912, 916-17 (B.A.P. 10th Cir. 2007). Creditors have not been able to complete Rule 2004 examinations, which could yield information that leads to the discovery of assets. It is not apparent from the Report that a diligent inquiry into the financial affairs of the debtor has been conducted, or what evidence underlies the Trustee's determination that there are no assets. There are no details in the Report that show what steps the Trustee took to investigate the estate or to determine whether Signal Hill has any assets that could be distributed to creditors. At the time the Report was filed, the Rule 2004 examination had not yet been completed, and at present none of the subpoenaed documents have been produced. Accordingly, the Trustee has not had the benefit of the information that will be gained through

the Rule 2004 examination, which will give insight into Signal Hill's financial affairs and bear on the administration of the bankruptcy estate. *See Mele v. First Colony Life Ins., Co.*, 127 B.R. 82, 86 (D.D.C. 1991) (failure to make minimal inquiries into a potential source of assets does not "comport with a trustee's duty to 'investigate the financial affairs of the debtor' as required by 11 U.S.C. § 704(4) in a manner that would enable the trustee to reasonably fulfill his fiduciary duty to 'maximize the value of the estate.'").

21. Gaynor Ranch further objects to the Report and requests that the Court keep the case open on the ground that there are multiple pending matters before this Court and the Tenth Circuit Court of Appeals that have not yet been resolved, all stemming from efforts to conduct the already-authorized Rule 2004 examination. One of the factors to be considered when determining whether the estate has been fully administered is whether all motions, contested matters, and adversary proceedings have been finally resolved. *In re Union Home & Indus., Inc.*, 375 B.R. 912, 916 (B.A.P. 10th Cir. 2007). Here, there are multiple matters that are still pending. In light of the Court's recent order denying the Debtor's motion to stay pending appeal, Creditors now will be able to schedule and proceed with the Rule 2004 examination. Additionally, the Tenth Circuit appeal has not yet been briefed. It would be unfair and prejudicial to Gaynor Ranch and all creditors to close the bankruptcy before they have been allowed to proceed with a routine Rule 2004 examination, which will be instructive for the ongoing pending matters before the courts. *In re Potter*, No. 19-30087, 2020 WL 6928782, at *18 (Bankr. S.D. Ill. Oct. 30, 2020) (case should not be closed while the process of scheduling and taking 2004 examinations is underway).

///

///

## CONCLUSION

For the reasons articulated above, Gaynor Ranch objects to the Trustee's Report and respectfully requests that the Court leave the case open.

Respectfully submitted this 4th day of March 2026.

Gaynor Ranch LLC,
Creditor

By:     */s/ John A. Coppede*
      John A. Coppede (5-2485)
      COAL CREEK LAW, LLP
      211 W 19th Street
      P.O. Box 467
      Cheyenne, WY 82003
      Ph: 307-634-1525
      Fx: 307-638-7355
      jcoppede@coalcreeklaw.com

## CERTIFICATE OF MAILING

I hereby certify that on the 4th day of March 2026, a true and correct copy of the foregoing CREDITOR GAYNOR RANCH LLC'S OBJECTIONS TO TRUSTEE'S REPORT OF NO DISTRIBUTION AND REQUEST TO COURT TO KEEP MATTER OPEN was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties registered for electronic filing via the CM/ECF system.

By:     */s/ John A. Coppede*
      John A. Coppede (5-2485)
      COAL CREEK LAW, LLC