Jeffrey M. Boldt, #7-4730
OVERSTREET HOMAR & KUKER
2922 Central Avenue
Cheyenne, Wyoming 82001
307.274-4444 telephone
307.274-4443 facsimile
jeffrey@kukerlaw.com

Jessica Tucker-Mohl, *pro hac vice*
Steven Kerns, *pro hac vice*
Isabella Panicucci, *pro hac vice*
California Attorney General's Office
300 S. Spring Street, Suite 1702
Los Angeles, CA 90012-1230
Telephone: (213) 269-6226
Steven.Kerns@doj.ca.gov

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SIGNAL HILL SERVICE, INC., | ) | Case No. 24-20439 |
| | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |

**CREDITOR CALIFORNIA STATE LANDS COMMISSION'S OPPOSITION TO
MOTION FOR CLARIFICATION REGARDING COMPLIANCE WITH
SUBPOENA AND OBJECTIONS TO DOCUMENT REQUESTS**

**COMES NOW** Creditor, California State Lands Commission ("Commission"), by and through its counsel, opposes Alex Schurawel's Motion for Clarification Regarding Compliance with Subpoena and Objections to Document Requests. Bankr. ECF No. 77. The Commission also requests that the Court deny Mr. Schurawel's motion and order him to produce all responsive documents, as required by the Court's February 21, 2025 Order Granting Creditor's Motion for Rule 2004 Request for Production of Documents and Deposition of Third-Party Witness Alex Schurawel (Bankr. ECF No. 12), no later than seven (7) days after the Court enters a ruling on this motion, and to attend his Rule 2004 examination no later than thirty (30) days

after the Court enters a ruling on this motion.

## INTRODUCTION

1.      Despite being presented as a motion for clarity, Alex Schurawel's motion is an untimely attempt to modify the year-old February 26, 2025 subpoena concerning the California State Lands Commission's (the "Commission") Rule 2004 examination. Bankr. ECF No. 14. Mr. Schurawel brings his motion under Federal Rule of Civil Procedure, Rule 45(d)(3)(A), which has no relation to motions for clarity. Fed. R. Civ. P. 45(d)(3)(A); see also Bankr. ECF No. 77, at 1 (citing Rule 45 as the authority for the instant motion). Instead, Rule 45 governs motions to quash or modify a subpoena. And it requires that such motions be timely filed. Mr. Schurawel failed to meet that requirement. This failure is fatal.

2.      Federal Rule of Civil Procedure 45 establishes that the recipient of a subpoena, like Mr. Schurawel, must *timely* file a motion to quash or modify a subpoena. Fed. R. Civ. P. 45(d)(3)(A); see also Fed. R. Bankr. P. 9015 (applying Federal Rule of Civil Procedure 45 to the bankruptcy context). Mr. Schurawel failed to do so. While Rule 45 never establishes exactly when a motion becomes untimely, courts have applied a 14-day standard. See *In re Parikh*, 397 B.R. 518, 525 (Bankr. E.D.N.Y. 2008). Mr. Schurawel first received notice of the subpoena on February 26, 2025, and his request to modify the subpoena came over a *year* later and without any prior objections. Declaration of Steven W. Kerns ("Kerns Decl.") ¶ 5, Exh. D (email providing notice to Mr. Schurawel).

3.      Even following the line of cases that holds that a motion to modify a subpoena is timely if brought before the date set for compliance, Mr. Schurawel's motion is still untimely. This is because his motion was filed well after the last date the Commission proposed for

2

document production and examination, February 20 and 27, 2026, respectively. Declaration of Isabella A. Panicucci ("Panicucci Decl."), ¶ 4, Exh. K. The subpoena has not been complied with in over a year, in part, because Commission has gone above and beyond to accommodate Mr. Schurawel's and his counsel's schedules, granting multiple extensions of the date for compliance. Panicucci Decl., ¶¶ 2-4, Exhs. I-K. Mr. Schurawel should be prohibited from causing further delay with this untimely attempt to modify the subpoena.

4.      Beyond being untimely, Mr. Schurawel's arguments concerning the subpoena's merits also fail because they echo the same unsuccessful privilege arguments that the debtor, Signal Hill Services Inc. ("Signal Hill") raised, and should be rejected for the same reasons. Compare Bankr. ECF No. 17 (Signal Hill's motion raising 26 U.S.C. § 7216 and 11 U.S.C. § 548 concerns) with ECF No. 77 (Mr. Schurawel's motion arguing the same).

5.      Mr. Schurawel's request for clarity further lacks merit because it seeks unnecessary relief. In short, Mr. Schurawel wants to know if the Rule 2004 examination can proceed while the Court determines if the trustee's report of no distribution terminates this bankruptcy, as Signal Hill contends. Contrary to Mr. Schurawel's contention, there is no open question here because this Court has never made any indication that it is withdrawing or modifying its February 21, 2025 order granting the Commission's Rule 2004 examination, or the February 26, 2025 subpoena that was signed and issued by the Clerk of the Court. Bankr. ECF No. 12. If anything, the Court confirmed the opposite when denying Signal Hill's request for a stay. Bankr. ECF No. 71. Moreover, Mr. Schurawel provides no authority to indicate that the Trustee's report produces such a result. That is because case law holds differently: "Easily dismissed should be any notion that the filing by the Trustee of the No Asset Report in the [debtor's] case had any legal effect." See *In re Furlong*, 437 B.R. 712, 718 (Bankr.D.Mass. 2010); see also, e.g., *In re*

*Harvey*, WL 3046507 *1, *3–4 (Bankr. N.D. Okla., 2007) (Rule 2004 exam conducted after a trustee entered a report of no distribution). Indeed, "[t]he filing of a No Asset Report by a Chapter 7 trustee has no independent legal significance and does not affect the rights of parties in interest." *Id*. Given this, the Court's last order on this still governs and the examination must proceed.

6.     Lastly, Mr. Schurawel asserts that complying with his year-old subpoena obligations would be unduly burdensome, but this argument fails for at least three reasons. First, Mr. Schurawel provides only conclusory—and therefore inadequate—assertions that he would be burdened by the subpoena. Cf. *In re Subpoena Duces Tecum*, 461 B.R. 823, 831 (Bankr. C.D. Cal. 2011) (conclusory assertions are inadequate). Second, Mr. Schurawel's conclusory assertions are an abrupt pivot from him previously stating that he would only need five to nine weeks to review and produce every document that he has. Kerns Decl. ¶¶ 7, 8, Exhs. F, G (emails with Mr. Schurawel). Third, Mr. Schurawel received notice of his examination over a year ago, so he has had ample time to prepare to produce documents thus reducing any burden to that of minimal compliance. *Id*., ¶ 5, Exh. D (notice email). Mr. Schruawel has had ample time to review and comply with the subpoena. Thus, complying with the subpoena would impose minimal burden on him, so his argument fails.

7.     For these reasons, the Commission requests that the Court deny Mr. Schurawel's motion, in its entirety, and order him to comply with his Rule 2004 subpoena obligations.

## BACKGROUND

8.     The Commission is a creditor of Signal Hill because of a stipulated $299,445.74 judgment that was entered on March 15, 2024, in the Superior Court of California for the County of Santa Barbara against Signal Hill, and in favor of the Commission, in *California State Lands*

*Commission v. Signal Hill Service, Inc., et al.* (Case No. 19CV04295). The Commission is also a creditor of Signal Hill because of a $11,583.85 court-awarded post-judgment costs that was entered on June 11, 2024 in the aforementioned case.

9.      Debtor Signal Hill filed its bankruptcy petition on November 1, 2024. Bankr. ECF No. 1. On Signal Hill's Official Form 207, part 26, Signal Hill declared, under penalty of perjury, that Alex Schurawel was the sole "accountant[] and bookkeeper[] who maintained the debtor's books and records within 2 years before filing this case" and had been doing so from 1991 until 2024. *Id*. Mr. Schurawel now disputes this assertion. Bankr. ECF No. 77 at 11. (Mr. Schurawel "is not [Signal Hill's] bookkeeper or accountant.")

10.     The Commission has diligently participated in this bankruptcy proceeding since the case started. On February 12, 2025, the Commission filed a motion to conduct an examination of Mr. Schurawel and subpoena documents in his possession pursuant to Federal Rule of Bankruptcy Procedure 2004. Bankr. ECF No. 8. The Court granted the Commission's motion on February 21, 2025. Bankr. ECF No. 12. Mr. Schurawel was personally served with the subpoena on March 20, 2025. Bankr. ECF No. 16. He never objected to the scope of subpoena or that it was unduly burdensome.

11.     Despite a year passing, the Rule 2004 examination and the attendant production of documents has still yet to occur. This is because the debtor, Signal Hill, has interfered with the Commission's attempt to conduct this routine examination. On April 14, 2025, Signal Hill filed a motion for reconsideration asking the Court to modify its order granting the Commission's request to take the Rule 2004 examination. Bankr. ECF No. 17. The Court denied Signal Hill's motion on July 30, 2025, and, on September 26, 2025, the Court entered a protective order to protect the confidentiality of tax returns pertaining to Signal Hill's affiliates that might be

5

disclosed during the Rule 2004 examination. Bankr. ECF Nos. 33, 34, 43.

12.    On October 9, 2025, Signal Hill sought leave to appeal this Court's three orders related to the Rule 2004 subpoena to the United States District Court. Bankr. ECF Nos. 47, 49 (notice of appeal and motion for leave to appeal). The United States District Court denied Signal Hill's motion for leave to appeal and dismissed the appeal on November 14, 2025. Bankr. ECF Nos. 53, 54.

13.    On December 15, 2025, Signal Hill filed a notice of appeal in the United States District Court seeking review by the United States Court of Appeals for the Tenth Circuit of the district court's denial of Signal Hill's motion for leave to appeal. Bankr. ECF No. 58. The appeal is still pending in the Tenth Circuit, and Signal Hill's appellant's brief and appendix are currently due April 13, 2026. Appellate Case: 25-8081, ECF No. 18.

14.    Around December 15, 2025, the Commission learned that Mr. Schurawel had retained counsel to represent him in his capacity as a third-party witness subject to the Commission's subpoena. Kerns Decl., ¶ 9, Exh. H. Before Mr. Schurawel retained counsel, he and the Commission's counsel agreed that he would produce documents on December 29, 2025, and sit for the examination on January 20, 2026. Kerns Decl., ¶ 8, Exh. G. On December 17, 2025, Mr. Schurawel's counsel requested an extension of Mr. Schurawel's deadline to respond to the subpoena from December 29, 2025, the date Mr. Schurawel and the Commission had previously agreed to as the date for compliance. Panicucci Decl., ¶ 2, Exh. I. The Commission agreed to extend the deadline to produce documents to January 9, 2026, and counsel agreed that the examination could proceed on January 23, 2026 pending client availability. *Id.*

15.    On December 29, 2025, Signal Hill filed a motion to stay the Rule 2004 examination pending the Tenth Circuit appeal. Bankr. ECF No. 60. The Commission filed an opposition to

the motion on January 5, 2026. Bankr. ECF No. 64. The Court heard the motion on January 7, 2026, and took the matter under advisement. Bankr. ECF No. 66. The Court then denied that stay, allowing the Rule 2004 examination to proceed. Bankr. ECF No. 71.

16.     On December 30, 2025, after Signal Hill filed its motion to stay the Rule 2004 examination, Mr. Schurawel's counsel requested an additional extension of time to respond to the subpoena and the examination date, citing Mr. Schurawel's health issues and his counsel's family obligations, and Signal Hill's motion for a stay pending appeal. Panicucci Decl., ¶ 3, Exh. J. On January 5, 2026, the Commission granted the request for an extension, allowing Mr. Schurawel to produce documents on February 13, 2026 and to sit for the examination on February 27, 2026. *Id.* The Commission's counsel made clear this would be the last extension the Commission would grant absent a court order that the examination and production of documents could not proceed in February. *Id.*

17.     On December 31, 2025, the Tenth Circuit Mediation Office scheduled a mediation conference pursuant to Rule 33.1, Rules of the Tenth Circuit. Appellate Case: 25-8081, ECF No. 6-1. Signal Hill and the Commission participated in a conference facilitated by the Tenth Circuit Mediation Office on January 14, 2026. Bankr. ECF No. 67 (status report filed by Signal Hill). After the January 14, 2026 conference, which lasted approximately two hours, the mediation was continued to February 10, 2026. *Id.*

18.     On February 2, 2026, before the continued mediation could proceed, the Trustee filed a Report of No Distribution ("Report") pursuant to Federal Rule of Bankruptcy Procedure 5009, informing the Court that the "estate has been fully administered" and requesting to be discharged from any further duties as trustee. There is no docket number associated with the Report.

19.   The Commission objected to the Report on February 6, 2026. Bankr. ECF No. 70. Signal Hill filed an opposition to the Commission's objection on February 23, 2026. ECF No. 74. There, Signal Hill asserted that its appeal before the Tenth Circuit and other matters pending before the Tenth Circuit "become resolved or rendered moot by the closing of the estate." *Id*., ¶ 4. Another creditor, Gaynor Ranch LLC, also objected to the Report on March 4, 2026. Bankr. ECF No. 76.

20.   On February 13, 2026, upon receiving the Court's ruling denying Signal Hill's motion for a stay pending appeal (ECF No. 71), counsel for the Commission promptly contacted Mr. Schurawel's counsel to schedule dates for production of documents and the Rule 2004 examination. Panicucci Decl., ¶ 4, Exh. K. The Commission proposed February 20, 2026 for document production, and February 27, 2026 for the examination. *Id.* Mr. Schurawel's counsel refused to commit to dates for production and examination on the basis that it was unclear from the Court's docket whether the examination should proceed in light of the Trustee's February 2, 2026 Report. *Id.*, ¶ 5, Exh. L. Instead of agreeing to dates in compliance with the subpoena, Mr. Schurawel filed the instant motion on March 4, 2026. (ECF No. 77).

### LEGAL STANDARD

21.   Mr. Schurawel never identifies any authority or legal standard for his motion for clarity. Instead, he relies on Federal Rule of Civil Procedure, Rule 45(d)(3)(A), which governs motions to quash or modify subpoenas, and the Court's general authority under 11 U.S.C. § 105, subdivision (a). The Court should therefore apply the standards applicable to a motion to quash or modify a subpoena.

