

FILED

11:48 am, 3/19/26

HJ Esterholdt
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

In re:

SIGNAL HILL SERVICE, INC.,

Debtor.

Case No. 24-20439
Chapter 7

**ORDER SUSTAINING OBJECTIONS TO FINAL REPORT AND HOLDING CASE OPEN**

This matter is before the court on Creditor California State Land Commission's ("California") and Creditor Gaynor Ranch's Objections to the Trustee's Report of No Distribution (ECF Nos. 70 and 76).

Debtor Signal Hill Service, Inc. filed its bankruptcy petition on November 1, 2024.[1] California has diligently participated in the bankruptcy proceedings since the case was opened. On February 12, 2025, California filed a motion to conduct an examination and subpoena documents pursuant to Federal Rule of Bankruptcy Procedure 2004.[2] The court granted California's motion on February 21, 2025.[3]

Almost two months later, on April 14, 2025, a Motion to Reconsider Rule 2004 Order[4] was filed on behalf of Debtor and its affiliates, and California objected.[5] The court held a hearing on the Motion to Reconsider on July 30, 2025. At the hearing, the court denied the Motion to Reconsider, but granted and directed California to file a proposed protective order as a formal order addressing Movant's confidentiality concerns.[6] California filed a Proposed Protective Order[7], and Movants filed a Motion to Clarify[8] and an Objection to the Proposed Protective Order.[9] After considering Movant's Objections, the court entered an Amended Protective Order[10] and an Order Denying the Motion to Clarify.[11] Movants filed a Motion for Leave to Appeal with the United States District

---

[1]   ECF No. 1.
[2]   ECF No. 8.
[3]   ECF No. 12.
[4]   ECF No. 17.
[5]   ECF No. 18.
[6]   ECF No. 33.
[7]   ECF No. 36.
[8]   ECF No. 37.
[9]   ECF No. 38.
[10]  ECF No. 43.
[11]  ECF No. 44.

Court for the District of Wyoming, and the District Court denied the Motion.[12] On December 15, 2025, Movants filed their Notice of Appeal to the Tenth Circuit Court of Appeals, appealing the District Court's Order.[13] On December 29, 2025, Signal Hill filed a motion to stay the Rule 2004 examination pending the Tenth Circuit appeal.[14] California filed an opposition to the motion on January 5, 2026.[15] On February 13, 2026, the court denied the motion to stay.[16] Pursuant to Debtor's Status Report, mediation between the parties commenced on January 14, 2026, and was thereafter continued to February 10, 2026.[17]

The Trustee filed his Report of No Distribution in this case on February 2, 2026, and California filed an objection thereto on February 6, 2026. There is a presumption that a case is fully administered when the trustee has filed a final report and final account, certifying that the estates has been fully administered, and neither the United States trustee nor party in interest files an objection to the report within 30 days.[18] Since two parties in interest have filed objections, there is no presumption that this case has been fully administered.

Neither the U.S. Code nor Federal Rules of Bankruptcy Procedure define "fully administered."[19] Determining whether an estate has been fully administered is within the bankruptcy court's discretion.[20] "[B]ankruptcy courts are charged with reviewing each request for entry of a final decree on a case-by-case basis in determining whether an estate has been fully administered."[21] Determining when a case is "fully administered" is based on consideration of numerous case-specific, procedural, and practical factors.[22] "The bankruptcy court is uniquely positioned to make this determination given that it will have overseen the particular debtor's case from the beginning and will have first hand knowledge of what matters have been, or need to be, completed before closure of the case."[23]

In this case, California moved for a Rule 2004 examination on February 12, 2025, and this

[12] *See* 25-cv-236-KHR, ECF No. 3 and 8.
[13] 25-cv-236-KHR, ECF No. 11.
[14] ECF No. 60.
[15] ECF No. 64.
[16] ECF No. 71.
[17] ECF No. 67.
[18] Fed. R. Bankr. P. 5009(a).
[19] *In re Union Home & Indus., Inc.*, 375 B.R. 912, 916 (B.A.P. 10th Cir. 2007).
[20] *In re Shotkoski*, 420 B.R. 479, 483 (B.A.P. 8th Cir. 2009).
[21] *Id.* (citing *In re Federated Dep't Stores, Inc.*, 43 Fed.Appx. 820, 822 (6th Cir.2002) (citing *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 539 (Bankr. E.D. Ky. 1997)).
[22] *In re Union Home & Indus., Inc.*, 375 B.R. at 917.
[23] *Id.*

court granted the motion on February 21, 2025, more than a year ago. Because of Debtor's litigation over the matter, California has still been unable to conduct the Rule 2004 examination. Currently, an appeal of orders entered in relation to the Rule 2004 examination is still pending. On February 13, 2026, this court denied a Motion to Stay the Rule 2004 examination pending appeal. On March 4, 2026, Debtor's accountant filed a Motion for Clarification Regarding Compliance with the Subpoena and Objections to Document Requests. That matter is also pending. Given that the Rule 2004 examination has yet to be completed, the court finds the case is not fully administered.

IT IS THEREFORE ORDERED that the Objections are sustained.

IT IS FURTHER ORDERED that the Trustee's request to be discharged from the case is denied.

BY THE COURT

_3/19/2026_
Honorable Cathleen D. Parker
United States Bankruptcy Judge

Service to:
    Signal Hill Service, Inc.
    Stephen R. Winship
    Steven Kerns