William G. Cross (Wyoming Bar No. 8-6562)
Jennifer Salisbury (Wyoming Bar No. 7-5218)
Markus Williams LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
Telephone: (303) 830-0800
Facsimile: (303) 830-0809
wcross@markuswilliams.com
jsalisbury@markuswilliams.com

*Counsel for Alexander Schurawel, CPA*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| SIGNAL HILL SERVICE, INC., | ) | |
| | ) | Case No. 24-20439 |
| Debtor. | ) | |
| | ) | |

## MOTION FOR ORDER EXTENDING DEADLINE
## TO RESPOND TO DOCUMENT SUBPOENA

Alexander Schurawel, CPA ("Schurawel"), by and through his undersigned counsel, hereby moves this Court, hereby files this *Motion for Order Extending Deadline to Respond to Subpoena* (the "Motion"). In support of this Motion and the relief requested herein, Schurawel states as follows:

1. Mr. Schurawel is a Certified Public Accountant and tax return preparer in Irvine, California. Mr. Schurawel is the only employee in his tax practice. For approximately 30 years, in this limited capacity Mr. Schurawel has prepared consolidated tax returns for the Debtor and non-debtor entities. Mr. Schurawel does not prepare tax returns for any employees, agents, officers, directors, representatives, consultants,

{Z0402497/1 }

accountants, or attorneys of the Debtor or the non-debtor entities appearing in the consolidated tax returns.

2.      On November 1, 2024 (the "Petition Date"), Signal Hill Service, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 7 of Title 11 of the U.S. Code, 11 U.S.C. § 101, *et seq* (the "Bankruptcy Code").[1]

3.      On February 12, 2025, the Commission filed its *Motion for Rule 2004 Request for Production of Documents and Deposition of Third-Party Witness Alex Schurawel* [Doc. 8] (the "2004 Motion").  The Commission sought the production of documents from Mr. Schurawel which "may reveal the Debtor's liabilities and financial condition from 2015 to present and whether the Debtor has committed wrongdoing pertaining to the veracity of their financial representations." [*Id*. at p. 4.]  The Commission also states in the 2004 Motion that it "would consider reasonable modifications to the scope of its request upon a sufficient showing of undue burden." [*Id*. at pp. 7-8.]

4.      The Court granted the 2004 Motion on February 21, 2025 [Doc. 12] (the "2004 Order").  The Clerk of the U.S. Bankruptcy Court for the District of Wyoming issued a *Subpoena for Rule 2004 Examination* [Doc. 14] (the "2004 Subpoena") on February 26, 2025.

---

[1] Unless otherwise specified, all references herein to "Section," "§," "Bankruptcy Code" and "Code" refer to the U.S. Bankruptcy Code, 11 U.S.C. § 101, *et seq.*

5.      After entry of the 2004 Order between February and December 2025, significant litigation ensued between the Debtor and the Commission regarding the 2004 Motion, the 2004 Order, and the 2004 Subpoena, including, but not limited to, two appeals initiated by the Debtor. [Docs. 17-21, 24-26, 35-38, 40, 43, 44, 47, 49-51, 53-55, 57, 58.]

6.      On December 29, 2025, in connection with its appeal to the Tenth Circuit Court of Appeals, the Debtor filed in this case a *Motion for Stay Pending Appeal* [Doc. 60], asking this Court to stay Mr. Schurawel's response to the 2004 Subpoena pending that appeal. The Commission filed an objection to the Debtor's motion on January 5, 2026 [Doc. 64.]  The Court held a hearing on the Debtor's motion and the Commission's objection on January 7, 2026. The Court held a hearing on the Debtor's motion and the Commission's objection on January 7, 2026. Due to the ongoing uncertainty and possibility of the Court granting the Debtor's requested relief, Mr. Schurawel did not respond to the 2004 Subpoena or agree to dates for production and examination proposed by the Commission while the Court took the Debtor's motion under consideration.

7.      On February 2, 2026, the Trustee filed a second *Chapter 7 Trustee's Report of No Distribution* (the "Second No Asset Report"), certifying to the Court that there are no assets or property to be administered for the benefit of creditors of the estate and that the Debtor's bankruptcy estate had been fully administered.

8.     On March 4, 2026, Schurawel filed a Motion for Clarification Regarding Compliance with Subpoena seeking clarification from the Court as to whether Schurawel need still comply with the 2004 Subpoena given that the chapter 7 trustee had certified to the Court that there are no assets or property to be administered for the benefit of creditors and that the estate has been fully administered.

