Stephen R. Winship
(Wyoming State Bar No. 5-2093)
WINSHIP & WINSHIP, P.C.
145 South Durbin Street, Suite 201
Casper, WY 82601
(307) 234-8991
steve@winshipandwinship.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SIGNAL HILL SERVICE, INC., | ) | Case No. 24-20439 |
| | ) | CHAPTER 7 |
| Debtor. | ) | |
| | ) | |

## MOTION FOR STAY PENDING APPEAL

**COME NOW** the above-named Debtor and its Affiliates[1] ("Appellants"), by and through their counsel, and pursuant to Fed. R. Bankr. P. 8007(a) request that this Court issue a stay as to its "Order Granting in Part Motion for Extension of Time to Respond Subpoena" [D.E. 94] ("Order") pending Appellants' appeal of the "Order Sustaining Objections to Final Report and Holding Case Opened [D.E. 79] entered on March 18, 2026 ("Order Sustaining Objection"), and in support hereof shows the Court as follows:

1.      On April 2, 2026, Appellants filed their Notice of Appeal to the Bankruptcy Appellant Panel for the Tenth Circuit Court of Appeals as to the Order Sustaining Objection (B.A.P. No. WY-26-003).

---

[1] The "Affiliates" are comprised of Carone Energy Corporation, Carone Petroleum Corporation. Republic Drilling Company, Inc., Pacific Operators Offshore, LLC, Verrazzano Corporation, Carpinteria Offshore Project Ltd, Pacific Operators, Inc., dba Pacific Operators Offshore, Inc., AnAmerican Corporation (fdba AnAmerican Drilling, Inc.)

2.      On May 1, 2026, this Court entered its Order, which requires Appellants'

accountant to produce to California State Lands Commission ("Commission"), *inter alia*,

income tax returns that include as well as disclose the Affiliates' confidential financial

information, and that the Rule 2004 examination of said accountant occur on or before May

31, 2026.

3.      The issue to be decided by the Tenth Circuit B.A.P. is when the Bankruptcy

Court relied upon matters that would be rendered moot by the approval of the Chapter

7 Trustee's Report of No Distribution in order to sustain the objections to said Report,

did the Bankruptcy Court abuse its discretion?

4.      In exercising its discretion as to whether to grant the requested stay, this Court

may consider four well established factors: "(1) the likelihood that the party seeking the stay

will prevail on the merits of the appeal; (2) the likelihood that the moving party will suffer

irreparable injury unless the stay is granted; (3) whether granting the stay will result in

substantial harm to the other parties to the appeal; and (4) the effect of granting the stay upon

the public interest." *In re Lang*, 305 B.R. 905, 911 (10th Cir. B.A.P. 2004).

5.      Regarding the factor pertaining to the likelihood of the appeal's success, the

"probability of success is demonstrated when the petitioner seeking the stay has raised

'questions going to the merits so serious, substantial, difficult, and doubtful as to make the

issue ripe for litigation and deserving of more deliberate investigation.' "*Morreale v. 2011-

SIP-1 CRE/CADC Venture, LLC (In re Morreale)*, 2015 WL 429502, at * 1 (D. Colo. Jan. 30,

2015). On a remarkably similar issue, the Tenth Circuit BAP noted that "[w]hether the denial

of an application for a final decree is a final order for the purposes of appellate review is a

matter of first impression." *In re Union Home and Indus., Inc.*, 375 B.R. 912, 915 (10th Cir.

BAP 2007).  There have been no subsequent appeal decisions in the Tenth Circuit that have reversed (or distinguished) that decision.  More important is the fact that there does not appear to have been any appeal decisions in the Tenth Circuit arising from an application for a final decree from a Chapter 7 Trustee.  Related thereto is the lack of any decisions as to what constitutes a "pending matter" in connection with an application for a final decree when those pending matters would be resolved by becoming moot if the final decree was granted.   More specifically, the primary purpose of the Rule 2004 examination sought by the Commission was purportedly that it sought to assist the Chapter 7 trustee by attempting to locate fraudulent conveyances by the Debtor or some other undisclosed asset (the nature of which the Commission has never identified).  However, the Chapter 7 Trustee Report of No Distribution is certainly a strong indication that he does not believe such assistance to be necessary.  It is now generally accepted after *Union Home*, that a pending fee application likely means that the estate has not been fully administered.  A fee application does not depend upon or become moot as a result of a final decree.  However, in this instant case, the "pending matters" that this Court identified would have no purpose and would become moot if the Court has denied the objection to the Chapter 7 Trustee's final report.  The issue of whether a pending Rule 2004 examination is a "pending matter", when considering § 350(a) in the context of a Chapter 7 case, is a serious and important question of first impression.  Considering the long-recognized sensitivity by most courts as to the disclosure of income tax returns combined with the due process concerns raised by the fact that several of the Affiliates were not served with the Commission's Rule 2004 Motion, and the first factor has been satisfied.

