

FILED

2:27 pm, 5/8/26
HJ Esterholdt
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

In re:

SIGNAL HILL SERVICE, INC.,

Debtor.

Case No. 24-20439
Chapter 7

## ORDER DENYING STAY PENDING APPEAL

This matter is before the court on a Motion for Stay Pending appeal (ECF No. 96). The court has reviewed the pleadings and denies the Motion as follows:

**Procedural History**

On February 12, 2025, the California State Lands Commission (California) filed a Motion for 2004 Examination and Request for Production of Documents and Deposition of Third-Party Witness Alex Schurawel.[1] California "seeks to inquire into the Debtor's conduct and to discover assets belonging to the Debtor's estate. To do so, the Commission desires to depose the debtor's accountant, Mr. Alex Schurawel CPA, concerning the Debtor's books, records and accounts, affairs and business transactions. Specifically, the Commission seeks to examine the Debtor's tax preparation and banking records, among other documents reflected in the attached document requests."[2] Because Debtor's information is part of consolidated tax returns, the information requested also includes affiliate company information.[3]

Debtor filed a Motion to Strike on February 13, 2025, based on counsel Steven Kearn's lack of admission before this court.[4] The court entered an Order Denying the Motion to Strike on February 14, 2025, finding a Motion for Rule 2004 Examination is not a contested matter requiring admission before this court.[5] Debtor did not to object to the Motion on any other grounds, and on February 21, 2025, the court granted California's Motion.[6] Debtor, nor its affiliates or Mr. Schurawel, sought to quash the subpoena once issued.

---

[1]   ECF No. 8.
[2]   *Id.*
[3]   *See* ECF No. 17, pgs. 3-4 and ECF No. 18.
[4]   ECF No. 9.
[5]   ECF No. 10.
[6]   ECF No. 12.

Almost two months later, on April 14, 2025, a Motion to Reconsider Rule 2004 Order[7] was filed on behalf of Debtor and its affiliates[8] (Movants) and California objected.[9] The court held a hearing on the Motion to Reconsider on July 30, 2025. At the hearing, the court denied the Motion to Reconsider, but granted and directed California to file a proposed protective order as a formal order addressing Movant's confidentiality concerns.[10] California filed a Proposed Protective Order[11], and Movants filed a Motion to Clarify[12] and an Objection to the Proposed Protective Order.[13] After considering Movant's Objections, the court entered an Amended Protective Order[14] and an Order Denying the Motion to Clarify.[15] Subsequently, California served a subpoena upon Alex Schurawel (Movants' accountant). Pursuant to this Subpoena, and agreement of Mr. Schurawel and California, the tax returns were initially to be turned over to California in mid-February 2026.[16] On April 24, 2026, Counsel for Mr. Schurawel filed a Motion for Extension of Time to Respond to Subpoena.[17] California filed a limited Objection on April 29, 2026, agreeing to a shorter extension of time.[18] The court entered an Order Granting in Part the Motion for Extension of Time, giving Mr. Schurawel until May, 15, 2026, to comply with the subpoena.[19]

The Trustee filed his Report of No Distribution in this case on February 2, 2026, and California filed an objection thereto on February 6, 2026. Creditor Gaynor Ranch, LLC filed an objection to the Report on March 4, 2026. The court entered an Order Sustaining the Objections to the Final Report and Holding the Case Open on March 19, 2026[20], and on April 2, 2026, Appellants filed their Notice of Appeal to the Bankruptcy Appellant Panel for the Tenth Circuit Court of Appeals as to the Order Sustaining Objections.[21]

---

[7]  ECF No. 17.
[8]  The "Affiliates" are comprised of Carone Energy Corporation, Carone Petroleum Corporation. Republic Drilling Company, Inc., Pacific Operators Offshore, LLC, Verrazzano Corporation, Carpinteria Offshore Project Ltd, Pacific Operators, Inc., dba Pacific Operators Offshore, Inc., AnAmerican Corporation (fdba AnAmerican Drilling, Inc.)
[9]  ECF No. 18.
[10]  ECF No. 33.
[11]  ECF No. 36.
[12]  ECF No. 37.
[13]  ECF No. 38.
[14]  ECF No. 43.
[15]  ECF No. 44.
[16]  *See* ECF No.
[17]  ECF No. 90.
[18]  ECF No. 92.
[19]  ECF No. 94.
[20]  ECF No. 79.
[21]  ECF No. 84

**Discussion**

A stay pending appeal "temporarily suspends proceedings or the effect of a judgment"[22] and "is an extraordinary remedy and requires a substantial showing on the part of the movant."[23] In determining whether to issue a stay pending appeal, this court must consider: (1) the likelihood the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood the moving party will suffer irreparable injury unless the stay is granted; (3) whether granting the stay will result in substantial harm to the other parties to the appeal; and (4) the effect of granting the stay upon the public interest.[24] In analyzing the factors, courts give more deference to the first and second factors because they are the most critical in determining whether to grant the motion for stay pending appeal.[25]

As a first matter, the court is concerned that Movants seek to Stay an Order to which they were not a party. Movants open their Motion by requesting this court stay the Order Granting an Extension of Time and then close their motion by requesting this court "stay the Order Sustaining Objections and all matters relating to its Rule 2004 Order."

