Randy L. Royal
Chapter 7 Trustee
P.O. Box 551
Greybull, WY 82426
Phone: 307-765-4433
Fax: 307-765-9563
rlroyal@randylroyalpc.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SIGNAL HILL SERVICE, INC., | ) | Case No. 24-20439 |
| | ) | CHAPTER 7 |
| Debtor. | ) | |
| | ) | |

## MOTION TO APPROVE SETTLEMENT AGREEMENT

**COMES NOW** Randy L. Royal, chapter 7 trustee (the "Trustee"), by and through his undersigned counsel, pursuant to Fed. R. Bankr. P. 9019, moves the Court to grant the Motion and approve the attached Settlement Agreement, and in support thereof states as follows:

### JURISDICTION, VENUE AND STATUTORY PREDICATES

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), (H), (P). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

3.      After several years of litigation with the California State Lands Commission ("Commission") and another creditor, Signal Hill Service, Inc. ("Debtor"), an oil production business that is a Wyoming LLC, filed for protection in this Court under Chapter 7 of the Bankruptcy Code on November 1, 2024.  After the Trustee held the meeting of creditors, he

sought to close the case on November 26, 2024.  At the request of the Commission, the Trustee withdrew his report on December 5, 2024.

4.      The Commission requested and received this Court's authorization to commence an examination under Fed R. Bankr. P. 2004 of Debtor's accountant in order to determine whether Debtor engaged in fraudulent conveyances or failed to disclose its assets. This examination seeks the financial information of Debtor's Affiliates: Carone Energy Corporation, Carone Petroleum Corporation. Republic Drilling Company, Inc., Pacific Operators Offshore, LLC, Verrazzano Corporation, Carpinteria Offshore Project Ltd, Pacific Operators, Inc., dba Pacific Operators Offshore, Inc., AnAmerican Corporation (fdba AnAmerican Drilling, Inc.) (collectively referred to as the "Affiliates").  As of the date of this Motion no examination has occurred.  Debtor and its Affiliates have filed appeals in connection with these matters.

5.      Russ Howard and Richard L. Carone are principals of the Affiliates.

6.      The Trustee filed another Report of No Distribution on February 2, 2026, which the Commission and another creditor objected thereto.  This Court sustained those objections, which Debtor and its Affiliates have filed an appeal thereof.

7.      To avoid protracted and expensive litigation with an uncertain outcome, the Trustee and the Affiliates now desire to settle and compromise any and all potential claims the estate may have against the Affiliates.

8.      The material terms of the Settlement Agreement include:

a.      Russ Howard and Richard L. Carone shall pay the bankruptcy estate the sum of $50,000.00 to settle and compromise any claims, known or unknown, that the estate could assert against the Affiliates, its shareholders, members, officers, employees, predecessors, subsidiaries, attorneys, accountants, transferees, representatives, agents, successors and assigns;

b.      The settlement payment shall be paid to the Chapter 7 Trustee within fifteen (15) days after the Court approves the Settlement Agreement or fifteen (15) days after

any appeal affirming the Bankruptcy Court's approval of this Motion to Approve Settlement Agreement, whichever date is later; and

c.      Nothing in the Settlement Agreement will constitute an admission by the parties to any allegation of liability or fact by the other party.

## ARGUMENT AND AUTHORITY

9.      As a matter of public policy "compromises are favored in bankruptcy" because it limits litigation and expedites the administration of a bankruptcy estate. *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996).  Bankruptcy courts have the authority to approve compromises under Fed. R. Bankr. P. 9019(a), which provides in pertinent part that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Although this Court has discretion to approve a compromise under Rule 9019, its decision "must be an informed one based upon an objective evaluation of developed facts." *Reiss v. Hagmann*, 881 F.2d 890, 892 (10th Cir. 1989).

