**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE TENTH CIRCUIT**

_____

| | |
|---|---|
| IN RE SIGNAL HILL SERVICE, INC., | BAP No. WY-26-003 |
| Debtor. | |
| _____ | |
| SIGNAL HILL SERVICE, INC., | Bankr. No. 24-20439 |
| Appellant, | Chapter 7 |
| v. | |
| CALIFORNIA STATE LANDS COMMISSION and GAYNOR RANCH LLC, | ORDER DISMISSING APPEAL |
| Appellees. | |

_____

Before **ROMERO**, Chief Judge, **SOMERS**, and **LOYD**, Bankruptcy Judges.

_____

## I. BACKGROUND

Appellant Signal Hill Service, Inc. filed a chapter 7 bankruptcy petition on November 1, 2024. On February 12, 2025, Appellee California State Land Commission filed a motion pursuant to Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004") to conduct an examination and subpoena documents, which the Bankruptcy Court granted. Appellant filed a motion for reconsideration. Following a hearing on the motion for reconsideration, the Bankruptcy Court denied the motion but directed Appellee to file a proposed protective order to address Appellant's confidentiality concerns. Appellee did so, and Appellant objected to Appellee's proposed protective order and filed a motion to

clarify. The Bankruptcy Court entered an amended protective order and denied the motion to clarify [Bankr. ECF No. 44] ("Order on Motion to Clarify").

On October 9, 2025, Appellant filed an appeal of the Order on Motion to Clarify, which was dismissed. Subsequently, Appellant appealed that dismissal order to the Tenth Circuit.[1] On December 29, 2025, Appellant moved to stay the Rule 2004 examination pending the Tenth Circuit appeal, which the Bankruptcy Court denied. On February 2, 2026, the Trustee filed his *Report of No Distribution* ("Report"), which Appellee opposed. On March 19, 2026, the Bankruptcy Court entered its *Order Sustaining Objections to Final Report and Holding Case Open* [Bankr. ECF No. 79] ("Order") determining the case was not fully administered considering the Rule 2004 examination has not taken place yet. Appellant appealed the Order to this Court. On April 2, 2026, the Court issued an *Order to Show Cause* [ECF No. 4] requiring Appellant to address the Court's jurisdiction.

## II.    LEGAL STANDARD

This Court can raise standing *sua sponte* because it has an independent obligation to determine its jurisdiction, even in the absence of a challenge from any party.[2] This Court reviews whether an appellant has both Article III standing and prudential "person aggrieved" standing.[3] The Tenth Circuit recognizes that, although the Bankruptcy Code "does not contain an explicit grant or limitation on appellate standing," only a person

---

[1] Case No. 25-8081.

[2] *Collins v. Daniels*, 916 F.3d 1302, 1314 (10th Cir. 2019).

[3] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–03 (1998); *In re Alpex Comput. Corp.*, 71 F.3d 353, 357 n.6 (10th Cir. 1995).

2

aggrieved by a bankruptcy court's order may appeal.[4] "That is, only a person whose rights or interests are directly and adversely affected pecuniarily by the decree or order of the bankruptcy court may appeal."[5] To qualify as a person aggrieved, a party must show the bankruptcy court order at issue diminished their property, increased their burdens, or impaired their rights.[6] And, "[u]nless the estate is solvent and excess will eventually go to the debtor, or unless the matter involves rights unique to the debtor (like discharge of debts or exemption of property from the estate), the debtor is not a party aggrieved by orders affecting the administration of the bankruptcy estate."[7] Appellant has the burden of demonstrating its standing to pursue this appeal.[8]

### III.   APPELLANT'S ARGUMENTS

Appellant contends it meets both Article III and prudential standing requirements. Specifically, Appellant argues it is a person aggrieved because the Order impairs its rights; "[t]he 'rights' that are being impaired are the forced disclosure of the non-debtor Affiliates' income tax returns and the due process rights violated when the Affiliates were not served with [Appellee's] Rule 2004 Motion," and Appellant notes tax returns have historically been treated with qualified privilege.[9]

Finally, Appellant suggests the Order causes harm because "the Report, if allowed, would have caused the ongoing proceedings that the Bankruptcy Court relied on to

---

[4] *In re Am. Ready Mix, Inc.*, 14 F.3d 1497, 1500 (10th Cir. 1994).

[5] *Id.* (quoting *Holmes v. Silver Wings Aviation, Inc.*, 881 F.2d 939, 940 (10th Cir. 1989)).

[6] *Id.*

[7] *In re Weston*, 18 F.3d 860, 863–64 (10th Cir. 1994).

[8] *In re Williams*, 49 F. App'x 845, 847 (10th Cir. 2002) (unpublished).

[9] *Id.* at 6.

become moot. More to the point, there would have then been no Bankruptcy Court jurisdiction to allow the Rule 2004 examination to proceed. This also would cause the related Tenth Circuit appeal to become moot."[10] Appellant notes "the Affiliates' tax returns are subject to turnover to [Appellee], who purportedly will use them to assist the Trustee to file fraudulent transfer proceedings even though the Chapter 7 Trustee has indicated by his Report that he does not intend to file such litigation."[11] As such, Appellant concludes "reversal of the [Order] will avoid this injury by rendering the Rule 2004 Order moot."[12]

## IV.   DISCUSSION

Appellant has failed to demonstrate Article III standing and, even if Appellant had Article III standing, Appellant has failed to demonstrate prudential person aggrieved standing. First, Appellant's due process rights are not directly and adversely affected pecuniarily by the Order; the allegedly insufficient service is indirectly related to the Order at best. Further, the alleged lack of service occurred approximately one year ago, and the record shows Appellant and its affiliates have been actively litigating the Rule 2004 examination since. As to the alleged harm suffered in having to disclose tax records, Appellant has failed to demonstrate the tax records are privileged and excluded from the scope of a Rule 2004 examination. Moreover, Appellant has failed to show any pecuniary effect in relation to these harms. Finally, the Order is an order affecting administration of the estate and, thus, Appellant as a debtor does not have standing unless the estate is

---

[10] *Id.* at 7.
[11] *Id.*
[12] *Id.*

solvent or unique rights are involved (like discharge of debts or exemption of property

from the estate). Here, Appellant fails to show the estate is solvent or these unique rights

are impaired.

Accordingly, it is HEREBY ORDERED that this appeal is DISMISSED for lack

of jurisdiction.

For the Panel

*Anne Zoltani*

Anne Zoltani
Clerk of Court