Jeffrey M. Boldt, #7-4730
OVERSTREET HOMAR & KUKER
2922 Central Avenue
Cheyenne, Wyoming 82001
307.274-4444 telephone
307.274-4443 facsimile
jeffrey@kukerlaw.com

Jessica Tucker-Mohl, *pro hac vice*
Isabella Panicucci, *pro hac vice*
Steven Kerns, *pro hac vice*
California Attorney General's Office
California Attorney General's Office
300 S. Spring Street, Suite 1702
Los Angeles, CA 90012-1230
Telephone: (213) 269-6226
Steven.Kerns@doj.ca.gov

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SIGNAL HILL SERVICE, INC., | ) | Case No. 24-20439 |
| | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |

---

## MOTION TO HOLD ALEX SCHURAWEL IN CONTEMPT FOR NON-COMPLIANCE WITH RULE 2004 SUBPOENA AND COURT ORDER

---

**COMES NOW** Creditor, California State Lands Commission ("Commission"), by and through its counsel, and moves to hold non-party accountant Alex Schurawel in contempt for failing to produce all responsive documents on May 15, 2026 pursuant to this Court's Rule 2004 examination subpoena, Bankr. ECF No. 14, and this Court's May 1, 2026 order, Bankr. ECF No. 94:

### INTRODUCTION

After 15 months of litigation over the Commission's Rule 2004 examination, Mr. Schurawel violated this Court's May 1, 2026, order to produce all responsive documents by May

15, 2026. Bankr. ECF No. 94. He did so in two primary ways, that together, give this Court ample reason to hold Mr. Schurawel in contempt.

First, Mr. Schurawel's production of documents was untimely. The few documents that he did produce were produced on May 18, 2026, not May 15, 2026, as required. Declaration of Steven Kerns ("Kerns Decl."), ¶ 6, Ex. E. On May 21, 2026, Mr. Schurawel's counsel stated that Mr. Schurawel would keep searching for responsive documents on May 21, 2026. *Id*., ¶ 9, Ex. G.

Second, Mr. Schurawel failed to produce the documents that this Court ordered him to produce. The incomplete production is evident on its face: there are no state tax returns and nearly all debtor Signal Hill Service Inc's., ("Signal Hill") affiliates[1] are missing from the produced documents—meaning that either the document production is incomplete or that Signal Hill's last year of litigation efforts to protect these affiliates' confidential information was a ruse because most of the affiliates were never at risk for having their confidential tax information produced. *Id*., ¶ 6, Ex. E. Neither outcome is acceptable. Mr. Schurawel only produced Signal Hill's 2020–2024 federal tax returns and an affiliate's federal Return of Partnership Income documents. *Id*. Mr. Schurawel produced *zero* correspondence concerning the preparation of these tax documents and none of the underlying documents that would have enabled him to prepare them. *Id*.

Furthermore, Signal Hill, in the produced documents list its location as a state other than California, *despite being incorporated in California through 2021*, but no state tax returns from

---

[1] Signal Hill's "Affiliates" are: Carone Energy Corporation, Carone Petroleum Corporation. Republic Drilling Company, Inc., Pacific Operators Offshore, LLC, Verrazzano Corporation, Carpinteria Offshore Project Ltd, Pacific Operators, Inc., dba Pacific Operators Offshore, Inc., AnAmerican Corporation (fdba AnAmerican Drilling, Inc.). Only two are mentioned in the produced documents. If the Court wishes to know exactly which ones, or the state that Signal Hill lists as its location, the Commission will file copies of the confidential tax documents under seal.

the listed state *or* California were provided; if Mr. Schurawel did not prepare those returns, then Signal Hill failed to identify the accountant who did on its Form 201, or Signal Hill somehow filed no state taxes. Bankr. ECF No. 1. After the Commission's prompting, Mr. Schurawel's counsel admitted that only on May 19, 2026, *four days after the court-ordered date for compliance*, did they ask their client whether he had provided all responsive documents. *See* Kerns Decl., ¶ 7, Ex. F. Then, on May 21, 2026, Mr. Schurawel's counsel stated that they would ask him to complete his document search over the May 22-24 holiday weekend. *Id.*, 9, Ex. G.

Mr. Schurawel's Rule 2004 examination is scheduled to take place at 1 p.m., Friday, May 29, 2026. The Commission, and all Signal Hill's creditors, will be severely prejudiced if they are asked to conduct this examination with incomplete information due to Mr. Schurawel's violations of this Court's order. Thus, the Commission respectfully requests that this Court grant the Commission's motion, hold Mr. Schurawel in contempt, and order him to produce *all* responsive documents *immediately*, even if that requires daily sanctions until the production is completed and/or requires his counsel to travel to California to comply with the Court's orders.

## RELEVANT BACKGROUND

On February 12, 2025, the Commission filed a motion to conduct a Rule 2004 examination of Mr. Schurawel, Signal Hill's accountant, and subpoena documents in his possession. Bankr. ECF No. 8. The Court granted the Commission's motion on February 21, 2025. Bankr. ECF No. 12. Mr. Schurawel was served with the subpoena on March 20, 2025. Bankr. ECF No. 16.

On April 14, 2025, fifty-two days after the Court granted the Commission's request for a Rule 2004 examination and subpoena, Signal Hill filed a motion for reconsideration of the Court's order granting the Rule 2004 examination and subpoena. Bankr. ECF No. 17. The Court heard Signal Hill's motion for reconsideration on July 30, 2025. Bankr. ECF Nos. 33, 34. During

3

the hearing, the Court held that the Commission's Rule 2004 examination of Mr. Schurawel could continue subject to a protective order. *Id*. The Commission submitted a protective order on August 21, 2025. Bankr. ECF No. 36. On August 26, 2025, Signal Hill objected to the Commission's protective order, submitted its own proposed protective order, and filed a motion that sought clarification as to whether the Court required a formal order denying Signal Hill's motion for reconsideration. Bankr. ECF Nos. 37, 38. On September 26, 2025, the Court signed an amended version of the Commission's protective order that rendered any tax documents automatically confidential and denied Signal Hill's motion to clarify. Bankr. ECF Nos. 43, 44.

On October 9, 2025, Signal Hill sought leave from the United States District Court for the District of Wyoming ("District Court") to appeal three orders from this Court: (1) *Order Granting Creditor's Motion for Rule 2004 Request for Production of Documents and Deposition of Third-Party Witness Alex Schurawel* ("Rule 2004 Order") [Bankr. ECF No. 12]; (2) *Amended Protective Order – Confidential Designation Only* ("Amended Protective Order") [Bankr. ECF No. 43]; and (3) *Order on Motion to Clarify Order* ("Clarification Order") [Bankr. ECF No. 44]. The District Court denied Signal Hill's motion for leave to appeal these three orders on November 14, 2025. United States District Court ("USDC") ECF No. 8. The District Court denied Signal Hill leave to appeal on the grounds that the appeal of the Rule 2004 Order was untimely and that the Amended Protective Order and Clarification Order were not appealable because they are not final and not subject to the collateral order doctrine. *Id.*

On December 15, 2025, Signal Hill filed a Notice of Appeal seeking review from the Tenth Circuit of the District Court's denial of Signal Hill's Motion for Leave to Appeal. USDC ECF Nos. 8; 11. The appeal remains pending in the Tenth Circuit (Case No. 25-8081).

On December 29, 2025, Signal Hill filed a Motion for Stay with this Court. Bankr. ECF

4

No. 60. On February 13, 2026, the Court denied that motion. Bankr. ECF No. 71.

On February 2, 2026, the bankruptcy trustee filed a Report of No Distribution ("Report") pursuant to FRBP 5009. The Report stated that the estate "has been fully administered" and requested that the trustee be discharged from any further duties. The Report has no docket number, but it can be viewed in the February 2, 2026 docket entry. On February 6, 2026, the Commission objected to the Report. Bankr. ECF No. 70. Signal Hill filed an opposition to the Commission's objection on February 23, 2026. Bankr. ECF No. 74. Another creditor, Gaynor Ranch LLC, objected to the Report on March 4, 2026. Bankr. ECF No. 76.

The same day, Mr. Schurawel filed a *Motion for Clarification Regarding Compliance With Subpoena and Objections to Document Requests* to determine if he still had to comply with the Rule 2004 examination following the Trustee's Report. Bankr. ECF No. 77. On March 18, the Commission objected to Mr. Schurawel's motion. Bankr ECF No. 78. The Court sustained the creditors' objections to the Report on March 19, 2026. Bankr. ECF No 79. On March 31, 2026, the Court granted in part and denied in part Mr. Schurawel's Motion to Clarify and ordered him to respond to the Rule 2004 examination with a more limited temporal scope. Bankr. ECF No. 83.  On April 2, 2026, Signal hill appealed the Court's order sustaining the creditors' objections to the Report to the 10th Cir. Bankruptcy Appellate Panel ("BAP"). Bankr. ECF No. 84.

While Signal Hill's BAP appeal was pending, Mr. Schurawel filed a motion on April 24, 2026, that requested a month-long extension on the production of documents due to long-term and ongoing health concerns. Bankr. ECF No. 90. On April 29, 2026, the Commission filed an objection to Mr. Schurawel's request and said it would agree to a two-week extension. Bankr. ECF No. 92. On May 1, 2026, the Court granted Mr. Schurawel a two-week extension and ordered him to produce all responsive documents by May 15, 2026, and complete his Rule 2006

examination by May 31, 2026. Bankr. ECF No. 94.

On May 12, 2026, the BAP dismissed Signal Hill's appeal for lack of standing. BAP ECF No. 25. Before Signal Hill's BAP appeal had been dismissed, Signal Hill filed a motion to stay the production of documents pending the BAP appeal. Bankr. ECF No. 96. The Court denied Signal Hill's motion. Bankr. ECF No. 98.

Late afternoon on May 15, 2026, the day Mr. Schurawel was meant to produce documents, his counsel stated he would be unable to comply due to "computer issues" and that the documents would be produced May 16. Kerns Decl., ¶ 5, Ex. D. On May 16, Mr. Schurawel produced nothing. On May 18, Mr. Schurawel produced Signal Hill's 2021–2024 tax returns and an affiliate's U.S. Return of Partnership Income for the same years and one other document. *Id*., ¶ 6, Ex. E. Mr. Schurawel produced none of the supporting documents that were used to prepare those returns nor any correspondence between himself and Signal Hill regarding the preparation or complete of their annual tax returns. *Id*. The same day, the Commission sent Mr. Schurawel's counsel an email asking if the document production was complete, if any privileged documents were withheld, and if Mr. Schurawel would be producing a privilege log. *Id*., ¶ 7, Ex. F. On May 19, Mr. Schurawel's counsel replied, stating only that they would respond by the end of the day, but failed to do so. *Id*.

