JAMES R. FELTON, ESQ. (State Bar No. 138767)
jfelton@gblawllp.com
G&B LAW, LLP
16000 Ventura Boulevard, Suite 1000
Encino, California 91436
Tel: (818) 382-6200 • Fax: (818) 986-6534

Attorneys for Defendant
Signal Hill Service, Inc.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SANTA BARBARA, CIVIL DIVISION

| | |
|---|---|
| CALIFORNIA STATE LANDS COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SIGNAL HILL SERVICE, INC.; PACIFIC OPERATORS, INC., DBA PACIFIC OPERATORS OFFSHORE, [NC.; DOES 1-100, INCLUSIVE,<br><br>Defendants.<br><hr>SIGNAL HILL SERVICE, INC., and CARONE PETROLEUM CORPORATION,<br><br>Cross-Complainants,<br><br>v.<br><br>CALIFORNIA STATE LANDS COMMISSION,<br><br>Cross-Defendants. | CASE NO.: 19CV04295<br><br>UNLIMITED JURISDICTION<br><br>JUDGE: Hon. Donna D. Geek<br><br>**NOTICE OF MOTION AND MOTION TO REQUIRE JUDGMENT CREDITOR TO ACCEPT PAYMENT IN FULL OF JUDGMENT AND FILE SATISFACTION OF JUDGMENT; DECLARATION OF JAMES R. FELTON IN SUPPORT OF THE MOTION**<br><br>**DATE:** July 10, 2026<br>**TIME:** 10:00 a.m.<br>**DEPT:** 4<br><br>**ACTION FILED:** August 13, 2019 |

NOTICE OF MOTION AND NOTICE OF MOTION AND MOTION TO REQUIRE JUDGMENT CREDITOR TO ACCEPT PAYMENT IN FULL OF JUDGMENT AND FILE SATISFACTION OF JUDGMENT; DECLARATION OF JAMES R. FELTON IN SUPPORT OF THE MOTION

2677259.1 - 32744.0001

EXHIBIT A

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on July 10, 2026 at 10:00 a.m. or as soon thereafter as this matter can be heard in Department 4 of the above-entitled Court located at 1100 Anacapa Street, Santa Barbara, CA 93101, Defendant Signal Hill Service, Inc. ("Defendant" or "Signal Hill") will move for this Court to enter an order requiring Plaintiff California State Lands Commission ("Plaintiff") to accept full payment of the judgment entered in this matter and for an order requiring the Plaintiff to file and record, if necessary, a satisfaction of judgment in full.  Defendant has overnighted a check in the amount of $381,352.36 to Plaintiff's counsel made payable to the Department of Justice.  This amount is the full amount of the original judgment plus interest through May 29, 2026.

Plaintiff has indicated that it does will not accept this payment in full because it believes that it is entitled to attorney's fees in enforcing the Judgment.  It is not so entitled and the original Judgment does not provide for any award of attorney's fees.  Moreover, Plaintiff will argue that the payment of the full amount of the Judgment has to be approved by its Board.  It does not.  This is not a settlement nor the payment of something less than the full amount.  As will be shown below, California law requires that a creditor accept payment in full.  That is what has been paid here.

This motion will be based upon this notice, the attached memorandum of points and authorities, the declaration of James R. Felton in support thereof and such other and further evidence as may be presented to the Court

Dated:  May 28, 2026

G&B LAW, LLP

By: _____
JAMES R. FELTON, ESQ.
Attorneys for Defendant
Signal Hill Service, Inc.

NOTICE OF MOTION AND NOTICE OF MOTION AND MOTION TO REQUIRE JUDGMENT CREDITOR TO ACCEPT PAYMENT IN FULL OF JUDGMENT AND FILE SATISFACTION OF JUDGMENT; DECLARATION OF JAMES R. FELTON IN SUPPORT OF THE MOTION

2677259.1 - 32744.0001

EXHIBIT A

## I.

## STATEMENT OF FACTS

**A.    Factual Background and Procedural History.**

On or about March 15, 2024, this Court entered judgment in this matter pursuant to the Stipulation of the parties.  (Declaration of James R. Felton ("Felton Decl."), ¶ 2, Ex. "A". The original judgment from March 15, 2024 has two components.  First, the court found the defendant Signal Hill liable for damages on the first cause of action in the amount of $282,094.34.  Second, the court found the defendant liable for damages on the second cause of action in the amount to $17,351.40.   Thus, the total amount of the judgment at that time was $299,445.74.  On or about November 1, 2024, Signal Hill filed a Chapter 7 bankruptcy petition in Wyoming.

There was an additional cost award of $11,583.84 entered on June 10, 2024 which is also reflected on the judgment.  Interest on $299,445.74 from March 15, 2024 through June 10, 2024 is $7,137.47 (interest calculated at 10%).  Adding that amount ($7,137.47) to the cost award ($11,583,85) to the original judgment brings that amount of the judgment to $318,666.06.  Interest on $318,666.00 at 10% from June 10, 2024 through December 1, 2025 is $47,057.81.  Adding that amount to the judgment totals $365,723.87 and daily interest accrues at $87.31 per day.  (Felton Decl., ¶ 3.)



