John A. Coppede, #5-2485
COAL CREEK LAW
211 W. 19th St., Suite 300
Cheyenne, WY 82001
(307) 634-1525 telephone
(307) 638-7335 facsimile
jcoppede@coalcreeklaw.com

Bret G. Anderson (Admitted *Pro Hac Vice*)
FERGUSON CASE ORR PATERSON LLP
4550 E. Thousand Oaks Blvd., Ste 250
Westlake Village, CA 91362
Phone: (805) 659-6800
Fax: (805) 659-6818
banderson@fcoplaw.com
*Attorneys for Creditor*
*Gaynor Ranch LLC*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SIGNAL HILL SERVICE, INC., | ) | Case No. 24-20439 |
| | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |

## OPPOSITION TO MOTION TO APPROVE SETTLEMENT

**COMES NOW** Creditor, Gaynor Ranch LLC ("Gaynor Ranch"), by and through its counsel, and opposes Chapter 7 trustee Randy L. Royal's (the "Trustee") motion to approve settlement agreement (Dkt. 104, the "Motion") filed on May 12, 2026 and requests that the Court deny the Motion as follows:

### JOINDER

Gaynor Ranch hereby joins California State Land Commission's (the "Commission") opposition to the Motion (Dkt. 114), and further opposes the Motion as set forth below.

**INTRODUCTION**

The Motion should be denied, or at minimum continued, because the proposed settlement is premature, unsupported by a developed factual record, and overbroad. The Trustee seeks approval of a $50,000 settlement that would release broad, potentially valuable claims against the Debtor's affiliates, principals, attorneys, accountants, transferees, agents, successors, and assigns.

The timing is critical. Authorized discovery concerning whether the Debtor failed to disclose assets or transferred value to insiders and affiliates has not been completed. The Debtor, its affiliates, and the Debtor's accountant, Alexander Schurawel, CPA, have resisted or delayed the Rule 2004 process, including through multiple frivolous appeals. Schurawel's own recent filing confirms that he was prepared to produce affiliate tax information and sit for examination, but then sought relief from compliance after the Debtor's California litigation counsel tendered a check to satisfy only the California State Lands Commission's judgment. That payment does not satisfy Gaynor Ranch's claim, nor any of the other creditors besides the Commission. It does not benefit the bankruptcy estate. Nor does is moot the estate's potential claims. And it does not justify shutting down discovery that may benefit all creditors.

In a case involving more than $100 million in scheduled and/or asserted debt, a gross settlement of $50,000 is de minimis—less than 0.05% before administrative expenses. The Court cannot determine whether that amount is fair and equitable without completion of the court-authorized Rule 2004 discovery, production of affiliate tax and

financial information, a meaningful analysis of the Debtor's relationship with its affiliates, and a clear carve-out preserving all non-estate claims held by non-settling creditors.

## BACKGROUND

The Debtor filed this Chapter 7 case on November 1, 2024. Dkt. 1. Shortly after the meeting of creditors, the Trustee sought to close the case as a no-asset case. Dkt. 5. The Trustee withdrew his report on December 5, 2024. Dkt. 6.

On February 12, 2025, the Commission sought and obtained authority to conduct a Rule 2004 examination of the Debtor's accountant, Alexander Schurawel, to investigate whether the Debtor engaged in fraudulent conveyances or failed to disclose assets. Dkts. 8, 12. The examination sought financial information regarding the Debtor and its affiliates, which were later revealed to include Carone Energy Corporation, Carone Petroleum Corporation, Republic Drilling Company, Inc., Pacific Operators Offshore, LLC, Verrazzano Corporation, Carpinteria Offshore Project Ltd., Pacific Operators, Inc. d/b/a Pacific Operators Offshore, Inc., and AnAmerican Corporation f/d/b/a AnAmerican Drilling, Inc. *Id.*; *see also* Dkt. 47.

In the near year and a half since the Commission sought a Rule 2004 examination of Mr. Schurawel, no such examination has occurred. *See* Dkt. 104 ¶ 4. This is because the Debtor, its affiliates, and Mr. Schurawel have engaged in a dilatory campaign to withhold information from this Court, the Trustee, and creditors. Specifically:

- The Debtor filed a motion for reconsideration relating to the Commission's 2004 motion on April 14, 2025. Dkt. 17.

