Jeffrey M. Boldt, #7-4730
OVERSTREET HOMAR & KUKER
2922 Central Avenue
Cheyenne, Wyoming 82001
307.274-4444 telephone
307.274-4443 facsimile
jeffrey@kukerlaw.com

Jessica Tucker-Mohl, *pro hac vice*
Isabella Panicucci, *pro hac vice*
Steven Kerns, *pro hac vice*
California Attorney General's Office
California Attorney General's Office
300 S. Spring Street, Suite 1702
Los Angeles, CA 90012-1230
Telephone: (213) 269-6226
Steven.Kerns@doj.ca.gov

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SIGNAL HILL SERVICE, INC., | ) | Case No. 24-20439 |
| | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |

**CREDITOR STATE LAND COMMISSION'S OPPOSITION TO ALEXANDER SCHURAWEL'S MOTION FOR PROTECTIVE ORDER AND TO EXCUSE FURTHER COMPLIANCE WITH RULE 2004 ORDER**

**COMES NOW** Creditor, California State Lands Commission ("Commission"), by and through its counsel, opposes non-party accountant Alexander Schurawel's Motion for Protective Order and to Excuse Further Compliance with this Court's Rule 2004 Order. *See* ECF Nos. 14, 94.

**INTRODUCTION**

Mr. Schurawel's motion is another step in a well-executed and coordinated stall campaign. This campaign is designed to ensure little to no information is produced before November 1, 2026, when the two-year statute of limitations to investigate and bring claims against debtor

Signal Hill Service Inc. ("Signal Hill") expires. For nearly 15 months, the Commission has sought basic documents and testimony that should not be controversial in any bankruptcy case. Signal Hill's mysteriously funded 15-month campaign strongly suggests that those records, and Mr. Schurawel's testimony, will reveal significant wrongdoing.

Indeed, this stall campaign has already resulted in two violations of this Court's orders. On May 15, 2026, Mr. Schurawel failed to timely produce documents. On May 28, 2026, Mr. Schurawel violated this Court's May 1, 2026, order a second time by refusing to appear for his May 29, 2026, Rule 2004 examination. ECF No. 94; Declaration of Steven W. Kerns ("Kerns Decl."), ¶ 13, Ex. K (Mr. Schurawel's counsel declaring Mr. Schurawel's Rule 2004 examination moot and refusing to appear). Now Mr. Schurawel asks this Court to excuse him from violating this Court's order. His motion fails for three major reasons.

First, Mr. Schurawel's motion erroneously argues that the Commission lacks standing to demand that he appear for a Rule 2004 examination or produce any more documents in compliance with this Court's May 1, 2026, order. ECF No. 113 at 3. Mr. Schurawel contends that the Commission lacks standing because Signal Hill "was arranging for the Judgment [owed to the Commission] to be paid in full" so this "moot[s] the need for any further discovery under the Order by the Commission." *Id*. at 2. Mr. Schurawel is mistaken. The Commission is unwilling to accept Signal Hill's payment—and, thus, remains a creditor—because Signal Hill refused to disclose the source of these funds or seek this Court's approval of this payment.

Indeed, the check that Signal Hill sent came from its California counsel's client trust fund. *Id*., Ex. A's Ex. 7. So, the Commission lacks information to know if these funds belong to the estate, thus requiring this Court's approval to comply with the Bankruptcy Code, or from a third-party. Both situations create grave legal risks that led the Commission to refuse this payment.

2

The legal risks are readily apparent too. For example, if Signal Hill "was arranging" payment from its estate, those funds would be subject to a clawback under Section 549 of the Bankruptcy Code. Or, if the funds came from a third-party, the funds would likewise be subject to a clawback under applicable state fraudulent transfer law or the bankruptcy code if that third-party declares bankruptcy shortly thereafter. And that is to say nothing of the possibility that the California court denies Signal Hill's motion, or the troubling fact that Signal Hill's "arrangement" to pay a single creditor is being conducted and advocated outside of this Court's purview. Signal Hill's efforts ignore the Bankruptcy Code's objective of treating all similarly situated creditors alike. All the while Signal Hill and Mr. Schurawel continue to run the clock for the Commission to seek any recovery in this Chapter 7 case, leaving it, and all the other creditors with little or zero recovery.

Second, Mr. Schurawel's motion fails because it is untimely and improperly seeks to retroactively excuse his past violations—and contempt of—this Court's May 1, 2026 order to timely produce documents and attend his Rule 2004 examination. ECF No. 94. Mr. Schurawel did neither. He has even admitted that essential documents remain unproduced. ECF No. 116 at 2. ("Mr. Schurawel acknowledges he did not produce communications with the Debtor regarding the tax returns"). Mr. Schurawel cannot now absolve himself of his violations by arguing that a *future* action (i.e., the Commission accepting payment) *might* moot the need for his *overdue* compliance.

Third, Mr. Schurawel comes nowhere close to meeting his obligation of establishing "good cause" for a protective order under Federal Rule of Civil Procedure 26(c). Indeed, he failed to show *any* specific prejudice or concrete reason for the protective order he seeks. Instead, Mr. Schurawel offers only unsupported conclusory assertions that complying with his

3

year-old subpoena obligations is prejudicial and burdensome. It is neither.

In sum, this Court should reject Mr. Schurawel's request to be excused from violating this Court's orders simply because an unidentified party tried to buy his silence without this Court's review or approval. Instead, this Court should enforce its May 1, 2026, order, deny Mr. Schurawel's motion, separately grant the Commission's motion to hold Mr. Schurawel in contempt, and finally allow Signal Hill's creditors to proceed with their investigation to determine if Signal Hill genuinely lacks any assets. The need for transparency has never been greater now that Signal Hill's California counsel has conjured $381,352.36 from thin air.

## RELEVANT BACKGROUND

### A. Pre-Petition Background

On August 14, 2019, the Commission commenced the pre-petition action, *California State Lands Commission v. Signal Hill Service, Inc. et al.*, Case No. 19CV04295 (the "State Court Action") in the Superior Court of the State of California, County of Santa Barbara (the "State Court") for breach of contract, trespass, and declaratory relief. On March 15, 2024, the State Court entered the *Judgment Pursuant to Stipulation* (the "Judgment") that granted judgment to the Commission against the Debtor and the other co-defendants in the aggregate amount of $311,029.59. This pre-petition debt remains due, outstanding, and compiling interest.

### B. Signal Hill Commences This Chapter 7 Bankruptcy

On November 1, 2024, Signal Hill initiated this bankruptcy. Signal Hill provided barren schedules that claimed it had zero assets and over a hundred million dollars in unsecured claims. *See* ECF No. 1 at 8 (Statement of Assets and Liabilities), 11 (Schedule A/B), 24 (Schedule E/F). Signal Hill claimed that it has earned "[n]o revenue since 12/31/2019." *Id.* at 28. Nevertheless, Signal Hill has spent 15 months vigorously opposing a routine Rule 2004 examination that

compels an investigation into these filings because they are at odds with Signal Hill's assertion that it has no assets or cash.

For example, the *Disclosure of Compensation of Attorney for Debtor(s)*, required under Section 329 and Bankruptcy Rule 2019, states that Signal Hill is "the source of compensation to be paid to" its attorney (even though it has no assets). ECF No. 1 at 36. So, there is an undisclosed pot of money that exists to pay Signal Hill's lawyers. The same disclosure states that the $5,000 to pay the Debtor's lawyer excludes, among other things, "2004 Examinations." *Id.*

**C.  Signal Hill and Mr. Schurawel's Campaign to Avoid Rule 2004 Compliance**

On February 12, 2025, the Commission filed a motion to conduct a Rule 2004 examination of Mr. Schurawel, Signal Hill's accountant, and subpoena documents in his possession. ECF No. 8. The Court granted the Commission's motion on February 21, 2025. ECF No. 12. Mr. Schurawel was served with the subpoena on March 20, 2025. ECF No. 16.

Since then, Signal Hill has filed *ten* motions or oppositions, twice made oral arguments, and has initiated three appeals to prevent a single 2004 examination from happening. ECF Nos. 9, 17, 33 (hearing), 37, 38, 47-49 (initial appeal), 59 (appeal to 10th Cir.), 60, 61, 63, 65 (second hearing), 74, 86-89 (appeal to 10th Cir. Bankruptcy Appellate Panel), 96, 97. Someone is paying Signal Hill's legal bills. Creditors, like the Commission, have the right to know who.

Likewise, Mr. Schurawel has filed three motions regarding his Rule 2004 obligations. ECF Nos. 77, 90, 113. Following Signal Hill's and Mr. Schurawel's significant motion and appellate practice, this Court ordered Mr. Schurawel to produce all documents responsive to the Rule 2004 subpoena on May 15, 2026, and appear for his Rule 2004 examination by May 30, 2026. ECF No. 94. Then Mr. Schurawel's violations of this Court's order began.

5

**D.  Mr. Schurawel's Efforts to Defy This Court's May 1, 2026, Order**

**i.     Mr. Schurawel failed to timely produce all responsive documents.**

On May 15, 2026, Mr. Schurawel produced no documents. Instead, his counsel stated that he would be unable to comply due to "computer issues" and that the documents would be produced on May 16, 2026. Kerns Decl., ¶ 2, Ex. A. On May 16, Mr. Schurawel produced nothing. On May 18, 2026, Mr. Schurawel produced Signal Hill's 2021–2024 tax returns and an Affiliate's[1] U.S. Return of Partnership Income for the same years, plus one other document. *Id.*, ¶ 3, Ex. B. Mr. Schurawel produced none of the supporting documents that were used to prepare those returns nor any correspondence between himself and Signal Hill regarding the preparation or completion of their annual tax returns. *Id.* The same day, the Commission sent Mr. Schurawel's counsel an email asking if the document production was complete, if any privileged documents were withheld, and if Mr. Schurawel would be producing a privilege log. *Id.*, ¶ 4, Ex. C. On May 19, 2026, Mr. Schurawel's counsel replied, stating only that they would respond by the end of the day, but failed to do so. *Id.*

On May 20, 2026, the Commission and Mr. Schurawel's counsel telephonically met and conferred on this issue. *Id.*, ¶¶ 4, 5, Ex. C. During that call, Mr. Schurawel's counsel stated that she would ask Mr. Schurawel if he had produced all the documents, a task that should have been completed well before the May 15, 2026 production deadline. She also suggested that the Chapter 7 Trustee's Motion to Approve Settlement Agreement (ECF No. 104) mooted Mr. Schurawel's obligation to produce documents. She also downplayed Mr. Schurawel's delinquent and deficient production, asserting that even if Mr. Schurawel still had documents to produce, it

---

[1] Signal Hill's "Affiliates" are: Carone Energy Corporation, Carone Petroleum Corporation. Republic Drilling Company, Inc., Pacific Operators Offshore, LLC, Verrazzano Corporation, Carpinteria Offshore Project Ltd, Pacific Operators, Inc., dba Pacific Operators Offshore, Inc., AnAmerican Corporation (fdba AnAmerican Drilling, Inc.).

was "only" five days after the Court-ordered date. Kerns Decl., ¶ 5. The Commission stated that unless it received *all* responsive documents by Friday May 22, 2026, it would be forced to file a motion. *Id*.

On May 21, 2026, Mr. Schurawel produced nothing. Instead, his counsel inaccurately claimed that that no California state tax returns were provided because "[t]he Debtor is a Wyoming company" so Mr. Schurawel "never prepared any documents for filing in Wyoming." Kerns Decl., ¶ 6, Ex. D. Signal Hill became a Wyoming company on October 6, 2023. *Id*., ¶¶ 7, 8 Exs. E, F. The subpoena required the production of all tax documents for three years before then. ECF No. 94. Either Mr. Schurawel failed to produce the state tax returns that he prepared for Signal Hill in the years before it reincorporated in Wyoming, or Signal Hill failed to disclose the name of the accountant who did prepare its state tax returns. In any event, Mr. Schurawel's and his counsel's dereliction of their discovery duties forced the Commission to file its pending May 22, 2026, motion to hold Mr. Schurawel in contempt. ECF No. 110.

### ii.    Mr. Schurawel refused to appear for his Rule 2004 examination

On May 27, 2026, Signal Hill's California counsel, James R. Felton, stated that "My client is prepared to make payment in full on the judgment," requested "that the State file a full satisfaction of judgment and record that satisfaction," and asserted that "upon receipt of the funds, it is my understanding that all matters relating to the Rule 2004 order will be considered satisfied." Kerns Decl., ¶ 9, Ex. G. The Commission understood this as a settlement offer and explained that it would need to have its Commissioners review any payment before accepting it, raised additional concerns, and noted that "if the Commission accepts any offer, that offer must ultimately undergo the bankruptcy court's review and receive the Court's approval before it can be finalized." *Id*.

That evening, Mr. Schurawel's counsel congratulated the Commission, and asserted that it had no claim against Signal Hill because it was "paid in full today." Kerns Decl., ¶ 10, Ex. H. Mr. Schurawel's counsel's email also stated that, given this payment, Mr. Schurawel would be filing an emergency motion to be excused from the Court's Rule 2004 order. *Id*.

Then, on May 28, 2026, Signal Hill's California counsel told the Commission that Signal Hill would be filing a motion to compel the Commission's acceptance of a payment for Signal Hill's debt. *Id*., ¶ 11, Ex. I. That same day, at approximately 2:26 p.m., PST, the California Department of Justice, not the Commission, received a check for $381,352.36 from Signal Hill's California counsel's client trust account. *See* ECF No. 113, Ex. A, citing Ex. F (Signal Hill's check); *see also* Kerns Decl., ¶ 12, Ex. J (email regarding receipt of check). The Commission has never received, reviewed, or approved of any payment on the debt that Signal Hill owes.

