Jeffrey M. Boldt, #7-4730
OVERSTREET HOMAR & KUKER
2922 Central Avenue
Cheyenne, Wyoming 82001
307.274-4444 telephone
307.274-4443 facsimile
jeffrey@kukerlaw.com

Jessica Tucker-Mohl, *pro hac vice*
Isabella Panicucci, *pro hac vice*
Steven Kerns, *pro hac vice*
California Attorney General's Office
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-7662
Isabella.Panicucci@doj.ca.gov

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SIGNAL HILL SERVICE, INC., | ) | Case No. 24-20439 |
| | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |

## CREDITOR CALIFORNIA STATE LANDS COMMISSION'S
## NOTICE OF ISSUANCE OF SUBPOENAS

**PLEASE TAKE NOTICE** that, pursuant to Rule 45(a)(4) of the Federal Rules of Civil

Procedure, made applicable by Rule 9016 of the Federal Rules of Bankruptcy Procedure,

Creditor California State Lands Commission (the "Commission") has issued subpoenas upon

Richard Carone, Russell Howard, Carone Energy Corporation, Carone Petroleum Corporation,

Republic Drilling Company, Inc., Pacific Operators Offshore, LLC, Verrazzano Corporation,

Carpinteria Offshore Project Partnership Ltd, Pacific Operators, Inc., dba Pacific Operators

Offshore, Inc., and AnAmerican Corporation (fdba AnAmerican Drilling, Inc.), commanding the

production of documents (the "Document Production Subpoena") and testimony at a deposition

(the "Deposition Subpoena").

**PLEASE TAKE FURTHER NOTICE** that true and correct copies of the Document

Production Subpoenas and Deposition Subpoenas are attached hereto as **Exhibits 1 through 20**.

**PLEASE TAKE FURTHER NOTICE** that the Commission has served requests for the

production of documents ("Requests for Production") pursuant to Rule 34 of the Federal Rules of

Civil Procedure, made applicable by Rules 7034 and 9014 of the Federal Rules of Bankruptcy

Procedure, and a notice of deposition ("Notice of Deposition") pursuant to Rule 30(b)(6) of the

Federal Rules of Civil Procedure, made applicable by Rule 7030 of the Federal Rules of

Bankruptcy Procedure, on debtor Signal Hill Service, Inc. ("Signal Hill"). True and correct

copies of the Requests for Production and Notice of Deposition are attached hereto as **Exhibits**

**21 through 22**.

 **DATED** this 30th day of June 2026.

<div style="margin-left:40%">

**THE CALIFORNIA STATE
LANDS COMMISSION,
Creditor**

By:

Isabella Panicucci, *pro hac vice*
Steven Kerns, *pro hac vice*
Jessica Tucker-Mohl, *pro hac vice*
California Attorney General's Office
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-7662
Steven.Kerns@doj.ca.gov
Isabella.Panicucci@doj.ca.gov

Jeffrey M. Boldt, #7-4730
OVERSTREET HOMAR & KUKER
2922 Central Avenue
Cheyenne, Wyoming 82001
307.274.4444 telephone
307.274.4443 facsimile
jeffrey@kukerlaw.com

</div>

# Exhibit 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ Wyoming _____

In re Signal Hill Service, Inc.
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. _____ 24-20439 _____

Chapter _____ 7 _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Richard L. Carone
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| PLACE 1124 N. 107th Street, Mesa, Arizona 85207 | DATE AND TIME 07/16/26       10:00 am |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____ 06/30/26 _____

CLERK OF COURT

_____        OR        _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* CA State Lands Commission _____ , who issues or requests this subpoena, are:

Isabella Panicucci, 1300 I Street, Sacramento, CA 95814, Isabella.Panicucci@doj.ca.gov, (916) 210-7662

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

**INSTRUCTIONS**

1.      These instructions incorporate by reference the requirements and duties of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules.

2.      The following requests for the production of documents (the "Requests" and each a "Request") apply to all documents in your possession, custody, or control, regardless of whether such documents are in your possession, or the possession of your assigns, designees, agents, managers, employees, representatives, attorneys, or any other person acting on your behalf.

3.      Documents should be produced in the manner in which they are kept in the ordinary course of business.  In producing documents, all documents that are physically attached to each other, or segregated or separated from other documents, when originally located, shall be produced as is.

4.      Where any copy of any requested document is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

5.      All documents shall be produced in .tiff or .pdf format with OCR images, except for .xls or .xlsx files which should be produced in a native format.  All documents shall be produced with standard metadata fields, including but not limited to sender, recipients, subject, file name, date created, date last modified, date sent, and date received, and whether the document contains redactions.

6.      All documents that respond, in whole or in part, to any portion of any of these requests shall be produced in their entirety, without abbreviation or redaction, including all

attachments and enclosures.  The fact that a document contains both responsive and non-responsive information shall not be a basis for redacting non-responsive information.  Any information redacted from documents on the basis of any privilege or immunity shall be clearly marked with the word "REDACTED," subject to the applicable requirements for a privilege log.

7.      If no documents exist that are responsive to a particular request, you shall state so in writing.  If any document requested is not in your possession, custody, or control, state the name and address of each person known to have possession, custody, or control of such document.

8.      In the event that any document covered by any request herein has been transferred to a third party over whom you claim you lack control, identify (1) the document by date, author(s), recipient(s), subject matter, and context; (2) the date and circumstances surrounding the transfer; (3) the reason(s) for transfer; (4) the person(s) or entity(ies) to whom transferred; (5) the present location of such document(s); (6) any request you have made for the return of either the original document(s) or a copy thereof to your possession; and (7) the date and manner in which you can or may obtain the return of each such document.

9.      If you object to any Request, in whole or in part, you must still provide documents that are either (1) within a scope of production not covered by your objection, and/or (2) responsive to the portion of the Request that is not objectionable.  For such documents that you may object are too burdensome to produce, describe the process or method required to obtain said documents, the quantity and location of the documents involved, and the estimated costs of the search.

10.     If you object to any part of a Request, you are to respond to that portion of the request that is not objectionable and specifically identify the aspect of the request to which you

object and the basis for your objection.  To the extent you consider any request to be ambiguous or overbroad, please state what is ambiguous or overbroad and to what extent the Request is (and is not) being complied with.

11.     If a portion of an otherwise responsive document contains information subject to a claim of privilege or protection from discovery, those portions of the document shall be redacted from the document, and the redacted portions shall be clearly marked as such, and the rest of the document shall be produced.

12.     Any document, communication, or other information sought to be identified or obtained within the scope of these Requests that is withheld on the basis of a claim of privilege, work product protection, or any other grounds shall be identified in a privilege log.

13.     Each Request shall be deemed to be continuing in nature.  If at any time additional documents or communications responsive to the Requests come into your possession, custody, or control or are brought to your attention, you shall promptly supplement your responses to these Requests.

14.     If you object to any of these requests, or any portion thereof, state each such objection with particularity and the bases therefore, and respond to the remainder of the request to the extent that you are not objecting to it.

15.     Each paragraph herein shall be construed independently and not with reference to any other paragraph for the purpose of limitation.

16.     Unless otherwise specified, these requests seek documents from January 1, 2020 to the present.

**DEFINITIONS**

1.     Unless otherwise specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

3

2.　　A reference to an entity (as opposed to a natural person) refers to the entity and to all persons affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, employees, attorneys, and corporate subsidiaries.

3.　　The use of a verb in any tense shall be construed as the use of that verb in all other tenses wherever necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

4.　　The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all information that might otherwise be construed to be outside its scope.

5.　　"Carone" or "you" or "your" shall mean Richard Carone, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

6.　　"Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

7.　　"Communication" or "communications" means every manner of transmitting, and the transmittal, or receiving, and the receipt, of facts, information, opinions, thoughts, ideas or knowledge, whether orally, in writing, or otherwise.  As used herein, "communication" and "communications" includes, without limitation, each document concerning each communication, as defined above, and each document prepared, reviewed, discussed, received, exchanged, transmitted and/or transferred by you.  "Communication" and "communications" also includes

4

without limitation any video or audio recordings containing facts, information, opinions, thoughts, ideas or knowledge transmitted and/or transferred.

8.      The term "concerning" means concerning, demonstrating, with respect to, referring to, relating to, regarding, substantiating, supporting, rebutting, purporting, embodying, establishing, identifying, listing, evidencing, comprising, containing, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, or constituting, whether in whole or in part, and when referring to a particular document, includes that document.

9.      "Document" or "documents" has the broadest possible meaning ascribed to it and shall mean every original writing and draft of any nature whatsoever, and all non-identical copies thereof (whether different from the original because of notes made on such copies or otherwise) of all written, printed, typed, pictorial, or recorded matter of any kind and description, including all attachments or addenda annexed thereto, whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means, as well as reproductions thereof, in your possession, custody or control, regardless of where located and includes, but is not limited to, advices, annual, monthly or weekly reports and statements, business records, checks, correspondence, emails or other electronic or digital correspondence (including text messages, SMS messages, and similar messaging technologies), contracts, prospective contracts, agreements, partnership agreements, financial statements, appraisals, corporate or partnership structure, charts, records, studies, summaries, memoranda, interoffice and intra-office memoranda, memoranda of conferences and meetings, memoranda of telephone conversations, memoranda to files, time sheets, calendars, diaries, date books, journals, handwritten notes, working papers, worksheets, diagrams, minutes, agendas, bulletins, notices, announcements, prospectuses, instructions, charts,

manuals, brochures, pamphlets and other publications, schedules, telegrams, teletypes, photographs, audio tapes, video tapes, electronic recordings, facsimile transmissions, electronic transmissions, information stored on computer disk and all other tangible preservations of information.  In all cases where original and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

10.     The "Affiliates" shall mean and include Carone Energy Corporation, Carone Petroleum Corporation, Republic Drilling Company, Inc., Pacific Operators, Inc. dba Pacific Operators Offshore, Inc., Verrazzano Corporation, AnAmerican Corporation, Carpinteria, and Pacific.

11.     "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

12.     "Chapter 7 Case" shall mean the case captioned *In re Signal Hill Service, Inc.*, No. 24-20439 in the U.S. Bankruptcy Court for the District of Wyoming.

13.     The "Check" means the check no. 13006, dated May 28, 2026, made payable to the "Department of Justice" in the amount of $382,352.36 from G&B Law, LLP, a copy of which is enclosed at ECF No. 113-1.

14.     "DFA" shall mean DFA Investors Trust, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

15.     The "Fee Disclosure" shall mean the *Disclosure of Compensation of Attorney for Debtor* filed in the Chapter 7 Case.

16.     "Howard" shall mean Russ Howard, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

17.     The "Motion" shall mean the *Motion to Approve Settlement Agreement* [ECF No. 104].

18.     "Pacific" shall mean Pacific Operators Offshore, LLC, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

19.     "Schedules" shall mean the schedules that were filed in the Chapter 7 Case, including without limitation, Schedule E/F, Schedule H.

20.     "Schedule E/F" shall mean Official Form 206E/F, *Schedule E/F: Creditors Who Have Unsecured Claims* that was filed in the Chapter 7 Case.

21.     "Schedule H" shall mean Official Form 206H, *Schedule H: Your Codebtors* that was filed in the Chapter 7 Case.

22.     "Signal Hill" shall mean Signal Hill Service, Inc., together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

23.     "SOFA" shall mean the Amended *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* that was filed in the Chapter 7 Case.  *See* Dkt. No. 4.

24. The "Settlement Agreement" shall have the same meaning set forth in the Motion.

25. The "Settlement Funds" shall mean the $50,000 that is contemplated being paid to the estate in the Motion.

26. "State Court Case" shall mean the action captioned *California State Lands v. Signal Hill Service, Inc.*, No. 19CV04295 pending in the Superior Court of the State of California for the County of Santa Barbara, Civil Division.

## DOCUMENT REQUESTS

### MOTION

1. Documents and communications sufficient to evidence the basis of the Affiliates being Signal Hill's "affiliate" as represented in Paragraph 4 of the Motion.

2. Documents and communications sufficient to evidence that "Russ Howard and Richard L. Carone are principals of the Affiliates" as represented in Paragraph 5 of the Motion.

3. All documents and communications concerning the Settlement Funds, including without limitations, bank statements showing the bank account holding the Settlement Funds.

4. Documents and communications concerning the negotiation of the Settlement Agreement.

5. Documents and communications concerning "any claims, known or unknown, that the estate could assert against the Affiliates, its shareholders, members, officers, employees, predecessors, subsidiaries, attorneys, accountants, transferees, representatives, agents, successors and assign" as referenced in Paragraph 8(a) of the Motion.

6. Documents and communications concerning any transfer made to or from an Affiliate on the one hand and Signal Hill on the other hand.

7.      Documents and communications concerning the statement in Paragraph K of the Settlement Agreement that "Howard and Carone dispute that Debtor engaged in any fraudulent transfers or failed to disclose any assets as part of the Bankruptcy Case and wish to eliminate any future litigation and the risks and costs attendant therewith relating to claims in connection with the Debtor's bankruptcy estate."

## CORPORATE STRUCTURE

8.      An organizational chart showing the corporate structure of Signal Hill and the Affiliates, together with any parents, subsidiaries, or owners.

9.      The corporate bylaws, articles of registration, and other documents concerning the governance of each of the Affiliates.

10.     The corporate minutes of the Affiliates and other documents evidencing any corporate action or decision made by the Affiliates.

11.     The state or federal tax returns filed by the Affiliates.

12.     The audited or unaudited financial statements of the Affiliates, including without limitation, balance sheets, statements of income, statements of cash flow, any notes to any financial statement.

13.     Documents and communications concerning the transfer of assets between any of the Affiliates on the one hand and Signal Hill, Carone, or Howard on the other hand.

## BANK STATEMENTS

14.     Statements from any of the Affiliates' bank accounts as well as wire confirmations, check scans, currency transaction reports, and other documents evidencing the transferor or transferee of funds and the transferor or transferee's bank account.

9

15. Statements from any securities and/or securities entitlement account held in the name of any of the Affiliates.

## PAYMENT OF MONEY BY THIRD-PARTIES

16. Documents and communications concerning the payment of funds by any of the Affiliates to any third-party on behalf of Signal Hill, including without limitation, any invoices, purchase orders, and evidence of payment.

17. Documents and communications concerning the payment by any of the Affiliates of any legal fees to Signal Hill's counsel concerning the Chapter 7 Case.

18. Documents and communications concerning the payment by any of the Affiliates of any legal fees to Signal Hill's counsel concerning the State Court Case.

19. Documents and communications concerning the Check, including without limitation, documents and communications concerning the funds upon which the Check is drawn and the transfer of such funds.

# Exhibit 2

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____Wyoming_____

In re _Signal Hill Service, Inc._____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. _____24-20439_____

Chapter ____7____

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: _Russell Howard_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| 300 South Spring Street, Suite 1702, Los Angeles, California 90013 | 07/16/26       10:00 am |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___06/30/26___

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_CA State Lands Commission_____ , who issues or requests this subpoena, are:

Isabella Panicucci, 1300 I Street, Sacramento, CA 95814, Isabella.Panicucci@doj.ca.gov, (916) 210-7662

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

**INSTRUCTIONS**

1.      These instructions incorporate by reference the requirements and duties of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules.

2.      The following requests for the production of documents (the "Requests" and each a "Request") apply to all documents in your possession, custody, or control, regardless of whether such documents are in your possession, or the possession of your assigns, designees, agents, managers, employees, representatives, attorneys, or any other person acting on your behalf.

3.      Documents should be produced in the manner in which they are kept in the ordinary course of business.  In producing documents, all documents that are physically attached to each other, or segregated or separated from other documents, when originally located, shall be produced as is.

4.      Where any copy of any requested document is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

5.      All documents shall be produced in .tiff or .pdf format with OCR images, except for .xls or .xlsx files which should be produced in a native format.  All documents shall be produced with standard metadata fields, including but not limited to sender, recipients, subject, file name, date created, date last modified, date sent, and date received, and whether the document contains redactions.

6.      All documents that respond, in whole or in part, to any portion of any of these requests shall be produced in their entirety, without abbreviation or redaction, including all

attachments and enclosures.  The fact that a document contains both responsive and non-responsive information shall not be a basis for redacting non-responsive information.  Any information redacted from documents on the basis of any privilege or immunity shall be clearly marked with the word "REDACTED," subject to the applicable requirements for a privilege log.

7.     If no documents exist that are responsive to a particular request, you shall state so in writing.  If any document requested is not in your possession, custody, or control, state the name and address of each person known to have possession, custody, or control of such document.

8.     In the event that any document covered by any request herein has been transferred to a third party over whom you claim you lack control, identify (1) the document by date, author(s), recipient(s), subject matter, and context; (2) the date and circumstances surrounding the transfer; (3) the reason(s) for transfer; (4) the person(s) or entity(ies) to whom transferred; (5) the present location of such document(s); (6) any request you have made for the return of either the original document(s) or a copy thereof to your possession; and (7) the date and manner in which you can or may obtain the return of each such document.

9.     If you object to any Request, in whole or in part, you must still provide documents that are either (1) within a scope of production not covered by your objection, and/or (2) responsive to the portion of the Request that is not objectionable.  For such documents that you may object are too burdensome to produce, describe the process or method required to obtain said documents, the quantity and location of the documents involved, and the estimated costs of the search.

10.     If you object to any part of a Request, you are to respond to that portion of the request that is not objectionable and specifically identify the aspect of the request to which you

object and the basis for your objection.  To the extent you consider any request to be ambiguous or overbroad, please state what is ambiguous or overbroad and to what extent the Request is (and is not) being complied with.

11.     If a portion of an otherwise responsive document contains information subject to a claim of privilege or protection from discovery, those portions of the document shall be redacted from the document, and the redacted portions shall be clearly marked as such, and the rest of the document shall be produced.

12.     Any document, communication, or other information sought to be identified or obtained within the scope of these Requests that is withheld on the basis of a claim of privilege, work product protection, or any other grounds shall be identified in a privilege log.

13.     Each Request shall be deemed to be continuing in nature.  If at any time additional documents or communications responsive to the Requests come into your possession, custody, or control or are brought to your attention, you shall promptly supplement your responses to these Requests.

14.     If you object to any of these requests, or any portion thereof, state each such objection with particularity and the bases therefore, and respond to the remainder of the request to the extent that you are not objecting to it.

15.     Each paragraph herein shall be construed independently and not with reference to any other paragraph for the purpose of limitation.

16.     Unless otherwise specified, these requests seek documents from January 1, 2020 to the present.

## **DEFINITIONS**

1.     Unless otherwise specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

3

2.      A reference to an entity (as opposed to a natural person) refers to the entity and to all persons affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, employees, attorneys, and corporate subsidiaries.

3.      The use of a verb in any tense shall be construed as the use of that verb in all other tenses wherever necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

4.      The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all information that might otherwise be construed to be outside its scope.

5.      "Communication" or "communications" means every manner of transmitting, and the transmittal, or receiving, and the receipt, of facts, information, opinions, thoughts, ideas or knowledge, whether orally, in writing, or otherwise.  As used herein, "communication" and "communications" includes, without limitation, each document concerning each communication, as defined above, and each document prepared, reviewed, discussed, received, exchanged, transmitted and/or transferred by you.  "Communication" and "communications" also includes without limitation any video or audio recordings containing facts, information, opinions, thoughts, ideas or knowledge transmitted and/or transferred.

6.      The term "concerning" means concerning, demonstrating, with respect to, referring to, relating to, regarding, substantiating, supporting, rebutting, purporting, embodying, establishing, identifying, listing, evidencing, comprising, containing, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing,

4

reflecting, representing, or constituting, whether in whole or in part, and when referring to a particular document, includes that document.

7.      "Document" or "documents" has the broadest possible meaning ascribed to it and shall mean every original writing and draft of any nature whatsoever, and all non-identical copies thereof (whether different from the original because of notes made on such copies or otherwise) of all written, printed, typed, pictorial, or recorded matter of any kind and description, including all attachments or addenda annexed thereto, whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means, as well as reproductions thereof, in your possession, custody or control, regardless of where located and includes, but is not limited to, advices, annual, monthly or weekly reports and statements, business records, checks, correspondence, emails or other electronic or digital correspondence (including text messages, SMS messages, and similar messaging technologies), contracts, prospective contracts, agreements, partnership agreements, financial statements, appraisals, corporate or partnership structure, charts, records, studies, summaries, memoranda, interoffice and intra-office memoranda, memoranda of conferences and meetings, memoranda of telephone conversations, memoranda to files, time sheets, calendars, diaries, date books, journals, handwritten notes, working papers, worksheets, diagrams, minutes, agendas, bulletins, notices, announcements, prospectuses, instructions, charts, manuals, brochures, pamphlets and other publications, schedules, telegrams, teletypes, photographs, audio tapes, video tapes, electronic recordings, facsimile transmissions, electronic transmissions, information stored on computer disk and all other tangible preservations of information.  In all cases where original and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

5

8. The "Affiliates" shall mean and include Carone Energy Corporation, Carone Petroleum Corporation, Republic Drilling Company, Inc., Pacific Operators, Inc. dba Pacific Operators Offshore, Inc., Verrazzano Corporation, AnAmerican Corporation, Carpinteria, and Pacific.

9. "Carone" shall mean Richard Carone, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

10. "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

11. "Chapter 7 Case" shall mean the case captioned *In re Signal Hill Service, Inc.*, No. 24-20439 in the U.S. Bankruptcy Court for the District of Wyoming.

12. The "Check" means the check no. 13006, dated May 28, 2026, made payable to the "Department of Justice" in the amount of $382,352.36 from G&B Law, LLP, a copy of which is enclosed at ECF No. 113-1.

13. "DFA" shall mean DFA Investors Trust, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

14. The "Fee Disclosure" shall mean the *Disclosure of Compensation of Attorney for Debtor* filed in the Chapter 7 Case.

15.     "Howard" or "you" or "your" shall mean Russ Howard, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

16.     The "Motion" shall mean the *Motion to Approve Settlement Agreement* [ECF No. 104].

17.     "Pacific" shall mean Pacific Operators Offshore, LLC, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

18.     "Schedules" shall mean the schedules that were filed in the Chapter 7 Case, including without limitation, Schedule E/F, Schedule H.

19.     "Schedule E/F" shall mean Official Form 206E/F, *Schedule E/F: Creditors Who Have Unsecured Claims* that was filed in the Chapter 7 Case.

20.     "Schedule H" shall mean Official Form 206H, *Schedule H: Your Codebtors* that was filed in the Chapter 7 Case.

21.     "Signal Hill" shall mean Signal Hill Service, Inc., together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

22.     "SOFA" shall mean the Amended *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* that was filed in the Chapter 7 Case.  *See* Dkt. No. 4.

23.     The "Settlement Agreement" shall have the same meaning set forth in the Motion.

24.     The "Settlement Funds" shall mean the $50,000 that is contemplated being paid to the estate in the Motion.

25.     "State Court Case" shall mean the action captioned *California State Lands v. Signal Hill Service, Inc.*, No. 19CV04295 pending in the Superior Court of the State of California for the County of Santa Barbara, Civil Division.

## DOCUMENT REQUESTS

### MOTION

1.     Documents and communications sufficient to evidence the basis of the Affiliates being Signal Hill's "affiliate" as represented in Paragraph 4 of the Motion.

2.     Documents and communications sufficient to evidence that "Russ Howard and Richard L. Carone are principals of the Affiliates" as represented in Paragraph 5 of the Motion.

3.     All documents and communications concerning the Settlement Funds, including without limitations, bank statements showing the bank account holding the Settlement Funds.

4.     Documents and communications concerning the negotiation of the Settlement Agreement.

5.     Documents and communications concerning "any claims, known or unknown, that the estate could assert against the Affiliates, its shareholders, members, officers, employees, predecessors, subsidiaries, attorneys, accountants, transferees, representatives, agents, successors and assign" as referenced in Paragraph 8(a) of the Motion.

6.     Documents and communications concerning any transfer made to or from an Affiliate on the one hand and Signal Hill on the other hand.

7.     Documents and communications concerning the statement in Paragraph K of the Settlement Agreement that "Howard and Carone dispute that Debtor engaged in any fraudulent

transfers or failed to disclose any assets as part of the Bankruptcy Case and wish to eliminate any future litigation and the risks and costs attendant therewith relating to claims in connection with the Debtor's bankruptcy estate."

## CORPORATE STRUCTURE

8. An organizational chart showing the corporate structure of Signal Hill and the Affiliates, together with any parents, subsidiaries, or owners.

9. The corporate bylaws, articles of registration, and other documents concerning the governance of each of the Affiliates.

10. The corporate minutes of the Affiliates and other documents evidencing any corporate action or decision made by the Affiliates.

11. The state or federal tax returns filed by the Affiliates.

12. The audited or unaudited financial statements of the Affiliates, including without limitation, balance sheets, statements of income, statements of cash flow, any notes to any financial statement.

13. Documents and communications concerning the transfer of assets between any of the Affiliates on the one hand and Signal Hill, Carone, or Howard on the other.

## BANK STATEMENTS

14. Statements from any of the Affiliates' bank accounts as well as wire confirmations, check scans, currency transaction reports, and other documents evidencing the transferor or transferee of funds and the transferor or transferee's bank account.

15. Statements from any securities and/or securities entitlement account held in the name of any of the Affiliates.

9

## PAYMENT OF MONEY BY THIRD-PARTIES

16.     Documents and communications concerning the payment of funds by any of the Affiliates to any third-party on behalf of Signal Hill, including without limitation, any invoices, purchase orders, and evidence of payment.

17.     Documents and communications concerning the payment by any of the Affiliates of any legal fees to Signal Hill's counsel concerning the Chapter 7 Case.

18.     Documents and communications concerning the payment by any of the Affiliates of any legal fees to Signal Hill's counsel concerning the State Court Case.

19.     Documents and communications concerning the Check, including without limitation, documents and communications concerning the funds upon which the Check is drawn and the transfer of such funds.

10

# Exhibit 3

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____Wyoming_____

In re _Signal Hill Service, Inc._____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. _____24-20439_____

Chapter _____7_____

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _Carone Energy Corporation_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| 40 South Main Street, Sheridan, Wyoming 82801 | 07/16/26     10:00 am |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____06/30/26_____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _CA State Lands Commission_____ , who issues or requests this subpoena, are:

Isabella Panicucci, 1300 I Street, Sacramento, CA 95814, Isabella.Panicucci@doj.ca.gov, (916) 210-7662

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

**INSTRUCTIONS**

1.      These instructions incorporate by reference the requirements and duties of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules.

2.      The following requests for the production of documents (the "Requests" and each a "Request") apply to all documents in your possession, custody, or control, regardless of whether such documents are in your possession, or the possession of your assigns, designees, agents, managers, employees, representatives, attorneys, or any other person acting on your behalf.

3.      Documents should be produced in the manner in which they are kept in the ordinary course of business.  In producing documents, all documents that are physically attached to each other, or segregated or separated from other documents, when originally located, shall be produced as is.

4.      Where any copy of any requested document is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

5.      All documents shall be produced in .tiff or .pdf format with OCR images, except for .xls or .xlsx files which should be produced in a native format.  All documents shall be produced with standard metadata fields, including but not limited to sender, recipients, subject, file name, date created, date last modified, date sent, and date received, and whether the document contains redactions.

