Stephen R. Winship
(Wyoming State Bar No. 5-2093)
WINSHIP & WINSHIP, P.C.
145 South Durbin Street, Suite 201
Casper, WY 82601
(307) 234-8991
steve@winshipandwinship.com

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: | ) |
| | ) |
| SIGNAL HILL SERVICE, INC., | )        Case No. 24-20439 |
| | )             CHAPTER 7 |
| Debtor. | ) |
| | ) |

## MOTION FOR FURTHER FINDINGS

**COMES NOW** the above-named Debtor and its affiliates ("Movants"), by and through its counsel, and hereby requests that Court provide the findings relied upon in denying Debtor's "Motion to Strike" ("Motion") [D.E. 122], and in support hereof shows the Court as follows:

1.      The Motion raised the issue of whether the California State Lands Commission ("Commission") remains a creditor (having the requisite "pecuniary interest") after full payment was made on its pre-petition judgment against Debtor. See Ex. 1.

2.      This Court denied the Motion without prejudice [D.E. 125], but did not indicate the reason(s) for its denial.

3.      By the Order's indication that the denial of the Motion was without prejudice, it appears that a future motion to strike (or similar motion) that challenges the Commission's standing will be considered by this Court.  However, without having a clearer indication of the Court's rationale for denying the Motion, Movants may end up filing additional pleadings that

are futile and a waste of time.  While Fed. R. Bankr. P. 7052(c)(3) does not mandate that the Court make such findings, judicial economy will be advanced by providing such findings.

4.      Apparently encouraged by the Court's denial of the Motion, the Commission has now issued 20 subpoenas to the affiliates. See Ex. 2[1].  A large amount of time and expense will be saved on document production and depositions (in Los Angeles, Reno, Nevada and Sheridan, Wyoming) by a creditor, who for whatever reason, refuses to accept payment of its judgment.  A solution to this absurd situation may become apparent if the Court will explain why the Motion was denied.

**WHEREFORE** Movants request that the Court provide its findings for its denial of the Motion.

**DATED** this 30th day of June, 2026.

SIGNAL HILL SERVICE, INC.

By:_____/s/_____

Stephen R. Winship (WSB No. 5-2093)
WINSHIP & WINSHIP, P.C.
145 S. Durbin Street, Suite 201
Casper, WY 82601
(307) 234-8991
steve@winshipandwinship.com

**CERTIFICATE OF SERVICE**

I, Stephen R. Winship hereby certify that a true and correct copy of the foregoing **Motion for Further Findings** was served *electronically* upon **Isabella Panicucci**, (Isabella.Panicucci@doj.ca.gov), **Jeffrey M. Boldt** (jeffrey@kukerlaw.com)**,** and **Steven Kerns** (Steven.Kerns@doj.ca.gov) **attorneys for Commission, Randy Royal, Chapter 7 Trustee,** and **the Office of the United States Trustee,** this 30th day of June, 2026.

_____/s/_____
Stephen R. Winship

---

[1] Ex. 2 is substantially the same as the other subpoenas.  It should be noted that the deposition dates and locations were chosen without consulting the undersigned.

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Angela Braun, Executive Officer
5/29/2026 9:29 AM
By: Terri Chavez , Deputy

JAMES R. FELTON, ESQ. (State Bar No. 138767)
jfelton@gblawllp.com
G&B LAW, LLP
16000 Ventura Boulevard, Suite 1000
Encino, California 91436
Tel:  (818) 382-6200 • Fax: (818) 986-6534

Attorneys for Defendant
Signal Hill Service, Inc.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SANTA BARBARA, CIVIL DIVISION**

| | |
|---|---|
| CALIFORNIA STATE LANDS COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SIGNAL HILL SERVICE, INC.; PACIFIC OPERATORS, INC., DBA PACIFIC OPERATORS OFFSHORE, [NC.; DOES 1-100, INCLUSIVE,<br><br>Defendants. | CASE NO.: 19CV04295<br><br>UNLIMITED JURISDICTION<br><br>JUDGE:   Hon. Donna D. Geek<br><br>**NOTICE OF MOTION AND MOTION TO REQUIRE JUDGMENT CREDITOR TO ACCEPT PAYMENT IN FULL OF JUDGMENT AND FILE SATISFACTION OF JUDGMENT; DECLARATION OF JAMES R. FELTON IN SUPPORT OF THE MOTION**<br><br>DATE:   October 9, 2026<br>TIME:   10:00 a.m.<br>DEPT:   4 |
| SIGNAL HILL SERVICE, INC., and CARONE PETROLEUM CORPORATION,<br><br>Cross-Complainants,<br><br>v.<br><br>CALIFORNIA STATE LANDS COMMISSION,<br><br>Cross-Defendants. | **ACTION FILED:**      August 13, 2019 |

**EXHIBIT 1**
**Page 1 of 29**

NOTICE OF MOTION AND NOTICE OF MOTION AND MOTION TO REQUIRE JUDGMENT CREDITOR TO ACCEPT PAYMENT IN FULL OF JUDGMENT AND FILE SATISFACTION OF JUDGMENT; DECLARATION OF JAMES R. FELTON IN SUPPORT OF THE MOTION

2677259.1 - 32744.0001

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on October 9, 2026 at 10:00 a.m. or as soon thereafter as this matter can be heard in Department 4 of the above-entitled Court located at 1100 Anacapa Street, Santa Barbara, CA 93101, Defendant Signal Hill Service, Inc. ("Defendant" or "Signal Hill") will move for this Court to enter an order requiring Plaintiff California State Lands Commission ("Plaintiff") to accept full payment of the judgment entered in this matter and for an order requiring the Plaintiff to file and record, if necessary, a satisfaction of judgment in full. Defendant has overnighted a check in the amount of $381,352.36 to Plaintiff's counsel made payable to the Department of Justice. This amount is the full amount of the original judgment plus interest through May 29, 2026.

Plaintiff has indicated that it does will not accept this payment in full because it believes that it is entitled to attorney's fees in enforcing the Judgment. It is not so entitled and the original Judgment does not provide for any award of attorney's fees. Moreover, Plaintiff will argue that the payment of the full amount of the Judgment has to be approved by its Board. It does not. This is not a settlement nor the payment of something less than the full amount. As will be shown below, California law requires that a creditor accept payment in full. That is what has been paid here.

This motion will be based upon this notice, the attached memorandum of points and authorities, the declaration of James R. Felton in support thereof and such other and further evidence as may be presented to the Court

Dated: May 29, 2026



G&B LAW, LLP

By: _____
JAMES R. FELTON, ESQ.
Attorneys for Defendant
Signal Hill Service, Inc.

NOTICE OF MOTION AND NOTICE OF MOTION AND MOTION TO REQUIRE JUDGMENT CREDITOR TO ACCEPT PAYMENT IN FULL OF JUDGMENT AND FILE SATISFACTION OF JUDGMENT; DECLARATION OF JAMES R. FELTON IN SUPPORT OF THE MOTION

2677259.1 - 32744.0001

**I.**

**STATEMENT OF FACTS**

**A.      Factual Background and Procedural History.**

On or about March 15, 2024, this Court entered judgment in this matter pursuant to the Stipulation of the parties.  (Declaration of James R. Felton ("Felton Decl."), ¶ 2, Ex. "A". The original judgment from March 15, 2024 has two components.  First, the court found the defendant Signal Hill liable for damages on the first cause of action in the amount of $282,094.34.  Second, the court found the defendant liable for damages on the second cause of action in the amount to $17,351.40.  Thus, the total amount of the judgment at that time was $299,445.74.  On or about November 1, 2024, Signal Hill filed a Chapter 7 bankruptcy petition in Wyoming.

