Jeffrey M. Boldt, #7-4730
OVERSTREET HOMAR & KUKER
2922 Central Avenue
Cheyenne, Wyoming 82001
307.274-4444 telephone
307.274-4443 facsimile
jeffrey@kukerlaw.com

Jessica Tucker-Mohl, *pro hac vice*
Isabella Panicucci, *pro hac vice*
Steven Kerns, *pro hac vice*
California Attorney General's Office
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-7662
Isabella.Panicucci@doj.ca.gov

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SIGNAL HILL SERVICE, INC., | ) | Case No. 24-20439 |
| | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |

## CREDITOR CALIFORNIA STATE LAND COMMISSION'S OPPOSITION TO DEBTOR SIGNAL HILL SERVICE INC.'S MOTION FOR PROTECTIVE ORDER

**COMES NOW** Creditor, California State Lands Commission ("Commission"), by and through its counsel, opposes debtor Signal Hill Service, Inc.'s ("Signal Hill") and its Affiliates'[1] Motion for Protective Order. ECF No. 138.

---

[1] Signal Hill's "Affiliates" are: Carone Energy Corporation, Carone Petroleum Corporation. Republic Drilling Company, Inc., Pacific Operators Offshore, LLC, Verrazzano Corporation, Carpinteria Offshore Project Ltd, Pacific Operators, Inc., dba Pacific Operators Offshore, Inc., AnAmerican Corporation (fdba AnAmerican Drilling, Inc.). The motion also is brought on behalf of Richard Carone and Russell Howard.

**BACKGROUND**

Despite the parties' ongoing and productive settlement discussions that could resolve this matter in its entirety, and the Commission's continued willingness to extend Signal Hill's discovery response deadlines, Signal Hill has elected, yet again, to waste judicial and party resources on unnecessary, premature, and counterproductive motion practice. In light of the parties' ongoing settlement discussions, which have resulted in the Commission's review and approval of substantive settlement terms agreed upon between the parties, and the Commission's willingness to hold the subpoenas and discovery in abeyance pending resolution of the matter, this motion is premature and the Court need rule on it until at least after the upcoming August 12, 2026 hearing, if at all.

This motion is yet another step in a delay campaign meant to prevent Signal Hill's creditors obtaining any information about Signal Hill or bringing claims against it before November 2026, when the two-year statute of limitations runs. 11 U.S.C. §§ 544, 546(a)(1)(A). The Commission has detailed these delay tactics at length. ECF No. 119. The Commission reincorporates that recitation of Signal Hill's actions here because Signal Hill continues its attempt to avoid the transparency it owes its creditors. While the Commission remains hopeful that the entirety of the case between Signal Hill and the Commission will be resolved through settlement, Signal Hill has refused to withdraw the motion and/or enter into a stipulation to informally resolve this discovery dispute without intervention by this Court, and therefore the Commission is forced to file this opposition to preserve its rights.

Between June 30, and July 2, 2026, the Commission served Signal Hill's Affiliates with subpoenas for production of documents and testimony at a deposition pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, that was made applicable by Rule 9016 and Rule 9014

of the Federal Rules of Bankruptcy Procedure. The Commission also served requests for production of documents and a deposition notice on Signal Hill. In furtherance settlement discussions that have been ongoing since early July, the Commission has withheld filing any return of service for the subject subpoenas or bringing a motion to compel responses to its discovery requests, for which the time for compliance has already passed, but is prepared to do so.

The Commission sought this discovery on the basis that there were three pending contested matters at that time. First, there was the Trustee's Settlement Motion (ECF No. 104) that the Trustee withdrew on July 14, 2026. ECF No. 134. Second, there is the Commission's still-pending May 22, 2026, motion to hold third-party accountant Mr. Alex Schurawel in contempt. ECF No. 110. A hearing on this motion was scheduled for July 1, 2026, and continued to August 12, 2026 at the request of the parties due to ongoing settlement discussions that could resolve the motion. Finally, there is Mr. Schurawel's motion for protective order, which also has not been ruled on. ECF No. 113. Mr. Schurawel's motion for protective order and his opposition to the Commission's motion to hold him in contempt attempted to justify his violation of this Court's orders by citing Signal Hill's pending motion, filed in California state court, to force the Commission to accept payment from an unknown payor. ECF No. 116 at 2. The Commission later learned that these funds originated from an account held jointly by Kristen Jones Carone and Kevin Carone, the wife and son of Richard Carone, who is one of Signal Hill's principals. ECF No. 129.

### ARGUMENT

At bottom, Signal Hill has shown this Court that it will waste judicial resources to avoid offering its creditors a shred of transparency. Even on the eve of potential settlement, Signal Hill

would rather force this Court to waste judicial resources so that Signal Hill can litigate yet another discovery motion instead of accepting the Commission's offer to extend Signal Hill's discovery response deadlines.