22.   Rule 45(d)(3)(A) enables parties to bring "timely motion[s]" requesting that "the court… quash or modify a subpoena." Fed. R. Civ. P. 45(d)(3)(A). The Rule *mandates* quashing

or modifying a subpoena in four circumstances. Only two are relevant here: (1) the subpoena requires disclosing privileged or otherwise protected materials, and (2) the subpoena causes undue burden. Fed. R. Civ. P. 45; see also *In re Capuccio*, 558 B.R. 930, 934 (W.D. Okla. 2016). "The party ... moving to quash a subpoena has the burden to demonstrate good cause and/or privilege to be protected." *Morales v. E.D. Etnyre & Co.*, 228 F.R.D. 694, 696 (D.N.M.2005). "A nonparty who seeks to quash or modify a subpoena 'in essence, is the same as moving for a protective order that such discovery not be allowed.'" *Huntair, Inc. v. Climatecraft, Inc.*, 254 F.R.D. 677, 679 (N.D. Okla. 2008).

## ARGUMENT

23.    Because Mr. Schurawel's motion relies on Rule 45(d)(3)(A), Mr. Schurawel is asserting that the Court "*must* quash or modify" the February 26, 2025, subpoena because it would compel the disclosure of privileged materials and cause Mr. Schurawel undue burden. Fed. R. Civ. P. 45(d)(3)(A), emphasis added. But in ruling on Signal Hill's April 2025 motion for reconsideration, this Court held that there is no risk of privileged materials being wrongfully produced, and even issued a protective order to mitigate whatever risk could exist. Bankr. ECF No. 43. Thus, nothing mandates that this Court quash or modify the subpoena. Likewise, Mr. Schurawel fails to specify any undue burden that compels the Court to quash or modify the subpoena, especially when Mr. Schurawel's conclusory assertions about burden are belied by the history of this case. Both reasons warrant the Court denying Mr. Schurawel's motion.

## I. Mr. Schurawel's Motion is Untimely

24.    As a threshold matter, the Court should deny Mr. Schurawel's motion because it is untimely. Mr. Schurawel's brings his motion under Federal Rule of Procedure 45(d)(3)(A). Bankr. EFC No. 77, at 1. That Rule requires that his motion be brought in a "timely" manner.

9

Fed. R. Civ. P. 45(d)(3)(A); see also Fed. R. Bankr. P. 7026 (applying Federal Rule of Civil

Procedure 45 to bankruptcy matters). Courts have "recognized a strict construction of the

timeliness requirement in Rule 45 based on the plain language of the rule." *Chevron Corp. v.

Stratus Consulting, Inc.*, 2010 WL 2135217 *1, 4 (D. Colo., 2010). Indeed, Courts have denied

Rule 45 motions that were untimely because "[t]he word 'must' in the rule plainly reflects that

any written objections to a subpoena are required to be filed within the time specified for

compliance or within fourteen days after service, *whichever is earlier*." *United States v. Davison*,

2009 WL 189957 *1, 2 (D.Colo. 2009), emphasis added. Mr. Schurawel failed to satisfy the

timeliness requirement because he waited nearly a *year* to bring his motion.

25.     Mr. Schurawel received notice of the subpoena on February 26, 2025. Kerns Decl., ¶

5, Exh. D. He was personally served with the subpoena on March 20, 2025. ECF No. 13. He

filed his motion nearly a year later on March 4, 2026. While Rule 45 never establishes exactly

when a motion becomes untimely, courts have typically applied a 14-day standard when it comes

to the production of documents—which is the primary focus of Mr. Schurawel's motion. See *In

re Parikh*, 397 B.R. 518 (Bankr. E.D.N.Y. 2008). So, even if the 14-day standard were

inapplicable here, filing at motion *a year later* cannot be timely under even the most forgiving of

standards. Thus, Mr. Schurawel failed to comply with Federal Rule of Civil Procedure

45(d)(3)(A).[1]

---

[1] Some courts hold that a motion to quash or modify a subpoena is timely if it is brought before the date for compliance. *In re Ecam Publications, Inc.*, 131 B.R. 556, 558 n.1 (Bankr. S.D.N.Y. 1991). Even under this standard, Mr. Schurawel's motion is untimely. The Commission granted several requests by Mr. Schurawel's counsel to extend the time for compliance with the subpoena. The Commission made clear that the extension it granted until mid-February would be the last extension it would agree to. When the Court denied Signal Hill's motion for a stay and the Commission reached out to Mr. Schurawel's counsel to comply with the subpoena in the month of February 2026, Mr. Schurawel refused to schedule dates for the examination and production of documents and instead filed this motion. As such, the date set for compliance passed before the instant motion was filed.

26.     This is true even if Mr. Schurawel argues that he was unrepresented for most of last year. Mr. Schurawel first retained counsel on December 15, 2025, presumably solely for the purpose of opposing the Rule 2004 examination. Kerns Decl., ¶ 9, Exh. H (email introduction by Mr. Schurawel's counsel). But his counsel waited nearly three months to bring this motion. Bankr. ECF No. 77. Thus, even if Mr. Schurawel argues that clock first runs when he retained counsel, his motion would still be untimely. While delaying retaining counsel might reasonably cure *some* delay, it cannot cure waiting *a year* to file a motion to quash or modify a subpoena, especially when counsel waited three months to file that motion. To hold otherwise would render the Rule 45's timeliness standard meaningless. See *United States v. Davison*, 2009 WL 189957 at * 2 (D.Colo. 2009). The standard exists for good reason. The Commission is entitled to rely on the Court's orders without the risk of being prejudiced by dormant parties bringing motions to challenge an order over a year after the Court issued it.

27.     Moreover, Mr. Schurawel's failure is further compounded by two major flaws. First, he *never objected* to any of the document requests in the subpoena. In fact, Mr. Schurawel has repeatedly stated his willingness to cooperate with Commission counsel, with the only request being the allowance additional review time to facilitate getting through a busy tax season. See Kerns Decl., ¶ 7, Exh. F (summarizing April 8, 2025 call). While Rule 45 does not strictly require objections to be filed as a prerequisite to filing a motion to modify or quash a subpoena, failing to timely object to a subpoena generally waives all grounds for objection. *In re DG Acquisition Corp.*, 151 F3d 75, 81 (2nd Cir. 1998). Further, failing to object before filing an untimely motion a year later is litigation by surprise, prejudicial to the Commission, and therefore improper. Second, Mr. Schurawel's motion relies on meritless privilege concerns that this Court has already ruled on. See Bankr. ECF No. 77 at 6–7.

**II.      The Court Has Already Rejected the Arguments Mr. Schurawel Raises About**

**Privilege and His Claims of Potential Liability Lack Merit**

28.      Mr. Schurawel's motion claims to seek clarity on whether he should comply with his subpoena obligation. *Id*. at 4–6. Mr. Schurawel argues that if he produces the documents that he was ordered to, he may violate 26 U.S.C. § 7216 and 26 U.S.C. § 6713, and thus risk criminal and civil liability. *Id*. at 7. Not so. His argument fails for at least three reasons.

29.      First, Signal Hill already unsuccessfully argued that the subpoena would wrongfully compel the production of privileged documents. Bankr. ECF No. 17 (Signal Hill's motion raising 26 U.S.C. § 7216 arguments). The Court considered and rejected that argument before issuing the subpoena and then, a protective order to further mitigate any risk. Bankr. ECF Nos. 33, 43. In doing so, the Court resolved the arguments that Mr. Schurawel raises about the lack of Signal Hill, and related entities' consent, as that lack of consent drove Signal Hill to unsuccessfully litigate the issue.[2] *Id*. at 5. In short, if Signal Hill and its related entities had consented, this issue would never have arisen, so pointing to their lack of consent now is asking the Court to turn a blind eye to its past orders. Thus, Mr. Schurawel will not violate 26 U.S.C. § 7216 or 26 U.S.C. § 6713 by complying with the subpoena.

30.      Second, if Mr. Schurawel wanted to be heard on any of those issues, he had ample opportunity at that time, but he chose silence; raising this issue now is untimely and prejudicial.

31.      Third, Mr. Schurawel's motion cites the very statutes that provide him with the clarity that he asks this Court to provide him with. Indeed, Mr. Schurawel's motion correctly observes that "Paragraph (b) of [26 U.S.C. § 7216] provides an exception if such disclosure [of

---

[2] Mr. Schurawel also raises "due process issues" concerning non-debtors, but Mr. Schurawel lacks standing to bring claims on their behalf. Bankr. ECF No. 77, at 12. Moreover, Signal Hill already litigated that issue on behalf of those non-debtors and lost. See Bankr. ECF No. 33.

privileged material] is made pursuant to an order of a court." Bankr. ECF No. 77, at 5; see also

26 U.S.C. § 7216(b)(1)(B) (accountants may disclose tax information "pursuant to an order of a

court."). That exception applies here because Mr. Schurawel is subject to a court-ordered

subpoena. ECF No. 14. Mr. Schurawel never disputes this, nor can he. Likewise, Mr. Schurawel

correctly observes that an identical exception applies for 26 U.S.C. § 6713: "Similarly, 26 U.S.C.

§ 6713 imposes civil penalties for unauthorized disclosures but also contains an exception for

disclosure made pursuant to court order." Bankr. ECF No. 77, at 5. Given these exceptions, the

concerns expressed in Mr. Schurawel's motion are meritless.

32. The Court should deny Mr. Schurawel's motion because he has the clarity he

seeks—he can comply with his subpoena obligations without risking liability under 26 U.S.C. §

7216 and 26 U.S.C. § 6713 because, as his motion explains, he meets the exceptions for court

orders.[3] Bankr. ECF No. 77, at 5. No further explanation is required.

**III.    The Trustee's No Asset Report Lacks Legal Significance That Requires the**
**Court to Provide Further Clarification**

33. Contrary to Mr. Schurawel's uncited contention, the Trustee filing a No Asset Report

does not prevent Mr. Schurawel from complying with his subpoena obligations. Bankr. ECF No.

77, at 5. Case law explains why: "Easily dismissed should be any notion that the filing by the

Trustee of the No Asset Report in the [debtor's] case had any legal effect." See *In re Furlong*,

437 B.R. 712, 718 (Bankr.D.Mass. 2010); see also e.g., *In re Harvey*, WL 3046507 *1, *3–4

(Bankr. N.D. Okla., 2007) (Rule 2004 exam conducted after a trustee entered a report of no

distribution). This is because "[t]he filing of a No Asset Report by a Chapter 7 trustee has no

---

[3] Mr. Schurawel also cites Cal. Bus. & Prof. Code § 22252.1(a)(1) and 061-6 Wyo. Code
R. §§ 6-4 to assert the same argument, but both states have the same exception for court orders.
Bankr. ECF No. 77, at 5.

independent legal significance and does not affect the rights of parties in interest." *Id.*

34.     Thus, because the Trustee's Report lacks any legal effect, nothing has materially changed since the meeting of the creditors, and because the Court has never withdrawn its February 21, 2025, order granting the subpoena, this Court's last word stands: the examination must proceed. Bankr. ECF No. 14. For these reasons, the Commission requests that the Court deny Mr. Schurawel's motion, in its entirety, and order Mr. Schurawel to comply with the Rule 2004 subpoena.[4]

**IV.     Mr. Schurawel Is Not Unduly Burdened by His Year-Old Subpoena Obligations**

35.     The primary basis of Mr. Schurawel's request that the Court modify the document requests in the subpoena is that complying with his year-old subpoena obligations would be unduly burdensome. See Bankr. ECF No. 77, at 6–13. But Mr. Schurawel fails to show any undue burden for at least three reasons. First, Mr. Schurawel provides only conclusory statements that he would be unduly burdened by the subpoena. See *id.*; cf. *In re Subpoena Duces Tecum*, 461 B.R. 823, 831 (Bankr. C.D. Cal. 2011) (conclusory statements are inadequate). Mr. Schurawel identifies no specific harms that result from any undue burden. Nor can he. Second, Mr. Schurawel has had over a year to prepare his response to the subpoena and has stated he has collected all the documents he has that are responsive to the Commission's requests. Kerns Decl., ¶¶ 5, 10, Exh. D. Reviewing and producing these documents is not an undue burden, it is minimal compliance with a routine bankruptcy procedure. Third, Mr. Schurawel's conclusory statements mark a sudden pivot from him previously communicating that he would need five to nine weeks to review and produce every document that he has, because he had already collected

---

[4] Gaynor Ranch, LLC, another creditor has also objected to the Trustee's Report. Bankr. ECF No. 76. And, as a creditor, has the same rights and interests in Mr. Schurawel's examination as the Commission.

them in preparation for his examination. Compare Bankr. ECF No. 77, at 6–13 with Kerns Decl.,

¶¶ 7, 8, 10, Exh. F, G (emails with Mr. Schurawel).

36.     Moreover, Mr. Schurawel's argument that it would be unduly burdensome for him to produce documents that Signal Hill has allegedly already produced, requires trusting the integrity of Signal Hill's claims. The purpose of a Subpoena is to allow parties to obtain relevant documents from the custodian tasked to keep documents in its most complete, untampered form—regardless of whatever trust has or has not been sown among parties. Mr. Schurawel is not a party to the claim—rather, his role is to comply with the court-approved subpoena regardless of his personal opinion on Signal Hill's veracity or ability to maintain documents. Trust in another entity's abilities does not relieve Mr. Schurawel of his duties to comply with a court order.

37.     Additionally, Mr. Schurawel argues that this trust is earned despite there being facial inaccuracies on Signal Hill's bankruptcy forms that even Mr. Schurawel's motion recognizes. Indeed, Mr. Schurawel points to Signal Hill's assertions to argue that complying with his subpoena obligations is redundant and therefore unduly burdensome. The trustworthiness of Signal Hill's claims cannot survive scrutiny for many reasons.

38.     First, Mr. Schurawel asserts that Signal Hill owes the Commission "$211,030.00." Bankr. ECF No. 77, at 2. But this sum is inaccurate. Kerns Decl., ¶ 4, Exh. C (stipulated judgment for $299,445.74 and Court awarded post judgement costs of $11,583.85).

39.     Second, in its Official Form 207, part 26, Signal Hill declares, under penalty of perjury, that Alex Schurawel was the *sole* "accountant[] and bookkeeper[] who maintained the debtor's books and records within 2 years before filing this case" and had been doing so between 1991 and 2024. Bankr. ECF No. 1. Mr. Schurawel now disputes this assertion, despite never

disputing it previously when corresponding with counsel for the Commission. Bankr. ECF No. 77 at 11 (Mr. Schurawel "is not [Signal Hill's] bookkeeper or accountant"); see Kerns Decl., ¶¶ 5, 8 Exhs. D, G (emails between Mr. Schurawel and counsel for the Commission.)