9.     On March 31, 2026, the Court entered its Order in response to the Motion for Clarification stating that the Trustee's Report does not excuse compliance under a lawful subpoena and that Schurawel remains subject to the Subpoena and that the Court's 2004 Order remains in force.

10.    In light of the Court's March 31, 2026 Order, Schurawel through his counsel and in negotiations with the Commission agreed to turn over documents responsive to the Subpoena to the Commission on April 27, 2026.  At the time, Schurawel believed that his professional obligations to his clients would be mostly completed following the April 15, 2026 tax deadlines and an additional two weeks would provide him with sufficient time to compile the documents responsive to the 2004 Subpoena as modified per the Court's March 31, 2026 Order.

11.    Unfortunately, due to circumstances that were unknown at the time of the agreement, Schurawel requests and needs additional time to comply with his obligations under the 2004 Subpoena.

12.     Specifically, Schurawel suffers from a chronic nerve condition called atypical odontalgia, which causes severe pain and requires him to take several medications for pain management. This condition has in the past has required hospital stays for treatment, including most recently in December 2025.

13.     The severe pain caused by the atypical odontalgia has a major negative impact on his ability to complete daily tasks and professional work.  Treatment of the condition and medication require long periods of rest on a daily basis.  Due to his inability to regularly work because of his condition, he has a significant backlog of matters to be completed in his tax return practice.

14.     Several of his clients have obtained extensions of their tax deadlines and therefore work that normally would have been completed by April 15 is not completed.

15.     As a result of the foregoing and as further described in the Affidavit attached hereto as Exhibit 1, Mr. Schurawel believes he will not be able to fully and completely respond to the subpoena until May 31, 2026. By this Motion, Mr. Schurawel requests an extension of the deadline to respond to the 2004 Subpoena up to and including May 31, 2026.

16.     Fed. R. Bankr. P. 9006(b)(1) provides, in relevant part, that "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended

by a previous order[.]" Although the Court has not itself set a deadline for Mr. Schurawel to respond to the Subpoena, Mr. Schurawel submits "cause" exists for the Court to extend the previously agreed to deadline under the Federal Rules of Bankruptcy Procedure, including, but not limited to, Rule 9006(b) of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, Mr. Schurawel respectfully requests the Court enter an order extending the deadline for production of documents in response to the Subpoena to May 31, 2026, set a date for examination that is mutually agreeable to Mr. Schurawel and the Commission, and enter such further and other relief as the Court finds appropriate under the circumstances.

Dated: April 24, 2026
Cheyenne, Wyoming

MARKUS WILLIAMS LLC

*/s/ Jennifer Salisbury*
Jennifer Salisbury
Markus Williams LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
Telephone: (303) 830-0800
Facsimile: (303) 830-0809
Email: jsalisbury@markuswilliams.com

*Counsel for Alexander Schurawel, CPA*

# CERTIFICATE OF SERVICE

The undersigned certifies that on April 24, 2026, I served via CM/ECF an electronic copy of the foregoing on all parties against registered for service through CM/ECF, including:

Jeffrey M Boldt
jeffrey@kukerlaw.com,
vaughna@kukerlaw.com

John A. Coppede
jcoppede@coalcreeklaw.com,
jfiscus@coalcreeklaw.com

William  Cross
wcross@markuswilliams.com,
janderson@markuswilliams.com;Docket
@markuswilliams.com

Steven  Kerns, Jr
steven.kerns@doj.ca.gov,
josephine.martinez@doj.ca.gov

Isabella  Panicucci
Isabella.Panicucci@doj.ca.gov

Randy L. Royal
rlroyal@randylroyalpc.com,
charlene@randylroyalpc.com;msanderton@randylroyalpc.com;WY14@ecfcbis.com

Jennifer M. Salisbury
jsalisbury@markuswilliams.com,
janderson@markuswilliams.com,docket@markuswilliams.com

Leena M. Sheet
leena.sheet@doj.ca.gov

 US Trustee
USTPRegion19.cy.ecf@usdoj.gov

Stephen R. Winship
steve@winshipandwinship.com,
billie@winshipandwinship.com;receptionist@winshipandwinship.com


/s/ Jessica Anderson
Jessica Anderson

provi{Z0402497/1 }                                7