6.       Regarding the irreparable harm factor, "[t]he party seeking injunctive relief must show that the injury complained of is of such *imminence* that there is a clear and present

need for equitable relief to prevent irreparable harm." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188-89 (10th Cir. 2003). In this case, the Appellants will suffer the irreparable harm of rendering of the appeal of the Order moot upon the disclosure of their tax returns. Once the tax returns are turned over to Appellees, the underlying controversy ceases to exist. See *City Center West, L.P. v. Amer. Modern Home Ins. Co.*, 749 F.3d 912, 913 (10th Cir. 2019). Thus the injury - the disclosure of the tax returns – cannot later be redressed by some legal or equitable remedy. Mootness has been determined to constitute an irreparable harm. See *In re Los Angeles Dodgers, LLC*, 465 B.R. 15, 36-36 (D. Del. 2011); *In re Adelphia Comm Corp.*, 361 B.R. 337, 348 (S.D. N.Y. 2007); *In re Tribune Co.*, 477 B.R. 465, 476 (Bankr. D. Del. 2012); *In re Gleasman*, 111 B.R. 595, 601 (Bankr. W.D. Tex. 1990). In a similar manner, this Court noted as to Appellants' earlier "Motion for Leave to Appeal" that the disclosure of the tax information was "effectively unreviewable". [D.E. 51.]

7.     The third factor involves weighing the relative harm each party will suffer. This factor weighs most heavily in favor of Appellants. The confidentiality of the Affiliates' tax returns is lost once Appellees have reviewed them. It is for this reason that the returns are subject to a "qualified privilege" as to their disclosure. See e.g. *Progressive Ins. v. Sampson*, 2011 WL 274878, at *2 (N.D. Okla. July 14, 2011). On the other hand, the Appellees at worst suffer a little more delay and certainly no costs or other monetary expense. The fact that it is the Appellees and not the Chapter 7 Trustee seeking the subject tax returns is a strong indication that the administration of the bankruptcy estate is not being affected. Further, the

Commission has never explained why it cannot obtain the subject discovery as part of the state court litigation that is pending in California[2].

8.      The final consideration as to the "public interest" again favors the Appellants. The notion of the public interest in this context is one that transcends the interest of the parties in the case. *In re Revel AC, Inc*., 802 F.3d 558, 569 (3rd Cir. 2015).  The public interest will be furthered by this appeal because it will clarify the public policy regarding the exposure of third parties' tax returns in bankruptcy cases and their rights, if any, to protect such information from such exposure.  Further the appeal will decide what standing creditors have to seek discovery on behalf of Chapter 7 trustees.

**WHEREFORE** Debtor and its Affiliates request this Court stay the Order Sustaining Objections and all matters relating to its Rule 2004 Order [D.E. 12] pending the outcome of the appeal to the Tenth Circuit BAP.

**DATED** this 7th day of May, 2026.

> SIGNAL HILL SERVICE, INC.
>
> By:_____/s/_____
>      Stephen R. Winship
>      (Wyoming State Bar No. 5-2093)
>      WINSHIP & WINSHIP, P.C.
>      145 S. Durbin Street, Suite 201
>      Casper, WY 82601
>      (307) 234-8991
>      steve@winshipandwinship.com

## CERTIFICATE OF SERVICE

I, Stephen R. Winship hereby certify that a true and correct copy of the foregoing **Motion to Stay Pending Appeal** was served *electronically* using the Court CM/ECF program

---

[2] This Court does not appear to have ever ruled as to why the "Pending Litigation Rule" does not apply to the underlying dispute.  (See e.g. *In re Brooke Corp*., 2013 WL 3948866, at *3 (Bankr. D. Kan. July 29, 2013.))

6 | P a g e

upon **Isabella Panicucci**, (Isabella.Panicucci@doj.ca.gov), **Jeffrey M. Boldt** (jeffrey@kukerlaw.com**),** and **Steven Kerns (**steven.kerns@doj.ca.gov**),** this 7th day of May, 2026.

/s/
Stephen R. Winship