This court has already previously denied the request to stay all matters relating to the Rule 2004 Order. Movants were not a party to the Motion or Order for an extension of time to comply with the subpoena and have not explained how they have standing to request a stay of that Order. Further, to stay the Order Granting the Extension of Time would have the effect of reviving the previous deadline to comply with the subpoena, which was April 27, 2026.[26] Even more so, to stay this court's Order Sustaining Objections is nonsensical and would, in effect, rule the case closed pending a final ruling on the appeal.

The heart of Movant's Motion is to seek a stay of the Order for Rule 2004 Examination. As discussed below, Movants reuses the same arguments for the second, third, and fourth factors that the court already addressed in the prior Order Denying Stay. The only real issue before the court is merits of the appeal of the Order Sustaining Objections.

---

[22] *Lofstedt v. Kendall (In re Kendall)*, 510 B.R. 356, 359 (Bankr. D. Colo. 2014).

[23] *Renfrow v. Grogan (In re Renfrow)*, No. 17-10385-R, 2019 WL 2240902, at *3 (Bankr. N.D. Okla. May 22, 2019).

[24] *In re Lang*, 414 F.3d 1191, 1201 (10th Cir. 2005) (citations omitted). *See also, Nken v. Holder*, 556 U.S. 418, 426 (2009*); Abengoa Bioenergy Biomass of Kan., LLC v. ICM, Inc. (In re Abengoa Bioenergy Biomass of Kan., LLC)*, No. KS-16-012, 2016 WL 2726643, at 1 (B.A.P. 10th Cir. May 6, 2016).

[25] *Nken v. Holder,* 556 U.S. at 434.

[26] ECF No. 90.

To succeed on the heavy burden of the first factor, "it is not enough that the chance of success on the merits be better than negligible or that success be a mere possibility."[27] Movants must show the lower court's decision was erroneous on the merits.[28] Movants focus their argument on pending matters for purposes of 11 U.S.C. § 350(a). However, Movants do not explain how the court erred in determining that there was no presumption that the case was fully administered under Fed. R. Bankr. P. 5009(a). Without a presumption of being fully administered, the court did not reach Section 350(a). Instead, the court relied on the discretion it is allowed in determining whether the case had been fully administered.

Movants argue that whether the pending matters the court identified are sufficient to find the case has not been fully administered is a matter of first impression. The court disagrees. Other courts in the Tenth Circuit have found that pending Rule 2004 examinations were a factor to consider in determining whether a case is fully administered.[29] Further, Movants ignore that the Rule 2004 Examination became a contested matter when they filed their Motion for Reconsideration.[30] Because the Rule 2004 Examination has not been completed, it is a pending contested matter. The case law cited by Movants acknowledges that pending contested matters is something the court should consider in determining if a case is fully administered.[31] It is not a question of first impression.

Movants fail to make any attempt to explain how this court abused its discretion in finding the case has not been fully administered. The Tenth Circuit decision *In re Union Home and Indus., Inc.*, makes it clear Movants are unlikely to succeed on the merits. In that case, the Tenth Circuit found an appellant court is not particularly well suited to determine whether a case has been fully administered.[32] The Court went on to explain that the full history of a case cannot be conveyed in the appellant record and that "many of the factors relevant to determining if a case has been 'fully administered' may be known only to the bankruptcy court, based on its experience and oversight of the case. The bankruptcy court will likely have insights and know of practical considerations not

---

[27] *Pueblo of Pojoaque v. State*, 233 F. Supp. 3d 1021, 1114–15 (D.N.M. 2017) (citing *Nken v. Holder*, 556 U.S. at 426).

[28] *Nken v. Holder*, 556 U.S. at 439.

[29] *See In re Atna Res. Inc.*, 576 B.R. 214, 222 (Bankr. D. Colo. 2017).

[30] *See* L.B.R. 9010-1; Fed. R. Bankr. P. 9014. *See also* ECF Nos. 10 and 29.

[31] *In re Union Home and Indus., Inc.*, 375 B.R. 912, 917 (B.A.P. 10th Cir. 2007). *See also One In re L & T Machining, Inc.*, No. 11-11045, 2013 WL 3368984, at *3 (Bankr. D. Kan. July 3, 2013).

[32] *Id.*

4

conveyed by the appellate record."[33] The Tenth Circuit ruled that the abuse of discretion standard on appeal is appropriate to allow the bankruptcy court the needed flexibility in determining whether a case is fully administered.[34] An abuse of discretion standard is a high burden on appeal, and Movants have made no attempt to explain how the court "made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."[35] The Movants have failed to meet the heavy burden of showing a likelihood of success on the merits. The court finds this factor weighs heavily against grating the stay. With Movants having failed to establish a likelihood of success on the merits, the court could once again end the analysis here.