10.      Bankruptcy courts in the Tenth Circuit have focused on four primary factors in considering approval of bankruptcy settlements: "the probable success of the litigation on the merits, any potential difficulty in collection of a judgment, the complexity and expense of the litigation and the interests of creditors in deference to their reasonable views." *In re Southern Medical Arts Companies, Inc.*, 343 B.R. 250, 256 (B.A.P. 10th Cir. 2006); *In re Kopexa Realty Venture Co.*, 213 B.R. 1020, 1022 (10th Cir. B.A.P. 1997).  In addition to considering those factors, the Court "must carefully weigh the value of the settled claim against the value to the estate by the settlement." *In re The Hermitage Inn, Inc.*, 66 B.R. 71, 72 (Bankr. D. Colo. 1986). "[S]ome deference to the business judgment" of a trustee also is appropriate where a proposed settlement otherwise is fair and equitable to the estate. *In re OptInRealBig.com, LLC*, 345 B.R.

277, 291 (Bankr. D. Colo. 2006). "[T]he court's assessment does not require resolution of the issues, but only their identification, so that the reasonableness of the settlement may be evaluated." *Id.* The Settlement Agreement should be approved under the foregoing standards.

11. **Probability of Success on the Merits:** The probability that the estate would succeed in a fraudulent conveyance adversary proceeding against the Affiliates is low because any such claims, if there are any, are likely time barred under bankruptcy and Wyoming law. Applying 11 U.S.C. §§ 548 and 544 (which allows the estate to utilize W.S. § 34-14-101, et. seq.), it is unlikely there are any transfers, which would fall within the scope of those statutes, that would have occurred four years prior to the bankruptcy was filed. The Trustee is not aware of any transfers that would give rise to a fraudulent transfer claim against any Affiliate. The Debtor's petition and schedules filed herein do not indicate any assets that would be cost effective to administer. Nor has the Trustee been made aware of any such assets since the bankruptcy petition was filed.

12. **Difficulties in Collection:** Even if the estate has better prospects of succeeding in the matters described above, the estate has no funds to pursue those matters. Further, collecting on any judgment would likely require the estate's retention of counsel in California where most of the Affiliates are located.

13. **The Expense, Inconvenience and Delay of Litigation:** Similar to the above, the estate has no funds to hire counsel to prove that the Debtor was insolvent when any alleged transfer occurred, that said transfer was made with intent to hinder, delay and defraud the creditors or was made for less than reasonably equivalent value. In fact, bringing such litigation at this point risks sanctions under Fed. R. Bankr. P. 9011.

**14.**     **The Interests of the Creditors:**  The amount of the proposed settlement sum is believed to allow the creditors substantially more than they would receive as matters currently stand.  Further, the creditors will receive payment more promptly by this settlement considering the delays associated with an adversary proceeding.

## CONCLUSION

**WHEREFORE** the Trustee respectfully requests that the Court approve the Settlement Agreement and grant other relief as the Court deems appropriate.

**DATED** this 12th day of May, 2026.

By:  /s/
Randy L. Royal
Chapter 7 Trustee
P.O. Box 551
Greybull, WY 82426
Phone: 307-765-4433
Fax: 307-765-9563
rlroyal@randylroyalpc.com

## CERTIFICATE OF SERVICE

I, Randy L. Royal, hereby certify that a true and correct copy of the foregoing **Motion to Approve Settlement Agreement** was served *electronically* using the Court's CM/ECF System upon all parties against whom relief is sought and those otherwise entitled to service.

**U.S. Trustee's Office (USTPRegion19.cy.ecf@usdoj.gov)**
**Jeffrey M Boldt (jeffrey@kukerlaw.com)**
**John A. Coppede (jcoppede@coalcreeklaw.com)**
**William Cross (wcross@markuswilliams.com)**
**Jennifer M. Salisbury (jsalisbury@markuswilliams.com)**
**Steven Kerns (steven.kerns@doj.ca.gov)**
**Isabella Panicucci (Isabella.Panicucci@doj.ca.gov)**

**DATED** this 12th day of May, 2026.

/s/
Randy L. Royal

## SETTLEMENT AGREEMENT

**THIS** Settlement Agreement ("Settlement Agreement") is made and entered into as of the Effective Date, by and between Russ Howard and Richard L. Carone ("Howard and Carone") and Randy L. Royal (the "Trustee"), as the trustee of the bankruptcy estate of Signal Hill Service Inc. (the "Debtor"). The undersigned parties arc sometimes referred to individually as a "Party" and collectively as the "Parties".