On May 20, the Commission and Mr. Schurawel's counsel telephonically met and conferred on this issue. *Id*., ¶¶ 7, 8, Ex. F. During that call, Mr. Schurawel's counsel stated that she would ask Mr. Schurawel if he had produced all the documents, suggested that the Trustee filing a Motion to Compromise (Bankr. ECF No. 104) mooted the need to produce documents and asserted that even if Mr. Schurawel still had documents to produce it was "only" five days after the Court ordered date. Kerns Decl., ¶ 8. The Commission stated that unless it received *all*

6

responsive documents by Friday May 22, 2026, it would be forced to file this motion. *Id*.

On May 21, 2026, Mr. Schurawel produced nothing. Instead, his counsel inaccurately claimed that "he will continue searching his computer and boxes of papers over the holiday weekend" and that no California state tax returns were provided because "[t]he Debtor is a Wyoming company" so Mr. Schurawel "never prepared any documents for filing in Wyoming." Kerns Decl., ¶ 9, Ex. G. Signal Hill became a Wyoming company on October 6, 2023. *Id*., ¶ 10 Ex. H. The subpoena required the production of all tax documents for three years before then. Bankr. ECF No. 94. Mr. Schurawel violated this Court's order by failing to produce them.

## LEGAL STANDARD

Under Federal Rule of Bankruptcy 9016, a bankruptcy court can hold a non-party in contempt and sanction that party for failing to obey a subpoena "without adequate excuse." Fed. R. Bankr. P. 9106 (incorporating Fed. R. Civ. P. 45(g)); *N.L.R.B. v. Midwest Heating And Air Conditioning, Inc*., 528 F.Supp.2d 1172, 1181 (D. Kan. 2007) ("sanctions are appropriate under Rule 45 only if a nonparty is declared in contempt on the basis of its failure to comply with subpoena."); *see also* Fed. R. Bankr. P. 9014, 9020. Courts can do so because "a Rule 45 subpoena constitutes an order of the court." *Coston v. Nangalama*, 2024 WL 3939109 *3 (E.D.Cal. 2024.)

To show civil contempt, the moving party must show clear and convincing "proof of contempt[.]" *Heinhold Hog Market, Inc. v. McCoy*, 700 F.2d 611, 614 (10th Cir. 1983), "'To make a prima facie showing of contempt, however, the government need prove only that the defendant has failed to comply with a valid court order. It need not prove that the defendant is able to comply.'" *Id*. at 615, quoting *United States v. Rylander*, 656 F.2d 1313, 1318 (9th Cir.1981). Indeed, the Supreme Court has long held that showing bad faith is not required for

7

civil contempt. *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191 (1949) ("The absence of willfulness does not relieve from civil contempt.... Since the purpose is remedial, it matters not with what intent the defendant did the prohibited act.").

To enforce Rule 45 orders against contemptuous parties, bankruptcy courts can "issue any order, process, or judgment that is necessary or appropriate to carry out the" Bankruptcy Code, including "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a); *see, e.g., In re Ergle*, 656 B.R. 483, 486 (Bankr. D.S.C. 2024) ("This Court and other courts have recognized that the authority provided to bankruptcy courts under § 105 to issue the necessary or appropriate orders to carry out the Bankruptcy Code includes the power to sanction litigants and their counsel.") (cleaned up). This section 105 power is necessary to cure a refusal to comply with a subpoena because "Rule 45 has no self-contained enforcement mechanism and relies instead on a district court's inherent contempt authority to enforce compliance." *In re Markus*, 78 F.4th 554, 566 (2nd Cir. 2023.) Under section 105, bankruptcy courts have held non-parties in contempt and ordered sanctions to motivate compliance with Rule 2004 examination subpoenas. *See, e.g.*, *In re Sciaba*, 334 B.R. 524 (Bankr. D.Mass. 2005); *In re Ergle*, 656 B.R. at 486.

## ARGUMENT

Mr. Schurawel failed to comply with this Court's May 1, 2026, order requiring him "to produce documents in response to the Subpoena as set forth in the Court's March 31, 2026 Order on Motion to Clarify [Doc. 83] [by] **May 15, 2026**." Bankr. ECF No. 94, emphasis added. Mr. Schurawel failed to comply in two primary ways. First, the documents that he produced were untimely, because they were produced on **May 18, 2026**, and his counsel stated that Mr. Schurawel's search for responsive documents would be continuing over the Memorial Day

8

Weekend. Kerns Decl., ¶¶ 6, 9, Exs. E, H; Bankr. ECF No. 14.

Second, Mr. Schurawel failed to produce *any* state tax records and *only* produced Signal Hill's 2020–2024 federal tax returns and an affiliate's federal Return of Partnership Income documents. These documents mentioned only two of the nine affiliates that Signal Hill claimed were included in the joint tax documents. Kerns Decl., ¶ 6, Ex. E. So, either Signal Hill spent more than a year misleading this court, the BAP, and the 10th Circuit by claiming Signal Hill's affiliates would have their confidential tax information produced, or Mr. Schurawel has failed to produce all the responsive documents. Neither outcome is acceptable. And neither outcome explains why Mr. Schurawel produced none of Signal Hill's California or any other[2] *state* tax filings, or the documents that he relied on to prepare those filings.

Indeed, Mr. Schurawel's explanation for failing to produce any California state tax filings is demonstrably false. On May 21, 2026, Mr. Schurawel's counsel claimed that Signal Hill "is a Wyoming company" so Mr. Schurawel "never prepared any documents for filing in Wyoming." *Id*., ¶ 9, Ex. G. But Signal Hill became a Wyoming company on *October 6, 2023*, so it was obligated to file California taxes beforehand. *Id*., ¶ 10, Ex. H. This Court ordered Mr. Schurawel to produce all tax records from 2020 on. Bankr. ECF No. 83. Mr. Schurawel failed to do so.

The document production is also incomplete because the documents that Mr. Schurawel produced on May 18, 2026, seem to be for a different Signal Hill than the debtor. On May 18, 2026, Mr. Schurawel produced the 2020–2024 federal tax returns for Signal Hill Services, Inc. Kerns Decl., ¶ 6, Ex. E. But that means that the version of Signal Hill in these documents, that

---

[2] Signal Hill, in the produced documents lists its location as a state other than California, *despite being incorporated in California through 2021*, but no state tax returns from either the listed state *or* California were provided; if Mr. Schurawel did not prepare those returns, then Signal Hill failed to identify the accountant who did on its Form 201, or Signal Hill somehow filed no state taxes in either state. Bankr. ECF No. 1; Kerns Decl., ¶ 6, Ex. E.

existed and filed federal returns between 2020 and 2024, somehow did so year *after* the California version of Signal Hill merged into the Wyoming entity on October 18, 2023, and before the Wyoming entity was created in October 6, 2023. Kerns Decl., ¶¶ 10, 11, Exs. H, I. Thus, it seems that there are more "Signal Hills" than the California and Wyoming entities, and that is to say nothing about Signal Hill listing its location in yet another state on the documents that it did produce. Given this, Mr. Schurawel may be picking and choosing which Signal Hill he wants to produce documents for. Producing the state tax returns for every version of Signal Hill would confirm the exact state of incorporation for the entities in the documents produced. Thus, it is imperative that Mr. Schurawel produce the full breadth of responsive documents that he has for every version of Signal Hill, including California, Wyoming, and any other state, and their affiliates' responsive documents.

Moreover, Mr. Schurawel failed to produce any correspondence that he had with Signal Hill or any of the documents that he would have needed to prepare the tax documents that he did produce. Kerns Decl., ¶ 6, Ex. E. So, Mr. Schurawel either never had any written communications with Signal Hill while preparing or completing its tax documents without any underlying financial documents—in violation of 26 C.F.R. § 1.6694-1(e)[3]—or he failed to produce these documents in violation of the Court's order. Mr. Schurawel's counsel failed to offer any clarification when the Commission met and conferred with his counsel to avoid this motion and again asserted that she would ask Mr. Schurawel if he had more documents. Kerns

---

[3] Specifically, if Signal Hill instructed Mr. Schurawel to file whatever numbers Signal Hill told him to, without providing Mr. Schurawel any financial documents, then he failed to "make reasonable inquiries if the information as furnished appears to be incorrect or incomplete" as required. 26 C.F.R. § 1.6694-1(e). Indeed, preparing taxes requires "extracting information relating to financial transactions, analyzing that information, and then summarizing and reporting that information on a tax return[.]" *Rainbow Tax Serv., Inc. v. C.I.R.* 128 T.C. 42, 46 (2007).

Decl., ¶ 8. Mr. Schurawel's failure and/or refusal to comply with this Court's order prejudices Signal Hill's creditors because they will be forced to conduct the May 29, 2026 Rule 2004 examination without the full range of responsive documents. Mr. Schurawel's failure necessitates this motion, wasting party and judicial resources, and justifies a contempt order.

Bankruptcy courts have held non-parties in contempt for similar failures to produce documents in response to Rule 2004 examination subpoenas. For example, in *In re Scabia*, *supra*, the Chapter 7 bankruptcy trustee filed a motion for sanctions after seeking documents from a non-party who, after being ordered to, refused to produce documents. *In re Sciaba*, 334 B.R. at 525. The non-party opposed the motion by for sanctions arguing "that because of her age and infirmity" she needed the Debtor "to do the physical work of gathering and producing the documents" and "that the documents requested are numerous… that her own counsel has been busy with other matters; and that Trustee's counsel has been impatient and has failed to attempt to resolve this matter informally." *Id*. The *Sciaba* Court concluded that, "[d]espite her age and alleged infirmity, it is clear… that, were she intent on producing the documents, she would and could have managed to produce them by now… She has consistently acted with intent to delay discovery and obstruct the Trustee in her prosecution of this adversary proceeding." *Id*. at 526. The Court held the non-party in contempt and ordered her to pay "$200 per day, plus interest, for each day until all documents requested have been produced" because she was "unlikely to comply unless compelled to do so by an order of civil contempt." *Id*.