On or about December 9, 2025, these calculations were sent by email to Plaintiff's counsel. (Felton Decl., ¶ 4, Ex. "B".)  Plaintiff was asked to confirm that the numbers were accurate.  In response, Plaintiff's counsel wrote that "We've reviewed your outline below and agree on the general arithmetic and approximate figures.  Please be advised that at this time, the extent of State Lands' agreement is that the assessment in your email generally looks correct." (Felton Decl., ¶ 5, Ex. "C".)

On May 27, 2026, Defendant's counsel sent another email to Plaintiff's counsel stating that Defendant intended to pay the full of the judgment.  There was an additional 179 days of interest between December 1, 2025 and May 29, 2026 and such amount was added to the total bring the full amount of the judgment to $381,352.36.  Defendant also asked for payment instructions by wire or check. (Felton Decl., ¶ 6, Ex. "D".)

In response to the request, Plaintiff's counsel sent an email asking for a number of things including a) additional funds for attorney's fees, b) time for the Plaintiff's Board to approve the

3

EXHIBIT A

payment and c) that the bankruptcy court has to approve the settlement and d) the relationship of Defendant to certain alleged affiliates. (Felton Decl., ¶ 7, Ex. "E".)  Contrary to Plaintiff's argument, this is not an offer that needs to be approved by anyone.  A judgment debtor can pay the full amount of the judgment at any time and as will be shown below, a creditor has to accept it. (CCP Section 724.010(a).)  There is no basis for attorney's fees to be added because the judgment has no such component.  Bankruptcy Court approval is not required and who the judgment debtor's affiliates may be cannot be of any matter.   The judgment debtor proposes to pay the judgment in full and has in fact overnighted a check to counsel made payable to the Department of Justice in the full amount plus interest.

Finally, on May 28, 2026, counsel for the Defendant sent a firm's trust check in the amount of $381,352.36 to Plaintiff's counsel office (the same address provided in their email).  (Felton Decl., ¶ 8, Ex. "F".)

**II.**

**ARGUMENT**

**A.**     **CCP Section 724.010 Requires A Judgment Creditor to Accept Full Payment without Conditions.**

CCP Section 724.010 provides that:

(a) A money judgment may be satisfied by payment of the full amount required to satisfy the judgment or by acceptance by the judgment creditor of a lesser sum in full satisfaction of the judgment.

(b) Where a money judgment is satisfied by levy, the obligation of the judgment creditor to give or file an acknowledgment of satisfaction arises only when the judgment creditor has received the full amount required to satisfy the judgment from the levying officer.

(c) Where a money judgment is satisfied by payment to the judgment creditor by check or other form of noncash payment that is to be honored upon presentation by the judgment creditor for payment, the obligation of the judgment creditor to give or file an acknowledgment of satisfaction of judgment arises only when the check or other form of noncash payment has actually been honored upon presentation for payment.

4

EXHIBIT A

Here, back in December, 2025, Plaintiff's counsel approved the amount that was owed as of December 1, 2025. The December 10 email also identified the amount of the daily interest which has been added to the original total through May 29, 2026. Notably, although Plaintiff's counsel set forth a number of conditions, which will be analyzed below, there was no mention that the amount proposed was wrong.

**B.**    **This Is Not an Offer Which Can be Rejected or Conditioned on Board Approval.**

Contrary to the argument set forth in the May 27, 2026 email, payment of the judgment plus interest is not an offer. CCP Section 724.010 would be meaningless if a judgment creditor can add other conditions for the payment of a judgment. Moreover, the plain language of Section 724.010(a) makes clear that the judgment creditor has to accept full payment. That is precisely what is being provided here. Accepting full payment cannot be conditioned on the Plaintiff's Board having to agree.

**C.**    **Bankruptcy Court Review is Also Not a Requirement.**

The funds to pay the judgment creditor are not coming from the judgment debtor. (Felton Decl., ¶ 7.) As a result, no bankruptcy court approval is required.

**D.**    **Confirmation of Affiliates Is Not in the Judgment Nor Required.**

Lastly, Plaintiff has requested that Defendant confirm the identify of certain affiliates. As noted above, CCP Section 724.010(a) does not allow for or require any other condition other than paying the judgment in full. Wanting to exact further information or additional conditions not found in the judgment is violative of Section 724.010. Moreover, with the judgment being paid in full, the identify of affiliates is completely not relevant. After Plaintiff's cash the check and the funds clear, there will be no one else to chase because the judgment will be paid in full.

**E.**    **Demand is Made for the Judgment Creditor to Comply.**

Pursuant to CCP Section 724.050:

> (a)    If a money judgment has been satisfied, the judgment debtor, the owner of real or personal property subject to a judgment lien created under the judgment, or a person having a security interest in or a lien on personal property subject to a judgment lien created under the judgment may serve personally or by mail on the judgment creditor a demand in writing that the judgment creditor do one or both of the following:

5

NOTICE OF MOTION AND NOTICE OF MOTION AND MOTION TO REQUIRE JUDGMENT CREDITOR TO ACCEPT PAYMENT IN FULL OF JUDGMENT AND FILE SATISFACTION OF JUDGMENT; DECLARATION OF JAMES R. FELTON IN SUPPORT OF THE MOTION

2677259.1 - 32744.0001

EXHIBIT A

(1) File an acknowledgment of satisfaction of judgment with the court.