3

- The Debtor filed a notice of appeal in the United States District Court on December 15, 2025. Dkt. 58. That appeal (Case No. 2:25-cv-00236-KHR) was dismissed for lack of jurisdiction on November 14, 2025. The Debtor appealed the dismissal to the Tenth Circuit Court of Appeals, instituting Case No. 25-8081. Debtor's and its affiliates' briefs are due June 10, 2026. Dkt. 22. in Case No. 25-8081.

- On December 29, 2025, Debtor filed a motion to stay the Rule 2004 examination pending the Tenth Circuit appeal. Dkt. 60. The Court denied Debtor's motion on February 13, 2026. Dkt. 71.

- Mr. Schurawel filed a Motion for Clarification Regarding Compliance With Subpoena and Objections to Document Requests on March 4, 2026 seeking an order excusing him from complying with the Commission's 2004 examination. Dkt. 77. The Court denied Mr. Schurawel's motion on March 31, 2026. Dkt. 83.

- Unsatisfied with the Court's ruling, the Debtor appealed the Court's ruling to the U.S. Bankruptcy Appellate Panel of the Tenth Circuit on April 2, 2026. *See* Dkt. 84, Dkt. 1 in B.A.P. No. WY-26-003. The Appellate Panel dismissed the appeal for lack of jurisdiction. Dkt. 25 in B.A.P. No. WY-26-003.

- Mr. Schurawel filed a motion to extend the time to respond to the Commission's 2004 examination subpoena on April 24, 2026. Dkt. 90. The Court granted Mr. Schurawel's motion in part on May 1, 2026, setting May 31, 2026 as Mr. Schurawel's deadline to respond. Dkt. 94.

4

- Less than a week later, Debtor filed a motion to stay pending appeal. Dkt. 96. The Court denied Debtor's motion the next day. Dkt. 98.

The Trustee filed another Report of No Distribution on February 2, 2026. Dkt.  The Commission and Gaynor Ranch objected (Dkts. 70, 76), and this Court sustained those objections. Dkt. 79.

On  May 12, 2026, the Trustee filed the instant Motion, seeking to approve a settlement agreement that would release all claims against Debtor—which exceed $100 million—in exchange for $50,000. Dkt. 104.

After the Motion was filed, Mr. Schurawel filed a Motion for Protective Order and to Excuse Further Compliance with Rule 2004 Order. Dkt. 113. Mr. Schurawel represented that he produced portions of tax returns for 2020 through 2024 specific to the Debtor and an affiliated entity to which the Debtor is a general partner, and that he was prepared to turn over all of the Debtor's affiliates' tax information and sit for a Rule 2004 examination. Dkt. 113 ¶¶ 3-4.

Mr. Schurawel then sought to avoid further compliance on the ground that the Commission's separate California judgment was being paid. *Id.* ¶¶ 5-13. According to Schurawel, the funds used to pay that judgment are not property of the Debtor's estate. *Id.* ¶ 10.

## LEGAL STANDARD

The bankruptcy court's decision to approve a compromise under Rule 9019 must be an informed one, based on an objective evaluation of developed facts. *Reiss v. Hagmann*,

881 F.2d 890, 892 (10th Cir. 1989); *see also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

Tenth Circuit courts consider the following factors articulated in *Protective Comm. for Indep. S'holders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 440 (1968): (1) the probable success of the litigation on the merits; (2) possible difficulty in collection; (3) the complexity and expense of litigation; and (4) the interests of creditors, giving deference to their reasonable views. *In re Kopexa Realty Venture Co.*, 213 B.R. 1020, 1022 (10th Cir. BAP 1997). The Court must also weigh the value of the claim being settled against the value provided to the estate. *In re The Hermitage Inn, Inc.*, 66 B.R. 71, 72 (Bankr. D. Colo. 1986) (citation omitted).

## ARGUMENT

The Motion should be denied because it is premature, the *Trailer Ferry* factors support denial, and the proposed $50,000 settlement is grossly inadequate to compensate creditors.

**I. THE MOTION IS PREMATURE BECAUSE THE DEBTOR'S DILATORY TACTICS HAVE PREVENTED THIS COURT, THE TRUSTEE, AND THE CREDITORS FROM APPRISING THEMSELVES OF ALL FACTS NECESSARY TO INTELLIGENTLY AND OBJECTIVELY EVALUATE THE FAIRNESS AND EQUITABLENESS OF THE PROPOSED SETTLEMENT.**

The Motion is premature and unsupported by facts. "[A]n approval of a compromise, absent a sufficient factual foundation, inherently constitutes an abuse of discretion." *Reiss*, 881 F.2d at p. 892 (internal citation and quotation omitted). The Motion lacks any factual support whatsoever. That is because the Trustee and the creditors have not yet had the benefit of discovery from the Debtor, Mr. Schurawel, or any other witness.