That afternoon, Mr. Schurawel's counsel claimed that the judgment was paid, so "the Commission is no longer a creditor of the Debtor, and it is no longer a party in interest with standing to pursue further discovery under Rule 2004." Kerns Decl., ¶ 13, Ex. K. Mr. On this basis, Mr. Schurawel's counsel stated that he would be filing a motion to be excused from his Rule 2004 obligations. *Id*. The Commission told Mr. Schurawel's counsel that it would oppose any motion because it had yet to receive or accept any payment. *Id*. Mr. Schurawel's counsel stated that the Commission could not refuse payment and that Mr. Schurawel would not be appearing at his scheduled Rule 2004 examination on May 29, 2026.[2] *Id*. Mr. Schurawel's instant motion followed. Mr. Schurawel's Rule 2004 examination has yet to happen.

Together, Signal Hill and Mr. Schurawel's campaign has created immense delays and has

---

[2] This led the Commission to incur $925 in costs for the court reporter and the videographer that it had scheduled to attend Mr. Schurawel's deposition. Kerns Decl., ¶ 14, Exs. L, M. The Commission requests that the Court consider this when fashioning a remedy if it grants the Commission's motion to hold Mr. Schurawel in contempt. ECF No. 110.

now threatened to prevent the estate from bringing avoidance actions, because the statute of limitations expires within five months on November 1, 2026. *See* 11 U.S.C. § 546(a).

## LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 7026(c) incorporates Federal Rule of Civil Procedure 26(c) and allows courts to issue protective orders "for good cause[,]" including in the Rule 2004 context. Fed. R. Bankr. P. 7026(c) (incorporating Fed. R. Civ. P. 26(c)); *see In Re Commercial Financial Services, Inc.*, 247 B.R. 828, 842 (N.D. OK 2000) ("the basic principles of Bankruptcy Rule 7026(c) should be considered in determining whether a protective order is appropriate in connection with Rule 2004 discovery").

Good cause may exist when a party suffers "annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)). The moving party has the burden of establishing good cause and must show "specific prejudice or oppression that will be caused by disclosure" and "must present concrete reasons justifying a protective order and not rest on unverified fears" or "conclusory or stereotypical assertions." *Pia v. Supernova Media*, *Inc.*, 275 F.R.D. 559, 560 (D. Utah 2011); *Exum v. U.S. Olympic Committee*, 209 F.R.D. 201, 206 (D. Colo. 2002). "Instead, the party seeking a protective order must show that disclosure will result in a *clearly defined and serious injury to the party seeking protection*." *Exum*, 209 F.R.D. at 206 (emphasis added). The good cause requirement causes courts to generally "balance the party's need for the information against the injury which might result from unrestricted disclosure." *Id*.

## ARGUMENT

The Court should deny Mr. Schurawel's motion for at least three reasons. First, Mr. Schurawel's reliance on the payment of funds from an unknown third-party lacks merit. Second, Mr. Schurawel untimely seeks a protective order to retroactively excuse his past violations of

9

this Court's orders. ECF No. 94. Third, Mr. Schurawel fails to satisfy any part of the standard

that justifies a protective order under Federal Rule of Civil Procedure 26(c). Each of these

reasons give the Court an independent basis to deny Mr. Schurawel's motion and all underscore

the need for the Court to separately grant the Commission's pending motion to hold Mr.

Schurawel in contempt.[3] ECF No. 110.

### A. Mr. Schurawel's Reliance on the Payment of Funds From an Unknown Third-Party Lacks Merit.

Mr. Schurawel claims, without citing any court order, that the Commission is "no longer

a creditor of the Debtor" because the Commission *must* accept payment of the pre-petition

Judgment that has been outstanding for over two years. While the Commission welcomes Signal

Hill to pay its debts, the Commission cannot do so without knowing the source of the funds and

having this Court approve of any payments. Accepting funds from an unknown source and

without this Court's approval would subject the Commission to several glaring legal risks.

If the funds are Signal Hill's property, and the Commission accepted the funds without

authorization from this Court, the Commission would be subject to an avoidance claim, under

Section 549 of the Bankruptcy Code. Section 549 permits the estate to "avoid a transfer of

property of the estate . . . (1) that occurs after the commencement of the case; and (2) . . . (B) that

is not authorized under this title or by the court." 11 U.S.C. §§ 549.

If the funds are from a third-party, like an Affiliate, (as Signal Hill claims) then the funds

---

[3] Mr. Schurawel's motion asserts that he produced Debtor's tax returns and those of "*an affiliated entity*" but Signal Hill spent over a year arguing that *nine* Affiliates would have their documents produced. So, either Mr. Schurawel has failed to produce the documents that Signal Hill spent over a year advocating should be protected, or Signal Hill mislead the 10th Circuit Bankruptcy Appellate Panel, the District Court, and this Court that entire time. ECF No. 113 at 2 (emphasis added). Mr. Schurawel also asserts, without any supporting evidence, that he "confirmed with the State of California revenue department that the Debtor did not file tax returns with the State of California from 2020-2023." *Id*. at 2, n. 1. If this is true, Mr. Schurawel should be required to provide evidence that shows so.

could be subject to a clawback as a constructive or actual fraudulent transfer claim under applicable state law. *See* Cal. Civ. Code § 3439.04; *see also* WY Stat § 34-14-205. Any payment of Signal Hill's debt benefits Signal Hill, not a third-party payor, so any third-party payor could force the return of funds by asserting that the Commission provided the payor with no reasonable value. *In re Walters*, 163 B.R. 575, 581 (Bankr. C.D. Cal. 1994). Meanwhile, the statute of limitations would run and prevent the Commission from investigating Signal Hill's claims or bringing claims. 11 U.S.C. §§ 544, 546(a)(1)(A). Thus, the Commission would be left with no recovery and no source of recovery. Signal Hill cannot force this risk upon the Commission. And Mr. Schurawel cannot rely on Signal Hill forcing this risk to excuse him from violating this Court's orders.

Moreover, if the funds are ultimately non-debtor property, this Court should still be troubled by Signal Hill working in tandem with non-debtor entities force side deals on its preferred creditors outside of this Court's supervision and jurisdiction. By doing so, Signal Hill violates "the basic bankruptcy purpose of treating all similarly situated creditors alike." *In re Sweetwater*, 884 F.2d 1323, 1328 (10th Cir. 1989). Signal Hill's Payment Motion hollows this basic objective by seeking to pay the Commission's unsecured claim at the expense of all other creditors. The Commission will not participate—or be forced to participate—in Signal Hill or its cohorts' wrongdoing.

Indeed, Signal Hill's attempt to pay its debts through unidentified parties without the review or approval of this Court—presumably for the purpose of buying Mr. Schurawel's silence—challenges the very credibility of the bankruptcy system and sidesteps this Court's authority and role in overseeing a fair and orderly distribution of the estate. Mr. Schurawel is

11

complicit in this effort.[4] In bankruptcy "[f]ull disclosure is required, not only to ensure that creditors receive everything they are entitled to receive under the Bankruptcy Code, but also to give the bankruptcy system credibility and make it function properly and smoothly[.]" *In Re Cecil*, 542 B.R. 447, 454 (8th Cir. 2015). Full disclosure is required because "[b]ankruptcy provides debtors with a great benefit: the discharge of debts. The price a debtor must pay for that benefit is honesty and candor." *Id*. Honesty and candor are long overdue here. For this reason, this Court should deny Mr. Schurawel's motion and rebuke any further efforts to prevent an honest and candid exploration of the debtor's claims.

**B.  The Court Should Reject Mr. Schurawel's Untimely and Retroactive Attempt to Excuse Himself From Violating This Court's Order**

Mr. Schurawel's motion is untimely. "[A] motion under [rule] 26(c) for protection . . . is timely filed if made before the date set for production." *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, 669 F.2d 620, 622, n. 2 (10th Cir.1982); *accord In re Parikh*, 397 B.R. 518, 525 (E.D.N.Y. 2008) ("the motion for the protective order was untimely, having been made more than sixty (60) days after the fourteen (14) day statutory period which runs from the day the subpoenas were served"). Mr. Schurawel's motion is untimely because the Court ordered compliance with the document requests in the Subpoena on May 16, 2026 and the Protective Order Motion was filed on May 28, 2026.

Effectively, Mr. Schurawel seeks forgiveness for his *violation* of the Subpoena and the Compliance Order. ECF No. 94. This Court ordered Mr. Schurawel to produce all documents

---

[4]. Schurawel's motion admits that he and Signal Hill worked together to synchronize Mr. Schurawel's motion and Signal Hill's California motion. ECF No. 113 at 2. ("On May 22, 2026 [the day the Commission filed its motion for contempt], the undersigned was informed that the Judgment against the Debtor would be paid in full and fully satisfied."). The Commission first received notice of Signal Hill's intent to pay on May 27, 2026. So, Mr. Schurawel was aware of Signal Hill's plan five days before the Commission was.

responsive to the Rule 2004 subpoena on May 15, 2026, and appear for his Rule 2004

examination by May 30, 2026. ECF No. 94. Mr. Schurawel did neither and admits so. *See* ECF

No. 110 (motion to hold Mr. Schurawel in contempt for failure to timely produce all responsive

documents); Kerns Decl., ¶ 13, Ex. K (Mr. Schurawel's counsel stating he would be refusing to

appear at his May 29, 2026, examination);[5] ECF No. 116 at 2. ("Mr. Schurawel acknowledges he

did not produce communications with the Debtor regarding the tax returns").

Mr. Schurawel's defiance belies his claim that he was "prepared" to meet his Rule 2004

obligations. ECF No. 113 at 2. Mr. Schurawel was not "prepared" to sit for his May 29, 2026,

examination. On the contrary, by the time he had filed his motion he had *already refused to*

*appear*, at the Commission's expense no less. *Compare* ECF No. 110 (filed at 6:27 p.m. MDT)

*with* Kerns Decl., ¶ 13, Ex. K (5:09 p.m. MDT email stating Mr. Schurawel refused to appear for

examination); *see also* Kerns Decl., ¶ 14, Exs. L, M ($925 cost for cancelled examination).

### C.  Mr. Schurawel Fails to Show Good Cause to Justify a Protective Order

Mr. Schurawel fails to show good cause because his arguments contradict the facts, are

conclusory, fail to show any harm, and thus fail to meet the standard for a protective order. Aside

from simply decreeing that Signal Hill's undecided California motion somehow speaks with the

force of law, the only thing that Mr. Schurawel argues is that a protective order is necessary to

spare him from the "oppression, undue burden and expense" of meeting his court-ordered

obligations. ECF No. 113 at 3. Mr. Schurawel claims that this oppression, burden, and expense

arise from the Commission not accepting Signal Hill's payment—that this Court has neither

reviewed or approved—and insisting that Mr. Schurawel meet his outstanding obligations. *Id.*

---

[5] The Commission requests that the Court consider Mr. Schurawel's most recent violation of this Court's Rule 2004 order when ruling on the Commission's motion for contempt. At the time the motion for contempt was filed, Mr. Schurawel had not yet refused to appear for his May 29, 2026 Rule 2004 examination, so that violation was not addressed in the contempt motion.

These arguments are conclusory on their face and incapable of showing the requisite good cause. *See Exum*, 209 F.R.D. at 206. They detail no "specific prejudice or oppression" nor any "*clearly defined and serious injury to the party seeking protection.*" *Pia*, 275 F.R.D. at 560; *Exum*, 209 F.R.D. at 206 (emphasis added). The only harm or burden that Mr. Schurawel even hints at is that he would have to comply with this Court's order. Mere compliance is not prejudicial, oppressive, burdensome, or an undue expense—it is required. Thus, Mr. Schurawel fails to make the showing requisite for a protective order. Fed. R. Civ. P. 26(c).

## CONCLUSION

**WHEREFORE,** the Commission respectfully requests that this Court deny Mr. Schurawel's untimely Motion for a Protective Order and to Excuse Further Compliance with Rule 2004 Order.

**DATED** this 11th day of June 2026.

<div style="margin-left: 45%;">

**THE CALIFORNIA STATE LANDS COMMISSION,**
**Creditor**

By:  *Steven Kerns*
_____
Steven Kerns, *pro hac vice*
Isabella Panicucci, *pro hac vice*
Jessica Tucker-Mohl, *pro hac vice*
California Attorney General's Office
300 S. Spring Street, Suite 1702
Los Angeles, CA 90012-1230
Telephone: (213) 269-6226
Steven.Kerns@doj.ca.gov
 Isabella.Panicucci@doj.ca.gov

Jeffrey M. Boldt, #7-4730
OVERSTREET HOMAR & KUKER
2922 Central Avenue
Cheyenne, Wyoming 82001
307.274.4444 telephone
307.274.4443 facsimile
jeffrey@kukerlaw.com

</div>

**Declaration of Steven W. Kerns**

I, Steven W. Kerns, declare:

1.          I am an attorney at law licensed to practice before all courts of the State of California, and am admitted *pro hac vice* in the United States Bankruptcy Court for the District of Wyoming. I am a Deputy Attorney General of the California Attorney General's Office and am counsel of record for Creditor, California State Lands Commission ("Commission"). I have personal knowledge of the following facts. If called upon to testify as a witness, I could and would testify competently to these facts under oath.