6.      All documents that respond, in whole or in part, to any portion of any of these requests shall be produced in their entirety, without abbreviation or redaction, including all

attachments and enclosures.  The fact that a document contains both responsive and non-responsive information shall not be a basis for redacting non-responsive information.  Any information redacted from documents on the basis of any privilege or immunity shall be clearly marked with the word "REDACTED," subject to the applicable requirements for a privilege log.

7.      If no documents exist that are responsive to a particular request, you shall state so in writing.  If any document requested is not in your possession, custody, or control, state the name and address of each person known to have possession, custody, or control of such document.

8.      In the event that any document covered by any request herein has been transferred to a third party over whom you claim you lack control, identify (1) the document by date, author(s), recipient(s), subject matter, and context; (2) the date and circumstances surrounding the transfer; (3) the reason(s) for transfer; (4) the person(s) or entity(ies) to whom transferred; (5) the present location of such document(s); (6) any request you have made for the return of either the original document(s) or a copy thereof to your possession; and (7) the date and manner in which you can or may obtain the return of each such document.

9.      If you object to any Request, in whole or in part, you must still provide documents that are either (1) within a scope of production not covered by your objection, and/or (2) responsive to the portion of the Request that is not objectionable.  For such documents that you may object are too burdensome to produce, describe the process or method required to obtain said documents, the quantity and location of the documents involved, and the estimated costs of the search.

10.      If you object to any part of a Request, you are to respond to that portion of the request that is not objectionable and specifically identify the aspect of the request to which you

2

object and the basis for your objection.  To the extent you consider any request to be ambiguous or overbroad, please state what is ambiguous or overbroad and to what extent the Request is (and is not) being complied with.

11.     If a portion of an otherwise responsive document contains information subject to a claim of privilege or protection from discovery, those portions of the document shall be redacted from the document, and the redacted portions shall be clearly marked as such, and the rest of the document shall be produced.

12.     Any document, communication, or other information sought to be identified or obtained within the scope of these Requests that is withheld on the basis of a claim of privilege, work product protection, or any other grounds shall be identified in a privilege log.

13.     Each Request shall be deemed to be continuing in nature.  If at any time additional documents or communications responsive to the Requests come into your possession, custody, or control or are brought to your attention, you shall promptly supplement your responses to these Requests.

14.     If you object to any of these requests, or any portion thereof, state each such objection with particularity and the bases therefore, and respond to the remainder of the request to the extent that you are not objecting to it.

15.     Each paragraph herein shall be construed independently and not with reference to any other paragraph for the purpose of limitation.

16.     Unless otherwise specified, these requests seek documents from January 1, 2020 to the present.

## **DEFINITIONS**

1.     Unless otherwise specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

2.      A reference to an entity (as opposed to a natural person) refers to the entity and to all persons affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, employees, attorneys, and corporate subsidiaries.

3.      The use of a verb in any tense shall be construed as the use of that verb in all other tenses wherever necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

4.      The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all information that might otherwise be construed to be outside its scope.

5.      "Carone" shall mean Richard Carone, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

6.      "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

7.      "Communication" or "communications" means every manner of transmitting, and the transmittal, or receiving, and the receipt, of facts, information, opinions, thoughts, ideas or knowledge, whether orally, in writing, or otherwise.  As used herein, "communication" and "communications" includes, without limitation, each document concerning each communication, as defined above, and each document prepared, reviewed, discussed, received, exchanged, transmitted and/or transferred by you.  "Communication" and "communications" also includes

4

without limitation any video or audio recordings containing facts, information, opinions, thoughts, ideas or knowledge transmitted and/or transferred.

8.      The term "concerning" means concerning, demonstrating, with respect to, referring to, relating to, regarding, substantiating, supporting, rebutting, purporting, embodying, establishing, identifying, listing, evidencing, comprising, containing, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, or constituting, whether in whole or in part, and when referring to a particular document, includes that document.

9.      "Document" or "documents" has the broadest possible meaning ascribed to it and shall mean every original writing and draft of any nature whatsoever, and all non-identical copies thereof (whether different from the original because of notes made on such copies or otherwise) of all written, printed, typed, pictorial, or recorded matter of any kind and description, including all attachments or addenda annexed thereto, whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means, as well as reproductions thereof, in your possession, custody or control, regardless of where located and includes, but is not limited to, advices, annual, monthly or weekly reports and statements, business records, checks, correspondence, emails or other electronic or digital correspondence (including text messages, SMS messages, and similar messaging technologies), contracts, prospective contracts, agreements, partnership agreements, financial statements, appraisals, corporate or partnership structure, charts, records, studies, summaries, memoranda, interoffice and intra-office memoranda, memoranda of conferences and meetings, memoranda of telephone conversations, memoranda to files, time sheets, calendars, diaries, date books, journals, handwritten notes, working papers, worksheets, diagrams, minutes, agendas, bulletins, notices, announcements, prospectuses, instructions, charts,

manuals, brochures, pamphlets and other publications, schedules, telegrams, teletypes, photographs, audio tapes, video tapes, electronic recordings, facsimile transmissions, electronic transmissions, information stored on computer disk and all other tangible preservations of information.  In all cases where original and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

10.     The "Affiliates" shall mean and include Carone Energy Corporation, Carone Petroleum Corporation, Republic Drilling Company, Inc., Pacific Operators, Inc. dba Pacific Operators Offshore, Inc., Verrazzano Corporation, AnAmerican Corporation, Carpinteria, and Pacific.

11.     "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

12.     "Chapter 7 Case" shall mean the case captioned *In re Signal Hill Service, Inc.*, No. 24-20439 in the U.S. Bankruptcy Court for the District of Wyoming.

13.     The "Check" means the check no. 13006, dated May 28, 2026, made payable to the "Department of Justice" in the amount of $382,352.36 from G&B Law, LLP, a copy of which is enclosed at ECF No. 113-1.

14.     "DFA" shall mean DFA Investors Trust, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

15. The "Fee Disclosure" shall mean the *Disclosure of Compensation of Attorney for Debtor* filed in the Chapter 7 Case.

16. "Howard" shall mean Russ Howard, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

17. The "Motion" shall mean the *Motion to Approve Settlement Agreement* [ECF No. 104].

18. "Pacific" shall mean Pacific Operators Offshore, LLC, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

19. "Schedules" shall mean the schedules that were filed in the Chapter 7 Case, including without limitation, Schedule E/F, Schedule H.

20. "Schedule E/F" shall mean Official Form 206E/F, *Schedule E/F: Creditors Who Have Unsecured Claims* that was filed in the Chapter 7 Case.

21. "Schedule H" shall mean Official Form 206H, *Schedule H: Your Codebtors* that was filed in the Chapter 7 Case.

22. "Signal Hill" shall mean Signal Hill Service, Inc., together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

23. "SOFA" shall mean the Amended *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* that was filed in the Chapter 7 Case. *See* Dkt. No. 4.

24.    The "Settlement Agreement" shall have the same meaning set forth in the Motion.

25.    The "Settlement Funds" shall mean the $50,000 that is contemplated being paid to the estate in the Motion.

26.    "State Court Case" shall mean the action captioned *California State Lands v. Signal Hill Service, Inc.*, No. 19CV04295 pending in the Superior Court of the State of California for the County of Santa Barbara, Civil Division.

27.    "You" or "your" shall mean Carone Energy Corporation.

## **DOCUMENT REQUESTS**

### **MOTION**

1.    Documents and communications sufficient to evidence the basis of the Affiliates being Signal Hill's "affiliate" as represented in Paragraph 4 of the Motion.

2.    Documents and communications sufficient to evidence that "Russ Howard and Richard L. Carone are principals of the Affiliates" as represented in Paragraph 5 of the Motion.

3.    All documents and communications concerning the Settlement Funds, including without limitations, bank statements showing the bank account holding the Settlement Funds.

4.    Documents and communications concerning the negotiation of the Settlement Agreement.

5.    Documents and communications concerning "any claims, known or unknown, that the estate could assert against the Affiliates, its shareholders, members, officers, employees, predecessors, subsidiaries, attorneys, accountants, transferees, representatives, agents, successors and assign" as referenced in Paragraph 8(a) of the Motion.

6.    Documents and communications concerning any transfer made to or from Carone Energy Corporation on the one hand and Signal Hill on the other.

7.     Documents and communications concerning the statement in Paragraph K of the Settlement Agreement that "Howard and Carone dispute that Debtor engaged in any fraudulent transfers or failed to disclose any assets as part of the Bankruptcy Case and wish to eliminate any future litigation and the risks and costs attendant therewith relating to claims in connection with the Debtor's bankruptcy estate."

**<u>CORPORATE STRUCTURE</u>**

8.     An organizational chart showing the corporate structure of Signal Hill and Carone Energy Corporation, together with any parents, subsidiaries, or owners.

9.     The corporate bylaws, articles of registration, and other documents concerning the governance of Carone Energy Corporation.

10.     The corporate minutes of Carone Energy Corporation and other documents evidencing any corporate action or decision made by Carone Energy Corporation.

11.     The state or federal tax returns filed by Carone Energy Corporation.

12.     The audited or unaudited financial statements of Carone Energy Corporation, including without limitation, balance sheets, statements of income, statements of cash flow, any notes to any financial statement.

13.     Documents and communications concerning the transfer of assets between Carone Energy Corporation on the one hand and Signal Hill, Carone, or Howard on the other hand.

**<u>BANK STATEMENTS</u>**

14.     Statements from Carone Energy Corporation's bank accounts as well as wire confirmations, check scans, currency transaction reports, and other documents evidencing the transferor or transferee of funds and the transferor or transferee's bank account.

15. Statements from any securities and/or securities entitlement account held in the name of Carone Energy Corporation.

## PAYMENT OF MONEY BY THIRD-PARTIES

16. Documents and communications concerning the payment of funds by Carone Energy Corporation to any third-party on behalf of Signal Hill, including without limitation, any invoices, purchase orders, and evidence of payment.

17. Documents and communications concerning the payment by Carone Energy Corporation of any legal fees to Signal Hill's counsel concerning the Chapter 7 Case.

18. Documents and communications concerning the payment by Carone Energy Corporation of any legal fees to Signal Hill's counsel concerning the State Court Case.

19. Documents and communications concerning the Check, including without limitation, documents and communications concerning the funds upon which the Check is drawn and the transfer of such funds.

# Exhibit 4

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ Wyoming _____

In re  Signal Hill Service, Inc.
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. _____ 24-20439 _____

Chapter _____ 7 _____

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Carone Petroleum Corporation
_____
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| 40 South Main Street, Sheridan, Wyoming 82801 | 07/16/26    10:00 am |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____ 06/30/26 _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
CA State Lands Commission _____ , who issues or requests this subpoena, are:

Isabella Panicucci, 1300 I Street, Sacramento, CA 95814, Isabella.Panicucci@doj.ca.gov, (916) 210-7662

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

**INSTRUCTIONS**

1.      These instructions incorporate by reference the requirements and duties of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules.

2.      The following requests for the production of documents (the "Requests" and each a "Request") apply to all documents in your possession, custody, or control, regardless of whether such documents are in your possession, or the possession of your assigns, designees, agents, managers, employees, representatives, attorneys, or any other person acting on your behalf.

3.      Documents should be produced in the manner in which they are kept in the ordinary course of business.  In producing documents, all documents that are physically attached to each other, or segregated or separated from other documents, when originally located, shall be produced as is.

4.      Where any copy of any requested document is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

5.      All documents shall be produced in .tiff or .pdf format with OCR images, except for .xls or .xlsx files which should be produced in a native format.  All documents shall be produced with standard metadata fields, including but not limited to sender, recipients, subject, file name, date created, date last modified, date sent, and date received, and whether the document contains redactions.

6.      All documents that respond, in whole or in part, to any portion of any of these requests shall be produced in their entirety, without abbreviation or redaction, including all

attachments and enclosures.  The fact that a document contains both responsive and non-responsive information shall not be a basis for redacting non-responsive information.  Any information redacted from documents on the basis of any privilege or immunity shall be clearly marked with the word "REDACTED," subject to the applicable requirements for a privilege log.

7.      If no documents exist that are responsive to a particular request, you shall state so in writing.  If any document requested is not in your possession, custody, or control, state the name and address of each person known to have possession, custody, or control of such document.

8.      In the event that any document covered by any request herein has been transferred to a third party over whom you claim you lack control, identify (1) the document by date, author(s), recipient(s), subject matter, and context; (2) the date and circumstances surrounding the transfer; (3) the reason(s) for transfer; (4) the person(s) or entity(ies) to whom transferred; (5) the present location of such document(s); (6) any request you have made for the return of either the original document(s) or a copy thereof to your possession; and (7) the date and manner in which you can or may obtain the return of each such document.

9.      If you object to any Request, in whole or in part, you must still provide documents that are either (1) within a scope of production not covered by your objection, and/or (2) responsive to the portion of the Request that is not objectionable.  For such documents that you may object are too burdensome to produce, describe the process or method required to obtain said documents, the quantity and location of the documents involved, and the estimated costs of the search.

10.     If you object to any part of a Request, you are to respond to that portion of the request that is not objectionable and specifically identify the aspect of the request to which you

object and the basis for your objection.  To the extent you consider any request to be ambiguous or overbroad, please state what is ambiguous or overbroad and to what extent the Request is (and is not) being complied with.

11.     If a portion of an otherwise responsive document contains information subject to a claim of privilege or protection from discovery, those portions of the document shall be redacted from the document, and the redacted portions shall be clearly marked as such, and the rest of the document shall be produced.

12.     Any document, communication, or other information sought to be identified or obtained within the scope of these Requests that is withheld on the basis of a claim of privilege, work product protection, or any other grounds shall be identified in a privilege log.

13.     Each Request shall be deemed to be continuing in nature.  If at any time additional documents or communications responsive to the Requests come into your possession, custody, or control or are brought to your attention, you shall promptly supplement your responses to these Requests.

14.     If you object to any of these requests, or any portion thereof, state each such objection with particularity and the bases therefore, and respond to the remainder of the request to the extent that you are not objecting to it.

15.     Each paragraph herein shall be construed independently and not with reference to any other paragraph for the purpose of limitation.

16.     Unless otherwise specified, these requests seek documents from January 1, 2020 to the present.

## **DEFINITIONS**

1.     Unless otherwise specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

2.      A reference to an entity (as opposed to a natural person) refers to the entity and to all persons affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, employees, attorneys, and corporate subsidiaries.

3.      The use of a verb in any tense shall be construed as the use of that verb in all other tenses wherever necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

4.      The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all information that might otherwise be construed to be outside its scope.

5.      "Carone" shall mean Richard Carone, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

6.      "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

7.      "Communication" or "communications" means every manner of transmitting, and the transmittal, or receiving, and the receipt, of facts, information, opinions, thoughts, ideas or knowledge, whether orally, in writing, or otherwise.  As used herein, "communication" and "communications" includes, without limitation, each document concerning each communication, as defined above, and each document prepared, reviewed, discussed, received, exchanged, transmitted and/or transferred by you.  "Communication" and "communications" also includes

4

without limitation any video or audio recordings containing facts, information, opinions, thoughts, ideas or knowledge transmitted and/or transferred.

8.      The term "concerning" means concerning, demonstrating, with respect to, referring to, relating to, regarding, substantiating, supporting, rebutting, purporting, embodying, establishing, identifying, listing, evidencing, comprising, containing, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, or constituting, whether in whole or in part, and when referring to a particular document, includes that document.

9.      "Document" or "documents" has the broadest possible meaning ascribed to it and shall mean every original writing and draft of any nature whatsoever, and all non-identical copies thereof (whether different from the original because of notes made on such copies or otherwise) of all written, printed, typed, pictorial, or recorded matter of any kind and description, including all attachments or addenda annexed thereto, whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means, as well as reproductions thereof, in your possession, custody or control, regardless of where located and includes, but is not limited to, advices, annual, monthly or weekly reports and statements, business records, checks, correspondence, emails or other electronic or digital correspondence (including text messages, SMS messages, and similar messaging technologies), contracts, prospective contracts, agreements, partnership agreements, financial statements, appraisals, corporate or partnership structure, charts, records, studies, summaries, memoranda, interoffice and intra-office memoranda, memoranda of conferences and meetings, memoranda of telephone conversations, memoranda to files, time sheets, calendars, diaries, date books, journals, handwritten notes, working papers, worksheets, diagrams, minutes, agendas, bulletins, notices, announcements, prospectuses, instructions, charts,

5

manuals, brochures, pamphlets and other publications, schedules, telegrams, teletypes, photographs, audio tapes, video tapes, electronic recordings, facsimile transmissions, electronic transmissions, information stored on computer disk and all other tangible preservations of information.  In all cases where original and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

10.     The "Affiliates" shall mean and include Carone Energy Corporation, Carone Petroleum Corporation, Republic Drilling Company, Inc., Pacific Operators, Inc. dba Pacific Operators Offshore, Inc., Verrazzano Corporation, AnAmerican Corporation, Carpinteria, and Pacific.

11.     "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

12.     "Chapter 7 Case" shall mean the case captioned *In re Signal Hill Service, Inc.*, No. 24-20439 in the U.S. Bankruptcy Court for the District of Wyoming.

13.     The "Check" means the check no. 13006, dated May 28, 2026, made payable to the "Department of Justice" in the amount of $382,352.36 from G&B Law, LLP, a copy of which is enclosed at ECF No. 113-1.

14.     "DFA" shall mean DFA Investors Trust, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

6

15. The "Fee Disclosure" shall mean the *Disclosure of Compensation of Attorney for Debtor* filed in the Chapter 7 Case.

16. "Howard" shall mean Russ Howard, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

17. The "Motion" shall mean the *Motion to Approve Settlement Agreement* [ECF No. 104].

18. "Pacific" shall mean Pacific Operators Offshore, LLC, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

19. "Schedules" shall mean the schedules that were filed in the Chapter 7 Case, including without limitation, Schedule E/F, Schedule H.

20. "Schedule E/F" shall mean Official Form 206E/F, *Schedule E/F: Creditors Who Have Unsecured Claims* that was filed in the Chapter 7 Case.

21. "Schedule H" shall mean Official Form 206H, *Schedule H: Your Codebtors* that was filed in the Chapter 7 Case.

22. "Signal Hill" shall mean Signal Hill Service, Inc., together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

23. "SOFA" shall mean the Amended *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* that was filed in the Chapter 7 Case. *See* Dkt. No. 4.

24.     The "Settlement Agreement" shall have the same meaning set forth in the Motion.

25.     The "Settlement Funds" shall mean the $50,000 that is contemplated being paid to the estate in the Motion.

26.     "State Court Case" shall mean the action captioned *California State Lands v. Signal Hill Service, Inc.*, No. 19CV04295 pending in the Superior Court of the State of California for the County of Santa Barbara, Civil Division.

27.     "You" or "your" shall mean Carone Petroleum Corporation.

## **DOCUMENT REQUESTS**

### **MOTION**

1.     Documents and communications sufficient to evidence the basis of the Affiliates being Signal Hill's "affiliate" as represented in Paragraph 4 of the Motion.

2.     Documents and communications sufficient to evidence that "Russ Howard and Richard L. Carone are principals of the Affiliates" as represented in Paragraph 5 of the Motion.

3.     All documents and communications concerning the Settlement Funds, including without limitations, bank statements showing the bank account holding the Settlement Funds.

4.     Documents and communications concerning the negotiation of the Settlement Agreement.

5.     Documents and communications concerning "any claims, known or unknown, that the estate could assert against the Affiliates, its shareholders, members, officers, employees, predecessors, subsidiaries, attorneys, accountants, transferees, representatives, agents, successors and assign" as referenced in Paragraph 8(a) of the Motion.

6.     Documents and communications concerning any transfer made to or from Carone Petroleum Corporation on the one hand and Signal Hill on the other hand.

8

7. Documents and communications concerning the statement in Paragraph K of the Settlement Agreement that "Howard and Carone dispute that Debtor engaged in any fraudulent transfers or failed to disclose any assets as part of the Bankruptcy Case and wish to eliminate any future litigation and the risks and costs attendant therewith relating to claims in connection with the Debtor's bankruptcy estate."

**CORPORATE STRUCTURE**

8. An organizational chart showing the corporate structure of Signal Hill and Carone Petroleum Corporation, together with any parents, subsidiaries, or owners.

9. The corporate bylaws, articles of registration, and other documents concerning the governance of Carone Petroleum Corporation.

10. The corporate minutes of Carone Petroleum Corporation and other documents evidencing any corporate action or decision made by Carone Petroleum Corporation.

11. The state or federal tax returns filed by Carone Petroleum Corporation.

12. The audited or unaudited financial statements of Carone Petroleum Corporation, including without limitation, balance sheets, statements of income, statements of cash flow, any notes to any financial statement.

13. Documents and communications concerning the transfer of assets between Carone Petroleum Corporation on the one hand and Signal Hill, Carone, or Howard on the other hand.

**BANK STATEMENTS**

14. Statements from Carone Petroleum Corporation's bank accounts as well as wire confirmations, check scans, currency transaction reports, and other documents evidencing the transferor or transferee of funds and the transferor or transferee's bank account.

9

15.     Statements from any securities and/or securities entitlement account held in the name of Carone Petroleum Corporation.

## **PAYMENT OF MONEY BY THIRD-PARTIES**

16.     Documents and communications concerning the payment of funds by Carone Petroleum Corporation to any third-party on behalf of Signal Hill, including without limitation, any invoices, purchase orders, and evidence of payment.

17.     Documents and communications concerning the payment by Carone Petroleum Corporation of any legal fees to Signal Hill's counsel concerning the Chapter 7 Case.

18.     Documents and communications concerning the payment by Carone Petroleum Corporation of any legal fees to Signal Hill's counsel concerning the State Court Case.

19.     Documents and communications concerning the Check, including without limitation, documents and communications concerning the funds upon which the Check is drawn and the transfer of such funds.

# Exhibit 5

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ Wyoming _____

In re Signal Hill Service, Inc.
_____
**Debtor**

*(Complete if issued in an adversary proceeding)*

_____
**Plaintiff**

v.

_____
**Defendant**

Case No. _____ 24-20439 _____

Chapter ____ 7 ____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Republic Drilling Company
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| 40 South Main Street, Sheridan, Wyoming 82801 | 07/16/26        10:00 am |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ____ 06/30/26 ____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
CA State Lands Commission _____ , who issues or requests this subpoena, are:

Isabella Panicucci, 1300 I Street, Sacramento, CA 95814, Isabella.Panicucci@doj.ca.gov, (916) 210-7662

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

## INSTRUCTIONS

1.     These instructions incorporate by reference the requirements and duties of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules.

2.     The following requests for the production of documents (the "Requests" and each a "Request") apply to all documents in your possession, custody, or control, regardless of whether such documents are in your possession, or the possession of your assigns, designees, agents, managers, employees, representatives, attorneys, or any other person acting on your behalf.

3.     Documents should be produced in the manner in which they are kept in the ordinary course of business.  In producing documents, all documents that are physically attached to each other, or segregated or separated from other documents, when originally located, shall be produced as is.

4.     Where any copy of any requested document is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

5.     All documents shall be produced in .tiff or .pdf format with OCR images, except for .xls or .xlsx files which should be produced in a native format.  All documents shall be produced with standard metadata fields, including but not limited to sender, recipients, subject, file name, date created, date last modified, date sent, and date received, and whether the document contains redactions.

6.     All documents that respond, in whole or in part, to any portion of any of these requests shall be produced in their entirety, without abbreviation or redaction, including all

attachments and enclosures.  The fact that a document contains both responsive and non-responsive information shall not be a basis for redacting non-responsive information.  Any information redacted from documents on the basis of any privilege or immunity shall be clearly marked with the word "REDACTED," subject to the applicable requirements for a privilege log.

7. If no documents exist that are responsive to a particular request, you shall state so in writing.  If any document requested is not in your possession, custody, or control, state the name and address of each person known to have possession, custody, or control of such document.

8. In the event that any document covered by any request herein has been transferred to a third party over whom you claim you lack control, identify (1) the document by date, author(s), recipient(s), subject matter, and context; (2) the date and circumstances surrounding the transfer; (3) the reason(s) for transfer; (4) the person(s) or entity(ies) to whom transferred; (5) the present location of such document(s); (6) any request you have made for the return of either the original document(s) or a copy thereof to your possession; and (7) the date and manner in which you can or may obtain the return of each such document.

9. If you object to any Request, in whole or in part, you must still provide documents that are either (1) within a scope of production not covered by your objection, and/or (2) responsive to the portion of the Request that is not objectionable.  For such documents that you may object are too burdensome to produce, describe the process or method required to obtain said documents, the quantity and location of the documents involved, and the estimated costs of the search.

10. If you object to any part of a Request, you are to respond to that portion of the request that is not objectionable and specifically identify the aspect of the request to which you

2

object and the basis for your objection.  To the extent you consider any request to be ambiguous or overbroad, please state what is ambiguous or overbroad and to what extent the Request is (and is not) being complied with.

11.	If a portion of an otherwise responsive document contains information subject to a claim of privilege or protection from discovery, those portions of the document shall be redacted from the document, and the redacted portions shall be clearly marked as such, and the rest of the document shall be produced.

12.	Any document, communication, or other information sought to be identified or obtained within the scope of these Requests that is withheld on the basis of a claim of privilege, work product protection, or any other grounds shall be identified in a privilege log.

13.	Each Request shall be deemed to be continuing in nature.  If at any time additional documents or communications responsive to the Requests come into your possession, custody, or control or are brought to your attention, you shall promptly supplement your responses to these Requests.

14.	If you object to any of these requests, or any portion thereof, state each such objection with particularity and the bases therefore, and respond to the remainder of the request to the extent that you are not objecting to it.

15.	Each paragraph herein shall be construed independently and not with reference to any other paragraph for the purpose of limitation.

16.	Unless otherwise specified, these requests seek documents from January 1, 2020 to the present.

### **DEFINITIONS**

1.	Unless otherwise specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

3

2.      A reference to an entity (as opposed to a natural person) refers to the entity and to all persons affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, employees, attorneys, and corporate subsidiaries.

3.      The use of a verb in any tense shall be construed as the use of that verb in all other tenses wherever necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

4.      The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all information that might otherwise be construed to be outside its scope.

5.      "Carone" shall mean Richard Carone, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

6.      "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

7.      "Communication" or "communications" means every manner of transmitting, and the transmittal, or receiving, and the receipt, of facts, information, opinions, thoughts, ideas or knowledge, whether orally, in writing, or otherwise.  As used herein, "communication" and "communications" includes, without limitation, each document concerning each communication, as defined above, and each document prepared, reviewed, discussed, received, exchanged, transmitted and/or transferred by you.  "Communication" and "communications" also includes

4

without limitation any video or audio recordings containing facts, information, opinions, thoughts, ideas or knowledge transmitted and/or transferred.

8.      The term "concerning" means concerning, demonstrating, with respect to, referring to, relating to, regarding, substantiating, supporting, rebutting, purporting, embodying, establishing, identifying, listing, evidencing, comprising, containing, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, or constituting, whether in whole or in part, and when referring to a particular document, includes that document.