There was an additional cost award of $11,583.84 entered on June 10, 2024 which is also reflected on the judgment.  Interest on $299,445.74 from March 15, 2024 through June 10, 2024 is $7,137.47 (interest calculated at 10%).  Adding that amount ($7,137.47) to the cost award ($11,583,85) to the original judgment brings that amount of the judgment to $318,666.06.  Interest on $318,666.00 at 10% from June 10, 2024 through December 1, 2025 is $47,057.81.  Adding that amount to the judgment totals $365,723.87 and daily interest accrues at $87.31 per day.  (Felton Decl., ¶ 3.)

On or about December 9, 2025, these calculations were sent by email to Plaintiff's counsel. (Felton Decl., ¶ 4, Ex. "B".)  Plaintiff was asked to confirm that the numbers were accurate.  In response, Plaintiff's counsel wrote that "We've reviewed your outline below and agree on the general arithmetic and approximate figures.  Please be advised that at this time, the extent of State Lands' agreement is that the assessment in your email generally looks correct." (Felton Decl., ¶ 5, Ex. "C".)

On May 27, 2026, Defendant's counsel sent another email to Plaintiff's counsel stating that Defendant intended to pay the full of the judgment.  There was an additional 179 days of interest between December 1, 2025 and May 29, 2026 and such amount was added to the total bring the full amount of the judgment to $381,352.36.  Defendant also asked for payment instructions by wire or check.  (Felton Decl., ¶ 6, Ex. "D".)

In response to the request, Plaintiff's counsel sent an email asking for a number of things including a) additional funds for attorney's fees, b) time for the Plaintiff's Board to approve the

3



payment and c) that the bankruptcy court has to approve the settlement and d) the relationship of Defendant to certain alleged affiliates. (Felton Decl., ¶ 7, Ex. "E".)  Contrary to Plaintiff's argument, this is not an offer that needs to be approved by anyone.  A judgment debtor can pay the full amount of the judgment at any time and as will be shown below, a creditor has to accept it. (CCP Section 724.010(a).)  There is no basis for attorney's fees to be added because the judgment has no such component.  Bankruptcy Court approval is not required and who the judgment debtor's affiliates may be cannot be of any matter.  The judgment debtor proposes to pay the judgment in full and has in fact overnighted a check to counsel made payable to the Department of Justice in the full amount plus interest.

Finally, on May 28, 2026, counsel for the Defendant sent a firm's trust check in the amount of $381,352.36 to Plaintiff's counsel office (the same address provided in their email).  (Felton Decl., ¶ 8, Ex. "F".)



**II.**

**ARGUMENT**

**A.**     **CCP Section 724.010 Requires A Judgment Creditor to Accept Full Payment without Conditions.**

CCP Section 724.010 provides that:

(a) A money judgment may be satisfied by payment of the full amount required to satisfy the judgment or by acceptance by the judgment creditor of a lesser sum in full satisfaction of the judgment.

(b) Where a money judgment is satisfied by levy, the obligation of the judgment creditor to give or file an acknowledgment of satisfaction arises only when the judgment creditor has received the full amount required to satisfy the judgment from the levying officer.

(c) Where a money judgment is satisfied by payment to the judgment creditor by check or other form of noncash payment that is to be honored upon presentation by the judgment creditor for payment, the obligation of the judgment creditor to give or file an acknowledgment of satisfaction of judgment arises only when the check or other form of noncash payment has actually been honored upon presentation for payment.

4

Here, back in December, 2025, Plaintiff's counsel approved the amount that was owed as of December 1, 2025. The December 10 email also identified the amount of the daily interest which has been added to the original total through May 29, 2026. Notably, although Plaintiff's counsel set forth a number of conditions, which will be analyzed below, there was no mention that the amount proposed was wrong.

**B.       This Is Not an Offer Which Can be Rejected or Conditioned on Board Approval.**

Contrary to the argument set forth in the May 27, 2026 email, payment of the judgment plus interest is not an offer. CCP Section 724.010 would be meaningless if a judgment creditor can add other conditions for the payment of a judgment. Moreover, the plain language of Section 724.010(a) makes clear that the judgment creditor has to accept full payment. That is precisely what is being provided here. Accepting full payment cannot be conditioned on the Plaintiff's Board having to agree.

**C.       Bankruptcy Court Review is Also Not a Requirement.**

The funds to pay the judgment creditor are not coming from the judgment debtor. (Felton Decl., ¶ 7.) As a result, no bankruptcy court approval is required.

**D.       Confirmation of Affiliates Is Not in the Judgment Nor Required.**

Lastly, Plaintiff has requested that Defendant confirm the identify of certain affiliates. As noted above, CCP Section 724.010(a) does not allow for or require any other condition other than paying the judgment in full. Wanting to exact further information or additional conditions not found in the judgment is violative of Section 724.010. Moreover, with the judgment being paid in full, the identify of affiliates is completely not relevant. After Plaintiff's cash the check and the funds clear, there will be no one else to chase because the judgment will be paid in full.

**E.       Demand is Made for the Judgment Creditor to Comply.**

Pursuant to CCP Section 724.050:

(a)      If a money judgment has been satisfied, the judgment debtor, the owner of real or personal property subject to a judgment lien created under the judgment, or a person having a security interest in or a lien on personal property subject to a judgment lien created under the judgment may serve personally or by mail on the judgment creditor a demand in writing that the judgment creditor do one or both of the following:



G&B LAW

5

(1) File an acknowledgment of satisfaction of judgment with the court.

(2) Execute, acknowledge, and deliver an acknowledgment of satisfaction of judgment to the person who made the demand.

(b)    The demand shall include the following statement: "Important warning. If this judgment has been satisfied, the law requires that you comply with this demand not later than 15 days after you receive it. If a court proceeding is necessary to compel you to comply with this demand, you will be required to pay my reasonable attorney's fees in the proceeding if the court determines that the judgment has been satisfied and that you failed to comply with the demand. In addition, if the court determines that you failed without just cause to comply with this demand within the 15 days allowed, you will be liable for all damages I sustain by reason of such failure and will also forfeit one hundred dollars to me."

(c)    If the judgment has been satisfied, the judgment creditor shall comply with the demand not later than 15 days after actual receipt of the demand.

(d)    If the judgment creditor does not comply with the demand within the time allowed, the person making the demand may apply to the court on noticed motion for an order requiring the judgment creditor to comply with the demand. The notice of motion shall be served on the judgment creditor. Service shall be made personally or by mail. If the court determines that the judgment has been satisfied and that the judgment creditor has not complied with the demand, the court shall either (1) order the judgment creditor to comply with the demand or (2) order the court clerk to enter satisfaction of the judgment.

(e)    If the judgment has been satisfied and the judgment creditor fails without just cause to comply with the demand within the time allowed, the judgment creditor is liable to the person who made the demand for all damages sustained by reason of such failure and shall also forfeit one hundred dollars ($100) to such person. Liability under this subdivision may be determined in the proceedings on the motion pursuant to subdivision (d) or in an action.

6

NOTICE OF MOTION AND NOTICE OF MOTION AND MOTION TO REQUIRE JUDGMENT CREDITOR TO ACCEPT PAYMENT IN FULL OF JUDGMENT AND FILE SATISFACTION OF JUDGMENT; DECLARATION OF JAMES R. FELTON IN SUPPORT OF THE MOTION

2677259.1 - 32744.0001

Pursuant to CCP Section 724.070:

(a)    If a judgment creditor intentionally conditions delivery of an acknowledgment of satisfaction of judgment upon the performance of any act or the payment of an amount in excess of that to which the judgment creditor is entitled under the judgment, the judgment creditor is liable to the judgment debtor for all damages sustained by reason of such action or two hundred fifty dollars ($250), whichever is the greater amount.