Moreover, Signal Hill ignores that there is more than one basis for the Commission's discovery requests. Signal Hill focuses exclusively on the Trustee's withdrawn Settlement Motion. But Signal Hill says nothing about how Mr. Schurawel invoking Signal Hill's California state court motion supports the Commission's discovery. Discovery into the claims Signal Hill has made in that motion, and Mr. Schurawel's interrelated claims, constitute an indisputably contested matter justifying discovery under Rule 45(a)(4) of the Federal Rules of Civil Procedure—made applicable by Bankruptcy Rule 9016 and Rule 9014. *See e.g.*, *In Re RFD*, *Inc.* 211 B.R. 403, 407-08 (Bankr. D. Kan. 1997).

Next, Signal Hill baldly asserts, without any evidence or citation, that "Responding to the amount of document requests on such a short time frame is not feasible and many of the requested documents are irrelevant to the Settlement Motion" and that "[t]he deposition dates and locations are extremely inconvenient for Movants and their counsel." ECF No. 138. These claims fall far short of justifying the protective order that Signal Hill seeks.

Federal Rule of Bankruptcy Procedure 7026(c) incorporates Federal Rule of Civil Procedure 26(c) and allows courts to issue protective orders "for good cause" Fed. R. Bankr. P. 7026(c) (incorporating Fed. R. Civ. P. 26(c)). Good cause may exist when a party suffers "annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). The moving party has the burden of establishing good cause and must show "specific prejudice or oppression that will be caused by disclosure" and "must present concrete reasons justifying a protective order and not rest on unverified fears" or "conclusory or stereotypical assertions." *Pia*

*v. Supernova Media, Inc.*, 275 F.R.D. 559, 560 (D. Utah 2011); *Exum v. U.S. Olympic Committee*, 209 F.R.D. 201, 206 (D. Colo. 2002). "Instead, the party seeking a protective order must show that disclosure will result in a *clearly defined and serious injury to the party seeking protection*." *Exum*, 209 F.R.D. at 206 (emphasis added). The good cause requirement causes courts to generally "balance the party's need for the information against the injury which might result from unrestricted disclosure." *Id.*

Here, Signal Hill offers *only* "conclusory or stereotypical assertions" and, without more, Signal Hill has failed to carry its burden. *Id.* Moreover, the Commission and all creditors have a strong and urgent need to test the veracity of Signal Hill's claims and Signal Hill will suffer no harm from complying with routine discovery. *Id.* If the deposition locations and times are inconvenient, the Commission remains willing to conduct these depositions remotely and at a reasonable time that serves all parties. In any event, Signal Hill failed to even try to meet its burden, instead it offered *only two* conclusory sentences regarding its purported inconvenience. ECF No. 138 at 3. This meager showing cannot justify a protective order, and the Court should deny Signal Hill's motion and require them to respond to the Commission's requests for production and schedule depositions no later than August 13, 2026.

Pending continued progress toward settlement, the Commission remains willing to continue to agree to further extensions of Signal Hill's and the Affiliates' compliance deadlines past August 13, 2026.

///

///

///

## CONCLUSION

**WHEREFORE,** the Commission respectfully requests that this Court deny Signal Hill's

Motion for Protective Order.


**DATED** this 30th day of July 2026.

<div style="margin-left: 40%;">

**THE CALIFORNIA STATE LANDS
COMMISSION,
Creditor**

By:      */s/ Isabella A. Panicucci*
Isabella Panicucci, *pro hac vice*
Steven Kerns, *pro hac vice*
Jessica Tucker-Mohl, *pro hac vice*
California Attorney General's Office
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-7662
Steven.Kerns@doj.ca.gov
Isabella.Panicucci@doj.ca.gov

Jeffrey M. Boldt, #7-4730
OVERSTREET HOMAR & KUKER
2922 Central Avenue
Cheyenne, Wyoming 82001
307.274.4444 telephone
307.274.4443 facsimile
jeffrey@kukerlaw.com

</div>

# CERTIFICATE OF SERVICE

Case Name:  **In RE SIGNAL HILL**  Case No.  **24-20439**
            **SERVICE, INC.**

I hereby certify that on <u>Julu 30, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**CREDITOR CALIFORNIA STATE LAND COMMISSION'S OPPOSITION TO DEBTOR SIGNAL HILL SERVICE INC.'S MOTION FOR PROTECTIVE ORDER**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Stephen R. Winship
Winship and Winship, PC
steve@winshipandwinship.com
***Attorney for Debtor Signal Hill Service, Inc.***

John A. Coppede
Coal Creek Law, LLP
jcoppede@coalcreeklaw.com
***Attorney for Creditor Gaynor Ranch LLC***

Jennifer M. Salisbury
William Cross
jsalisbury@markuswilliams.com,
wcross@markuswilliams.com
***Attorneys for Alex Schurawel***

Randy L. Royal
rlroyal@randylroyalpc.com
***Chapter 7 Bankruptcy Trustee***

Office of the United States Trustee
USTPRegion19.cy.ecf@usdoj.gov

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 30, 2026</u>, at Sacramento, California.

Antinia Brown
Declarant

*/s/ Antinia Brown*
Signature

LA2024305269
40310915