40.    Moreover, on April 10, 2025, Signal Hill's counsel contradicted Signal Hill's Form 207 statements by arguing that "[t]he books and records for Signal Hill were maintained in-house." Compare Bankr. ECF No. 1 with Kerns Decl., ¶ 6, Exh. E (quoting email from Signal Hill counsel). And previously, on March 7, 2022, Signal Hill's Chief Executive Officer, Richard L. Carone, testified that Scott Lee and Mark Stratton prepared Signal Hill's taxes without ever mentioning Mr. Schurawel. Kerns Decl., at ¶ 2, Exh. A. Nor does Signal Hill include Messrs. Lee or Stratton on their Official Form 201. ECF No. 1. This all underscores why compliance with the subpoena is essential: Signal Hill's story is consistently inconsistent—even Mr. Schurawel disputes essential elements of it in his motion. Bankr. ECF No. 77 at 11 (Mr. Schurawel "is not [Signal Hill's] bookkeeper or accountant").

41.    Third, before Signal Hill presented inconsistent information on its Form 207, it had previously destroyed all evidence concerning its financial records; an act it was sanctioned for by the Superior Court of California. Kerns Decl., ¶ 3, Exh. B (Ruling on Motion for Sanctions for Spoliation of Evidence in state court proceeding). Thus, all the evidence in this case undermines Mr. Schurawel's argument that "[t]here is nothing the non-debtors' records could inform the Trustee about prepetition transfers by the Debtor that the Debtor's records would not[.]" Bankr. ECF No. 77, at 9. To the contrary, there is every reason to doubt that the Debtor produced any reliable records because those records were *destroyed*. Kerns Decl., ¶ 3, Exh. B. There is equally little reason to trust any records that were produced because Signal Hill's declarations are inaccurate *and* disputed by Mr. Schurawel, despite being made under penalty of perjury. All

these reasons warrant the Commission's skepticism and support the Court's decision to grant the Rule 2004 examination.

42.     Putting aside that the Court already resolved all the arguments that Mr. Schurawel raised concerning the scope of the subpoena, the same reasoning also justifies the temporal scope of the subpoena. Reaching back ten years will answer an important question: did Signal Hill wrongfully transfer assets in advance of declaring bankruptcy so that it could claim it had no assets "as of the commencement of the case" and avoid paying its debts?[5] See 11 U.S.C. § 541(a). Given Signal Hill's inconsistent assertions, the creditors are entitled to an answer to this question. See *In re Kearny*, 590 B.R. 913, 920 (Bankr. D. N.M. 2018) (Rule 2004 Examination proper to determine "the extent and location of the estate's assets"). Moreover, Signal Hill's past behavior could still well inform the Trustee's approach to resolving this matter and provide important context for understanding actionable fraudulent transfers. Even if the Trustee may only *void* transfers within two years before the filing of the bankruptcy petition under 11 U.S.C. § 548, the Trustee may still *consider* the debtor's action beyond that two-year window. Thus, as the Court already ruled the temporal scope is warranted.

43.     Mr. Schurawel also argues an extreme reading of the subpoena that ignores the Court's wisdom in ordering it, ignores the protective order's existence, and ignores what the Commission has repeatedly told him when meeting and conferring. For example, Mr. Schurawel argues that the subpoena "commands Mr. Schurawel to produce his own personal tax returns" and that reading the subpoena in this manner is necessary to avoid risking "contempt for non-compliance or civil and criminal liability." Bankr. ECF No. 77, at 9, 11. Putting aside that Mr. Schurawel faces no risk of civil or criminal liability due to the existence of applicable statutory

---

[5] According to Signal Hill's own filings, Signal Hill ceased business operations more than four years prior to filing for bankruptcy in 2024. ECF No. 74, ¶ 3.

17

exceptions, the Commission has repeatedly told Mr. Schurawel's counsel that producing his tax returns are a misunderstanding of the request and unnecessary, and if provided would be returned immediately without being examined. Kerns Decl., ¶ 11.

44.     Similarly, the Commission has explained to Mr. Schurawel that if he lacks documents that he can simply say so in his responses to the document requests, a task far from an undue burden. *Id*. The Commission cannot be forced to guess what documents Mr. Schurawel has and tailor its requests around such guesswork, as Mr. Schurawel advocates. See Bankr. ECF No. 77, at 6, 7, 13, 14. Given the broad scope of the Rule 2004 examination, the Commission is justified in propounding broad document requests to ensure it obtains all relevant documents concerning Signal Hill's assets. *In re Brooke Corp.*, 2013 WL 3948866, at *3 (Bankr. D. Kan. 2013) ("A Rule 2004 examination is commonly referred to as a 'fishing expedition.'"); see also *Snyder v. Soc'y Bank*, 181 B.R. 40, 41 (S.D. Tex. 1994) ("Rule 2004 affords both debtors and creditors *the broad rights of examination of a third-party's record*s"), emphasis added.

45.     Lastly, because Signal Hill's tax returns are inexorably linked to the non-debtors' tax returns as consolidated records, the Commission has no alternative but to request the documents Mr. Schurawel has, even if it contains the information of non-debtors.[6] The consolidated nature of Signal Hill's tax returns with its affiliates cannot prevent the Commission from conducting an examination, otherwise consolidated tax returns would always be used to shield debtors from investigation. Moreover, the consolidated tax returns are the very reason this Court required a protective order. Bankr. ECF Nos. 33 and 34. The protective order applies confidentiality to all

---

[6] Moreover, the harm to the "non-debtors" is de minimis as they are merely different instruments of the same enterprise, as Signal Hill has previously admitted its Motion for Reconsideration. ECF No. 49, at p. 1, fn. 1 ("Pacific Operators, Inc., dba Pacific Operators Offshore, Inc." is one of the "entities" that are seemingly included in Signal Hill's consolidated tax filings).

18

of Signal Hill's tax returns, protecting affiliates' information, thus disclosure of the returns

renders Mr. Schurawel's argument concerning the relevance of non-debtors' portions of Signal

Hill's consolidated tax returns moot. In sum, the Commission simply seeks what Mr. Schurawel

admits that he has: "the tax returns themselves and whatever documents he receive[d] for th[e]

purpose" of creating those returns. Bankr. ECF No. 77, at 11. As the Commission has repeatedly

told Mr. Schurawel, if that those documents are all he in his possession, then he can say so in his

response to the subpoena, but he cannot claim that doing so is so unduly burdensome that he

does not have to produce any records at all.

**CONCLUSION**

For the reasons stated above, the Court should deny Mr. Schurawel's motion in its entirety

and order him to promptly comply with the February 26, 2025, subpoena. The Commission

respectfully asks this Court to order Mr. Schurawel to produce documents within seven days of

the entry of the order on this motion, and to sit for examination within 30 days of the entry of the

order on this motion.

**DATED** this 18th day of March 2026.

> **THE CALIFORNIA STATE LANDS**
> **COMMISSION,**
> **Creditor**
>
> By: *Steven Kerns*
> _____
> Steven Kerns, *pro hac vice*
> California Attorney General's Office
> 300 S. Spring Street, Suite 1702
> Los Angeles, CA 90012-1230
> Telephone: (213) 269-6226
> Steven.Kerns@doj.ca.gov
>
> Jeffrey M. Boldt, #7-4730
> OVERSTREET HOMAR & KUKER
> 2922 Central Avenue

19

Cheyenne, Wyoming 82001
307.274.4444 telephone
307.274.4443 facsimile
jeffrey@kukerlaw.com

## DECLARATION OF STEVEN W. KERNS

I, Steven W. Kerns, declare:

1. I am an attorney at law licensed to practice before all courts of the State of California and I am a Deputy Attorney General for the State of California, counsel of record for Creditor California State Lands Commission ("Commission") in this action. I have personal knowledge of the following facts. If called upon to testify as a witness, I could and would competently testify to these facts under oath.

2. On March 7, 2022, I attended the deposition of Signal Hill Service Inc.'s ("Signal Hill") and Pacific Operators Inc.'s Chief Executive Officer, Richard L. Carone. A true and correct copy of excerpts of the transcript of the Deposition of Richard L. Carone, taken on March 7, 2022, is attached hereto as **Exhibit A**.

3. On November 17, 2023, the Hon. Donna D. Geck, of the Superior Court of California, County of Santa Barbara, granted in part, and denied in part, the Commission's motion for sanctions for spoilation of evidence. A true and correct copy of this order is attached hereto as **Exhibit B**.

4. On March 15, 2024, the Hon. Donna D. Geck, entered a judgment pursuant to stipulation against the Debtor, Signal Hill Services Inc. ("Signal Hill"), and in favor of the Commission for $299,445.75. A true and correct copy of this judgment is attached hereto as **Exhibit C**.

5. On February 26, 2025, I emailed Alex Schurawel the signed subpoena for the Rule 2004 Examination and the Commission's request for documents. Mr. Schurawel responded via email the same day. A true and correct copy of this email chain is attached hereto as **Exhibit D**.

6. On April 10, counsel for Signal Hill, Steve Winship, emailed this office and stated that "[t]he books and records for Signal Hill were maintained in-house." A true and correct copy of this email is attached hereto as **Exhibit E**.

7.      On April 14, 2025, I emailed Mr. Schurawel to summarize an earlier telephone conversation I had with him. This email confirmed that because Mr. Schurawel was personally served with the subpoena on March 20, 2025, he requested nine weeks and five days, or until May 26, 2025, to review and produce all documents responsive to the subpoena. A true and correct copy of this email chain is attached hereto as **Exhibit F**.

8.      On November 25, 2025, I emailed Mr. Schurawel to confirm his request to have five weeks, or until December 29, 2025, to review and produce all documents responsive to the subpoena. A true and correct copy of this email chain is attached hereto as **Exhibit G**.

9.      On December 15, 2025, Mr. Schurawel's counsel, William Cross, introduced himself to this office by email and informed this office that he would be representing Mr. Schurawel. A true and correct copy of this email chain is attached hereto as **Exhibit H**.

10.      During the several 2025 calls that I had with Mr. Schurawel, he told me over the phone that he had collected all the documents he had related to the Debtor and needed only to review and produce them.

11.      During the December 19, 2025, and March 6, 2026, meet and confer calls between this office and Mr. Schurawel's counsel, this office explained that if Mr. Schurawel read the subpoena as compelling him to produce his own tax documents, he was reading it in error, and that the Commission would immediately return such documents to Mr. Schurawel without examining them.

I declare under penalty of perjury under the laws of the State of California that the facts above are true and correct and that this declaration was executed on March 18, 2026, at Los Angeles, California.

Dated:  March 18, 2026

*Steven Kerns*

STEVEN KERNS
Deputy Attorney General

# EXHIBIT A

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA BARBARA

ANACAPA DIVISION

CALIFORNIA STATE LANDS COMMISSION,

                    Plaintiff,

        v.                              CASE NO. 19CV04295

SIGNAL HILL SERVICE, INC.; PACIFIC

OPERATORS, INC., DBA PACIFIC

OPERATORS OFFSHORE, INC.;

DOES 1-100, INCLUSIVE,

                    Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

AND RELATED CROSS-ACTIONS.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

REMOTE ZOOM VIDEOCONFERENCE DEPOSITION OF PMK

RICHARD L. CARONE

VOLUME 1

March 7, 2022

9:48 a.m. - 6:20 p.m.

ATKINSON-BAKER, A VERITEXT COMPANY

(800) 288-3376

REPORTED BY:  MARCELINE F. NOBLE, CSR No. 3024

FILE NO.:   5101291

                                        Page 1

APPEARANCES OF COUNSEL

For Plaintiff and Cross-Defendant:
ATTORNEY GENERAL OF CALIFORNIA
LEENA M. SHEET, DEPUTY ATTORNEY GENERAL
STEVEN KERNS, DEPUTY ATTORNEY GENERAL
300 South Spring Street, Suite 1702
Los Angeles, California  90013
213.269.6226
916.731.2121 Fax
Leena.Sheet@doj.ca.gov
Steven.Kerns@doj.ca.gov
              - AND -
STATE LANDS COMMISSION
MICAELA WIEMER, DEPUTY ATTORNEY
100 Howe Avenue,Suite 100-South
Sacramento, California 95825
916.562.0030
530.888.0902  (Fax)
micaela.wiemer@slc.ca.gov

For Defendant and Cross-Complainants:

HILL, FARRER & BURRILL, LLP
KEVIN H. BROGAN, ESQ.
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, California  90071-3147
213.620.0460
kbrogan@hfbllp.com

Page 2

INDEX OF EXAMINATION

WITNESS: RICHARD L. CARONE

EXAMINATION                                          PAGE

By Ms. Sheet                                           7

INFORMATION REQUESTED

Page        Line

(None)

WITNESS INSTRUCTED NOT TO ANSWER

Page    Line

246      21

247       2

CONFIDENTIAL TESTIMONY

Page, line to Page, line

239     5        244       2

Page 3

Carpinteria?

A.   Correct.

Q.   Okay.

A.   I probably have it here somewhere.

Q.   Now, back in October of 2019 -- or let's go back to June of 2019.

Did Signal Hill Service, Inc., have a -- have any kind of a board?

A.   Yes.  It had a small board, yes.

Q.   And who were the members of the small board?

A.   Charlie Cappel, Russ Howard and me.

Q.   And you were the CEO or president?

A.   Correct.

Q.   And who was -- what was Charlie Cappel's role on the board?

A.   He was a board member.

Q.   Any other designation other than board member?

A.   No.

Q.   And Russ Howard, what was his position on the board?

A.   He was Chief Financial Officer.

Q.   Did Signal Hill have an accountant?

A.   In-house, it had an accountant.

Q.   Who was your in-house accountant?

A.   Scott Lee.

Page 20

Q.   Is Scott Lee still working with you in any capacity?

A.   No.   We have no -- Signal has no employees, staff.   Haven't had any employees since -- over 2019.

Q.   Okay.   And where -- where was -- if you know, where was Scott Lee's -- where was Scott Lee living at the time that he was working for Signal Hill?

A.   I think he was -- he was living in Ventura.

Q.   And he was a full-time employee?

A.   Correct.

Q.   In terms of Signal Hill's offices, I do have an address that I want to confirm with you.

You said it was Eugenia.   Was it 1145 Eugenia Place, Suite 200, Carpinteria, 93013?

Does that sound right?

A.   That sounds correct.

Q.   And you had a lease at an office space in that location?

A.   Correct.

Q.   And was your lease -- did you have to terminate your lease early?

A.   Yes.   But the landlord -- we spoke to the landlord because we had, I think, just recently signed a five-year lease with them.   And because we had been there so long, he offered that if we were out by

Atkinson-Baker, A Veritext Company
(818) 551-7300                          www.veritext.com

the pipeline lease?

A.   This was entered into after the pipeline lease, which was in '97.   I don't know what date this was.   I could look at the end here.

But this goes back to the -- the issue with the -- with the federal government on -- you know, we had to -- we were going to have to change our DDP or whatever.   They were saying, we can't just use the federal facilities to produce the state leases without approval or changes they wanted to make.