To meet second factor's heavy burden, a movant must show they will suffer irreparable harm if the stay is not granted. "[S]imply showing some 'possibility of irreparable injury . . . fails to satisfy the [irreparable harm] factor."[36] Movants once again argue that the confidentiality of the tax returns is lost once California has reviewed them. The court has previously rejected this argument.[37] The purpose of the Amended Protective Order is to protect the confidentiality of sensitive information subject to a qualified privilege, where there is a compelling need for the information to be disclosed in the bankruptcy.[38] The Protective Order appropriately safeguards the confidentiality of the tax returns.

Movants once again also argue denial of the stay will result in the irreparable harm of rendering the appeal moot. The court has also previously rejected this argument.[39] As stated in the prior Order Denying Stay, "the risk of equitable mootness is not, by itself, sufficient to demonstrate irreparable harm to justify a stay pending appeal. . ."[40] Further, the court disagrees that denying the stay would render the appeal moot. When an event occurs "while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed."[41] When, however, a court finds an entity has improperly acquired information, "a court can fashion *some* form of meaningful relief. . . by ordering the Government to

---

[33] *Id.*

[34] *Id.* at 918.

[35] *Id.*

[36] *In re Stewart*, 604 B.R. 900, 905 (Bankr. W.D. Okla. 2019) (citing *Nken v. Holder*, 556 U.S. at 434-35).

[37] *See* ECF No. 71.

[38] *In re S. Indus. Banking Corp.*, 49 B.R. 760, 761 (Bankr. E.D. Tenn. 1985) (recognizing that preservation of the confidentiality of materials revealed during discovery is an important purpose of a protective order).

[39] *See* ECF No. 71.

[40] *In re Los Angeles Dodgers LLC*, 465 B.R. 18, 36 (D. Del. 2011).

[41] *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) (citing *Mills v. Green*, 159 U.S. 651, 653 (1895)).

return the records."[42] California's continued possession of materials after a potential ruling the information should not have been produced is a continuing injury to the taxpayer: "the affront to the taxpayer's privacy."[43] Even though an appeals court may be too late "to prevent, or to provide a fully satisfactory remedy for, the invasion of privacy . . . a court does have power to effectuate a partial remedy by ordering the [entity] to destroy or return any and all copies it may have in its possession."[44] This possible remedy is sufficient to prevent this case from being moot.[45] Therefore, denial of the stay would not render the appeal moot. The court finds this factor weighs against granting the stay.

The third factor requires the court to look at whether granting the stay will result in substantial harm to the other parties to the appeal. "In other words, the moving party must show that the balance of harms tips in favor of granting the stay."[46] Once again, Movants regurgitate arguments already analyzed by this court. As ruled in the prior order, the court finds this factor to be neutral.

Finally, the court again finds the impact upon the public interest weighs against granting the stay. Movants repeat their argument that the public interest will be furthered by this appeal because it will clarify the public policy regarding the exposure of third-party tax returns, an argument this court has already rejected.[47] However, as noted earlier in Movants' own Motion, these are not the tax returns of third-party's unassociated with Debtor. At issue are the tax returns and documents supporting the combined tax return of Debtor and affiliates.[48] The public interest in bankruptcy is the expeditious administration of bankruptcy cases and the efficient administration of the bankruptcy system.[49] Further delay is contrary to public policy and therefore would not be in public interest.[50]

---

[42] *Id.*

[43] *Id.* at 13.

[44] *Id.*

[45] *Id.*; *See also Utah Env't Cong. v. Russell*, 518 F.3d 817, 824 (10th Cir. 2008) (explaining a partial remedy will prevent a case from becoming moot).

[46] *In re Stewart*, 604 B.R. 900, 908 (Bankr. W.D. Okla. 2019) (quoting *In re Adelphia Commc'n Corp.*, 361 B.R. 337, 349 (S.D. N.Y. 2007)).

[47] ECF No. 71.

[48] *See* ECF 60, pgs. 1 and 3.

[49] *See In re Ayaad*, No. 23-13723 KHT, 2025 WL 3028170, at *10 (Bankr. D. Colo. Oct. 28, 2025) (citations omitted).

[50] *In re Drs. Hosp. of Hyde Park, Inc.*, 376 B.R. 242, 249 (Bankr. N.D. Ill. 2007).

Taking into consideration the great deference given to the first two factors, on which the court found Movants did not meet their burden, the court finds the factors weigh against granting the stay.

IT IS THEREFORE ORDERED the Motion for Stay Pending Appeal is denied.

BY THE COURT

_5/8/2026_
Honorable Cathleen D. Parker
United States Bankruptcy Judge

Service to:
  Signal Hill Service, Inc.
  Stephen R. Winship
  Steven Kerns