## <u>RECITALS</u>

A.      Up until 2019, Debtor was the operator of an off shore oil and gas platform when the connecting pipeline lease was terminated by the California State Lands Commission ("Commission"). The oil and gas lease, which Debtor was the operator of, was abandoned. Debtor, thereafter wound up its remaining business and, as of mid-2020, was no longer functioning except to respond to creditor collection attempts and lawsuits.

B.      On November 1, 2024 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Code") styled as *In re Signal Hill Service, Inc.,* Case No. 24-20439 (the "Bankruptcy Case") before the United States Bankruptcy Court for the District of Wyoming (the "Bankruptcy Court");

C.      On the Petition Date, Debtor also filed its schedules of assets and liabilities and statement of affairs.

D.      On the Petition Date, the United States Trustee appointed Trustee as the chapter 7 trustee for the estate created by the Bankruptcy Case;

E.      After the meeting of creditors, Trustee determined there were no assets of Debtor to be administered and issued his Report of No Distribution;

F.      The Commission contacted Trustee to request that he withdraw his Report of No Distribution in order to allow the Commission to investigate its belief that there were assets that were not disclosed in Debtor's petition and schedules.  The Trustee complied and withdrew his Report of No Distribution on December 5, 2024;

G.      The Commission requested and received the Court's authorization to commence an examination under Fed R. Bankr. P. 2004 of Debtor's accountant in order to determine whether Debtor engaged in fraudulent conveyances or failed to disclose its assets.  This

1

examination seeks the financial information of Debtor's Affiliates: Carone Energy Corporation, Carone Petroleum Corporation. Republic Drilling Company, Inc., Pacific Operators Offshore, LLC, Verrazzano Corporation, Carpinteria Offshore Project Ltd, Pacific Operators, Inc., dba Pacific Operators Offshore, Inc., AnAmerican Corporation (fdba AnAmerican Drilling, Inc.) ("Affiliates").  As of the date of this agreement, no examination has occurred.  Debtor and its Affiliates have filed appeals in connection with these matters;

H.      Russ Howard and Richard L. Carone are principals in the Affiliates;

I.      On February 2, 2026, the Trustee filed another Report of No Distribution, which the Commission and another creditor objected to this Report.  This Court sustained those objections, which Debtor and its Affiliates have filed an appeal thereof;

J.      The Trustee has received no information from any party as to any property of the estate (fraudulent avoidance claims) that should be administered;

K.      Howard and Carone dispute that Debtor engaged in any fraudulent transfers or failed to disclose any assets as part of the Bankruptcy Case and wish to eliminate any future litigation and the risks and costs attendant therewith relating to claims in connection with the Debtor's bankruptcy estate;

L.      The Trustee has analyzed the likelihood of success in discovering any assets including pursuing any fraudulent transfer claims; the complexity of the issues in such actions, including the applicable statute of limitations; the likely difficulties of collecting on any potential judgment; the interests of all creditors of the Debtor; and the interest of creditors with respect to any resolution of any potential dispute with the Creditors in connection with this Agreement;

M.      At this point in time, the estate has no funds to pursue any recovery of assets or other litigation; and

N.      To avoid protracted and expensive litigation with an uncertain outcome, the Trustee and Howard and Carone now desire to enter into this Settlement Agreement to settle and compromise any and all potential claims regarding the estate may have against the Affiliates.

## AGREEMENT

**NOW, THEREFORE**, in consideration of the foregoing recitals, the mutual covenants, promises, and agreements contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.    Effective Date. This Settlement Agreement is subject to, and shall not become effective, until it is approved by a written order of the Court (the "Effective Date").  If the Court fails to enter and order approving the material terms of this Settlement Agreement or said order is reversed on appeal, this Agreement shall be null and void and have no further force or effect.

2.    Settlement Payment: In satisfaction of all claims, actions, motions or proceedings, known or unknown, that have or could be asserted by the Trustee against the Affiliates, its respective shareholders, members, officers, employees, predecessors, subsidiaries, attorneys, accountants, transferees, representatives, agents, successors and assigns (collectively the "Released Parties") or on behalf of, Howard and Carone agree to pay to the Trustee for the benefit of the Debtor's estate and creditors, a total of $50,000.00 as follows:

a.    Within fifteen (15) days after the Effective Date or fifteen days (15) after any appeal affirming the Bankruptcy Court's approval of this Motion to Approve Settlement Agreement, whichever date is later.