The Court should rule similarly here. Like Signal Hill, Mr. Schurawel and his counsel have a history of delaying his Rule 2004 examination obligations. Mr. Schurawel received notice of the Commission's Rule 2004 subpoena on March 20, 2025. Bankr. ECF No. 16. He has been represented by counsel since December 15, 2025. Kerns Decl., ¶ 2, Ex. A. Before Mr. Schurawel

11

retained counsel, he and the Commission's counsel agreed that he would produce documents on December 29, 2025, and sit for the examination on January 20, 2026. On December 17, 2025, Mr. Schurawel's counsel requested an extension of Mr. Schurawel's deadline to respond to the subpoena from December 29, 2025, the date Mr. Schurawel and the Commission had previously agreed to as the date for compliance. *Id*., ¶ 3, Ex. B. The Commission agreed to extend the deadline to produce documents to January 9, 2026, and counsel agreed that the examination could proceed on January 23, 2026. *Id.*

On December 30, 2025, after Signal Hill filed its motion to stay the Rule 2004 examination, Mr. Schurawel's counsel requested another extension of time to respond to the subpoena and the examination date, citing Mr. Schurawel's health issues and his counsel's family obligations, and Signal Hill's motion for stay pending appeal. *Id*., ¶ 4, Ex. C. On January 5, 2026, the Commission granted the request for an extension, allowing Mr. Schurawel to produce documents on February 13, 2026 and to sit for the examination on February 27, 2026.

Then, on March 4, 2026, Mr. Schurawel filed his motion for clarification only to be told he still had to comply with the Rule 2004 examination. Bankr. ECF Nos. 77, 83. On April 24, 2026, Mr. Schurawel then sought a month-long extension on the production of documents due to long-term and ongoing health concerns. Bankr. ECF No. 90. On May 1, 2026, the Court granted Mr. Schurawel a two-week extension and ordered him to produce all responsive documents by May 15, 2026, and complete his Rule 2004 examination by May 31, 2026. Bankr. ECF No. 94. He failed to deliver.

Mr. Schurawel, like the non-party in *Sciaba*, may legitimately be able to cite age and infirmity, but his counsel cannot. Mr. Schurawel's counsel had almost six months to secure, organize, review, and produce responsive documents. They failed to do so. Instead, Mr.

12

Schurawel's counsel, who knew Mr. Schurawel was in poor health, left *him* with "the physical work of gathering and producing the documents" and then cited his inability to complete that work to further delay production and then to fail to comply with this Court's May 1, 2026 order and the Rule 2004 subpoena. *In re Sciaba*, 334 B.R. at 526; *see also* Kerns Decl., ¶ 7, Ex. F (Mr. Schurawel's counsel confirming that Mr. Schurawel, not counsel, "is going through physical boxes of documents trying to find responsive records. Given his health issues, this is a difficult process.") Indeed, six days *after* the deadline to produce documents had passed, Mr. Schurawel's counsel stated that Mr. Schurawel "will continue searching his computer and boxes of papers over the holiday weekend to see if he can find any communications responsive to your request." Kerns Decl., ¶ 9, Ex. G. Mr. Schurawel's counsel has never shown that they aided any search.

As in *Sciaba*, despite Mr. Schurawel's "age and alleged infirmity, it is clear… that, were [he] intent on producing the documents, [he] would and could have managed to produce them by now… [he] has consistently… delay[ed] discovery and obstruct[ed]" this bankruptcy proceeding. *In re Sciaba*, *supra*, at 526. The *Sciaba* court held the non-party in contempt and crafted an order to motivate a timely document production. *Id*. This Court should do the same.

Additional case law supports the Court granting the Commission's motion. In *In re Ergle*, *supra*, the bankruptcy court held the Chapter 7 debtor's non-party wife in contempt and issued sanctions for her failure to comply with an initial and re-issued Rule 2004 subpoena, an order to show cause, and an order to compel. *In Re Ergle*, 656 B.R. at 484–486. The court did so despite the non-party's lack of legal counsel. *Id*. Here, because Mr. Schurawel has been represented by counsel for six months, he should be afforded less grace than the pro se non-party in *In Re Ergle*. The Court should find Mr. Schurawel in contempt for failing to adequately comply with the Rule 2004 subpoena and craft whatever remedy the Court finds necessary to motivate Mr.

13

Schurawel's compliance with the Rule 2004 subpoena and this Court's May 1, 2026 order.

## CONCLUSION

**WHEREFORE,** the Commission respectfully requests that this Court grant its Motion for Contempt.

**DATED** this 22nd day of May 2026.

<div style="margin-left: 45%;">

**THE CALIFORNIA STATE LANDS COMMISSION,**
**Creditor**

By: *Steven Kerns*
_____

Steven Kerns, *pro hac vice*
Isabella Panicucci, *pro hac vice*
Jessica Tucker-Mohl, *pro hac vice*
California Attorney General's Office
300 S. Spring Street, Suite 1702
Los Angeles, CA 90012-1230
Telephone: (213) 269-6226
Steven.Kerns@doj.ca.gov
Isabella.Panicucci@doj.ca.gov

Jeffrey M. Boldt, #7-4730
OVERSTREET HOMAR & KUKER
2922 Central Avenue
Cheyenne, Wyoming 82001
307.274.4444 telephone
307.274.4443 facsimile
jeffrey@kukerlaw.com

</div>

14

**<u>Declaration of Steven W. Kerns</u>**

I, Steven W. Kerns, declare:

1.      I am an attorney at law licensed to practice before all courts of the State of California, and am admitted *pro hac vice* in the United States Bankruptcy Court for the District of Wyoming. I am a Deputy Attorney General of the California Attorney General's Office and am counsel of record for Creditor, California State Lands Commission ("Commission"). I have personal knowledge of the following facts. If called upon to testify as a witness, I could and would testify competently to these facts under oath.

2.      On December 15, 2025, Mr. Schurawel's counsel, William Cross, introduced himself to this office by email and informed this office that he would be representing Mr. Schurawel. A true and correct copy of this email chain is attached hereto as **Exhibit A**.

3.      On December 17, 2025, this office received an email from Mr. Schurawel's counsel, William Cross, requesting a further extension of time of the return date on the subpoena and Rule 2004 examination. On December 18, 2025, the Commission's counsel agreed to extend the deadline for production until January 9, 2026, and schedule the examination for January 23, 2026. Mr. Schurawel's counsel agreed to January 9, 2026 for a production date and confirmed he was available on January 23, 2026, pending the availability of his client. A true and correct copy of this email chain is attached hereto as **Exhibit B**.

4.      On December 30, 2025, Mr. Schurawel's counsel requested a further extension of time to respond to the subpoena and the examination date. On January 5, 2026, the Commission granted the request for an extension, allowing Mr. Schurawel to produce documents on February 13, 2026 and to sit for the examination on February 27, 2026. The Commission's counsel made clear this would be the last extension the Commission would grant absent a court order that the examination and production of documents could not proceed in February. A true and correct copy of this email chain is attached hereto as **Exhibit C**

5.      On May 15, 2026, Alex Schurawel's counsel, Jennifer Salisbury, emailed this office to state that due to Mr. Schurawel "having some sort of computer issue" that he would be producing documents on May 16, 2026. I responded that producing documents on May 16, 2026, would violate this Court's orders and any later production would compel the Commission to notify the Court. A true and correct copy of this email thread is attached hereto as **Exhibit D.**

6.      On May 18, Mr. Schurawel produced debtor Signal Hill Service Inc.'s ("Signal Hill") 2020-2024 federal tax statements, and an affiliates 2020-2024 U.S. Return of Partnership Income statements, and one other document. True and correct copies of this service email is attached hereto as **Exhibit E.**

7.      On May 18, 2026, I emailed Mr. Schurawel's counsel to ask if she could confirm that the documents produced that day were all the responsive documents that Mr. Schurawel had or if more document were coming, and if any were withheld due to privilege. I received no response and sent another email on May 19, 2026. Ms. Salisbury explained she would talk to her client and respond to me by end of day. I sent another email and received no response until May 20, 2026. Attorneys from this office and Ms. Salisbury met on May 20, 2026 to telephonically meet and confer. A true and correct copy of this email thread is attached hereto as **Exhibit F.**

8.      On May 20, 2026 attorneys from this office telephonically met and conferred with Mr. Schurawel's counsel. Mr. Schurawel's counsel stated that she would ask Mr. Schurawel if he had produced all the documents, suggested that the Trustee filing a Motion to Compromise mooted the need to produce documents, and asserted that even if Mr. Schurawel still had documents to produce it was "only" five days after the Court ordered date. The Commission stated that unless it received *all* responsive documents by Friday May 22, 2026, it would be forced to file this motion.

9.      On May 21, 2026, Mr. Schurawel's counsel sent an email explaining that Mr. Schurawel would continue to search for responsive documents over the May 22-24, 2026, holiday weekend. His counsel also inaccurately asserted that he never prepared Signal Hill's state tax returns because they were incorporated in Wyoming. A true and correct of this email thread is attached hereto as **Exhibit G**.

10.     Attached hereto as **Exhibit H** is a true and correct copy of Signal Hill's Articles of Merger that were received by the Wyoming Secretary of State on September 21, 2023, and that show Signal Hill was not incorporated in Wyoming until that date.

11.     Attached hereto as **Exhibit I** is a true and correct copy of Signal Hill's California Merger of a California Corporation(s) to Nonqualified Corporation Survivor, that shows that the California entity merged with the Wyoming entity, filed on October 18, 2023.

I declare under penalty of perjury under the laws of the United States and the State of California that the facts above are true and correct and that this declaration was

16

executed on May 22, 2026, at Los Angeles, California.

*Steven Kerns*
_____

Steven W. Kerns

# EXHIBIT A

 Outlook

## In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

**From** William Cross <WCross@markuswilliams.com>

**Date** Mon 12/15/2025 10:09 AM

**To** Steven Kerns <Steven.Kerns@doj.ca.gov>; Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>; jeffrey@kukerlaw.com <jeffrey@kukerlaw.com>; Leena M Sheet <Leena.Sheet@doj.ca.gov>

---

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

---

Counsel,

Our firm is being retained to represent and assist Alex Schurawel CPA in connection with the subpoena issued by you in the Signal Hill Service, Inc. bankruptcy case. Future communications regarding the subpoena should be directed to my attention.

Please don't hesitate to reach out if you have any questions or wish to discuss.

Thank you,

Will Cross


William Cross
Markus Williams Young & Hunsicker LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
303-604-4083
www.markuswilliams.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

# EXHIBIT B

| From: | William Cross |
|---|---|
| To: | Isabella Panicucci |
| Cc: | Steven Kerns; jeffrey@kukerlaw.com |
| Subject: | RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.) |
| Date: | Thursday, December 18, 2025 11:10:38 AM |
| Attachments: | image002.png |

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Thank you, Isabella, I sincerely appreciate the extension.