(2) Execute, acknowledge, and deliver an acknowledgment of satisfaction of judgment to the person who made the demand.

(b)     The demand shall include the following statement: "Important warning. If this judgment has been satisfied, the law requires that you comply with this demand not later than 15 days after you receive it. If a court proceeding is necessary to compel you to comply with this demand, you will be required to pay my reasonable attorney's fees in the proceeding if the court determines that the judgment has been satisfied and that you failed to comply with the demand. In addition, if the court determines that you failed without just cause to comply with this demand within the 15 days allowed, you will be liable for all damages I sustain by reason of such failure and will also forfeit one hundred dollars to me."

(c)     If the judgment has been satisfied, the judgment creditor shall comply with the demand not later than 15 days after actual receipt of the demand.

(d)     If the judgment creditor does not comply with the demand within the time allowed, the person making the demand may apply to the court on noticed motion for an order requiring the judgment creditor to comply with the demand. The notice of motion shall be served on the judgment creditor. Service shall be made personally or by mail. If the court determines that the judgment has been satisfied and that the judgment creditor has not complied with the demand, the court shall either (1) order the judgment creditor to comply with the demand or (2) order the court clerk to enter satisfaction of the judgment.

(e)     If the judgment has been satisfied and the judgment creditor fails without just cause to comply with the demand within the time allowed, the judgment creditor is liable to the person who made the demand for all damages sustained by reason of such failure and shall also forfeit one hundred dollars ($100) to such person. Liability under this subdivision may be determined in the proceedings on the motion pursuant to subdivision (d) or in an action.

NOTICE OF MOTION AND NOTICE OF MOTION AND MOTION TO REQUIRE JUDGMENT CREDITOR TO ACCEPT PAYMENT IN FULL OF JUDGMENT AND FILE SATISFACTION OF JUDGMENT; DECLARATION OF JAMES R. FELTON IN SUPPORT OF THE MOTION

2677259.1 - 32744.0001

EXHIBIT A

Pursuant to CCP Section 724.070:

> (a)    If a judgment creditor intentionally conditions delivery of an acknowledgment of satisfaction of judgment upon the performance of any act or the payment of an amount in excess of that to which the judgment creditor is entitled under the judgment, the judgment creditor is liable to the judgment debtor for all damages sustained by reason of such action or two hundred fifty dollars ($250), whichever is the greater amount.

(Emphasis added.)

Pursuant to CCP Section 724.080:

In an action or proceeding maintained pursuant to this chapter, the court shall award reasonable attorney's fees to the prevailing party.

To the extent that the Judgment Debtor is required to seek this Court intervention through this motion practice with the Plaintiff not agreeing to execute a full satisfaction of judgment, the Judgment Debtor reserves its right to seek its attorney's fees and costs.

## III.

## CONCLUSION

Based upon the foregoing, the Judgment Debtor respectfully requests that this Court require Plaintiff to accept payment in full and execute a full satisfaction of judgment.

DATED: May 28, 2026                    G&B LAW, LLP

By: _____
JAMES R. FELTON, ESQ.
Attorneys for Defendant Signal Hill Service, Inc.

7

NOTICE OF MOTION AND NOTICE OF MOTION AND MOTION TO REQUIRE JUDGMENT CREDITOR TO ACCEPT PAYMENT IN FULL OF JUDGMENT AND FILE SATISFACTION OF JUDGMENT; DECLARATION OF JAMES R. FELTON IN SUPPORT OF THE MOTION

2677259.1 - 32744.0001

EXHIBIT A

## DECLARATION OF JAMES R. FELTON

I, James R. Felton, declare as follows:

1.      I am an attorney duly licensed to practice law in the State of California and am a partner in the law firm of G & B Law, LLP, counsel for the judgment debtor herein.  The facts recited in this declaration are known to me of my own personal knowledge and if called upon to testify as a witness, I could and would competently testify thereto.

2.      On or about March 15, 2024, this Court entered judgment in this matter pursuant to the Stipulation of the parties.  A true and correct copy of the judgment is attached hereto as Exhibit "A".  The original judgment from March 15, 2024 has two components.  First, the court found the defendant Signal Hill liable for damages on the first cause of action in the amount of $282,094.34.  Second, the court found the defendant liable for damages on the second cause of action in the amount to $17,351.40.  Thus, the total amount of the judgment at that time was $299,445.74.

3.      There was an additional cost award of $11,583.84 entered on June 10, 2024 which is also reflected on the judgment.  Interest on $299,445.74 from March 15, 2024 through June 10, 2024 is $7,137.47 (interest calculated at 10%).  Adding that amount ($7,137.47) to the cost award ($11,583,85) to the original judgment brings that amount of the judgment to $318,666.06.  Interest on $318,666.00 at 10% from June 10, 2024 through December 1, 2025 is $47,057.81.  Adding that amount to the judgment totals $365,723.87 and daily interest accrues at $87.31 per day.