6

The Debtor has, with great success, made every effort to withhold the very information that the Trustee could rely on to support a compromise.

The Motion takes as true Debtor's contentions that this is a no asset estate. But the Debtor's actions in this case suggest otherwise. The Debtor filed multiple appeals and motions and seeks to pay over $400,000 to creditors, largely from unknown sources. It has consistently and staunchly opposed any efforts to confirm its claims to lack the ability to satisfy creditors. Its actions are inconsistent with a lack of assets.

The creditors should be afforded the opportunity to investigate the veracity of the Debtor's assertion it has no assets before this Court approves any compromise. Otherwise, such approval would have no factual foundation and constitute an abuse of discretion under *Reiss*.

## II.  EVEN IF THE MOTION WAS TIMELY, THE *TRAILER FERRY* FACTORS STRONGLY WEIGH AGAINST APPROVAL OF THE COMPROMISE.

Even if the Motion could be supported by sufficient factual foundation, the *Trailer Ferry* factors weigh against granting the Motion.

### A. A fraudulent conveyance claim would not be time barred where the Trustee could not have discovered grounds for bringing a claim.

The Trustee argues that the estate could not succeed in a fraudulent conveyance adversary proceeding against the Debtor's affiliates because such claims are likely time barred under bankruptcy and Wyoming law. Dkt. 104 ¶ 11. But the Motion does not identify the transfers analyzed, the dates of those transfers, the applicable choice-of-law analysis, or whether claims exist under California law or other applicable law based on the location of the affiliates, transfers, assets, or creditors. *See id.*

7

Furthermore, Section 546(a) is subject to the doctrine of equitable tolling. *In re M & L Bus. Mach. Co., Inc.*, 75 F.3d 586, 591 (10th Cir. 1996) (hereinafter "*M&L*"). The Tenth Circuit in *M&L* explained that "[e]quitable tolling will prevent § 546(a) from running when the trustee, despite the exercise of due diligence, is prevented from asserting a cause of action because she remains unaware of that cause of action due to fraud . . . or when extraordinary circumstances beyond plaintiff's control made it impossible to file claims on time." *Id.* (cleaned up). Equitable tolling applied in *M&L* because the trustee's "investigation into the bankruptcy estate and any possible avoidance actions was severely hampered by debtor's misrepresentation of its assets and debts on its bankruptcy petition schedules, concealment of pertinent documents, and destruction of relevant records." *Id.*

Similar circumstances are likely present here. The Debtor is likely misrepresenting its assets, concealing documents, and/or has destroyed relevant records. The Commission's Rule 2004 examination of Mr. Schurawel, and others, may very well reveal this information to the Trustee, thus permitting him to rely on equitable tolling in an adversary proceeding.

Furthermore, as noted in the Motion, 11 U.S.C. § 544 allows the estate to utilize W.S. § 34-14-101, et. seq. W.S. § 34-14-210(a)(i) expressly provides for the application of the discovery rule to fraudulent transfers under the Uniform Fraudulent Transfer Act. Thus, provided the Trustee could not have reasonably discovered the existence of a fraudulent transfer, a claim for relief with respect thereto would not be extinguished until six months after the Trustee learned of such transfer.

Even setting aside equitable tolling and the discovery rule, the limitations periods under 11 U.S.C. §§ 544 and 548 have not run. The Debtor filed its petition in November 2024. Dkt. 1.

The Motion does not advance any other reasons why the estate may not prevail on the merits of a fraudulent transfer claim. For the foregoing reasons, this factor weighs in favor of denying the Motion.

## B. It is too early to conclude judgment collection would be difficult or that litigation expenses justify a $50,000 settlement

The Trustee states that the estate has no funds to pursue litigation and that collection might require California counsel. Dkt. No. 104 ¶¶ 12-13. Those concerns do not justify approval of the proposed settlement agreement now.

The estate's lack of funds is a reason to explore creditor funding, contingency counsel, assignment or sale of claims, or other alternatives, not an automatic reason to release claims for a nominal amount. The Motion does not show that the Trustee solicited creditor funding, sought competing offers, explored a sale of claims, or asked creditors whether they would finance the Rule 2004 process or any resulting litigation.