2.          On May 15, 2026, Mr. Schurawel's counsel, Jennifer Salisbury, emailed this office to state that due to Mr. Schurawel "having some sort of computer issue" that he would be producing documents on May 16, 2026. I responded that producing documents on May 16, 2026, would violate this Court's orders and any later production would compel the Commission to notify the Court. A true and correct copy of this email thread is attached hereto as **Exhibit A.**

3.          On May 18, Mr. Schurawel produced debtor Signal Hill Service Inc.'s ("Signal Hill") 2020-2024 federal tax statements, and an affiliates 2020-2024 U.S. Return of Partnership Income statements, and one other document. True and correct copies of this service email is attached hereto as **Exhibit B.**

4.          On May 18, 2026, I emailed Mr. Schurawel's counsel to ask if she could confirm that the documents produced that day were all the responsive documents that Mr. Schurawel had or if more document were coming, and if any were withheld due to privilege. I received no response and sent another email on May 19, 2026. Ms. Salisbury explained she would talk to her client and respond to me by end of day. I sent another email and received no response until May 20, 2026. Attorneys from this office and Ms. Salisbury met on May 20, 2026 to telephonically meet and confer. A true and correct copy of this email thread is attached hereto as **Exhibit C.**

5.          On May 20, 2026 attorneys from this office telephonically met and conferred with Mr. Schurawel's counsel. Mr. Schurawel's counsel stated that she would ask Mr. Schurawel if he had produced all the documents, suggested that the Trustee filing a Motion to Compromise mooted the need to produce documents, and asserted that even if Mr. Schurawel still had documents to produce it was "only" five days after the Court ordered date. The Commission stated that unless it received *all* responsive documents by Friday May 22, 2026, it would be

15

forced to file an appropriate motion.

6.      On May 21, 2026, Mr. Schurawel's counsel sent an email explaining that Mr. Schurawel would continue to search for responsive documents over the May 22-24, 2026, holiday weekend. His counsel also inaccurately asserted that he never prepared Signal Hill's state tax returns because they were incorporated in Wyoming. A true and correct of this email thread is attached hereto as **Exhibit D**.

7.      Attached hereto as **Exhibit E** is a true and correct copy of Signal Hill's Articles of Merger that were received by the Wyoming Secretary of State on September 21, 2023, and that show Signal Hill was not incorporated in Wyoming until that date.

8.      Attached hereto as **Exhibit F** is a true and correct copy of Signal Hill's California Merger of a California Corporation(s) to Nonqualified Corporation Survivor, that shows that the California entity merged with the Wyoming entity, filed on October 18, 2023.

9.      On May 27, 2026, Signal Hill's California counsel, James R. Felton, emailed this office and stated that "My client is prepared to make payment in full on the judgment," requested "that the State file a full satisfaction of judgment and record that satisfaction," and asserted that "upon receipt of the funds, it is my understanding that all matters relating to the Rule 2004 order will be considered satisfied." The Commission interpreted this as a settlement offer and explained what would have to happen next for a settlement to be valid, including "that [the] offer must ultimately undergo the bankruptcy court's review and receive the Court's approval before it can be finalized." A true and correct copy of this email is attached hereto as **Exhibit G**.

10.     On May 27, 2026, Mr. Schurawel's counsel, Ms. Salisbury, emailed this office to congratulate it on obtaining full payment from Signal Hill and explain that Mr. Schurawel would be filing an emergency motion to be excused from the Court's Rule 2004 order. A true and correct copy of this email is attached hereto as **Exhibit H.**

11.     On May 28, 2026, this office sent Signal Hill's California counsel, Mr. Felton, an email asking for an update on what it believed to be a settlement negotiation and Mr. Felton replied that Signal Hill would be filing a motion in California Superior Court to compel the Commission's acceptance of a payment for Signal Hill's debt. A true and correct copy of this email is attached hereto as **Exhibit I.**

12.     At approximately 2:26 p.m., PST, on May 28, 2026, counsel for the Commission, Isabella Langone, received an email stating that she had received a check for 381,352.36 from

16

Signal Hill's California counsel's client trust account. A true and correct copy of this email is attached hereto as **Exhibit J.**

13.     On May 28, 2026, Mr. Schurawel's counsel, Ms. Salisbury, emailed this office claiming that the judgment Signal Hill owed the Commission was paid, so "the Commission is no longer a creditor of the Debtor, and it is no longer a party in interest with standing to pursue further discovery under Rule 2004." Ms. Salisbury's email also stated that Mr. Schurawel would be filing a motion to be excused from his Rule 2004 obligations and the Commission explained it would be opposing that motion and had never received any payment. Ms. Salisbury replied that the Commission could not refuse payment and that Mr. Schurawel would not be appearing for his May 28, 2026, Rule 2004 examination. A true and correct copy of this email is attached hereto as **Exhibit K.**

14.     Due to Mr. Schurawel's May 28, 2026, refusal to attend his May 29, 2026, Rule 2004 examination the Commission had to cancel the examination and it incurred $925 costs from the videographer and court reporter that the Commission had scheduled. True and correct copies of these invoices are attached hereto as **Exhibits L and M.**

I declare under penalty of perjury under the laws of the United States and the State of California that the facts above are true and correct and that this declaration was executed on June 11, 2026, at Los Angeles, California.

_Steven Kerns_

Steven W. Kerns

# Exhibit A

| | |
|---|---|
| **From:** | Steven Kerns |
| **To:** | "Jennifer Salisbury"; William Cross |
| **Cc:** | Jessica TuckerMohl; Isabella Panicucci |
| **Subject:** | RE: Schurawel 2004 Production |
| **Date:** | Friday, May 15, 2026 5:02:00 PM |
| **Attachments:** | image001.png |

Thank you, Counsel.

As you are aware, failing to produce the documents today is a direct violation of the Court's order. If you do not produce the documents as promised tomorrow, we will bring this to the Court's attention immediately.

Best,

Steven

**From:** Jennifer Salisbury <jsalisbury@markuswilliams.com>
**Sent:** Friday, May 15, 2026 4:42 PM
**To:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Cc:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Subject:** Schurawel 2004 Production

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Good afternoon,

My client is having some sort of computer issues and some of the documents he has sent me to turnover are corrupted.  He's going to work on fixing the problems tonight and I have been assured that I will have the documents for you tomorrow.

Jennifer

Jennifer Salisbury
Markus Williams LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
303-318-0132
www.markuswilliams.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

# Exhibit B

## Steven Kerns

| | |
|---|---|
| **From:** | Jennifer Salisbury <jsalisbury@markuswilliams.com> |
| **Sent:** | Monday, May 18, 2026 8:17 AM |
| **To:** | Steven Kerns; Isabella Panicucci |
| **Subject:** | Signal Hill: 2004 Production by Schurawel |
| **Attachments:** | SHAH000071-SHAH000085.PDF; SHAH000049-SHAH000070.PDF; SHAH000033-SHAH000048.PDF; SHAH000018-SHAH000032.PDF; SHAH000002-SHAH000017.PDF; SHAH000001.pdf; SHAH000171-SHAH000194.pdf; SHAH000147-SHAH000170.pdf; SHAH000131-SHAH00146.PDF; SHAH000111--SHAH000130.PDF; SHAH000086-SHAH000110.PDF |

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Please see the attached documents being produced in response to the 2004 Order in the Signal Hill bankruptcy proceeding.

Thank you,

Jennifer

Jennifer Salisbury
Markus Williams LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
303-318-0132
www.markuswilliams.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

# Exhibit C

## Steven Kerns

| | |
|---|---|
| **From:** | Steven Kerns |
| **Sent:** | Tuesday, May 19, 2026 5:47 PM |
| **To:** | 'Jennifer Salisbury'; William Cross |
| **Cc:** | Jessica TuckerMohl; Isabella Panicucci |
| **Subject:** | RE: Signal Hill: 2004 Production by Schurawel |

Thank you, Counsel.

It is the end of the day. Can you please provide an answer immediately as to whether Mr. Schurawel has produced all responsive documents? If, not why? If so, there seems to be some glaring deficiencies. In either event, we may need to meet and confer to discuss how to respond to a violation of the Court's May 1, 2026, order and the Rule 2004 examination subpoena.

Best,

Steven

**From:** Jennifer Salisbury <jsalisbury@markuswilliams.com>
**Sent:** Tuesday, May 19, 2026 9:43 AM
**To:** Steven Kerns <Steven.Kerns@doj.ca.gov>; William Cross <WCross@markuswilliams.com>
**Cc:** Jessica TuckerMohl <Jessica.TuckerMohl@doj.ca.gov>; Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Subject:** RE: Signal Hill: 2004 Production by Schurawel

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Good morning,

I have asked Mr. Schurawel if these are all of the responsive documents. One of the issues we have is that most of Mr. Schurawel's files are in paper format and he is going through physical boxes of documents trying to find responsive records. Given his health issues, this is a difficult process. I'm hoping he will get back to me by the end of the day.

With respect to privileged documents, the I have not seen any documents that are responsive to the subpoena that are privileged. So at this point, there is no need for a privilege log.

Thank you,

Jennifer

Jennifer Salisbury
Markus Williams LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
303-318-0132
www.markuswilliams.com

1

# MARKUS M WILLIAMS
## Attorneys at Law

**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

**From:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Sent:** Tuesday, May 19, 2026 10:01 AM
**To:** Jennifer Salisbury <jsalisbury@markuswilliams.com>; William Cross <WCross@markuswilliams.com>
**Cc:** Jessica TuckerMohl <Jessica.TuckerMohl@doj.ca.gov>; Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Subject:** RE: Signal Hill: 2004 Production by Schurawel

Counsel,

Please provide a response no later than **10 a.m.** today.

Best,

Steven

**From:** Steven Kerns
**Sent:** Monday, May 18, 2026 2:32 PM
**To:** Jennifer Salisbury <jsalisbury@markuswilliams.com>; William Cross <wcross@markuswilliams.com>
**Cc:** Jessica TuckerMohl <Jessica.TuckerMohl@doj.ca.gov>; Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Subject:** RE: Signal Hill: 2004 Production by Schurawel

Counsel,

I hope you had a good weekend. Can you please confirm if these are all the responsive documents that Mr. Schurawel has and will be producing or if the Commission can expect additional productions?

If there are additional productions, when can the Commission expect them?

Lastly, are any documents being withheld based on privilege, and if so, will your firm be producing a privilege log?

Best,

Steven

**From:** Jennifer Salisbury <jsalisbury@markuswilliams.com>
**Sent:** Monday, May 18, 2026 8:17 AM
**To:** Steven Kerns <Steven.Kerns@doj.ca.gov>; Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Subject:** Signal Hill: 2004 Production by Schurawel

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

2

Please see the attached documents being produced in response to the 2004 Order in the Signal Hill bankruptcy proceeding.

Thank you,

Jennifer

Jennifer Salisbury
Markus Williams LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
303-318-0132
www.markuswilliams.com



MARKUS WILLIAMS
Attorneys at Law

**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# Exhibit D

## Steven Kerns

| | |
|---|---|
| **From:** | Steven Kerns |
| **Sent:** | Thursday, May 21, 2026 4:29 PM |
| **To:** | Jennifer Salisbury; Isabella Panicucci |
| **Cc:** | Jessica TuckerMohl |
| **Subject:** | RE: Signal Hill Schurawel 2004 Production |

Counsel,

Thank you for responding. Addressing your points in turn:

First, the debtor was not a Wyoming company until 2023. Signal Hill was thus obligated to file taxes in California before it merged with a Wyoming company in 2023. Your misrepresentations will be noted for the Court in the Commission's forthcoming motion that we discussed yesterday. We intend to file a motion to hold Mr. Schurawel in contempt tomorrow.

Second, thank you for your explanation regarding native format of the IRS filings. This rationale would not necessarily be applicable to documents that your client used to prepare the tax filings, which remain unproduced. You say that "very little information was needed to prepare the tax returns" after 2019 because the company was essentially shut down. Even accepting that your client relied on "very little" to prepare nearly 200 pages of documents that were filed with the IRS, you have yet to produce the "very little" documents that he did rely on to prepare the filings. All that has been produced was a single document bates stamped as SHAH000001, that appears to be from 2022. Is it your client's position that this single page was the only document he used to prepare the filings that he produced, including for the tax filings prior to SHAH000001's existence? If there are additional documents, those should have been produced on May 15, 2026, as ordered by the court.

Third, are you willing to confirm that an elderly man of poor long-term health maintained the habit of in-person deliveries during the pandemic? Additionally, your client was expressly ordered to complete any searches and review and produce *all* responsive documents *before* May 15. This ongoing search is a violation of the Court's May 1, 2026, order. It is unacceptable that your client continues to search his computer and paper files over the holiday weekend. Mr. Schurawel has known about the May 15, 2026, since May 1, 2026, and that date came after multiple extensions. If your client was unable to meet this deadline due to his health issues, it was your responsibility as his counsel to do whatever was necessary to help him complete the task, Mr. Schurawel was already given additional time from the Court.

Lastly, thank you for closing the loop. However, your objection that Request for Production 16 is duplicative of Request for Production 13 is untimely and has long been waived. Thus, Mr. Schurawel is required to respond to both requests.

Best,

Steven

---

**From:** Jennifer Salisbury <jsalisbury@markuswilliams.com>
**Sent:** Thursday, May 21, 2026 3:43 PM
**To:** Steven Kerns <Steven.Kerns@doj.ca.gov>; Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Subject:** Signal Hill Schurawel 2004 Production

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Steve and Isabella,

I wanted to get back to you as soon as possible regarding our call yesterday and my follow up conversations with my client regarding what you called the "glaring deficiencies" in the documents that were produced to you in response to the 2004 subpoena.

First, you emphasized that the production was obviously deficient because we did not include any state tax returns in the production.  I spoke with my client.  The Debtor is a Wyoming company. He never prepared any documents for filing in Wyoming.  More to the point, he never prepared any Wyoming tax returns.

Second, you requested that the tax returns be produced in "native format."  My client uses tax preparation software to generate returns.  When the return is created, it is either a PDF, or he can print the generated document.  The PDF document is the form in which the tax returns are maintained, and it is a reasonably usable form. As I understand it, when forms are filed electronically directly to the IRS, the native format is not human-readable without special tools.  Also, my client has no idea how we could produce the tax returns in the IRS format.  Anything else would be proprietary software owned by the company that he uses to prepare the returns.  The bottom line is that the PDF files we provided to you are the "native format" for the tax returns as they were generated directly by the tax preparation software, and thus constitute the native digital output for the returns.