9.      "Document" or "documents" has the broadest possible meaning ascribed to it and shall mean every original writing and draft of any nature whatsoever, and all non-identical copies thereof (whether different from the original because of notes made on such copies or otherwise) of all written, printed, typed, pictorial, or recorded matter of any kind and description, including all attachments or addenda annexed thereto, whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means, as well as reproductions thereof, in your possession, custody or control, regardless of where located and includes, but is not limited to, advices, annual, monthly or weekly reports and statements, business records, checks, correspondence, emails or other electronic or digital correspondence (including text messages, SMS messages, and similar messaging technologies), contracts, prospective contracts, agreements, partnership agreements, financial statements, appraisals, corporate or partnership structure, charts, records, studies, summaries, memoranda, interoffice and intra-office memoranda, memoranda of conferences and meetings, memoranda of telephone conversations, memoranda to files, time sheets, calendars, diaries, date books, journals, handwritten notes, working papers, worksheets, diagrams, minutes, agendas, bulletins, notices, announcements, prospectuses, instructions, charts,

5

manuals, brochures, pamphlets and other publications, schedules, telegrams, teletypes, photographs, audio tapes, video tapes, electronic recordings, facsimile transmissions, electronic transmissions, information stored on computer disk and all other tangible preservations of information.  In all cases where original and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

10.     The "Affiliates" shall mean and include Carone Energy Corporation, Carone Petroleum Corporation, Republic Drilling Company, Inc., Pacific Operators, Inc. dba Pacific Operators Offshore, Inc., Verrazzano Corporation, AnAmerican Corporation, Carpinteria, and Pacific.

11.     "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

12.     "Chapter 7 Case" shall mean the case captioned *In re Signal Hill Service, Inc.*, No. 24-20439 in the U.S. Bankruptcy Court for the District of Wyoming.

13.     The "Check" means the check no. 13006, dated May 28, 2026, made payable to the "Department of Justice" in the amount of $382,352.36 from G&B Law, LLP, a copy of which is enclosed at ECF No. 113-1.

14.     "DFA" shall mean DFA Investors Trust, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

15. The "Fee Disclosure" shall mean the *Disclosure of Compensation of Attorney for Debtor* filed in the Chapter 7 Case.

16. "Howard" shall mean Russ Howard, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

17. The "Motion" shall mean the *Motion to Approve Settlement Agreement* [ECF No. 104].

18. "Pacific" shall mean Pacific Operators Offshore, LLC, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

19. "Schedules" shall mean the schedules that were filed in the Chapter 7 Case, including without limitation, Schedule E/F, Schedule H.

20. "Schedule E/F" shall mean Official Form 206E/F, *Schedule E/F: Creditors Who Have Unsecured Claims* that was filed in the Chapter 7 Case.

21. "Schedule H" shall mean Official Form 206H, *Schedule H: Your Codebtors* that was filed in the Chapter 7 Case.

22. "Signal Hill" shall mean Signal Hill Service, Inc., together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

23. "SOFA" shall mean the Amended *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* that was filed in the Chapter 7 Case. *See* Dkt. No. 4.

7

24. The "Settlement Agreement" shall have the same meaning set forth in the Motion.

25. The "Settlement Funds" shall mean the $50,000 that is contemplated being paid to the estate in the Motion.

26. "State Court Case" shall mean the action captioned *California State Lands v. Signal Hill Service, Inc.*, No. 19CV04295 pending in the Superior Court of the State of California for the County of Santa Barbara, Civil Division.

27. "You" or "your" shall mean Republic Drilling Company.

## DOCUMENT REQUESTS

### MOTION

1. Documents and communications sufficient to evidence the basis of the Affiliates being Signal Hill's "affiliate" as represented in Paragraph 4 of the Motion.

2. Documents and communications sufficient to evidence that "Russ Howard and Richard L. Carone are principals of the Affiliates" as represented in Paragraph 5 of the Motion.

3. All documents and communications concerning the Settlement Funds, including without limitations, bank statements showing the bank account holding the Settlement Funds.

4. Documents and communications concerning the negotiation of the Settlement Agreement.

5. Documents and communications concerning "any claims, known or unknown, that the estate could assert against the Affiliates, its shareholders, members, officers, employees, predecessors, subsidiaries, attorneys, accountants, transferees, representatives, agents, successors and assign" as referenced in Paragraph 8(a) of the Motion.

6. Documents and communications concerning any transfer made to or from Republic Drilling Company on the one hand and Signal Hill on the other hand.

8

7.      Documents and communications concerning the statement in Paragraph K of the Settlement Agreement that "Howard and Carone dispute that Debtor engaged in any fraudulent transfers or failed to disclose any assets as part of the Bankruptcy Case and wish to eliminate any future litigation and the risks and costs attendant therewith relating to claims in connection with the Debtor's bankruptcy estate."

**CORPORATE STRUCTURE**

8.      An organizational chart showing the corporate structure of Signal Hill and Republic Drilling Company, together with any parents, subsidiaries, or owners.

9.      The corporate bylaws, articles of registration, and other documents concerning the governance of Republic Drilling Company.

10.     The corporate minutes of Republic Drilling Company and other documents evidencing any corporate action or decision made by Republic Drilling Company.

11.     The state or federal tax returns filed by Republic Drilling Company.

12.     The audited or unaudited financial statements of Republic Drilling Company, including without limitation, balance sheets, statements of income, statements of cash flow, any notes to any financial statement.

13.     Documents and communications concerning the transfer of assets between Republic Drilling Company on the one hand and Signal Hill, Carone, or Howard on the other hand.

**BANK STATEMENTS**

14.     Statements from Republic Drilling Company's bank accounts as well as wire confirmations, check scans, currency transaction reports, and other documents evidencing the transferor or transferee of funds and the transferor or transferee's bank account.

9

15.     Statements from any securities and/or securities entitlement account held in the name of Republic Drilling Company.

**PAYMENT OF MONEY BY THIRD-PARTIES**

16.     Documents and communications concerning the payment of funds by Republic Drilling Company to any third-party on behalf of Signal Hill, including without limitation, any invoices, purchase orders, and evidence of payment.

17.     Documents and communications concerning the payment by Republic Drilling Company of any legal fees to Signal Hill's counsel concerning the Chapter 7 Case.

18.     Documents and communications concerning the payment by Republic Drilling Company of any legal fees to Signal Hill's counsel concerning the State Court Case.

19.     Documents and communications concerning the Check, including without limitation, documents and communications concerning the funds upon which the Check is drawn and the transfer of such funds.

# Exhibit 6

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ Wyoming _____

In re  Signal Hill Service, Inc.
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. _____ 24-20439 _____

Chapter _____ 7 _____

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Pacific Operators Offshore, LLC
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| 40 South Main Street, Sheridan, Wyoming 82801 | 07/16/26          10:00 am |

☐ *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____ 06/30/26 _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
CA State Lands Commission _____ , who issues or requests this subpoena, are:

Isabella Panicucci, 1300 I Street, Sacramento, CA 95814, Isabella.Panicucci@doj.ca.gov, (916) 210-7662

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **EXHIBIT A**

## **INSTRUCTIONS**

1.      These instructions incorporate by reference the requirements and duties of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules.

2.      The following requests for the production of documents (the "Requests" and each a "Request") apply to all documents in your possession, custody, or control, regardless of whether such documents are in your possession, or the possession of your assigns, designees, agents, managers, employees, representatives, attorneys, or any other person acting on your behalf.

3.      Documents should be produced in the manner in which they are kept in the ordinary course of business.  In producing documents, all documents that are physically attached to each other, or segregated or separated from other documents, when originally located, shall be produced as is.

4.      Where any copy of any requested document is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

5.      All documents shall be produced in .tiff or .pdf format with OCR images, except for .xls or .xlsx files which should be produced in a native format.  All documents shall be produced with standard metadata fields, including but not limited to sender, recipients, subject, file name, date created, date last modified, date sent, and date received, and whether the document contains redactions.

6.      All documents that respond, in whole or in part, to any portion of any of these requests shall be produced in their entirety, without abbreviation or redaction, including all

attachments and enclosures.  The fact that a document contains both responsive and non-responsive information shall not be a basis for redacting non-responsive information.  Any information redacted from documents on the basis of any privilege or immunity shall be clearly marked with the word "REDACTED," subject to the applicable requirements for a privilege log.

7.     If no documents exist that are responsive to a particular request, you shall state so in writing.  If any document requested is not in your possession, custody, or control, state the name and address of each person known to have possession, custody, or control of such document.

8.     In the event that any document covered by any request herein has been transferred to a third party over whom you claim you lack control, identify (1) the document by date, author(s), recipient(s), subject matter, and context; (2) the date and circumstances surrounding the transfer; (3) the reason(s) for transfer; (4) the person(s) or entity(ies) to whom transferred; (5) the present location of such document(s); (6) any request you have made for the return of either the original document(s) or a copy thereof to your possession; and (7) the date and manner in which you can or may obtain the return of each such document.

9.     If you object to any Request, in whole or in part, you must still provide documents that are either (1) within a scope of production not covered by your objection, and/or (2) responsive to the portion of the Request that is not objectionable.  For such documents that you may object are too burdensome to produce, describe the process or method required to obtain said documents, the quantity and location of the documents involved, and the estimated costs of the search.

10.    If you object to any part of a Request, you are to respond to that portion of the request that is not objectionable and specifically identify the aspect of the request to which you

2

object and the basis for your objection.  To the extent you consider any request to be ambiguous or overbroad, please state what is ambiguous or overbroad and to what extent the Request is (and is not) being complied with.

11.     If a portion of an otherwise responsive document contains information subject to a claim of privilege or protection from discovery, those portions of the document shall be redacted from the document, and the redacted portions shall be clearly marked as such, and the rest of the document shall be produced.

12.     Any document, communication, or other information sought to be identified or obtained within the scope of these Requests that is withheld on the basis of a claim of privilege, work product protection, or any other grounds shall be identified in a privilege log.

13.     Each Request shall be deemed to be continuing in nature.  If at any time additional documents or communications responsive to the Requests come into your possession, custody, or control or are brought to your attention, you shall promptly supplement your responses to these Requests.

14.     If you object to any of these requests, or any portion thereof, state each such objection with particularity and the bases therefore, and respond to the remainder of the request to the extent that you are not objecting to it.

15.     Each paragraph herein shall be construed independently and not with reference to any other paragraph for the purpose of limitation.

16.     Unless otherwise specified, these requests seek documents from January 1, 2020 to the present.

## **DEFINITIONS**

1.     Unless otherwise specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

3

2.      A reference to an entity (as opposed to a natural person) refers to the entity and to all persons affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, employees, attorneys, and corporate subsidiaries.

3.      The use of a verb in any tense shall be construed as the use of that verb in all other tenses wherever necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

4.      The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all information that might otherwise be construed to be outside its scope.

5.      "Carone" shall mean Richard Carone, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

6.      "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

7.      "Communication" or "communications" means every manner of transmitting, and the transmittal, or receiving, and the receipt, of facts, information, opinions, thoughts, ideas or knowledge, whether orally, in writing, or otherwise.  As used herein, "communication" and "communications" includes, without limitation, each document concerning each communication, as defined above, and each document prepared, reviewed, discussed, received, exchanged, transmitted and/or transferred by you.  "Communication" and "communications" also includes

4

without limitation any video or audio recordings containing facts, information, opinions, thoughts, ideas or knowledge transmitted and/or transferred.

8.     The term "concerning" means concerning, demonstrating, with respect to, referring to, relating to, regarding, substantiating, supporting, rebutting, purporting, embodying, establishing, identifying, listing, evidencing, comprising, containing, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, or constituting, whether in whole or in part, and when referring to a particular document, includes that document.

9.     "Document" or "documents" has the broadest possible meaning ascribed to it and shall mean every original writing and draft of any nature whatsoever, and all non-identical copies thereof (whether different from the original because of notes made on such copies or otherwise) of all written, printed, typed, pictorial, or recorded matter of any kind and description, including all attachments or addenda annexed thereto, whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means, as well as reproductions thereof, in your possession, custody or control, regardless of where located and includes, but is not limited to, advices, annual, monthly or weekly reports and statements, business records, checks, correspondence, emails or other electronic or digital correspondence (including text messages, SMS messages, and similar messaging technologies), contracts, prospective contracts, agreements, partnership agreements, financial statements, appraisals, corporate or partnership structure, charts, records, studies, summaries, memoranda, interoffice and intra-office memoranda, memoranda of conferences and meetings, memoranda of telephone conversations, memoranda to files, time sheets, calendars, diaries, date books, journals, handwritten notes, working papers, worksheets, diagrams, minutes, agendas, bulletins, notices, announcements, prospectuses, instructions, charts,

5

manuals, brochures, pamphlets and other publications, schedules, telegrams, teletypes, photographs, audio tapes, video tapes, electronic recordings, facsimile transmissions, electronic transmissions, information stored on computer disk and all other tangible preservations of information.  In all cases where original and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

10. The "Affiliates" shall mean and include Carone Energy Corporation, Carone Petroleum Corporation, Republic Drilling Company, Inc., Pacific Operators, Inc. dba Pacific Operators Offshore, Inc., Verrazzano Corporation, AnAmerican Corporation, Carpinteria, and Pacific.

11. "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

12. "Chapter 7 Case" shall mean the case captioned *In re Signal Hill Service, Inc.*, No. 24-20439 in the U.S. Bankruptcy Court for the District of Wyoming.

13. The "Check" means the check no. 13006, dated May 28, 2026, made payable to the "Department of Justice" in the amount of $382,352.36 from G&B Law, LLP, a copy of which is enclosed at ECF No. 113-1.

14. "DFA" shall mean DFA Investors Trust, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

6

15.     The "Fee Disclosure" shall mean the *Disclosure of Compensation of Attorney for Debtor* filed in the Chapter 7 Case.

16.     "Howard" shall mean Russ Howard, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

17.     The "Motion" shall mean the *Motion to Approve Settlement Agreement* [ECF No. 104].

18.     "Pacific" or "you" or "your" shall mean Pacific Operators Offshore, LLC, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

19.     "Schedules" shall mean the schedules that were filed in the Chapter 7 Case, including without limitation, Schedule E/F, Schedule H.

20.     "Schedule E/F" shall mean Official Form 206E/F, *Schedule E/F: Creditors Who Have Unsecured Claims* that was filed in the Chapter 7 Case.

21.     "Schedule H" shall mean Official Form 206H, *Schedule H: Your Codebtors* that was filed in the Chapter 7 Case.

22.     "Signal Hill" shall mean Signal Hill Service, Inc., together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

23.     "SOFA" shall mean the Amended *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* that was filed in the Chapter 7 Case.  *See* Dkt. No. 4.

7

24.     The "Settlement Agreement" shall have the same meaning set forth in the Motion.

25.     The "Settlement Funds" shall mean the $50,000 that is contemplated being paid to the estate in the Motion.

26.     "State Court Case" shall mean the action captioned *California State Lands v. Signal Hill Service, Inc.*, No. 19CV04295 pending in the Superior Court of the State of California for the County of Santa Barbara, Civil Division.

## DOCUMENT REQUESTS

### MOTION

1.     Documents and communications sufficient to evidence the basis of the Affiliates being Signal Hill's "affiliate" as represented in Paragraph 4 of the Motion.

2.     Documents and communications sufficient to evidence that "Russ Howard and Richard L. Carone are principals of the Affiliates" as represented in Paragraph 5 of the Motion.

3.     All documents and communications concerning the Settlement Funds, including without limitations, bank statements showing the bank account holding the Settlement Funds.

4.     Documents and communications concerning the negotiation of the Settlement Agreement.

5.     Documents and communications concerning "any claims, known or unknown, that the estate could assert against the Affiliates, its shareholders, members, officers, employees, predecessors, subsidiaries, attorneys, accountants, transferees, representatives, agents, successors and assign" as referenced in Paragraph 8(a) of the Motion.

6.     Documents and communications concerning any transfer made to or from Pacific on the one hand and Signal Hill on the other hand.

8

7. Documents and communications concerning the statement in Paragraph K of the Settlement Agreement that "Howard and Carone dispute that Debtor engaged in any fraudulent transfers or failed to disclose any assets as part of the Bankruptcy Case and wish to eliminate any future litigation and the risks and costs attendant therewith relating to claims in connection with the Debtor's bankruptcy estate."

**CORPORATE STRUCTURE**

8. An organizational chart showing the corporate structure of Signal Hill and Pacific, together with any parents, subsidiaries, or owners.

9. The corporate bylaws, articles of registration, and other documents concerning the governance of Pacific.

10. The corporate minutes of Pacific and other documents evidencing any corporate action or decision made by Pacific.

11. The state or federal tax returns filed by Pacific.

12. The audited or unaudited financial statements of Pacific, including without limitation, balance sheets, statements of income, statements of cash flow, any notes to any financial statement.

13. Documents and communications concerning the transfer of assets between Pacific on the one hand and Signal Hill, Carone, or Howard on the other hand.

**BANK STATEMENTS**

14. Statements from Pacific's bank accounts as well as wire confirmations, check scans, currency transaction reports, and other documents evidencing the transferor or transferee of funds and the transferor or transferee's bank account.

9

15.     Statements from any securities and/or securities entitlement account held in the name of Pacific.

**PAYMENT OF MONEY BY THIRD-PARTIES**

16.     Documents and communications concerning the payment of funds by Pacific to any third-party on behalf of Signal Hill, including without limitation, any invoices, purchase orders, and evidence of payment.

17.     Documents and communications concerning the payment by Pacific of any legal fees to Signal Hill's counsel concerning the Chapter 7 Case.

18.     Documents and communications concerning the payment by Pacific of any legal fees to Signal Hill's counsel concerning the State Court Case.

19.     Documents and communications concerning the Check, including without limitation, documents and communications concerning the funds upon which the Check is drawn and the transfer of such funds.

# Exhibit 7

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ Wyoming _____

In re Signal Hill Service, Inc.
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. _____ 24-20439 _____

Chapter _____ 7 _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Pacific Operators, Inc., dba Pacific Operators Offshore, Inc.
_____
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| 40 South Main Street, Sheridan, Wyoming 82801 | 07/16/26    10:00 am |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____ 06/30/26 _____

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
CA State Lands Commission ____ , who issues or requests this subpoena, are:

Isabella Panicucci, 1300 I Street, Sacramento, CA 95814, Isabella.Panicucci@doj.ca.gov, (916) 210-7662

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

**INSTRUCTIONS**

1.      These instructions incorporate by reference the requirements and duties of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules.

2.      The following requests for the production of documents (the "Requests" and each a "Request") apply to all documents in your possession, custody, or control, regardless of whether such documents are in your possession, or the possession of your assigns, designees, agents, managers, employees, representatives, attorneys, or any other person acting on your behalf.

3.      Documents should be produced in the manner in which they are kept in the ordinary course of business.  In producing documents, all documents that are physically attached to each other, or segregated or separated from other documents, when originally located, shall be produced as is.

4.      Where any copy of any requested document is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

5.      All documents shall be produced in .tiff or .pdf format with OCR images, except for .xls or .xlsx files which should be produced in a native format.  All documents shall be produced with standard metadata fields, including but not limited to sender, recipients, subject, file name, date created, date last modified, date sent, and date received, and whether the document contains redactions.

6.      All documents that respond, in whole or in part, to any portion of any of these requests shall be produced in their entirety, without abbreviation or redaction, including all

attachments and enclosures.  The fact that a document contains both responsive and non-responsive information shall not be a basis for redacting non-responsive information.  Any information redacted from documents on the basis of any privilege or immunity shall be clearly marked with the word "REDACTED," subject to the applicable requirements for a privilege log.

7.      If no documents exist that are responsive to a particular request, you shall state so in writing.  If any document requested is not in your possession, custody, or control, state the name and address of each person known to have possession, custody, or control of such document.

8.      In the event that any document covered by any request herein has been transferred to a third party over whom you claim you lack control, identify (1) the document by date, author(s), recipient(s), subject matter, and context; (2) the date and circumstances surrounding the transfer; (3) the reason(s) for transfer; (4) the person(s) or entity(ies) to whom transferred; (5) the present location of such document(s); (6) any request you have made for the return of either the original document(s) or a copy thereof to your possession; and (7) the date and manner in which you can or may obtain the return of each such document.

9.      If you object to any Request, in whole or in part, you must still provide documents that are either (1) within a scope of production not covered by your objection, and/or (2) responsive to the portion of the Request that is not objectionable.  For such documents that you may object are too burdensome to produce, describe the process or method required to obtain said documents, the quantity and location of the documents involved, and the estimated costs of the search.

10.     If you object to any part of a Request, you are to respond to that portion of the request that is not objectionable and specifically identify the aspect of the request to which you

2

object and the basis for your objection.  To the extent you consider any request to be ambiguous or overbroad, please state what is ambiguous or overbroad and to what extent the Request is (and is not) being complied with.

11.     If a portion of an otherwise responsive document contains information subject to a claim of privilege or protection from discovery, those portions of the document shall be redacted from the document, and the redacted portions shall be clearly marked as such, and the rest of the document shall be produced.

12.     Any document, communication, or other information sought to be identified or obtained within the scope of these Requests that is withheld on the basis of a claim of privilege, work product protection, or any other grounds shall be identified in a privilege log.

13.     Each Request shall be deemed to be continuing in nature.  If at any time additional documents or communications responsive to the Requests come into your possession, custody, or control or are brought to your attention, you shall promptly supplement your responses to these Requests.

14.     If you object to any of these requests, or any portion thereof, state each such objection with particularity and the bases therefore, and respond to the remainder of the request to the extent that you are not objecting to it.

15.     Each paragraph herein shall be construed independently and not with reference to any other paragraph for the purpose of limitation.

16.     Unless otherwise specified, these requests seek documents from January 1, 2020 to the present.

### **DEFINITIONS**

1.     Unless otherwise specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

3

2.      A reference to an entity (as opposed to a natural person) refers to the entity and to all persons affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, employees, attorneys, and corporate subsidiaries.

3.      The use of a verb in any tense shall be construed as the use of that verb in all other tenses wherever necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

4.      The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all information that might otherwise be construed to be outside its scope.

5.      "Carone" shall mean Richard Carone, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

6.      "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

7.      "Communication" or "communications" means every manner of transmitting, and the transmittal, or receiving, and the receipt, of facts, information, opinions, thoughts, ideas or knowledge, whether orally, in writing, or otherwise.  As used herein, "communication" and "communications" includes, without limitation, each document concerning each communication, as defined above, and each document prepared, reviewed, discussed, received, exchanged, transmitted and/or transferred by you.  "Communication" and "communications" also includes

4

without limitation any video or audio recordings containing facts, information, opinions, thoughts, ideas or knowledge transmitted and/or transferred.

8.     The term "concerning" means concerning, demonstrating, with respect to, referring to, relating to, regarding, substantiating, supporting, rebutting, purporting, embodying, establishing, identifying, listing, evidencing, comprising, containing, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, or constituting, whether in whole or in part, and when referring to a particular document, includes that document.

9.     "Document" or "documents" has the broadest possible meaning ascribed to it and shall mean every original writing and draft of any nature whatsoever, and all non-identical copies thereof (whether different from the original because of notes made on such copies or otherwise) of all written, printed, typed, pictorial, or recorded matter of any kind and description, including all attachments or addenda annexed thereto, whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means, as well as reproductions thereof, in your possession, custody or control, regardless of where located and includes, but is not limited to, advices, annual, monthly or weekly reports and statements, business records, checks, correspondence, emails or other electronic or digital correspondence (including text messages, SMS messages, and similar messaging technologies), contracts, prospective contracts, agreements, partnership agreements, financial statements, appraisals, corporate or partnership structure, charts, records, studies, summaries, memoranda, interoffice and intra-office memoranda, memoranda of conferences and meetings, memoranda of telephone conversations, memoranda to files, time sheets, calendars, diaries, date books, journals, handwritten notes, working papers, worksheets, diagrams, minutes, agendas, bulletins, notices, announcements, prospectuses, instructions, charts,

5

manuals, brochures, pamphlets and other publications, schedules, telegrams, teletypes, photographs, audio tapes, video tapes, electronic recordings, facsimile transmissions, electronic transmissions, information stored on computer disk and all other tangible preservations of information.  In all cases where original and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

10.     The "Affiliates" shall mean and include Carone Energy Corporation, Carone Petroleum Corporation, Republic Drilling Company, Inc., Pacific Operators, Inc. dba Pacific Operators Offshore, Inc., Verrazzano Corporation, AnAmerican Corporation, Carpinteria, and Pacific.

11.     "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

12.     "Chapter 7 Case" shall mean the case captioned *In re Signal Hill Service, Inc.*, No. 24-20439 in the U.S. Bankruptcy Court for the District of Wyoming.

13.     The "Check" means the check no. 13006, dated May 28, 2026, made payable to the "Department of Justice" in the amount of $382,352.36 from G&B Law, LLP, a copy of which is enclosed at ECF No. 113-1.

14.     "DFA" shall mean DFA Investors Trust, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

6

15.     The "Fee Disclosure" shall mean the *Disclosure of Compensation of Attorney for Debtor* filed in the Chapter 7 Case.

16.     "Howard" shall mean Russ Howard, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

17.     The "Motion" shall mean the *Motion to Approve Settlement Agreement* [ECF No. 104].

18.     "Pacific" shall mean Pacific Operators Offshore, LLC, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

19.     "Schedules" shall mean the schedules that were filed in the Chapter 7 Case, including without limitation, Schedule E/F, Schedule H.

20.     "Schedule E/F" shall mean Official Form 206E/F, *Schedule E/F: Creditors Who Have Unsecured Claims* that was filed in the Chapter 7 Case.

21.     "Schedule H" shall mean Official Form 206H, *Schedule H: Your Codebtors* that was filed in the Chapter 7 Case.

22.     "Signal Hill" shall mean Signal Hill Service, Inc., together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

23.     "SOFA" shall mean the Amended *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* that was filed in the Chapter 7 Case.  *See* Dkt. No. 4.

7

24.     The "Settlement Agreement" shall have the same meaning set forth in the Motion.

25.     The "Settlement Funds" shall mean the $50,000 that is contemplated being paid to the estate in the Motion.

26.     "State Court Case" shall mean the action captioned *California State Lands v. Signal Hill Service, Inc.*, No. 19CV04295 pending in the Superior Court of the State of California for the County of Santa Barbara, Civil Division.

27.     "You" or "your" shall mean Pacific Operators, Inc., dba Pacific Operators Offshore, Inc.

## DOCUMENT REQUESTS

### MOTION

1.     Documents and communications sufficient to evidence the basis of the Affiliates being Signal Hill's "affiliate" as represented in Paragraph 4 of the Motion.

2.     Documents and communications sufficient to evidence that "Russ Howard and Richard L. Carone are principals of the Affiliates" as represented in Paragraph 5 of the Motion.

3.     All documents and communications concerning the Settlement Funds, including without limitations, bank statements showing the bank account holding the Settlement Funds.