(Emphasis added.)

Pursuant to CCP Section 724.080:

In an action or proceeding maintained pursuant to this chapter, the court shall award reasonable attorney's fees to the prevailing party.

To the extent that the Judgment Debtor is required to seek this Court intervention through this motion practice with the Plaintiff not agreeing to execute a full satisfaction of judgment, the Judgment Debtor reserves its right to seek its attorney's fees and costs.

## III.

## CONCLUSION

Based upon the foregoing, the Judgment Debtor respectfully requests that this Court require Plaintiff to accept payment in full and execute a full satisfaction of judgment.

DATED: May 29, 2026                    G&B LAW, LLP

By:_____
    JAMES R. FELTON, ESQ.
    Attorneys for Defendant
    Signal Hill Service, Inc.

7

NOTICE OF MOTION AND NOTICE OF MOTION AND MOTION TO REQUIRE JUDGMENT CREDITOR TO ACCEPT PAYMENT IN FULL OF JUDGMENT AND FILE SATISFACTION OF JUDGMENT; DECLARATION OF JAMES R. FELTON IN SUPPORT OF THE MOTION

2677259.1 - 32744.0001

## DECLARATION OF JAMES R. FELTON

I, James R. Felton, declare as follows:

1.      I am an attorney duly licensed to practice law in the State of California and am a partner in the law firm of G & B Law, LLP, counsel for the judgment debtor herein.  The facts recited in this declaration are known to me of my own personal knowledge and if called upon to testify as a witness, I could and would competently testify thereto.

2.      On or about March 15, 2024, this Court entered judgment in this matter pursuant to the Stipulation of the parties.  A true and correct copy of the judgment is attached hereto as Exhibit "A".  The original judgment from March 15, 2024 has two components.  First, the court found the defendant Signal Hill liable for damages on the first cause of action in the amount of $282,094.34.  Second, the court found the defendant liable for damages on the second cause of action in the amount to $17,351.40.  Thus, the total amount of the judgment at that time was $299,445.74.



3.      There was an additional cost award of $11,583.84 entered on June 10, 2024 which is also reflected on the judgment.  Interest on $299,445.74 from March 15, 2024 through June 10, 2024 is $7,137.47 (interest calculated at 10%).  Adding that amount ($7,137.47) to the cost award ($11,583,85) to the original judgment brings that amount of the judgment to $318,666.06.  Interest on $318,666.00 at 10% from June 10, 2024 through December 1, 2025 is $47,057.81.  Adding that amount to the judgment totals $365,723.87 and daily interest accrues at $87.31 per day.

4.      On or about December 9, 2025, these calculations were sent by email to Plaintiff's counsel.  A true and correct copy of this email is attached hereto as Exhibit "B".  Plaintiff was asked to confirm that the numbers were accurate.

5.      In response, Plaintiff's counsel wrote that "We've reviewed your outline below and agree on the general arithmetic and approximate figures.  Please be advised that at this time, the extent of State Lands' agreement is that the assessment in your email generally looks correct."  A true and correct copy of this email is attached hereto as Exhibit "C".

6.      On May 27, 2026, Defendant's counsel sent another email to Plaintiff's counsel stating that Defendant intended to pay the full amount of the judgment.    There was an additional 179 days of interest between December 1, 2025 and May 29, 2026 and such amount was added to the total bring

8

the full amount of the judgment to $381,352.36. Defendant also asked for payment instructions by wire or check. A true and correct copy of this email is attached as Exhibit "D".

7.     In response to the request, Plaintiff's counsel sent an email asking for a number of things including a) additional funds for attorney's fees, b) time for the Plaintiff's Board to approve the payment and c) that the bankruptcy court has to approve the settlement and d) the relationship of Defendant to certain alleged affiliates. A true and correct copy of this email is attached as Exhibit "E".

8.     On May 28, 2026, I sent my firm's trust check in the amount of $381,352.36 to Plaintiff's counsel office (the same address provided in their email). A true and correct copy of the check is attached hereto as Exhibit "F". The funds for this payment did not come from the Judgment Debtor.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct. Executed this 29th day of May, 2026 at Encino, CA.

JAMES R. FELTON, ESQ.



9

NOTICE OF MOTION AND NOTICE OF MOTION AND MOTION TO REQUIRE JUDGMENT CREDITOR TO ACCEPT PAYMENT IN FULL OF JUDGMENT AND FILE SATISFACTION OF JUDGMENT; DECLARATION OF JAMES R. FELTON IN SUPPORT OF THE MOTION

2677259.1 - 32744.0001

**EXHIBIT A**

Pursuant to CRC 2.259 this document has been electronically filed by the
Superior Court of California, County of Santa Barbara, on 3/14/2024

ROB BONTA
Attorney General of California
CHRISTINA BULL ARNDT
Supervising Deputy Attorney General
LEENA M. SHEET (SBN 235415)
STEVEN W. KERNS (SBN 333983)
Deputy Attorneys General
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6023
  Fax:  (916) 731-2121
  E-mail:  Leena.Sheet@doj.ca.gov
*Attorneys for Plaintiff and Cross-Defendant*
*State Lands Commission*

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

**03/15/2024**
Darrel E. Parker, Executive Officer
BY  Baksh, Narzralli
Deputy Clerk

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SANTA BARBARA

### CIVIL DIVISION

| | |
|---|---|
| **CALIFORNIA STATE LANDS COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**SIGNAL HILL SERVICE, INC.; PACIFIC OPERATORS, INC., DBA PACIFIC OPERATORS OFFSHORE, INC.; DOES 1-100, INCLUSIVE,**<br><br>Defendant. | Case No. 19CV04295<br><br>[~~PROPOSED~~] **JUDGMENT PURSUANT TO STIPULATION**<br><br>**[Assigned to Hon. Donna D. Geck, Dept. 4]** |
| **SIGNAL HILL SERVICE, INC., and CARONE PETROLEUM CORPORATION,**<br><br>Cross-Complainants,<br><br>v.<br><br>**CALIFORNIA STATE LANDS COMMISSION**<br><br>Cross-Defendants. | |

1

On August 13, 2019, plaintiff and cross-defendant California State Lands Commission ("Commission") filed this action against defendant and cross-complainant, Signal Hill Service Inc. ("Signal Hill"), and defendant Pacific Operators, Inc. d/b/a Pacific Operators Offshore, Inc. ("Pacific Operators") for breach of contract, trespass, and declaratory relief based on damages following the Commission's termination of a pipeline lease operated by Signal Hill and Pacific Operators. On April 30, 2021, Signal Hill and cross-complainant, Carone Petroleum Corporation ("Carone") filed a fourth amended cross-complaint alleging two causes of action for breach of contract based on the lease termination, and on June 21, 2021, the Commission filed a cross-complaint for indemnity and declaratory relief.

Pursuant to stipulation of the parties, entered for purposes of fully resolving all claims and issues in this litigation,

IT IS THEREFORE ORDERED AND ADJUDGED as follows:

1.    As to the California State Lands Commission's First Amended Complaint, judgment is hereby entered on the Commission's First Cause of Action for Breach of Contract in favor of plaintiff California State Lands Commission and against defendant Signal Hill Services, Inc. in the amount of $282,094.34.

2.    As to the Commission's Second Cause of Action for Trespass, judgment is entered in favor of plaintiff California State Lands Commission and against defendants Signal Hill Service, Inc. in the amount of $17,351.40.

3.    As to the claims in Signal Hill's Services, Inc. and Carone Petroleum Corporation's Fourth Amended Cross-Complaint, judgment is hereby entered in favor of cross-defendant California State Lands Commission and against cross-complainants Signal Hill Services, Inc. and Carone Petroleum Corporation on all causes of action.