Q.   Okay.   Who does Signal Hill use as an accountant between March 1st, 2013 and the present?

A.   March 21st?

Q.   March 1st, 2013, and the present.

MR. BROGAN:   Objection.   Vague.   That assumes somebody's there the whole time.

But you can answer, Mr. Carone.

THE WITNESS:   Well, Scott Lee's been there the whole time.   The -- the controller before him, which was in -- I think he left in -- he retired in 2016 or '15, I think is Mark Stratton, but he's left California, too.

BY MS. SHEET:

Q.   Okay.   How did Signal Hill maintain its books?   Meaning, did you utilize any computer programs?

Page 234

REPORTER'S CERTIFICATION


I, Marceline F. Noble, a Certified Shorthand
Reporter in and for the State of California, do hereby
certify:


That the foregoing witness was by me duly sworn;
that the deposition was then taken before me at the time
and place herein set forth; that the testimony and
proceedings were reported stenographically by me and
later transcribed into typewriting under my direction;
that the foregoing is a true record of the testimony and
proceedings taken at that time.

IN WITNESS WHEREOF, I have subscribed my name this
15th day of March, 2022.


Marceline F. Noble, CSR No. 3024

Page 264

# EXHIBIT B

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SANTA BARBARA**

| | | | |
|---|---|---|---|
| Dated and Entered: | 11/17/2023 | Time: | 10:00 AM |
| Judicial Officer: | Donna D Geck | | |
| Deputy Clerk: | Kristi Temple | Dept: | SB Dept 4 |
| Deputy Sheriff: | Gary Siegel | | |
| Court Reporter: | Michelle Sabado | Case No: | 19CV04295 |

## California State Lands Commission vs Signal Hill Service Inc et al

Parties Present:

Isabella Langone      Plaintiff's Attorney (via Zoom)

**NATURE OF PROCEEDINGS***:*  **Motion: Sanctions for Spoliation of Evidence**

The Court adopted the tentative ruling as follows:

**RULING**:

As set forth herein, the motion of plaintiff and cross-defendant California State Lands Commission is granted in part and denied in part. The court determines that the evidence presented the moving party is sufficient for the court to give CACI Nos. 203 and 204 as jury instructions at trial of this matter, leaving the inferences to be drawn from the loss of the hard drives to the trier of fact. The court awards monetary sanctions in favor of plaintiff California State Lands Commission and against defendant and cross-complainant Signal Hill Service, Inc., in the amount of $13,200.00, to be paid to counsel for plaintiff on or before December 15, 2023. In all other respects the motion is denied.

**Background:**

On August 14, 2019, plaintiff State Lands Commission (Commission) filed its complaint in this action against defendants Signal Hill Service, Inc. (Signal Hill) and Pacific Operators, Inc., dba Pacific Operators Offshore Inc. (Pacific Operators), asserting causes of action for breach of contract, trespass, and declaratory relief.

On October 15, 2019, defendants Signal Hill and Pacific Operators filed their demurrer to the complaint. On December 13, 2019, the court sustained the demurrer in part and overruled the demurrer in part, granting leave to amend.

On December 27, 2019, the Commission filed its first amended complaint (FAC).

On January 13, 2020, the Commission served its request for production of documents, set one (RFP). (Langone decl., ¶ 5 & exhibit C [Sheet decl., dated May 14, 2021, ¶ 4].)

On January 28, 2020, Signal Hill and Pacific Operators filed their answer to the FAC, admitting and denying allegations therein and asserting six affirmative defenses. Signal Hill, Pacific Operators, Carone Petroleum Corporation (CPC), and Carone Energy Corporation (CEC) concurrently filed their original cross-complaint (CC) in this action asserting a claim for inverse condemnation against Commission and the State of California (State).

On January 30, 2020, the federal defendants—newly added to the FAC—filed their notice of removal of this action to the United States District Court.

On February 20, 2020, the Commission received a written response and documents from Signal Hill and Pacific Operators in response to the RFP. (Sheet decl., dated May 14, 2021, ¶ 5 & exhibit B.)

On March 2, 2020, the United States District Court issued its order dismissing the federal defendants and remanding this action to this court.

On April 24, 2020, the Commission and State filed their demurrer to the CC.

On August 28, 2020, the court heard the demurrer and sustained the demurrer with leave to amend.

On September 22, 2020, following a meet and confer process, the Commission received some further documents from defendants. (Sheet decl., dated May 14, 2021, ¶ 7 & exhibit D.)

On October 1, 2020, Signal Hill (by itself) filed its first amended cross-complaint (FACC). On November 23, 2020, upon stipulation of the parties and order of the court, Signal Hill, Carpinteria Offshore Project Partnership, CPC, and CEC filed their second amended cross-complaint.

On December 1, 2020, the Commission received a further written response of Signal Hill to the RFP. (Sheet decl., ¶ 8.)

On January 7, 2021, upon stipulation of the parties and order of the court, Signal Hill and CPC filed their third amended cross-complaint (TACC).

---

SC-2411 (Revised July 1, 2013)                    **MINUTE ORDER**

Following the sustaining in part of the Commission's demurrer to the TACC, on May 3, 2021, Signal Hill and CPC filed their fourth amended cross-complaint (4ACC) asserting two causes of action for breach of the Lease against the Commission.

On May 14, 2021, the Commission filed its motion to compel further responses to the RFP, which was originally set for hearing on July 23, 2021.

On June 21, 2021, the Commission filed its answer to the 4ACC, admitting and denying allegations therein and asserting 12 affirmative defenses. The Commission concurrently filed a cross-complaint against Signal Hill for indemnity and declaratory relief (Indemnity CC).

On July 20, 2021, Signal Hill filed its answer to the Indemnity CC, generally denying the allegations thereof and asserting two affirmative defenses.

Following continuances, on August 6, 2021, the Commission's motion to compel further responses to the RFP was heard and granted in part as to requests for profit and loss statements and supporting documents.

On March 7, 2022, the Commission took the deposition of Richard L. Carone (Carone), Signal Hill's Chief Executive Officer. Carone testified that approximately 25 hard drives were removed from computers when Signal Hill was shutting down so that the bulky computers would not have to be hauled around. (Carone depo., at pp. 200-201 [Langone decl., ¶ 8 & exhibit F, at pp. 230-231; Separate Statement (SS) at pp. 30-31].) According to Carone, the hard drives were not marked and he is not able to find where any of the hard drives went. (Carone depo., at p. 201.) The hard drives were temporarily moved from their original location in the Carpinteria office to an Oxnard facility. (Carone depo., at pp. 247-248.)

On April 21, 2022, the Commission's counsel corresponded via email with counsel for Signal Hill regarding the missing hard drives. (Langone decl., ¶ 8.) On June 23, the Commission propounded written discovery to ascertain the whereabouts of the missing hard drives. (Langone decl., ¶ 8 & exhibit F.)

On August 8, 2022, defendants responded to the discovery about the hard drives stating that they do not know where the hard drives are and believe they are lost. (Langone decl., ¶ 8 & exhibit F.)

On July 14, 2023, the Commission filed its motion for summary judgment or summary adjudication. The hearing on that motion was continued by the court and is now set for January 12, 2024.

---

SC-2411 (Revised July 1, 2013)                    **MINUTE ORDER**

On August 28, 2023, the Commission filed this motion for sanctions for spoliation of evidence. The Commission seek evidence, issue, and monetary sanctions. The motion is opposed by defendants.

Trial is now set for May 17, 2024.

**Analysis:**

The Commission seeks sanctions against Signal Hill for failure to maintain the hard drives which has resulted in the destruction of evidence. The case of *Victor Valley Union High School District v. Superior Court* (2023) 91 Cal.App.5th 1121 (*Victor Valley*) is instructive.

In *Victor Valley*, the plaintiff sued a school district for negligence and other causes of action arising from an alleged sexual assault on the plaintiff when the plaintiff was in high school. (*Victor Valley*, *supra*, 91 Cal.App.5th at p. 1132.) During discovery, the plaintiff learned that video that captured some of the events surrounding the alleged sexual assault had been erased. (*Ibid.*) The plaintiff moved for terminating sanctions, or alternatively, for evidentiary or issue sanctions under Code of Civil Procedure section 2023.030. (*Id*. at pp. 1132-1133.) The trial court concluded that the erasure of the video was the result of negligence and not intentional wrongdoing, but granted evidentiary, issue, and monetary sanctions based on its conclusion that the district was under a duty to preserve relevant evidence including the video. (*Id*. at p. 1133.)

On writ review, the *Victor Valley* court first determined that the safe-harbor provision of Code of Civil Procedure section 2030.030, subdivision (f) did not apply to preclude sanctions based upon the destruction of electronically stored information if the evidence was lost when the party was under a duty to preserve it. (*Victor Valley*, *supra*, 91 Cal.App.5th at p. 1138.) The court stated:

"One serious form of discovery abuse is the spoliation of evidence, which is defined as the destruction or alteration of relevant evidence or the failure to preserve evidence for another party's use in pending or future litigation. [Citations.] 'No one doubts that the intentional destruction of evidence should be condemned. Destroying evidence can destroy fairness and justice, for it increases the risk of an erroneous decision on the merits of the underlying cause of action. Destroying evidence can also increase the costs of litigation as parties attempt to reconstruct the destroyed evidence or to develop other evidence, which may be less accessible, less persuasive, or both.' [Citation.]" (*Victor Valley*, *supra*, 91 Cal.App.5th at p. 1139.)

" 'Chief among' the nontort remedies for the spoliation of evidence 'is the evidentiary inference that evidence which one party has destroyed or rendered unavailable was unfavorable to that party.' [Citation.] In addition, '[d]estroying evidence in response to a discovery request after litigation has commenced would surely be a misuse of discovery within the meaning of [former] section 2023, as would such destruction in anticipation of a discovery request,' and the available sanctions to remedy that abuse

include such 'potent' measures as 'monetary sanctions, contempt sanctions, issue sanctions ordering that designated facts be taken as established or precluding the offending party from supporting or opposing designated claims or defenses, evidence sanctions prohibiting the offending party from introducing designated matters into evidence, and terminating sanctions that include striking part or all of the pleadings, dismissing part or all of the action, or granting a default judgment against the offending party.' [Citation.]" (*Victor Valley*, *supra*, 91 Cal.App.5th at pp. 1139-1140.)

After considering parallel federal law, the *Victor Valley* court determined that a party may be sanctioned for failing to preserve evidence:

"The federal courts have held that ' "a party can only be sanctioned for destroying evidence if it had a duty to preserve it." ' [Citation.] 'Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or *reasonably foreseeable* litigation.' [Citation.] The duty to preserve evidence includes the related duty to suspend the routine destruction of documents. ' "Once the duty to preserve attaches, a party must 'suspend any existing policies related to deleting or destroying files and preserve all relevant documents related to the litigation.' " ' [Citations.]" (*Victor Valley*, *supra*, 91 Cal.App.5th at pp. 1143-1144, fn. omitted.)

" 'The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation.' [Citations.] [¶] Whether litigation is ' "reasonably foreseeable" ' 'is an objective standard, asking not whether the party in fact reasonably foresaw litigation, but whether a reasonable party in the same factual circumstances would have reasonably foreseen litigation. [¶] When litigation is "reasonably foreseeable" is a flexible fact-specific standard that allows a district court to exercise the discretion necessary to confront the myriad factual situations inherent in the spoliation inquiry. [Citation.] This standard does not trigger the duty to preserve documents from the mere existence of a potential claim or the distant possibility of litigation. [Citation.] However, it is not so inflexible as to require that litigation be "imminent, or probable without significant contingencies ...." ' [Citation.]" (*Victor Valley*, *supra*, 91 Cal.App.5th at p. 1144.)

The *Victor Valley* court thus concluded that "the safe-harbor provision of section 2023.030(f) does not apply when ESI was altered or destroyed when the party in possession and/or control of the information was under a duty to preserve the evidence because the party was objectively aware the ESI would be relevant to anticipated future litigation, meaning the litigation was 'reasonably foreseeable.' [Citation.]" (*Victor Valley*, *supra*, 91 Cal.App.5th at p. 1149.) The *Victor Valley* court then determined that the trial court had applied the correct "reasonably foreseeable" standard in finding that the safe-harbor provision did not apply. (*Id*. at p. 1152.) The court, however, determined that the trial court was obliged to consider a lesser sanction:

" ' "The trial court has broad discretion in selecting discovery sanctions, subject to reversal only for abuse. [Citations.] The trial court should consider both the conduct being sanctioned and its effect on the party seeking discovery and, in choosing a sanction, should ' "attempt[ ] to tailor the sanction to the harm

caused by the withheld discovery." ' [Citation.] The trial court cannot impose sanctions for misuse of the discovery process as a punishment. [Citation.] [¶] The discovery statutes evince an incremental approach to discovery sanctions, starting with monetary sanctions and ending with the ultimate sanction of termination. 'Discovery sanctions "should be appropriate to the dereliction, and should not exceed that which is required to protect the interests of the party entitled to but denied discovery." ' [Citation.] If a lesser sanction fails to curb misuse, a greater sanction is warranted: continuing misuses of the discovery process warrant incrementally harsher sanctions until the sanction is reached that will curb the abuse." ' [Citation.]" (*Victor Valley*, *supra*, 91 Cal.App.5th at p. 1158.)

"When exercising its discretion to determine which form of sanction is most appropriate for a discovery violation, a trial court should consider various factors, including 'the importance of the materials that were not produced—from the perspective of the offended party's ability to litigate the case—and what prejudice, if any, the offended party suffered ....' [Citations.] ' "[T]he sanction chosen should not provide a windfall to the other party, by putting the prevailing party in a better position than if he or she had obtained the discovery sought and it had been favorable." ' [Citation.]" (*Victor Valley*, *supra*, 91 Cal.App.5th at p. 1158.)

" 'A discovery order, though not in the form of a default or dismissal, is justifiably treated as such where the effect of the order is to preclude proof of essential elements of each cause of action.' [Citation.] 'The sanction of dismissal or the rendition of a default judgment against the disobedient party is ordinarily a drastic measure which should be employed with caution. [Citation.] The sanction of dismissal, where properly employed, is justified on the theory the party's refusal to reveal material evidence tacitly admits his claim or defense is without merit.' [Citation.] Except for in cases of extreme misconduct and when other viable options are unavailable, a trial court abuses its discretion when a sanctions order deprives a party 'of any right to defend the action upon its merits' and was 'designed not to accomplish the purposes of discovery but designed to punish' the party for not fully complying with its discovery obligations. [Citations.]" (*Victor Valley*, *supra*, 91 Cal.App.5th at pp. 1158-1159.)