3.    Release. In consideration of the mutual promises contained in this Settlement Agreement, the Trustee, on behalf of the Debtor's estate, fully and finally releases, acquits, and forever discharges Debtor and the Released Parties of and from any and all claims, demands, rights, obligations, actions, causes of action, and damages (including attorney fees and costs), whether based on contract, statutory, rights, or tort, whether known or unknown, whether held by assignment or otherwise, and whether asserted or not, which the Debtor, its creditors or any trustee or similar fiduciary (e.g. a receiver or assignee) under the laws of any jurisdiction (ever had or now have against the Released Parties.

4.    No Admission of Liability. The Parties acknowledge and agree that this Settlement Agreement constitutes a compromise and settlement of disputed claims. This Settlement Agreement shall not constitute an admission of the occurrence or non-occurrence

of any facts, acts, omissions, and/or circumstances by any of the Parties, nor shall it constitute an admission of liability by any of the Parties.

5.  Governing Law. Venue, and Jurisdiction. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Wyoming. without giving effect to conflict of law rules. Any action arising out of or relating in any respect to this Settlement Agreement or the rights and obligations hereunder shall be filed exclusively in the United States Bankruptcy Court for the District of Wyoming and that Court shall retain jurisdiction to enforce the terms of this Settlement Agreement.

6.  Attorneys' Fees and Costs. If any action is brought because of any breach of or to enforce, interpret, rescind. or terminate any of the provisions of this Settlement Agreement, the party prevailing in such action shall be entitled to recover from the other party reasonable attorneys' fees and court costs incurred in connection with such action, the amount of which shall be fixed by the court and made a part of any judgment rendered.

7.  Non-Assignment or Transfer. This Settlement Agreement and the rights and obligations under this Settlement Agreement are not assignable or transferable without the prior written consent or all Parties.

8.  Binding on Successors. This Settlement Agreement shall be binding on the Parties' successors, including any new trustee or representative of the Debtor or its estate.

9.  Construction. Headings are used herein for convenience only and shall have no force or effect in the construction or interpretation of this Settlement Agreement. As used in this Settlement Agreement the singular includes the plural and masculine includes the feminine and neuter. This Settlement Agreement shall not be construed against the party drafting it, but shall be construed fairly and equitably as though it were the joint product of the Parties hereto.

//

//

//

//

//

//

//

4

//

//

**IN WITNESS WHEREOF**, the Parties executed this Settlement Agreement on the date set forth below.

RANDY L. ROYAL, CHAPTER 7 TRUSTEE

_____     Dated: ~~April~~ May  5 , 2026.
By:  Randy L. Royal, in his capacity as
      Chapter 7 Trustee of the Debtor's Estate

RICHARD L. CARONE

_____     Dated: ~~April~~ May  6 , 2026.

RUSS HOWARD

_____     Dated: ~~April~~ May  6 , 2026.

5

RANDY L. ROYAL
CHAPTER 7 TRUSTEE
P.O. BOX 551
524 5TH AVE. S.
GREYBULL, WY 82426
PHONE: 307-765-4433
FAX: 307-765-9563

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

In Re:                                )
    SIGNAL HILL SERVICE, INC.        )
                                 )   Case No. 24-20439
                                 )
          Debtor(s)                 )

**NOTICE TO CREDITORS AND PARTIES IN INTEREST OF
THE MOTION TO APPROVE SETTLEMENT AGREEMENT
AND OPPORTUNITY TO OBJECT**

     NOTICE IS HEREBY GIVEN that the Trustee is seeking an Order Approving Settlement Agreement entered into between the parties.  A copy of the pleading is being mailed herewith.

     You are notified that if you desire to oppose this action, you must file with the Court and serve on the Trustee in the case, a written objection to the requested relief on or before **JUNE 5, 2026**.  In the absence of a timely objection, the relief sought may be granted by the Court without further hearing.  If you file a written response, the Court will set the matter for, and provide notice of, a hearing.