January 9 should work for a document production date.  I will double check with my client today, but I've already instructed him to gather the documents if he has not already begun to do so.  It's my understanding that it should be relatively simple for him to pull documents.  I am available on January 23, and I will confirm that date with my client.

I am free to discuss the subpoena tomorrow anytime except 3:30-4:00pm MT, and I am free all day on Monday, Dec. 22.

Thanks,

Will


William Cross

Markus Williams Young & Hunsicker LLC

1775 Sherman Street, Suite 1950

Denver, CO 80203

303-604-4083

www.markuswilliams.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

**From:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Sent:** Thursday, December 18, 2025 11:58 AM
**To:** William Cross <WCross@markuswilliams.com>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com
**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

Will,

We are willing to extend the deadline for responding to the subpoena until January 9, 2026. We would like to keep the examination on calendar for the week of January 20. How is January 23, 2026? I understand the constraints you've laid out and we do not wish to burden you or your client, but we are eager to wrap up the examination as soon as possible and before Mr. Schurawel is inundated with tax season. I appreciate your understanding that the State Lands Commission and your client have waited a long time to take this routine examination. Our understanding from previous conversations with Mr. Schurawel is that there is not a voluminous amount of responsive documents, and the process of gathering the documents should already be underway, so the dates above should not pose an inconvenience.

I am happy to meet with you to discuss your questions and concerns about the subpoena. Are you available tomorrow, December 19? I'm also available Monday, December 22 before noon.

Thanks,
Isabella

**From:** William Cross <WCross@markuswilliams.com>
**Sent:** Wednesday, December 17, 2025 10:45 AM
**To:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com
**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Isabella,

Mr. Schurawel had indicated me the response date for the subpoena is December 29, but thank you for confirming.  He had not mentioned to me scheduling a deposition during the week of January 20.  Unfortunately, Mr. Schurawel has been in and out of the hospital in the last week due to a chronic infection and I have only had a limited opportunity to speak with him about the document production and deposition.  I am also still getting acclimated with the Signal Hill bankruptcy and the litigation over the Rule

2004 motion, including Mr. Schurawel's obligations with respect to the non-debtor affiliates' tax information and the consolidated returns.  I see from the bankruptcy court docket that Signal Hill has also sought an appeal to the Tenth Circuit in connection with those issues.

Considering Mr. Schurawel's health, proximity to the holidays, and the Tenth Circuit appeal, would you be willing to agree to a further extension of the return date on the subpoena and the deposition?  Additionally, I have some questions and concerns about the subpoena which may need us to set up a conferral under Federal Rule 26(c).  That said,  I appreciate that you have already waited a significant amount of time while the bankruptcy court issues were litigated.

Please feel free to give me a call to discuss.

Best regards,

Will

William Cross
Markus Williams Young & Hunsicker LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
303-604-4083
www.markuswilliams.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

**From:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Sent:** Wednesday, December 17, 2025 10:26 AM
**To:** William Cross <WCross@markuswilliams.com>

**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com
**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

Mr. Cross,

Thank you for reaching out. We previously discussed with Mr. Schurawel that his office would produce the documents requested in the Rule 2004 subpoena by December 29, 2025, and that the examination would take place remotely by Zoom during the week of January 20, 2026. Can you confirm that you are still in agreement with this schedule, and let us know if there is a particular day during the week of January 20 that you would prefer for the examination to take place?

Thank you,

Isabella Panicucci
Deputy Attorney General
Land Use and Conservation Section
Public Rights Division
California Attorney General's Office
1300 I Street | P.O. Box 944255
Sacramento, CA 94244-2550

---

**From:** William Cross <WCross@markuswilliams.com>
**Sent:** Monday, December 15, 2025 10:09 AM
**To:** Steven Kerns <Steven.Kerns@doj.ca.gov>; Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>; jeffrey@kukerlaw.com; Leena M Sheet <Leena.Sheet@doj.ca.gov>
**Subject:** In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Counsel,

Our firm is being retained to represent and assist Alex Schurawel CPA in connection with the subpoena issued by you in the Signal Hill Service, Inc. bankruptcy case.  Future communications regarding the subpoena should be directed to my attention.

Please don't hesitate to reach out if you have any questions or wish to discuss.

Thank you,

Will Cross

William Cross

Markus Williams Young & Hunsicker LLC

1775 Sherman Street, Suite 1950

Denver, CO 80203

303-604-4083

www.markuswilliams.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT C

| | |
|---|---|
| **From:** | William Cross |
| **To:** | Isabella Panicucci |
| **Cc:** | Steven Kerns; jeffrey@kukerlaw.com; Jennifer Salisbury |
| **Subject:** | RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.) |
| **Date:** | Wednesday, January 7, 2026 8:27:50 AM |
| **Attachments:** | image004.png |
| | image001.png |

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Isabella,

My apologies for the delay in responding, but I have not been able to speak with my client following your email Monday. I expect to do so following this morning's bankruptcy court hearing.

Will

William Cross

Markus Williams LLC

1775 Sherman Street, Suite 1950

Denver, CO 80203

303-604-4083

www.markuswilliams.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

**From:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>

**Sent:** Monday, January 5, 2026 11:41 AM

**To:** William Cross <WCross@markuswilliams.com>

**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com; Jennifer Salisbury <jsalisbury@markuswilliams.com>

**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

Will,

The State Lands Commission is willing to grant your request for an additional extension, but this will be the last extension we will be able to agree to absent a court mandate that the production and examination cannot go forward in February. I'm sure you can appreciate that this examination is long overdue, and while we are sympathetic to your client's health issues and your family obligations, Mr. Schurawel has had ample time to gather documents.

If you produce the documents by February 13, we are available for the examination on February 27. Please let me know if those dates work for you.

Thank you,
Isabella

---

**From:** William Cross <WCross@markuswilliams.com>
**Sent:** Friday, January 2, 2026 2:37 PM
**To:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com; Jennifer Salisbury <jsalisbury@markuswilliams.com>
**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Steven and Isabella,
I am following up on my email below from earlier this week.  Since then, the Tenth Circuit has set a mediation conference on Signal Hill's appeal for January 13, 2026.  Judge Parker has also set a hearing for next Wednesday, January 7, on Signal Hill's motion for stay pending appeal.  In light of these additional developments, extending the subpoena response date seems all the more prudent.

I'm going to be out of office next week helping my father after his hospital stay.  I will be signed on, but my colleague Jennifer Salisbury (who I've copied on this email) will be giving me an assist while I'm out of town in case I cannot be reached.

Regards,

Will Cross

William Cross
Markus Williams Young & Hunsicker LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203

303-604-4083
www.markuswilliams.com



# MARKUS ᛘ WILLIAMS
## YOUNG & HUNSICKER LLC
### *Attorneys at Law*

**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

**From:** William Cross
**Sent:** Tuesday, December 30, 2025 1:03 PM
**To:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com
**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

Isabella and Steven,

I am writing to seek an additional extension for Alex Schurawel to respond to the subpoena and the deposition date.  As you may recall, earlier this month Alex was admitted to the hospital due to an infection.  Since then, he has had very limited ability to go to his office for client work and go through his files and compile documents related to Signal Hill.  Complying with the requests for production by January 9 does not appear to be possible.  Alex has asked for an additional month to prepare the documents for production.  Alex also assured me that tax season will not interfere with his ability to produce documents or sit for a deposition.  Additionally, I believe delaying the production and deposition is prudent in light of the motion for stay pending appeal filed yesterday by Signal Hill in the bankruptcy case.  I have no idea how or when Judge Parker may rule on the motion or what and when the Tenth Circuit may do with the appeal.

Additional time would be a great relief to me, as well, as I need to be in Illinois all next week to help my father after undergoing surgery yesterday.

Please let me know if an extension to mid-February is acceptable to you.

Thank you,

Will Cross

William Cross
Markus Williams Young & Hunsicker LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
303-604-4083
www.markuswilliams.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD
WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are
for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a
violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items.
Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the
e-mail, all attachments and any copies thereof.*

**From:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Sent:** Monday, December 29, 2025 10:07 AM
**To:** William Cross <WCross@markuswilliams.com>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com
**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

Good morning Will,

I hope you had a nice holiday break. As requested, here is a Word version of the document
requests.

Can you also confirm that you and Mr. Schurawel are available for the 2004 examination on
Friday, January 23, 2026 starting at 9:00 a.m. PST/10:00 a.m. MT?

Thank you,

Isabella

**From:** William Cross <WCross@markuswilliams.com>

**Sent:** Wednesday, December 24, 2025 8:25 AM

**To:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>

**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com

**Subject:** Re: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

That works for me.  I hope you all have a wonderful holiday break!

Will

Get Outlook for iOS

William Cross

Markus Williams Young & Hunsicker LLC

1775 Sherman Street, Suite 1950

Denver, CO 80203

303-604-4083

www.markuswilliams.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD
WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

**From:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>

**Sent:** Wednesday, December 24, 2025 9:23:48 AM

**To:** William Cross <WCross@markuswilliams.com>

**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com <jeffrey@kukerlaw.com>

**Subject:** Re: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

Will, I am traveling for the holiday but will send you a Word document as soon as possible when I return on December 29. Thank you.

**From:** William Cross <WCross@markuswilliams.com>

**Sent:** Tuesday, December 23, 2025 10:30 AM

**To:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>

**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com <jeffrey@kukerlaw.com>

**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

---

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

---

Isabella and Steven,

Would you please do me the courtesy of providing a Word copy of your document production requests so we can prepare responses?

Thank you,

Will Cross

William Cross
Markus Williams Young & Hunsicker LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
303-604-4083
www.markuswilliams.com

---

**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

---

**From:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>

**Sent:** Wednesday, December 17, 2025 10:26 AM

**To:** William Cross <WCross@markuswilliams.com>

**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>; jeffrey@kukerlaw.com

**Subject:** RE: In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

Mr. Cross,

Thank you for reaching out. We previously discussed with Mr. Schurawel that his office would produce the documents requested in the Rule 2004 subpoena by December 29, 2025, and that the examination would take place remotely by Zoom during the week of January 20, 2026. Can you confirm that you are still in agreement with this schedule, and let us know if there is a particular day during the week of January 20 that you would prefer for the examination to take place?