4.      On or about December 9, 2025, these calculations were sent by email to Plaintiff's counsel.  A true and correct copy of this email is attached hereto as Exhibit "B".  Plaintiff was asked to confirm that the numbers were accurate.

5.      In response, Plaintiff's counsel wrote that "We've reviewed your outline below and agree on the general arithmetic and approximate figures.  Please be advised that at this time, the extent of State Lands' agreement is that the assessment in your email generally looks correct." A true and correct copy of this email is attached hereto as Exhibit "C".

6.      On May 27, 2026, Defendant's counsel sent another email to Plaintiff's counsel stating that Defendant intended to pay the full amount of the judgment.    There was an additional 179 days of interest between December 1, 2025 and May 29, 2026 and such amount was added to the total bring



8

NOTICE OF MOTION AND NOTICE OF MOTION AND MOTION TO REQUIRE JUDGMENT CREDITOR TO ACCEPT PAYMENT IN FULL OF JUDGMENT AND FILE SATISFACTION OF JUDGMENT; DECLARATION OF JAMES R. FELTON IN SUPPORT OF THE MOTION

2677259.1 - 32744.0001

EXHIBIT A

the full amount of the judgment to $381,352.36. Defendant also asked for payment instructions by wire or check. A true and correct copy of this email is attached as Exhibit "D".

7.   In response to the request, Plaintiff's counsel sent an email asking for a number of things including a) additional funds for attorney's fees, b) time for the Plaintiff's Board to approve the payment and c) that the bankruptcy court has to approve the settlement and d) the relationship of Defendant to certain alleged affiliates. A true and correct copy of this email is attached as Exhibit "E".

8.   On May 28, 2026, I sent my firm's trust check in the amount of $381,352.36 to Plaintiff's counsel office (the same address provided in their email). A true and correct copy of the check is attached hereto as Exhibit "F". The funds for this payment did not come from the Judgment Debtor.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct. Executed this 28th day of May, 2026 at Encino, CA.

JAMES R. FELTON, ESQ.

9

NOTICE OF MOTION AND NOTICE OF MOTION AND MOTION TO REQUIRE JUDGMENT CREDITOR TO ACCEPT PAYMENT IN FULL OF JUDGMENT AND FILE SATISFACTION OF JUDGMENT; DECLARATION OF JAMES R. FELTON IN SUPPORT OF THE MOTION

2677259.1 - 32744.0001

EXHIBIT A

# EXHIBIT A

EXHIBIT A

Pursuant to CRC 2.259 this document has been electronically filed by the Superior Court of California, County of Santa Barbara, on 3/14/2024

TC

ROB BONTA
Attorney General of California
CHRISTINA BULL ARNDT
Supervising Deputy Attorney General
LEENA M. SHEET (SBN 235415)
STEVEN W. KERNS (SBN 333983)
Deputy Attorneys General
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6023
  Fax:  (916) 731-2121
  E-mail:  Leena.Sheet@doj.ca.gov
*Attorneys for Plaintiff and Cross-Defendant*
*State Lands Commission*

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

**03/15/2024**
Darrel E. Parker, Executive Officer
BY  Baksh, Narzralli
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA BARBARA

CIVIL DIVISION

| | |
|---|---|
| **CALIFORNIA STATE LANDS COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**SIGNAL HILL SERVICE, INC.; PACIFIC OPERATORS, INC., DBA PACIFIC OPERATORS OFFSHORE, INC.; DOES 1-100, INCLUSIVE,**<br><br>Defendant. | Case No. 19CV04295<br><br>[~~PROPOSED~~] **JUDGMENT PURSUANT TO STIPULATION**<br><br>**[Assigned to Hon. Donna D. Geck, Dept. 4]** |
| **SIGNAL HILL SERVICE, INC., and CARONE PETROLEUM CORPORATION,**<br><br>Cross-Complainants,<br><br>v.<br><br>**CALIFORNIA STATE LANDS COMMISSION**<br><br>Cross-Defendants. | |

1

On August 13, 2019, plaintiff and cross-defendant California State Lands Commission ("Commission") filed this action against defendant and cross-complainant, Signal Hill Service Inc. ("Signal Hill"), and defendant Pacific Operators, Inc. d/b/a Pacific Operators Offshore, Inc. ("Pacific Operators") for breach of contract, trespass, and declaratory relief based on damages following the Commission's termination of a pipeline lease operated by Signal Hill and Pacific Operators. On April 30, 2021, Signal Hill and cross-complainant, Carone Petroleum Corporation ("Carone") filed a fourth amended cross-complaint alleging two causes of action for breach of contract based on the lease termination, and on June 21, 2021, the Commission filed a cross-complaint for indemnity and declaratory relief.

Pursuant to stipulation of the parties, entered for purposes of fully resolving all claims and issues in this litigation,

IT IS THEREFORE ORDERED AND ADJUDGED as follows:

1.     As to the California State Lands Commission's First Amended Complaint, judgment is hereby entered on the Commission's First Cause of Action for Breach of Contract in favor of plaintiff California State Lands Commission and against defendant Signal Hill Services, Inc. in the amount of $282,094.34.