And the Motion's collection analysis is unsupported because the relevant affiliate financial information has not been produced. The Trustee cannot meaningfully assess collectability without the tax and financial documents the Rule 2004 order was intended to obtain.

Perhaps most importantly, the evidence shows that funds *are available* somewhere to pay one creditor more than $382,000. Dkt. 113-1, Exs. D-F. This directly contradicts

9

any unsupported assumption that collection is so unlikely that a $50,000 global release should be approved before discovery.

These factors weigh in favor of denying the Motion.

### C. The reasonable views of creditors weigh against approval

Gaynor Ranch opposes approval because the settlement would provide a negligible distribution while eliminating potentially valuable estate claims and potentially impairing creditor rights before discovery is complete.

The Court has already sustained objections to the Trustee's Report of No Distribution. That history matters. Creditors have repeatedly raised concerns that this is not a simple no-asset case. The proposed settlement effectively asks the Court to approve the functional equivalent of a no-asset conclusion, plus a broad release, before creditors receive the discovery the Court already authorized.

That is not in the best interests of creditors. This factor weighs in favor of denying the Motion.

### III.   THE PROPOSED $50,000 CONSIDERATION IS GROSSLY INADEQUATE RELATIVE TO THE SCOPE OF THE RELEASE AND THE SIZE OF THE CREDITOR BODY.

The proposed settlement provides only $50,000 to the estate. In a case involving more than $100 million in debt, that is less than 0.05% before trustee fees, professional fees, and other administrative costs. The net distribution to unsecured creditors would be even smaller.

In exchange, the settling parties seek a release of all known and unknown claims against a broad universe of released parties, including affiliates, principals, attorneys,

accountants, transferees, representatives, agents, successors, and assigns. Dkt. 104 ¶ 8(a); Settlement Agreement ¶¶ 2-3. The release appears broad enough to include the very accountant resisting examination and potentially others who have not paid separate consideration.

The proposed bargain is not supported by a record showing that $50,000 approximates the value of the claims being released. The Motion does not attach an analysis of affiliate financials. It does not quantify potential tax refunds, intercompany claims, avoidance claims, or other assets. It does not disclose what documents the Trustee reviewed, if any. It does not state whether the Trustee requested or reviewed the affiliate tax information Mr. Schurawel says he is prepared to produce. It does not show that creditors were offered an opportunity to fund, purchase, or prosecute claims for the benefit of the estate.

The Court cannot find the settlement fair and equitable on this dearth of evidence, and it should deny the Motion.

### CONCLUSION

WHEREFORE, Gaynor Ranch respectfully requests that this Court:

1. Deny the Motion without prejudice;

2. Alternatively, continue any hearing on the Motion until after Schurawel produces all responsive Debtor and affiliate tax and financial information and sits for a Rule 2004 examination;

3. Require the Trustee to supplement the record with a detailed analysis of the claims being released, the documents reviewed, the statute-of-limitations issues, the value of potential claims, collection prospects, and alternatives to settlement;

4. Require the Trustee to disclose whether he considered creditor funding, contingency-fee litigation, assignment, sale of claims, or competing bids;

5. Order that no settlement order excuses Schurawel or any other witnesses from compliance with any Rule 2004 order unless and until the Court determines, after notice and hearing, that the discovery is no longer relevant to estate administration; and

6. Grant such other and further relief as the Court deems just and proper.

**DATED** this 5th day of June, 2026.

**GAYNOR RANCH LLC**
**Creditor**

By: */s/ John A. Coppede*
John A. Coppede, #5-2485
COAL CREEK LAW
211 W. 19th St., Suite 300
Cheyenne, WY 82001
(307) 634-1525 telephone
(307) 638-7335 facsimile
jcoppede@coalcreeklaw.com

Bret G. Anderson (Admitted *Pro Hac Vice*)
FERGUSON CASE ORR PATERSON LLP
4550 E. Thousand Oaks Blvd., Ste 250
Westlake Village, CA 91362
Phone: (805) 659-6800
Fax: (805) 659-6818
banderson@fcoplaw.com
*Attorneys for Creditor*
*Gaynor Ranch LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing OPPOSITION TO MOTION TO APPROVE SETTLEMENT was served upon all parties registered to receive electronic notice in this matter via the Court's CM/ECF system, this 5th day of June, 2026.

/s/ John A. Coppede
COAL CREEK LAW

13