With respect to correspondence, as I said yesterday, most of the communications between my client and Signal Hill were over the phone. It is our understanding that the company essentially shut down in 2019 so there was very little information that was needed to prepare the tax returns after that point.  Further, my client had the habit of driving to Santa Barbara to provide the physical completed copy of the returns to the client in person.  With that said, he will continue searching his computer and boxes of papers over the holiday weekend to see if he can find any communications responsive to your request.

I believe this covers everything we discussed yesterday. Please be aware that my client is trying to be as responsive as possible given his poor health, constant pain, and the fact that he runs his business as a solo practitioner.  Please let us know what else, if anything, you deem to be a "glaring deficiency" in the production so my client can focus his efforts on providing you the documents that you need.

Finally, to close the loop on the production, after a review of his records, my client to date has not found and does not believe he ever will find any documents responsive to Request Nos. 3, 4, 6, 7, 8, 9, 14, 15, 17, 18, 19, 20, 21, 22, 25, 26, 27, 28, 29, and 30.  The documents responsive to 1, 2, 5, 23, 24  are inclusive of the documents produced responsive to 10, 11 and 12.  We're continuing to review our records to see if anything is responsive to No. 13. Request 16 is duplicative of 13.

Thank you,

Jennifer


Jennifer Salisbury
Markus Williams LLC

2

1775 Sherman Street, Suite 1950
Denver, CO 80203
303-318-0132
www.markuswilliams.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

3

# Exhibit E

**WY Secretary of State**
**FILED: 10/06/2023 09:08 AM**
**Original ID: 2021-001051383**
**Amendment ID: 2023-004401492**



# ARTICLES OF MERGER
## OF
### SIGNAL HILL SERVICE, INC.
#### (a Wyoming Corporation)
### AND
### SIGNAL HILL SERVICE, INC.
#### (a California corporation)

QS 2021- 001051383

NQ NS

In accordance with Article II of the Wyoming Business Corporation Act, the undersigned, Richard L. Carone, being the Chief Executive Officer of Signal Hill Service, Inc., a Wyoming corporation, DOES HEREBY CERTIFY as follows:

1. The name and state of incorporation of each of the constituent corporations are Signal Hill Service, Inc., a Wyoming corporation, and Signal Hill Service, Inc., a California corporation;

2. An agreement of merger, attached hereto as Exhibit "A", has been approved, adopted, certified, executed, and acknowledged by each of the constituent corporations in accordance with Article 11 of the Wyoming Business Corporation Act pursuant to which shareholder approval was not required;

3. The name of the surviving corporation is Signal Hill Service, Inc.;

4. The surviving corporation, Signal Hill Service, Inc., will be a Wyoming corporation and its Articles of Incorporation as currently filed with the Secretary of State of the State of Wyoming shall be the Articles of Incorporation of the surviving corporation; and

5. The merger of Signal Hill Service, Inc., a California corporation, was duly authorized in accordance with the laws of the State of California.

IN WITNESS WHEREOF, the undersigned has signed his name and affirmed that this instrument is the act and deed of the corporation and that the statements herein are true, under penalties of perjury, this September 4, 2023.

SIGNAL HILL SERVICE, INC.,
A Wyoming corporation

By: _____
Richard L. Carone, Chief Executive Officer

**EXHIBIT "A"**

**AGREEMENT OF MERGER**

[See attached]

**AGREEMENT AND PLAN OF MERGER OF**

**SIGNAL HILL SERVICE, INC.,
A WYOMING CORPORATION,**

**AND**

**SIGNAL HILL SERVICE, INC.,
A CALIFORNIA CORPORATION**

This AGREEMENT AND PLAN OF MERGER (this "**Merger Agreement**") is made by and between Signal Hill Service, Inc., a Wyoming corporation ("**SHS Wyoming**"), and Signal Hill Service, Inc., a California corporation ("**SHS California**"), effective as of September 4, 2023. SHS Wyoming and SHS California are sometimes referred to herein as the "**Constituent Corporations.**" SHS California is a wholly-owned subsidiary of SHS Wyoming.

**RECITALS**

A.     SHS California is a corporation duly incorporated and existing under the laws of the State of California and has a total authorized common stock of One Hundred (100) shares (the "**California Stock**"), all of which are, as of the date hereof, and before giving effect to the transactions contemplated hereby, issued and outstanding, and held by SHS Wyoming.

B.     SHS Wyoming is a corporation duly incorporated and existing under the laws of the State of Wyoming and has a total authorized common stock of One Hundred (100) shares (the "**Wyoming Stock**"), all of which are, as of the date hereof, and before giving effect to the transactions contemplated hereby, issued and outstanding.

C.     The Board of Directors for each Constituent Corporation has determined that it is advisable and in the best interests of SHS Wyoming and its shareholders that its wholly-owned subsidiary SHS California merge with and into SHS Wyoming upon the terms and conditions herein provided.

D.     The respective Boards of Directors of the Constituent Corporations have approved this Merger Agreement and have directed that this Merger Agreement be executed by the undersigned officers.

NOW, THEREFORE, in consideration of the mutual agreements and covenants set forth herein, SHS Wyoming and SHS California hereby agree, subject to the terms and conditions hereinafter set forth, as follows:

1.     <u>Merger.</u>

(a)     <u>Merger.</u> In accordance with the provisions of this Merger Agreement, the Business Corporation Act of the State of Wyoming (the "**WBCA**") and the California Corporations Code, SHS California shall be merged with and into SHS Wyoming (the "**Merger**"), the separate

existence of SHS California shall cease, and SHS Wyoming shall be, and is herein sometimes referred to as, the "**Surviving Corporation**," and the name of the Surviving Corporation shall be Signal Hill Service, Inc.

(b)      Filing and Effectiveness. The Merger shall become effective in accordance with Section 1108 of the California Corporations Code and Section 17-16-1102 of the WBCA. The date and time when the Merger shall become effective, as aforesaid, is herein called the "**Effective Date**."

(c)      Effect of the Merger. Upon the Effective Date, the separate existence of SHS California shall cease, and SHS Wyoming, as the Surviving Corporation, shall: (i) continue to possess all of its assets, rights, powers, and property as constituted immediately prior to the Effective Date, (ii) be subject to all actions previously taken by its and SHS California's Boards of Directors, (iii) succeed, without other transfer, to all of the assets, rights, powers, and property of SHS California in the manner as more fully set forth in Section 17-16-1107 of the WBCA, (iv) continue to be subject to all of its debts, liabilities, and obligations as constituted immediately prior to the Effective Date, and (v) succeed, without other transfer, to all of the debts, liabilities, and obligations of SHS California in the same manner as if SHS Wyoming had itself incurred them, all as more fully provided under the applicable provisions of the WBCA and the California Corporations Code.

2.      Charter Documents, Directors, and Officers.

(a)      Articles of Continuance. The Articles of Continuance of SHS Wyoming as in effect immediately prior to the Effective Date (the "**Articles of Continuance**") shall continue in full force and effect as the Articles of Continuance of the Surviving Corporation until duly amended in accordance with the provisions thereof and applicable law.

(b)      Bylaws. The Bylaws of SHS Wyoming as in effect immediately prior to the Effective Date shall continue in full force and effect as the Bylaws of the Surviving Corporation until duly amended in accordance with the provisions thereof and applicable law.

(c)      Directors and Officers. The directors and officers of SHS Wyoming immediately prior to the Effective Date shall continue to be the directors and officers of the Surviving Corporation until their successors shall have been duly elected and qualified or until as otherwise provided by law, the Articles of Continuance of the Surviving Corporation, or the Bylaws of the Surviving Corporation.

3.      Cancellation of California Stock. Upon the Effective Date, each share of the California Stock issued and outstanding immediately prior thereto, shall, by virtue of the Merger, be cancelled, without any consideration being delivered in respect thereof, it being acknowledged that the Surviving Corporation is the sole holder of all currently issued and outstanding California Stock.

4.    General.

(a)    Reorganization for Tax Purposes. This Merger Agreement is intended to constitute a plan of reorganization by the parties hereto within the meaning of Section 368 of the Internal Revenue Code of 1986, as amended (the "**Code**") and the regulations promulgated thereunder.

(b)    Further Assurances. Each party will, whenever and as often as it shall be reasonably requested to do so and without unreasonable delay, execute, acknowledge, and deliver, or cause to be executed, acknowledged, and delivered, any and all further documents, and each party shall do all other acts as may be necessary, to carry out the intent and purpose of this Merger Agreement.

(c)    Severability. If any term or provision of this Merger Agreement or any part thereof is declared illegal, null, or void, the remaining portions of this Merger Agreement shall remain in full force and effect to the extent permitted by law.

(d)    Incorporation of Recitals. The Recitals set forth in this Agreement are incorporated by reference as though fully set forth in this Agreement and constitute representations of the parties.

(e)    Governing Law. This Merger Agreement shall in all respects be construed, interpreted, and enforced in accordance with and governed by the laws of the State of Wyoming and, so far as applicable, the merger provisions of the California Corporations Code.

(f)    Counterparts. This Merger Agreement may be executed in several counterparts and all counterparts so executed shall constitute one agreement, which shall be binding on all of the parties hereto, notwithstanding that all of the parties are not signatory to the original or the same counterpart.

[Signatures on the next page]

IN WITNESS WHEREOF, the Merger Agreement, having first been approved by resolutions of the Boards of Directors of Signal Hill Service, Inc., a Wyoming corporation, and Signal Hill Service, Inc., a California corporation, is hereby executed on behalf of each of such two corporations and attested by their respective officers thereunto duly authorized.

**WYOMING CORPORATION:**

SIGNAL HILL SERVICE, INC.,
A Wyoming corporation

By: _____
Richard L. Carone, Chief Executive Officer

By: _____
Russ Howard, Secretary

**CALIFORNIA CORPORATION:**

SIGNAL HILL SERVICE, INC.,
A California corporation

By: _____
Richard L. Carone, Chief Executive Officer

By: _____
Russ Howard, Secretary

AGREEMENT AND PLAN OF MERGER                                      PAGE 4 OF 4

# STATE OF WYOMING
## Office of the Secretary of State

I, CHUCK GRAY, Secretary of State of the State of Wyoming, do hereby certify that the filing requirements for the issuance of this certificate have been fulfilled.

CERTIFICATE OF MERGER

**SIGNAL HILL SERVICE, INC. (DELAWARE) (Unqualified Non-survivor)**

Merged into **SIGNAL HILL SERVICE, INC. (Wyoming) (Qualified Survivor)**

I have affixed hereto the Great Seal of the State of Wyoming and duly executed this official certificate at Cheyenne, Wyoming on this **6th** day of **October, 2023**.



Secretary of State

By: Carmen Ponce

Filed Date: 10/06/2023

Page 1 of 1

# Exhibit F

BA20231589546



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**MERGER**
**CA CORPORATION(S) TO NONQUALIFIED**
**CORPORATION SURVIVOR**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: BA20231589546 |
| Date Filed: 10/18/2023 |

---

**Details of Entity Merging Out to Nonqualified Entity**

| | |
| --- | --- |
| Name of California Entity Merging Out | SIGNAL HILL SERVICE, INC. |
| Entity No. | 1486047 |
| Entity Type | Stock Corporation - CA - General |
| Formed In | CALIFORNIA |

**Additional Entities Merging Out**

| Merging Out Entity Name | Nonqualified Entity Type | Formed In |
| --- | --- | --- |
| None Entered | | |

**Nonqualified Survivor Details**

| | |
| --- | --- |
| Survivor Entity Name | Signal Hill Service, Inc. |
| Survivor Entity Type | Nonqualified Corporation |
| Formed In | WYOMING |

**Merger Documents**

☒  Merger documents have been approved and signed by each entity participating in the merger.

Additional information and signatures set forth on attached pages, if any, are incorporated herein by reference and made part of this filing.

**Electronic Signature**

☒  By signing, I affirm that I have the authority to submit this merger.

| | |
| --- | --- |
| *Michelle Schumacher* | *10/18/2023* |
| Signature | Date |

2186-5710 10/18/2023 4:35 PM Received by California Secretary of State

B2186-5711 10/18/2023 4:35 PM Received by California Secretary of State

**ARTICLES OF MERGER
OF
SIGNAL HILL SERVICE, INC.
(a Wyoming Corporation)
AND
SIGNAL HILL SERVICE, INC.
(a California corporation)**

In accordance with Article 11 of the Wyoming Business Corporation Act, the undersigned, Richard L. Carone, being the Chief Executive Officer of Signal Hill Service, Inc., a Wyoming corporation, DOES HEREBY CERTIFY as follows:

1. The name and state of incorporation of each of the constituent corporations are Signal Hill Service, Inc., a Wyoming corporation, and Signal Hill Service, Inc., a California corporation;

2. An agreement of merger, attached hereto as Exhibit "A", has been approved, adopted, certified, executed, and acknowledged by each of the constituent corporations in accordance with Article 11 of the Wyoming Business Corporation Act pursuant to which shareholder approval was not required;

3. The name of the surviving corporation is Signal Hill Service, Inc.;

4. The surviving corporation, Signal Hill Service, Inc., will be a Wyoming corporation and its Articles of Incorporation as currently filed with the Secretary of State of the State of Wyoming shall be the Articles of Incorporation of the surviving corporation; and

5. The merger of Signal Hill Service, Inc., a California corporation, was duly authorized in accordance with the laws of the State of California.

IN WITNESS WHEREOF, the undersigned has signed his name and affirmed that this instrument is the act and deed of the corporation and that the statements herein are true, under penalties of perjury, this September 4, 2023.