4.     Documents and communications concerning the negotiation of the Settlement Agreement.

5.     Documents and communications concerning "any claims, known or unknown, that the estate could assert against the Affiliates, its shareholders, members, officers, employees, predecessors, subsidiaries, attorneys, accountants, transferees, representatives, agents, successors and assign" as referenced in Paragraph 8(a) of the Motion.

6.      Documents and communications concerning any transfer made to or from Pacific Operators, Inc., dba Pacific Operators Offshore, Inc. on the one hand and Signal Hill on the other.

7.      Documents and communications concerning the statement in Paragraph K of the Settlement Agreement that "Howard and Carone dispute that Debtor engaged in any fraudulent transfers or failed to disclose any assets as part of the Bankruptcy Case and wish to eliminate any future litigation and the risks and costs attendant therewith relating to claims in connection with the Debtor's bankruptcy estate."

**CORPORATE STRUCTURE**

8.      An organizational chart showing the corporate structure of Signal Hill and Pacific Operators, Inc., dba Pacific Operators Offshore, Inc., together with any parents, subsidiaries, or owners.

9.      The corporate bylaws, articles of registration, and other documents concerning the governance of Pacific Operators, Inc., dba Pacific Operators Offshore, Inc.

10.      The corporate minutes of Pacific Operators, Inc., dba Pacific Operators Offshore, Inc. and other documents evidencing any corporate action or decision made by Pacific Operators, Inc., dba Pacific Operators Offshore, Inc.

11.      The state or federal tax returns filed by Pacific Operators, Inc., dba Pacific Operators Offshore, Inc.

12.      The audited or unaudited financial statements of Pacific Operators, Inc., dba Pacific Operators Offshore, Inc., including without limitation, balance sheets, statements of income, statements of cash flow, any notes to any financial statement.

9

13.     Documents and communications concerning the transfer of assets between Pacific Operators, Inc., dba Pacific Operators Offshore, Inc. on the one hand and Signal Hill, Carone, or Howard on the other hand.

**BANK STATEMENTS**

14.     Statements from any of Pacific Operators, Inc., dba Pacific Operators Offshore, Inc.'s bank accounts as well as wire confirmations, check scans, currency transaction reports, and other documents evidencing the transferor or transferee of funds and the transferor or transferee's bank account.

15.     Statements from any securities and/or securities entitlement account held in the name of any Pacific Operators, Inc., dba Pacific Operators Offshore, Inc.

**PAYMENT OF MONEY BY THIRD-PARTIES**

16.     Documents and communications concerning the payment of funds by Pacific Operators, Inc., dba Pacific Operators Offshore, Inc. to any third-party on behalf of Signal Hill, including without limitation, any invoices, purchase orders, and evidence of payment.

17.     Documents and communications concerning the payment by Pacific Operators, Inc., dba Pacific Operators Offshore, Inc. of any legal fees to Signal Hill's counsel concerning the Chapter 7 Case.

18.     Documents and communications concerning the payment by Pacific Operators, Inc., dba Pacific Operators Offshore, Inc. of any legal fees to Signal Hill's counsel concerning the State Court Case.

19.     Documents and communications concerning the Check, including without limitation, documents and communications concerning the funds upon which the Check is drawn and the transfer of such funds.

10

# Exhibit 8

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ Wyoming _____

In re Signal Hill Service, Inc.
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. _____ 24-20439 _____

Chapter _____ 7 _____

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Verrazzano Corporation
_____
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| 40 South Main Street, Sheridan, Wyoming 82801 | 07/16/26     10:00 am |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____ 06/30/26 _____

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* CA State Lands Commission _____ , who issues or requests this subpoena, are:

Isabella Panicucci, 1300 I Street, Sacramento, CA 95814, Isabella.Panicucci@doj.ca.gov, (916) 210-7662

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or

   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

**INSTRUCTIONS**

1.      These instructions incorporate by reference the requirements and duties of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules.

2.      The following requests for the production of documents (the "Requests" and each a "Request") apply to all documents in your possession, custody, or control, regardless of whether such documents are in your possession, or the possession of your assigns, designees, agents, managers, employees, representatives, attorneys, or any other person acting on your behalf.

3.      Documents should be produced in the manner in which they are kept in the ordinary course of business.  In producing documents, all documents that are physically attached to each other, or segregated or separated from other documents, when originally located, shall be produced as is.

4.      Where any copy of any requested document is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

5.      All documents shall be produced in .tiff or .pdf format with OCR images, except for .xls or .xlsx files which should be produced in a native format.  All documents shall be produced with standard metadata fields, including but not limited to sender, recipients, subject, file name, date created, date last modified, date sent, and date received, and whether the document contains redactions.

6.      All documents that respond, in whole or in part, to any portion of any of these requests shall be produced in their entirety, without abbreviation or redaction, including all

attachments and enclosures.  The fact that a document contains both responsive and non-responsive information shall not be a basis for redacting non-responsive information.  Any information redacted from documents on the basis of any privilege or immunity shall be clearly marked with the word "REDACTED," subject to the applicable requirements for a privilege log.

7.     If no documents exist that are responsive to a particular request, you shall state so in writing.  If any document requested is not in your possession, custody, or control, state the name and address of each person known to have possession, custody, or control of such document.

8.     In the event that any document covered by any request herein has been transferred to a third party over whom you claim you lack control, identify (1) the document by date, author(s), recipient(s), subject matter, and context; (2) the date and circumstances surrounding the transfer; (3) the reason(s) for transfer; (4) the person(s) or entity(ies) to whom transferred; (5) the present location of such document(s); (6) any request you have made for the return of either the original document(s) or a copy thereof to your possession; and (7) the date and manner in which you can or may obtain the return of each such document.

9.     If you object to any Request, in whole or in part, you must still provide documents that are either (1) within a scope of production not covered by your objection, and/or (2) responsive to the portion of the Request that is not objectionable.  For such documents that you may object are too burdensome to produce, describe the process or method required to obtain said documents, the quantity and location of the documents involved, and the estimated costs of the search.

10.     If you object to any part of a Request, you are to respond to that portion of the request that is not objectionable and specifically identify the aspect of the request to which you

2

object and the basis for your objection. To the extent you consider any request to be ambiguous or overbroad, please state what is ambiguous or overbroad and to what extent the Request is (and is not) being complied with.

11. If a portion of an otherwise responsive document contains information subject to a claim of privilege or protection from discovery, those portions of the document shall be redacted from the document, and the redacted portions shall be clearly marked as such, and the rest of the document shall be produced.

12. Any document, communication, or other information sought to be identified or obtained within the scope of these Requests that is withheld on the basis of a claim of privilege, work product protection, or any other grounds shall be identified in a privilege log.

13. Each Request shall be deemed to be continuing in nature. If at any time additional documents or communications responsive to the Requests come into your possession, custody, or control or are brought to your attention, you shall promptly supplement your responses to these Requests.

14. If you object to any of these requests, or any portion thereof, state each such objection with particularity and the bases therefore, and respond to the remainder of the request to the extent that you are not objecting to it.

15. Each paragraph herein shall be construed independently and not with reference to any other paragraph for the purpose of limitation.

16. Unless otherwise specified, these requests seek documents from January 1, 2020 to the present.

## DEFINITIONS

1. Unless otherwise specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

3

2.      A reference to an entity (as opposed to a natural person) refers to the entity and to all persons affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, employees, attorneys, and corporate subsidiaries.

3.      The use of a verb in any tense shall be construed as the use of that verb in all other tenses wherever necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

4.      The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all information that might otherwise be construed to be outside its scope.

5.      "Carone" shall mean Richard Carone, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

6.      "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

7.      "Communication" or "communications" means every manner of transmitting, and the transmittal, or receiving, and the receipt, of facts, information, opinions, thoughts, ideas or knowledge, whether orally, in writing, or otherwise.  As used herein, "communication" and "communications" includes, without limitation, each document concerning each communication, as defined above, and each document prepared, reviewed, discussed, received, exchanged, transmitted and/or transferred by you.  "Communication" and "communications" also includes

4

without limitation any video or audio recordings containing facts, information, opinions, thoughts, ideas or knowledge transmitted and/or transferred.

8.      The term "concerning" means concerning, demonstrating, with respect to, referring to, relating to, regarding, substantiating, supporting, rebutting, purporting, embodying, establishing, identifying, listing, evidencing, comprising, containing, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, or constituting, whether in whole or in part, and when referring to a particular document, includes that document.

9.      "Document" or "documents" has the broadest possible meaning ascribed to it and shall mean every original writing and draft of any nature whatsoever, and all non-identical copies thereof (whether different from the original because of notes made on such copies or otherwise) of all written, printed, typed, pictorial, or recorded matter of any kind and description, including all attachments or addenda annexed thereto, whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means, as well as reproductions thereof, in your possession, custody or control, regardless of where located and includes, but is not limited to, advices, annual, monthly or weekly reports and statements, business records, checks, correspondence, emails or other electronic or digital correspondence (including text messages, SMS messages, and similar messaging technologies), contracts, prospective contracts, agreements, partnership agreements, financial statements, appraisals, corporate or partnership structure, charts, records, studies, summaries, memoranda, interoffice and intra-office memoranda, memoranda of conferences and meetings, memoranda of telephone conversations, memoranda to files, time sheets, calendars, diaries, date books, journals, handwritten notes, working papers, worksheets, diagrams, minutes, agendas, bulletins, notices, announcements, prospectuses, instructions, charts,

5

manuals, brochures, pamphlets and other publications, schedules, telegrams, teletypes, photographs, audio tapes, video tapes, electronic recordings, facsimile transmissions, electronic transmissions, information stored on computer disk and all other tangible preservations of information.  In all cases where original and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

10.     The "Affiliates" shall mean and include Carone Energy Corporation, Carone Petroleum Corporation, Republic Drilling Company, Inc., Pacific Operators, Inc. dba Pacific Operators Offshore, Inc., Verrazzano Corporation, AnAmerican Corporation, Carpinteria, and Pacific.

11.     "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

12.     "Chapter 7 Case" shall mean the case captioned *In re Signal Hill Service, Inc.*, No. 24-20439 in the U.S. Bankruptcy Court for the District of Wyoming.

13.     The "Check" means the check no. 13006, dated May 28, 2026, made payable to the "Department of Justice" in the amount of $382,352.36 from G&B Law, LLP, a copy of which is enclosed at ECF No. 113-1.

14.     "DFA" shall mean DFA Investors Trust, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

6

15. The "Fee Disclosure" shall mean the *Disclosure of Compensation of Attorney for Debtor* filed in the Chapter 7 Case.

16. "Howard" shall mean Russ Howard, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

17. The "Motion" shall mean the *Motion to Approve Settlement Agreement* [ECF No. 104].

18. "Pacific" shall mean Pacific Operators Offshore, LLC, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

19. "Schedules" shall mean the schedules that were filed in the Chapter 7 Case, including without limitation, Schedule E/F, Schedule H.

20. "Schedule E/F" shall mean Official Form 206E/F, *Schedule E/F: Creditors Who Have Unsecured Claims* that was filed in the Chapter 7 Case.

21. "Schedule H" shall mean Official Form 206H, *Schedule H: Your Codebtors* that was filed in the Chapter 7 Case.

22. "Signal Hill" shall mean Signal Hill Service, Inc., together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

23. "SOFA" shall mean the Amended *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* that was filed in the Chapter 7 Case. *See* Dkt. No. 4.

24.     The "Settlement Agreement" shall have the same meaning set forth in the Motion.

25.     The "Settlement Funds" shall mean the $50,000 that is contemplated being paid to the estate in the Motion.

26.     "State Court Case" shall mean the action captioned *California State Lands v. Signal Hill Service, Inc.*, No. 19CV04295 pending in the Superior Court of the State of California for the County of Santa Barbara, Civil Division.

27.     "You" or "your" shall mean Verrazzano Corporation.

## DOCUMENT REQUESTS

### MOTION

1.     Documents and communications sufficient to evidence the basis of the Affiliates being Signal Hill's "affiliate" as represented in Paragraph 4 of the Motion.

2.     Documents and communications sufficient to evidence that "Russ Howard and Richard L. Carone are principals of the Affiliates" as represented in Paragraph 5 of the Motion.

3.     All documents and communications concerning the Settlement Funds, including without limitations, bank statements showing the bank account holding the Settlement Funds.

4.     Documents and communications concerning the negotiation of the Settlement Agreement.

5.     Documents and communications concerning "any claims, known or unknown, that the estate could assert against the Affiliates, its shareholders, members, officers, employees, predecessors, subsidiaries, attorneys, accountants, transferees, representatives, agents, successors and assign" as referenced in Paragraph 8(a) of the Motion.

6.     Documents and communications concerning any transfer made to or from Verrazzano Corporation on the one hand and Signal Hill on the other hand.

8

7.      Documents and communications concerning the statement in Paragraph K of the Settlement Agreement that "Howard and Carone dispute that Debtor engaged in any fraudulent transfers or failed to disclose any assets as part of the Bankruptcy Case and wish to eliminate any future litigation and the risks and costs attendant therewith relating to claims in connection with the Debtor's bankruptcy estate."

**<u>CORPORATE STRUCTURE</u>**

8.      An organizational chart showing the corporate structure of Signal Hill and Verrazzano Corporation, together with any parents, subsidiaries, or owners.

9.      The corporate bylaws, articles of registration, and other documents concerning the governance of Verrazzano Corporation.

10.     The corporate minutes of Verrazzano Corporation and other documents evidencing any corporate action or decision made by Verrazzano Corporation.

11.     The state or federal tax returns filed by Verrazzano Corporation.

12.     The audited or unaudited financial statements of Verrazzano Corporation, including without limitation, balance sheets, statements of income, statements of cash flow, any notes to any financial statement.

13.     Documents and communications concerning the transfer of assets between Verrazzano Corporation on the one hand and Signal Hill, Carone, or Howard on the other hand.

**<u>BANK STATEMENTS</u>**

14.     Statements from any of Verrazzano Corporation's bank accounts as well as wire confirmations, check scans, currency transaction reports, and other documents evidencing the transferor or transferee of funds and the transferor or transferee's bank account.

9

15.     Statements from any securities and/or securities entitlement account held in the name of Verrazzano Corporation.

## PAYMENT OF MONEY BY THIRD-PARTIES

16.     Documents and communications concerning the payment of funds by Verrazzano Corporation to any third-party on behalf of Signal Hill, including without limitation, any invoices, purchase orders, and evidence of payment.

17.     Documents and communications concerning the payment by Verrazzano Corporation of any legal fees to Signal Hill's counsel concerning the Chapter 7 Case.

18.     Documents and communications concerning the payment by Verrazzano Corporation of any legal fees to Signal Hill's counsel concerning the State Court Case.

19.     Documents and communications concerning the Check, including without limitation, documents and communications concerning the funds upon which the Check is drawn and the transfer of such funds.

# Exhibit 9

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ Wyoming _____

In re Signal Hill Service, Inc.
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. _____ 24-20439 _____

Chapter _____ 7 _____

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Carpinteria Offshore Project Partnership, Ltd.
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| 40 South Main Street, Sheridan, Wyoming 82801 | 07/16/26       10:00 am |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____ 06/30/26 _____

CLERK OF COURT

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
CA State Lands Commission _____ , who issues or requests this subpoena, are:

Isabella Panicucci, 1300 I Street, Sacramento, CA 95814, Isabella.Panicucci@doj.ca.gov, (916) 210-7662

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   *(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   *(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   *(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
   …
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **EXHIBIT A**

## **INSTRUCTIONS**

1.　　These instructions incorporate by reference the requirements and duties of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules.

2.　　The following requests for the production of documents (the "Requests" and each a "Request") apply to all documents in your possession, custody, or control, regardless of whether such documents are in your possession, or the possession of your assigns, designees, agents, managers, employees, representatives, attorneys, or any other person acting on your behalf.

3.　　Documents should be produced in the manner in which they are kept in the ordinary course of business.  In producing documents, all documents that are physically attached to each other, or segregated or separated from other documents, when originally located, shall be produced as is.

4.　　Where any copy of any requested document is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

5.　　All documents shall be produced in .tiff or .pdf format with OCR images, except for .xls or .xlsx files which should be produced in a native format.  All documents shall be produced with standard metadata fields, including but not limited to sender, recipients, subject, file name, date created, date last modified, date sent, and date received, and whether the document contains redactions.

6.　　All documents that respond, in whole or in part, to any portion of any of these requests shall be produced in their entirety, without abbreviation or redaction, including all

attachments and enclosures.  The fact that a document contains both responsive and non-responsive information shall not be a basis for redacting non-responsive information.  Any information redacted from documents on the basis of any privilege or immunity shall be clearly marked with the word "REDACTED," subject to the applicable requirements for a privilege log.

7.     If no documents exist that are responsive to a particular request, you shall state so in writing.  If any document requested is not in your possession, custody, or control, state the name and address of each person known to have possession, custody, or control of such document.

8.     In the event that any document covered by any request herein has been transferred to a third party over whom you claim you lack control, identify (1) the document by date, author(s), recipient(s), subject matter, and context; (2) the date and circumstances surrounding the transfer; (3) the reason(s) for transfer; (4) the person(s) or entity(ies) to whom transferred; (5) the present location of such document(s); (6) any request you have made for the return of either the original document(s) or a copy thereof to your possession; and (7) the date and manner in which you can or may obtain the return of each such document.

9.     If you object to any Request, in whole or in part, you must still provide documents that are either (1) within a scope of production not covered by your objection, and/or (2) responsive to the portion of the Request that is not objectionable.  For such documents that you may object are too burdensome to produce, describe the process or method required to obtain said documents, the quantity and location of the documents involved, and the estimated costs of the search.

10.     If you object to any part of a Request, you are to respond to that portion of the request that is not objectionable and specifically identify the aspect of the request to which you

2

object and the basis for your objection.  To the extent you consider any request to be ambiguous or overbroad, please state what is ambiguous or overbroad and to what extent the Request is (and is not) being complied with.

11.     If a portion of an otherwise responsive document contains information subject to a claim of privilege or protection from discovery, those portions of the document shall be redacted from the document, and the redacted portions shall be clearly marked as such, and the rest of the document shall be produced.

12.     Any document, communication, or other information sought to be identified or obtained within the scope of these Requests that is withheld on the basis of a claim of privilege, work product protection, or any other grounds shall be identified in a privilege log.

13.     Each Request shall be deemed to be continuing in nature.  If at any time additional documents or communications responsive to the Requests come into your possession, custody, or control or are brought to your attention, you shall promptly supplement your responses to these Requests.

14.     If you object to any of these requests, or any portion thereof, state each such objection with particularity and the bases therefore, and respond to the remainder of the request to the extent that you are not objecting to it.

15.     Each paragraph herein shall be construed independently and not with reference to any other paragraph for the purpose of limitation.

16.     Unless otherwise specified, these requests seek documents from January 1, 2020 to the present.

**<u>DEFINITIONS</u>**

1.     Unless otherwise specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

3

2.      A reference to an entity (as opposed to a natural person) refers to the entity and to all persons affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, employees, attorneys, and corporate subsidiaries.

3.      The use of a verb in any tense shall be construed as the use of that verb in all other tenses wherever necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

4.      The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all information that might otherwise be construed to be outside its scope.

5.      "Carone" shall mean Richard Carone, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

6.      "Communication" or "communications" means every manner of transmitting, and the transmittal, or receiving, and the receipt, of facts, information, opinions, thoughts, ideas or knowledge, whether orally, in writing, or otherwise.  As used herein, "communication" and "communications" includes, without limitation, each document concerning each communication, as defined above, and each document prepared, reviewed, discussed, received, exchanged, transmitted and/or transferred by you.  "Communication" and "communications" also includes without limitation any video or audio recordings containing facts, information, opinions, thoughts, ideas or knowledge transmitted and/or transferred.

7.      The term "concerning" means concerning, demonstrating, with respect to, referring to, relating to, regarding, substantiating, supporting, rebutting, purporting, embodying,

4

establishing, identifying, listing, evidencing, comprising, containing, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, or constituting, whether in whole or in part, and when referring to a particular document, includes that document.

8.      "Document" or "documents" has the broadest possible meaning ascribed to it and shall mean every original writing and draft of any nature whatsoever, and all non-identical copies thereof (whether different from the original because of notes made on such copies or otherwise) of all written, printed, typed, pictorial, or recorded matter of any kind and description, including all attachments or addenda annexed thereto, whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means, as well as reproductions thereof, in your possession, custody or control, regardless of where located and includes, but is not limited to, advices, annual, monthly or weekly reports and statements, business records, checks, correspondence, emails or other electronic or digital correspondence (including text messages, SMS messages, and similar messaging technologies), contracts, prospective contracts, agreements, partnership agreements, financial statements, appraisals, corporate or partnership structure, charts, records, studies, summaries, memoranda, interoffice and intra-office memoranda, memoranda of conferences and meetings, memoranda of telephone conversations, memoranda to files, time sheets, calendars, diaries, date books, journals, handwritten notes, working papers, worksheets, diagrams, minutes, agendas, bulletins, notices, announcements, prospectuses, instructions, charts, manuals, brochures, pamphlets and other publications, schedules, telegrams, teletypes, photographs, audio tapes, video tapes, electronic recordings, facsimile transmissions, electronic transmissions, information stored on computer disk and all other tangible preservations of information.  In all cases where original and/or non-identical copies are not available,

5

"documents" also means identical copies of original documents and copies of non-identical copies.

9.      The "Affiliates" shall mean and include Carone Energy Corporation, Carone Petroleum Corporation, Republic Drilling Company, Inc., Pacific Operators, Inc. dba Pacific Operators Offshore, Inc., Verrazzano Corporation, AnAmerican Corporation, Carpinteria, and Pacific.

10.     "Carpinteria" or "you" or "your" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

11.     "Chapter 7 Case" shall mean the case captioned *In re Signal Hill Service, Inc.*, No. 24-20439 in the U.S. Bankruptcy Court for the District of Wyoming.

12.     The "Check" means the check no. 13006, dated May 28, 2026, made payable to the "Department of Justice" in the amount of $382,352.36 from G&B Law, LLP, a copy of which is enclosed at ECF No. 113-1.

13.     "DFA" shall mean DFA Investors Trust, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

14.     The "Fee Disclosure" shall mean the *Disclosure of Compensation of Attorney for Debtor* filed in the Chapter 7 Case.

15.     "Howard" shall mean Russ Howard, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

16.     The "Motion" shall mean the *Motion to Approve Settlement Agreement* [ECF No. 104].

17.     "Pacific" shall mean Pacific Operators Offshore, LLC, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

18.     "Schedules" shall mean the schedules that were filed in the Chapter 7 Case, including without limitation, Schedule E/F, Schedule H.

19.     "Schedule E/F" shall mean Official Form 206E/F, *Schedule E/F: Creditors Who Have Unsecured Claims* that was filed in the Chapter 7 Case.

20.     "Schedule H" shall mean Official Form 206H, *Schedule H: Your Codebtors* that was filed in the Chapter 7 Case.

21.     "Signal Hill" shall mean Signal Hill Service, Inc., together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

22.     "SOFA" shall mean the Amended *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* that was filed in the Chapter 7 Case.  *See* Dkt. No. 4.

23.     The "Settlement Agreement" shall have the same meaning set forth in the Motion.

7

24.     The "Settlement Funds" shall mean the $50,000 that is contemplated being paid to the estate in the Motion.

25.     "State Court Case" shall mean the action captioned *California State Lands v. Signal Hill Service, Inc.*, No. 19CV04295 pending in the Superior Court of the State of California for the County of Santa Barbara, Civil Division.

## DOCUMENT REQUESTS

### MOTION

1.     Documents and communications sufficient to evidence the basis of the Affiliates being Signal Hill's "affiliate" as represented in Paragraph 4 of the Motion.

2.     Documents and communications sufficient to evidence that "Russ Howard and Richard L. Carone are principals of the Affiliates" as represented in Paragraph 5 of the Motion.

3.     All documents and communications concerning the Settlement Funds, including without limitations, bank statements showing the bank account holding the Settlement Funds.

4.     Documents and communications concerning the negotiation of the Settlement Agreement.

5.     Documents and communications concerning "any claims, known or unknown, that the estate could assert against the Affiliates, its shareholders, members, officers, employees, predecessors, subsidiaries, attorneys, accountants, transferees, representatives, agents, successors and assign" as referenced in Paragraph 8(a) of the Motion.

6.     Documents and communications concerning any transfer made to or from Carpinteria on the one hand and Signal Hill on the other hand.

7.     Documents and communications concerning the statement in Paragraph K of the Settlement Agreement that "Howard and Carone dispute that Debtor engaged in any fraudulent

transfers or failed to disclose any assets as part of the Bankruptcy Case and wish to eliminate any future litigation and the risks and costs attendant therewith relating to claims in connection with the Debtor's bankruptcy estate."

**CORPORATE STRUCTURE**

8. An organizational chart showing the corporate structure of Signal Hill and Carpinteria, together with any parents, subsidiaries, or owners.

9. The corporate bylaws, articles of registration, and other documents concerning the governance of Carpinteria.

10. The corporate minutes of Carpinteria and other documents evidencing any corporate action or decision made by Carpinteria.

11. The state or federal tax returns filed by Carpinteria.

12. The audited or unaudited financial statements of Carpinteria, including without limitation, balance sheets, statements of income, statements of cash flow, any notes to any financial statement.

13. Documents and communications concerning the transfer of assets between Carpinteria on the one hand and Signal Hill, Carone, or Howard on the other hand.

**BANK STATEMENTS**

14. Statements from Carpinteria's bank accounts as well as wire confirmations, check scans, currency transaction reports, and other documents evidencing the transferor or transferee of funds and the transferor or transferee's bank account.

15. Statements from any securities and/or securities entitlement account held in the name of Carpinteria.

9

**PAYMENT OF MONEY BY THIRD-PARTIES**

16.     Documents and communications concerning the payment of funds by Carpinteria to any third-party on behalf of Signal Hill, including without limitation, any invoices, purchase orders, and evidence of payment.

17.     Documents and communications concerning the payment by Carpinteria of any legal fees to Signal Hill's counsel concerning the Chapter 7 Case.

18.     Documents and communications concerning the payment by Carpinteria of any legal fees to Signal Hill's counsel concerning the State Court Case.

19.     Documents and communications concerning the Check, including without limitation, documents and communications concerning the funds upon which the Check is drawn and the transfer of such funds.

# Exhibit 10

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ Wyoming _____

In re  Signal Hill Service, Inc.
_____
                    Debtor

*(Complete if issued in an adversary proceeding)*

_____
                    Plaintiff
                        v.

_____
                    Defendant

Case No. _____ 24-20439 _____

Chapter _____ 7 _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  AnAmerican Corporation (fdba AnAmerican Drilling, Inc.)
_____
*(Name of person to whom the subpoena is directed)*

■ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| 40 South Main Street, Sheridan, Wyoming 82801 | 07/16/26          10:00 am |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____ 06/30/26 _____

CLERK OF COURT

_____                    OR                    _____
*Signature of Clerk or Deputy Clerk*                                                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
CA State Lands Commission _____ , who issues or requests this subpoena, are:

Isabella Panicucci, 1300 I Street, Sacramento, CA 95814, Isabella.Panicucci@doj.ca.gov, (916) 210-7662

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

**INSTRUCTIONS**

1.      These instructions incorporate by reference the requirements and duties of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules.