4.    As to the third cause of action for declaratory relief in the Commission's First Amended Complaint, the claim is dismissed.

5.    As to the California State Lands Commission's cross-complaint for indemnity and declaratory relief against Signal Hill Services, Inc., the cross-complaint is dismissed.

6.    This Judgment shall be binding on all parties.

7.   This Judgment shall become effective upon the date the Clerk enters it.

8.   The Commission is entitled to recover its costs in the amount of $ <u>See Below</u>

IT IS SO ORDERED, ADJUGED, and DECREED.

Dated:   **03/15/2024**
_____
THE HONORABLE DONNA D. GECK
Judge of the Santa Barbara Superior Court

Pursuant to CRC 3.1700 et seq, costs in the amount of $11,583.85 are hereby awarded in favor of California State Lands Commission.

6/10/2024                                      /s/ Sarah Sisto
                                                   Deputy Clerk

APPROVED AS TO FORM:

3

Dated: March 13, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
CHRISTINA BULL ARNDT
Supervising Deputy Attorney General

LEENA M. SHEET
Deputy Attorney General
*Attorneys for Plaintiff and Cross-Defendant*
*State Lands Commission*

Dated: March 13, 2024

Hill, Farrer & Burrill LLP
Kevin H. Brogan

Kevin H. Brogan
Attorneys for Defendants and Cross-complainants Signal Hill Service, Inc.; Pacific Operators, Inc., dba Pacific Operators Offshore, Inc. and Carone Petrolem Corporation

## DECLARATION OF SERVICE BY E-MAIL & U.S. MAIL

Case Name:    *California State Lands Commission v. Signal Hill Service, Inc.; Pacific Operators, Inc., DBA Pacific Operators Offshore, Inc.; Does 1 - 100, Inclusive,*

No.:    **19CV04295**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter.

On March 13, 2024, I served the attached

- **STIPULATION FOR ENTRY OF JUDGMENT**

- **[PROPOSED] JUDGMENT PURSUANT TO STIPULATION**

by transmitting a true copy via electronic mail. In addition, I placed a true copy thereof enclosed in a sealed envelope, in the internal mail system of the Office of the Attorney General, addressed as follows:

Kevin H. Brogan
Hill, Farrer & Burrill, LLP
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA 90071-3147
**E-mail Address**: kbrogan@hfbllp.com

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on March 13, 2024, at San Francisco, California.

|  G. Guardado  |  *[signature]*  |
| :---: | :---: |
| Declarant | Signature |

LA2019103916
44096600.docx

# EXHIBIT B

## James Felton

| | |
|---|---|
| **From:** | James Felton |
| **Sent:** | Tuesday, December 9, 2025 11:44 AM |
| **To:** | Steven Kerns |
| **Subject:** | California State Lands Commission v. Signal Hill Service, Inc. et. al |

Dear Mr. Kerns,

My client is intending to make an offer to resolve the judgment. However, I thought it made sense to confirm the exact amount of the full value of the judgment currently so that we know that we are working from the same starting point. Here is the math that I did. Please confirm that you agree with the numbers or tell me why you don't.

1.	The original judgment from March 15, 2024 has two components. First, the court found the defendant liable for damages on the first cause of action in the amount of $282,094.34. Second, the court found the defendant liable for damages on the second cause of action in the amount to $17,351.40. Thus, the total amount of the judgment at that time was $299,445.74.

2.	There was an additional cost award of $11,583.84 entered on June 10, 2024.

3.	Interest on $299,445.74 from March 15, 2024 through June 10, 2024 is $7,137.47 (interest calculated at 10%). Adding that amount ($7,137.47) to the cost award ($11,583,85) to the original judgment brings that amount of the judgment to $318,666.06.

4.	Interest on $318,666.00 at 10% from June 10, 2024 through December 1, 2025 is $47,057.81. Adding that amount to the judgment totals $365,723.87 and daily interest accrues at $87.31 per day.

5.	As of today – December 9, 2025, the total amount on the judgment is approximately $366,500 (I am giving an approximation for a ballpark amount.)

Can you confirm that you agree either exactly or approximately with the number of $366,500.00. Once I hear from you, I can get you the settlement number.
Jim



**James R. Felton, Esq.**
Managing Partner
G&B LAW, LLP

📞 818.382.6200  🔗 www.gblawllp.com
🖨 818.986.6534  ✉ jfelton@gblawllp.com
📍 16000 Ventura Boulevard, Suite 1000
Encino, California 91436-2730

CONFIDENTIALITY NOTICE: The information contained in this e-mail transmission is intended only for use of the individual or entity named above. This e-mail transmission, and any documents, files, previous e-mail transmissions or other information attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient of this e-mail transmission, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, copying or other use of this transmission or any of the information contained in or attached to it is strictly prohibited. If you have received this e-mail transmission in error, please immediately notify us by return e-mail transmission or by telephone at (818) 382-6200, and destroy the original e-mail transmission and its attachments without reading or saving it in any manner. Thank you.

# EXHIBIT C

## James Felton

| | |
|---|---|
| **From:** | Isabella Panicucci <Isabella.Panicucci@doj.ca.gov> |
| **Sent:** | Wednesday, December 10, 2025 4:47 PM |
| **To:** | James Felton |
| **Cc:** | Steven Kerns |
| **Subject:** | RE: California State Lands Commission v. Signal Hill Service, Inc. et. al |

Mr. Felton,

I am Steven Kerns' co-counsel on this matter. We've reviewed your outline below and agree on the general arithmetic and approximate figures. Please be advised that at this time, the extent of State Lands' agreement is that the assessment in your email generally looks correct.

Thank you,
Isabella

Isabella Panicucci
Deputy Attorney General
Land Use and Conservation Section
Public Rights Division
California Attorney General's Office
1300 I Street | P.O. Box 944255
Sacramento, CA 94244-2550

**From:** James Felton <jfelton@gblawllp.com>
**Sent:** Tuesday, December 9, 2025 11:44 AM
**To:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Subject:** California State Lands Commission v. Signal Hill Service, Inc. et. al

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Dear Mr. Kerns,

My client is intending to make an offer to resolve the judgment. However, I thought it made sense to confirm the exact amount of the full value of the judgment currently so that we know that we are working from the same starting point. Here is the math that I did. Please confirm that you agree with the numbers or tell me why you don't.

1.      The original judgment from March 15, 2024 has two components. First, the court found the defendant liable for damages on the first cause of action in the amount of $282,094.34. Second, the court found the defendant liable for damages on the second cause of action in the amount to $17,351.40. Thus, the total amount of the judgment at that time was $299,445.74.

2.      There was an additional cost award of $11,583.84 entered on June 10, 2024.

3.      Interest on $299,445.74 from March 15, 2024 through June 10, 2024 is $7,137.47 (interest calculated at 10%). Adding that amount ($7,137.47) to the cost award ($11,583,85) to the original judgment brings that amount of the judgment to $318,666.06.

4.      Interest on $318,666.00 at 10% from June 10, 2024 through December 1, 2025 is $47,057.81. Adding that amount to the judgment totals $365,723.87 and daily interest accrues at $87.31 per day.

1

5.     As of today – December 9, 2025, the total amount on the judgment is approximately $366,500 (I am giving an approximation for a ballpark amount.)

Can you confirm that you agree either exactly or approximately with the number of $366,500.00.  Once I hear from you, I can get you the settlement number.