The evidence strongly supports the determination (1) that Signal Hill was under a duty to preserve evidence, and (2) that the hard drives were lost or destroyed notwithstanding the duty to preserve evidence. These points are not meaningfully disputed by Signal Hill. This action was filed in August 2019. The hard drives disappeared after October 2019. (Brogan decl., ¶ 2.) Signal Hill knew that documents were needed for this litigation at a time before the hard drives disappeared. (Carone depo., at p. 255.)

The initial circumstances by which the hard drives were handled is also not disputed. Signal Hill's Chief Financial Officer, Russell Howard, testified that when the office was abandoned, it was "like a train wreck." (Howard depo., at p. 44; Brogan decl., ¶ 3.) Howard further testified: "I remember looking out my office window. There were a bunch of computer parts and towers and stuff, I mean overflowing in the trash bin." (*Ibid.*)

From these circumstances, the parties draw starkly different inferences. The Commission infers that the loss of the hard drives was intentional and part of a larger pattern of discovery abuse where Signal Hill

SC-2411 (Revised July 1, 2013)                **MINUTE ORDER**

failed to conduct a reasonable search in response to discovery requests. Defendants argue that the loss of the hard drives was not intentional and was inadvertent. The evidence would support either contention. On the one hand, the hard drives, including specifically, the hard drives for the server(s) containing emails and business records, would be expected to contain information relevant to this litigation, both as to the Commission's claims against Signal Hill and as to Signal Hill's cross-claims against the Commission.

The Commission seeks an evidentiary sanction prohibiting Signal Hill from introducing evidence related to its profits and losses in support of its damages claim. (Motion, at p. 15.) The Commission also seeks an issue sanction designating as established fact "that until it filed its Fourth Amended Cross-Complaint on April 30, 2021, Signal Hill agreed that its lease was terminated on June 28, 2019." (Motion, at pp. 15-16.)

With respect to the requested evidence sanction, the Commission argues that Signal Hill has never provided adequate profit and loss statements, and instead has only ever produced random reports and hearsay summaries. (Commission Separate Statement [PSS], at p. 15.) The loss of the hard drives prejudices the Commission's ability to litigate these claims because of the absence of profit and loss statements or comparable financial documents to rebut Signal Hill's allegations of damages. These lost records could also have supported the Commission's trespass claims by evidencing profits Signal Hill may have earned in the time it illegally occupied state land. In response, Signal Hill argues that it produced detailed data on sales of oil and gas through various reports to federal agencies as well as purchase of natural gas by Chevron and So Cal Gas Company. (Defendants' Response Separate Statement [DSS], at p. 2.)

With respect to the requested issue sanction, the Commission argues that Signal Hill agreed that the pipeline lease was terminated on June 28, 2019, until it filed its 4ACC. The loss of the hard drives prejudices the Commission's ability to discover email communications regarding the June 28, 2019, termination hearing, and may contain data and communications related to Signal Hill's understanding and calculation of when the lease terminated. (PSS, at p. 22.) In opposition, Signal Hill argues that the termination date of the lease is based upon the terms of the lease and that email communications or data contained in the lost hard drives would be unlikely to provide evidence pertinent to that issue. (DSS, at p. 7.) In reply, the Commission argues that it should be able to put the fact that Signal Hill identified the June 28, 2019, date as the date the lease was terminated without Signal Hill trying to challenge it "since all communication and evidence that might prove any other belief and understanding about the date of the lease termination was lost along with the hard drives." (Reply, at pp. 7-8.)

" 'Discovery sanctions are intended to remedy discovery abuse, not to punish the offending party. Accordingly, sanctions should be tailored to serve that remedial purpose, should not put the moving party in a better position than he would otherwise have been had he obtained the requested discovery, and should be proportionate to the offending party's misconduct.' [Citation.]" (*Padron v. Watchtower Bible & Tract Society of New York, Inc.* (2017) 16 Cal.App.5th 1246, 1259–1260.)

As stated in *Victor Valley*, *supra*, quoting *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 11, the evidentiary inference that evidence that a party has made unavailable was unfavorable to that party is a significant remedy for spoliation of evidence. "In determining what inferences to draw from the evidence or facts in the case against a party, the trier of fact may consider, among other things, the party's failure to explain or to deny by his testimony such evidence or facts in the case against him, or his willful suppression of evidence relating thereto, if such be the case." (Evid. Code, § 413.) Evidence Code section 413 is implemented by CACI Nos. 203 and 204: "You may consider the ability of each party to provide evidence. If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence." (CACI No. 203.) "You may consider whether one party intentionally concealed or destroyed evidence. If you decide that a party did so, you may decide that the evidence would have been unfavorable to that party." (CACI No. 204.)

Given the lack of dispute that hard drives, including server hard drives, were lost when Signal Hill was under a duty to preserve evidence and the conflicting inferences that may be drawn from the loss of such evidence, the court concludes that this evidence would support the giving of CACI Nos. 203 and 204 at trial of this matter and leaving the inferences to be drawn to the jury. This approach to the situation gives the trier of fact the opportunity to consider the effect of the unavailability of the evidence in context and does not provide either side with any evidentiary windfall.

After considering, among other things, the parties' arguments and evidence regarding the importance of the lost hard drives from the perspective of the Commission's ability to litigate the case and what prejudice the Commission may suffer, the court concludes that the issue and evidentiary sanctions sought by the Commission are not appropriate under the circumstances here. The lack of supporting documents already reflects poorly on the evidentiary value of Signal Hill's claim for lost profits, and, as discussed above, by giving the jury CACI Nos. 203 and 204 as a lesser sanction, the jury will have the opportunity to draw further unfavorable inferences. The Commission's ability to rebut these claims is adequately addressed by those unfavorable inferences. Similarly, the effective date of the termination of the Lease is predominantly determined by the language of the contract and applicable contract law. To the extent that Signal Hill's beliefs or intentions notwithstanding the determination based upon contract law are relevant, the jury's potential negative inferences from the loss of evidence again adequately address this issue. The court concludes that the giving of these jury instructions is a sufficient non-monetary sanction to address the issues raised by the Commission.

The remaining issue is the Commission's request for monetary sanctions. Monetary sanctions are appropriate in connection with a motion for sanctions based upon spoliation of evidence. (*Kwan Software Engineering, Inc. v. Hennings* (2020) 58 Cal.App.5th 57, 76-77.) The Commission seeks monetary sanctions in the amount of $40,050.00. This amount consists of: (1) 33 hours of attorney time at $375 per hour for this motion, for a total of $12,375.00 (Langone decl., ¶ 14); (2) 36 hours of attorney time at $400 per hour for the motion to compel (heard on August 6, 2021), for a total of $14,400.00 (Sheet decl., dated May 14, 2021, ¶ 19); (3) 11.5 hours of attorney time at $600 per hour for time spent on discovery regarding the missing hard drives (Sheet decl., dated Aug. 25, 2023, ¶ 3); (4) 17.5 hours of attorney time at $350 per hour spent on discovery regarding the missing hard drives (Kerns decl., dated Aug. 25, 2023, ¶ 3); and (5) $250 in sanctions pursuant to Code of Civil Procedure section 2023.050.

SC-2411 (Revised July 1, 2013)                    **MINUTE ORDER**

As discussed above, the court determines that Signal Hill was under a duty to preserve the hard drives, but the hard drives were lost or destroyed when Signal Hill shut down its office. As discussed above, the evidentiary effect of this loss of potential evidence will be left to the jury. Nevertheless, regardless of whether this was intentional, negligent, or purely accidental, Signal Hill's failure to address the absence of evidence in a straightforward manner in discovery complying with the Code of Civil Procedure necessitated some of the activity for which the Commission seeks monetary sanctions.

With respect to this motion, the court has reviewed the declaration of attorney Isabella A. Langone. The court finds the hourly rate reasonable, and under the circumstances here finds 26 hours of attorney time reasonable and appropriate, for a total for that item of $9,750.00. With respect to the prior motion which addressed multiple issues and was granted only in part, the court determined the appropriateness of sanctions in that motion in denying monetary sanctions. The court will not revisit that issue here. With respect to the two items for discovery following up the loss of the hard drives, the court finds the hourly rates reasonable, and finds three hours for attorney Leena M. Sheet and four hours for attorney Steven W. Kerns reasonable and appropriate under the totality of the circumstances here for a total of $3,200.00 (=$1,800 + $1,400) for this item.

"Notwithstanding any other law, and in addition to any other sanctions imposed pursuant to this chapter, a court shall impose a two hundred and fifty dollar ($250) sanction, payable to the requesting party, upon a party, person, or attorney if, upon reviewing a request for a sanction made pursuant to Section 2023.040, the court finds any of the following: [¶] (1) The party, person, or attorney did not respond in good faith to a request for the production of documents made pursuant to Section 2020.010, 2020.410, 2020.510, or 2025.210, or to an inspection demand made pursuant to Section 2031.010." (Code Civ. Proc., § 2023.050, subd. (a)(1).)

The court finds that Signal Hill failed to respond in good faith to the Commission's request for production of documents by failing in good faith to make a diligent and reasonable inquiry for responsive documents at the time of the response to the RFP (see Code Civ. Proc., § 2031.230) and imposes a $250.00 sanction pursuant to section 2023.050.

The court thus awards monetary sanctions in the total amount of $13,200.00 (=$9,750 + $1,800 + $1,400 + $250).

DARREL E. PARKER, EXECUTIVE OFFICER          Minutes Prepared by:

_____Kristi Temple_____ , Deputy

# EXHIBIT C

Pursuant to CRC 2.259 this document has been electronically filed by the Superior Court of California, County of Santa Barbara, on 3/14/2024

Case 24-20439   Doc 78   Filed 03/18/26   Entered 03/18/26 16:15:37   Desc Main
Document    Page 43 of 103

TC

ROB BONTA
Attorney General of California
CHRISTINA BULL ARNDT
Supervising Deputy Attorney General
LEENA M. SHEET (SBN 235415)
STEVEN W. KERNS (SBN 333983)
Deputy Attorneys General
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6023
  Fax:  (916) 731-2121
  E-mail:  Leena.Sheet@doj.ca.gov
*Attorneys for Plaintiff and Cross-Defendant*
*State Lands Commission*

**F I L E D**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

**03/15/2024**
Darrel E. Parker, Executive Officer
BY  Baksh, Narzralli
_____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA BARBARA

CIVIL DIVISION

|  |  |
|---|---|
| **CALIFORNIA STATE LANDS COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**SIGNAL HILL SERVICE, INC.; PACIFIC OPERATORS, INC., DBA PACIFIC OPERATORS OFFSHORE, INC.; DOES 1-100, INCLUSIVE,**<br><br>Defendant. | Case No. 19CV04295<br><br>[~~PROPOSED~~] **JUDGMENT PURSUANT TO STIPULATION**<br><br>**[Assigned to Hon. Donna D. Geck, Dept. 4]** |
| **SIGNAL HILL SERVICE, INC., and CARONE PETROLEUM CORPORATION,**<br><br>Cross-Complainants,<br><br>v.<br><br>**CALIFORNIA STATE LANDS COMMISSION**<br><br>Cross-Defendants. |  |

1

On August 13, 2019, plaintiff and cross-defendant California State Lands Commission ("Commission") filed this action against defendant and cross-complainant, Signal Hill Service Inc. ("Signal Hill"), and defendant Pacific Operators, Inc. d/b/a Pacific Operators Offshore, Inc. ("Pacific Operators") for breach of contract, trespass, and declaratory relief based on damages following the Commission's termination of a pipeline lease operated by Signal Hill and Pacific Operators. On April 30, 2021, Signal Hill and cross-complainant, Carone Petroleum Corporation ("Carone") filed a fourth amended cross-complaint alleging two causes of action for breach of contract based on the lease termination, and on June 21, 2021, the Commission filed a cross-complaint for indemnity and declaratory relief.

Pursuant to stipulation of the parties, entered for purposes of fully resolving all claims and issues in this litigation,

IT IS THEREFORE ORDERED AND ADJUDGED as follows:

1.      As to the California State Lands Commission's First Amended Complaint, judgment is hereby entered on the Commission's First Cause of Action for Breach of Contract in favor of plaintiff California State Lands Commission and against defendant Signal Hill Services, Inc. in the amount of $282,094.34.

2.      As to the Commission's Second Cause of Action for Trespass, judgment is entered in favor of plaintiff California State Lands Commission and against defendants Signal Hill Service, Inc. in the amount of $17,351.40.

3.      As to the claims in Signal Hill's Services, Inc. and Carone Petroleum Corporation's Fourth Amended Cross-Complaint, judgment is hereby entered in favor of cross-defendant California State Lands Commission and against cross-complainants Signal Hill Services, Inc. and Carone Petroleum Corporation on all causes of action.

4.      As to the third cause of action for declaratory relief in the Commission's First Amended Complaint, the claim is dismissed.

5.      As to the California State Lands Commission's cross-complaint for indemnity and declaratory relief against Signal Hill Services, Inc., the cross-complaint is dismissed.

6.      This Judgment shall be binding on all parties.

2

7.   This Judgment shall become effective upon the date the Clerk enters it.

8.   The Commission is entitled to recover its costs in the amount of $_____.

IT IS SO ORDERED, ADJUGED, and DECREED.


Dated:   **03/15/2024**                              _____
                                                    THE HONORABLE DONNA D. GECK
                                                    Judge of the Santa Barbara Superior Court


APPROVED AS TO FORM:

3

Dated:  March 13, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
CHRISTINA BULL ARNDT
Supervising Deputy Attorney General

LEENA M. SHEET
Deputy Attorney General
*Attorneys for Plaintiff and Cross-Defendant*
*State Lands Commission*

Dated:  March 13, 2024

Hill, Farrer & Burrill LLP
Kevin H. Brogan

Kevin H. Brogan
Attorneys for Defendants and Cross-
complainants Signal Hill Service, Inc.;
Pacific Operators, Inc., dba Pacific
Operators Offshore, Inc. and Carone
Petrolem Corporation

4

**DECLARATION OF SERVICE BY E-MAIL & U.S. MAIL**

| | |
|---|---|
| Case Name: | ***California State Lands Commission v. Signal Hill Service, Inc.; Pacific Operators, Inc., DBA Pacific Operators Offshore, Inc.; Does 1 - 100, Inclusive,*** |
| No.: | **19CV04295** |

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.