     DATED:     May 12, 2026

                                    /s/ Randy L. Royal, Chapter 7 Trustee

RANDY L. ROYAL
CHAPTER 7 TRUSTEE
P.O. BOX 551
GREYBULL, WY 82426
PHONE: 307-765-4433
FAX: 307-765-9563

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

In Re:                                    )
     SIGNAL HILL SERVICE, INC.          )
                                   )          Case No. 24-20439
                                   )
              Debtor(s)          )

## CERTIFICATE OF SERVICE

     I, Randy L. Royal, do hereby certify that a copy of the foregoing **NOTICE TO CREDITORS AND PARTIES IN INTEREST OF THE MOTION TO APPROVE SETTLEMENT AGREEMENT AND OPPORTUNITY TO OBJECT and MOTION TO APPROVE SETTLEMENT AGREEMENT** was mailed by first class mail, postage pre-paid, on May 12, 2026, to:

Via: United States Mail:
Attached Official Matrix

Via: Electronic Notice:
**U.S. Trustee's Office ([USTPRegion19.cy.ecf@usdoj.gov](mailto:USTPRegion19.cy.ecf@usdoj.gov))**
**Jeffrey M Boldt ([jeffrey@kukerlaw.com](mailto:jeffrey@kukerlaw.com))**
**John A. Coppede ([jcoppede@coalcreeklaw.com](mailto:jcoppede@coalcreeklaw.com))**
**William Cross ([wcross@markuswilliams.com](mailto:wcross@markuswilliams.com))**
**Jennifer M. Salisbury ([jsalisbury@markuswilliams.com](mailto:jsalisbury@markuswilliams.com))**
**Steven Kerns ([steven.kerns@doj.ca.gov](mailto:steven.kerns@doj.ca.gov))**
**Isabella Panicucci ([Isabella.Panicucci@doj.ca.gov](mailto:Isabella.Panicucci@doj.ca.gov))**

                                        _/s/ Randy L. Royal, Chapter 7 Trustee_

Label Matrix for local noticing
1089-2
Case 24-20439
District of Wyoming
Cheyenne
Tue May 12 08:50:13 MDT 2026

California State Lands Commission
100 Howe Avenue
Suite 100 South
Sacramento, CA 95825-8219

Signal Hill Service, Inc.
204 W Spear St.
#4063
Carson City, NV 89703-4160

US Bankruptcy Court
2120 Capitol Avenue #6004
Cheyenne, WY 82001-3647

ABS Quality Evaluations, Inc.
1701 City Plaza Drive
Spring, TX 77389-1831

AIRX Testing Services
2472 Eastman Ave
STE 34
Ventura, CA 93003-5774

Abacus IMT, Inc.
7001 Downing Ave.
Bakersfield, CA 93308-5813

Amergent Techs LLC
3361 Cerritos Ave
Los Alamitos, CA 90720-2105

Aquatic Bioassy, Inc.
29 N Olive St
Ventura, CA 93001-2552

Avanti Environmental, Inc.
10842 Noel St
Unit 108
Los Alamitos, CA 90720-2583

C & C Boats, Inc.
18211 Enterprise Ln
Ste E
Huntington Beach, CA 92648-1244

Cableco
13100 Firestone Blvd
Santa Fe Springs, CA 90670-5517

Cadlerock IV, LLC
100 N Center St.
Newton Falls, OH 44444-1321

California State Lands Commission (CSLC)
100 Howe Ave, Ste 100-South
Sacramento, CA 95825-8219

Carpinteria Offshore Project Partnership
1145 Eguenia Place, Suite 200
Carpinteria, CA 93013-2169

Century Calibrating Company
2439 Cerritos Ave
Signal Hill, CA 90755-3498

Chancellor Oil Tool, Inc.
3521 Gulf St
Bakersfield, CA 93308-5210

Chevron USA Inc.
6001 Bollinger Canyon Road
San Ramon, CA 94583-5737

Clariant
4000 Monroe Rd
Charlotte, NC 28205-7782

Compliance Services, Inc
1308 Deschules Creek Ln
Bakersfield, CA 93311-9307

DFA Investors Trust
31990 S 624 Place, #75
Grove, OK 74344-0426

DXP Enterprises, Inc.
5301 Hollister St
Houston, TX 77040-6140

Enviro-Tech Systems
17327 Norwell Dr.
Covington, LA 70435-5664

Gaynor Ranch, LLC
Grebing Law
351 Paseo Nuevo
Santa Barbara, CA 93101-3382

Green Compass Southern
2091 Goodyear Ave
Ventura, CA 93003

I.D.E.A.S., Inc.
1 Park Way
Upper Saddle River, NJ 07458-2388

IPC
4501 Tamiami Trail North
Ste 102S
Naples, FL 34103-3018

Instrument Service Inc.
186 S Ramona Ave
Corona, CA 92879

Joy Equipment Protection, Inc.
5690 Casitas Pass Rd
Carpinteria, CA 93013-3160

LTS Environmental, Inc.
704 Adirondack Ave
Ventura, CA 93003-1120

Legal Vision Consulting Group
1801 Century Park East
#350
Los Angeles, CA 90067-2327