Thank you,

Isabella Panicucci
Deputy Attorney General
Land Use and Conservation Section
Public Rights Division
California Attorney General's Office
1300 I Street | P.O. Box 944255
Sacramento, CA 94244-2550

**From:** William Cross <WCross@markuswilliams.com>
**Sent:** Monday, December 15, 2025 10:09 AM
**To:** Steven Kerns <Steven.Kerns@doj.ca.gov>; Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>; jeffrey@kukerlaw.com; Leena M Sheet <Leena.Sheet@doj.ca.gov>
**Subject:** In re Signal Hill Service, Inc., Bankr. Case No. 24-20439-CDP (Bankr. D. Wyo.)

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Counsel,
Our firm is being retained to represent and assist Alex Schurawel CPA in connection with the subpoena issued by you in the Signal Hill Service, Inc. bankruptcy case.  Future communications regarding the subpoena should be directed to my attention.

Please don't hesitate to reach out if you have any questions or wish to discuss.

Thank you,

Will Cross

William Cross
Markus Williams Young & Hunsicker LLC

1775 Sherman Street, Suite 1950

Denver, CO 80203

303-604-4083

www.markuswilliams.com

**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain

confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT D

| | |
|---|---|
| **From:** | Steven Kerns |
| **To:** | "Jennifer Salisbury"; William Cross |
| **Cc:** | Jessica TuckerMohl; Isabella Panicucci |
| **Subject:** | RE: Schurawel 2004 Production |
| **Date:** | Friday, May 15, 2026 5:02:00 PM |
| **Attachments:** | image001.png |

Thank you, Counsel.

As you are aware, failing to produce the documents today is a direct violation of the Court's order. If you do not produce the documents as promised tomorrow, we will bring this to the Court's attention immediately.

Best,

Steven

**From:** Jennifer Salisbury <jsalisbury@markuswilliams.com>
**Sent:** Friday, May 15, 2026 4:42 PM
**To:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Cc:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Subject:** Schurawel 2004 Production

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Good afternoon,

My client is having some sort of computer issues and some of the documents he has sent me to turnover are corrupted.  He's going to work on fixing the problems tonight and I have been assured that I will have the documents for you tomorrow.

Jennifer

Jennifer Salisbury
Markus Williams LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
303-318-0132
www.markuswilliams.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

# EXHIBIT E

## Steven Kerns

| | |
|---|---|
| **From:** | Jennifer Salisbury <jsalisbury@markuswilliams.com> |
| **Sent:** | Monday, May 18, 2026 8:17 AM |
| **To:** | Steven Kerns; Isabella Panicucci |
| **Subject:** | Signal Hill: 2004 Production by Schurawel |
| **Attachments:** | SHAH000071-SHAH000085.PDF; SHAH000049-SHAH000070.PDF; SHAH000033-SHAH000048.PDF; SHAH000018-SHAH000032.PDF; SHAH000002-SHAH000017.PDF; SHAH000001.pdf; SHAH000171-SHAH000194.pdf; SHAH000147-SHAH000170.pdf; SHAH000131-SHAH00146.PDF; SHAH000111--SHAH000130.PDF; SHAH000086-SHAH000110.PDF |

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Please see the attached documents being produced in response to the 2004 Order in the Signal Hill bankruptcy proceeding.

Thank you,

Jennifer

Jennifer Salisbury
Markus Williams LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
303-318-0132
www.markuswilliams.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

# EXHIBIT F

## Steven Kerns

| | |
|---|---|
| **From:** | Steven Kerns |
| **Sent:** | Tuesday, May 19, 2026 5:47 PM |
| **To:** | 'Jennifer Salisbury'; William Cross |
| **Cc:** | Jessica TuckerMohl; Isabella Panicucci |
| **Subject:** | RE: Signal Hill: 2004 Production by Schurawel |

Thank you, Counsel.

It is the end of the day. Can you please provide an answer immediately as to whether Mr. Schurawel has produced all responsive documents? If, not why? If so, there seems to be some glaring deficiencies. In either event, we may need to meet and confer to discuss how to respond to a violation of the Court's May 1, 2026, order and the Rule 2004 examination subpoena.

Best,

Steven

**From:** Jennifer Salisbury <jsalisbury@markuswilliams.com>
**Sent:** Tuesday, May 19, 2026 9:43 AM
**To:** Steven Kerns <Steven.Kerns@doj.ca.gov>; William Cross <WCross@markuswilliams.com>
**Cc:** Jessica TuckerMohl <Jessica.TuckerMohl@doj.ca.gov>; Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Subject:** RE: Signal Hill: 2004 Production by Schurawel

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Good morning,

I have asked Mr. Schurawel if these are all of the responsive documents.  One of the issues we have is that most of Mr. Schurawel's files are in paper format and he is going through physical boxes of documents trying to find responsive records.  Given his health issues, this is a difficult process. I'm hoping he will get back to me by the end of the day.

With respect to privileged documents, the I have not seen any documents that are responsive to the subpoena that are privileged. So at this point, there is no need for a privilege log.

Thank you,

Jennifer


Jennifer Salisbury
Markus Williams LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
303-318-0132
www.markuswilliams.com

1

# MARKUS M WILLIAMS
## Attorneys at Law

**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

**From:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Sent:** Tuesday, May 19, 2026 10:01 AM
**To:** Jennifer Salisbury <jsalisbury@markuswilliams.com>; William Cross <WCross@markuswilliams.com>
**Cc:** Jessica TuckerMohl <Jessica.TuckerMohl@doj.ca.gov>; Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Subject:** RE: Signal Hill: 2004 Production by Schurawel

Counsel,

Please provide a response no later than **10 a.m.** today.

Best,

Steven

**From:** Steven Kerns
**Sent:** Monday, May 18, 2026 2:32 PM
**To:** Jennifer Salisbury <jsalisbury@markuswilliams.com>; William Cross <wcross@markuswilliams.com>
**Cc:** Jessica TuckerMohl <Jessica.TuckerMohl@doj.ca.gov>; Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Subject:** RE: Signal Hill: 2004 Production by Schurawel

Counsel,

I hope you had a good weekend. Can you please confirm if these are all the responsive documents that Mr. Schurawel has and will be producing or if the Commission can expect additional productions?

If there are additional productions, when can the Commission expect them?

Lastly, are any documents being withheld based on privilege, and if so, will your firm be producing a privilege log?

Best,

Steven

**From:** Jennifer Salisbury <jsalisbury@markuswilliams.com>
**Sent:** Monday, May 18, 2026 8:17 AM
**To:** Steven Kerns <Steven.Kerns@doj.ca.gov>; Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Subject:** Signal Hill: 2004 Production by Schurawel

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Please see the attached documents being produced in response to the 2004 Order in the Signal Hill bankruptcy proceeding.

Thank you,

Jennifer

Jennifer Salisbury
Markus Williams LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
303-318-0132
www.markuswilliams.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT G

## Steven Kerns

| | |
|---|---|
| **From:** | Steven Kerns |
| **Sent:** | Thursday, May 21, 2026 4:29 PM |
| **To:** | Jennifer Salisbury; Isabella Panicucci |
| **Cc:** | Jessica TuckerMohl |
| **Subject:** | RE: Signal Hill Schurawel 2004 Production |

Counsel,

Thank you for responding. Addressing your points in turn:

First, the debtor was not a Wyoming company until 2023. Signal Hill was thus obligated to file taxes in California before it merged with a Wyoming company in 2023. Your misrepresentations will be noted for the Court in the Commission's forthcoming motion that we discussed yesterday. We intend to file a motion to hold Mr. Schurawel in contempt tomorrow.

Second, thank you for your explanation regarding native format of the IRS filings. This rationale would not necessarily be applicable to documents that your client used to prepare the tax filings, which remain unproduced. You say that "very little information was needed to prepare the tax returns" after 2019 because the company was essentially shut down. Even accepting that your client relied on "very little" to prepare nearly 200 pages of documents that were filed with the IRS, you have yet to produce the "very little" documents that he did rely on to prepare the filings. All that has been produced was a single document bates stamped as SHAH000001, that appears to be from █████ Is it your client's position that this single page was the only document he used to prepare the filings that he produced, including for the tax filings prior to SHAH000001's existence? If there are additional documents, those should have been produced on May 15, 2026, as ordered by the court.

Third, are you willing to confirm that an elderly man of poor long-term health maintained the habit of in-person deliveries during the pandemic? Additionally, your client was expressly ordered to complete any searches and review and produce *all* responsive documents *before* May 15. This ongoing search is a violation of the Court's May 1, 2026, order. It is unacceptable that your client continues to search his computer and paper files over the holiday weekend. Mr. Schurawel has known about the May 15, 2026, since May 1, 2026, and that date came after multiple extensions. If your client was unable to meet this deadline due to his health issues, it was your responsibility as his counsel to do whatever was necessary to help him complete the task, Mr. Schurawel was already given additional time from the Court.

Lastly, thank you for closing the loop. However, your objection that Request for Production 16 is duplicative of Request for Production 13 is untimely and has long been waived. Thus, Mr. Schurawel is required to respond to both requests.

Best,

Steven

---

**From:** Jennifer Salisbury <jsalisbury@markuswilliams.com>
**Sent:** Thursday, May 21, 2026 3:43 PM
**To:** Steven Kerns <Steven.Kerns@doj.ca.gov>; Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Subject:** Signal Hill Schurawel 2004 Production

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Steve and Isabella,

I wanted to get back to you as soon as possible regarding our call yesterday and my follow up conversations with my client regarding what you called the "glaring deficiencies" in the documents that were produced to you in response to the 2004 subpoena.

First, you emphasized that the production was obviously deficient because we did not include any state tax returns in the production.  I spoke with my client.  The Debtor is a Wyoming company. He never prepared any documents for filing in Wyoming.  More to the point, he never prepared any Wyoming tax returns.

Second, you requested that the tax returns be produced in "native format."  My client uses tax preparation software to generate returns.  When the return is created, it is either a PDF, or he can print the generated document.  The PDF document is the form in which the tax returns are maintained, and it is a reasonably usable form. As I understand it, when forms are filed electronically directly to the IRS, the native format is not human-readable without special tools.  Also, my client has no idea how we could produce the tax returns in the IRS format.  Anything else would be proprietary software owned by the company that he uses to prepare the returns.  The bottom line is that the PDF files we provided to you are the "native format" for the tax returns as they were generated directly by the tax preparation software, and thus constitute the native digital output for the returns.

With respect to correspondence, as I said yesterday, most of the communications between my client and Signal Hill were over the phone. It is our understanding that the company essentially shut down in 2019 so there was very little information that was needed to prepare the tax returns after that point.  Further, my client had the habit of driving to Santa Barbara to provide the physical completed copy of the returns to the client in person.  With that said, he will continue searching his computer and boxes of papers over the holiday weekend to see if he can find any communications responsive to your request.