2.     As to the Commission's Second Cause of Action for Trespass, judgment is entered in favor of plaintiff California State Lands Commission and against defendants Signal Hill Service, Inc. in the amount of $17,351.40.

3.     As to the claims in Signal Hill's Services, Inc. and Carone Petroleum Corporation's Fourth Amended Cross-Complaint, judgment is hereby entered in favor of cross-defendant California State Lands Commission and against cross-complainants Signal Hill Services, Inc. and Carone Petroleum Corporation on all causes of action.

4.     As to the third cause of action for declaratory relief in the Commission's First Amended Complaint, the claim is dismissed.

5.     As to the California State Lands Commission's cross-complaint for indemnity and declaratory relief against Signal Hill Services, Inc., the cross-complaint is dismissed.

6.     This Judgment shall be binding on all parties.

2

EXHIBIT A

7.     This Judgment shall become effective upon the date the Clerk enters it.

8.     The Commission is entitled to recover its costs in the amount of $ _See Below_

IT IS SO ORDERED, ADJUGED, and DECREED.

Dated:     __03/15/2024__

THE HONORABLE DONNA D. GECK
Judge of the Santa Barbara Superior Court

Pursuant to CRC 3.1700 et seq, costs in the amount of $11,583.85 are hereby awarded in favor of California State Lands Commission.

6/10/2024

/s/ Sarah Sisto
Deputy Clerk

APPROVED AS TO FORM:

3

EXHIBIT A

Dated: March 13, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
CHRISTINA BULL ARNDT
Supervising Deputy Attorney General

LEENA M. SHEET
Deputy Attorney General
*Attorneys for Plaintiff and Cross-Defendant State Lands Commission*

Dated: March 13, 2024

Hill, Farrer & Burrill LLP
Kevin H. Brogan

Kevin H. Brogan
Attorneys for Defendants and Cross-complainants Signal Hill Service, Inc.; Pacific Operators, Inc., dba Pacific Operators Offshore, Inc. and Carone Petrolem Corporation

4

EXHIBIT A

## DECLARATION OF SERVICE BY E-MAIL & U.S. MAIL

Case Name:  *California State Lands Commission v. Signal Hill Service, Inc.; Pacific Operators, Inc., DBA Pacific Operators Offshore, Inc.; Does 1 - 100, Inclusive,*

No.:   **19CV04295**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter.

On March 13, 2024, I served the attached

- **STIPULATION FOR ENTRY OF JUDGMENT**

- **[PROPOSED] JUDGMENT PURSUANT TO STIPULATION**

by transmitting a true copy via electronic mail. In addition, I placed a true copy thereof enclosed in a sealed envelope, in the internal mail system of the Office of the Attorney General, addressed as follows:

Kevin H. Brogan
Hill, Farrer & Burrill, LLP
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA  90071-3147
**E-mail Address**: kbrogan@hfbllp.com

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on March 13, 2024, at San Francisco, California.

| | |
|---|---|
| G. Guardado | *G. Guardado* |
| Declarant | Signature |

LA2019103916
44096600.docx

EXHIBIT A

# EXHIBIT B

EXHIBIT A

## James Felton

| | |
|---|---|
| **From:** | James Felton |
| **Sent:** | Tuesday, December 9, 2025 11:44 AM |
| **To:** | Steven Kerns |
| **Subject:** | California State Lands Commission v. Signal Hill Service, Inc. et. al |

Dear Mr. Kerns,

My client is intending to make an offer to resolve the judgment. However, I thought it made sense to confirm the exact amount of the full value of the judgment currently so that we know that we are working from the same starting point.   Here is the math that I did.  Please confirm that you agree with the numbers or tell me why you don't.

1.      The original judgment from March 15, 2024 has two components.   First, the court found the defendant liable for damages on the first cause of action in the amount of $282,094.34.  Second, the court found the defendant liable for damages on the second cause of action in the amount to $17,351.40.   Thus, the total amount of the judgment at that time was $299,445.74.

2.      There was an additional cost award of $11,583.84 entered on June 10, 2024.

3.      Interest on $299,445.74 from March 15, 2024 through June 10, 2024 is $7,137.47   (interest calculated at 10%).  Adding that amount ($7,137.47) to the cost award ($11,583,85) to the original judgment brings that amount of the judgment to $318,666.06.

4.      Interest on $318,666.00 at 10% from June 10, 2024 through December 1, 2025 is $47,057.81.  Adding that amount to the judgment totals $365,723.87 and daily interest accrues at $87.31 per day.

5.      As of today – December 9, 2025, the total amount on the judgment is approximately $366,500 (I am giving an approximation for a ballpark amount.)

Can you confirm that you agree either exactly or approximately with the number of $366,500.00.  Once I hear from you, I can get you the settlement number.