SIGNAL HILL SERVICE, INC.,
A Wyoming corporation

By: _____
Richard L. Carone, Chief Executive Officer

B2186-5712 10/18/2023 4:35 PM Received by California Secretary of State

## EXHIBIT "A"

## AGREEMENT OF MERGER

[See attached]

B2186-5713 10/18/2023 4:35 PM Received by California Secretary of State

# AGREEMENT AND PLAN OF MERGER OF

## SIGNAL HILL SERVICE, INC., A WYOMING CORPORATION,

### AND

## SIGNAL HILL SERVICE, INC., A CALIFORNIA CORPORATION

This AGREEMENT AND PLAN OF MERGER (this "**Merger Agreement**") is made by and between Signal Hill Service, Inc., a Wyoming corporation ("**SHS Wyoming**"), and Signal Hill Service, Inc., a California corporation ("**SHS California**"), effective as of September 4, 2023. SHS Wyoming and SHS California are sometimes referred to herein as the "**Constituent Corporations.**" SHS California is a wholly-owned subsidiary of SHS Wyoming.

## RECITALS

A.     SHS California is a corporation duly incorporated and existing under the laws of the State of California and has a total authorized common stock of One Hundred (100) shares (the "**California Stock**"), all of which are, as of the date hereof, and before giving effect to the transactions contemplated hereby, issued and outstanding, and held by SHS Wyoming.

B.     SHS Wyoming is a corporation duly incorporated and existing under the laws of the State of Wyoming and has a total authorized common stock of One Hundred (100) shares (the "**Wyoming Stock**"), all of which are, as of the date hereof, and before giving effect to the transactions contemplated hereby, issued and outstanding.

C.     The Board of Directors for each Constituent Corporation has determined that it is advisable and in the best interests of SHS Wyoming and its shareholders that its wholly-owned subsidiary SHS California merge with and into SHS Wyoming upon the terms and conditions herein provided.

D.     The respective Boards of Directors of the Constituent Corporations have approved this Merger Agreement and have directed that this Merger Agreement be executed by the undersigned officers.

NOW, THEREFORE, in consideration of the mutual agreements and covenants set forth herein, SHS Wyoming and SHS California hereby agree, subject to the terms and conditions hereinafter set forth, as follows:

1.     <u>Merger.</u>

(a)     <u>Merger.</u>  In accordance with the provisions of this Merger Agreement, the Business Corporation Act of the State of Wyoming (the "**WBCA**") and the California Corporations Code, SHS California shall be merged with and into SHS Wyoming (the "**Merger**"), the separate

AGREEMENT AND PLAN OF MERGER

PAGE 1 OF 4

B2186-5714 10/18/2023 4:35 PM Received by California Secretary of State

existence of SHS California shall cease, and SHS Wyoming shall be, and is herein sometimes referred to as, the "**Surviving Corporation**," and the name of the Surviving Corporation shall be Signal Hill Service, Inc.

(b)  Filing and Effectiveness. The Merger shall become effective in accordance with Section 1108 of the California Corporations Code and Section 17-16-1102 of the WBCA. The date and time when the Merger shall become effective, as aforesaid, is herein called the "**Effective Date**."

(c)  Effect of the Merger. Upon the Effective Date, the separate existence of SHS California shall cease, and SHS Wyoming, as the Surviving Corporation, shall: (i) continue to possess all of its assets, rights, powers, and property as constituted immediately prior to the Effective Date, (ii) be subject to all actions previously taken by its and SHS California's Boards of Directors, (iii) succeed, without other transfer, to all of the assets, rights, powers, and property of SHS California in the manner as more fully set forth in Section 17-16-1107 of the WBCA, (iv) continue to be subject to all of its debts, liabilities, and obligations as constituted immediately prior to the Effective Date, and (v) succeed, without other transfer, to all of the debts, liabilities, and obligations of SHS California in the same manner as if SHS Wyoming had itself incurred them, all as more fully provided under the applicable provisions of the WBCA and the California Corporations Code.

2.  Charter Documents, Directors, and Officers.

(a)  Articles of Continuance. The Articles of Continuance of SHS Wyoming as in effect immediately prior to the Effective Date (the "**Articles of Continuance**") shall continue in full force and effect as the Articles of Continuance of the Surviving Corporation until duly amended in accordance with the provisions thereof and applicable law.

(b)  Bylaws. The Bylaws of SHS Wyoming as in effect immediately prior to the Effective Date shall continue in full force and effect as the Bylaws of the Surviving Corporation until duly amended in accordance with the provisions thereof and applicable law.

(c)  Directors and Officers. The directors and officers of SHS Wyoming immediately prior to the Effective Date shall continue to be the directors and officers of the Surviving Corporation until their successors shall have been duly elected and qualified or until as otherwise provided by law, the Articles of Continuance of the Surviving Corporation, or the Bylaws of the Surviving Corporation.

3.  Cancellation of California Stock. Upon the Effective Date, each share of the California Stock issued and outstanding immediately prior thereto, shall, by virtue of the Merger, be cancelled, without any consideration being delivered in respect thereof, it being acknowledged that the Surviving Corporation is the sole holder of all currently issued and outstanding California Stock.

B2186-5715 10/18/2023 4:35 PM Received by California Secretary of State

4.   Underline{General}.

(a)   Underline{Reorganization for Tax Purposes}.  This Merger Agreement is intended to constitute a plan of reorganization by the parties hereto within the meaning of Section 368 of the Internal Revenue Code of 1986, as amended (the "**Code**") and the regulations promulgated thereunder.

(b)   Underline{Further Assurances}.  Each party will, whenever and as often as it shall be reasonably requested to do so and without unreasonable delay, execute, acknowledge, and deliver, or cause to be executed, acknowledged, and delivered, any and all further documents, and each party shall do all other acts as may be necessary, to carry out the intent and purpose of this Merger Agreement.

(c)   Underline{Severability}.  If any term or provision of this Merger Agreement or any part thereof is declared illegal, null, or void, the remaining portions of this Merger Agreement shall remain in full force and effect to the extent permitted by law.

(d)   Underline{Incorporation of Recitals}.  The Recitals set forth in this Agreement are incorporated by reference as though fully set forth in this Agreement and constitute representations of the parties.

(e)   Underline{Governing Law}.  This Merger Agreement shall in all respects be construed, interpreted, and enforced in accordance with and governed by the laws of the State of Wyoming and, so far as applicable, the merger provisions of the California Corporations Code.

(f)   Underline{Counterparts}.  This Merger Agreement may be executed in several counterparts and all counterparts so executed shall constitute one agreement, which shall be binding on all of the parties hereto, notwithstanding that all of the parties are not signatory to the original or the same counterpart.

[Signatures on the next page]

B2186-5716  10/18/2023  4:35 PM  Received by California Secretary of State

IN WITNESS WHEREOF, the Merger Agreement, having first been approved by resolutions of the Boards of Directors of Signal Hill Service, Inc., a Wyoming corporation, and Signal Hill Service, Inc., a California corporation, is hereby executed on behalf of each of such two corporations and attested by their respective officers thereunto duly authorized.

**WYOMING CORPORATION:**

SIGNAL HILL SERVICE, INC.,
A Wyoming corporation

By: _____
Richard L. Carone, Chief Executive Officer

By: _____
Russ Howard, Secretary

**CALIFORNIA CORPORATION:**

SIGNAL HILL SERVICE, INC.,
A California corporation

By: _____
Richard L. Carone, Chief Executive Officer

By: _____
Russ Howard, Secretary

AGREEMENT AND PLAN OF MERGER                                    PAGE 4 OF 4

B2186-5717 10/18/2023 4:35 PM Received by California Secretary of State

WY Secretary of State
FILED: 10/06/2023 09:08 AM
Original ID: 2021-001051383
Amendment ID: 2023-004401492



RECEIVED
SEP 21 2023
WYOMING
SECRETARY OF STATE

**ARTICLES OF MERGER**
**OF**
**SIGNAL HILL SERVICE, INC.**
**(a Wyoming Corporation)**
**AND**
**SIGNAL HILL SERVICE, INC.**
**(a California corporation)**

QS 2021-001051383

NQ NS

In accordance with Article II of the Wyoming Business Corporation Act, the undersigned, Richard L. Carone, being the Chief Executive Officer of Signal Hill Service, Inc., a Wyoming corporation, DOES HEREBY CERTIFY as follows:

1.  The name and state of incorporation of each of the constituent corporations are Signal Hill Service, Inc., a Wyoming corporation, and Signal Hill Service, Inc., a California corporation;

2.  An agreement of merger, attached hereto as Exhibit "A", has been approved, adopted, certified, executed, and acknowledged by each of the constituent corporations in accordance with Article 11 of the Wyoming Business Corporation Act pursuant to which shareholder approval was not required;

3.  The name of the surviving corporation is Signal Hill Service, Inc.;

4.  The surviving corporation, Signal Hill Service, Inc., will be a Wyoming corporation and its Articles of Incorporation as currently filed with the Secretary of State of the State of Wyoming shall be the Articles of Incorporation of the surviving corporation; and

5.  The merger of Signal Hill Service, Inc., a California corporation, was duly authorized in accordance with the laws of the State of California.

IN WITNESS WHEREOF, the undersigned has signed his name and affirmed that this instrument is the act and deed of the corporation and that the statements herein are true, under penalties of perjury, this September 4, 2023.

SIGNAL HILL SERVICE, INC.,
A Wyoming corporation

By: _____
Richard L. Carone, Chief Executive Officer

B2186-5718 10/18/2023 4:35 PM Received by California Secretary of State

B2186-5719 10/18/2023 4:35 PM Received by California Secretary of State

# EXHIBIT "A"

## AGREEMENT OF MERGER

[See attached]

B2186-5720 10/18/2023 4:35 PM Received by California Secretary of State

## AGREEMENT AND PLAN OF MERGER OF

### SIGNAL HILL SERVICE, INC.,
### A WYOMING CORPORATION,

### AND

### SIGNAL HILL SERVICE, INC.,
### A CALIFORNIA CORPORATION

This AGREEMENT AND PLAN OF MERGER (this "**Merger Agreement**") is made by and between Signal Hill Service, Inc., a Wyoming corporation ("**SHS Wyoming**"), and Signal Hill Service, Inc., a California corporation ("**SHS California**"), effective as of September 4, 2023. SHS Wyoming and SHS California are sometimes referred to herein as the "**Constituent Corporations.**" SHS California is a wholly-owned subsidiary of SHS Wyoming.

### RECITALS

A.    SHS California is a corporation duly incorporated and existing under the laws of the State of California and has a total authorized common stock of One Hundred (100) shares (the "**California Stock**"), all of which are, as of the date hereof, and before giving effect to the transactions contemplated hereby, issued and outstanding, and held by SHS Wyoming.

B.    SHS Wyoming is a corporation duly incorporated and existing under the laws of the State of Wyoming and has a total authorized common stock of One Hundred (100) shares (the "**Wyoming Stock**"), all of which are, as of the date hereof, and before giving effect to the transactions contemplated hereby, issued and outstanding.

C.    The Board of Directors for each Constituent Corporation has determined that it is advisable and in the best interests of SHS Wyoming and its shareholders that its wholly-owned subsidiary SHS California merge with and into SHS Wyoming upon the terms and conditions herein provided.

D.    The respective Boards of Directors of the Constituent Corporations have approved this Merger Agreement and have directed that this Merger Agreement be executed by the undersigned officers.

NOW, THEREFORE, in consideration of the mutual agreements and covenants set forth herein, SHS Wyoming and SHS California hereby agree, subject to the terms and conditions hereinafter set forth, as follows:

1.    <u>Merger.</u>

(a)    <u>Merger.</u> In accordance with the provisions of this Merger Agreement, the Business Corporation Act of the State of Wyoming (the "**WBCA**") and the California Corporations Code, SHS California shall be merged with and into SHS Wyoming (the "**Merger**"), the separate

AGREEMENT AND PLAN OF MERGER                                                    PAGE 1 OF 4

existence of SHS California shall cease, and SHS Wyoming shall be, and is herein sometimes referred to as, the "**Surviving Corporation**," and the name of the Surviving Corporation shall be Signal Hill Service, Inc.

(b) <u>Filing and Effectiveness</u>. The Merger shall become effective in accordance with Section 1108 of the California Corporations Code and Section 17-16-1102 of the WBCA. The date and time when the Merger shall become effective, as aforesaid, is herein called the "**Effective Date.**"

(c) <u>Effect of the Merger</u>. Upon the Effective Date, the separate existence of SHS California shall cease, and SHS Wyoming, as the Surviving Corporation, shall: (i) continue to possess all of its assets, rights, powers, and property as constituted immediately prior to the Effective Date, (ii) be subject to all actions previously taken by its and SHS California's Boards of Directors, (iii) succeed, without other transfer, to all of the assets, rights, powers, and property of SHS California in the manner as more fully set forth in Section 17-16-1107 of the WBCA, (iv) continue to be subject to all of its debts, liabilities, and obligations as constituted immediately prior to the Effective Date, and (v) succeed, without other transfer, to all of the debts, liabilities, and obligations of SHS California in the same manner as if SHS Wyoming had itself incurred them, all as more fully provided under the applicable provisions of the WBCA and the California Corporations Code.

2. <u>Charter Documents, Directors, and Officers</u>.

(a) <u>Articles of Continuance</u>. The Articles of Continuance of SHS Wyoming as in effect immediately prior to the Effective Date (the "**Articles of Continuance**") shall continue in full force and effect as the Articles of Continuance of the Surviving Corporation until duly amended in accordance with the provisions thereof and applicable law.

(b) <u>Bylaws</u>. The Bylaws of SHS Wyoming as in effect immediately prior to the Effective Date shall continue in full force and effect as the Bylaws of the Surviving Corporation until duly amended in accordance with the provisions thereof and applicable law.

(c) <u>Directors and Officers</u>. The directors and officers of SHS Wyoming immediately prior to the Effective Date shall continue to be the directors and officers of the Surviving Corporation until their successors shall have been duly elected and qualified or until as otherwise provided by law, the Articles of Continuance of the Surviving Corporation, or the Bylaws of the Surviving Corporation.

3. <u>Cancellation of California Stock</u>. Upon the Effective Date, each share of the California Stock issued and outstanding immediately prior thereto, shall, by virtue of the Merger, be cancelled, without any consideration being delivered in respect thereof, it being acknowledged that the Surviving Corporation is the sole holder of all currently issued and outstanding California Stock.