2.      The following requests for the production of documents (the "Requests" and each a "Request") apply to all documents in your possession, custody, or control, regardless of whether such documents are in your possession, or the possession of your assigns, designees, agents, managers, employees, representatives, attorneys, or any other person acting on your behalf.

3.      Documents should be produced in the manner in which they are kept in the ordinary course of business.  In producing documents, all documents that are physically attached to each other, or segregated or separated from other documents, when originally located, shall be produced as is.

4.      Where any copy of any requested document is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

5.      All documents shall be produced in .tiff or .pdf format with OCR images, except for .xls or .xlsx files which should be produced in a native format.  All documents shall be produced with standard metadata fields, including but not limited to sender, recipients, subject, file name, date created, date last modified, date sent, and date received, and whether the document contains redactions.

6.      All documents that respond, in whole or in part, to any portion of any of these requests shall be produced in their entirety, without abbreviation or redaction, including all

attachments and enclosures.  The fact that a document contains both responsive and non-responsive information shall not be a basis for redacting non-responsive information.  Any information redacted from documents on the basis of any privilege or immunity shall be clearly marked with the word "REDACTED," subject to the applicable requirements for a privilege log.

7.    If no documents exist that are responsive to a particular request, you shall state so in writing.  If any document requested is not in your possession, custody, or control, state the name and address of each person known to have possession, custody, or control of such document.

8.    In the event that any document covered by any request herein has been transferred to a third party over whom you claim you lack control, identify (1) the document by date, author(s), recipient(s), subject matter, and context; (2) the date and circumstances surrounding the transfer; (3) the reason(s) for transfer; (4) the person(s) or entity(ies) to whom transferred; (5) the present location of such document(s); (6) any request you have made for the return of either the original document(s) or a copy thereof to your possession; and (7) the date and manner in which you can or may obtain the return of each such document.

9.    If you object to any Request, in whole or in part, you must still provide documents that are either (1) within a scope of production not covered by your objection, and/or (2) responsive to the portion of the Request that is not objectionable.  For such documents that you may object are too burdensome to produce, describe the process or method required to obtain said documents, the quantity and location of the documents involved, and the estimated costs of the search.

10.    If you object to any part of a Request, you are to respond to that portion of the request that is not objectionable and specifically identify the aspect of the request to which you

2

object and the basis for your objection.  To the extent you consider any request to be ambiguous or overbroad, please state what is ambiguous or overbroad and to what extent the Request is (and is not) being complied with.

11.     If a portion of an otherwise responsive document contains information subject to a claim of privilege or protection from discovery, those portions of the document shall be redacted from the document, and the redacted portions shall be clearly marked as such, and the rest of the document shall be produced.

12.     Any document, communication, or other information sought to be identified or obtained within the scope of these Requests that is withheld on the basis of a claim of privilege, work product protection, or any other grounds shall be identified in a privilege log.

13.     Each Request shall be deemed to be continuing in nature.  If at any time additional documents or communications responsive to the Requests come into your possession, custody, or control or are brought to your attention, you shall promptly supplement your responses to these Requests.

14.     If you object to any of these requests, or any portion thereof, state each such objection with particularity and the bases therefore, and respond to the remainder of the request to the extent that you are not objecting to it.

15.     Each paragraph herein shall be construed independently and not with reference to any other paragraph for the purpose of limitation.

16.     Unless otherwise specified, these requests seek documents from January 1, 2020 to the present.

## **DEFINITIONS**

1.     Unless otherwise specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

3

2.      A reference to an entity (as opposed to a natural person) refers to the entity and to all persons affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, employees, attorneys, and corporate subsidiaries.

3.      The use of a verb in any tense shall be construed as the use of that verb in all other tenses wherever necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

4.      The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all information that might otherwise be construed to be outside its scope.

5.      "Carone" shall mean Richard Carone, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

6.      "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

7.      "Communication" or "communications" means every manner of transmitting, and the transmittal, or receiving, and the receipt, of facts, information, opinions, thoughts, ideas or knowledge, whether orally, in writing, or otherwise.  As used herein, "communication" and "communications" includes, without limitation, each document concerning each communication, as defined above, and each document prepared, reviewed, discussed, received, exchanged, transmitted and/or transferred by you.  "Communication" and "communications" also includes

4

without limitation any video or audio recordings containing facts, information, opinions, thoughts, ideas or knowledge transmitted and/or transferred.

8.      The term "concerning" means concerning, demonstrating, with respect to, referring to, relating to, regarding, substantiating, supporting, rebutting, purporting, embodying, establishing, identifying, listing, evidencing, comprising, containing, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, or constituting, whether in whole or in part, and when referring to a particular document, includes that document.

9.      "Document" or "documents" has the broadest possible meaning ascribed to it and shall mean every original writing and draft of any nature whatsoever, and all non-identical copies thereof (whether different from the original because of notes made on such copies or otherwise) of all written, printed, typed, pictorial, or recorded matter of any kind and description, including all attachments or addenda annexed thereto, whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means, as well as reproductions thereof, in your possession, custody or control, regardless of where located and includes, but is not limited to, advices, annual, monthly or weekly reports and statements, business records, checks, correspondence, emails or other electronic or digital correspondence (including text messages, SMS messages, and similar messaging technologies), contracts, prospective contracts, agreements, partnership agreements, financial statements, appraisals, corporate or partnership structure, charts, records, studies, summaries, memoranda, interoffice and intra-office memoranda, memoranda of conferences and meetings, memoranda of telephone conversations, memoranda to files, time sheets, calendars, diaries, date books, journals, handwritten notes, working papers, worksheets, diagrams, minutes, agendas, bulletins, notices, announcements, prospectuses, instructions, charts,

5

manuals, brochures, pamphlets and other publications, schedules, telegrams, teletypes, photographs, audio tapes, video tapes, electronic recordings, facsimile transmissions, electronic transmissions, information stored on computer disk and all other tangible preservations of information.  In all cases where original and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

10.     The "Affiliates" shall mean and include Carone Energy Corporation, Carone Petroleum Corporation, Republic Drilling Company, Inc., Pacific Operators, Inc. dba Pacific Operators Offshore, Inc., Verrazzano Corporation, AnAmerican Corporation, Carpinteria, and Pacific.

11.     "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

12.     "Chapter 7 Case" shall mean the case captioned *In re Signal Hill Service, Inc.*, No. 24-20439 in the U.S. Bankruptcy Court for the District of Wyoming.

13.     The "Check" means the check no. 13006, dated May 28, 2026, made payable to the "Department of Justice" in the amount of $382,352.36 from G&B Law, LLP, a copy of which is enclosed at ECF No. 113-1.

14.     "DFA" shall mean DFA Investors Trust, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

6

15.   The "Fee Disclosure" shall mean the *Disclosure of Compensation of Attorney for Debtor* filed in the Chapter 7 Case.

16.   "Howard" shall mean Russ Howard, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

17.   The "Motion" shall mean the *Motion to Approve Settlement Agreement* [ECF No. 104].

18.   "Pacific" shall mean Pacific Operators Offshore, LLC, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

19.   "Schedules" shall mean the schedules that were filed in the Chapter 7 Case, including without limitation, Schedule E/F, Schedule H.

20.   "Schedule E/F" shall mean Official Form 206E/F, *Schedule E/F: Creditors Who Have Unsecured Claims* that was filed in the Chapter 7 Case.

21.   "Schedule H" shall mean Official Form 206H, *Schedule H: Your Codebtors* that was filed in the Chapter 7 Case.

22.   "Signal Hill" shall mean Signal Hill Service, Inc., together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

23.   "SOFA" shall mean the Amended *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* that was filed in the Chapter 7 Case.  *See* Dkt. No. 4.

24.    The "Settlement Agreement" shall have the same meaning set forth in the Motion.

25.    The "Settlement Funds" shall mean the $50,000 that is contemplated being paid to the estate in the Motion.

26.    "State Court Case" shall mean the action captioned *California State Lands v. Signal Hill Service, Inc.*, No. 19CV04295 pending in the Superior Court of the State of California for the County of Santa Barbara, Civil Division.

27.    "You" or "your" shall mean AnAmerican Corporation (fdba AnAmerican Drilling, Inc.).

## DOCUMENT REQUESTS

### MOTION

1.    Documents and communications sufficient to evidence the basis of the Affiliates being Signal Hill's "affiliate" as represented in Paragraph 4 of the Motion.

2.    Documents and communications sufficient to evidence that "Russ Howard and Richard L. Carone are principals of the Affiliates" as represented in Paragraph 5 of the Motion.

3.    All documents and communications concerning the Settlement Funds, including without limitations, bank statements showing the bank account holding the Settlement Funds.

4.    Documents and communications concerning the negotiation of the Settlement Agreement.

5.    Documents and communications concerning "any claims, known or unknown, that the estate could assert against the Affiliates, its shareholders, members, officers, employees, predecessors, subsidiaries, attorneys, accountants, transferees, representatives, agents, successors and assign" as referenced in Paragraph 8(a) of the Motion.

8

6.      Documents and communications concerning any transfer made to or from AnAmerican Corporation (fdba AnAmerican Drilling, Inc.) on the one hand and Signal Hill on the other hand.

7.      Documents and communications concerning the statement in Paragraph K of the Settlement Agreement that "Howard and Carone dispute that Debtor engaged in any fraudulent transfers or failed to disclose any assets as part of the Bankruptcy Case and wish to eliminate any future litigation and the risks and costs attendant therewith relating to claims in connection with the Debtor's bankruptcy estate."

**CORPORATE STRUCTURE**

8.      An organizational chart showing the corporate structure of Signal Hill and AnAmerican Corporation (fdba AnAmerican Drilling, Inc.), together with any parents, subsidiaries, or owners.

9.      The corporate bylaws, articles of registration, and other documents concerning the governance of AnAmerican Corporation (fdba AnAmerican Drilling, Inc.).

10.     The corporate minutes of AnAmerican Corporation (fdba AnAmerican Drilling, Inc.) and other documents evidencing any corporate action or decision made by AnAmerican Corporation (fdba AnAmerican Drilling, Inc.).

11.     The state or federal tax returns filed by AnAmerican Corporation (fdba AnAmerican Drilling, Inc.).

12.     The audited or unaudited financial statements of AnAmerican Corporation (fdba AnAmerican Drilling, Inc.), including without limitation, balance sheets, statements of income, statements of cash flow, any notes to any financial statement.

9

13.     Documents and communications concerning the transfer of assets between AnAmerican Corporation (fdba AnAmerican Drilling, Inc.) on the one hand and Signal Hill, Carone, or Howard on the other hand.

### BANK STATEMENTS

14.     Statements from AnAmerican Corporation's (fdba AnAmerican Drilling, Inc.) bank accounts as well as wire confirmations, check scans, currency transaction reports, and other documents evidencing the transferor or transferee of funds and the transferor or transferee's bank account.

15.     Statements from any securities and/or securities entitlement account held in the name of AnAmerican Corporation (fdba AnAmerican Drilling, Inc.).

### PAYMENT OF MONEY BY THIRD-PARTIES

16.     Documents and communications concerning the payment of funds by AnAmerican Corporation (fdba AnAmerican Drilling, Inc.) to any third-party on behalf of Signal Hill, including without limitation, any invoices, purchase orders, and evidence of payment.

17.     Documents and communications concerning the payment by AnAmerican Corporation (fdba AnAmerican Drilling, Inc.) of any legal fees to Signal Hill's counsel concerning the Chapter 7 Case.

18.     Documents and communications concerning the payment by AnAmerican Corporation (fdba AnAmerican Drilling, Inc.) of any legal fees to Signal Hill's counsel concerning the State Court Case.

19.     Documents and communications concerning the Check, including without limitation, documents and communications concerning the funds upon which the Check is drawn and the transfer of such funds.

10

# Exhibit 11

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ Wyoming _____

In re Signal Hill Service, Inc.
_____
**Debtor**

*(Complete if issued in an adversary proceeding)*

Case No. _____ 24-20439 _____

Chapter _____ 7 _____

_____
**Plaintiff**

v.

_____
**Defendant**

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Richard L. Carone
_____
*(Name of person to whom the subpoena is directed)*

■ *Testimony*:  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| 3101 N. Central Avenue, Suite 290, Phoenix, Arizona 85012 | 08/12/26      10:00 am |

The deposition will be recorded by this method:

   Audiovisual and stenographic means.

☐ *Production*:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____ 06/30/26 _____

CLERK OF COURT

_____        OR        _____
*Signature of Clerk or Deputy Clerk*                             *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
CA State Lands Commission _____ ,  who issues or requests this subpoena, are:

Isabella Panicucci, 1300 I Street, Sacramento, CA 95814, Isabella.Panicucci@doj.ca.gov, (916) 210-7662

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

 I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Exhibit 12

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ Wyoming _____

In re  Signal Hill Service, Inc.
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. _____ 24-20439 _____

Chapter _____ 7 _____

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Russell Howard
_____
*(Name of person to whom the subpoena is directed)*

☑ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE<br>300 South Spring Street, Suite 1702, Los Angeles, California 90013 | DATE AND TIME<br>08/11/26          10:00 am |
|---|---|

The deposition will be recorded by this method:
Audiovisual and stenographic means.

☐ *Production*:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____ 06/30/26 _____

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
CA State Lands Commission ____ , who issues or requests this subpoena, are:
Isabella Panicucci, 1300 I Street, Sacramento, CA 95814, Isabella.Panicucci@doj.ca.gov, (916) 210-7662

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or

   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Exhibit 13

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ Wyoming _____

In re  Signal Hill Service, Inc.
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. _____ 24-20439 _____

Chapter _____ 7 _____

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Carone Energy Corporation
_____
*(Name of person to whom the subpoena is directed)*

■ *Testimony*:  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **See attached Exhibit A**

| PLACE<br>40 South Main Street, Sheridan, Wyoming 82801 | DATE AND TIME<br>07/30/26        10:00 am |
|---|---|

The deposition will be recorded by this method:
   Audiovisual and stenographic means.

☐ *Production*:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____ 06/30/26 _____

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR   *[signature]*
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __CA State Lands Commission__ , who issues or requests this subpoena, are:

Isabella Panicucci, 1300 I Street, Sacramento, CA 95814, Isabella.Panicucci@doj.ca.gov, (916) 210-7662

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

     I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **EXHIBIT A**

## **DEFINITIONS**

1. Unless otherwise specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

2. A reference to an entity (as opposed to a natural person) refers to the entity and to all persons affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, employees, attorneys, and corporate subsidiaries.

3. The use of a verb in any tense shall be construed as the use of that verb in all other tenses wherever necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

4. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all information that might otherwise be construed to be outside its scope.

5. "Carone" shall mean Richard Carone, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

6. "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

7. "Communication" or "communications" means every manner of transmitting, and the transmittal, or receiving, and the receipt, of facts, information, opinions, thoughts, ideas or knowledge, whether orally, in writing, or otherwise.  As used herein, "communication" and

"communications" includes, without limitation, each document concerning each communication, as defined above, and each document prepared, reviewed, discussed, received, exchanged, transmitted and/or transferred by You.  "Communication" and "communications" also includes without limitation any video or audio recordings containing facts, information, opinions, thoughts, ideas or knowledge transmitted and/or transferred.

8.      The term "concerning" means concerning, demonstrating, with respect to, referring to, relating to, regarding, substantiating, supporting, rebutting, purporting, embodying, establishing, identifying, listing, evidencing, comprising, containing, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, or constituting, whether in whole or in part, and when referring to a particular document, includes that document.

9.      "Document" or "documents" has the broadest possible meaning ascribed to it and shall mean every original writing and draft of any nature whatsoever, and all non-identical copies thereof (whether different from the original because of notes made on such copies or otherwise) of all written, printed, typed, pictorial, or recorded matter of any kind and description, including all attachments or addenda annexed thereto, whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means, as well as reproductions thereof, in your possession, custody or control, regardless of where located and includes, but is not limited to, advices, annual, monthly or weekly reports and statements, business records, checks, correspondence, emails or other electronic or digital correspondence (including text messages, SMS messages, and similar messaging technologies), contracts, prospective contracts, agreements, partnership agreements, financial statements, appraisals, corporate or partnership structure, charts, records, studies, summaries, memoranda, interoffice and intra-office memoranda, memoranda of

2

conferences and meetings, memoranda of telephone conversations, memoranda to files, time sheets, calendars, diaries, date books, journals, handwritten notes, working papers, worksheets, diagrams, minutes, agendas, bulletins, notices, announcements, prospectuses, instructions, charts, manuals, brochures, pamphlets and other publications, schedules, telegrams, teletypes, photographs, audio tapes, video tapes, electronic recordings, facsimile transmissions, electronic transmissions, information stored on computer disk and all other tangible preservations of information.  In all cases where original and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

10.     The "Affiliates" shall mean and include Carone Energy Corporation, Carone Petroleum Corporation, Republic Drilling Company, Inc., Pacific Operators, Inc. dba Pacific Operators Offshore, Inc., Verrazzano Corporation, AnAmerican Corporation, Carpinteria, and Pacific.

11.     "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

12.     "Chapter 7 Case" shall mean the case captioned *In re Signal Hill Service, Inc.*, No. 24-20439 in the U.S. Bankruptcy Court for the District of Wyoming.

13.     The "Check" means the check no. 13006, dated May 28, 2026, made payable to the "Department of Justice" in the amount of $382,352.36 from G&B Law, LLP, a copy of which is enclosed at ECF No. 113-1.

3

14. "DFA" shall mean DFA Investors Trust, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

15. The "Fee Disclosure" shall mean the *Disclosure of Compensation of Attorney for Debtor* filed in the Chapter 7 Case.

16. "Howard" shall mean Russ Howard, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

17. The "Motion" shall mean the *Motion to Approve Settlement Agreement* [ECF No. 104].

18. "Pacific" shall mean Pacific Operators Offshore, LLC, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

19. "Schedules" shall mean the schedules that were filed in the Chapter 7 Case, including without limitation, Schedule E/F, Schedule H.

20. "Schedule E/F" shall mean Official Form 206E/F, *Schedule E/F: Creditors Who Have Unsecured Claims* that was filed in the Chapter 7 Case.

21. "Schedule H" shall mean Official Form 206H, *Schedule H: Your Codebtors* that was filed in the Chapter 7 Case.

22. "Signal Hill" shall mean Signal Hill Service, Inc., together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates,

predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

23. "SOFA" shall mean the Amended *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* that was filed in the Chapter 7 Case. *See* Dkt. No. 4.

24. The "Settlement Agreement" shall have the same meaning set forth in the Motion.

25. The "Settlement Funds" shall mean the $50,000 that is contemplated being paid to the estate in the Motion.

26. "State Court Case" shall mean the action captioned *California State Lands v. Signal Hill Service, Inc.*, No. 19CV04295 pending in the Superior Court of the State of California for the County of Santa Barbara, Civil Division.

## MATTERS FOR EXAMINATION

### MOTION

1. The basis for the assertion that the Affiliates are Signal Hill's "affiliate" as represented in Paragraph 4 of the Motion.

2. The basis for the assertion that "Russ Howard and Richard L. Carone are principals of the Affiliates" as represented in Paragraph 5 of the Motion.

3. The Settlement Funds, including without limitations, the origin of the Settlement Funds and bank statements showing the bank account holding the Settlement Funds.

4. The negotiation of the Settlement Agreement.

5. The "claims, known or unknown, that the estate could assert against the Affiliates, its shareholders, members, officers, employees, predecessors, subsidiaries, attorneys, accountants, transferees, representatives, agents, successors and assign" as referenced in Paragraph 8(a) of the Motion.

5

6.    Any transfer made to or from Carone Energy Corporation on the one hand and Signal Hill on the other.

7.    The statement in Paragraph K of the Settlement Agreement that "Howard and Carone dispute that Debtor engaged in any fraudulent transfers or failed to disclose any assets as part of the Bankruptcy Case and wish to eliminate any future litigation and the risks and costs attendant therewith relating to claims in connection with the Debtor's bankruptcy estate."

**CORPORATE STRUCTURE**

8.    The corporate structure of Signal Hill and Carone Energy Corporation, together with any parents, subsidiaries, or owners.

9.    The corporate bylaws, articles of registration, and other documents concerning the governance of Carone Energy Corporation.

10.    The corporate minutes of Carone Energy Corporation and other documents evidencing any corporate action or decision made by Carone Energy Corporation.

11.    The state or federal tax returns filed by Carone Energy Corporation.

12.    The audited or unaudited financial statements of Carone Energy Corporation, including without limitation, balance sheets, statements of income, statements of cash flow, any notes to any financial statement.

13.    The transfer of assets between Carone Energy Corporation on the one hand and Signal Hill, Carone, or Howard on the other hand.

**BANK STATEMENTS**

14.    Carone Energy Corporation's bank accounts as well as wire confirmations, check scans, currency transaction reports, and other documents evidencing the transferor or transferee of funds and the transferor or transferee's bank account.

6

15.     Securities and/or securities entitlement accounts held in the name of Carone

Energy Corporation.

## PAYMENT OF MONEY BY THIRD-PARTIES

16.     The payment of funds by Carone Energy Corporation to any third-party on behalf

of Signal Hill, including without limitation, any invoices, purchase orders, and evidence of

payment.

17.     The payment by Carone Energy Corporation of any legal fees to Signal Hill's

counsel concerning the Chapter 7 Case.

18.     The payment by Carone Energy Corporation of any legal fees to Signal Hill's

counsel concerning the State Court Case.

19.     The Check, including without limitation, documents and communications

concerning the funds upon which the Check is drawn and the transfer of such funds.

# Exhibit 14

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ Wyoming _____

In re Signal Hill Service, Inc.
_____
**Debtor**

*(Complete if issued in an adversary proceeding)*

Case No. _____ 24-20439 _____

Chapter _____ 7 _____

_____
**Plaintiff**

v.

_____
**Defendant**

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Carone Petroleum Corporation
_____
*(Name of person to whom the subpoena is directed)*

■ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **See attached Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| 40 South Main Street, Sheridan, Wyoming 82801 | 07/31/26          10:00 am |

The deposition will be recorded by this method:
   Audiovisual and stenographic means.

☐ *Production*:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____ 06/30/26 _____

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
 CA State Lands Commission _____ ,  who issues or requests this subpoena, are:

Isabella Panicucci, 1300 I Street, Sacramento, CA 95814, Isabella.Panicucci@doj.ca.gov, (916) 210-7662

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

### EXHIBIT A

### DEFINITIONS

1.      Unless otherwise specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

2.      A reference to an entity (as opposed to a natural person) refers to the entity and to all persons affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, employees, attorneys, and corporate subsidiaries.

3.      The use of a verb in any tense shall be construed as the use of that verb in all other tenses wherever necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

4.      The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all information that might otherwise be construed to be outside its scope.

5.      "Carone" shall mean Richard Carone, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

6.      "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

7.      "Communication" or "communications" means every manner of transmitting, and the transmittal, or receiving, and the receipt, of facts, information, opinions, thoughts, ideas or knowledge, whether orally, in writing, or otherwise.  As used herein, "communication" and

"communications" includes, without limitation, each document concerning each communication, as defined above, and each document prepared, reviewed, discussed, received, exchanged, transmitted and/or transferred by you.  "Communication" and "communications" also includes without limitation any video or audio recordings containing facts, information, opinions, thoughts, ideas or knowledge transmitted and/or transferred.

8.      The term "concerning" means concerning, demonstrating, with respect to, referring to, relating to, regarding, substantiating, supporting, rebutting, purporting, embodying, establishing, identifying, listing, evidencing, comprising, containing, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, or constituting, whether in whole or in part, and when referring to a particular document, includes that document.

9.      "Document" or "documents" has the broadest possible meaning ascribed to it and shall mean every original writing and draft of any nature whatsoever, and all non-identical copies thereof (whether different from the original because of notes made on such copies or otherwise) of all written, printed, typed, pictorial, or recorded matter of any kind and description, including all attachments or addenda annexed thereto, whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means, as well as reproductions thereof, in your possession, custody or control, regardless of where located and includes, but is not limited to, advices, annual, monthly or weekly reports and statements, business records, checks, correspondence, emails or other electronic or digital correspondence (including text messages, SMS messages, and similar messaging technologies), contracts, prospective contracts, agreements, partnership agreements, financial statements, appraisals, corporate or partnership structure, charts, records, studies, summaries, memoranda, interoffice and intra-office memoranda, memoranda of

2

conferences and meetings, memoranda of telephone conversations, memoranda to files, time sheets, calendars, diaries, date books, journals, handwritten notes, working papers, worksheets, diagrams, minutes, agendas, bulletins, notices, announcements, prospectuses, instructions, charts, manuals, brochures, pamphlets and other publications, schedules, telegrams, teletypes, photographs, audio tapes, video tapes, electronic recordings, facsimile transmissions, electronic transmissions, information stored on computer disk and all other tangible preservations of information.  In all cases where original and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

10.     The "Affiliates" shall mean and include Carone Energy Corporation, Carone Petroleum Corporation, Republic Drilling Company, Inc., Pacific Operators, Inc. dba Pacific Operators Offshore, Inc., Verrazzano Corporation, AnAmerican Corporation, Carpinteria, and Pacific.

11.     "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

12.     "Chapter 7 Case" shall mean the case captioned *In re Signal Hill Service, Inc.*, No. 24-20439 in the U.S. Bankruptcy Court for the District of Wyoming.

13.     The "Check" means the check no. 13006, dated May 28, 2026, made payable to the "Department of Justice" in the amount of $382,352.36 from G&B Law, LLP, a copy of which is enclosed at ECF No. 113-1.

14. "DFA" shall mean DFA Investors Trust, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

15. The "Fee Disclosure" shall mean the *Disclosure of Compensation of Attorney for Debtor* filed in the Chapter 7 Case.

16. "Howard" shall mean Russ Howard, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

17. The "Motion" shall mean the *Motion to Approve Settlement Agreement* [ECF No. 104].

18. "Pacific" shall mean Pacific Operators Offshore, LLC, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

19. "Schedules" shall mean the schedules that were filed in the Chapter 7 Case.

20. "Schedule E/F" shall mean Official Form 206E/F, *Schedule E/F: Creditors Who Have Unsecured Claims* that was filed in the Chapter 7 Case, including without limitation, Schedule E/F, Schedule H.

21. "Schedule H" shall mean Official Form 206H, *Schedule H: Your Codebtors* that was filed in the Chapter 7 Case.

22. "Signal Hill" shall mean Signal Hill Service, Inc., together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates,

predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

23. "SOFA" shall mean the Amended *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* that was filed in the Chapter 7 Case. *See* Dkt. No. 4.

24. The "Settlement Agreement" shall have the same meaning set forth in the Motion.

25. The "Settlement Funds" shall mean the $50,000 that is contemplated being paid to the estate in the Motion.

26. "State Court Case" shall mean the action captioned *California State Lands v. Signal Hill Service, Inc.*, No. 19CV04295 pending in the Superior Court of the State of California for the County of Santa Barbara, Civil Division.

## MATTERS FOR EXAMINATION

### MOTION

1. The basis for the assertion that the Affiliates are Signal Hill's "affiliate" as represented in Paragraph 4 of the Motion.