Jim



**James R. Felton, Esq.**
**Managing Partner**
G&B LAW, LLP

818.382.6200   www.gblawllp.com
818.986.6534   jfelton@gblawllp.com
16000 Ventura Boulevard, Suite 1000
Encino, California 91436-2730

CONFIDENTIALITY NOTICE: The information contained in this e-mail transmission is intended only for use of the individual or entity named above. This e-mail transmission, and any documents, files, previous e-mail transmissions or other information attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient of this e-mail transmission, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, copying or other use of this transmission or any of the information contained in or attached to it is strictly prohibited. If you have received this e-mail transmission in error, please immediately notify us by return e-mail transmission or by telephone at (818) 382-6200, and destroy the original e-mail transmission and its attachments without reading or saving it in any manner. Thank you.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

2

**EXHIBIT D**

## James Felton

| | |
|---|---|
| **From:** | James Felton |
| **Sent:** | Wednesday, May 27, 2026 1:50 PM |
| **To:** | 'Isabella Panicucci' |
| **Cc:** | Steven Kerns |
| **Subject:** | RE: California State Lands Commission v. Signal Hill Service, Inc. et. al |

Dear Ms. Panicucci,

My client is prepared to make payment in full on the judgment.   I have calculated that number to be $381, 352.36 as of May 29, 2026 with interest accruing at a rate of $87.31 per day thereafter.   Can you please provide me with wire instructions so that the payment can be made. If the State does not accept wire instructions, please provide me with the Payee name for a Trust check from my office and an address for payment.   I am holding the requisite funds in my trust account.

The amount above was calculated based upon an email that I sent to you on or about December 9, 2025 and to which you responded on December 10, 2025.   Please provide the requested information as soon as possible so that payment can be made.

Once funds clear, we would respectfully request that the State file a full satisfaction of judgment and record that satisfaction, if necessary, in any county in which the judgment was recorded.   In addition, upon receipt of the funds, it is my understanding that all matters relating to the Rule 2004 order will be considered satisfied. If that is not your understanding, please contact me immediately.

Please confirm the payment details so that the funds can be sent tomorrow.
Jim



**James R. Felton, Esq.**
Managing Partner
G&B LAW, LLP

📞818.382.6200  🌐 www.gblawllp.com
🖨 818.986.6534  ✉ jfelton@gblawllp.com
📍16000 Ventura Boulevard, Suite 1000
Encino, California 91436-2730

CONFIDENTIALITY NOTICE: The information contained in this e-mail transmission is intended only for use of the individual or entity named above. This e-mail transmission, and any documents, files, previous e-mail transmissions or other information attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient of this e-mail transmission, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, copying or other use of this transmission or any of the information contained in or attached to it is strictly prohibited. If you have received this e-mail transmission in error, please immediately notify us by return e-mail transmission or by telephone at (818) 382-6200, and destroy the original e-mail transmission and its attachments without reading or saving it in any manner. Thank you.

**From:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Sent:** Wednesday, December 10, 2025 4:47 PM
**To:** James Felton <jfelton@gblawllp.com>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Subject:** RE: California State Lands Commission v. Signal Hill Service, Inc. et. al

Mr. Felton,

**EXHIBIT E**

## James Felton

| | |
|---|---|
| **From:** | Steven Kerns <Steven.Kerns@doj.ca.gov> |
| **Sent:** | Wednesday, May 27, 2026 4:19 PM |
| **To:** | James Felton; Isabella Panicucci |
| **Subject:** | RE: California State Lands Commission v. Signal Hill Service, Inc. et. al |

Counsel,

Thank you for your email. I offer six points in response.

First, State Lands Commission staff is prepared to bring the offer to the State Land Commissioners for them to review when they next meet on June 23, 2026. The Commissioners are the ones who must approve or deny the offer.

Second, the Commissioners and Commission staff have a *strong* concern over the state's costs of litigating a prolonged bankruptcy. As you recall, your client stipulated to a judgment only to spend years to resist paying it. That wasted valuable state resources. Thus, while the offer does satisfy the underlying debt that the Commission was entitled to, the offer does nothing to alleviate any concerns over litigation costs of the bankruptcy and may give the Commissioners good reason to reject the offer. Please let me know by **June 16** if your client is willing to offer any additional funds to address the costs of litigating the bankruptcy so that the Commission can consider those additional funds.

Third, can you clarify if this offer dependent upon the Commission postponing Alex Schurawel's Rule 2004 examination until after this offer is brought to the Commissioners on June 23? If so, please let me know immediately. The Commission may be willing to stay Mr. Schurawel's May 29, 2026, examination until after June 23rd if your client is willing to address the litigation costs of the bankruptcy, but the Commission will continue to advocate its Motion to Hold Alex Schurawel in Contempt to ensure the production of any improperly withheld documents.

Fourth, if the Commission accepts any offer, that offer must ultimately undergo the bankruptcy court's review and receive the Court's approval before it can be finalized.

Fifth, as another gesture of good faith the Commission is willing to toll the accrual of interest from this date until the Commissioners review this offer on June 23.

Lastly, can you please confirm if this list of Signal Hill and Carone Energy's affiliates is complete? Carone Energy Corporation, Carone Petroleum Corporation. Republic Drilling Company, Inc., Pacific Operators Offshore, LLC, Verrazzano Corporation, Carpinteria Offshore Project Ltd, Pacific Operators, Inc., dba Pacific Operators Offshore, Inc., AnAmerican Corporation (fdba AnAmerican Drilling, Inc.). If not, can you identify any other affiliates?

Best,

Steven

**From:** James Felton <jfelton@gblawllp.com>
**Sent:** Wednesday, May 27, 2026 1:50 PM
**To:** Isabella Panicucci <Isabella.Panicucci@doj.ca.gov>
**Cc:** Steven Kerns <Steven.Kerns@doj.ca.gov>
**Subject:** RE: California State Lands Commission v. Signal Hill Service, Inc. et. al

EXTERNAL EMAIL: This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Dear Ms. Panicucci,

# EXHIBIT F



16000 VENTURA BOULEVARD
SUITE 1000
ENCINO, CALIFORNIA 91436

T: 818·382·6200
F: 818·986·6534
WWW.GBLAWLLP.COM

JAMES R. FELTON
E-Mail: jfelton@gblawllp.com

May 28, 2026

**VIA FEDEX**

Isabella Panicucci, Esq.
Deputy Attorney General
Land Use and Conservation Section
Public Rights Division
California Attorney General's Office
1300 I Street
Sacramento, CA 94244-2550

Re:   California State Lands Commission v. Signal Hill

Dear Ms. Panicucci:

Pursuant CA Code of Civil Procedure Section 724.010, I am enclosing a firm trust check made payable to the Department of Justice in the amount $382,352.36 in full payment of the judgment, including interest in the above entitled action.  This is actually $1,000.00 more than the full judgment amount just to account for any delay in your receipt of the check. Please deposit the check and when funds clear, please execute a full satisfaction of judgment and advise if the judgment has been recorded in any counties in California.

Very truly yours,

G&B LAW, LLP

JAMES R. FELTON

JRF:jf
Enclosure
Cc: Steven Kerns, Esq.

2677280.1 - 32744.0001

**G&B LAW, LLP**
**A REGISTERED LTD LIABILITY PTSP**
CLIENT TRUST ACCOUNT #3
16000 VENTURA BLVD STE 1000
ENCINO, CA 91436
(818)382-6200

CITY NATIONAL BANK AN RBC COMPANY
PERSONAL & BUSINESS BANKING
(800) 773-7100

13006

16-1606/1220

05/28/2026

PAY TO THE
ORDER OF    Department of Justice                                                $ **382,352.36

Three hundred eighty-two thousand three hundred fifty-two and 36/100************************************************    DOLLARS

Department of Justice

MEMO                                                          ......................................
Payment of judgment in full                                  AUTHORIZED SIGNATURE

---

| G&B LAW, LLP | A REGISTERED LTD LIABILITY PTSP | 13006 |
|---|---|---|
| 05/28/2026 | Department of Justice | |
| | Payment of judgment in full | 382,352.36 |

| CNB - Client Trust Acct (3946) | Payment of judgment in full | 382,352.36 |
|---|---|---|

| G&B LAW, LLP | A REGISTERED LTD LIABILITY PTSP | 13006 |
|---|---|---|
| 05/28/2026 | Department of Justice | |
| | Payment of judgment in full | 382,352.36 |

| CNB - Client Trust Acct (3946) | Payment of judgment in full | 382,352.36 |
|---|---|---|





## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is **16000 Ventura Boulevard, Suite 1000, Encino, California 91436**.