On <u>March 13, 2024</u>, I served the attached

- **STIPULATION FOR ENTRY OF JUDGMENT**

- **[PROPOSED] JUDGMENT PURSUANT TO STIPULATION**

by transmitting a true copy via electronic mail.  In addition, I placed a true copy thereof enclosed in a sealed envelope, in the internal mail system of the Office of the Attorney General, addressed as follows:


Kevin H. Brogan
Hill, Farrer & Burrill, LLP
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA  90071-3147
**E-mail Address**:  kbrogan@hfbllp.com


I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on March 13, 2024, at San Francisco, California.

| | |
|---|---|
| G. Guardado | *G. Guardado* |
| Declarant | Signature |

LA2019103916
44096600.docx

# EXHIBIT D

**Outlook**

## Re: Subpoena for Your Rule 2004 Bankruptcy Examination

| | |
|---|---|
| **From** | Steven Kerns <Steven.Kerns@doj.ca.gov> |
| **Date** | Thu 2/27/2025 8:49 AM |
| **To** | alex@schurawelcpa.com <alex@schurawelcpa.com> |

Thank you for clarifying your address, Mr. Schurawel. And no worries, we have not sent the subpoena yet. I am contacting you to provide a courtesy heads-up. Good luck with the sales tax audit!

Best,

Steven

**From:** alex@schurawelcpa.com <alex@schurawelcpa.com>
**Sent:** Wednesday, February 26, 2025 7:55 PM
**To:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Subject:** RE: Subpoena for Your Rule 2004 Bankruptcy Examination

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

I am currently dealing with a sales tax audit and have not had a chance to review your request. The address you have for me is incorrect and this has caused a delay in receiving your mail. My correct address is below.
I will review your correspondence this weekend.

Alex
Alexander Schurawel
949.261.8884
**2030 Main St. Ste. 1300**
Irvine CA 92614

schurawelcpa.com
alex@schurawelcpa.com

**From:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Sent:** Wednesday, February 26, 2025 2:14 PM
**To:** alex@schurawelcpa.com
**Cc:** Leena M Sheet <Leena.Sheet@doj.ca.gov>
**Subject:** Subpoena for Your Rule 2004 Bankruptcy Examination

Good Afternoon Mr. Schurawel,

I hope tax season is treating you kindly. I called you a few minutes ago to inform you that the Court signed the attached subpoena for your Rule 2004 Examination and the State Lands Commission's request for documents. It is attached. We will also be personally serving this to your office. Please call or email me if you have any questions. Thank you.

Best,

Steven

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT E

3/18/26, 1:22 PM
Signal Hill Serv. Bankruptcy - Steven Kerns - Outlook

Case 24-20439    Doc 78    Filed 03/18/26    Entered 03/18/26 16:15:37    Desc Main
Document    Page 52 of 103

 **Outlook**

## RE: Signal Hill Serv. Bankruptcy

**From** Steve Winship <steve@winshipandwinship.com>

**Date** Thu 4/10/2025 3:53 PM

**To** Steven Kerns <Steven.Kerns@doj.ca.gov>

---

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

---

The books and records for Signal Hill were maintained in-house. It is my understanding that this question has been the subject of discovery in the state court suit.

*Stephen R. Winship*

Winship & Winship, P.C.
145 S. Durbin Street, Suite 201
Casper, WY 82601
Phn. (307)234-8991
Fax. (307)234-1116

** Please take notice that Winship & Winship, P.C. no longer has a post office box for its mailing address.   The firm is only receiving its mail at the physical address above.   Thank you.

CONFIDENTIALITY NOTICE - This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read or play this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving in any manner. Thank you.

---

**From:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Sent:** Tuesday, April 8, 2025 1:08 PM
**To:** Steve Winship <steve@winshipandwinship.com>
**Cc:** Leena M Sheet <Leena.Sheet@doj.ca.gov>; Isabella Langone <Isabella.Langone@doj.ca.gov>
**Subject:** Re: Signal Hill Serv. Bankruptcy

Thank you for raising that point, Mr. Winship. I wanted to confirm whether you now represent Mr. Schurawel to raise these issues on his behalf. Can you confirm that?

Regarding your point, 26 USC Sec. 7216 includes an exception. Specifically, subdivision (b) allows for disclosures made "pursuant to an order of a court," as here. Beyond this exception,

3/18/26, 1:22 PM
Signal Hill Serv. Bankruptcy - Steven Kerns - Outlook

Case 24-20439    Doc 78    Filed 03/18/26    Entered 03/18/26 16:15:37    Desc Main
Document    Page 53 of 103

we have potential solutions we would like to discuss, but we want to raise them either with Mr. Schurawel or his counsel.

Lastly, your prior email notes that Mr. Schurawel did not maintain the "Debtor's books and records." Would you be willing to identify who maintained the Debtor's books and records? Thank you.

Best,

Steven

---

**From:** Steve Winship <steve@winshipandwinship.com>
**Sent:** Monday, April 7, 2025 4:14 PM
**To:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Subject:** RE: Signal Hill Serv. Bankruptcy

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Mr. Kerns:
 One other matter has been brought to my attention. Because of the limitations imposed upon tax preparers under 26 USC sec. 7216, Mr. Schurawel informs me that he is only able to produce and testify regarding Signal Hill's information. In your subpoena, you have defined "Signal Hill" to include its affiliates. These are separate entities, which are not in bankruptcy. Not only does this affect the Bankruptcy Court's ability to order information as to my client's affiliates, but it also violates sec. 7216. It is my understanding that Signal Hill files a consolidated tax return that includes schedules specific to these non-debtor entities. Can we stipulate for purposes of the Rule 2004 examination that the portions of the returns relating to the affiliates not be produced nor will there be questions posed as to these affiliates? Thank you.

*Stephen R. Winship*

Winship & Winship, P.C.
145 S. Durbin Street, Suite 201
Casper, WY 82601
Phn. (307)234-8991
Fax. (307)234-1116

** Please take notice that Winship & Winship, P.C. no longer has a post office box for its mailing address.   The firm is only receiving its mail at the physical address above.   Thank you.

CONFIDENTIALITY NOTICE - This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read or play this transmission and that any disclosure, copying, printing, distribution or

use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving in any manner. Thank you.

---

**From:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Sent:** Monday, April 7, 2025 4:03 PM
**To:** Steve Winship <steve@winshipandwinship.com>
**Cc:** Leena M Sheet <Leena.Sheet@doj.ca.gov>; Isabella Langone <Isabella.Langone@doj.ca.gov>
**Subject:** RE: Signal Hill Serv. Bankruptcy

Mr. Winship,

Thank you for your email. We are considering your request and will respond thereafter.

Additionally, your email notes that Mr. Schurawel did not maintain the "Debtor's books and records." Would you be willing to identify who did maintain the Debtor's books and records?

Lastly, if I am ever out of the office, please send any emails concerning this matter to leena.sheet@doj.ca.gov and/or Isabella.langone@doj.ca.gov (both cc'd). Thank you.

Best,

Steven

---

**From:** Steve Winship <steve@winshipandwinship.com>
**Sent:** Friday, March 28, 2025 3:03 PM
**To:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Subject:** Signal Hill Serv. Bankruptcy

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Mr. Kerns:
  In order to avoid having to file a motion to modify the Rule 2004 order (or a motion for protective order), I would request that you extend the time for Mr. A. Schurawel to respond to the document request to May 26 ,2025. His tax season and travel plans do not allow him to meet the current due date of April 20 date for the document production. Consider also that the requested records are stored offsite with his other clients' records. Also it is unclear why 10 years of records need to be produced. The maximum "lookback" period relevant hereto is 4 years (fraudulent conveyances). Please consider reducing the period of time for document production accordingly. Right now the document request appears to be overbroad as well as being unnecessarily burdensome.  (Mr. Schurawel apparently did not maintain Debtor's books and records; his involvement was only as a tax preparer.)
  Thank you for your consideration of the above.

*Stephen R. Winship*

Winship & Winship, P.C.
145 S. Durbin Street, Suite 201
Casper, WY 82601
Phn. (307)234-8991
Fax. (307)234-1116

\*\* Please take notice that Winship & Winship, P.C. no longer has a post office box for its mailing address.   The firm is only receiving its mail at the physical address above.   Thank you.

CONFIDENTIALITY NOTICE - This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read or play this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving in any manner. Thank you.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT F

 **Outlook**

---

## Summary of April 8 Telephone Call

---

**From** Steven Kerns <Steven.Kerns@doj.ca.gov>

**Date** Mon 4/14/2025 11:43 AM

**To** alex@schurawelcpa.com <alex@schurawelcpa.com>

**Cc** Leena M Sheet <Leena.Sheet@doj.ca.gov>


Good Morning, Mr. Schurawel.

I hope your day is going well. I am emailing you to summarize our telephone call on April 8, 2025.

You confirmed that you are not represented by counsel. We then discussed an email I received from Signal Hill's counsel, Mr. Steve Winship. Specifically, I identified three of the concerns Mr. Winship raised on your behalf.

First, because you received the Rule 2004 Examination subpoena in late March, you would need more time to review and produce documents that are responsive to the Request for Production of documents. This email confirms that the State Lands Commission can give you until **May 26, 2025,** to produce responsive documents. To reiterate what I explained on our call, if your office does not have responsive documents, that is an appropriate response.

Second, due to the April 15 conclusion of tax season, your pre-planned May 7-13 Hawaiian vacation, and May 29 knee surgery, you requested that we conduct your remote examination in mid-June. Does **June 13, 17, or 18 2025,** work well for you?

Third, I explained that Mr. Winship requested that the State Lands Commission narrow the scope of its Requests for Production and reduce the temporal scope from 10 years to 4 years. Mr. Winship also requested that the State Lands Commision exclude related entities from its definition of "Signal Hill." I explained that we are still considering that request and will update you if we reach an agreement with Mr. Winship.

Lastly, I explained that it was fine to contact my office if you had questions concerning your obligations under the subpoena. You shared your cell phone number with me. My office number is (213) 269-6226, and my cell is (562) 682-2958. Please contact me if you have any questions, and good luck with the end of tax season.

Best,

Steven

# EXHIBIT G

Sent Items - Steven Kerns - Outlook

 **Outlook**

---

## Rule 2004 Examination Timeline

---

**From** Steven Kerns <Steven.Kerns@doj.ca.gov>

**Date** Tue 11/25/2025 2:13 PM

**To** alex@schurawelcpa.com <alex@schurawelcpa.com>; Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>

Good Afternoon Mr. Schurawel,

I hope your day is going well. I spoke with my colleagues. We are confirming that **December 29** is an acceptable deadline for your office to produce the documents requested in the Rule 2004 subpoena. We are also confirming that having your remote Rule 2004 examination **by Zoom, the week of January 20, 2026**, is also acceptable. Please let me know if you have any questions and please have a wonderful holiday.

Best,

Steven

# EXHIBIT H

 Outlook

**In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)**

**From** William Cross <WCross@markuswilliams.com>

**Date** Mon 12/15/2025 10:09 AM

**To** Steven Kerns <Steven.Kerns@doj.ca.gov>; Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>; jeffrey@kukerlaw.com <jeffrey@kukerlaw.com>; Leena M Sheet <Leena.Sheet@doj.ca.gov>

---

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

---

Counsel,

Our firm is being retained to represent and assist Alex Schurawel CPA in connection with the subpoena issued by you in the Signal Hill Service, Inc. bankruptcy case. Future communications regarding the subpoena should be directed to my attention.

Please don't hesitate to reach out if you have any questions or wish to discuss.

Thank you,

Will Cross


William Cross
Markus Williams Young & Hunsicker LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
303-604-4083
www.markuswilliams.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

### DECLARATION OF ISABELLA A. PANICUCCI

I, Isabella A. Panicucci, declare:

1.      I am an attorney at law licensed to practice before all courts of the State of California and I am a Deputy Attorney General for the State of California, counsel of record for Creditor California State Lands Commission ("Commission") in this action. I am admitted *pro hac vice* in Wyoming Bankruptcy Court. I have personal knowledge of the following facts. If called upon to testify as a witness, I could and would competently testify to these facts under oath.

2.      On December 17, 2025, I received an email from Mr. Schurawel's counsel, William Cross, requesting a further extension of time of the return date on the subpoena and Rule 2004 examination. On December 18, 2025, the Commission's counsel agreed to extend the deadline for production until January 9, 2026, and schedule the examination for January 23, 2026. Mr. Schurawel's counsel agreed to January 9, 2026 for a production date and confirmed he was available on January 23, 2026, pending the availability of his client. A true and correct copy of this email chain is attached hereto as **Exhibit I**.

3.      On December 30, 2025, Mr. Schurawel's counsel requested a further extension of time to respond to the subpoena and the examination date. On January 5, 2026, the Commission granted the request for an extension, allowing Mr. Schurawel to produce documents on February 13, 2026 and to sit for the examination on February 27, 2026. The Commission's counsel made clear this would be the last extension the Commission would grant absent a court order that the examination and production of documents could not proceed in February. A true and correct copy of this email chain is attached hereto as **Exhibit J**.

4.      On February 13, 2026, upon receiving the Court's ruling, counsel for the Commission promptly contacted Mr. Schurawel's counsel to schedule dates for production of documents and the Rule 2004 examination, proposing February 20, 2026 for document

production and February 27, 2026 for the examination. A true and correct copy of this email is attached hereto as **Exhibit K**.

5.      In response to the Commission's February 13, 2026 email, Mr. Schurawel's counsel responded and refused to schedule dates for production and the examination. A true and correct copy of this email chain is attached hereto as **Exhibit L**.

I declare under penalty of perjury under the laws of the State of California that the facts above are true and correct and that this declaration was executed on March 18, 2026, at Folsom, California.

Dated: March 18, 2026

ISABELLA A. PANICUCCI
Deputy Attorney General

25

# EXHIBIT I

| | |
|---|---|
| **From:** | William Cross |
| **To:** | Isabella Panicucci |
| **Cc:** | Steven Kerns; jeffrey@kukerlaw.com |
| **Subject:** | RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.) |
| **Date:** | Thursday, December 18, 2025 11:10:38 AM |
| **Attachments:** | image002.png |

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Thank you, Isabella, I sincerely appreciate the extension.

January 9 should work for a document production date. I will double check with my client today, but I've already instructed him to gather the documents if he has not already begun to do so. It's my understanding that it should be relatively simple for him to pull documents. I am available on January 23, and I will confirm that date with my client.

I am free to discuss the subpoena tomorrow anytime except 3:30-4:00pm MT, and I am free all day on Monday, Dec. 22.