Luna & Glushon
1801 Century Park East
Ste 2400
Los Angeles, CA 90067-2326

MHA Petroleum Consultants
730 17th St
Denver, CO 80202-3580

Office of Natural Resource Revenue
P.O. Box 25165, MS 64200B
Denver, CO 80225-0165

Oil & Gas Information Systems
5801 Edwards Ranch Rd
Ste 200
Fort Worth, TX 76109-4130

Oilfield Electric Company
1801 N Ventura Ave
Ventura, CA 93001-1597

Ost Trucks & Cranes Inc.
2301 Union Ave
Bakersfield, CA 93307-4159

Pacific Operators Offshore, LLC
1145 Eugenia Pl
Ste 200
Carpinteria, CA 93013-2169

Pacific Operators Offshore, LLC
204 W Spear, #3799
Carson City, NV 89703-4160

Pacific Seatec LLC
527 N Quarantina St
Santa Barbara, CA 93103-3120

Patriot Environmental Service
2091 Goodyear Ave
Ventura, CA 93003

Pipeline Association For Public Awarenes
8601 W Cross Dr PMB 302
Unit F5
Littleton, CO 80123-2200

Praxair Distribution Inc.
305 E Haley St.
Santa Barbara, CA 93101-1712

Production Tool Solution, Inc.
2210 Soledad Canyon Rd H
Acton, CA 93510-2452

Pt. Hueneme Marine Supply Co
710 W Hueneme Rd
Oxnard, CA 93033-9038

Quinn Pumps, LLC
601 SOUTH RAQUET
LUFKIN, TX 75904-3951

Ready Refresh
PO Box 856680
Louisville, KY 40285-6680

(c)REPUBLIC DRILLING COMPANY
410 N MAIN ST STE 100
BUFFALO WY  82834-1778

SBRS Services Inc.
920 De La Vina
Santa Barbara, CA 93101-3221

SC Fuels
1800 W. Katella Ave.
Ste. 400
Orange, CA 92867-3449

SOS Crane & Trucking
1135 Enos Ln Bakersfield
Bakersfield, CA 93314-9548

Santa Barbara County Parks Dept
123 E Anapamu St
Santa Barbara, CA 93101-2025

Santa Barbara Fuel Dock, Inc.
125 Harbor Way
Ste 12
Santa Barbara, CA 93109-2352

Tammy Heeston, Measurement & Control Eng
7620 E Paseo Hermosa
Prescott Valley, AZ 86314-5510

Terra Chem, Inc
2107 Brundage Ln
Bakersfield, CA 93304-2701

Thomas & Beers
572 Poli St
Ventura, CA 93001-2633

US Trustee
308 West 21st Street, 2nd Floor
Cheyenne, WY 82001-3669

Union Pacific Railroad Company
1400 Douglas St.
Omaha, NE 68179-0002

United States Department of the Interior
attn: Andrew Perry
755 Parfet Street
Suite 151
Lakewood, CO 80215-5599

Ventura Harbor Marine Fuel, Inc
1551 Spinnaker Dr
Ventura, CA 93001-4337

Alex Schurawel
Markus Williams LLC
1775 Sherman Street
Suite 1950
Denver, CO 80203-4350

Randy L. Royal
P.O. Box 551
Greybull, WY 82426-0551

Stephen R. Winship
Winship and Winship, PC
145 South Durbin Street
Suite 201
Casper, WY 82601-2566

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).


Republic Drilling Company
412 N Main St
Ste 100
Buffalo, WY 82834-1761


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Gaynor Ranch LLC

End of Label Matrix
Mailable recipients    62
Bypassed recipients     1
Total                  63