I believe this covers everything we discussed yesterday. Please be aware that my client is trying to be as responsive as possible given his poor health, constant pain, and the fact that he runs his business as a solo practitioner.  Please let us know what else, if anything, you deem to be a "glaring deficiency" in the production so my client can focus his efforts on providing you the documents that you need.

Finally, to close the loop on the production, after a review of his records, my client to date has not found and does not believe he ever will find any documents responsive to Request Nos. 3, 4, 6, 7, 8, 9, 14, 15, 17, 18, 19, 20, 21, 22, 25, 26, 27, 28, 29, and 30.  The documents responsive to 1, 2, 5, 23, 24  are inclusive of the documents produced responsive to 10, 11 and 12.  We're continuing to review our records to see if anything is responsive to No. 13. Request 16 is duplicative of 13.

Thank you,

Jennifer

Jennifer Salisbury
Markus Williams LLC

1775 Sherman Street, Suite 1950
Denver, CO 80203
303-318-0132
www.markuswilliams.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

# EXHIBIT H

**WY Secretary of State**
**FILED: 10/06/2023 09:08 AM**
**Original ID: 2021-001051383**
**Amendment ID: 2023-004401492**



RECEIVED
SEP 21 2023
WYOMING
SECRETARY OF STATE

**ARTICLES OF MERGER**
**OF**
QS 2021-001051383 **SIGNAL HILL SERVICE, INC.**
**(a Wyoming Corporation)**
**AND**
NQ NS **SIGNAL HILL SERVICE, INC.**
**(a California corporation)**

In accordance with Article II of the Wyoming Business Corporation Act, the undersigned, Richard L. Carone, being the Chief Executive Officer of Signal Hill Service, Inc., a Wyoming corporation, DOES HEREBY CERTIFY as follows:

1. The name and state of incorporation of each of the constituent corporations are Signal Hill Service, Inc., a Wyoming corporation, and Signal Hill Service, Inc., a California corporation;

2. An agreement of merger, attached hereto as Exhibit "A", has been approved, adopted, certified, executed, and acknowledged by each of the constituent corporations in accordance with Article 11 of the Wyoming Business Corporation Act pursuant to which shareholder approval was not required;

3. The name of the surviving corporation is Signal Hill Service, Inc.;

4. The surviving corporation, Signal Hill Service, Inc., will be a Wyoming corporation and its Articles of Incorporation as currently filed with the Secretary of State of the State of Wyoming shall be the Articles of Incorporation of the surviving corporation; and

5. The merger of Signal Hill Service, Inc., a California corporation, was duly authorized in accordance with the laws of the State of California.

IN WITNESS WHEREOF, the undersigned has signed his name and affirmed that this instrument is the act and deed of the corporation and that the statements herein are true, under penalties of perjury, this September 4, 2023.

SIGNAL HILL SERVICE, INC.,
A Wyoming corporation

By: _____
Richard L. Carone, Chief Executive Officer

**EXHIBIT "A"**

**AGREEMENT OF MERGER**

[See attached]

## AGREEMENT AND PLAN OF MERGER OF

## SIGNAL HILL SERVICE, INC.,
## A WYOMING CORPORATION,

## AND

## SIGNAL HILL SERVICE, INC.,
## A CALIFORNIA CORPORATION

This AGREEMENT AND PLAN OF MERGER (this "**Merger Agreement**") is made by and between Signal Hill Service, Inc., a Wyoming corporation ("**SHS Wyoming**"), and Signal Hill Service, Inc., a California corporation ("**SHS California**"), effective as of September 4, 2023. SHS Wyoming and SHS California are sometimes referred to herein as the "**Constituent Corporations**." SHS California is a wholly-owned subsidiary of SHS Wyoming.

## RECITALS

A.     SHS California is a corporation duly incorporated and existing under the laws of the State of California and has a total authorized common stock of One Hundred (100) shares (the "**California Stock**"), all of which are, as of the date hereof, and before giving effect to the transactions contemplated hereby, issued and outstanding, and held by SHS Wyoming.

B.     SHS Wyoming is a corporation duly incorporated and existing under the laws of the State of Wyoming and has a total authorized common stock of One Hundred (100) shares (the "**Wyoming Stock**"), all of which are, as of the date hereof, and before giving effect to the transactions contemplated hereby, issued and outstanding.

C.     The Board of Directors for each Constituent Corporation has determined that it is advisable and in the best interests of SHS Wyoming and its shareholders that its wholly-owned subsidiary SHS California merge with and into SHS Wyoming upon the terms and conditions herein provided.

D.     The respective Boards of Directors of the Constituent Corporations have approved this Merger Agreement and have directed that this Merger Agreement be executed by the undersigned officers.

NOW, THEREFORE, in consideration of the mutual agreements and covenants set forth herein, SHS Wyoming and SHS California hereby agree, subject to the terms and conditions hereinafter set forth, as follows:

1.     <u>Merger</u>.

(a)     <u>Merger</u>.  In accordance with the provisions of this Merger Agreement, the Business Corporation Act of the State of Wyoming (the "**WBCA**") and the California Corporations Code, SHS California shall be merged with and into SHS Wyoming (the "**Merger**"), the separate

existence of SHS California shall cease, and SHS Wyoming shall be, and is herein sometimes referred to as, the "**Surviving Corporation**," and the name of the Surviving Corporation shall be Signal Hill Service, Inc.

(b)   Filing and Effectiveness. The Merger shall become effective in accordance with Section 1108 of the California Corporations Code and Section 17-16-1102 of the WBCA. The date and time when the Merger shall become effective, as aforesaid, is herein called the "**Effective Date.**"

(c)   Effect of the Merger. Upon the Effective Date, the separate existence of SHS California shall cease, and SHS Wyoming, as the Surviving Corporation, shall: (i) continue to possess all of its assets, rights, powers, and property as constituted immediately prior to the Effective Date, (ii) be subject to all actions previously taken by its and SHS California's Boards of Directors, (iii) succeed, without other transfer, to all of the assets, rights, powers, and property of SHS California in the manner as more fully set forth in Section 17-16-1107 of the WBCA, (iv) continue to be subject to all of its debts, liabilities, and obligations as constituted immediately prior to the Effective Date, and (v) succeed, without other transfer, to all of the debts, liabilities, and obligations of SHS California in the same manner as if SHS Wyoming had itself incurred them, all as more fully provided under the applicable provisions of the WBCA and the California Corporations Code.

2.   Charter Documents, Directors, and Officers.

(a)   Articles of Continuance. The Articles of Continuance of SHS Wyoming as in effect immediately prior to the Effective Date (the "**Articles of Continuance**") shall continue in full force and effect as the Articles of Continuance of the Surviving Corporation until duly amended in accordance with the provisions thereof and applicable law.

(b)   Bylaws. The Bylaws of SHS Wyoming as in effect immediately prior to the Effective Date shall continue in full force and effect as the Bylaws of the Surviving Corporation until duly amended in accordance with the provisions thereof and applicable law.

(c)   Directors and Officers. The directors and officers of SHS Wyoming immediately prior to the Effective Date shall continue to be the directors and officers of the Surviving Corporation until their successors shall have been duly elected and qualified or until as otherwise provided by law, the Articles of Continuance of the Surviving Corporation, or the Bylaws of the Surviving Corporation.

3.   Cancellation of California Stock. Upon the Effective Date, each share of the California Stock issued and outstanding immediately prior thereto, shall, by virtue of the Merger, be cancelled, without any consideration being delivered in respect thereof, it being acknowledged that the Surviving Corporation is the sole holder of all currently issued and outstanding California Stock.

4.    General.

(a)    Reorganization for Tax Purposes.  This Merger Agreement is intended to constitute a plan of reorganization by the parties hereto within the meaning of Section 368 of the Internal Revenue Code of 1986, as amended (the "**Code**") and the regulations promulgated thereunder.

(b)    Further Assurances.  Each party will, whenever and as often as it shall be reasonably requested to do so and without unreasonable delay, execute, acknowledge, and deliver, or cause to be executed, acknowledged, and delivered, any and all further documents, and each party shall do all other acts as may be necessary, to carry out the intent and purpose of this Merger Agreement.

(c)    Severability.  If any term or provision of this Merger Agreement or any part thereof is declared illegal, null, or void, the remaining portions of this Merger Agreement shall remain in full force and effect to the extent permitted by law.

(d)    Incorporation of Recitals.  The Recitals set forth in this Agreement are incorporated by reference as though fully set forth in this Agreement and constitute representations of the parties.

(e)    Governing Law.  This Merger Agreement shall in all respects be construed, interpreted, and enforced in accordance with and governed by the laws of the State of Wyoming and, so far as applicable, the merger provisions of the California Corporations Code.

(f)    Counterparts.  This Merger Agreement may be executed in several counterparts and all counterparts so executed shall constitute one agreement, which shall be binding on all of the parties hereto, notwithstanding that all of the parties are not signatory to the original or the same counterpart.

[Signatures on the next page]

IN WITNESS WHEREOF, the Merger Agreement, having first been approved by resolutions of the Boards of Directors of Signal Hill Service, Inc., a Wyoming corporation, and Signal Hill Service, Inc., a California corporation, is hereby executed on behalf of each of such two corporations and attested by their respective officers thereunto duly authorized.

**WYOMING CORPORATION:**

SIGNAL HILL SERVICE, INC.,
A Wyoming corporation


By: _____
Richard L. Carone, Chief Executive Officer


By: _____
Russ Howard, Secretary


**CALIFORNIA CORPORATION:**

SIGNAL HILL SERVICE, INC.,
A California corporation


By: _____
Richard L. Carone, Chief Executive Officer


By: _____
Russ Howard, Secretary

# STATE OF WYOMING
## Office of the Secretary of State

I, CHUCK GRAY, Secretary of State of the State of Wyoming, do hereby certify that the filing requirements for the issuance of this certificate have been fulfilled.