Jim



**James R. Felton, Esq.**
**Managing Partner**
G&B LAW, LLP

📞818.382.6200  🔗 www.gblawllp.com
📠 818.986.6534  ✉ jfelton@gblawllp.com
📍16000 Ventura Boulevard, Suite 1000
Encino, California 91436-2730

CONFIDENTIALITY NOTICE: The information contained in this e-mail transmission is intended only for use of the individual or entity named above. This e-mail transmission, and any documents, files, previous e-mail transmissions or other information attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient of this e-mail transmission, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, copying or other use of this transmission or any of the information contained in or attached to it is strictly prohibited. If you have received this e-mail transmission in error, please immediately notify us by return e-mail transmission or by telephone at (818) 382-6200, and destroy the original e-mail transmission and its attachments without reading or saving it in any manner. Thank you.

EXHIBIT A

# EXHIBIT C

EXHIBIT A

**James Felton**

| | |
|---|---|
| **From:** | Isabella Panicucci <Isabella.Panicucci@doj.ca.gov> |
| **Sent:** | Wednesday, December 10, 2025 4:47 PM |
| **To:** | James Felton |
| **Cc:** | Steven Kerns |
| **Subject:** | RE: California State Lands Commission v. Signal Hill Service, Inc. et. al |

Mr. Felton,

I am Steven Kerns' co-counsel on this matter. We've reviewed your outline below and agree on the general arithmetic and approximate figures. Please be advised that at this time, the extent of State Lands' agreement is that the assessment in your email generally looks correct.

Thank you,
Isabella

Isabella Panicucci
Deputy Attorney General
Land Use and Conservation Section
Public Rights Division
California Attorney General's Office
1300 I Street | P.O. Box 944255
Sacramento, CA 94244-2550

**From:** James Felton <jfelton@gblawllp.com>
**Sent:** Tuesday, December 9, 2025 11:44 AM
**To:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Subject:** California State Lands Commission v. Signal Hill Service, Inc. et. al

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Dear Mr. Kerns,

My client is intending to make an offer to resolve the judgment. However, I thought it made sense to confirm the exact amount of the full value of the judgment currently so that we know that we are working from the same starting point.  Here is the math that I did. Please confirm that you agree with the numbers or tell me why you don't.

1.     The original judgment from March 15, 2024 has two components.   First, the court found the defendant liable for damages on the first cause of action in the amount of $282,094.34. Second, the court found the defendant liable for damages on the second cause of action in the amount to $17,351.40.  Thus, the total amount of the judgment at that time was $299,445.74.
2.     There was an additional cost award of $11,583.84 entered on June 10, 2024.
3.     Interest on $299,445.74 from March 15, 2024 through June 10, 2024 is $7,137.47  (interest calculated at 10%).  Adding that amount ($7,137.47) to the cost award ($11,583,85) to the original judgment brings that amount of the judgment to $318,666.06.
4.     Interest on $318,666.00 at 10% from June 10, 2024 through December 1, 2025 is $47,057.81.  Adding that amount to the judgment totals $365,723.87 and daily interest accrues at $87.31 per day.

1

**EXHIBIT A**

5.      As of today – December 9, 2025, the total amount on the judgment is approximately $366,500 (I am giving an approximation for a ballpark amount.)

Can you confirm that you agree either exactly or approximately with the number of $366,500.00.  Once I hear from you, I can get you the settlement number.
Jim



**James R. Felton, Esq.**
**Managing Partner**
G&B LAW, LLP
818.382.6200   www.gblawllp.com
818.986.6534   jfelton@gblawllp.com
16000 Ventura Boulevard, Suite 1000
Encino, California 91436-2730

CONFIDENTIALITY NOTICE: The information contained in this e-mail transmission is intended only for use of the individual or entity named above. This e-mail transmission, and any documents, files, previous e-mail transmissions or other information attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient of this e-mail transmission, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, copying or other use of this transmission or any of the information contained in or attached to it is strictly prohibited. If you have received this e-mail transmission in error, please immediately notify us by return e-mail transmission or by telephone at (818) 382-6200, and destroy the original e-mail transmission and its attachments without reading or saving it in any manner. Thank you.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

EXHIBIT A

# EXHIBIT D

EXHIBIT A

## James Felton

| | |
|---|---|
| **From:** | James Felton |
| **Sent:** | Wednesday, May 27, 2026 1:50 PM |
| **To:** | 'Isabella Panicucci' |
| **Cc:** | Steven Kerns |
| **Subject:** | RE: California State Lands Commission v. Signal Hill Service, Inc. et. al |

Dear Ms. Panicucci,

My client is prepared to make payment in full on the judgment.   I have calculated that number to be $381, 352.36 as of May 29, 2026 with interest accruing at a rate of $87.31 per day thereafter.   Can you please provide me with wire instructions so that the payment can be made. If the State does not accept wire instructions, please provide me with the Payee name for a Trust check from my office and an address for payment.   I am holding the requisite funds in my trust account.

The amount above was calculated based upon an email that I sent to you on or about December 9, 2025 and to which you responded on December 10, 2025.   Please provide the requested information as soon as possible so that payment can be made.

Once funds clear, we would respectfully request that the State file a full satisfaction of judgment and record that satisfaction, if necessary, in any county in which the judgment was recorded.   In addition, upon receipt of the funds, it is my understanding that all matters relating to the Rule 2004 order will be considered satisfied. If that is not your understanding, please contact me immediately.