AGREEMENT AND PLAN OF MERGER                                                        PAGE 2 OF 4

B2186-5721 10/18/2023 4:35 PM Received by California Secretary of State

B2186-5722 10/18/2023 4:35 PM Received by California Secretary of State

4.      General.

(a)      Reorganization for Tax Purposes. This Merger Agreement is intended to constitute a plan of reorganization by the parties hereto within the meaning of Section 368 of the Internal Revenue Code of 1986, as amended (the "**Code**") and the regulations promulgated thereunder.

(b)      Further Assurances. Each party will, whenever and as often as it shall be reasonably requested to do so and without unreasonable delay, execute, acknowledge, and deliver, or cause to be executed, acknowledged, and delivered, any and all further documents, and each party shall do all other acts as may be necessary, to carry out the intent and purpose of this Merger Agreement.

(c)      Severability. If any term or provision of this Merger Agreement or any part thereof is declared illegal, null, or void, the remaining portions of this Merger Agreement shall remain in full force and effect to the extent permitted by law.

(d)      Incorporation of Recitals. The Recitals set forth in this Agreement are incorporated by reference as though fully set forth in this Agreement and constitute representations of the parties.

(e)      Governing Law. This Merger Agreement shall in all respects be construed, interpreted, and enforced in accordance with and governed by the laws of the State of Wyoming and, so far as applicable, the merger provisions of the California Corporations Code.

(f)      Counterparts.  This Merger Agreement may be executed in several counterparts and all counterparts so executed shall constitute one agreement, which shall be binding on all of the parties hereto, notwithstanding that all of the parties are not signatory to the original or the same counterpart.

[Signatures on the next page]

B2186-5723 10/18/2023 4:35 PM Received by California Secretary of State

IN WITNESS WHEREOF, the Merger Agreement, having first been approved by resolutions of the Boards of Directors of Signal Hill Service, Inc., a Wyoming corporation, and Signal Hill Service, Inc., a California corporation, is hereby executed on behalf of each of such two corporations and attested by their respective officers thereunto duly authorized.

**WYOMING CORPORATION:**

SIGNAL HILL SERVICE, INC.,
A Wyoming corporation


By:_____
    Richard L. Carone, Chief Executive Officer


By:_____
    Russ Howard, Secretary


**CALIFORNIA CORPORATION:**

SIGNAL HILL SERVICE, INC.,
A California corporation


By:_____
    Richard L. Carone, Chief Executive Officer


By:_____
    Russ Howard, Secretary

AGREEMENT AND PLAN OF MERGER                                          PAGE 4 OF 4

# Exhibit G

| | |
|---|---|
| **From:** | James Felton |
| **To:** | Isabella Panicucci |
| **Cc:** | Steven Kerns |
| **Subject:** | RE: California State Lands Commission v. Signal Hill Service, Inc. et. al |
| **Date:** | Wednesday, May 27, 2026 1:49:53 PM |

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Dear Ms. Panicucci,

My client is prepared to make payment in full on the judgment.   I have calculated that number to be $381, 352.36 as of May 29, 2026 with interest accruing at a rate of $87.31 per day thereafter.   Can you please provide me with wire instructions so that the payment can be made.  If the State does not accept wire instructions, please provide me with the Payee name for a Trust check from my office and an address for payment.   I am holding the requisite funds in my trust account.

The amount above was calculated based upon an email that I sent to you on or about December 9, 2025 and to which you responded on December 10, 2025.   Please provide the requested information as soon as possible so that payment can be made.

Once funds clear, we would respectfully request that the State file a full satisfaction of judgment and record that satisfaction, if necessary, in any county in which the judgment was recorded.   In addition, upon receipt of the funds, it is my understanding that all matters relating to the Rule 2004 order will be considered satisfied. If that is not your understanding, please contact me immediately.

Please confirm the payment details so that the funds can be sent tomorrow.

Jim

James R. Felton, Esq.
Managing Partner
G&B LAW, LLP
818.382.6200    www.gblawllp.com
818.986.6534    jfelton@gblawllp.com
16000 Ventura Boulevard, Suite 1000
Encino, California 91436-2730

CONFIDENTIALITY NOTICE: The information contained in this e-mail transmission is intended only for use of the individual or entity named above. This e-mail transmission, and any documents, files, previous e-mail transmissions or other information attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient of this e-mail transmission, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, copying or other use of this transmission or any of the information contained in or attached to it is strictly prohibited. If you have received this e-mail transmission in error, please immediately notify us by return e-mail transmission or by telephone at (818) 382-6200, and destroy the original e-mail transmission and its attachments without reading or saving it in any manner. Thank you.

**From:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Sent:** Wednesday, December 10, 2025 4:47 PM
**To:** James Felton <jfelton@gblawllp.com>

**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Subject:** RE: California State Lands Commission v. Signal Hill Service, Inc. et. al

Mr. Felton,

I am Steven Kerns' co-counsel on this matter. We've reviewed your outline below and agree on the general arithmetic and approximate figures. Please be advised that at this time, the extent of State Lands' agreement is that the assessment in your email generally looks correct.

Thank you,
Isabella

Isabella Panicucci
Deputy Attorney General
Land Use and Conservation Section
Public Rights Division
California Attorney General's Office
1300 I Street | P.O. Box 944255
Sacramento, CA 94244-2550

---

**From:** James Felton <jfelton@gblawllp.com>
**Sent:** Tuesday, December 9, 2025 11:44 AM
**To:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Subject:** California State Lands Commission v. Signal Hill Service, Inc. et. al

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Dear Mr. Kerns,

My client is intending to make an offer to resolve the judgment. However, I thought it made sense to confirm the exact amount of the full value of the judgment currently so that we know that we are working from the same starting point. Here is the math that I did. Please confirm that you agree with the numbers or tell me why you don't.

1. The original judgment from March 15, 2024 has two components. First, the court found the defendant liable for damages on the first cause of action in the amount of $282,094.34. Second, the court found the defendant liable for damages on the second cause of action in the amount to $17,351.40. Thus, the total amount of the judgment at that time was $299,445.74.

2. There was an additional cost award of $11,583.84 entered on June 10, 2024.

3. Interest on $299,445.74 from March 15, 2024 through June 10, 2024 is $7,137.47 (interest calculated at 10%). Adding that amount ($7,137.47) to the cost award ($11,583,85) to the original judgment brings that amount of the judgment to $318,666.06.

4.        Interest on $318,666.00 at 10% from June 10, 2024 through December 1, 2025 is $47,057.81.  Adding that amount to the judgment totals $365,723.87 and daily interest accrues at $87.31 per day.

5.        As of today – December 9, 2025, the total amount on the judgment is approximately $366,500 (I am giving an approximation for a ballpark amount.)

Can you confirm that you agree either exactly or approximately with the number of $366,500.00.  Once I hear from you, I can get you the settlement number.

Jim

James R. Felton, Esq.
Managing Partner
G&B LAW, LLP
818.382.6200    www.gblawllp.com
818.986.6534    jfelton@gblawllp.com
16000 Ventura Boulevard, Suite 1000
Encino, California 91436-2730

CONFIDENTIALITY NOTICE: The information contained in this e-mail transmission is intended only for use of the individual or entity named above. This e-mail transmission, and any documents, files, previous e-mail transmissions or other information attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient of this e-mail transmission, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, copying or other use of this transmission or any of the information contained in or attached to it is strictly prohibited. If you have received this e-mail transmission in error, please immediately notify us by return e-mail transmission or by telephone at (818) 382-6200, and destroy the original e-mail transmission and its attachments without reading or saving it in any manner. Thank you.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# Exhibit H

## Steven Kerns

**From:** Jennifer Salisbury <jsalisbury@markuswilliams.com>
**Sent:** Wednesday, May 27, 2026 5:24 PM
**To:** Steven Kerns; Steve Winship; Isabella Panicucci
**Cc:** Leena M Sheet; jeffrey@kukerlaw.com; William Cross
**Subject:** RE: Signal Hill bankruptcy

EXTERNAL EMAIL: This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.


Mr. Kerns,

It is my understanding the State of California no longer has a claim against Signal Hill as it was paid in full today. Accordingly, we will be filing an emergency motion to be excused from further compliance with the Bankruptcy Court's 2004 Motion tomorrow morning.  Also, I presume you will also be withdrawing your motion for sanctions.

If there is any reason you oppose the motion, please let me know as soon as possible.

Also, congratulations.  In my experience, most creditors to a bankruptcy proceeding do not ultimately get paid the full amount of the claim that they have against the estate.

Thank you,

Jennifer



Jennifer Salisbury
Markus Williams LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
303-318-0132
https://urldefense.proofpoint.com/v2/url?u=http-
3A__www.markuswilliams.com&d=DwIFAg&c=uASjV29gZuJt5_5J5CPRuQ&r=W_P6soYw6wZn5L8mEmUGBmVOUE9sgFiP
9dhTgeKx-
WA&m=A5h3wFapU2L2cycDRscLDL2065BrVQomOwNQomWUCdut7v1f9mGn6gO59vmjNi4y&s=ac6vIDtVHv8HRMnaCM
x5xb7LW73ioR6jI-nje550loA&e=

CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION CONFIDENTIAL COMMUNICATION E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.
-----Original Message-----
From: Steven Kerns <Steven.Kerns@doj.ca.gov>
Sent: Thursday, May 21, 2026 5:22 PM
To: Steve Winship <steve@winshipandwinship.com>; Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>

1

Cc: Leena M Sheet <Leena.Sheet@doj.ca.gov>; jeffrey@kukerlaw.com; Jennifer Salisbury
<jsalisbury@markuswilliams.com>
Subject: RE: Signal Hill bankruptcy

Mr. Winship,

The Commission objects to any continuation of the Rule 2004 examination of Alex Schurawel. The Court has been
unequivocally clear when it ordered him to produce documents on May 15, 2026--an order that he violated when
producing documents in an untimely matter---so any further disclosures should have already been produced and must be
produced immediately.

Thank you.

Best,

Steven

-----Original Message-----
From: Steve Winship <steve@winshipandwinship.com>
Sent: Thursday, May 21, 2026 3:15 PM
To: Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>; Steven Kerns <Steven.Kerns@doj.ca.gov>
Cc: Leena M Sheet <Leena.Sheet@doj.ca.gov>; jeffrey@kukerlaw.com; Jennifer Salisbury
<jsalisbury@markuswilliams.com>
Subject: Signal Hill bankruptcy

EXTERNAL EMAIL: This message was sent from outside DOJ. Please do not click links or open attachments that appear
suspicious.

Ms. Pannuci and Mr. Kerns:

     Do you object to continuing the Rule 2004 examination of Alex Schurawel until after the Trustee's Motion to
Approve the Settlement Agreement is determined? It is my understanding that there have already been documents
turned over from Mr. Schurawel, but I would also request that any further disclosures of any of the subpoenaed
documents be suspended (if there are any) for the same time period.  It is my hope that the Settlement Agreement
matters (or the mediation) will accomplish your ultimate purpose for bringing the Rule 2004 motion. Thank you for your
prompt consideration of this request.

Stephen R. Winship

Winship & Winship, P.C.
145 S. Durbin Street, Suite 201
Casper, WY 82601
Phn. (307)234-8991
Fax. (307)234-1116

CONFIDENTIALITY NOTICE - This e-mail transmission, and any documents, files or previous e-mail messages attached to it
may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person

responsible for delivering it to the intended recipient, you are hereby notified that you must not read or play this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving in any manner. Thank you.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# Exhibit I

| | |
|---|---|
| **From:** | Steven Kerns |
| **To:** | "James Felton"; Isabella Panicucci |
| **Subject:** | RE: California State Lands Commission v. Signal Hill Service, Inc. et. al |
| **Date:** | Thursday, May 28, 2026 2:01:00 PM |

We can talk at 3:00. What is the best number to reach you at?

**From:** James Felton <jfelton@gblawllp.com>
**Sent:** Thursday, May 28, 2026 2:01 PM
**To:** Steven Kerns <Steven.Kerns@doj.ca.gov>; Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Subject:** RE: California State Lands Commission v. Signal Hill Service, Inc. et. al

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

**I** have a window between 3 and 3:20 roughly.   Can we talk then?

**From:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Sent:** Thursday, May 28, 2026 1:48 PM
**To:** James Felton <jfelton@gblawllp.com>; Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Subject:** RE: California State Lands Commission v. Signal Hill Service, Inc. et. al

Jim,

Thank you for the swift response. I want to be clear: **the Commission has not yet reviewed the settlement offer and is not able to receive or accept funds at this time**. Are you able to get on a phone call at any time after 3?

Best,

Steven

**From:** James Felton <jfelton@gblawllp.com>
**Sent:** Thursday, May 28, 2026 1:46 PM
**To:** Steven Kerns <Steven.Kerns@doj.ca.gov>; Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Subject:** RE: California State Lands Commission v. Signal Hill Service, Inc. et. al

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

We just sent you a motion that is being filed with the Court.  Your office should receive the check in the morning.

**From:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Sent:** Thursday, May 28, 2026 1:44 PM

**To:** James Felton <jfelton@gblawllp.com>; Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Subject:** RE: California State Lands Commission v. Signal Hill Service, Inc. et. al

Hello Jim,

I wanted to follow-up on my response because there are time-sensitive questions regarding Signal Hill's offer.

Also, was your email sent in confidence? We received an email from a third-party discussing the details of the offer in your email.

Best,

Steven

---

**From:** Steven Kerns
**Sent:** Wednesday, May 27, 2026 4:19 PM
**To:** James Felton <jfelton@gblawllp.com>; Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Subject:** RE: California State Lands Commission v. Signal Hill Service, Inc. et. al

Counsel,

Thank you for your email. I offer six points in response.