2. The basis for the assertion that "Russ Howard and Richard L. Carone are principals of the Affiliates" as represented in Paragraph 5 of the Motion.

3. The Settlement Funds, including without limitations, the origin of the Settlement Funds and bank statements showing the bank account holding the Settlement Funds.

4. The negotiation of the Settlement Agreement.

5. The "claims, known or unknown, that the estate could assert against the Affiliates, its shareholders, members, officers, employees, predecessors, subsidiaries, attorneys, accountants, transferees, representatives, agents, successors and assign" as referenced in Paragraph 8(a) of the Motion.

6.      Any transfer made to or from Carone Petroleum Corporation on the one hand and Signal Hill on the other hand.

7.      The statement in Paragraph K of the Settlement Agreement that "Howard and Carone dispute that Debtor engaged in any fraudulent transfers or failed to disclose any assets as part of the Bankruptcy Case and wish to eliminate any future litigation and the risks and costs attendant therewith relating to claims in connection with the Debtor's bankruptcy estate."

**CORPORATE STRUCTURE**

8.      The corporate structure of Signal Hill and Carone Petroleum Corporation, together with any parents, subsidiaries, or owners.

9.      The corporate bylaws, articles of registration, and other documents concerning the governance of Carone Petroleum Corporation.

10.     The corporate minutes of Carone Petroleum Corporation and other documents evidencing any corporate action or decision made by Carone Petroleum Corporation.

11.     The state or federal tax returns filed by Carone Petroleum Corporation.

12.     The audited or unaudited financial statements of Carone Petroleum Corporation, including without limitation, balance sheets, statements of income, statements of cash flow, any notes to any financial statement.

13.     The transfer of assets between Carone Petroleum Corporation on the one hand and Signal Hill, Carone, or Howard on the other hand.

**BANK STATEMENTS**

14.     Carone Petroleum Corporation's bank accounts as well as wire confirmations, check scans, currency transaction reports, and other documents evidencing the transferor or transferee of funds and the transferor or transferee's bank account.

6

15. Securities and/or securities entitlement accounts held in the name of Carone Petroleum Corporation.

**PAYMENT OF MONEY BY THIRD-PARTIES**

16. The payment of funds by Carone Petroleum Corporation to any third-party on behalf of Signal Hill, including without limitation, any invoices, purchase orders, and evidence of payment.

17. The payment by Carone Petroleum Corporation of any legal fees to Signal Hill's counsel concerning the Chapter 7 Case.

18. The payment by Carone Petroleum Corporation of any legal fees to Signal Hill's counsel concerning the State Court Case.

19. The Check, including without limitation, documents and communications concerning the funds upon which the Check is drawn and the transfer of such funds.

# Exhibit 15

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ **Wyoming** _____

In re **Signal Hill Service, Inc.** _____
**Debtor**

*(Complete if issued in an adversary proceeding)*

Case No. _____ **24-20439** _____

Chapter _____ **7** _____

_____
**Plaintiff**

v.

Adv. Proc. No. _____

_____
**Defendant**

### SUBPOENA TO TESTIFY AT A DEPOSITION
### IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Republic Drilling Company** _____

*(Name of person to whom the subpoena is directed)*

■ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **See attached Exhibit A**

| PLACE<br>40 South Main Street, Sheridan, Wyoming 82801 | DATE AND TIME<br>08/03/26          10:00 am |
|---|---|

The deposition will be recorded by this method:
Audiovisual and stenographic means.

☐ *Production*:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____ **06/30/26** _____

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*[signature]*
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
**CA State Lands Commission** _____ ,  who issues or requests this subpoena, are:

Isabella Panicucci, 1300 I Street, Sacramento, CA 95814, Isabella.Panicucci@doj.ca.gov, (916) 210-7662

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

■ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **EXHIBIT A**

## **DEFINITIONS**

1.      Unless otherwise specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

2.      A reference to an entity (as opposed to a natural person) refers to the entity and to all persons affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, employees, attorneys, and corporate subsidiaries.

3.      The use of a verb in any tense shall be construed as the use of that verb in all other tenses wherever necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

4.      The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all information that might otherwise be construed to be outside its scope.

5.      "Carone" shall mean Richard Carone, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

6.      "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

7.      "Communication" or "communications" means every manner of transmitting, and the transmittal, or receiving, and the receipt, of facts, information, opinions, thoughts, ideas or knowledge, whether orally, in writing, or otherwise.  As used herein, "communication" and

"communications" includes, without limitation, each document concerning each communication, as defined above, and each document prepared, reviewed, discussed, received, exchanged, transmitted and/or transferred by you.  "Communication" and "communications" also includes without limitation any video or audio recordings containing facts, information, opinions, thoughts, ideas or knowledge transmitted and/or transferred.

8.     The term "concerning" means concerning, demonstrating, with respect to, referring to, relating to, regarding, substantiating, supporting, rebutting, purporting, embodying, establishing, identifying, listing, evidencing, comprising, containing, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, or constituting, whether in whole or in part, and when referring to a particular document, includes that document.

9.     "Document" or "documents" has the broadest possible meaning ascribed to it and shall mean every original writing and draft of any nature whatsoever, and all non-identical copies thereof (whether different from the original because of notes made on such copies or otherwise) of all written, printed, typed, pictorial, or recorded matter of any kind and description, including all attachments or addenda annexed thereto, whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means, as well as reproductions thereof, in your possession, custody or control, regardless of where located and includes, but is not limited to, advices, annual, monthly or weekly reports and statements, business records, checks, correspondence, emails or other electronic or digital correspondence (including text messages, SMS messages, and similar messaging technologies), contracts, prospective contracts, agreements, partnership agreements, financial statements, appraisals, corporate or partnership structure, charts, records, studies, summaries, memoranda, interoffice and intra-office memoranda, memoranda of

conferences and meetings, memoranda of telephone conversations, memoranda to files, time sheets, calendars, diaries, date books, journals, handwritten notes, working papers, worksheets, diagrams, minutes, agendas, bulletins, notices, announcements, prospectuses, instructions, charts, manuals, brochures, pamphlets and other publications, schedules, telegrams, teletypes, photographs, audio tapes, video tapes, electronic recordings, facsimile transmissions, electronic transmissions, information stored on computer disk and all other tangible preservations of information.  In all cases where original and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

10.     The "Affiliates" shall mean and include Carone Energy Corporation, Carone Petroleum Corporation, Republic Drilling Company, Inc., Pacific Operators, Inc. dba Pacific Operators Offshore, Inc., Verrazzano Corporation, AnAmerican Corporation, Carpinteria, and Pacific.

11.     "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

12.     "Chapter 7 Case" shall mean the case captioned *In re Signal Hill Service, Inc.*, No. 24-20439 in the U.S. Bankruptcy Court for the District of Wyoming.

13.     The "Check" means the check no. 13006, dated May 28, 2026, made payable to the "Department of Justice" in the amount of $382,352.36 from G&B Law, LLP, a copy of which is enclosed at ECF No. 113-1.

3

14. "DFA" shall mean DFA Investors Trust, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

15. The "Fee Disclosure" shall mean the *Disclosure of Compensation of Attorney for Debtor* filed in the Chapter 7 Case.

16. "Howard" shall mean Russ Howard, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

17. The "Motion" shall mean the *Motion to Approve Settlement Agreement* [ECF No. 104].

18. "Pacific" shall mean Pacific Operators Offshore, LLC, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

19. "Schedules" shall mean the schedules that were filed in the Chapter 7 Case, including without limitation, Schedule E/F, Schedule H.

20. "Schedule E/F" shall mean Official Form 206E/F, *Schedule E/F: Creditors Who Have Unsecured Claims* that was filed in the Chapter 7 Case.

21. "Schedule H" shall mean Official Form 206H, *Schedule H: Your Codebtors* that was filed in the Chapter 7 Case.

22. "Signal Hill" shall mean Signal Hill Service, Inc., together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates,

4

predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

23.     "SOFA" shall mean the Amended *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* that was filed in the Chapter 7 Case.  *See* Dkt. No. 4.

24.     The "Settlement Agreement" shall have the same meaning set forth in the Motion.

25.     The "Settlement Funds" shall mean the $50,000 that is contemplated being paid to the estate in the Motion.

26.     "State Court Case" shall mean the action captioned *California State Lands v. Signal Hill Service, Inc.*, No. 19CV04295 pending in the Superior Court of the State of California for the County of Santa Barbara, Civil Division.

## MATTERS FOR EXAMINATION

### MOTION

1.     The basis for the assertion that the Affiliates are Signal Hill's "affiliate" as represented in Paragraph 4 of the Motion.

2.     The basis for the assertion that "Russ Howard and Richard L. Carone are principals of the Affiliates" as represented in Paragraph 5 of the Motion.

3.     The Settlement Funds, including without limitations, the origin of the Settlement Funds and bank statements showing the bank account holding the Settlement Funds.

4.     The negotiation of the Settlement Agreement.

5.     The "claims, known or unknown, that the estate could assert against the Affiliates, its shareholders, members, officers, employees, predecessors, subsidiaries, attorneys, accountants, transferees, representatives, agents, successors and assign" as referenced in Paragraph 8(a) of the Motion.

5

6. Any transfer made to or from Republic Drilling Company on the one hand and Signal Hill on the other hand.

7. The statement in Paragraph K of the Settlement Agreement that "Howard and Carone dispute that Debtor engaged in any fraudulent transfers or failed to disclose any assets as part of the Bankruptcy Case and wish to eliminate any future litigation and the risks and costs attendant therewith relating to claims in connection with the Debtor's bankruptcy estate."

**CORPORATE STRUCTURE**

8. The corporate structure of Signal Hill and Republic Drilling Company, together with any parents, subsidiaries, or owners.

9. The corporate bylaws, articles of registration, and other documents concerning the governance of Republic Drilling Company.

10. The corporate minutes of Republic Drilling Company and other documents evidencing any corporate action or decision made by the Affiliates.

11. The state or federal tax returns filed by Republic Drilling Company.

12. The audited or unaudited financial statements of Republic Drilling Company, including without limitation, balance sheets, statements of income, statements of cash flow, any notes to any financial statement.

13. The transfer of assets between Republic Drilling Company on the one hand and Signal Hill, Carone, or Howard on the other hand.

**BANK STATEMENTS**

14. Republic Drilling Company's bank accounts as well as wire confirmations, check scans, currency transaction reports, and other documents evidencing the transferor or transferee of funds and the transferor or transferee's bank account.

6

15.     Securities and/or securities entitlement accounts held in the name of Republic Drilling Company.

**PAYMENT OF MONEY BY THIRD-PARTIES**

16.     The payment of funds by Republic Drilling Company to any third-party on behalf of Signal Hill, including without limitation, any invoices, purchase orders, and evidence of payment.

17.     The payment by Republic Drilling Company of any legal fees to Signal Hill's counsel concerning the Chapter 7 Case.

18.     The payment by Republic Drilling Company of any legal fees to Signal Hill's counsel concerning the State Court Case.

19.     The Check, including without limitation, documents and communications concerning the funds upon which the Check is drawn and the transfer of such funds.

# Exhibit 16

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ Wyoming _____

In re Signal Hill Service, Inc. _____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. _____ 24-20439 _____

Chapter _____ 7 _____

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Pacific Operators Offshore, LLC _____
*(Name of person to whom the subpoena is directed)*

☑ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **See attached Exhibit A**

| PLACE<br>40 South Main Street, Sheridan, Wyoming 82801 | DATE AND TIME<br>08/04/26          10:00 am |
|---|---|

The deposition will be recorded by this method:
  Audiovisual and stenographic means.

☐ *Production*:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____ 06/30/26 _____

CLERK OF COURT

_____          OR          *[signature]*
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* CA State Lands Commission _____ , who issues or requests this subpoena, are:

Isabella Panicucci, 1300 I Street, Sacramento, CA 95814, Isabella.Panicucci@doj.ca.gov, (916) 210-7662

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

## DEFINITIONS

1.      Unless otherwise specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

2.      A reference to an entity (as opposed to a natural person) refers to the entity and to all persons affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, employees, attorneys, and corporate subsidiaries.

3.      The use of a verb in any tense shall be construed as the use of that verb in all other tenses wherever necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

4.      The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all information that might otherwise be construed to be outside its scope.

5.      "Carone" shall mean Richard Carone, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

6.      "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

7.      "Communication" or "communications" means every manner of transmitting, and the transmittal, or receiving, and the receipt, of facts, information, opinions, thoughts, ideas or knowledge, whether orally, in writing, or otherwise.  As used herein, "communication" and

"communications" includes, without limitation, each document concerning each communication, as defined above, and each document prepared, reviewed, discussed, received, exchanged, transmitted and/or transferred by you. "Communication" and "communications" also includes without limitation any video or audio recordings containing facts, information, opinions, thoughts, ideas or knowledge transmitted and/or transferred.

8.      The term "concerning" means concerning, demonstrating, with respect to, referring to, relating to, regarding, substantiating, supporting, rebutting, purporting, embodying, establishing, identifying, listing, evidencing, comprising, containing, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, or constituting, whether in whole or in part, and when referring to a particular document, includes that document.

9.      "Document" or "documents" has the broadest possible meaning ascribed to it and shall mean every original writing and draft of any nature whatsoever, and all non-identical copies thereof (whether different from the original because of notes made on such copies or otherwise) of all written, printed, typed, pictorial, or recorded matter of any kind and description, including all attachments or addenda annexed thereto, whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means, as well as reproductions thereof, in your possession, custody or control, regardless of where located and includes, but is not limited to, advices, annual, monthly or weekly reports and statements, business records, checks, correspondence, emails or other electronic or digital correspondence (including text messages, SMS messages, and similar messaging technologies), contracts, prospective contracts, agreements, partnership agreements, financial statements, appraisals, corporate or partnership structure, charts, records, studies, summaries, memoranda, interoffice and intra-office memoranda, memoranda of

2

conferences and meetings, memoranda of telephone conversations, memoranda to files, time sheets, calendars, diaries, date books, journals, handwritten notes, working papers, worksheets, diagrams, minutes, agendas, bulletins, notices, announcements, prospectuses, instructions, charts, manuals, brochures, pamphlets and other publications, schedules, telegrams, teletypes, photographs, audio tapes, video tapes, electronic recordings, facsimile transmissions, electronic transmissions, information stored on computer disk and all other tangible preservations of information.  In all cases where original and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

10.     The "Affiliates" shall mean and include Carone Energy Corporation, Carone Petroleum Corporation, Republic Drilling Company, Inc., Pacific Operators, Inc. dba Pacific Operators Offshore, Inc., Verrazzano Corporation, AnAmerican Corporation, Carpinteria, and Pacific.

11.     "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

12.     "Chapter 7 Case" shall mean the case captioned *In re Signal Hill Service, Inc.*, No. 24-20439 in the U.S. Bankruptcy Court for the District of Wyoming.

13.     The "Check" means the check no. 13006, dated May 28, 2026, made payable to the "Department of Justice" in the amount of $382,352.36 from G&B Law, LLP, a copy of which is enclosed at ECF No. 113-1.

3

14. "DFA" shall mean DFA Investors Trust, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

15. The "Fee Disclosure" shall mean the *Disclosure of Compensation of Attorney for Debtor* filed in the Chapter 7 Case.

16. "Howard" shall mean Russ Howard, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

17. The "Motion" shall mean the *Motion to Approve Settlement Agreement* [ECF No. 104].

18. "Pacific" shall mean Pacific Operators Offshore, LLC, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

19. "Schedules" shall mean the schedules that were filed in the Chapter 7 Case, including without limitation, Schedule E/F, Schedule H.

20. "Schedule E/F" shall mean Official Form 206E/F, *Schedule E/F: Creditors Who Have Unsecured Claims* that was filed in the Chapter 7 Case.

21. "Schedule H" shall mean Official Form 206H, *Schedule H: Your Codebtors* that was filed in the Chapter 7 Case.

22. "Signal Hill" shall mean Signal Hill Service, Inc., together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates,

predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

23.     "SOFA" shall mean the Amended *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* that was filed in the Chapter 7 Case. *See* Dkt. No. 4.

24.     The "Settlement Agreement" shall have the same meaning set forth in the Motion.

25.     The "Settlement Funds" shall mean the $50,000 that is contemplated being paid to the estate in the Motion.

26.     "State Court Case" shall mean the action captioned *California State Lands v. Signal Hill Service, Inc.*, No. 19CV04295 pending in the Superior Court of the State of California for the County of Santa Barbara, Civil Division.

## MATTERS FOR EXAMINATION

### MOTION

1.     The basis for the assertion that the Affiliates are Signal Hill's "affiliate" as represented in Paragraph 4 of the Motion.

2.     The basis for the assertion that "Russ Howard and Richard L. Carone are principals of the Affiliates" as represented in Paragraph 5 of the Motion.

3.     The Settlement Funds, including without limitations, the origin of the Settlement Funds and bank statements showing the bank account holding the Settlement Funds.

4.     The negotiation of the Settlement Agreement.

5.     The "claims, known or unknown, that the estate could assert against the Affiliates, its shareholders, members, officers, employees, predecessors, subsidiaries, attorneys, accountants, transferees, representatives, agents, successors and assign" as referenced in Paragraph 8(a) of the Motion.

5

6.      Any transfer made to or from Pacific on the one hand and Signal Hill on the other hand.

7.      The statement in Paragraph K of the Settlement Agreement that "Howard and Carone dispute that Debtor engaged in any fraudulent transfers or failed to disclose any assets as part of the Bankruptcy Case and wish to eliminate any future litigation and the risks and costs attendant therewith relating to claims in connection with the Debtor's bankruptcy estate."

**CORPORATE STRUCTURE**

8.      The corporate structure of Signal Hill and Pacific, together with any parents, subsidiaries, or owners.

9.      The corporate bylaws, articles of registration, and other documents concerning the governance of Pacific.

10.     The corporate minutes of Pacific and other documents evidencing any corporate action or decision made by Pacific.

11.     The state or federal tax returns filed by Pacific.

12.     The audited or unaudited financial statements of Pacific, including without limitation, balance sheets, statements of income, statements of cash flow, any notes to any financial statement.

13.     The transfer of assets between Pacific on the one hand and Signal Hill, Carone, or Howard on the other hand.

**BANK STATEMENTS**

14.     Pacific's bank accounts as well as wire confirmations, check scans, currency transaction reports, and other documents evidencing the transferor or transferee of funds and the transferor or transferee's bank account.

6

15. Securities and/or securities entitlement accounts held in the name of Pacific.

**<u>PAYMENT OF MONEY BY THIRD-PARTIES</u>**

16. The payment of funds by Pacific to any third-party on behalf of Signal Hill, including without limitation, any invoices, purchase orders, and evidence of payment.

17. The payment by Pacific of any legal fees to Signal Hill's counsel concerning the Chapter 7 Case.

18. The payment by Pacific of any legal fees to Signal Hill's counsel concerning the State Court Case.

19. The Check, including without limitation, documents and communications concerning the funds upon which the Check is drawn and the transfer of such funds.

# Exhibit 17

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ Wyoming _____

In re  Signal Hill Service, Inc. _____
                        Debtor

*(Complete if issued in an adversary proceeding)*

Case No. _____ 24-20439 _____

Chapter _____ 7 _____

_____
                        Plaintiff

v.

_____
                        Defendant

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Pacific Operators, Inc., dba Pacific Operators Offshore, Inc. _____
                        *(Name of person to whom the subpoena is directed)*

☒ *Testimony*:  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **See attached Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| 40 South Main Street, Sheridan, Wyoming 82801 | 08/05/26          10:00 am |

The deposition will be recorded by this method:
   Audiovisual and stenographic means.

☐ *Production*:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____ 06/30/26 _____

CLERK OF COURT

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
 CA State Lands Commission _____ , who issues or requests this subpoena, are:
Isabella Panicucci, 1300 I Street, Sacramento, CA 95814, Isabella.Panicucci@doj.ca.gov, (916) 210-7662

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
 (i) is a party or a party's officer; or
 (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
 (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
 (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
 (i) fails to allow a reasonable time to comply;
 (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
 (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
 (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
 (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
 (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
 (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
 (i) expressly make the claim; and
 (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

## DEFINITIONS

1.      Unless otherwise specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

2.      A reference to an entity (as opposed to a natural person) refers to the entity and to all persons affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, employees, attorneys, and corporate subsidiaries.

3.      The use of a verb in any tense shall be construed as the use of that verb in all other tenses wherever necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

4.      The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all information that might otherwise be construed to be outside its scope.

5.      "Carone" shall mean Richard Carone, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

6.      "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

7.      "Communication" or "communications" means every manner of transmitting, and the transmittal, or receiving, and the receipt, of facts, information, opinions, thoughts, ideas or knowledge, whether orally, in writing, or otherwise.  As used herein, "communication" and

"communications" includes, without limitation, each document concerning each communication, as defined above, and each document prepared, reviewed, discussed, received, exchanged, transmitted and/or transferred by you.  "Communication" and "communications" also includes without limitation any video or audio recordings containing facts, information, opinions, thoughts, ideas or knowledge transmitted and/or transferred.

8.      The term "concerning" means concerning, demonstrating, with respect to, referring to, relating to, regarding, substantiating, supporting, rebutting, purporting, embodying, establishing, identifying, listing, evidencing, comprising, containing, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, or constituting, whether in whole or in part, and when referring to a particular document, includes that document.

9.      "Document" or "documents" has the broadest possible meaning ascribed to it and shall mean every original writing and draft of any nature whatsoever, and all non-identical copies thereof (whether different from the original because of notes made on such copies or otherwise) of all written, printed, typed, pictorial, or recorded matter of any kind and description, including all attachments or addenda annexed thereto, whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means, as well as reproductions thereof, in your possession, custody or control, regardless of where located and includes, but is not limited to, advices, annual, monthly or weekly reports and statements, business records, checks, correspondence, emails or other electronic or digital correspondence (including text messages, SMS messages, and similar messaging technologies), contracts, prospective contracts, agreements, partnership agreements, financial statements, appraisals, corporate or partnership structure, charts, records, studies, summaries, memoranda, interoffice and intra-office memoranda, memoranda of

2

conferences and meetings, memoranda of telephone conversations, memoranda to files, time sheets, calendars, diaries, date books, journals, handwritten notes, working papers, worksheets, diagrams, minutes, agendas, bulletins, notices, announcements, prospectuses, instructions, charts, manuals, brochures, pamphlets and other publications, schedules, telegrams, teletypes, photographs, audio tapes, video tapes, electronic recordings, facsimile transmissions, electronic transmissions, information stored on computer disk and all other tangible preservations of information.  In all cases where original and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

10.     The "Affiliates" shall mean and include Carone Energy Corporation, Carone Petroleum Corporation, Republic Drilling Company, Inc., Pacific Operators, Inc. dba Pacific Operators Offshore, Inc., Verrazzano Corporation, AnAmerican Corporation, Carpinteria, and Pacific.

11.     "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

12.     "Chapter 7 Case" shall mean the case captioned *In re Signal Hill Service, Inc.*, No. 24-20439 in the U.S. Bankruptcy Court for the District of Wyoming.

13.     The "Check" means the check no. 13006, dated May 28, 2026, made payable to the "Department of Justice" in the amount of $382,352.36 from G&B Law, LLP, a copy of which is enclosed at ECF No. 113-1.

3

14.    "DFA" shall mean DFA Investors Trust, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

15.    The "Fee Disclosure" shall mean the *Disclosure of Compensation of Attorney for Debtor* filed in the Chapter 7 Case.

16.    "Howard" shall mean Russ Howard, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

17.    The "Motion" shall mean the *Motion to Approve Settlement Agreement* [ECF No. 104].

18.    "Pacific" shall mean Pacific Operators Offshore, LLC, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

19.    "Schedules" shall mean the schedules that were filed in the Chapter 7 Case, including without limitation, Schedule E/F, Schedule H.

20.    "Schedule E/F" shall mean Official Form 206E/F, *Schedule E/F: Creditors Who Have Unsecured Claims* that was filed in the Chapter 7 Case.

21.    "Schedule H" shall mean Official Form 206H, *Schedule H: Your Codebtors* that was filed in the Chapter 7 Case.

22.    "Signal Hill" shall mean Signal Hill Service, Inc., together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates,

4

predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

23.     "SOFA" shall mean the Amended *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* that was filed in the Chapter 7 Case.  *See* Dkt. No. 4.

24.     The "Settlement Agreement" shall have the same meaning set forth in the Motion.

25.     The "Settlement Funds" shall mean the $50,000 that is contemplated being paid to the estate in the Motion.

26.     "State Court Case" shall mean the action captioned *California State Lands v. Signal Hill Service, Inc.*, No. 19CV04295 pending in the Superior Court of the State of California for the County of Santa Barbara, Civil Division.

## MATTERS FOR EXAMINATION

### MOTION

1.     The basis for the assertion that the Affiliates are Signal Hill's "affiliate" as represented in Paragraph 4 of the Motion.

2.     The basis for the assertion that "Russ Howard and Richard L. Carone are principals of the Affiliates" as represented in Paragraph 5 of the Motion.

3.     The Settlement Funds, including without limitations, the origin of the Settlement Funds and bank statements showing the bank account holding the Settlement Funds.

4.     The negotiation of the Settlement Agreement.

5.     The "claims, known or unknown, that the estate could assert against the Affiliates, its shareholders, members, officers, employees, predecessors, subsidiaries, attorneys, accountants, transferees, representatives, agents, successors and assign" as referenced in Paragraph 8(a) of the Motion.

6. Any transfer made to or from Pacific Operators, Inc., dba Pacific Operators Offshore, Inc. on the one hand and Signal Hill on the other hand.

7. The statement in Paragraph K of the Settlement Agreement that "Howard and Carone dispute that Debtor engaged in any fraudulent transfers or failed to disclose any assets as part of the Bankruptcy Case and wish to eliminate any future litigation and the risks and costs attendant therewith relating to claims in connection with the Debtor's bankruptcy estate."

**CORPORATE STRUCTURE**

8. The corporate structure of Signal Hill and Pacific Operators, Inc., dba Pacific Operators Offshore, Inc., together with any parents, subsidiaries, or owners.

9. The corporate bylaws, articles of registration, and other documents concerning the governance of Pacific Operators, Inc., dba Pacific Operators Offshore, Inc.

10. The corporate minutes of Pacific Operators, Inc., dba Pacific Operators Offshore, Inc. and other documents evidencing any corporate action or decision made by Pacific Operators, Inc., dba Pacific Operators Offshore, Inc.

11. The state or federal tax returns filed by Pacific Operators, Inc., dba Pacific Operators Offshore, Inc.

12. The audited or unaudited financial statements of Pacific Operators, Inc., dba Pacific Operators Offshore, Inc., including without limitation, balance sheets, statements of income, statements of cash flow, any notes to any financial statement.

13. The transfer of assets between Pacific Operators, Inc., dba Pacific Operators Offshore, Inc. on the one hand and Signal Hill, Carone, or Howard on the other hand.

6

**BANK STATEMENTS**

14.     Pacific Operators, Inc., dba Pacific Operators Offshore, Inc.'s bank accounts as well as wire confirmations, check scans, currency transaction reports, and other documents evidencing the transferor or transferee of funds and the transferor or transferee's bank account.