On May 29, 2026, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO REQUIRE JUDGMENT CREDITOR TO ACCEPT PAYMENT IN FULL OF JUDGMENT AND FILE SATISFACTION OF JUDGMENT; DECLARATION OF JAMES R. FELTON IN SUPPORT OF THE MOTION** on the interested parties in this action.

☒    by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒    **BY REGULAR MAIL:** I deposited such envelope in the mail at 16000 Ventura Boulevard, Suite 1000, Encino, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐    **BY FACSIMILE MACHINE:** I transmitted a true copy of said document(s) by facsimile machine, and no error was reported. Said fax transmission(s) were directed as indicated on the service list.

☒    **BY ELECTRONIC TRANSMISSION:** I caused the foregoing document(s) to be delivered in the form of an attachment by electronic transmission to the service recipient(s) at their respective electronic address(es). My email address is msingleman@gblawllp.com.

☐    **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒    (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐    (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 29, 2026, at Encino, California.

                                         _____

                                         Marleigh Singleman

PROOF OF SERVICE

2677255.1 - 32744.0001

**SERVICE LIST**

ROB BONTA
Attorney General of California
CHRISTINA BULL ARNDT
Supervising Deputy Attorney General
LEENA M. SHEET
STEVEN W. KERNS
Deputy Attorneys General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230

Isabella Panicucci
Deputy Attorney General
Land Use and Conservation Section
Public Rights Division
California Attorney General's Office
1300 I Street | P.O. Box 944255
Sacramento, CA 94244-2550

**Attorneys for Plaintiff California State
Lands Commission**
Tel: (213) 269-6023
Fax: (916) 731-2121
E-mail: *Leena.Sheet@doj.ca.gov;*
*Steven.Kerns@doj.ca.gov*

Email: *Isabella.Panicucci@doj.ca.gov*



G&B LAW

2
2677255.1 - 32744.0001

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ Wyoming _____

In re Signal Hill Service, Inc.
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. _____ 24-20439 _____

Chapter _____ 7 _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Carone Energy Corporation _____
*(Name of person to whom the subpoena is directed)*

■ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| 301 Anderson Street, Carson City, Nevada 89701 | 07/16/26        10:00 am |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ____ 06/25/26 ____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
 CA State Lands Commission _____ , who issues or requests this subpoena, are:

Isabella Panicucci, 1300 I Street, Sacramento, CA 95814, Isabella.Panicucci@doj.ca.gov, (916) 210-7662

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT 2**
**Page 1 of 23**

# PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

**INSTRUCTIONS**

1.      These instructions incorporate by reference the requirements and duties of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules.

2.      The following requests for the production of documents (the "Requests" and each a "Request") apply to all documents in your possession, custody, or control, regardless of whether such documents are in your possession, or the possession of your assigns, designees, agents, managers, employees, representatives, attorneys, or any other person acting on your behalf.

3.      Documents should be produced in the manner in which they are kept in the ordinary course of business.  In producing documents, all documents that are physically attached to each other, or segregated or separated from other documents, when originally located, shall be produced as is.

4.      Where any copy of any requested document is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

5.      All documents shall be produced in .tiff or .pdf format with OCR images, except for .xls or .xlsx files which should be produced in a native format.  All documents shall be produced with standard metadata fields, including but not limited to sender, recipients, subject, file name, date created, date last modified, date sent, and date received, and whether the document contains redactions.

6.      All documents that respond, in whole or in part, to any portion of any of these requests shall be produced in their entirety, without abbreviation or redaction, including all

attachments and enclosures.  The fact that a document contains both responsive and non-responsive information shall not be a basis for redacting non-responsive information.  Any information redacted from documents on the basis of any privilege or immunity shall be clearly marked with the word "REDACTED," subject to the applicable requirements for a privilege log.

7.      If no documents exist that are responsive to a particular request, you shall state so in writing.  If any document requested is not in your possession, custody, or control, state the name and address of each person known to have possession, custody, or control of such document.

8.      In the event that any document covered by any request herein has been transferred to a third party over whom you claim you lack control, identify (1) the document by date, author(s), recipient(s), subject matter, and context; (2) the date and circumstances surrounding the transfer; (3) the reason(s) for transfer; (4) the person(s) or entity(ies) to whom transferred; (5) the present location of such document(s); (6) any request you have made for the return of either the original document(s) or a copy thereof to your possession; and (7) the date and manner in which you can or may obtain the return of each such document.

9.      If you object to any Request, in whole or in part, you must still provide documents that are either (1) within a scope of production not covered by your objection, and/or (2) responsive to the portion of the Request that is not objectionable.  For such documents that you may object are too burdensome to produce, describe the process or method required to obtain said documents, the quantity and location of the documents involved, and the estimated costs of the search.

10.     If you object to any part of a Request, you are to respond to that portion of the request that is not objectionable and specifically identify the aspect of the request to which you

2

object and the basis for your objection.  To the extent you consider any request to be ambiguous or overbroad, please state what is ambiguous or overbroad and to what extent the Request is (and is not) being complied with.

11.     If a portion of an otherwise responsive document contains information subject to a claim of privilege or protection from discovery, those portions of the document shall be redacted from the document, and the redacted portions shall be clearly marked as such, and the rest of the document shall be produced.

12.     Any document, communication, or other information sought to be identified or obtained within the scope of these Requests that is withheld on the basis of a claim of privilege, work product protection, or any other grounds shall be identified in a privilege log.

13.     Each Request shall be deemed to be continuing in nature.  If at any time additional documents or communications responsive to the Requests come into your possession, custody, or control or are brought to your attention, you shall promptly supplement your responses to these Requests.

14.     If you object to any of these requests, or any portion thereof, state each such objection with particularity and the bases therefore, and respond to the remainder of the request to the extent that you are not objecting to it.

15.     Each paragraph herein shall be construed independently and not with reference to any other paragraph for the purpose of limitation.

16.     Unless otherwise specified, these requests seek documents from January 1, 2020 to the present.

## **DEFINITIONS**

1.     Unless otherwise specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

2. A reference to an entity (as opposed to a natural person) refers to the entity and to all persons affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, employees, attorneys, and corporate subsidiaries.

3. The use of a verb in any tense shall be construed as the use of that verb in all other tenses wherever necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

4. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all information that might otherwise be construed to be outside its scope.

5. "Carone" shall mean Richard Carone, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

6. "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

7. "Communication" or "communications" means every manner of transmitting, and the transmittal, or receiving, and the receipt, of facts, information, opinions, thoughts, ideas or knowledge, whether orally, in writing, or otherwise. As used herein, "communication" and "communications" includes, without limitation, each document concerning each communication, as defined above, and each document prepared, reviewed, discussed, received, exchanged, transmitted and/or transferred by you. "Communication" and "communications" also includes

4

without limitation any video or audio recordings containing facts, information, opinions, thoughts, ideas or knowledge transmitted and/or transferred.

8.      The term "concerning" means concerning, demonstrating, with respect to, referring to, relating to, regarding, substantiating, supporting, rebutting, purporting, embodying, establishing, identifying, listing, evidencing, comprising, containing, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, or constituting, whether in whole or in part, and when referring to a particular document, includes that document.