Thanks,

Will

William Cross
Markus Williams Young & Hunsicker LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
303-604-4083
www.markuswilliams.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

**From:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Sent:** Thursday, December 18, 2025 11:58 AM
**To:** William Cross <WCross@markuswilliams.com>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com
**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

Will,

We are willing to extend the deadline for responding to the subpoena until January 9, 2026. We would like to keep the examination on calendar for the week of January 20. How is January 23, 2026? I understand the constraints you've laid out and we do not wish to burden you or your client, but we are eager to wrap up the examination as soon as possible and before Mr. Schurawel is inundated with tax season. I appreciate your understanding that the State Lands Commission and your client have waited a long time to take this routine examination. Our understanding from previous conversations with Mr. Schurawel is that there is not a voluminous amount of responsive documents, and the process of gathering the documents should already be underway, so the dates above should not pose an inconvenience.

I am happy to meet with you to discuss your questions and concerns about the subpoena. Are you available tomorrow, December 19? I'm also available Monday, December 22 before noon.

Thanks,
Isabella

**From:** William Cross <WCross@markuswilliams.com>
**Sent:** Wednesday, December 17, 2025 10:45 AM
**To:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com
**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Isabella,

Mr. Schurawel had indicated me the response date for the subpoena is December 29, but thank you for confirming.  He had not mentioned to me scheduling a deposition during the week of January 20.  Unfortunately, Mr. Schurawel has been in and out of the hospital in the last week due to a chronic infection and I have only had a limited opportunity to speak with him about the document production and deposition.  I am also still getting acclimated with the Signal Hill bankruptcy and the litigation over the Rule

2004 motion, including Mr. Schurawel's obligations with respect to the non-debtor affiliates' tax information and the consolidated returns. I see from the bankruptcy court docket that Signal Hill has also sought an appeal to the Tenth Circuit in connection with those issues.

Considering Mr. Schurawel's health, proximity to the holidays, and the Tenth Circuit appeal, would you be willing to agree to a further extension of the return date on the subpoena and the deposition? Additionally, I have some questions and concerns about the subpoena which may need us to set up a conferral under Federal Rule 26(c). That said, I appreciate that you have already waited a significant amount of time while the bankruptcy court issues were litigated.

Please feel free to give me a call to discuss.

Best regards,

Will

William Cross
Markus Williams Young & Hunsicker LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
303-604-4083
www.markuswilliams.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

**From:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Sent:** Wednesday, December 17, 2025 10:26 AM
**To:** William Cross <WCross@markuswilliams.com>

**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com
**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

Mr. Cross,

Thank you for reaching out. We previously discussed with Mr. Schurawel that his office would produce the documents requested in the Rule 2004 subpoena by December 29, 2025, and that the examination would take place remotely by Zoom during the week of January 20, 2026. Can you confirm that you are still in agreement with this schedule, and let us know if there is a particular day during the week of January 20 that you would prefer for the examination to take place?

Thank you,

Isabella Panicucci
Deputy Attorney General
Land Use and Conservation Section
Public Rights Division
California Attorney General's Office
1300 I Street | P.O. Box 944255
Sacramento, CA 94244-2550

---

**From:** William Cross <WCross@markuswilliams.com>
**Sent:** Monday, December 15, 2025 10:09 AM
**To:** Steven Kerns <Steven.Kerns@doj.ca.gov>; Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>; jeffrey@kukerlaw.com; Leena M Sheet <Leena.Sheet@doj.ca.gov>
**Subject:** In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Counsel,

Our firm is being retained to represent and assist Alex Schurawel CPA in connection with the subpoena issued by you in the Signal Hill Service, Inc. bankruptcy case. Future communications regarding the subpoena should be directed to my attention.

Please don't hesitate to reach out if you have any questions or wish to discuss.

Thank you,

Will Cross

William Cross

Markus Williams Young & Hunsicker LLC

1775 Sherman Street, Suite 1950

Denver, CO 80203

303-604-4083

www.markuswilliams.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT J

| | |
|---|---|
| **From:** | William Cross |
| **To:** | Isabella Panicucci |
| **Cc:** | Steven Kerns; jeffrey@kukerlaw.com; Jennifer Salisbury |
| **Subject:** | RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.) |
| **Date:** | Wednesday, January 7, 2026 8:27:50 AM |
| **Attachments:** | image004.png |
| | image001.png |

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Isabella,

My apologies for the delay in responding, but I have not been able to speak with my client following your email Monday.  I expect to do so following this morning's bankruptcy court hearing.


Will


William Cross

Markus Williams LLC

1775 Sherman Street, Suite 1950

Denver, CO 80203

303-604-4083

www.markuswilliams.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

**From:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>

**Sent:** Monday, January 5, 2026 11:41 AM

**To:** William Cross <WCross@markuswilliams.com>

**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com; Jennifer Salisbury <jsalisbury@markuswilliams.com>

**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)


Will,

The State Lands Commission is willing to grant your request for an additional extension, but this will be the last extension we will be able to agree to absent a court mandate that the production and examination cannot go forward in February. I'm sure you can appreciate that this examination is long overdue, and while we are sympathetic to your client's health issues and your family obligations, Mr. Schurawel has had ample time to gather documents.

If you produce the documents by February 13, we are available for the examination on February 27. Please let me know if those dates work for you.

Thank you,
Isabella

---

**From:** William Cross <WCross@markuswilliams.com>
**Sent:** Friday, January 2, 2026 2:37 PM
**To:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com; Jennifer Salisbury <jsalisbury@markuswilliams.com>
**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Steven and Isabella,

I am following up on my email below from earlier this week.  Since then, the Tenth Circuit has set a mediation conference on Signal Hill's appeal for January 13, 2026.  Judge Parker has also set a hearing for next Wednesday, January 7, on Signal Hill's motion for stay pending appeal.  In light of these additional developments, extending the subpoena response date seems all the more prudent.

I'm going to be out of office next week helping my father after his hospital stay.  I will be signed on, but my colleague Jennifer Salisbury (who I've copied on this email) will be giving me an assist while I'm out of town in case I cannot be reached.

Regards,

Will Cross


William Cross
Markus Williams Young & Hunsicker LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203

303-604-4083
www.markuswilliams.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

**From:** William Cross
**Sent:** Tuesday, December 30, 2025 1:03 PM
**To:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com
**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

Isabella and Steven,

I am writing to seek an additional extension for Alex Schurawel to respond to the subpoena and the deposition date. As you may recall, earlier this month Alex was admitted to the hospital due to an infection. Since then, he has had very limited ability to go to his office for client work and go through his files and compile documents related to Signal Hill. Complying with the requests for production by January 9 does not appear to be possible. Alex has asked for an additional month to prepare the documents for production. Alex also assured me that tax season will not interfere with his ability to produce documents or sit for a deposition. Additionally, I believe delaying the production and deposition is prudent in light of the motion for stay pending appeal filed yesterday by Signal Hill in the bankruptcy case. I have no idea how or when Judge Parker may rule on the motion or what and when the Tenth Circuit may do with the appeal.

Additional time would be a great relief to me, as well, as I need to be in Illinois all next week to help my father after undergoing surgery yesterday.

Please let me know if an extension to mid-February is acceptable to you.

Thank you,

Will Cross


William Cross

Markus Williams Young & Hunsicker LLC

1775 Sherman Street, Suite 1950

Denver, CO 80203

303-604-4083

www.markuswilliams.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

---

**From:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Sent:** Monday, December 29, 2025 10:07 AM
**To:** William Cross <WCross@markuswilliams.com>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com
**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)


Good morning Will,

I hope you had a nice holiday break. As requested, here is a Word version of the document requests.

Can you also confirm that you and Mr. Schurawel are available for the 2004 examination on Friday, January 23, 2026 starting at 9:00 a.m. PST/10:00 a.m. MT?

Thank you,

Isabella

---

**From:** William Cross <WCross@markuswilliams.com>

**Sent:** Wednesday, December 24, 2025 8:25 AM

**To:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>

**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com

**Subject:** Re: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

That works for me.  I hope you all have a wonderful holiday break!

Will

Get Outlook for iOS

William Cross

Markus Williams Young & Hunsicker LLC

1775 Sherman Street, Suite 1950

Denver, CO 80203

303-604-4083

www.markuswilliams.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

**From:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>

**Sent:** Wednesday, December 24, 2025 9:23:48 AM

**To:** William Cross <WCross@markuswilliams.com>

**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com <jeffrey@kukerlaw.com>

**Subject:** Re: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

Will, I am traveling for the holiday but will send you a Word document as soon as possible when I return on December 29. Thank you.

**From:** William Cross <WCross@markuswilliams.com>

**Sent:** Tuesday, December 23, 2025 10:30 AM

**To:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>

**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com <jeffrey@kukerlaw.com>

**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

---

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

---

Isabella and Steven,

Would you please do me the courtesy of providing a Word copy of your document production requests so we can prepare responses?

Thank you,

Will Cross

William Cross

Markus Williams Young & Hunsicker LLC

1775 Sherman Street, Suite 1950

Denver, CO 80203

303-604-4083

www.markuswilliams.com

---

**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

---

**From:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>

**Sent:** Wednesday, December 17, 2025 10:26 AM

**To:** William Cross <WCross@markuswilliams.com>

**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com

**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

Mr. Cross,

Thank you for reaching out. We previously discussed with Mr. Schurawel that his office would produce the documents requested in the Rule 2004 subpoena by December 29, 2025, and that the examination would take place remotely by Zoom during the week of January 20, 2026. Can you confirm that you are still in agreement with this schedule, and let us know if there is a particular day during the week of January 20 that you would prefer for the examination to take place?

Thank you,

Isabella Panicucci
Deputy Attorney General
Land Use and Conservation Section
Public Rights Division
California Attorney General's Office
1300 I Street | P.O. Box 944255
Sacramento, CA 94244-2550

**From:** William Cross <WCross@markuswilliams.com>
**Sent:** Monday, December 15, 2025 10:09 AM
**To:** Steven Kerns <Steven.Kerns@doj.ca.gov>; Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>; jeffrey@kukerlaw.com; Leena M Sheet <Leena.Sheet@doj.ca.gov>
**Subject:** In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Counsel,

Our firm is being retained to represent and assist Alex Schurawel CPA in connection with the subpoena issued by you in the Signal Hill Service, Inc. bankruptcy case.  Future communications regarding the subpoena should be directed to my attention.

Please don't hesitate to reach out if you have any questions or wish to discuss.

Thank you,

Will Cross

William Cross
Markus Williams Young & Hunsicker LLC

1775 Sherman Street, Suite 1950

Denver, CO 80203

303-604-4083

www.markuswilliams.com

**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain

confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT K

| | |
|---|---|
| **From:** | Isabella Panicucci |
| **To:** | William Cross |
| **Cc:** | Steven Kerns; jeffrey@kukerlaw.com; Jennifer Salisbury |
| **Subject:** | RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.) |
| **Date:** | Friday, February 13, 2026 12:20:23 PM |
| **Attachments:** | image002.png |
| | image001.png |
| | ECF No. 71 - Order Denying Motion to Stay.pdf |

Good afternoon Will,

I hope you are doing well. You may already be aware, but the bankruptcy court issued an order today denying Signal Hill's motion for stay pending appeal. As such, we would like to proceed with production of documents and the Rule 2004 examination.

We propose production of documents by next Friday, February 20. Are you and Mr. Schurawel available for the examination on Friday, February 27 starting at 9:00 a.m. PST/10:00 a.m. MT?

Thank you,
Isabella

**From:** William Cross <WCross@markuswilliams.com>
**Sent:** Wednesday, January 7, 2026 8:27 AM
**To:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com; Jennifer Salisbury <jsalisbury@markuswilliams.com>
**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Isabella,
My apologies for the delay in responding, but I have not been able to speak with my client following your email Monday.  I expect to do so following this morning's bankruptcy court hearing.

Will

William Cross
Markus Williams LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
303-604-4083
www.markuswilliams.com

# MARKUS ⟨MW⟩ WILLIAMS
## Attorneys at Law

**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

**From:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Sent:** Monday, January 5, 2026 11:41 AM
**To:** William Cross <WCross@markuswilliams.com>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com; Jennifer Salisbury <jsalisbury@markuswilliams.com>
**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

Will,

The State Lands Commission is willing to grant your request for an additional extension, but this will be the last extension we will be able to agree to absent a court mandate that the production and examination cannot go forward in February. I'm sure you can appreciate that this examination is long overdue, and while we are sympathetic to your client's health issues and your family obligations, Mr. Schurawel has had ample time to gather documents.

If you produce the documents by February 13, we are available for the examination on February 27. Please let me know if those dates work for you.

Thank you,
Isabella

**From:** William Cross <WCross@markuswilliams.com>
**Sent:** Friday, January 2, 2026 2:37 PM
**To:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com; Jennifer Salisbury <jsalisbury@markuswilliams.com>
**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Steven and Isabella,

I am following up on my email below from earlier this week. Since then, the Tenth Circuit has set a mediation conference on Signal Hill's appeal for January 13, 2026. Judge Parker has also set a hearing for next Wednesday, January 7, on Signal Hill's motion for stay pending appeal. In light of these additional developments, extending the subpoena response date seems all the more prudent.

I'm going to be out of office next week helping my father after his hospital stay. I will be signed on, but my colleague Jennifer Salisbury (who I've copied on this email) will be giving me an assist while I'm out of town in case I cannot be reached.

Regards,

Will Cross

William Cross
Markus Williams Young & Hunsicker LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
303-604-4083
www.markuswilliams.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

**From:** William Cross
**Sent:** Tuesday, December 30, 2025 1:03 PM
**To:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com
**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

Isabella and Steven,

I am writing to seek an additional extension for Alex Schurawel to respond to the subpoena and the deposition date.  As you may recall, earlier this month Alex was admitted to the hospital due to an infection.  Since then, he has had very limited ability to go to his office for client work and go through his files and compile documents related to Signal Hill.  Complying with the requests for production by January 9 does not appear to be possible.  Alex has asked for an additional month to prepare the documents for production.  Alex also assured me that tax season will not interfere with his ability to produce documents or sit for a deposition.  Additionally, I believe delaying the production and deposition is prudent in light of the motion for stay pending appeal filed yesterday by Signal Hill in the bankruptcy case.  I have no idea how or when Judge Parker may rule on the motion or what and when the Tenth Circuit may do with the appeal.

Additional time would be a great relief to me, as well, as I need to be in Illinois all next week to help my father after undergoing surgery yesterday.

Please let me know if an extension to mid-February is acceptable to you.

Thank you,

Will Cross


William Cross
Markus Williams Young & Hunsicker LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
303-604-4083
www.markuswilliams.com



# MARKUS Ⓜ WILLIAMS
## YOUNG & HUNSICKER LLC
### *Attorneys at Law*

**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items.*

*Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

---

**From:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Sent:** Monday, December 29, 2025 10:07 AM
**To:** William Cross <WCross@markuswilliams.com>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com
**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

Good morning Will,

I hope you had a nice holiday break. As requested, here is a Word version of the document requests.