CERTIFICATE OF MERGER

**SIGNAL HILL SERVICE, INC. (DELAWARE) (Unqualified Non-survivor)**

Merged into **SIGNAL HILL SERVICE, INC. (Wyoming) (Qualified Survivor)**

I have affixed hereto the Great Seal of the State of Wyoming and duly executed this official certificate at Cheyenne, Wyoming on this **6th** day of **October, 2023.**



Secretary of State

By: _____ Carmen Ponce _____

Filed Date: 10/06/2023

# EXHIBIT I



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**MERGER**
**CA CORPORATION(S) TO NONQUALIFIED**
**CORPORATION SURVIVOR**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only

**-FILED-**

File No.: BA20231589546

Date Filed: 10/18/2023

| Details of Entity Merging Out to Nonqualified Entity | |
|---|---|
| Name of California Entity Merging Out | SIGNAL HILL SERVICE, INC. |
| Entity No. | 1486047 |
| Entity Type | Stock Corporation - CA - General |
| Formed In | CALIFORNIA |

Additional Entities Merging Out

| Merging Out Entity Name | Nonqualified Entity Type | Formed In |
|---|---|---|
| None Entered | | |

Nonqualified Survivor Details

| | |
|---|---|
| Survivor Entity Name | Signal Hill Service, Inc. |
| Survivor Entity Type | Nonqualified Corporation |
| Formed In | WYOMING |

Merger Documents

☒ Merger documents have been approved and signed by each entity participating in the merger.

Additional information and signatures set forth on attached pages, if any, are incorporated herein by reference and made part of this filing.

Electronic Signature

☒ By signing, I affirm that I have the authority to submit this merger.

*Michelle Schumacher*                    *10/18/2023*
Signature                                Date

BA20231589546

2186-5710 10/18/2023 4:35 PM Received by California Secretary of State

**ARTICLES OF MERGER**
**OF**
**SIGNAL HILL SERVICE, INC.**
(a Wyoming Corporation)
**AND**
**SIGNAL HILL SERVICE, INC.**
(a California corporation)

In accordance with Article II of the Wyoming Business Corporation Act, the undersigned, Richard L. Carone, being the Chief Executive Officer of Signal Hill Service, Inc., a Wyoming corporation, DOES HEREBY CERTIFY as follows:

1.  The name and state of incorporation of each of the constituent corporations are Signal Hill Service, Inc., a Wyoming corporation, and Signal Hill Service, Inc., a California corporation;

2.  An agreement of merger, attached hereto as Exhibit "A", has been approved, adopted, certified, executed, and acknowledged by each of the constituent corporations in accordance with Article 11 of the Wyoming Business Corporation Act pursuant to which shareholder approval was not required;

3.  The name of the surviving corporation is Signal Hill Service, Inc.;

4.  The surviving corporation, Signal Hill Service, Inc., will be a Wyoming corporation and its Articles of Incorporation as currently filed with the Secretary of State of the State of Wyoming shall be the Articles of Incorporation of the surviving corporation; and

5.  The merger of Signal Hill Service, Inc., a California corporation, was duly authorized in accordance with the laws of the State of California.

IN WITNESS WHEREOF, the undersigned has signed his name and affirmed that this instrument is the act and deed of the corporation and that the statements herein are true, under penalties of perjury, this September 4, 2023.

SIGNAL HILL SERVICE, INC.,
A Wyoming corporation

By: _____
Richard L. Carone, Chief Executive Officer

B2186-5711 10/18/2023 4:35 PM Received by California Secretary of State

B2186-5712 10/18/2023 4:35 PM Received by California Secretary of State

# EXHIBIT "A"

## AGREEMENT OF MERGER

[See attached]

B2186-5713 10/18/2023 4:35 PM Received by California Secretary of State

## AGREEMENT AND PLAN OF MERGER OF

## SIGNAL HILL SERVICE, INC.,
## A WYOMING CORPORATION,

## AND

## SIGNAL HILL SERVICE, INC.,
## A CALIFORNIA CORPORATION

This AGREEMENT AND PLAN OF MERGER (this "**Merger Agreement**") is made by and between Signal Hill Service, Inc., a Wyoming corporation ("**SHS Wyoming**"), and Signal Hill Service, Inc., a California corporation ("**SHS California**"), effective as of September 4, 2023. SHS Wyoming and SHS California are sometimes referred to herein as the "**Constituent Corporations**." SHS California is a wholly-owned subsidiary of SHS Wyoming.

## RECITALS

A.     SHS California is a corporation duly incorporated and existing under the laws of the State of California and has a total authorized common stock of One Hundred (100) shares (the "**California Stock**"), all of which are, as of the date hereof, and before giving effect to the transactions contemplated hereby, issued and outstanding, and held by SHS Wyoming.

B.     SHS Wyoming is a corporation duly incorporated and existing under the laws of the State of Wyoming and has a total authorized common stock of One Hundred (100) shares (the "**Wyoming Stock**"), all of which are, as of the date hereof, and before giving effect to the transactions contemplated hereby, issued and outstanding.

C.     The Board of Directors for each Constituent Corporation has determined that it is advisable and in the best interests of SHS Wyoming and its shareholders that its wholly-owned subsidiary SHS California merge with and into SHS Wyoming upon the terms and conditions herein provided.

D.     The respective Boards of Directors of the Constituent Corporations have approved this Merger Agreement and have directed that this Merger Agreement be executed by the undersigned officers.

NOW, THEREFORE, in consideration of the mutual agreements and covenants set forth herein, SHS Wyoming and SHS California hereby agree, subject to the terms and conditions hereinafter set forth, as follows:

1.     Merger.

(a)     Merger.  In accordance with the provisions of this Merger Agreement, the Business Corporation Act of the State of Wyoming (the "**WBCA**") and the California Corporations Code, SHS California shall be merged with and into SHS Wyoming (the "**Merger**"), the separate

AGREEMENT AND PLAN OF MERGER                                                    PAGE 1 OF 4

B2186-5714 10/18/2023 4:35 PM Received by California Secretary of State

existence of SHS California shall cease, and SHS Wyoming shall be, and is herein sometimes referred to as, the "**Surviving Corporation**," and the name of the Surviving Corporation shall be Signal Hill Service, Inc.

(b)      Filing and Effectiveness. The Merger shall become effective in accordance with Section 1108 of the California Corporations Code and Section 17-16-1102 of the WBCA. The date and time when the Merger shall become effective, as aforesaid, is herein called the "**Effective Date**."

(c)      Effect of the Merger. Upon the Effective Date, the separate existence of SHS California shall cease, and SHS Wyoming, as the Surviving Corporation, shall: (i) continue to possess all of its assets, rights, powers, and property as constituted immediately prior to the Effective Date, (ii) be subject to all actions previously taken by its and SHS California's Boards of Directors, (iii) succeed, without other transfer, to all of the assets, rights, powers, and property of SHS California in the manner as more fully set forth in Section 17-16-1107 of the WBCA, (iv) continue to be subject to all of its debts, liabilities, and obligations as constituted immediately prior to the Effective Date, and (v) succeed, without other transfer, to all of the debts, liabilities, and obligations of SHS California in the same manner as if SHS Wyoming had itself incurred them, all as more fully provided under the applicable provisions of the WBCA and the California Corporations Code.

2.      Charter Documents, Directors, and Officers.

(a)      Articles of Continuance. The Articles of Continuance of SHS Wyoming as in effect immediately prior to the Effective Date (the "**Articles of Continuance**") shall continue in full force and effect as the Articles of Continuance of the Surviving Corporation until duly amended in accordance with the provisions thereof and applicable law.

(b)      Bylaws. The Bylaws of SHS Wyoming as in effect immediately prior to the Effective Date shall continue in full force and effect as the Bylaws of the Surviving Corporation until duly amended in accordance with the provisions thereof and applicable law.

(c)      Directors and Officers. The directors and officers of SHS Wyoming immediately prior to the Effective Date shall continue to be the directors and officers of the Surviving Corporation until their successors shall have been duly elected and qualified or until as otherwise provided by law, the Articles of Continuance of the Surviving Corporation, or the Bylaws of the Surviving Corporation.

3.      Cancellation of California Stock. Upon the Effective Date, each share of the California Stock issued and outstanding immediately prior thereto, shall, by virtue of the Merger, be cancelled, without any consideration being delivered in respect thereof, it being acknowledged that the Surviving Corporation is the sole holder of all currently issued and outstanding California Stock.

B2186-5715 10/18/2023 4:35 PM Received by California Secretary of State

4.      General.

(a)      Reorganization for Tax Purposes. This Merger Agreement is intended to constitute a plan of reorganization by the parties hereto within the meaning of Section 368 of the Internal Revenue Code of 1986, as amended (the "**Code**") and the regulations promulgated thereunder.

(b)      Further Assurances. Each party will, whenever and as often as it shall be reasonably requested to do so and without unreasonable delay, execute, acknowledge, and deliver, or cause to be executed, acknowledged, and delivered, any and all further documents, and each party shall do all other acts as may be necessary, to carry out the intent and purpose of this Merger Agreement.

(c)      Severability. If any term or provision of this Merger Agreement or any part thereof is declared illegal, null, or void, the remaining portions of this Merger Agreement shall remain in full force and effect to the extent permitted by law.

(d)      Incorporation of Recitals. The Recitals set forth in this Agreement are incorporated by reference as though fully set forth in this Agreement and constitute representations of the parties.

(e)      Governing Law. This Merger Agreement shall in all respects be construed, interpreted, and enforced in accordance with and governed by the laws of the State of Wyoming and, so far as applicable, the merger provisions of the California Corporations Code.

(f)      Counterparts. This Merger Agreement may be executed in several counterparts and all counterparts so executed shall constitute one agreement, which shall be binding on all of the parties hereto, notwithstanding that all of the parties are not signatory to the original or the same counterpart.

[Signatures on the next page]

B2186-5716  10/18/2023  4:35 PM Received by California Secretary of State

IN WITNESS WHEREOF, the Merger Agreement, having first been approved by resolutions of the Boards of Directors of Signal Hill Service, Inc., a Wyoming corporation, and Signal Hill Service, Inc., a California corporation, is hereby executed on behalf of each of such two corporations and attested by their respective officers thereunto duly authorized.