Please confirm the payment details so that the funds can be sent tomorrow.
Jim



**James R. Felton, Esq.**
**Managing Partner**
G&B LAW, LLP
📞818.382.6200  🔗 www.gblawllp.com
🖨 818.986.6534  ✉ jfelton@gblawllp.com
📍 16000 Ventura Boulevard, Suite 1000
Encino, California 91436-2730

CONFIDENTIALITY NOTICE: The information contained in this e-mail transmission is intended only for use of the individual or entity named above. This e-mail transmission, and any documents, files, previous e-mail transmissions or other information attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient of this e-mail transmission, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, copying or other use of this transmission or any of the information contained in or attached to it is strictly prohibited. If you have received this e-mail transmission in error, please immediately notify us by return e-mail transmission or by telephone at (818) 382-6200, and destroy the original e-mail transmission and its attachments without reading or saving it in any manner. Thank you.

**From:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Sent:** Wednesday, December 10, 2025 4:47 PM
**To:** James Felton <jfelton@gblawllp.com>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Subject:** RE: California State Lands Commission v. Signal Hill Service, Inc. et. al

Mr. Felton,

1

# EXHIBIT E

EXHIBIT A

## James Felton

| | |
|---|---|
| **From:** | Steven Kerns <Steven.Kerns@doj.ca.gov> |
| **Sent:** | Wednesday, May 27, 2026 4:19 PM |
| **To:** | James Felton; Isabella Panicucci |
| **Subject:** | RE: California State Lands Commission v. Signal Hill Service, Inc. et. al |

Counsel,

Thank you for your email. I offer six points in response.

First, State Lands Commission staff is prepared to bring the offer to the State Land Commissioners for them to review when they next meet on June 23, 2026. The Commissioners are the ones who must approve or deny the offer.

Second, the Commissioners and Commission staff have a *strong* concern over the state's costs of litigating a prolonged bankruptcy. As you recall, your client stipulated to a judgment only to spend years to resist paying it. That wasted valuable state resources. Thus, while the offer does satisfy the underlying debt that the Commission was entitled to, the offer does nothing to alleviate any concerns over litigation costs of the bankruptcy and may give the Commissioners good reason to reject the offer. Please let me know by **June 16** if your client is willing to offer any additional funds to address the costs of litigating the bankruptcy so that the Commission can consider those additional funds.

Third, can you clarify if this offer dependent upon the Commission postponing Alex Schurawel's Rule 2004 examination until after this offer is brought to the Commissioners on June 23? If so, please let me know immediately. The Commission may be willing to stay Mr. Schurawel's May 29, 2026, examination until after June 23rd if your client is willing to address the litigation costs of the bankruptcy, but the Commission will continue to advocate its Motion to Hold Alex Schurawel in Contempt to ensure the production of any improperly withheld documents.

Fourth, if the Commission accepts any offer, that offer must ultimately undergo the bankruptcy court's review and receive the Court's approval before it can be finalized.

Fifth, as another gesture of good faith the Commission is willing to toll the accrual of interest from this date until the Commissioners review this offer on June 23.

Lastly, can you please confirm if this list of Signal Hill and Carone Energy's affiliates is complete? Carone Energy Corporation, Carone Petroleum Corporation. Republic Drilling Company, Inc., Pacific Operators Offshore, LLC, Verrazzano Corporation, Carpinteria Offshore Project Ltd, Pacific Operators, Inc., dba Pacific Operators Offshore, Inc., AnAmerican Corporation (fdba AnAmerican Drilling, Inc.). If not, can you identify any other affiliates?

Best,

Steven

**From:** James Felton <jfelton@gblawllp.com>
**Sent:** Wednesday, May 27, 2026 1:50 PM
**To:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Subject:** RE: California State Lands Commission v. Signal Hill Service, Inc. et. al

EXTERNAL EMAIL: This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Dear Ms. Panicucci,

EXHIBIT A

# EXHIBIT F

EXHIBIT A



16000 VENTURA BOULEVARD
SUITE 1000
ENCINO, CALIFORNIA 91436

G&B LAW

T: 818·382·6200
F: 818·986·6534
WWW.GBLAWLLP.COM

JAMES R. FELTON
E-Mail: jfelton@gblawllp.com

May 28, 2026

**VIA FEDEX**

Isabella Panicucci, Esq.
Deputy Attorney General
Land Use and Conservation Section
Public Rights Division
California Attorney General's Office
1300 I Street
Sacramento, CA 94244-2550

     Re:   California State Lands Commission v. Signal Hill

Dear Ms. Panicucci:

Pursuant CA Code of Civil Procedure Section 724.010, I am enclosing a firm trust check made payable to the Department of Justice in the amount $382,352.36 in full payment of the judgment, including interest in the above entitled action. This is actually $1,000.00 more than the full judgment amount just to account for any delay in your receipt of the check. Please deposit the check and when funds clear, please execute a full satisfaction of judgment and advise if the judgment has been recorded in any counties in California.

Very truly yours,

G&B LAW, LLP

JAMES R. FELTON

JRF:jf
Enclosure
Cc: Steven Kerns, Esq.