First, State Lands Commission staff is prepared to bring the offer to the State Land Commissioners for them to review when they next meet on June 23, 2026. The Commissioners are the ones who must approve or deny the offer.

Second, the Commissioners and Commission staff have a *strong* concern over the state's costs of litigating a prolonged bankruptcy. As you recall, your client stipulated to a judgment only to spend years to resist paying it. That wasted valuable state resources. Thus, while the offer does satisfy the underlying debt that the Commission was entitled to, the offer does nothing to alleviate any concerns over litigation costs of the bankruptcy and may give the Commissioners good reason to reject the offer. Please let me know by **June 16** if your client is willing to offer any additional funds to address the costs of litigating the bankruptcy so that the Commission can consider those additional funds.

Third, can you clarify if this offer dependent upon the Commission postponing Alex Schurawel's Rule 2004 examination until after this offer is brought to the Commissioners on June 23? If so, please let me know immediately. The Commission may be willing to stay Mr. Schurawel's May 29, 2026, examination until after June 23rd if your client is willing to address the litigation costs of the bankruptcy, but the Commission will continue to advocate its Motion to Hold Alex Schurawel in Contempt to ensure the production of any improperly withheld documents.

Fourth, if the Commission accepts any offer, that offer must ultimately undergo the bankruptcy court's review and receive the Court's approval before it can be finalized.

Fifth, as another gesture of good faith the Commission is willing to toll the accrual of interest from this date until the Commissioners review this offer on June 23.

Lastly, can you please confirm if this list of Signal Hill and Carone Energy's affiliates is complete? Carone Energy Corporation, Carone Petroleum Corporation. Republic Drilling Company, Inc., Pacific Operators Offshore, LLC, Verrazzano Corporation, Carpinteria Offshore Project Ltd, Pacific Operators, Inc., dba Pacific Operators Offshore, Inc., AnAmerican Corporation (fdba AnAmerican Drilling, Inc.). If not, can you identify any other affiliates?

Best,

Steven

**From:** James Felton <jfelton@gblawllp.com>
**Sent:** Wednesday, May 27, 2026 1:50 PM
**To:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Subject:** RE: California State Lands Commission v. Signal Hill Service, Inc. et. al

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Dear Ms. Panicucci,

My client is prepared to make payment in full on the judgment.   I have calculated that number to be $381, 352.36 as of May 29, 2026 with interest accruing at a rate of $87.31 per day thereafter.   Can you please provide me with wire instructions so that the payment can be made.  If the State does not accept wire instructions, please provide me with the Payee name for a Trust check from my office and an address for payment.   I am holding the requisite funds in my trust account.

The amount above was calculated based upon an email that I sent to you on or about December 9, 2025 and to which you responded on December 10, 2025.   Please provide the requested information as soon as possible so that payment can be made.

Once funds clear, we would respectfully request that the State file a full satisfaction of judgment and record that satisfaction, if necessary, in any county in which the judgment was recorded.   In addition, upon receipt of the funds, it is my understanding that all matters relating to the Rule 2004 order will be considered satisfied. If that is not your understanding, please contact me immediately.

Please confirm the payment details so that the funds can be sent tomorrow.
Jim

James R. Felton, Esq.



Managing Partner
G&B LAW, LLP
818.382.6200     www.gblawllp.com
818.986.6534     jfelton@gblawllp.com
16000 Ventura Boulevard, Suite 1000
Encino, California 91436-2730

CONFIDENTIALITY NOTICE: The information contained in this e-mail transmission is intended only for use of the individual or entity named above. This e-mail transmission, and any documents, files, previous e-mail transmissions or other information attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient of this e-mail transmission, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, copying or other use of this transmission or any of the information contained in or attached to it is strictly prohibited. If you have received this e-mail transmission in error, please immediately notify us by return e-mail transmission or by telephone at (818) 382-6200, and destroy the original e-mail transmission and its attachments without reading or saving it in any manner. Thank you.

**From:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Sent:** Wednesday, December 10, 2025 4:47 PM
**To:** James Felton <jfelton@gblawllp.com>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Subject:** RE: California State Lands Commission v. Signal Hill Service, Inc. et. al

Mr. Felton,

I am Steven Kerns' co-counsel on this matter.  We've reviewed your outline below and agree on the general arithmetic and approximate figures.  Please be advised that at this time, the extent of State Lands' agreement is that the assessment in your email generally looks correct.

Thank you,
Isabella

Isabella Panicucci
Deputy Attorney General
Land Use and Conservation Section
Public Rights Division
California Attorney General's Office
1300 I Street | P.O. Box 944255
Sacramento, CA 94244-2550

**From:** James Felton <jfelton@gblawllp.com>
**Sent:** Tuesday, December 9, 2025 11:44 AM
**To:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Subject:** California State Lands Commission v. Signal Hill Service, Inc. et. al

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Dear Mr. Kerns,

My client is intending to make an offer to resolve the judgment.  However, I thought it made sense to confirm the exact amount of the full value of the judgment currently so that we know that we are working from the same starting point.   Here is the math that I did.  Please confirm that you agree with the numbers or tell me why you don't.

1.      The original judgment from March 15, 2024 has two components.   First, the court found the defendant liable for damages on the first cause of action in the amount of $282,094.34.  Second, the court found the defendant liable for damages on the second cause of action in the amount to $17,351.40.   Thus, the total amount of the judgment at that time was $299,445.74.

2.      There was an additional cost award of $11,583.84 entered on June 10, 2024.

3.      Interest on $299,445.74 from March 15, 2024 through June 10, 2024 is $7,137.47   (interest calculated at 10%).   Adding that amount ($7,137.47) to the cost award ($11,583,85) to the original judgment brings that amount of the judgment to $318,666.06.

4.      Interest on $318,666.00 at 10% from June 10, 2024 through December 1, 2025 is $47,057.81.  Adding that amount to the judgment totals $365,723.87 and daily interest accrues at $87.31 per day.

5.      As of today – December 9, 2025, the total amount on the judgment is approximately $366,500 (I am giving an approximation for a ballpark amount.)

Can you confirm that you agree either exactly or approximately with the number of $366,500.00.  Once I hear from you, I can get you the settlement number.

Jim

James R. Felton, Esq.
Managing Partner
G&B LAW, LLP



818.382.6200 | www.gblawllp.com
818.986.6534 | jfelton@gblawllp.com
16000 Ventura Boulevard, Suite 1000
Encino, California 91436-2730

CONFIDENTIALITY NOTICE: The information contained in this e-mail transmission is intended only for use of the individual or entity named above. This e-mail transmission, and any documents, files, previous e-mail transmissions or other information attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient of this e-mail transmission, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, copying or other use of this transmission or any of the information contained in or attached to it is strictly prohibited. If you have received this e-mail transmission in error, please immediately notify us by return e-mail transmission or by telephone at (818) 382-6200, and destroy the original e-mail transmission and its attachments without reading or saving it in any manner. Thank you.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient,

please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# Exhibit J

| | |
|---|---|
| **From:** | David Houston |
| **To:** | Isabella Panicucci |
| **Cc:** | Antinia Brown |
| **Subject:** | Check from G&B Law |
| **Date:** | Friday, May 29, 2026 2:25:44 PM |
| **Attachments:** | NO REPLY_20260529_141442.pdf |

See attached. I've got it locked up for now.

# Exhibit K

**From:** Jennifer Salisbury
**To:** Steven Kerns
**Cc:** Isabella Panicucci; James Felton
**Subject:** Re: California State Lands Commission v. Signal Hill Service, Inc. et. al
**Date:** Thursday, May 28, 2026 5:18:00 PM
**Attachments:** image001.png
image003.png
image458385.png

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Sure. It's in the actual language of 11 USC 362, which provides that the filing of a bankruptcy petition operates as a stay of all actions "against the debtor." As for refusal to accept full payment, I was relying on the statute cited in the motion filed by Signal Hill that prohibits placing conditions on payment of a judgment.

Jennifer


Jennifer Salisbury

Markus Williams LLC

1775 Sherman Street, Suite 1950

Denver, CO 80203

303-318-0132

www.markuswilliams.com



**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

On May 28, 2026, at 5:54 PM, Steven Kerns <Steven.Kerns@doj.ca.gov> wrote:


Thank you, Jennifer. Do you have authorities for your claim that the stay only applies to actions against the debtor and not actions taken on the debtor's behalf? And do you have authorities for your claim that judgment creditors cannot refuse to accept full payment of amounts owed under a judgment?

To be clear, **the Commission has not yet acted on the payment in one way or another**, as that requires the Commissioners to review any payments, which as explained below, has yet to happen. To say otherwise is a misrepresentation.

Lastly, the Commission has informed the court reporter that Mr. Schurawel is unwilling to attend tomorrow. The Commission reserves all rights to seek all remedies for Mr. Schurawel's intentional violation of the Court's order.

Best,

Steven

---

**From:** Jennifer Salisbury <jsalisbury@markuswilliams.com>
**Sent:** Thursday, May 28, 2026 4:09 PM
**To:** Steven Kerns <Steven.Kerns@doj.ca.gov>; Isabella Panicucci
<Isabella.Panicucci@doj.ca.gov>
**Cc:** James Felton <jfelton@gblawllp.com>
**Subject:** RE: California State Lands Commission v. Signal Hill Service, Inc. et. al

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

The Commission was asked to whom the check should be made out to. Why didn't you provide an answer? The automatic stay only applies to actions taken against the Debtor; it does not apply to actions taken on the Debtor's behalf.  The Motion is well-taken. Judgment creditors cannot refuse to accept full payment of amounts owed under a judgment.

I'll note your opposition on the Motion. My client will not appear at the examination set for tomorrow.

Jennifer

Jennifer Salisbury
Markus Williams LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
303-318-0132
www.markuswilliams.com

<image001.png>

**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*

---

**From:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Sent:** Thursday, May 28, 2026 4:44 PM
**To:** Jennifer Salisbury <jsalisbury@markuswilliams.com>; Isabella Panicucci
<Isabella.Panicucci@doj.ca.gov>
**Subject:** RE: California State Lands Commission v. Signal Hill Service, Inc. et. al

Counsel,

The Commission will oppose your motion. There are several fatal flaws. First, while a check from a law firm was sent, it was sent to the California Department of Justice, not the State Lands Commission, so nothing has been given to the creditor here. Second, and relatedly, the Commission has thus never accepted any money from the creditor, nor can it without the Commissioner's approval. Third, the check was non-consensually sent along with a motion to force its acceptance. But that motion was filed in the state court in a matter that is automatically stayed by the bankruptcy, so no action on that motion can be taken.

Putting these fatal issues aside, Mr. Schurawel (a third party), nor his counsel, has the authority to decree what party is a creditor and what party is not. The Commission will appear at the examination tomorrow and will let the Court know of any non-appearance by Mr. Schurawel while your motion is pending before the bankruptcy Court.

Best,

Steven

**From:** Jennifer Salisbury <jsalisbury@markuswilliams.com>
**Sent:** Thursday, May 28, 2026 2:08 PM
**To:** James Felton <jfelton@gblawllp.com>; Steven Kerns <Steven.Kerns@doj.ca.gov>; Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Subject:** RE: California State Lands Commission v. Signal Hill Service, Inc. et. al

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Ms. Panicucci,

In light of the proffer of a check in the full amount of the judgment owed by the Debtor to the Commission, the Commission is no longer a creditor of the Debtor, and it is no longer a party in interest with standing to pursue further discovery under Rule 2004.  I plan to file a Motion to Excuse Further Compliance with the Court's Discovery Order with the bankruptcy court this afternoon.  Please let me know if the Commission opposes the Motion.

Jennifer Salisbury


Jennifer Salisbury
Markus Williams LLC
1775 Sherman Street, Suite 1950
Denver, CO 80203
303-318-0132

[www.markuswilliams.com](http://www.markuswilliams.com)

<!--[if !vml]-->
<image003.png>
<!--[endif]-->

**CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD
WITHOUT PERMISSION**

CONFIDENTIAL COMMUNICATION *E-mails from this firm normally contain confidential and privileged material, and
are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be
a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached
items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you
have deleted the e-mail, all attachments and any copies thereof.*

**From:** James Felton <[jfelton@gblawllp.com](mailto:jfelton@gblawllp.com)>
**Sent:** Thursday, May 28, 2026 2:46 PM
**To:** Steven Kerns <[Steven.Kerns@doj.ca.gov](mailto:Steven.Kerns@doj.ca.gov)>; Isabella Panicucci
<[Isabella.Panicucci@doj.ca.gov](mailto:Isabella.Panicucci@doj.ca.gov)>
**Subject:** RE: California State Lands Commission v. Signal Hill Service, Inc. et. al

We just sent you a motion that is being filed with the Court.  Your office should receive the
check in the morning.

**From:** Steven Kerns <[Steven.Kerns@doj.ca.gov](mailto:Steven.Kerns@doj.ca.gov)>
**Sent:** Thursday, May 28, 2026 1:44 PM
**To:** James Felton <[jfelton@gblawllp.com](mailto:jfelton@gblawllp.com)>; Isabella Panicucci <[Isabella.Panicucci@doj.ca.gov](mailto:Isabella.Panicucci@doj.ca.gov)>
**Subject:** RE: California State Lands Commission v. Signal Hill Service, Inc. et. al

Hello Jim,

I wanted to follow-up on my response because there are time-sensitive questions regarding
Signal Hill's offer.

Also, was your email sent in confidence? We received an email from a third-party discussing
the details of the offer in your email.

Best,

Steven

**From:** Steven Kerns
**Sent:** Wednesday, May 27, 2026 4:19 PM
**To:** James Felton <[jfelton@gblawllp.com](mailto:jfelton@gblawllp.com)>; Isabella Panicucci <[Isabella.Panicucci@doj.ca.gov](mailto:Isabella.Panicucci@doj.ca.gov)>
**Subject:** RE: California State Lands Commission v. Signal Hill Service, Inc. et. al

Counsel,

Thank you for your email. I offer six points in response.