15.     Securities and/or securities entitlement accounts held in the name of Pacific Operators, Inc., dba Pacific Operators Offshore, Inc.

**PAYMENT OF MONEY BY THIRD-PARTIES**

16.     The payment of funds by Pacific Operators, Inc., dba Pacific Operators Offshore, Inc. to any third-party on behalf of Signal Hill, including without limitation, any invoices, purchase orders, and evidence of payment.

17.     The payment by Pacific Operators, Inc., dba Pacific Operators Offshore, Inc. of any legal fees to Signal Hill's counsel concerning the Chapter 7 Case.

18.     The payment by Pacific Operators, Inc., dba Pacific Operators Offshore, Inc. of any legal fees to Signal Hill's counsel concerning the State Court Case.

19.     The Check, including without limitation, documents and communications concerning the funds upon which the Check is drawn and the transfer of such funds.

# Exhibit 18

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ Wyoming _____

In re  Signal Hill Service, Inc. _____
_____ Debtor

*(Complete if issued in an adversary proceeding)*

Case No. _____ 24-20439 _____

Chapter _____ 7 _____

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Verrazzano Corporation _____

*(Name of person to whom the subpoena is directed)*

☑ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **See attached Exhibit A**

| PLACE<br>40 South Main Street, Sheridan, Wyoming 82801 | DATE AND TIME<br>08/06/26          10:00 am |
|---|---|

The deposition will be recorded by this method:
    Audiovisual and stenographic means.

☐ *Production*:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____ 06/30/26 _____

CLERK OF COURT

OR

_____           _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
  CA State Lands Commission _____ , who issues or requests this subpoena, are:

Isabella Panicucci, 1300 I Street, Sacramento, CA 95814, Isabella.Panicucci@doj.ca.gov, (916) 210-7662

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

## DEFINITIONS

1.     Unless otherwise specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

2.     A reference to an entity (as opposed to a natural person) refers to the entity and to all persons affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, employees, attorneys, and corporate subsidiaries.

3.     The use of a verb in any tense shall be construed as the use of that verb in all other tenses wherever necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

4.     The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all information that might otherwise be construed to be outside its scope.

5.     "Carone" shall mean Richard Carone, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

6.     "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

7.     "Communication" or "communications" means every manner of transmitting, and the transmittal, or receiving, and the receipt, of facts, information, opinions, thoughts, ideas or knowledge, whether orally, in writing, or otherwise.  As used herein, "communication" and

"communications" includes, without limitation, each document concerning each communication, as defined above, and each document prepared, reviewed, discussed, received, exchanged, transmitted and/or transferred by you. "Communication" and "communications" also includes without limitation any video or audio recordings containing facts, information, opinions, thoughts, ideas or knowledge transmitted and/or transferred.

8.      The term "concerning" means concerning, demonstrating, with respect to, referring to, relating to, regarding, substantiating, supporting, rebutting, purporting, embodying, establishing, identifying, listing, evidencing, comprising, containing, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, or constituting, whether in whole or in part, and when referring to a particular document, includes that document.

9.      "Document" or "documents" has the broadest possible meaning ascribed to it and shall mean every original writing and draft of any nature whatsoever, and all non-identical copies thereof (whether different from the original because of notes made on such copies or otherwise) of all written, printed, typed, pictorial, or recorded matter of any kind and description, including all attachments or addenda annexed thereto, whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means, as well as reproductions thereof, in your possession, custody or control, regardless of where located and includes, but is not limited to, advices, annual, monthly or weekly reports and statements, business records, checks, correspondence, emails or other electronic or digital correspondence (including text messages, SMS messages, and similar messaging technologies), contracts, prospective contracts, agreements, partnership agreements, financial statements, appraisals, corporate or partnership structure, charts, records, studies, summaries, memoranda, interoffice and intra-office memoranda, memoranda of

2

conferences and meetings, memoranda of telephone conversations, memoranda to files, time sheets, calendars, diaries, date books, journals, handwritten notes, working papers, worksheets, diagrams, minutes, agendas, bulletins, notices, announcements, prospectuses, instructions, charts, manuals, brochures, pamphlets and other publications, schedules, telegrams, teletypes, photographs, audio tapes, video tapes, electronic recordings, facsimile transmissions, electronic transmissions, information stored on computer disk and all other tangible preservations of information.  In all cases where original and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

10.    The "Affiliates" shall mean and include Carone Energy Corporation, Carone Petroleum Corporation, Republic Drilling Company, Inc., Pacific Operators, Inc. dba Pacific Operators Offshore, Inc., Verrazzano Corporation, AnAmerican Corporation, Carpinteria, and Pacific.

11.    "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

12.    "Chapter 7 Case" shall mean the case captioned *In re Signal Hill Service, Inc.*, No. 24-20439 in the U.S. Bankruptcy Court for the District of Wyoming.

13.    The "Check" means the check no. 13006, dated May 28, 2026, made payable to the "Department of Justice" in the amount of $382,352.36 from G&B Law, LLP, a copy of which is enclosed at ECF No. 113-1.

14.     "DFA" shall mean DFA Investors Trust, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

15.     The "Fee Disclosure" shall mean the *Disclosure of Compensation of Attorney for Debtor* filed in the Chapter 7 Case.

16.     "Howard" shall mean Russ Howard, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

17.     The "Motion" shall mean the *Motion to Approve Settlement Agreement* [ECF No. 104].

18.     "Pacific" shall mean Pacific Operators Offshore, LLC, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

19.     "Schedules" shall mean the schedules that were filed in the Chapter 7 Case, including without limitation, Schedule E/F, Schedule H.

20.     "Schedule E/F" shall mean Official Form 206E/F, *Schedule E/F: Creditors Who Have Unsecured Claims* that was filed in the Chapter 7 Case.

21.     "Schedule H" shall mean Official Form 206H, *Schedule H: Your Codebtors* that was filed in the Chapter 7 Case.

22.     "Signal Hill" shall mean Signal Hill Service, Inc., together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates,

4

predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

23.     "SOFA" shall mean the Amended *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* that was filed in the Chapter 7 Case.  *See* Dkt. No. 4.

24.     The "Settlement Agreement" shall have the same meaning set forth in the Motion.

25.     The "Settlement Funds" shall mean the $50,000 that is contemplated being paid to the estate in the Motion.

26.     "State Court Case" shall mean the action captioned *California State Lands v. Signal Hill Service, Inc.*, No. 19CV04295 pending in the Superior Court of the State of California for the County of Santa Barbara, Civil Division.

**MATTERS FOR EXAMINATION**

**MOTION**

1.     The basis for the assertion that the Affiliates are Signal Hill's "affiliate" as represented in Paragraph 4 of the Motion.

2.     The basis for the assertion that "Russ Howard and Richard L. Carone are principals of the Affiliates" as represented in Paragraph 5 of the Motion.

3.     The Settlement Funds, including without limitations, the origin of the Settlement Funds and bank statements showing the bank account holding the Settlement Funds.

4.     The negotiation of the Settlement Agreement.

5.     The "claims, known or unknown, that the estate could assert against the Affiliates, its shareholders, members, officers, employees, predecessors, subsidiaries, attorneys, accountants, transferees, representatives, agents, successors and assign" as referenced in Paragraph 8(a) of the Motion.

5

6.      Any transfer made to or from Verrazzano Corporation on the one hand and Signal Hill on the other hand.

7.      The statement in Paragraph K of the Settlement Agreement that "Howard and Carone dispute that Debtor engaged in any fraudulent transfers or failed to disclose any assets as part of the Bankruptcy Case and wish to eliminate any future litigation and the risks and costs attendant therewith relating to claims in connection with the Debtor's bankruptcy estate."

**CORPORATE STRUCTURE**

8.      The corporate structure of Signal Hill and Verrazzano Corporation, together with any parents, subsidiaries, or owners.

9.      The corporate bylaws, articles of registration, and other documents concerning the governance of Verrazzano Corporation.

10.     The corporate minutes of Verrazzano Corporation and other documents evidencing any corporate action or decision made by Verrazzano Corporation.

11.     The state or federal tax returns filed by Verrazzano Corporation.

12.     The audited or unaudited financial statements of Verrazzano Corporation, including without limitation, balance sheets, statements of income, statements of cash flow, any notes to any financial statement.

13.     The transfer of assets between Verrazzano Corporation on the one hand and Signal Hill, Carone, or Howard on the other hand.

**BANK STATEMENTS**

14.     Verrazzano Corporation's bank accounts as well as wire confirmations, check scans, currency transaction reports, and other documents evidencing the transferor or transferee of funds and the transferor or transferee's bank account.

6

15.     Securities and/or securities entitlement accounts held in the name of Verrazzano Corporation.

## PAYMENT OF MONEY BY THIRD-PARTIES

16.     The payment of funds by Verrazzano Corporation to any third-party on behalf of Signal Hill, including without limitation, any invoices, purchase orders, and evidence of payment.

17.     The payment by Verrazzano Corporation of any legal fees to Signal Hill's counsel concerning the Chapter 7 Case.

18.     The payment by Verrazzano Corporation of any legal fees to Signal Hill's counsel concerning the State Court Case.

19.     The Check, including without limitation, documents and communications concerning the funds upon which the Check is drawn and the transfer of such funds.

# Exhibit 19

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ Wyoming _____

In re Signal Hill Service, Inc.
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. _____ 24-20439 _____

Chapter _____ 7 _____

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Carpinteria Offshore Project Partnership, Ltd.
_____
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **See attached Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| 40 South Main Street, Sheridan, Wyoming 82801 | 08/07/26          10:00 am |

The deposition will be recorded by this method:
   Audiovisual and stenographic means.

☐ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____ 06/30/26 _____

CLERK OF COURT

_____          OR     *(signature)*
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
CA State Lands Commission _____ , who issues or requests this subpoena, are:
Isabella Panicucci, 1300 I Street, Sacramento, CA 95814, Isabella.Panicucci@doj.ca.gov, (916) 210-7662

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

■ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

## DEFINITIONS

1.      Unless otherwise specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

2.      A reference to an entity (as opposed to a natural person) refers to the entity and to all persons affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, employees, attorneys, and corporate subsidiaries.

3.      The use of a verb in any tense shall be construed as the use of that verb in all other tenses wherever necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

4.      The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all information that might otherwise be construed to be outside its scope.

5.      "Carone" shall mean Richard Carone, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

6.      "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

7.      "Communication" or "communications" means every manner of transmitting, and the transmittal, or receiving, and the receipt, of facts, information, opinions, thoughts, ideas or knowledge, whether orally, in writing, or otherwise.  As used herein, "communication" and

"communications" includes, without limitation, each document concerning each communication, as defined above, and each document prepared, reviewed, discussed, received, exchanged, transmitted and/or transferred by you. "Communication" and "communications" also includes without limitation any video or audio recordings containing facts, information, opinions, thoughts, ideas or knowledge transmitted and/or transferred.

8. The term "concerning" means concerning, demonstrating, with respect to, referring to, relating to, regarding, substantiating, supporting, rebutting, purporting, embodying, establishing, identifying, listing, evidencing, comprising, containing, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, or constituting, whether in whole or in part, and when referring to a particular document, includes that document.

9. "Document" or "documents" has the broadest possible meaning ascribed to it and shall mean every original writing and draft of any nature whatsoever, and all non-identical copies thereof (whether different from the original because of notes made on such copies or otherwise) of all written, printed, typed, pictorial, or recorded matter of any kind and description, including all attachments or addenda annexed thereto, whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means, as well as reproductions thereof, in your possession, custody or control, regardless of where located and includes, but is not limited to, advices, annual, monthly or weekly reports and statements, business records, checks, correspondence, emails or other electronic or digital correspondence (including text messages, SMS messages, and similar messaging technologies), contracts, prospective contracts, agreements, partnership agreements, financial statements, appraisals, corporate or partnership structure, charts, records, studies, summaries, memoranda, interoffice and intra-office memoranda, memoranda of

2

conferences and meetings, memoranda of telephone conversations, memoranda to files, time sheets, calendars, diaries, date books, journals, handwritten notes, working papers, worksheets, diagrams, minutes, agendas, bulletins, notices, announcements, prospectuses, instructions, charts, manuals, brochures, pamphlets and other publications, schedules, telegrams, teletypes, photographs, audio tapes, video tapes, electronic recordings, facsimile transmissions, electronic transmissions, information stored on computer disk and all other tangible preservations of information.  In all cases where original and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

10.    The "Affiliates" shall mean and include Carone Energy Corporation, Carone Petroleum Corporation, Republic Drilling Company, Inc., Pacific Operators, Inc. dba Pacific Operators Offshore, Inc., Verrazzano Corporation, AnAmerican Corporation, Carpinteria, and Pacific.

11.    "Chapter 7 Case" shall mean the case captioned *In re Signal Hill Service, Inc.*, No. 24-20439 in the U.S. Bankruptcy Court for the District of Wyoming.

12.    The "Check" means the check no. 13006, dated May 28, 2026, made payable to the "Department of Justice" in the amount of $382,352.36 from G&B Law, LLP, a copy of which is enclosed at ECF No. 113-1.

13.    "DFA" shall mean DFA Investors Trust, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

3

14.     The "Fee Disclosure" shall mean the *Disclosure of Compensation of Attorney for Debtor* filed in the Chapter 7 Case.

15.     "Howard" shall mean Russ Howard, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

16.     The "Motion" shall mean the *Motion to Approve Settlement Agreement* [ECF No. 104].

17.     "Pacific" shall mean Pacific Operators Offshore, LLC, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

18.     "Schedules" shall mean the schedules that were filed in the Chapter 7 Case, including without limitation, Schedule E/F, Schedule H.

19.     "Schedule E/F" shall mean Official Form 206E/F, *Schedule E/F: Creditors Who Have Unsecured Claims* that was filed in the Chapter 7 Case.

20.     "Schedule H" shall mean Official Form 206H, *Schedule H: Your Codebtors* that was filed in the Chapter 7 Case.

21.     "Signal Hill" shall mean Signal Hill Service, Inc., together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

22.     "SOFA" shall mean the Amended *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* that was filed in the Chapter 7 Case.  *See* Dkt. No. 4.

4

23.     The "Settlement Agreement" shall have the same meaning set forth in the Motion.

24.     The "Settlement Funds" shall mean the $50,000 that is contemplated being paid to the estate in the Motion.

25.     "State Court Case" shall mean the action captioned *California State Lands v. Signal Hill Service, Inc.*, No. 19CV04295 pending in the Superior Court of the State of California for the County of Santa Barbara, Civil Division.

## MATTERS FOR EXAMINATION

### MOTION

1.     The basis for the assertion that the Affiliates are Signal Hill's "affiliate" as represented in Paragraph 4 of the Motion.

2.     The basis for the assertion that "Russ Howard and Richard L. Carone are principals of the Affiliates" as represented in Paragraph 5 of the Motion.

3.     The Settlement Funds, including without limitations, the origin of the Settlement Funds and bank statements showing the bank account holding the Settlement Funds.

4.     The negotiation of the Settlement Agreement.

5.     The "claims, known or unknown, that the estate could assert against the Affiliates, its shareholders, members, officers, employees, predecessors, subsidiaries, attorneys, accountants, transferees, representatives, agents, successors and assign" as referenced in Paragraph 8(a) of the Motion.

6.     Any transfer made to or from Carpinteria on the one hand and Signal Hill on the other hand.

7.     The statement in Paragraph K of the Settlement Agreement that "Howard and Carone dispute that Debtor engaged in any fraudulent transfers or failed to disclose any assets as

5

part of the Bankruptcy Case and wish to eliminate any future litigation and the risks and costs attendant therewith relating to claims in connection with the Debtor's bankruptcy estate."

## CORPORATE STRUCTURE

8. The corporate structure of Signal Hill and Carpinteria, together with any parents, subsidiaries, or owners.

9. The corporate bylaws, articles of registration, and other documents concerning the governance of Carpinteria.

10. The corporate minutes of Carpinteria and other documents evidencing any corporate action or decision made by Carpinteria.

11. The state or federal tax returns filed by Carpinteria.

12. The audited or unaudited financial statements of Carpinteria, including without limitation, balance sheets, statements of income, statements of cash flow, any notes to any financial statement.

13. The transfer of assets between Carpinteria on the one hand and Signal Hill, Carone, or Howard on the other hand.

## BANK STATEMENTS

14. Carpinteria's bank accounts as well as wire confirmations, check scans, currency transaction reports, and other documents evidencing the transferor or transferee of funds and the transferor or transferee's bank account.

15. Securities and/or securities entitlement accounts held in the name of Carpinteria.

## PAYMENT OF MONEY BY THIRD-PARTIES

16. The payment of funds by Carpinteria to any third-party on behalf of Signal Hill, including without limitation, any invoices, purchase orders, and evidence of payment.

6

17. The payment by Carpinteria of any legal fees to Signal Hill's counsel concerning the Chapter 7 Case.

18. The payment by Carpinteria of any legal fees to Signal Hill's counsel concerning the State Court Case.

19. The Check, including without limitation, documents and communications concerning the funds upon which the Check is drawn and the transfer of such funds.

7

# Exhibit 20

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ Wyoming _____

In re  Signal Hill Service, Inc. _____
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. _____ 24-20439 _____

Chapter _____ 7 _____

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  AnAmerican Corporation (fdba AnAmerican Drilling, Inc.) _____
*(Name of person to whom the subpoena is directed)*

☑ *Testimony*:  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **See attached Exhibit A**

| PLACE<br>40 South Main Street, Sheridan, Wyoming 82801 | DATE AND TIME<br>08/10/26        10:00 am |
|---|---|

The deposition will be recorded by this method:
Audiovisual and stenographic means.

☐ *Production*:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____ 06/30/26 _____

CLERK OF COURT

OR

_____        _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_CA State Lands Commission_ , who issues or requests this subpoena, are:
Isabella Panicucci, 1300 I Street, Sacramento, CA 95814, Isabella.Panicucci@doj.ca.gov, (916) 210-7662

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **EXHIBIT A**

## **DEFINITIONS**

1.      Unless otherwise specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

2.      A reference to an entity (as opposed to a natural person) refers to the entity and to all persons affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, employees, attorneys, and corporate subsidiaries.

3.      The use of a verb in any tense shall be construed as the use of that verb in all other tenses wherever necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

4.      The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all information that might otherwise be construed to be outside its scope.

5.      "Carone" shall mean Richard Carone, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

6.      "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

7.      "Communication" or "communications" means every manner of transmitting, and the transmittal, or receiving, and the receipt, of facts, information, opinions, thoughts, ideas or knowledge, whether orally, in writing, or otherwise.  As used herein, "communication" and

"communications" includes, without limitation, each document concerning each communication, as defined above, and each document prepared, reviewed, discussed, received, exchanged, transmitted and/or transferred by You. "Communication" and "communications" also includes without limitation any video or audio recordings containing facts, information, opinions, thoughts, ideas or knowledge transmitted and/or transferred.

8.      The term "concerning" means concerning, demonstrating, with respect to, referring to, relating to, regarding, substantiating, supporting, rebutting, purporting, embodying, establishing, identifying, listing, evidencing, comprising, containing, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, or constituting, whether in whole or in part, and when referring to a particular document, includes that document.

9.      "Document" or "documents" has the broadest possible meaning ascribed to it and shall mean every original writing and draft of any nature whatsoever, and all non-identical copies thereof (whether different from the original because of notes made on such copies or otherwise) of all written, printed, typed, pictorial, or recorded matter of any kind and description, including all attachments or addenda annexed thereto, whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means, as well as reproductions thereof, in your possession, custody or control, regardless of where located and includes, but is not limited to, advices, annual, monthly or weekly reports and statements, business records, checks, correspondence, emails or other electronic or digital correspondence (including text messages, SMS messages, and similar messaging technologies), contracts, prospective contracts, agreements, partnership agreements, financial statements, appraisals, corporate or partnership structure, charts, records, studies, summaries, memoranda, interoffice and intra-office memoranda, memoranda of

2

conferences and meetings, memoranda of telephone conversations, memoranda to files, time sheets, calendars, diaries, date books, journals, handwritten notes, working papers, worksheets, diagrams, minutes, agendas, bulletins, notices, announcements, prospectuses, instructions, charts, manuals, brochures, pamphlets and other publications, schedules, telegrams, teletypes, photographs, audio tapes, video tapes, electronic recordings, facsimile transmissions, electronic transmissions, information stored on computer disk and all other tangible preservations of information.  In all cases where original and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

10.     The "Affiliates" shall mean and include Carone Energy Corporation, Carone Petroleum Corporation, Republic Drilling Company, Inc., Pacific Operators, Inc. dba Pacific Operators Offshore, Inc., Verrazzano Corporation, AnAmerican Corporation, Carpinteria, and Pacific.

11.     "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

12.     "Chapter 7 Case" shall mean the case captioned *In re Signal Hill Service, Inc.*, No. 24-20439 in the U.S. Bankruptcy Court for the District of Wyoming.

13.     The "Check" means the check no. 13006, dated May 28, 2026, made payable to the "Department of Justice" in the amount of $382,352.36 from G&B Law, LLP, a copy of which is enclosed at ECF No. 113-1.

3

14. "DFA" shall mean DFA Investors Trust, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

15. The "Fee Disclosure" shall mean the *Disclosure of Compensation of Attorney for Debtor* filed in the Chapter 7 Case.

16. "Howard" shall mean Russ Howard, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

17. The "Motion" shall mean the *Motion to Approve Settlement Agreement* [ECF No. 104].

18. "Pacific" shall mean Pacific Operators Offshore, LLC, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

19. "Schedules" shall mean the schedules that were filed in the Chapter 7 Case, including without limitation, Schedule E/F, Schedule H.

20. "Schedule E/F" shall mean Official Form 206E/F, *Schedule E/F: Creditors Who Have Unsecured Claims* that was filed in the Chapter 7 Case.

21. "Schedule H" shall mean Official Form 206H, *Schedule H: Your Codebtors* that was filed in the Chapter 7 Case.

22. "Signal Hill" shall mean Signal Hill Service, Inc., together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates,

4

predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

23.    "SOFA" shall mean the Amended *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* that was filed in the Chapter 7 Case.  *See* Dkt. No. 4.

24.    The "Settlement Agreement" shall have the same meaning set forth in the Motion.

25.    The "Settlement Funds" shall mean the $50,000 that is contemplated being paid to the estate in the Motion.

26.    "State Court Case" shall mean the action captioned *California State Lands v. Signal Hill Service, Inc.*, No. 19CV04295 pending in the Superior Court of the State of California for the County of Santa Barbara, Civil Division.

## MATTERS FOR EXAMINATION

### MOTION

1.    The basis for the assertion that the Affiliates are Signal Hill's "affiliate" as represented in Paragraph 4 of the Motion.

2.    The basis for the assertion that "Russ Howard and Richard L. Carone are principals of the Affiliates" as represented in Paragraph 5 of the Motion.

3.    The Settlement Funds, including without limitations, the origin of the Settlement Funds and bank statements showing the bank account holding the Settlement Funds.

4.    The negotiation of the Settlement Agreement.

5.    The "claims, known or unknown, that the estate could assert against the Affiliates, its shareholders, members, officers, employees, predecessors, subsidiaries, attorneys, accountants, transferees, representatives, agents, successors and assign" as referenced in Paragraph 8(a) of the Motion.

5

6.      Any transfer made to or from AnAmerican Corporation (fdba AnAmerican Drilling, Inc.) on the one hand and Signal Hill on the other hand.

7.      The statement in Paragraph K of the Settlement Agreement that "Howard and Carone dispute that Debtor engaged in any fraudulent transfers or failed to disclose any assets as part of the Bankruptcy Case and wish to eliminate any future litigation and the risks and costs attendant therewith relating to claims in connection with the Debtor's bankruptcy estate."

## CORPORATE STRUCTURE

8.      The corporate structure of Signal Hill and AnAmerican Corporation (fdba AnAmerican Drilling, Inc.), together with any parents, subsidiaries, or owners.

9.      The corporate bylaws, articles of registration, and other documents concerning the governance of AnAmerican Corporation (fdba AnAmerican Drilling, Inc.).

10.     The corporate minutes of AnAmerican Corporation (fdba AnAmerican Drilling, Inc.) and other documents evidencing any corporate action or decision made by AnAmerican Corporation (fdba AnAmerican Drilling, Inc.).

11.     The state or federal tax returns filed by AnAmerican Corporation (fdba AnAmerican Drilling, Inc.).

12.     The audited or unaudited financial statements of AnAmerican Corporation (fdba AnAmerican Drilling, Inc.), including without limitation, balance sheets, statements of income, statements of cash flow, any notes to any financial statement.

13.     The transfer of assets between AnAmerican Corporation (fdba AnAmerican Drilling, Inc.) on the one hand and Signal Hill, Carone, or Howard on the other hand.

6

**BANK STATEMENTS**

14. AnAmerican Corporation's (fdba AnAmerican Drilling, Inc.) bank accounts as well as wire confirmations, check scans, currency transaction reports, and other documents evidencing the transferor or transferee of funds and the transferor or transferee's bank account.

15. Securities and/or securities entitlement accounts held in the name of AnAmerican Corporation (fdba AnAmerican Drilling, Inc.).

**PAYMENT OF MONEY BY THIRD-PARTIES**

16. The payment of funds by AnAmerican Corporation (fdba AnAmerican Drilling, Inc.) to any third-party on behalf of Signal Hill, including without limitation, any invoices, purchase orders, and evidence of payment.

17. The payment by AnAmerican Corporation (fdba AnAmerican Drilling, Inc.) of any legal fees to Signal Hill's counsel concerning the Chapter 7 Case.

18. The payment by AnAmerican Corporation (fdba AnAmerican Drilling, Inc.) of any legal fees to Signal Hill's counsel concerning the State Court Case.

19. The Check, including without limitation, documents and communications concerning the funds upon which the Check is drawn and the transfer of such funds.

7

# Exhibit 21

Jeffrey M. Boldt, #7-4730
OVERSTREET HOMAR & KUKER
2922 Central Avenue
Cheyenne, Wyoming 82001
307.274-4444 telephone
307.274-4443 facsimile
jeffrey@kukerlaw.com

Jessica Tucker-Mohl, *pro hac vice*
Isabella Panicucci, *pro hac vice*
Steven Kerns, *pro hac vice*
California Attorney General's Office
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-7662
Isabella.Panicucci@doj.ca.gov

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SIGNAL HILL SERVICE, INC., | ) | Case No. 24-20439 |
| | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |

### CALIFORNIA STATE LANDS COMMISSION'S
### REQUESTS FOR THE PRODUCTION OF DOCUMENTS
### TO SIGNAL HILL SERVICE, INC. (SET ONE)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure as made applicable herein pursuant to Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, Creditor California State Lands Commission (the "Commission"), hereby requests that Signal Hill Service, Inc. ("Signal Hill" or "you" or "your") produce for inspection and copying the following requested documents at the offices of Overstreet Homar & Kuker, 2922 Central Avenue, Cheyenne, Wyoming 82001, within thirty (30) days after the date of service hereof.