9.      "Document" or "documents" has the broadest possible meaning ascribed to it and shall mean every original writing and draft of any nature whatsoever, and all non-identical copies thereof (whether different from the original because of notes made on such copies or otherwise) of all written, printed, typed, pictorial, or recorded matter of any kind and description, including all attachments or addenda annexed thereto, whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means, as well as reproductions thereof, in your possession, custody or control, regardless of where located and includes, but is not limited to, advices, annual, monthly or weekly reports and statements, business records, checks, correspondence, emails or other electronic or digital correspondence (including text messages, SMS messages, and similar messaging technologies), contracts, prospective contracts, agreements, partnership agreements, financial statements, appraisals, corporate or partnership structure, charts, records, studies, summaries, memoranda, interoffice and intra-office memoranda, memoranda of conferences and meetings, memoranda of telephone conversations, memoranda to files, time sheets, calendars, diaries, date books, journals, handwritten notes, working papers, worksheets, diagrams, minutes, agendas, bulletins, notices, announcements, prospectuses, instructions, charts,

manuals, brochures, pamphlets and other publications, schedules, telegrams, teletypes, photographs, audio tapes, video tapes, electronic recordings, facsimile transmissions, electronic transmissions, information stored on computer disk and all other tangible preservations of information.  In all cases where original and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

10.     The "Affiliates" shall mean and include Carone Energy Corporation, Carone Petroleum Corporation, Republic Drilling Company, Inc., Pacific Operators, Inc. dba Pacific Operators Offshore, Inc., Verrazzano Corporation, AnAmerican Corporation, Carpinteria, and Pacific.

11.     "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

12.     "Chapter 7 Case" shall mean the case captioned *In re Signal Hill Service, Inc.*, No. 24-20439 in the U.S. Bankruptcy Court for the District of Wyoming.

13.     The "Check" means the check no. 13006, dated May 28, 2026, made payable to the "Department of Justice" in the amount of $382,352.36 from G&B Law, LLP, a copy of which is enclosed at ECF No. 113-1.

14.     "DFA" shall mean DFA Investors Trust, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

6

15.     The "Fee Disclosure" shall mean the *Disclosure of Compensation of Attorney for Debtor* filed in the Chapter 7 Case.

16.     "Howard" shall mean Russ Howard, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

17.     The "Motion" shall mean the *Motion to Approve Settlement Agreement* [ECF No. 104].

18.     "Pacific" shall mean Pacific Operators Offshore, LLC, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

19.     "Schedules" shall mean the schedules that were filed in the Chapter 7 Case, including without limitation, Schedule E/F, Schedule H.

20.     "Schedule E/F" shall mean Official Form 206E/F, *Schedule E/F: Creditors Who Have Unsecured Claims* that was filed in the Chapter 7 Case.

21.     "Schedule H" shall mean Official Form 206H, *Schedule H: Your Codebtors* that was filed in the Chapter 7 Case.

22.     "Signal Hill" shall mean Signal Hill Service, Inc., together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

23.     "SOFA" shall mean the Amended *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* that was filed in the Chapter 7 Case. *See* Dkt. No. 4.

24.     The "Settlement Agreement" shall have the same meaning set forth in the Motion.

25.     The "Settlement Funds" shall mean the $50,000 that is contemplated being paid to the estate in the Motion.

26.     "State Court Case" shall mean the action captioned *California State Lands v. Signal Hill Service, Inc.*, No. 19CV04295 pending in the Superior Court of the State of California for the County of Santa Barbara, Civil Division.

27.     "You" or "your" shall mean Carone Energy Corporation.

## DOCUMENT REQUESTS

### MOTION

1.     Documents and communications sufficient to evidence the basis of the Affiliates being Signal Hill's "affiliate" as represented in Paragraph 4 of the Motion.

2.     Documents and communications sufficient to evidence that "Russ Howard and Richard L. Carone are principals of the Affiliates" as represented in Paragraph 5 of the Motion.

3.     All documents and communications concerning the Settlement Funds, including without limitations, bank statements showing the bank account holding the Settlement Funds.

4.     Documents and communications concerning the negotiation of the Settlement Agreement.

5.     Documents and communications concerning "any claims, known or unknown, that the estate could assert against the Affiliates, its shareholders, members, officers, employees, predecessors, subsidiaries, attorneys, accountants, transferees, representatives, agents, successors and assign" as referenced in Paragraph 8(a) of the Motion.

6.     Documents and communications concerning any transfer made to or from Carone Energy Corporation on the one hand and Signal Hill on the other.

8

7. Documents and communications concerning the statement in Paragraph K of the Settlement Agreement that "Howard and Carone dispute that Debtor engaged in any fraudulent transfers or failed to disclose any assets as part of the Bankruptcy Case and wish to eliminate any future litigation and the risks and costs attendant therewith relating to claims in connection with the Debtor's bankruptcy estate."

**CORPORATE STRUCTURE**

8. An organizational chart showing the corporate structure of Signal Hill and Carone Energy Corporation, together with any parents, subsidiaries, or owners.

9. The corporate bylaws, articles of registration, and other documents concerning the governance of Carone Energy Corporation.

10. The corporate minutes of Carone Energy Corporation and other documents evidencing any corporate action or decision made by Carone Energy Corporation.

11. The state or federal tax returns filed by Carone Energy Corporation.

12. The audited or unaudited financial statements of Carone Energy Corporation, including without limitation, balance sheets, statements of income, statements of cash flow, any notes to any financial statement.

13. Documents and communications concerning the transfer of assets between Carone Energy Corporation on the one hand and Signal Hill, Carone, or Howard on the other hand.

**BANK STATEMENTS**

14. Statements from Carone Energy Corporation's bank accounts as well as wire confirmations, check scans, currency transaction reports, and other documents evidencing the transferor or transferee of funds and the transferor or transferee's bank account.

9

15.     Statements from any securities and/or securities entitlement account held in the name of Carone Energy Corporation.

**PAYMENT OF MONEY BY THIRD-PARTIES**

16.     Documents and communications concerning the payment of funds by Carone Energy Corporation to any third-party on behalf of Signal Hill, including without limitation, any invoices, purchase orders, and evidence of payment.

17.     Documents and communications concerning the payment by Carone Energy Corporation of any legal fees to Signal Hill's counsel concerning the Chapter 7 Case.

18.     Documents and communications concerning the payment by Carone Energy Corporation of any legal fees to Signal Hill's counsel concerning the State Court Case.

19.     Documents and communications concerning the Check, including without limitation, documents and communications concerning the funds upon which the Check is drawn and the transfer of such funds.

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____ Wyoming _____

In re Signal Hill Service, Inc. _____

_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. _____ 24-20439 _____

Chapter _____ 7 _____

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

### SUBPOENA TO TESTIFY AT A DEPOSITION
### IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Carone Energy Corporation _____

*(Name of person to whom the subpoena is directed)*

■ *Testimony*:  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **See attached Exhibit A**

| PLACE 151 Country Estates Cir., Suite 1, Reno, Nevada, 89511 | DATE AND TIME 07/30/26        10:00 am |
|---|---|

The deposition will be recorded by this method:
  Audiovisual and stenographic means.

☐ *Production*:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  ____6/25/2026____

CLERK OF COURT

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_CA State Lands Commission_____ ,  who issues or requests this subpoena, are:

Isabella Panicucci, 1300 I Street, Sacramento, CA 95814, Isabella.Panicucci@doj.ca.gov, (916) 210-7662

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **EXHIBIT A**

## **DEFINITIONS**

1.     Unless otherwise specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

2.     A reference to an entity (as opposed to a natural person) refers to the entity and to all persons affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, employees, attorneys, and corporate subsidiaries.