Can you also confirm that you and Mr. Schurawel are available for the 2004 examination on Friday, January 23, 2026 starting at 9:00 a.m. PST/10:00 a.m. MT?

Thank you,

Isabella

---

**From:** William Cross <WCross@markuswilliams.com>
**Sent:** Wednesday, December 24, 2025 8:25 AM
**To:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com
**Subject:** Re: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

That works for me.  I hope you all have a wonderful holiday break!

Will

Get Outlook for iOS

William Cross
Markus Williams Young & Hunsicker LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
303-604-4083
www.markuswilliams.com



**MARKUS WILLIAMS**

**YOUNG & HUNSICKER LLC**

*Attorneys at Law*

**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

**From:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Sent:** Wednesday, December 24, 2025 9:23:48 AM
**To:** William Cross <WCross@markuswilliams.com>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com <jeffrey@kukerlaw.com>
**Subject:** Re: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

Will, I am traveling for the holiday but will send you a Word document as soon as possible when I return on December 29. Thank you.

**From:** William Cross <WCross@markuswilliams.com>
**Sent:** Tuesday, December 23, 2025 10:30 AM
**To:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com <jeffrey@kukerlaw.com>
**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Isabella and Steven,
Would you please do me the courtesy of providing a Word copy of your document production requests so we can prepare responses?

Thank you,

Will Cross

William Cross
Markus Williams Young & Hunsicker LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203

303-604-4083
www.markuswilliams.com

**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

**From:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Sent:** Wednesday, December 17, 2025 10:26 AM
**To:** William Cross <WCross@markuswilliams.com>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com
**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

Mr. Cross,

Thank you for reaching out. We previously discussed with Mr. Schurawel that his office would produce the documents requested in the Rule 2004 subpoena by December 29, 2025, and that the examination would take place remotely by Zoom during the week of January 20, 2026. Can you confirm that you are still in agreement with this schedule, and let us know if there is a particular day during the week of January 20 that you would prefer for the examination to take place?

Thank you,

Isabella Panicucci
Deputy Attorney General
Land Use and Conservation Section
Public Rights Division
California Attorney General's Office
1300 I Street | P.O. Box 944255
Sacramento, CA 94244-2550

**From:** William Cross <WCross@markuswilliams.com>
**Sent:** Monday, December 15, 2025 10:09 AM

**To:** Steven Kerns <Steven.Kerns@doj.ca.gov>; Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>; jeffrey@kukerlaw.com; Leena M Sheet <Leena.Sheet@doj.ca.gov>
**Subject:** In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Counsel,

Our firm is being retained to represent and assist Alex Schurawel CPA in connection with the subpoena issued by you in the Signal Hill Service, Inc. bankruptcy case.  Future communications regarding the subpoena should be directed to my attention.

Please don't hesitate to reach out if you have any questions or wish to discuss.

Thank you,

Will Cross

William Cross
Markus Williams Young & Hunsicker LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
303-604-4083
www.markuswilliams.com

**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended

recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT L

| | |
|---|---|
| **From:** | William Cross |
| **To:** | Isabella Panicucci |
| **Cc:** | Steven Kerns; jeffrey@kukerlaw.com; Jennifer Salisbury |
| **Subject:** | RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.) |
| **Date:** | Friday, February 20, 2026 12:11:59 PM |
| **Attachments:** | image001.png |
| | image004.png |

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Isabella,

We are not refusing to comply with the subpoena, we are just getting mixed messages from the docket. We simply want clarification from the Court on an issue raised by your objection to the Trustee's no asset report – whether the 2004 examination should be allowed proceed despite the Trustee saying there are no assets to be administered and the case has been fully administered. Your objection asks the Court to leave the case open to allow the examination to proceed, so it is open question before the Court. And, at least based on my own research, a novel issue to the Court. We will abide by what the Court says.

Rather than wait for the Court to take that under consideration, we are going to be proactive and file a motion asking Judge Parker to clarify that issue for us. I expect we will have our motion on file by early next week.

Will

William Cross
Markus Williams LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
303-604-4083
www.markuswilliams.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

**From:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Sent:** Thursday, February 19, 2026 10:08 AM
**To:** William Cross <WCross@markuswilliams.com>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com; Jennifer Salisbury <jsalisbury@markuswilliams.com>
**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

Will,

As you know, the bankruptcy court issued a subpoena in February of last year directing your client to produce documents and sit for a Rule 2004 examination. The Trustee's report of no distribution has no bearing on the State Lands Commission's independent investigation into the debtor's estate, financial condition, and possible fraudulent activity. If your client refuses to comply with the court-ordered examination, we will have no choice but to bring a motion to compel. Please reconsider your position and let us know what dates work for you for production and examination.

Thank you,
Isabella

**From:** William Cross <WCross@markuswilliams.com>
**Sent:** Wednesday, February 18, 2026 1:51 PM
**To:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com; Jennifer Salisbury <jsalisbury@markuswilliams.com>
**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Isabella,

After speaking with my client, we do not think it is appropriate to agree to production and examination dates at this time.  The Report of No Distribution filed by the Chapter 7 Trustee states that there are no assets or claims which can be administered for the benefit of creditors.  This would include any assets or claims which the state of California seeks to uncover as part of its discovery efforts, and the Trustee's report makes any such discovery unnecessary.  You filed an objection to the Trustee's report and the bankruptcy court must now resolve that dispute.  If the court sustains your objection and allows the case to remain open for the Rule 2004 examination to proceed, then we can discuss new dates.

Sincerely,

Will


William Cross

Markus Williams LLC

1775 Sherman Street, Suite 1950

Denver, CO 80203

303-604-4083

www.markuswilliams.com




**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

---

**From:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Sent:** Friday, February 13, 2026 1:20 PM
**To:** William Cross <WCross@markuswilliams.com>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com; Jennifer Salisbury <jsalisbury@markuswilliams.com>
**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)


Good afternoon Will,

I hope you are doing well. You may already be aware, but the bankruptcy court issued an order today denying Signal Hill's motion for stay pending appeal. As such, we would like to proceed with production of documents and the Rule 2004 examination.

We propose production of documents by next Friday, February 20. Are you and Mr. Schurawel available for the examination on Friday, February 27 starting at 9:00 a.m. PST/10:00 a.m. MT?


Thank you,
Isabella

---

**From:** William Cross <WCross@markuswilliams.com>
**Sent:** Wednesday, January 7, 2026 8:27 AM
**To:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com; Jennifer Salisbury <jsalisbury@markuswilliams.com>
**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Isabella,

My apologies for the delay in responding, but I have not been able to speak with my client following your email Monday.  I expect to do so following this morning's bankruptcy court hearing.

Will

William Cross

Markus Williams LLC

1775 Sherman Street, Suite 1950

Denver, CO 80203

303-604-4083

www.markuswilliams.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

**From:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Sent:** Monday, January 5, 2026 11:41 AM
**To:** William Cross <WCross@markuswilliams.com>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com; Jennifer Salisbury <jsalisbury@markuswilliams.com>
**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

Will,

The State Lands Commission is willing to grant your request for an additional extension, but this will be the last extension we will be able to agree to absent a court mandate that the production and examination cannot go forward in February. I'm sure you can appreciate that this examination is long overdue, and while we are sympathetic to your client's health issues and your family obligations, Mr. Schurawel has had ample time to gather documents.

If you produce the documents by February 13, we are available for the examination on February 27. Please let me know if those dates work for you.

Thank you,
Isabella

---

**From:** William Cross <WCross@markuswilliams.com>
**Sent:** Friday, January 2, 2026 2:37 PM
**To:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com; Jennifer Salisbury <jsalisbury@markuswilliams.com>
**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Steven and Isabella,

I am following up on my email below from earlier this week.  Since then, the Tenth Circuit has set a mediation conference on Signal Hill's appeal for January 13, 2026.  Judge Parker has also set a hearing for next Wednesday, January 7, on Signal Hill's motion for stay pending appeal.  In light of these additional developments, extending the subpoena response date seems all the more prudent.

I'm going to be out of office next week helping my father after his hospital stay.  I will be signed on, but my colleague Jennifer Salisbury (who I've copied on this email) will be giving me an assist while I'm out of town in case I cannot be reached.

Regards,

Will Cross


William Cross
Markus Williams Young & Hunsicker LLC

1775 Sherman Street, Suite 1950

Denver, CO 80203

303-604-4083

www.markuswilliams.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

**From:** William Cross
**Sent:** Tuesday, December 30, 2025 1:03 PM
**To:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com
**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

Isabella and Steven,

I am writing to seek an additional extension for Alex Schurawel to respond to the subpoena and the deposition date.  As you may recall, earlier this month Alex was admitted to the hospital due to an infection.  Since then, he has had very limited ability to go to his office for client work and go through his files and compile documents related to Signal Hill.  Complying with the requests for production by January 9 does not appear to be possible.  Alex has asked for an additional month to prepare the documents for production.  Alex also assured me that tax season will not interfere with his ability to produce documents or sit for a deposition.  Additionally, I believe delaying the production and deposition is prudent in light of the motion for stay pending appeal filed yesterday by Signal Hill in the bankruptcy case.  I have no idea how or when Judge Parker may rule on the motion or what and when the Tenth Circuit may do with the appeal.

Additional time would be a great relief to me, as well, as I need to be in Illinois all next week to help my father after undergoing surgery yesterday.

Please let me know if an extension to mid-February is acceptable to you.

Thank you,

Will Cross


William Cross

Markus Williams Young & Hunsicker LLC

1775 Sherman Street, Suite 1950

Denver, CO 80203

303-604-4083

www.markuswilliams.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

**From:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>

**Sent:** Monday, December 29, 2025 10:07 AM

**To:** William Cross <WCross@markuswilliams.com>

**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com

**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)


Good morning Will,

I hope you had a nice holiday break. As requested, here is a Word version of the document requests.

Can you also confirm that you and Mr. Schurawel are available for the 2004 examination on Friday, January 23, 2026 starting at 9:00 a.m. PST/10:00 a.m. MT?

Thank you,

Isabella

**From:** William Cross <WCross@markuswilliams.com>
**Sent:** Wednesday, December 24, 2025 8:25 AM
**To:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com
**Subject:** Re: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

That works for me.  I hope you all have a wonderful holiday break!

Will

Get Outlook for iOS

William Cross
Markus Williams Young & Hunsicker LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
303-604-4083
www.markuswilliams.com



**MARKUS M WILLIAMS**
**YOUNG & HUNSICKER LLC**
*Attorneys at Law*

**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

**From:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Sent:** Wednesday, December 24, 2025 9:23:48 AM
**To:** William Cross <WCross@markuswilliams.com>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com <jeffrey@kukerlaw.com>
**Subject:** Re: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

Will, I am traveling for the holiday but will send you a Word document as soon as possible when I return on December 29. Thank you.

**From:** William Cross <WCross@markuswilliams.com>
**Sent:** Tuesday, December 23, 2025 10:30 AM
**To:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com <jeffrey@kukerlaw.com>
**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Isabella and Steven,

Would you please do me the courtesy of providing a Word copy of your document production requests so we can prepare responses?

Thank you,

Will Cross

William Cross
Markus Williams Young & Hunsicker LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
303-604-4083
www.markuswilliams.com

**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

**From:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Sent:** Wednesday, December 17, 2025 10:26 AM
**To:** William Cross <WCross@markuswilliams.com>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com
**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

Mr. Cross,

Thank you for reaching out. We previously discussed with Mr. Schurawel that his office would produce the documents requested in the Rule 2004 subpoena by December 29, 2025, and that the examination would take place remotely by Zoom during the week of January 20, 2026. Can you confirm that you are still in agreement with this schedule, and let us know if there is a particular day during the week of January 20 that you would prefer for the examination to take place?

Thank you,

Isabella Panicucci
Deputy Attorney General
Land Use and Conservation Section
Public Rights Division
California Attorney General's Office
1300 I Street | P.O. Box 944255
Sacramento, CA 94244-2550

---

**From:** William Cross <WCross@markuswilliams.com>
**Sent:** Monday, December 15, 2025 10:09 AM
**To:** Steven Kerns <Steven.Kerns@doj.ca.gov>; Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>; jeffrey@kukerlaw.com; Leena M Sheet <Leena.Sheet@doj.ca.gov>
**Subject:** In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Counsel,

Our firm is being retained to represent and assist Alex Schurawel CPA in connection with the subpoena issued by you in the Signal Hill Service, Inc. bankruptcy case.  Future communications regarding the subpoena should be directed to my attention.

Please don't hesitate to reach out if you have any questions or wish to discuss.

Thank you,

Will Cross

William Cross

Markus Williams Young & Hunsicker LLC

1775 Sherman Street, Suite 1950

Denver, CO 80203

303-604-4083

www.markuswilliams.com

**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD
WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain

confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

## CERTIFICATE OF SERVICE

| Case Name: | **In Re: SIGNAL HILL SERVICE, INC.** | No. | **2:24bk20439** |
|---|---|---|---|

I hereby certify that on <u>March 18, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### CREDITOR CALIFORNIA STATE LANDS COMMISSION'S OPPOSITION TO MOTION FOR CLARIFICATION REGARDING COMPLIANCE WITH SUBPOENA AND OBJECTIONS TO DOCUMENT REQUESTS

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system:

Stephen R. Winship
Winship and Winship, PC
145 South Durbin Street
Suite 201
Casper, WY 82601-2566
**Email:** steve@winshipandwinship.com
**Email:** billie@winshipandwinship.com
**Email:** receptionist@winshipandwinship.com

*Attorney for Debtor*
*Signal Hill Service, Inc.*

William Cross
*Email: (WCross@markuswilliams.com)*
*Attorney for Alex Schurawel*

John A. Coppede
Coal Creek Law, LLP
211 W. 19th Street
P.O. Box 467
Cheyenne, WY 82003-0467
**Email:** jcoppede@coalcreeklaw.com
**Email:** marmijo@coalcreeklaw.com

*Attorney for Creditor*
*Gaynor Ranch LLC*

Randy L. Royal
P.O. Box 551
Greybull, WY 82426-0551
**Email:** rlroyal@randylroyalpc.com
**Email:** charlene@randylroyalpc.com
**Email:** msanderton@randylroyalpc.com
**Email:** WY14@ecfcbis.com

*Bankruptcy Trustee*

Office of The United States Trustee
308 West 21st Street
Suite 203
Cheyenne, WY 82001-3669
**Email:** ustpregion19.cy.ecf@usdoj.gov

*The United States Trustee*
*for Region 19 – District of Wyoming*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 18, 2026</u>, at Los Angeles, California.

| J. Martinez | /s/ J. Martinez |
|---|---|
| Declarant | Signature |