**WYOMING CORPORATION:**

SIGNAL HILL SERVICE, INC.,
A Wyoming corporation

By: _____
Richard L. Carone, Chief Executive Officer

By: _____
Russ Howard, Secretary

**CALIFORNIA CORPORATION:**

SIGNAL HILL SERVICE, INC.,
A California corporation

By: _____
Richard L. Carone, Chief Executive Officer

By: _____
Russ Howard, Secretary

AGREEMENT AND PLAN OF MERGER                                     PAGE 4 OF 4

B2186-5717 10/18/2023 4:35 PM Received by California Secretary of State

WY Secretary of State
FILED: 10/06/2023 09:08 AM
Original ID: 2021-001051383
Amendment ID: 2023-004401492



RECEIVED
SEP 21 2023
WYOMING
SECRETARY OF STATE

## ARTICLES OF MERGER
## OF
### SIGNAL HILL SERVICE, INC.
(a Wyoming Corporation)
### AND
### SIGNAL HILL SERVICE, INC.
(a California corporation)

QS 2021-001051383

NQ NS

In accordance with Article II of the Wyoming Business Corporation Act, the undersigned, Richard L. Carone, being the Chief Executive Officer of Signal Hill Service, Inc., a Wyoming corporation, DOES HEREBY CERTIFY as follows:

1.  The name and state of incorporation of each of the constituent corporations are Signal Hill Service, Inc., a Wyoming corporation, and Signal Hill Service, Inc., a California corporation;

2.  An agreement of merger, attached hereto as Exhibit "A", has been approved, adopted, certified, executed, and acknowledged by each of the constituent corporations in accordance with Article 11 of the Wyoming Business Corporation Act pursuant to which shareholder approval was not required;

3.  The name of the surviving corporation is Signal Hill Service, Inc.;

4.  The surviving corporation, Signal Hill Service, Inc., will be a Wyoming corporation and its Articles of Incorporation as currently filed with the Secretary of State of the State of Wyoming shall be the Articles of Incorporation of the surviving corporation; and

5.  The merger of Signal Hill Service, Inc., a California corporation, was duly authorized in accordance with the laws of the State of California.

IN WITNESS WHEREOF, the undersigned has signed his name and affirmed that this instrument is the act and deed of the corporation and that the statements herein are true, under penalties of perjury, this September 4, 2023.

SIGNAL HILL SERVICE, INC.,
A Wyoming corporation

By: _____
Richard L. Carone, Chief Executive Officer

B2186-5718  10/18/2023  4:35 PM Received by California Secretary of State

B2186-5719 10/18/2023 4:35 PM Received by California Secretary of State

EXHIBIT "A"

AGREEMENT OF MERGER

[See attached]

B2186-5720 10/18/2023 4:35 PM Received by California Secretary of State

## AGREEMENT AND PLAN OF MERGER OF

## SIGNAL HILL SERVICE, INC.,
## A WYOMING CORPORATION,

## AND

## SIGNAL HILL SERVICE, INC.,
## A CALIFORNIA CORPORATION

This AGREEMENT AND PLAN OF MERGER (this "**Merger Agreement**") is made by and between Signal Hill Service, Inc., a Wyoming corporation ("**SHS Wyoming**"), and Signal Hill Service, Inc., a California corporation ("**SHS California**"), effective as of September 4, 2023. SHS Wyoming and SHS California are sometimes referred to herein as the "**Constituent Corporations**." SHS California is a wholly-owned subsidiary of SHS Wyoming.

### RECITALS

A.    SHS California is a corporation duly incorporated and existing under the laws of the State of California and has a total authorized common stock of One Hundred (100) shares (the "**California Stock**"), all of which are, as of the date hereof, and before giving effect to the transactions contemplated hereby, issued and outstanding, and held by SHS Wyoming.

B.    SHS Wyoming is a corporation duly incorporated and existing under the laws of the State of Wyoming and has a total authorized common stock of One Hundred (100) shares (the "**Wyoming Stock**"), all of which are, as of the date hereof, and before giving effect to the transactions contemplated hereby, issued and outstanding.

C.    The Board of Directors for each Constituent Corporation has determined that it is advisable and in the best interests of SHS Wyoming and its shareholders that its wholly-owned subsidiary SHS California merge with and into SHS Wyoming upon the terms and conditions herein provided.

D.    The respective Boards of Directors of the Constituent Corporations have approved this Merger Agreement and have directed that this Merger Agreement be executed by the undersigned officers.

NOW, THEREFORE, in consideration of the mutual agreements and covenants set forth herein, SHS Wyoming and SHS California hereby agree, subject to the terms and conditions hereinafter set forth, as follows:

1.    Merger.

(a)    Merger. In accordance with the provisions of this Merger Agreement, the Business Corporation Act of the State of Wyoming (the "**WBCA**") and the California Corporations Code, SHS California shall be merged with and into SHS Wyoming (the "**Merger**"), the separate

AGREEMENT AND PLAN OF MERGER                                        PAGE 1 OF 4

existence of SHS California shall cease, and SHS Wyoming shall be, and is herein sometimes referred to as, the "**Surviving Corporation**," and the name of the Surviving Corporation shall be Signal Hill Service, Inc.

(b)　Filing and Effectiveness. The Merger shall become effective in accordance with Section 1108 of the California Corporations Code and Section 17-16-1102 of the WBCA. The date and time when the Merger shall become effective, as aforesaid, is herein called the "**Effective Date.**"

(c)　Effect of the Merger. Upon the Effective Date, the separate existence of SHS California shall cease, and SHS Wyoming, as the Surviving Corporation, shall: (i) continue to possess all of its assets, rights, powers, and property as constituted immediately prior to the Effective Date, (ii) be subject to all actions previously taken by its and SHS California's Boards of Directors, (iii) succeed, without other transfer, to all of the assets, rights, powers, and property of SHS California in the manner as more fully set forth in Section 17-16-1107 of the WBCA, (iv) continue to be subject to all of its debts, liabilities, and obligations as constituted immediately prior to the Effective Date, and (v) succeed, without other transfer, to all of the debts, liabilities, and obligations of SHS California in the same manner as if SHS Wyoming had itself incurred them, all as more fully provided under the applicable provisions of the WBCA and the California Corporations Code.

2.　Charter Documents, Directors, and Officers.

(a)　Articles of Continuance. The Articles of Continuance of SHS Wyoming as in effect immediately prior to the Effective Date (the "**Articles of Continuance**") shall continue in full force and effect as the Articles of Continuance of the Surviving Corporation until duly amended in accordance with the provisions thereof and applicable law.

(b)　Bylaws. The Bylaws of SHS Wyoming as in effect immediately prior to the Effective Date shall continue in full force and effect as the Bylaws of the Surviving Corporation until duly amended in accordance with the provisions thereof and applicable law.

(c)　Directors and Officers. The directors and officers of SHS Wyoming immediately prior to the Effective Date shall continue to be the directors and officers of the Surviving Corporation until their successors shall have been duly elected and qualified or until as otherwise provided by law, the Articles of Continuance of the Surviving Corporation, or the Bylaws of the Surviving Corporation.

3.　Cancellation of California Stock. Upon the Effective Date, each share of the California Stock issued and outstanding immediately prior thereto, shall, by virtue of the Merger, be cancelled, without any consideration being delivered in respect thereof, it being acknowledged that the Surviving Corporation is the sole holder of all currently issued and outstanding California Stock.

AGREEMENT AND PLAN OF MERGER　　　　　　　　　　　　　　　　PAGE 2 OF 4

B2186-5721 10/18/2023 4:35 PM Received by California Secretary of State

4. <u>General</u>.

(a)    <u>Reorganization for Tax Purposes</u>. This Merger Agreement is intended to constitute a plan of reorganization by the parties hereto within the meaning of Section 368 of the Internal Revenue Code of 1986, as amended (the "**Code**") and the regulations promulgated thereunder.

(b)    <u>Further Assurances</u>. Each party will, whenever and as often as it shall be reasonably requested to do so and without unreasonable delay, execute, acknowledge, and deliver, or cause to be executed, acknowledged, and delivered, any and all further documents, and each party shall do all other acts as may be necessary, to carry out the intent and purpose of this Merger Agreement.

(c)    <u>Severability</u>. If any term or provision of this Merger Agreement or any part thereof is declared illegal, null, or void, the remaining portions of this Merger Agreement shall remain in full force and effect to the extent permitted by law.

(d)    <u>Incorporation of Recitals</u>. The Recitals set forth in this Agreement are incorporated by reference as though fully set forth in this Agreement and constitute representations of the parties.

(e)    <u>Governing Law</u>. This Merger Agreement shall in all respects be construed, interpreted, and enforced in accordance with and governed by the laws of the State of Wyoming and, so far as applicable, the merger provisions of the California Corporations Code.

(f)    <u>Counterparts</u>. This Merger Agreement may be executed in several counterparts and all counterparts so executed shall constitute one agreement, which shall be binding on all of the parties hereto, notwithstanding that all of the parties are not signatory to the original or the same counterpart.

[Signatures on the next page]

B2186-5722 10/18/2023 4:35 PM Received by California Secretary of State

AGREEMENT AND PLAN OF MERGER                                      PAGE 3 OF 4

IN WITNESS WHEREOF, the Merger Agreement, having first been approved by resolutions of the Boards of Directors of Signal Hill Service, Inc., a Wyoming corporation, and Signal Hill Service, Inc., a California corporation, is hereby executed on behalf of each of such two corporations and attested by their respective officers thereunto duly authorized.

**WYOMING CORPORATION:**

SIGNAL HILL SERVICE, INC.,
A Wyoming corporation

By: _____
Richard L. Carone, Chief Executive Officer

By: _____
Russ Howard, Secretary

**CALIFORNIA CORPORATION:**

SIGNAL HILL SERVICE, INC.,
A California corporation

By: _____
Richard L. Carone, Chief Executive Officer

By: _____
Russ Howard, Secretary

AGREEMENT AND PLAN OF MERGER                                    PAGE 4 OF 4

B2186-5723 10/18/2023 4:35 PM Received by California Secretary of State

# CERTIFICATE OF SERVICE

Case Name:    **In re:**

**)**

**SIGNAL HILL SERVICE, INC.,**                      No.    **24-20439**

I hereby certify that on <u>May 22, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### MOTION TO HOLD ALEX SCHURAWEL IN CONTEMPT FOR NON-COMPLIANCE WITH RULE 2004 SUBPOENA AND COURT ORDER

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

:

Stephen R. Winship
Winship and Winship, PC
145 South Durbin Street
Suite 201
Casper, WY 82601-2566
**Email:** steve@winshipandwinship.com
*Attorney for Appellant Signal Hill Service, Inc.*

John A. Coppede
Coal Creek Law, LLP
211 W. 19th Street
P.O. Box 467
Cheyenne, WY 82003-0467
**Email:** jcoppede@coalcreeklaw.com
*Attorney for Appellee Gaynor Ranch LLC*

Bret Anderson
Morgan Lynch
Ferguson Case Orr Paterson, LLP
4550 E. Thousand Oaks Blvd., Ste 250
Westlake Village, CA 91362
**Email:** banderson@fcoplaw.com
**Email:** mlynch@fcoplaw.com
*Attorneys for Appellee Gaynor Ranch LLC*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>May 22, 2026</u>, at Los Angeles, California.

| J. Martinez | /s/ J. Martinez |
|---|---|
| Declarant | Signature |

LA2024305269