2677280.1 - 32744.0001

EXHIBIT A



| | | |
|---|---|---|
| CITY NATIONAL BANK AN RBC COMPANY<br>PERSONAL & BUSINESS BANKING<br>(800) 773-7100 | | **13006**<br>16-1606/1220 |

**G&B LAW, LLP**
**A REGISTERED LTD LIABILITY PTSP**
CLIENT TRUST ACCOUNT #3
16000 VENTURA BLVD STE 1000
ENCINO, CA 91436
(818)382-6200

05/28/2026

PAY TO THE ORDER OF   Department of Justice                                   $ **382,352.36

Three hundred eighty-two thousand three hundred fifty-two and 36/100***************************************   DOLLARS

Department of Justice

MEMO

Payment of judgment in full                                AUTHORIZED SIGNATURE

---

| G&B LAW, LLP | A REGISTERED LTD LIABILITY PTSP | 13006 |
|---|---|---|
| 05/28/2026 | Department of Justice | |
| | Payment of judgment in full | 382,352.36 |

| CNB - Client Trust Acct (3946) | Payment of judgment in full | 382,352.36 |
|---|---|---|

| G&B LAW, LLP | A REGISTERED LTD LIABILITY PTSP | 13006 |
|---|---|---|
| 05/28/2026 | Department of Justice | |
| | Payment of judgment in full | 382,352.36 |

| CNB - Client Trust Acct (3946) | Payment of judgment in full | 382,352.36 |
|---|---|---|



EXHIBIT A



# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is **16000 Ventura Boulevard, Suite 1000, Encino, California 91436**.

On May 28, 2026, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO REQUIRE JUDGMENT CREDITOR TO ACCEPT PAYMENT IN FULL OF JUDGMENT AND FILE SATISFACTION OF JUDGMENT; DECLARATION OF JAMES R. FELTON IN SUPPORT OF THE MOTION** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 16000 Ventura Boulevard, Suite 1000, Encino, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE MACHINE:** I transmitted a true copy of said document(s) by facsimile machine, and no error was reported. Said fax transmission(s) were directed as indicated on the service list.

☒ **BY ELECTRONIC TRANSMISSION:** I caused the foregoing document(s) to be delivered in the form of an attachment by electronic transmission to the service recipient(s) at their respective electronic address(es). My email address is msingleman@gblawllp.com.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 28, 2026, at Encino, California.

_____
Marleigh Singleman

1
PROOF OF SERVICE

2677255.1 - 32744.0001

EXHIBIT A

## SERVICE LIST

ROB BONTA
Attorney General of California
CHRISTINA BULL ARNDT
Supervising Deputy Attorney General
LEENA M. SHEET
STEVEN W. KERNS
Deputy Attorneys General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230

**Attorneys for Plaintiff California State Lands Commission**
Tel: (213) 269-6023
Fax: (916) 731-2121
E-mail: *Leena.Sheet@doj.ca.gov;*
*Steven.Kerns@doj.ca.gov*

Isabella Panicucci
Deputy Attorney General
Land Use and Conservation Section
Public Rights Division
California Attorney General's Office
1300 I Street | P.O. Box 944255
Sacramento, CA 94244-2550

Email: *Isabella.Panicucci@doj.ca.gov*

G&B LAW

2
PROOF OF SERVICE

2677255.1 - 32744.0001

EXHIBIT A

**Jessica Anderson**

| | |
|---|---|
| **From:** | donotreply@nationwidelegal.mail.legalconnect.com |
| **Sent:** | Thursday, May 28, 2026 2:29 PM |
| **To:** | Marleigh Singleman |
| **Subject:** | Order Confirmation for California State Lands CommissionvsSignal Hill Service Inc et al, Case # 19CV04295 |

## Court eFile Order Confirmation

This confirms Nationwide Legal has received your Court eFiling order to eFile the documents listed below. *Please note that access to any confidential document requires logging into the Nationwide Legal portal before the viewing the document(s).*

**Notice of Motion and Motion to Require Judgment Creditor to Accept Payment in Full of Judgment and File Satisfaction of Judgment;**
**Substitution of Attorney**

At: **Anacapa Division (eFiling)**

Your document(s) have been electronically transmitted to the court **today (Thu, May 28, 2026)** and placed in the queue for review by the Clerk.

Once your eFile order has been reviewed you will receive a status update with details stating if your documents were Accepted, Partially Accepted or Rejected by the Clerk, followed by your conformed or received copy(s) or else rejection notice.

Should you have any questions, you can log in and manage your cases and orders at
http://www.nationwidelegal.com

Thank you for using Nationwide Legal.

 Order(s): **14892924**

Billing Code: **32744.01**

Internal Reference Number: **32744.01**

 eFile Transaction Number(s): **23887405**

This automated message is being sent by Nationwide Legal It is intended exclusively for the individuals and/or entities to which it is addressed. This communication including any links or attachments, may contain information that is proprietary, confidential, privileged or otherwise exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate any part of this message, or any part of any links or attachments thereto. If you have received this message in error, please notify the sender immediately by email and delete all copies of the message and attachments from your records.

© 2026 Nationwide Legal All Rights Reserved.
1609 James M Wood Blvd, Los Angeles, CA 90012
Contact Us

EXHIBIT A