First, State Lands Commission staff is prepared to bring the offer to the State Land Commissioners for them to review when they next meet on June 23, 2026. The Commissioners are the ones who must approve or deny the offer.

Second, the Commissioners and Commission staff have a *strong* concern over the state's costs of litigating a prolonged bankruptcy. As you recall, your client stipulated to a judgment only to spend years to resist paying it. That wasted valuable state resources. Thus, while the offer does satisfy the underlying debt that the Commission was entitled to, the offer does nothing to alleviate any concerns over litigation costs of the bankruptcy and may give the Commissioners good reason to reject the offer. Please let me know by **June 16** if your client is willing to offer any additional funds to address the costs of litigating the bankruptcy so that the Commission can consider those additional funds.

Third, can you clarify if this offer dependent upon the Commission postponing Alex Schurawel's Rule 2004 examination until after this offer is brought to the Commissioners on June 23? If so, please let me know immediately. The Commission may be willing to stay Mr. Schurawel's May 29, 2026, examination until after June 23rd if your client is willing to address the litigation costs of the bankruptcy, but the Commission will continue to advocate its Motion to Hold Alex Schurawel in Contempt to ensure the production of any improperly withheld documents.

Fourth, if the Commission accepts any offer, that offer must ultimately undergo the bankruptcy court's review and receive the Court's approval before it can be finalized.

Fifth, as another gesture of good faith the Commission is willing to toll the accrual of interest from this date until the Commissioners review this offer on June 23.

Lastly, can you please confirm if this list of Signal Hill and Carone Energy's affiliates is complete? Carone Energy Corporation, Carone Petroleum Corporation. Republic Drilling Company, Inc., Pacific Operators Offshore, LLC, Verrazzano Corporation, Carpinteria Offshore Project Ltd, Pacific Operators, Inc., dba Pacific Operators Offshore, Inc., AnAmerican Corporation (fdba AnAmerican Drilling, Inc.). If not, can you identify any other affiliates?

Best,

Steven

**From:** James Felton <jfelton@gblawllp.com>
**Sent:** Wednesday, May 27, 2026 1:50 PM
**To:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Subject:** RE: California State Lands Commission v. Signal Hill Service, Inc. et. al

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Dear Ms. Panicucci,

My client is prepared to make payment in full on the judgment.   I have calculated that number to be $381, 352.36 as of May 29, 2026 with interest accruing at a rate of $87.31 per day

thereafter.   Can you please provide me with wire instructions so that the payment can be made.  If the State does not accept wire instructions, please provide me with the Payee name for a Trust check from my office and an address for payment.   I am holding the requisite funds in my trust account.

The amount above was calculated based upon an email that I sent to you on or about December 9, 2025 and to which you responded on December 10, 2025.   Please provide the requested information as soon as possible so that payment can be made.

Once funds clear, we would respectfully request that the State file a full satisfaction of judgment and record that satisfaction, if necessary, in any county in which the judgment was recorded.   In addition, upon receipt of the funds, it is my understanding that all matters relating to the Rule 2004 order will be considered satisfied. If that is not your understanding, please contact me immediately.

Please confirm the payment details so that the funds can be sent tomorrow.
Jim



James R. Felton, Esq.
Managing Partner
G&B LAW, LLP

<image002.jpg>
818.382.6200
<image002.jpg>

www.gblawllp.com

<image002.jpg>
818.986.6534
<image002.jpg>
jfelton@gblawllp.com

<image002.jpg>
16000 Ventura Boulevard, Suite 1000

Encino, California 91436-2730

CONFIDENTIALITY NOTICE: The information contained in this e-mail transmission is intended only for use of the individual or entity named above. This e-mail transmission, and any documents, files, previous e-mail transmissions or other information attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient of this e-mail transmission, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, copying or other use of this transmission or any of the information contained in or attached to it is strictly prohibited. If you have received this e-mail transmission in error, please immediately notify us by return e-mail transmission or by telephone at (818) 382-6200, and destroy the original e-mail transmission and its attachments without reading or saving it in any manner. Thank you.

**From:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Sent:** Wednesday, December 10, 2025 4:47 PM
**To:** James Felton <jfelton@gblawllp.com>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Subject:** RE: California State Lands Commission v. Signal Hill Service, Inc. et. al

Mr. Felton,

I am Steven Kerns' co-counsel on this matter.  We've reviewed your outline below and agree on the general arithmetic and approximate figures.  Please be advised that at this time, the extent of State Lands' agreement is that the assessment in your email generally looks correct.

Thank you,
Isabella

Isabella Panicucci
Deputy Attorney General
Land Use and Conservation Section
Public Rights Division
California Attorney General's Office
1300 I Street | P.O. Box 944255
Sacramento, CA 94244-2550

**From:** James Felton <jfelton@gblawllp.com>
**Sent:** Tuesday, December 9, 2025 11:44 AM
**To:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Subject:** California State Lands Commission v. Signal Hill Service, Inc. et. al

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Dear Mr. Kerns,

My client is intending to make an offer to resolve the judgment.  However, I thought it made sense to confirm the exact amount of the full value of the judgment currently so that we know that we are working from the same starting point.   Here is the math that I did.  Please confirm that you agree with the numbers or tell me why you don't.

1.       The original judgment from March 15, 2024 has two components.   First, the court found the defendant liable for damages on the first cause of action in the amount of $282,094.34. Second, the court found the defendant liable for damages on the second cause of action in the amount to $17,351.40.   Thus, the total amount of the judgment at that time was $299,445.74.

2.       There was an additional cost award of $11,583.84 entered on June 10, 2024.

3.       Interest on $299,445.74 from March 15, 2024 through June 10, 2024 is $7,137.47 (interest calculated at 10%).  Adding that amount ($7,137.47) to the cost award ($11,583,85) to the original judgment brings that amount of the judgment to $318,666.06.

4.       Interest on $318,666.00 at 10% from June 10, 2024 through December 1, 2025 is $47,057.81.   Adding that amount to the judgment totals $365,723.87 and daily interest accrues at $87.31 per day.

5.       As of today – December 9, 2025, the total amount on the judgment is approximately $366,500 (I am giving an approximation for a ballpark amount.)

Can you confirm that you agree either exactly or approximately with the number of $366,500.00. Once I hear from you, I can get you the settlement number.

Jim



James R. Felton, Esq.

Managing Partner

G&B LAW, LLP

<image002.jpg>

818.382.6200

<image002.jpg>

[www.gblawllp.com](http://www.gblawllp.com)

<image002.jpg>

818.986.6534

<image002.jpg>

[jfelton@gblawllp.com](mailto:jfelton@gblawllp.com)

<image002.jpg>

16000 Ventura Boulevard, Suite 1000

Encino, California 91436-2730

CONFIDENTIALITY NOTICE: The information contained in this e-mail transmission is intended only for use of the individual or entity named above. This e-mail transmission, and any documents, files, previous e-mail transmissions or other information attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient of this e-mail transmission, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, copying or other use of this transmission or any of the information contained in or attached to it is strictly prohibited. If you have received this e-mail transmission in error, please immediately notify us by return e-mail transmission or by telephone at (818) 382-6200, and destroy the original e-mail transmission and its attachments without reading or saving it in any manner. Thank you.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are

not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# Exhibit L

# Veritext, LLC - California Region

Tel. 877-955-3855 Email: calendar-sd@veritext.com
Fed. Tax ID: 20-3132569



| Bill To: | Isabella Panicucci | | |
|---|---|---|---|
| | California Department of Justice Attorney General | | |
| | 600 West Broadway | | |
| | Suite 1800 | | |
| | San Diego, CA, 92101 | | |

| **Invoice #:** | **9292763** |
|---|---|
| **Invoice Date:** | **5/29/2026** |
| **Balance Due:** | **$550.00** |

| **Case: In re Signal Hill Service, Inc. v. (2420439)** | **Proceeding Type: Depositions** |
|---|---|

Job #: 8229687 | Job Date: 5/29/2026 | Delivery: None                                     Third Party:

Location:             San Diego, CA

Billing Atty:         Isabella Panicucci

Scheduling Atty:      Isabella Panicucci | California Department of Justice Attorney General

| Witness: Alex Schurawel | Quantity | Price | Amount |
|---|---|---|---|
| Cancellation of Services | 1.00 | $425.00 | $425.00 |
| Veritext Virtual Cancellation | 1.00 | $125.00 | $125.00 |

| Notes: | | Invoice Total: | $550.00 |
|---|---|---|---|
| | | Payment: | $0.00 |
| | | Credit: | $0.00 |
| | | Interest: | $0.00 |
| | | Balance Due: | $550.00 |

TERMS: Payment is due upon receipt of invoice and is not contingent on client or third-party reimbursement. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. The BILL TO identified above is the contracting party and is responsible for payment of this invoice unless agreed to in writing prior to the rendering of services. If you have questions about your invoice, please notify Veritext immediately. Invoices cannot be redirected or split after 90 days. For more information on charges related to our services, please consult: https://www.veritext.com/service-information-details/

**Remit to:**
Veritext
P.O. Box 71303
Chicago IL 60694-1303
Fed. Tax ID: 20-3132569

**Pay By ACH (Include invoice numbers):**
**A/C Name:**Veritext
**Bank Name:**BMO Harris Bank
**Account No:**4353454 **ABA:**071000288
**Swift:** HATRUS44

**Invoice #: 9292763**

**Invoice Date: 5/29/2026**

**Balance Due: $550.00**

Pay by Credit Card: www.veritext.com

106460

# Exhibit M

# Veritext, LLC - California Region

Tel. 877-955-3855 Email: calendar-sd@veritext.com
Fed. Tax ID: 20-3132569



| Bill To: | Isabella Panicucci | Invoice #: | 9292764 |
|---|---|---|---|
| | California Department of Justice Attorney General | Invoice Date: | 5/29/2026 |
| | 600 West Broadway | Balance Due: | $425.00 |
| | Suite 1800 | | |
| | San Diego, CA, 92101 | | |

| **Case: In re Signal Hill Service, Inc. v.  (2420439)** | **Proceeding Type: Depositions** |
|---|---|

Job #: 8229687    |    Job Date: 5/29/2026   |   Delivery: None                                                    Third Party:

| Location: | San Diego, CA |
|---|---|
| Billing Atty: | Isabella Panicucci |
| Scheduling Atty: | Isabella Panicucci | California Department of Justice Attorney General |

| Witness: Alex Schurawel | Quantity | Price | Amount |
|---|---|---|---|
| Video - Cancellation | 1.00 | $425.00 | $425.00 |

| Notes: | Invoice Total: | $425.00 |
|---|---|---|
| | Payment: | $0.00 |
| | Credit: | $0.00 |
| | Interest: | $0.00 |
| | Balance Due: | $425.00 |

TERMS:   Payment is due upon receipt of invoice and is not contingent on client or third-party reimbursement. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. The BILL TO identified above is the contracting party and is responsible for payment of this invoice unless agreed to in writing prior to the rendering of services. If you have questions about your invoice, please notify Veritext immediately. Invoices cannot be redirected or split after 90 days. For more information on charges related to our services, please consult: https://www.veritext.com/service-information-details/

**Remit to:**
Veritext
P.O. Box 71303
Chicago IL 60694-1303
Fed. Tax ID: 20-3132569

**Pay By ACH (Include invoice numbers):**
**A/C Name:**Veritext
**Bank Name:**BMO Harris Bank
**Account No:**4353454 **ABA:**071000288
**Swift:** HATRUS44

**Invoice #:  9292764**

**Invoice Date:   5/29/2026**

**Balance Due:   $425.00**

Pay by Credit Card: www.veritext.com

106460

# CERTIFICATE OF SERVICE

Case Name: **In re SIGNAL HILL SERVICE, INC. V. CALIFORNIA STATE LANDS COMMISSION ET AL.**     No.    **24-20439**

I hereby certify that on <u>June 11, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**CREDITOR STATE LAND COMMISSION'S OPPOSITION TO ALEXANDER SCHURAWEL'S MOTION FOR PROTECTIVE ORDER AND TO EXCUSE FURTHER COMPLIANCE WITH RULE 2004 ORDER; EXHIBITS A-M**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system:

| | |
|---|---|
| Stephen R. Winship<br>Winship and Winship, PC<br>145 South Durbin Street<br>Suite 201<br>Casper, WY 82601-2566<br>**Email:** steve@winshipandwinship.com<br>***Attorney for Appellant Signal Hill Service, Inc.*** | John A. Coppede<br>Coal Creek Law, LLP<br>211 W. 19th Street<br>P.O. Box 467<br>Cheyenne, WY 82003-0467<br>**Email:** jcoppede@coalcreeklaw.com<br>***Attorney for Appellee Gaynor Ranch LLC*** |
| Bret Anderson<br>Morgan Lynch<br>Ferguson Case Orr Paterson, LLP<br>4550 E. Thousand Oaks Blvd., Ste 250<br>Westlake Village, CA 91362<br>**Email:** banderson@fcoplaw.com<br>**Email:** mlynch@fcoplaw.com<br>***Attorneys for Appellee Gaynor Ranch LLC*** | Jennifer Salisbury<br>Markus Williams LLC<br>1775 Sherman Street, Suite 1950<br>Denver, CO 80203<br>**Email:** jsalisbury@markuswilliams.com<br>***Attorney for Alexander Schurawel*** |
| **Randy L. Royal**<br>P.O. Box 551<br>Greybull, WY 82426<br>307-765-4433<br>**Email:** Email: rlroyal@randylroyalpc.com<br>***Trustee*** | |

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>June 11, 2026</u>, at Los Angeles, California.

<table>
<tr><td>P. Nava</td><td><em>P. Nava</em></td></tr>
<tr><td>Declarant</td><td>Signature</td></tr>
</table>

LA2024305269/ 68510511.docx