## **INSTRUCTIONS**

1.      These instructions incorporate by reference the requirements and duties of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules.

2.      The following requests for the production of documents (the "Requests" and each a "Request") apply to all documents in your possession, custody, or control, regardless of whether such documents are in your possession, or the possession of your assigns, designees, agents, managers, employees, representatives, attorneys, or any other person acting on your behalf.

3.      Documents should be produced in the manner in which they are kept in the ordinary course of business.  In producing documents, all documents that are physically attached to each other, or segregated or separated from other documents, when originally located, shall be produced as is.

4.      Where any copy of any requested document is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

5.      All documents shall be produced in .tiff or .pdf format with OCR images, except for .xls or .xlsx files which should be produced in a native format.  All documents shall be produced with standard metadata fields, including but not limited to sender, recipients, subject, file name, date created, date last modified, date sent, and date received, and whether the document contains redactions.

6.      All documents that respond, in whole or in part, to any portion of any of these requests shall be produced in their entirety, without abbreviation or redaction, including all attachments and enclosures.  The fact that a document contains both responsive and non-

2

responsive information shall not be a basis for redacting non-responsive information.  Any information redacted from documents on the basis of any privilege or immunity shall be clearly marked with the word "REDACTED," subject to the applicable requirements for a privilege log.

7.     If no documents exist that are responsive to a particular request, you shall state so in writing.  If any document requested is not in your possession, custody, or control, state the name and address of each person known to have possession, custody, or control of such document.

8.     In the event that any document covered by any request herein has been transferred to a third party over whom you claim you lack control, identify (1) the document by date, author(s), recipient(s), subject matter, and context; (2) the date and circumstances surrounding the transfer; (3) the reason(s) for transfer; (4) the person(s) or entity(ies) to whom transferred; (5) the present location of such document(s); (6) any request you have made for the return of either the original document(s) or a copy thereof to your possession; and (7) the date and manner in which you can or may obtain the return of each such document.

9.     If you object to any Request, in whole or in part, you must still provide documents that are either (1) within a scope of production not covered by your objection, and/or (2) responsive to the portion of the Request that is not objectionable.  For such documents that you may object are too burdensome to produce, describe the process or method required to obtain said documents, the quantity and location of the documents involved, and the estimated costs of the search.

10.     If you object to any part of a Request, you are to respond to that portion of the request that is not objectionable and specifically identify the aspect of the request to which you object and the basis for your objection.  To the extent you consider any request to be ambiguous

3

or overbroad, please state what is ambiguous or overbroad and to what extent the Request is (and is not) being complied with.

11.     If a portion of an otherwise responsive document contains information subject to a claim of privilege or protection from discovery, those portions of the document shall be redacted from the document, and the redacted portions shall be clearly marked as such, and the rest of the document shall be produced.

12.     Any document, communication, or other information sought to be identified or obtained within the scope of these Requests that is withheld on the basis of a claim of privilege, work product protection, or any other grounds shall be identified in a privilege log.

13.     Each Request shall be deemed to be continuing in nature.  If at any time additional documents or communications responsive to the Requests come into your possession, custody, or control or are brought to your attention, you shall promptly supplement your responses to these Requests.

14.     If you object to any of these requests, or any portion thereof, state each such objection with particularity and the bases therefore, and respond to the remainder of the request to the extent that you are not objecting to it.

15.     Each paragraph herein shall be construed independently and not with reference to any other paragraph for the purpose of limitation.

16.     Unless otherwise specified, these requests seek documents from January 1, 2020 to the present.

## **DEFINITIONS**

1.     Unless otherwise specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

2.      A reference to an entity (as opposed to a natural person) refers to the entity and to all persons affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, employees, attorneys, and corporate subsidiaries.

3.      The use of a verb in any tense shall be construed as the use of that verb in all other tenses wherever necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

4.      The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all information that might otherwise be construed to be outside its scope.

5.      "Communication" or "communications" means every manner of transmitting, and the transmittal, or receiving, and the receipt, of facts, information, opinions, thoughts, ideas or knowledge, whether orally, in writing, or otherwise.  As used herein, "communication" and "communications" includes, without limitation, each document concerning each communication, as defined above, and each document prepared, reviewed, discussed, received, exchanged, transmitted and/or transferred by you.  "Communication" and "communications" also includes without limitation any video or audio recordings containing facts, information, opinions, thoughts, ideas or knowledge transmitted and/or transferred.

6.      The term "concerning" means concerning, demonstrating, with respect to, referring to, relating to, regarding, substantiating, supporting, rebutting, purporting, embodying, establishing, identifying, listing, evidencing, comprising, containing, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing,

<div align="center">5</div>

reflecting, representing, or constituting, whether in whole or in part, and when referring to a particular document, includes that document.

7.     "Document" or "documents" has the broadest possible meaning ascribed to it and shall mean every original writing and draft of any nature whatsoever, and all non-identical copies thereof (whether different from the original because of notes made on such copies or otherwise) of all written, printed, typed, pictorial, or recorded matter of any kind and description, including all attachments or addenda annexed thereto, whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means, as well as reproductions thereof, in your possession, custody or control, regardless of where located and includes, but is not limited to, advices, annual, monthly or weekly reports and statements, business records, checks, correspondence, emails or other electronic or digital correspondence (including text messages, SMS messages, and similar messaging technologies), contracts, prospective contracts, agreements, partnership agreements, financial statements, appraisals, corporate or partnership structure, charts, records, studies, summaries, memoranda, interoffice and intra-office memoranda, memoranda of conferences and meetings, memoranda of telephone conversations, memoranda to files, time sheets, calendars, diaries, date books, journals, handwritten notes, working papers, worksheets, diagrams, minutes, agendas, bulletins, notices, announcements, prospectuses, instructions, charts, manuals, brochures, pamphlets and other publications, schedules, telegrams, teletypes, photographs, audio tapes, video tapes, electronic recordings, facsimile transmissions, electronic transmissions, information stored on computer disk and all other tangible preservations of information.  In all cases where original and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

6

8. The "Affiliates" shall mean and include Carone Energy Corporation, Carone Petroleum Corporation, Republic Drilling Company, Inc., Pacific Operators, Inc. dba Pacific Operators Offshore, Inc., Verrazzano Corporation, AnAmerican Corporation, Carpinteria, and Pacific.

9. "Carone" shall mean Richard Carone, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

10. "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

11. "Chapter 7 Case" shall mean the case captioned *In re Signal Hill Service, Inc.*, No. 24-20439 in the U.S. Bankruptcy Court for the District of Wyoming.

12. The "Check" means the check no. 13006, dated May 28, 2026, made payable to the "Department of Justice" in the amount of $382,352.36 from G&B Law, LLP, a copy of which is enclosed at ECF No. 113-1.

13. "DFA" shall mean DFA Investors Trust, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

14. The "Fee Disclosure" shall mean the *Disclosure of Compensation of Attorney for Debtor* filed in the Chapter 7 Case.

15.      "Howard" shall mean Russ Howard, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

16.      The "Motion" shall mean the *Motion to Approve Settlement Agreement* [ECF No. 104].

17.      "Pacific" shall mean Pacific Operators Offshore, LLC, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

18.      "Schedules" shall mean the schedules that were filed in the Chapter 7 Case, including without limitation, Schedule E/F, Schedule H.

19.      "Schedule E/F" shall mean Official Form 206E/F, *Schedule E/F: Creditors Who Have Unsecured Claims* that was filed in the Chapter 7 Case.

20.      "Schedule H" shall mean Official Form 206H, *Schedule H: Your Codebtors* that was filed in the Chapter 7 Case.

21.      "Signal Hill," "you," or "your" shall mean Signal Hill Service, Inc., together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

22.      "SOFA" shall mean the Amended *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* that was filed in the Chapter 7 Case.  *See* Dkt. No. 4.

23.      The "Settlement Agreement" shall have the same meaning set forth in the Motion.

8

24.     The "Settlement Funds" shall mean the $50,000 that is contemplated being paid to the estate in the Motion.

25.     "State Court Case" shall mean the action captioned *California State Lands v. Signal Hill Service, Inc.*, No. 19CV04295 pending in the Superior Court of the State of California for the County of Santa Barbara, Civil Division.

## DOCUMENT REQUESTS

### MOTION

1.     Documents and communications sufficient to evidence the basis of the Affiliates being Signal Hill's "affiliate" as represented in Paragraph 4 of the Motion.

2.     Documents and communications concerning any transfer made to or from an Affiliate on the one hand and Signal Hill on the other hand.

### CORPORATE STRUCTURE

3.     An organizational chart showing the corporate structure of Signal Hill and the Affiliates, together with any parents, subsidiaries, or owners.

4.     The corporate bylaws, articles of registration, and other documents concerning the governance of Signal Hill.

5.     The corporate minutes of Signal Hill and other documents evidencing any corporate action or decision made by Signal Hill.

6.     The state or federal tax returns filed by Signal Hill.

7.     The audited or unaudited financial statements of Signal Hill, including without limitation, balance sheets, statements of income, statements of cash flow, any notes to any financial statement.

8.      Documents and communications concerning the transfer of assets between any of the Affiliates on the one hand and Signal Hill, Carone, or Howard on the other hand.

**BANK STATEMENTS**

9.      Statements from any of Signal Hill's bank accounts as well as wire confirmations, check scans, currency transaction reports, and other documents evidencing the transferor or transferee or funds and the transferor or transferee's bank account.

10.     Statements from any securities and/or securities entitlement account held in Signal Hill's name.

**PAYMENT OF MONEY BY THIRD-PARTIES**

11.     Documents and communications concerning the payment of funds by Signal Hill to any third-party.

12.     Documents and communications concerning the payment of funds on Signal Hill's behalf, including without limitation, any invoices, purchase orders, and evidence of payment by Signal Hill.

13.     Documents and communications concerning the payment of any legal fees to Signal Hill's counsel concerning the Chapter 7 Case.

14.     Documents and communications concerning the payment of any legal fees to Signal Hill's counsel concerning the State Court Case.

15.     Documents and communications concerning the Check, including without limitation, documents and communications concerning the funds upon which the Check is drawn and the transfer of such funds.

10

**OTHER ASSETS**

16.     Documents sufficient to evidence Signal Hill's "partnership interest" in Carpinteria as referenced in Question 77 of the Schedules.

17.     Documents sufficient to evidence any interest Signal Hill may have in any entity.

18.     Documents concerning the representation in Schedule E/F that Pacific is Signal Hill's "disclosed agent."

19.     Documents concerning the representation in Schedule E/F that Pacific "paid payables on behalf of Debtor."

20.     Documents and communications with Pacific concerning any actions that Pacific undertook as Signal Hill's agent within the past 4 years.

21.     Documents and communications concerning "UCC Filing No. 15-7465242420" as referenced in Item 3.9 of Schedule E/F.

22.     Documents and communications concerning the claim owed to DFA as listed in the Schedules, including documents and communications concerning the "Basis for the claim" being "All real & personal property of Signal.  Subordinated to Cadlerock."

23.     Documents and communications with Cadlerock IV, LLC concerning DFA.

24.     Documents and communications concerning the "Operator's lien pursuant to an Operating agreement" as referenced in Item 3.32 of Schedule E/F.

25.     Documents and communications concerning Pacific's payment of "payables" referenced in Schedule E/F.

26.     Documents and communications concerning Signal Hill and/or Carpinteria being responsible for the payment of such "payables."

11

27.     All documents and communications concerning the assumption of Signal Hill's debts by Pacific or Carpinteria.

28.     Documents and communications concerning the payment of funds to Signal Hill's lawyer concerning the payment of fees as referenced in the Fee Disclosure and in Question 11 of the SOFA.

29.     Documents and communications concerning the basis for Carpinteria and Pacific being liable as a co-debtor for any debts listed on Schedule H.

30.     Documents and communications concerning any transfer of assets from Signal Hill to Alex Schurawel or Alex Schurawel CPA.

31.     Documents and communications concerning any transfer of assets from Signal Hill to David Shaneyfelt.

**DATED** this 26th day of June 2026.

<div style="margin-left:40%">

**THE CALIFORNIA STATE LANDS COMMISSION, Creditor**

By: _____

Isabella Panicucci, *pro hac vice*
Steven Kerns, *pro hac vice*
Jessica Tucker-Mohl, *pro hac vice*
California Attorney General's Office
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-7662
Isabella.Panicucci@doj.ca.gov
Steven.Kerns@doj.ca.gov

Jeffrey M. Boldt, #7-4730
OVERSTREET HOMAR & KUKER
2922 Central Avenue
Cheyenne, Wyoming 82001
307.274.4444 telephone
307.274.4443 facsimile
jeffrey@kukerlaw.com
*Attorneys for Creditor*
*California State Lands Commission*

</div>

12

## DECLARATION OF SERVICE BY E-MAIL and U.S. MAIL

Case Name:   **In Re: SIGNAL HILL SERVICE, INC.**
Case No.:    **24-20439**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  My business address is: 1300 I Street, Suite 125, Sacramento, CA 95814.  My electronic service address is Antinia.Brown@doj.ca.gov.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On June 26, 2026, I served the attached

**CALIFORNIA STATE LANDS COMMISSION'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO SIGNAL HILL SERVICE, INC. (SET ONE)**

**CALIFORNIA STATE LANDS COMMISSION'S NOTICE OF DEPOSITION OF SIGNAL HILL SERVICE, INC.**

 by transmitting a true copy via electronic mail.  In addition, I placed a true copy thereof enclosed in a sealed envelope, in the internal mail system of the Office of the Attorney General, addressed as follows:

| | |
|---|---|
| Stephen R. Winship | Randy L. Royal |
| Winship and Winship, PC | P.O. Box 551 |
| 145 S. Durbin Street, Suite 201 | Greybull, WY 82426 |
| Casper, WY 82601 | rlroyal@randylroyalpc.com |
| steve@winshipandwinship.com | *Chapter 7 Trustee* |
| *Attorney for Debtor Signal Hill Service, Inc* | |

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on June 26, 2026, at Sacramento, California.

| Antinia Brown | |
|---|---|
| Declarant | Signature |

LA2024305269
39935893

# Exhibit 22

Jeffrey M. Boldt, #7-4730
OVERSTREET HOMAR & KUKER
2922 Central Avenue
Cheyenne, Wyoming 82001
307.274-4444 telephone
307.274-4443 facsimile
jeffrey@kukerlaw.com

Jessica Tucker-Mohl, *pro hac vice*
Isabella Panicucci, *pro hac vice*
Steven Kerns, *pro hac vice*
California Attorney General's Office
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-7662
Isabella.Panicucci@doj.ca.gov

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

In re                                             )
                                                  )
SIGNAL HILL SERVICE, INC.,                        )      Case No. 24-20439
                                                  )
                                                  )      Chapter 7
            Debtor.                               )

---

### CALIFORNIA STATE LANDS COMMISSION'S
### NOTICE OF DEPOSITION OF SIGNAL HILL SERVICE, INC.

---

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, made applicable to this proceeding by Rule 7030 of the Federal Rules of Bankruptcy

Procedure, Creditor California State Lands Commission (the "Commission"), by and through its

attorneys, will take the deposition upon oral examination of debtor Signal Hill Service, Inc.,

("Signal Hill") through one or more of its officers, directors, agents, or other representatives with

knowledge of the matters listed in **Exhibit A** hereto, and who shall be designated on behalf of

Signal Hill regarding all information known or reasonably available to Signal Hill.

**PLEASE TAKE FURTHER NOTICE** that no later than three (3) days before the

scheduled deposition, Signal Hill shall provide written notice stating the name of each person

designated to testify on Signal Hill's behalf and, for each person designated, the matters set forth in Exhibit A hereto on which each person will testify.

**PLEASE TAKE FURTHER NOTICE** that the deposition will take place in person on August 13, 2026 at 2:00 p.m. (Central Time), at the offices of Overstreet Homar & Kuker, 2922 Central Avenue, Cheyenne, Wyoming 82001, or at such other time and location as agreed to by the parties in writing.

**PLEASE TAKE FURTHER NOTICE** that the deposition will take place before a notary public or any other officer authorized to administer oaths by the laws of the United States, and will continue day to day until completed. The deposition will be recorded by stenographic and audiovisual (*i.e.*, videotaped) means, and is being taken for all purposes permitted by the Federal Rules of Bankruptcy Procedure.

[*Remainder of Page Intentionally Left Blank*]

2

**DATED** this 26th day of June 2026.

<div style="margin-left:45%">

**THE CALIFORNIA STATE LANDS COMMISSION, Creditor**

By: _____

Isabella Panicucci, *pro hac vice*
Steven Kerns, *pro hac vice*
Jessica Tucker-Mohl, *pro hac vice*
California Attorney General's Office
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-7662
Isabella.Panicucci@doj.ca.gov
Steven.Kerns@doj.ca.gov

Jeffrey M. Boldt, #7-4730
OVERSTREET HOMAR & KUKER
2922 Central Avenue
Cheyenne, Wyoming 82001
307.274.4444 telephone
307.274.4443 facsimile
jeffrey@kukerlaw.com
*Attorneys for Creditor*
*California State Lands Commission*

</div>

3

**Exhibit A**

**DEFINITIONS**

1. Unless otherwise specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

2. A reference to an entity (as opposed to a natural person) refers to the entity and to all persons affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, employees, attorneys, and corporate subsidiaries.

3. The use of a verb in any tense shall be construed as the use of that verb in all other tenses wherever necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

4. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all information that might otherwise be construed to be outside its scope.

5. "Communication" or "communications" means every manner of transmitting, and the transmittal, or receiving, and the receipt, of facts, information, opinions, thoughts, ideas or knowledge, whether orally, in writing, or otherwise. As used herein, "communication" and "communications" includes, without limitation, each document concerning each communication, as defined above, and each document prepared, reviewed, discussed, received, exchanged, transmitted and/or transferred by you. "Communication" and "communications" also includes without limitation any video or audio recordings containing facts, information, opinions, thoughts, ideas or knowledge transmitted and/or transferred.

6. The term "concerning" means concerning, demonstrating, with respect to, referring to, relating to, regarding, substantiating, supporting, rebutting, purporting, embodying,

establishing, identifying, listing, evidencing, comprising, containing, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, or constituting, whether in whole or in part, and when referring to a particular document, includes that document.

7.      "Document" or "documents" has the broadest possible meaning ascribed to it and shall mean every original writing and draft of any nature whatsoever, and all non-identical copies thereof (whether different from the original because of notes made on such copies or otherwise) of all written, printed, typed, pictorial, or recorded matter of any kind and description, including all attachments or addenda annexed thereto, whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means, as well as reproductions thereof, in your possession, custody or control, regardless of where located and includes, but is not limited to, advices, annual, monthly or weekly reports and statements, business records, checks, correspondence, emails or other electronic or digital correspondence (including text messages, SMS messages, and similar messaging technologies), contracts, prospective contracts, agreements, partnership agreements, financial statements, appraisals, corporate or partnership structure, charts, records, studies, summaries, memoranda, interoffice and intra-office memoranda, memoranda of conferences and meetings, memoranda of telephone conversations, memoranda to files, time sheets, calendars, diaries, date books, journals, handwritten notes, working papers, worksheets, diagrams, minutes, agendas, bulletins, notices, announcements, prospectuses, instructions, charts, manuals, brochures, pamphlets and other publications, schedules, telegrams, teletypes, photographs, audio tapes, video tapes, electronic recordings, facsimile transmissions, electronic transmissions, information stored on computer disk and all other tangible preservations of information.  In all cases where original and/or non-identical copies are not available,

2

"documents" also means identical copies of original documents and copies of non-identical copies.

8.      The "Affiliates" shall mean and include Carone Energy Corporation, Carone Petroleum Corporation, Republic Drilling Company, Inc., Pacific Operators, Inc. dba Pacific Operators Offshore, Inc., Verrazzano Corporation, AnAmerican Corporation, Carpinteria, and Pacific.

9.      "Carone" shall mean Richard Carone, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

10.     "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

11.     "Chapter 7 Case" shall mean the case captioned *In re Signal Hill Service, Inc.*, No. 24-20439 in the U.S. Bankruptcy Court for the District of Wyoming.

12.     The "Check" means the check no. 13006, dated May 28, 2026, made payable to the "Department of Justice" in the amount of $382,352.36 from G&B Law, LLP, a copy of which is enclosed at ECF No. 113-1.

13.     "DFA" shall mean DFA Investors Trust, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

3

14. The "Fee Disclosure" shall mean the *Disclosure of Compensation of Attorney for Debtor* filed in the Chapter 7 Case.

15. "Howard" shall mean Russ Howard, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

16. The "Motion" shall mean the *Motion to Approve Settlement Agreement* [ECF No. 104].

17. "Pacific" shall mean Pacific Operators Offshore, LLC, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

18. "Schedules" shall mean the schedules that were filed in the Chapter 7 Case.

19. "Schedule E/F" shall mean Official Form 206E/F, *Schedule E/F: Creditors Who Have Unsecured Claims* that was filed in the Chapter 7 Case, including without limitation, Schedule E/F, Schedule H.

20. "Schedule H" shall mean Official Form 206H, *Schedule H: Your Codebtors* that was filed in the Chapter 7 Case.

21. "Signal Hill" or "you" or "your" shall mean Signal Hill Service, Inc., together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

22. "SOFA" shall mean the Amended *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* that was filed in the Chapter 7 Case. *See* Dkt. No. 4.

4

23.     The "Settlement Agreement" shall have the same meaning set forth in the Motion.

24.     The "Settlement Funds" shall mean the $50,000 that is contemplated being paid to the estate in the Motion.

25.     "State Court Case" shall mean the action captioned *California State Lands v. Signal Hill Service, Inc.*, No. 19CV04295 pending in the Superior Court of the State of California for the County of Santa Barbara, Civil Division.

## TOPICS OF EXAMINATION

1.      The basis of the Affiliates being Signal Hill's "affiliate" as represented in Paragraph 4 of the Motion.

2.      Any transfer made to or from an Affiliate on the one hand and Signal Hill on the other.

3.      The corporate structure of Signal Hill and the Affiliates, together with any parents, subsidiaries, or owners.

4.      The corporate bylaws, articles of registration, and other documents concerning the governance of Signal Hill.

5.      The corporate minutes of Signal Hill and other documents evidencing any corporate action or decision made by Signal Hill.

6.      The state or federal tax returns filed by Signal Hill.

7.      The audited or unaudited financial statements of Signal Hill and the Affiliates, including without limitation, balance sheets, statements of income, statements of cash flow, any notes to any financial statement.

5

8.     Statements from any of Signal Hill's bank accounts as well as wire confirmations, check scans, currency transaction reports, and other documents evidencing the transferor or transferee or funds and the transferor or transferee's bank account.

9.     Statements from any securities and/or securities entitlement account held in Signal Hill's name.

10.     The payment of funds by Signal Hill to any third-party.

11.     The payment of funds on Signal Hill's behalf, including without limitation, any invoices, purchase orders, and evidence of payment by Signal Hill.

12.     The payment of any legal fees to Signal Hill's counsel concerning the Chapter 7 Case.

13.     The payment of any legal fees to Signal Hill's counsel concerning the State Court Case.

14.     The Check, including without limitation, documents and communications concerning the funds upon which the Check is drawn and the transfer of such funds.

15.     Signal Hill's "partnership interest" in Carpinteria as referenced in Question 77 of the Schedules.

16.     Any interest Signal Hill may have in any entity.

17.     The representation in Schedule E/F that Pacific is Signal Hill's "disclosed agent."

18.     The representation in Schedule E/F that Pacific "paid payables on behalf of Debtor."

19.     Any actions that Pacific undertook as Signal Hill's agent within the past 4 years.

20.     "UCC Filing No. 15-7465242420" as referenced in Item 3.9 of Schedule E/F.

6

21.     The claim owed to DFA as listed in the Schedules, including documents and communications concerning the "Basis for the claim" being "All real & personal property of Signal.  Subordinated to Cadlerock."

22.     Documents and communications with Cadlerock IV, LLC concerning DFA.

23.     The "Operator's lien pursuant to an Operating agreement" as referenced in Item 3.32 of Schedule E/F.

24.     Documents and communications concerning Pacific's payment of "payables" referenced in Schedule E/F.

25.     Documents and communications concerning Signal Hill and/or Carpinteria being responsible for the payment of such "payables."

26.     The assumption of Signal Hill's debts by Pacific or Carpinteria.

27.     The payment of funds to Signal Hill's lawyer concerning the payment of fees as referenced in the Fee Disclosure and in Question 11 of the SOFA.

28.     Documents and communications concerning the basis for Carpinteria and Pacific being liable as a co-debtor for any debts listed on Schedule H.

29.     Any transfer of assets from Signal Hill to Alex Schurawel or Alex Schurawel CPA.

30.     Any transfer of assets from Signal Hill to David Shaneyfelt.

7

**DECLARATION OF SERVICE BY E-MAIL and U.S. MAIL**

Case Name:   **In Re: SIGNAL HILL SERVICE, INC.**
Case No.:    **24-20439**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  My business address is: 1300 I Street, Suite 125, Sacramento, CA 95814.  My electronic service address is Antinia.Brown@doj.ca.gov.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On June 26, 2026, I served the attached

**CALIFORNIA STATE LANDS COMMISSION'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO SIGNAL HILL SERVICE, INC. (SET ONE)**

**CALIFORNIA STATE LANDS COMMISSION'S NOTICE OF DEPOSITION OF SIGNAL HILL SERVICE, INC.**

 by transmitting a true copy via electronic mail.  In addition, I placed a true copy thereof enclosed in a sealed envelope, in the internal mail system of the Office of the Attorney General, addressed as follows:

Stephen R. Winship                      Randy L. Royal
Winship and Winship, PC                 P.O. Box 551
145 S. Durbin Street, Suite 201         Greybull, WY 82426
Casper, WY 82601                        rlroyal@randylroyalpc.com
steve@winshipandwinship.com             *Chapter 7 Trustee*
*Attorney for Debtor Signal Hill Service, Inc*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on June 26, 2026, at Sacramento, California.

| | |
|---|---|
| Antinia Brown | |
| Declarant | Signature |

LA2024305269
39935893

# CERTIFICATE OF SERVICE

Case Name:   **In RE SIGNAL HILL SERVICE, INC.**      Case No.   **24-20439**

I hereby certify that on June 30, 2026, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**CREDITOR CALIFORNIA STATE LANDS COMMISSION'S NOTICE OF ISSUANCE OF SUBPOENAS**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Stephen R. Winship
Winship and Winship, PC
steve@winshipandwinship.com
*Attorney for Debtor Signal Hill Service, Inc.*

John A. Coppede
Coal Creek Law, LLP
jcoppede@coalcreeklaw.com
*Attorney for Creditor Gaynor Ranch LLC*

Jennifer M. Salisbury
William Cross
jsalisbury@markuswilliams.com,
docket@markuswilliams.com
*Attorneys for Alex Schurawel*

Randy L. Royal
*Chapter 7 Bankruptcy Trustee*

Office of the United States Trustee
USTPRegion19.cy.ecf@usdoj.gov

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on June 30, 2026, at Sacramento, California.

| Antinia Brown | | |
| --- | --- | --- |
| Declarant | | Signature |

LA2024305269
39939821