3.     The use of a verb in any tense shall be construed as the use of that verb in all other tenses wherever necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

4.     The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all information that might otherwise be construed to be outside its scope.

5.     "Carone" shall mean Richard Carone, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

6.     "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

7.     "Communication" or "communications" means every manner of transmitting, and the transmittal, or receiving, and the receipt, of facts, information, opinions, thoughts, ideas or knowledge, whether orally, in writing, or otherwise.  As used herein, "communication" and

"communications" includes, without limitation, each document concerning each communication, as defined above, and each document prepared, reviewed, discussed, received, exchanged, transmitted and/or transferred by You.  "Communication" and "communications" also includes without limitation any video or audio recordings containing facts, information, opinions, thoughts, ideas or knowledge transmitted and/or transferred.

8.      The term "concerning" means concerning, demonstrating, with respect to, referring to, relating to, regarding, substantiating, supporting, rebutting, purporting, embodying, establishing, identifying, listing, evidencing, comprising, containing, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, or constituting, whether in whole or in part, and when referring to a particular document, includes that document.

9.      "Document" or "documents" has the broadest possible meaning ascribed to it and shall mean every original writing and draft of any nature whatsoever, and all non-identical copies thereof (whether different from the original because of notes made on such copies or otherwise) of all written, printed, typed, pictorial, or recorded matter of any kind and description, including all attachments or addenda annexed thereto, whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means, as well as reproductions thereof, in your possession, custody or control, regardless of where located and includes, but is not limited to, advices, annual, monthly or weekly reports and statements, business records, checks, correspondence, emails or other electronic or digital correspondence (including text messages, SMS messages, and similar messaging technologies), contracts, prospective contracts, agreements, partnership agreements, financial statements, appraisals, corporate or partnership structure, charts, records, studies, summaries, memoranda, interoffice and intra-office memoranda, memoranda of

2

conferences and meetings, memoranda of telephone conversations, memoranda to files, time sheets, calendars, diaries, date books, journals, handwritten notes, working papers, worksheets, diagrams, minutes, agendas, bulletins, notices, announcements, prospectuses, instructions, charts, manuals, brochures, pamphlets and other publications, schedules, telegrams, teletypes, photographs, audio tapes, video tapes, electronic recordings, facsimile transmissions, electronic transmissions, information stored on computer disk and all other tangible preservations of information.  In all cases where original and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

10.      The "Affiliates" shall mean and include Carone Energy Corporation, Carone Petroleum Corporation, Republic Drilling Company, Inc., Pacific Operators, Inc. dba Pacific Operators Offshore, Inc., Verrazzano Corporation, AnAmerican Corporation, Carpinteria, and Pacific.

11.      "Carpinteria" shall mean Carpinteria Offshore Project Partnership, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

12.      "Chapter 7 Case" shall mean the case captioned *In re Signal Hill Service, Inc.*, No. 24-20439 in the U.S. Bankruptcy Court for the District of Wyoming.

13.      The "Check" means the check no. 13006, dated May 28, 2026, made payable to the "Department of Justice" in the amount of $382,352.36 from G&B Law, LLP, a copy of which is enclosed at ECF No. 113-1.

3

14. "DFA" shall mean DFA Investors Trust, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

15. The "Fee Disclosure" shall mean the *Disclosure of Compensation of Attorney for Debtor* filed in the Chapter 7 Case.

16. "Howard" shall mean Russ Howard, together with his respective partners, designees, agents, employees, affiliates, predecessors, representatives, attorneys, or anyone else acting on his behalf or purports to act on his behalf.

17. The "Motion" shall mean the *Motion to Approve Settlement Agreement* [ECF No. 104].

18. "Pacific" shall mean Pacific Operators Offshore, LLC, together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates, predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

19. "Schedules" shall mean the schedules that were filed in the Chapter 7 Case, including without limitation, Schedule E/F, Schedule H.

20. "Schedule E/F" shall mean Official Form 206E/F, *Schedule E/F: Creditors Who Have Unsecured Claims* that was filed in the Chapter 7 Case.

21. "Schedule H" shall mean Official Form 206H, *Schedule H: Your Codebtors* that was filed in the Chapter 7 Case.

22. "Signal Hill" shall mean Signal Hill Service, Inc., together with its respective directors, officers, members, managers, partners, designees, agents, employees, affiliates,

predecessors, subsidiaries, parents, representatives, attorneys, or anyone else acting on its behalf or purports to act on its behalf.

23.     "SOFA" shall mean the Amended *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* that was filed in the Chapter 7 Case.  *See* Dkt. No. 4.

24.     The "Settlement Agreement" shall have the same meaning set forth in the Motion.

25.     The "Settlement Funds" shall mean the $50,000 that is contemplated being paid to the estate in the Motion.

26.     "State Court Case" shall mean the action captioned *California State Lands v. Signal Hill Service, Inc.*, No. 19CV04295 pending in the Superior Court of the State of California for the County of Santa Barbara, Civil Division.

## MATTERS FOR EXAMINATION

### MOTION

1.     The basis for the assertion that the Affiliates are Signal Hill's "affiliate" as represented in Paragraph 4 of the Motion.

2.     The basis for the assertion that "Russ Howard and Richard L. Carone are principals of the Affiliates" as represented in Paragraph 5 of the Motion.

3.     The Settlement Funds, including without limitations, the origin of the Settlement Funds and bank statements showing the bank account holding the Settlement Funds.

4.     The negotiation of the Settlement Agreement.

5.     The "claims, known or unknown, that the estate could assert against the Affiliates, its shareholders, members, officers, employees, predecessors, subsidiaries, attorneys, accountants, transferees, representatives, agents, successors and assign" as referenced in Paragraph 8(a) of the Motion.

6.     Any transfer made to or from Carone Energy Corporation on the one hand and Signal Hill on the other.

7.     The statement in Paragraph K of the Settlement Agreement that "Howard and Carone dispute that Debtor engaged in any fraudulent transfers or failed to disclose any assets as part of the Bankruptcy Case and wish to eliminate any future litigation and the risks and costs attendant therewith relating to claims in connection with the Debtor's bankruptcy estate."

**CORPORATE STRUCTURE**

8.     The corporate structure of Signal Hill and Carone Energy Corporation, together with any parents, subsidiaries, or owners.

9.     The corporate bylaws, articles of registration, and other documents concerning the governance of Carone Energy Corporation.

10.     The corporate minutes of Carone Energy Corporation and other documents evidencing any corporate action or decision made by Carone Energy Corporation.

11.     The state or federal tax returns filed by Carone Energy Corporation.

12.     The audited or unaudited financial statements of Carone Energy Corporation, including without limitation, balance sheets, statements of income, statements of cash flow, any notes to any financial statement.

13.     The transfer of assets between Carone Energy Corporation on the one hand and Signal Hill, Carone, or Howard on the other hand.

**BANK STATEMENTS**

14.     Carone Energy Corporation's bank accounts as well as wire confirmations, check scans, currency transaction reports, and other documents evidencing the transferor or transferee of funds and the transferor or transferee's bank account.

6

15.     Securities and/or securities entitlement accounts held in the name of Carone Energy Corporation.

**PAYMENT OF MONEY BY THIRD-PARTIES**

16.     The payment of funds by Carone Energy Corporation to any third-party on behalf of Signal Hill, including without limitation, any invoices, purchase orders, and evidence of payment.

17.     The payment by Carone Energy Corporation of any legal fees to Signal Hill's counsel concerning the Chapter 7 Case.

18.     The payment by Carone Energy Corporation of any legal fees to Signal Hill's counsel concerning the State Court Case.

19.     The Check, including without limitation, documents and communications concerning the funds upon which the Check is drawn and the transfer of such funds.