Randy L. Royal
Chapter 7 Trustee
P.O. Box 551
Greybull, WY 82426
Phone: 307-765-4433
Fax: 307-765-9563
rlroyal@randylroyalpc.com

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SIGNAL HILL SERVICE, INC., | ) | Case No. 24-20439 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

## MOTION TO APPROVE SETTLEMENT AGREEMENT

**COMES NOW** Randy L. Royal, chapter 7 trustee (the "Trustee"), pursuant to Fed. R. Bankr. P. 9019, moves the Court to grant this motion (this "Motion") and approve the attached Settlement Agreement, annexed as Exhibit A (the "Settlement Agreement"), by and among the following parties (collectively, the "Parties"): the Trustee, Signal Hill Service, Inc. ("Signal Hill"), Kristen Jones Carone ("Jones"), Kevin Andrew Carone ("Kevin"), Russell Howard ("Howard"), Carone Petroleum Corporation ("Carone Petroleum"), Carone Energy Corporation, Republic Drilling Company, Inc., Pacific Operators Offshore, LLC, Verrazzano Corporation, Carpinteria Offshore Project Ltd., Pacific Operators, Inc., dba Pacific Operators Offshore, Inc.; AnAmerican Corporation (fdba AnAmerican Drilling, Inc.); Development Funding Associates LLC; and MBS Consulting LLC. Hereinafter, the Parties, excluding the Commission and the Trustee, are referred to as the "Debtor Parties" and Jones, Kevin, and Carone Petroleum are referred to as the "Paying Parties".

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On August 14, 2019, the Commission commenced the pre-petition action captioned *California State Lands Commission v. Signal Hill Service, Inc. et al.*, Case No. 19CV04295 (the "State Court Action") in the Superior Court of the State of California, County of Santa Barbara (the "State Court").

4. On November 1, 2024, after several years of pre-petition litigation with the Commission, Signal Hill commenced a voluntary case under chapter 7 of the Bankruptcy Code.

5. To avoid protracted and expensive litigation with an uncertain outcome in this bankruptcy case, the Parties desire to settle and compromise the claims of the various Parties against one another s on the terms set forth in the Settlement Agreement, subject to this Court's approval.

6. The material terms of the Settlement Agreement are summarized below:[1]

a. **Settlement Payment**: The Paying Parties shall pay the Commission a total of $485,455.93, consisting of: (1) a wire transfer payment of $385,455.93 from Kristen Jones Carone and Kevin Andrew Carone (via counsel) to the Commission in immediately available, irrevocable funds, to be made within five calendar days of executing the Settlement Agreement (the "State Court Action Payment"), and (2) a release to the Commission of two $50,000 cash deposits plus accrued interest currently held in lieu of bond for the Commission's attorneys' fees (the "Cash Deposits," and together with the State Court Action Payment, the "Settlement Funds").

---

[1] In the event of any inconsistency between the terms described herein and the Settlement Agreement, the terms set forth in the Settlement Agreement shall control.

b. **Disclosure of Information**: Carone, Jones, Kevin, and Howard are required to disclose to the Commission the name of any business or entity in which they hold a direct or indirect management, ownership, or controlling interest that is a lessee of the Commission, and the Debtor Parties shall provide the Commission with their State Identification Numbers or Employment Identification Numbers.

c. **Mutual Releases**: Upon the Court's settlement approval order becoming final and not subject to appeal, the Commission and the Debtor Parties will be deemed to grant mutual releases; *provided, however*, that the Commission's releases shall not become effective until 90 days following the date that the Commission has received the full Settlement Funds in immediately available funds and such funds have finally cleared.

d. **Annulment of the Releases**: If any portion of the Settlement Funds is avoided, set aside, rescinded, disgorged, or recovered from the Commission as a preference, fraudulent transfer, or on any other basis, or if any provision of the Settlement Agreement is breached, the releases granted by the Commission shall automatically become null and void, all claims of the Commission shall be revived and reinstated in full, and all applicable statutes of limitations shall be deemed tolled from the execution of the Settlement Agreement until 14 calendar days after the date of such recovery. Similarly, any waivers of claims belonging to the Debtor Parties would be null and void, and the Commission will hold the Settlement Funds for 90 days in a segregated account.

e. **Satisfaction of Judgment**: Upon the satisfaction of all payment obligations with respect to the Settlement Funds, the Commission will file a full satisfaction of judgment in the State Court Action (as defined in the Settlement Agreement) and will record that full satisfaction of judgment in any county in which an abstract was recorded. The Commission will have the ability to retract such filing or make any other filings to effectuate the retraction in the event the releases are annulled.

f. **Indemnification**: The Debtor Parties shall, jointly and severally, indemnify, defend, and hold harmless the Commission and its officers, employees, agents, and representatives from and against any and all claims, liabilities, losses, damages, costs, and expenses (including reasonable attorneys' fees) arising out of or relating to (i) any claim by any person or entity asserting an interest in the Settlement Funds, (ii) any breach of any representation, warranty, or covenant made in the Settlement Agreement, or (iii) any action to avoid, recover, or disgorge the Settlement Funds.

## ARGUMENT

### I. This Court has authority to Approve the Settlement Agreement Under Bankruptcy Rule 9019.

7. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or

settlement." As a matter of public policy "compromises are favored in bankruptcy" because they limit litigation and expedites the administration of a bankruptcy estate. *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996).

8. Bankruptcy courts in the Tenth Circuit have focused on four primary factors in considering approval of bankruptcy settlements: "the probable success of the litigation on the merits, any potential difficulty in collection of a judgment, the complexity and expense of the litigation and the interests of creditors in deference to their reasonable views." *In re Southern Medical Arts Companies, Inc.*, 343 B.R. 250, 256 (B.A.P. 10th Cir. 2006); *In re Kopexa Realty Venture Co.*, 213 B.R. 1020, 1022 (10th Cir. B.A.P. 1997).

9. In addition to considering those factors, the Court "must carefully weigh the value of the settled claim against the value to the estate by the settlement." *In re The Hermitage Inn, Inc.*, 66 B.R. 71, 72 (Bankr. D. Colo. 1986). "[S]ome deference to the business judgment" of a trustee also is appropriate where a proposed settlement otherwise is fair and equitable to the estate. *In re OptInRealBig.com, LLC*, 345 B.R. 277, 291 (Bankr. D. Colo. 2006). "[T]he court's assessment does not require resolution of the issues, but only their identification, so that the reasonableness of the settlement may be evaluated." *Id.*

## II. This Court Should Approve the Settlement Agreement.

10. Each of the four relevant factors support approval of the Settlement Agreement.

11. **Probability of Success on the Merits**. The first factor weighs in favor of the settlement. The settlement eliminates a substantial claim against the estate without requiring the estate to expend any funds or grant any releases. The Estate benefits from this outcome regardless of the underlying merits, as the Commission's claim will be satisfied without any contribution

from Estate assets and without the Trustee having to litigate the validity or amount of any claim filed by the Commission

12. **Difficulties in Collection**. The second factor supports approval of the settlement because the Estate faces no collection burden while the Commission's claim is fully satisfied by a non-debtor payor. In a typical chapter 7 case, collection difficulties arise when debtors lack assets or income to satisfy judgments, rendering litigation victories hollow. Here, the Estate confronts the inverse scenario: the settlement guarantees full satisfaction of the Commission's claim through payment by a third party – through non-Estate assets – ensuring that its claim will not burden the Estate's limited resources during administration or distribution.

13. **The Expense, Inconvenience and Delay of Litigation**. The third factor weighs in favor of approval of the settlement because the settlement eliminates the prospect of costly, protracted litigation without requiring the Estate to fund any compromise payment or grant any releases. The proposed settlement avoids all such expense, inconvenience, and delay that could result from any potential litigation over the validity or amount of the Commission's claim. Because a non-debtor party is paying the Commission in full, the estate incurs zero litigation costs, zero settlement funding obligations, and zero administrative burden related to claim resolution. The Commission's decision to accept third-party payment and release the Debtor entirely removes the protracted dispute between the Commission and the Debtor from the docket, permitting the Trustee to focus resources on other estate matters and to expedite administration.

14. **The Interests of the Creditors**. If approved, the proposed settlement will result in a reduction of the total amount of claims against estate and, consequently, will increase potential recoveries of the remaining creditors in the event the Trustee discovers and liquidates estate assets. Moreover, the settlement will not deplete estate assets, as the Settlement Funds will come from

non-debtor third parties rather than from the estate and the Settlement Agreement does not contemplate grant of releases by the Trustee on behalf of the estate.

## CONCLUSION

**WHEREFORE** the Trustee respectfully requests that the Court approve the Settlement Agreement and grant other relief as the Court deems appropriate.

**DATED** this 5th day of October, 2026

By: /s/

Randy L. Royal
Chapter 7 Trustee
P.O. Box 551
Greybull, WY 82426
Phone: 307-765-4433
Fax: 307-765-9563
rlroyal@randylroyalpc.com

# CERTIFICATE OF SERVICE

I, Randy L. Royal, hereby certify that a true and correct copy of the foregoing Motion to Approve Settlement Agreement was served electronically using the Court's CM/ECF System upon all parties against whom relief is sought and those otherwise entitled to service.

Via: United States Mail:
Attached Official Matrix

Via: Electronic Notice:

**U.S. Trustee's Office (USTPRegion19.cy.ecf@usdoj.gov)**
**Jeffrey M Boldt (jeffrey@kukerlaw.com)**
**John A. Coppede (jcoppede@coalcreeklaw.com)**
**William Cross (wcross@markuswilliams.com)**
**Jennifer M. Salisbury (jsalisbury@markuswilliams.com)**
**Steven Kerns (steven.kerns@doj.ca.gov)**
**Isabella Panicucci (Isabella.Panicucci@doj.ca.gov)**

**DATED** this 5th day of October, 2026

By: */s/ Randy L. Royal, Chapter 7 Trustee*
Randy L. Royal

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SIGNAL HILL SERVICE, INC., | ) | Case No. 24-20439 |
| | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |

## SETTLEMENT AGREEMENT

This settlement agreement (this "Agreement") is effective as of August [], 2026 (the "Effective Date") by and among the parties listed below (collectively, the "Parties"):

1. Debtor Signal Hill Service, Inc. ("Signal Hill");
2. The California State Lands Commission ("Commission");
3. Randy Royal, solely in his capacity as the Chapter 7 trustee (the "Trustee") of Signal Hill's bankruptcy estate (the "Estate");
4. Richard Carone ("Carone");
5. Kristen Jones Carone ("Jones");
6. Kevin Andrew Carone ("Kevin");
7. Russell Howard ("Howard");
8. Carone Petroleum Corporation ("Carone Petroleum");
9. Carone Energy Corporation;
10. Republic Drilling Company, Inc.;
11. Pacific Operators Offshore, LLC;
12. Verrazzano Corporation;
13. Carpinteria Offshore Project Ltd.;
14. Pacific Operators, Inc., dba Pacific Operators Offshore, Inc.;
15. AnAmerican Corporation (fdba AnAmerican Drilling, Inc.);
16. Development Funding Associates LLC; and

17. MBS Consulting LLC.

Hereinafter, the Parties, excluding the Commission and the Trustee, are referred to as the "Debtor Parties" and Jones, Kevin, and Carone Petroleum are referred to as the "Paying Parties".

**RECITALS**

A. On August 14, 2019, the Commission commenced the pre-petition action captioned *California State Lands Commission v. Signal Hill Service, Inc. et al.*, Case No. 19CV04295 (the "State Court Action") in the Superior Court of the State of California, County of Santa Barbara (the "State Court").

B. On March 15, 2024, the State Court entered the *Judgment Pursuant to Stipulation* (the "Judgment") in favor of the Commission against Signal Hill, and on March 29, 2024, the State Court granted an award of prejudgment costs, based on the *Memorandum of Costs (Summary)*, in favor of the Commission against Signal Hill, resulting in an aggregate award granted by the State Court to the Commission against Signal Hill of $311,029.59.

C. On November 1, 2024 (the "Petition Date"), Signal Hill filed the above-captioned case (the "Chapter 7 Case") under Chapter 7 of Title 11 of the U.S. Code (the "Bankruptcy Code") in the U.S. District Court for the District of Wyoming (the "Court").

D. On the Petition Date, Randy L. Royal was duly appointed as the Chapter 7 trustee of Signal Hill's bankruptcy estate (the "Estate").

E. The Paying Parties desire to make payment of $385,455.93 to the Commission in full and complete satisfaction of the Judgment plus interest (the funds collectively being the "State Court Action Payment").

F. The Paying Parties desire to release two $50,000 cash deposits (totaling $100,000) currently held by the Commission, issued by Pacific Operators Offshore, LLC , for reimbursement of attorneys' fees and costs.

G. Pacific Operators Offshore, LLC was dissolved in California on February 11, 2019. Carone Petroleum Corporation had control of Pacific Operators Offshore, LLC and continued to make payments in place of Pacific Operators Offshore, LLC for State Offshore Oil and Gas Leases PRC 4000 and PRC 7911.

H. The State Court Action Payment comes from the following exclusive sources:

i. On November 1, 2018, Carone and Jones executed that certain *Transmutation Agreement* (the "Transmutation Agreement") under which Carone granted to Jones the real property located at 1002 La Sienda, Santa Barbara, California, 93105 (the "Property"). On December 27, 2018, Jones recorded the Transmutation Agreement in the Official Records of the County of Santa Barbara as Instrument No. 2018-0054536.

ii. On January 8, 2024, Jones sold the Property and received a wire of $3,062,265.36 (the "Sale Funds"), which Sale Funds were transferred to Jones' bank account at

USAA Federal Savings Bank ending in x7683 (the "USAA Account"). No other party (beyond Jones) has an interest in the USAA Account.

iii. On January 29, 2024, $2,750,000 of the Sale Funds were transferred from the USAA Account to Jones' and Kevin's account at Charles Schwab & Co. ending in x303 (the "Schwab Account"). All Parties, excluding the Commission and the Trustee, represent and warrant that no other party (beyond Jones and Kevin) has an interest in the Schwab Account.

iv. All Parties, excluding the Commission and the Trustee, represent and warrant that the funds on account of the State Court Action Payment are funds that are derived from the Sale Funds, are currently held in the Schwab Account, and have never been transferred out of the Schwab Account after being transferred into the Schwab Account.

v. The Parties have engaged in extensive, good faith negotiations and have agreed to consensually resolve between themselves the claims, controversies, and defenses, which could have been asserted against each other in the Chapter 7 Case in accordance with the terms and conditions set forth herein.

## AGREEMENT

**NOW THEREFORE**, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the adequacy and sufficiency of which is hereby acknowledged, and intending to be legally bound, the Parties hereby agree as follows:

1. **Incorporation of Recitals**. The foregoing Recitals are incorporated by reference herein as if stated in full and made material terms to this Agreement.

2. **Rule 9019 Approval**.

A. **Trustee to Seek Rule 9019 Approval**. Within 5 calendar days after the execution of this Agreement by all of the Parties, the Trustee shall file a motion (the "9019 Motion") with the Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking approval of this Agreement.

B. **No Effect if Agreement Not Approved**. In the event the Court declines to approve this Agreement, the Agreement shall become null, void, and of no further force or effect, and nothing contained herein shall have any force or effect.

3. **Payment**. The Paying Parties shall pay the Commission the aggregate sum of $485,455.93 on the following terms:

A. **State Court Action Payment**. Within 7 calendar days after entry of an order approving the 9019 Motion, which order is not subject to an appeal or a further appeal (the "Payment Date"), Jones and Kevin, through James R. Felton of G&B Law, will wire $385,455.93 to the Commission, on account of the State Court Action Payment, on written instructions provided by the Commission in immediately available funds that are irrevocable in all respects and not subject to a clawback, in full and complete satisfaction of the Judgment entered in the State Court Action plus interest as of the Effective Date. The State Court Action

Payment funds shall be paid only from Jones' and Kevin's own non-estate funds and shall not include any property of Signal Hill, property of the Estate, proceeds of Estate property, or funds transferred, loaned, advanced, reimbursed, or made available by Signal Hill, the Estate, or any person acting for or on behalf of either. The Commission agrees to return the previously issued check in the same amount that was provided to the California Department of Justice and dated May 28, 2026.

B. **Release of Cash Security Deposits**. Within 7 calendar days after the Payment Date, Carone Petroleum Corporation hereby permits the release to the Commission of two $50,000.00 cash deposits plus any interest earned thereon (the "Cash Deposits" and together with the State Court Action Payment, the "Settlement Funds"), paid to the Commission in 2005 with reference to Public Resources Code sections 4000 and 7911 on account of the Commission's attorneys' fees and expenses incurred with the enforcement of the Judgment. Carone Petroleum Company has authority to direct the release of these Cash Deposits on behalf of Pacific Operators Offshore, LLC.

4. **Non-Monetary Conditions**.

A. Carone, Howard, Kevin, and Jones are required to disclose to the Commission the name of any business or entity in which they have a direct or indirect management, ownership, or controlling interest that is a lessee or applicant of the Commission.

B. Within 14 calendar days of the Effective Date, the Debtor Parties shall provide the Commission their State Identification numbers or their federal employer identification number ("EIN") numbers if a State Identification Number does not exist.

C. Pending completion of the payment described in paragraphs 3(A) and (B) above, and for a total of 90 days following such payment, the Commission will pause all efforts to seek a contempt judgment against Alex Schurawel, the deposition of Alex Schurawel or any other action in furtherance of such Judgment collection. To the extent that within such 90 calendar days, any event occurs that causes a Spring Back Condition, defined below, to occur, the Commission can restart the enforcement of all actions described in this Section 4(c) and any time that was paused will be tolled for 14 calendar days against any and all statutes of limitation

5. **Releases**. Upon the Bankruptcy Court's order approval of the Agreement becoming final and not subject to any further appeals (the "Release Date"), each of the Debtor Parties will be deemed to grant mutual releases to the Commission and the Commission will be deemed to grant releases to the Debtor Parties as provided herein.

A. **Commission Releases to the Debtor Parties**.

i. The Commission grants the Debtor Parties the following releases (the "Commission Releases"): Except for the rights and obligations created by, under, or related to this Agreement, on the Release Date, the Commission hereby irrevocably releases and forever discharges the Debtor Parties, their officers, directors, and members as of the date of the entry of the Judgment from any and all manner of action, causes of action, debts, liabilities, claims, and demands of every kind and nature whatsoever, known or unknown, now existing, which the Commission may have against the Debtor Parties arising out of, in connection with, or related to

the State Court Action. The Commission also hereby releases and discharges the Debtor Parties, their officers, and directors, and members, from any actionable legal claims that it is aware of at the time of the Effective Date.

ii. The Commission Releases shall not become effective until 90 calendar days following the date that the Commission has received the full Settlement Funds in immediately available funds and such funds have finally cleared, the receipt of such funds being a condition precedent to the effectiveness of the Commission Releases.

iii. Notwithstanding anything to the contrary in this Agreement, if any portion of the Settlement Funds is (A) avoided, (B) set aside, (C) rescinded, (D) disgorged, (E) recovered from the Commission as a preference, fraudulent transfer, or on any other basis, (F) if any provision of this Agreement is breached, or (G) if any representation or warranty made herein is untrue in any material respect (the foregoing subparts (A)-(G) being the "Spring Back Conditions" and each a "Spring Back Condition"), the Commission Releases shall automatically become null and void, all claims of the Commission shall be revived and reinstated in full, and all applicable statutes of limitations shall be deemed tolled from the Effective Date until 14 calendar days after the occurrence of any Spring Back Condition.

iv. Upon the payment of the Settlement Funds in accordance with the terms of this Agreement, the Commission shall file a full satisfaction of judgment in the State Court Action and will record that full satisfaction of judgment in any county in which an abstract was recorded, *provided however*, that the Commission may retract such filing, and make any other filings to effectuate the retraction, upon the occurrence of a Spring Back Condition.

B. **Debtor Party Releases to the Commission**. The Debtor Parties grant the Commission, the following release (the "Debtor Party Releases"): Except for the rights and obligations created by, under, or related to this Agreement, the Debtor Parties hereby irrevocably release and forever discharge the Commission, together with its commissioners, lawyers, officers, and all other acting on its behalf, from any and all manner of action, causes of action, debts, liabilities, claims, and demands of every kind and nature whatsoever, known or unknown, now existing, which the Debtor Parties may have against the Commission.

6. **<u>Warrants and Representations</u>**.

A. The Parties warrant and represent that:

i. The foregoing Recitals are true and correct in all respects as of the Effective Date.

ii. The Commission is relying on the representations, warranties, and covenants set forth herein and that each is material to the Commission's agreement to settle.

iii. This Agreement was negotiated at arm's length and in good faith; is fair, equitable, and reasonable; is not collusive.

B. Jones and Kevin warrant and represent that Paragraph F of the Recitals and each subpart thereof, concerning the sources of the State Court Action Payment, is true and correct in all respects as of the Effective Date.

C. Jones warrants and represents that the State Court Action Payment is her separate marital property and does not constitute property, or proceeds of property, of Signal Hill or the Estate.

D. Kevin warrants and represents that the State Court Action Payment does not constitute property, or proceeds of property, of Signal Hill or the Estate.

E. Carone Petroleum represents that the Cash Deposits do not constitute property, or proceeds of property, of Signal Hill or the Estate.

F. The Paying Parties each warrant and represent that:

i. They are solvent, are able to pay their debts as they become due, and that payment of any part of the Settlement Funds, will not render them insolvent.

ii. They are not engaged in a business or a transaction in which their remaining assets are unreasonably small in relation to the business or transaction. They do not intend to incur debts beyond their ability to pay as the debts become due. The sum of their debts is not greater than the sum of their assets.

iii. None of the Settlement Funds are subject to any liens, encumbrances, or other interests, and they are not working in collusion with the Commission in effectuating the transfer of any part of the Settlement Funds to the Commission.

iv. The transfer of their respective portion of the Settlement Funds are made in good faith, for reasonably equivalent value, and not with any intent to hinder, delay, or defraud any creditor, and that no bankruptcy or insolvency proceeding is pending, threatened, or contemplated by or against any of them.

v. The Settlement Funds are not being paid on account of any antecedent debt that they owe to the Commission.

vi. No portion of the Settlement Funds were transferred, loaned, advanced, reimbursed, or made available Signal Hill, the Estate, or any person or entity acting on behalf of either and that neither Signal Hill or the Estate has or ever had a right to the Settlement Funds.

G. The Trustee warrants and represents that the Settlement Funds are not property of the Estate and the Property was not property of Signal Hill or the Estate.

H. Each Party, exclusive of the Paying Parties, disclaim any interest in the Settlement Funds or the Property that was sold and led to the funds on account of the State Court Action Payment.

I. Each entity Party represents and warrants that it is duly organized, validly existing, in good standing, and duly authorized to execute, deliver, and perform the Settlement Agreement; each individual Party represents and warrants that he or she has full capacity and authority to execute, deliver, and perform the Agreement.

7. **Covenants**.

A. The Debtor Parties covenant, for the 90 days following their respective payment of the Settlement Funds:

i. They will not create or suffer to exist any lien or transfer upon or against any of the Settlement Funds, or otherwise create or otherwise cause or suffer to exist or become effective any encumbrance or restriction of any kind on the ability to pay the amounts payable hereunder.

ii. That they have the requisite corporate authority to authorize the release of the two $50,000 Cash Deposits, totaling $100,000, issued by Pacific Operators Offshore, LLC, and currently held by the Commission to the Commission for reimbursement of attorneys fees and costs.

iii. They will not make themselves insolvent, and will pay debts as they become due.

iv. They will not engage in a business or a transaction for which their remaining assets are unreasonably small in relation to the business or transaction.

v. They will not incur debts beyond their ability to pay as the debts become due.

vi. The sum of their debts will not become greater than the sum of their assets.

B. The Parties covenant:

i. To cooperate in good faith and to support, and not directly or indirectly oppose, delay, or interfere with, any motion or proceeding to obtain Bankruptcy Court approval of the Agreement under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

ii. To execute and deliver such further documents and do such further acts and things as the Commission may reasonably request or may be reasonably necessary to effectuate this Agreement, including without limitation, written confirmations of the source, ownership, availability, and transfer of the Settlement Funds upon request from the Commission.

iii. Not to interfere with the indefeasible payment of the Settlement Funds to the Commission.

iv. To irrevocably waive any right, standing, claim, defense, objection, or equitable theory to challenge, restrain, delay, impair, unwind, recover, disgorge, or otherwise interfere with Jones' or Kevin's transfer of the Settlement Funds to the Commission, the

Commission's receipt or retention of the Settlement Funds, or the effectiveness of the Settlement Agreement on the ground that such transfer injures or affects any of the Paying Parties.

v. To acknowledge that any breach of the foregoing non-interference covenants would cause irreparable harm to the Commission and that the Commission shall be entitled to specific performance, temporary restraining orders, preliminary and permanent injunctions, and expedited relief, in each case without the necessity of posting a bond, in addition to all other remedies available under the Agreement or applicable law.

vi. Not to solicit, encourage, finance, direct, assist, provide documents for, or otherwise support any third party in bringing, asserting, prosecuting, or maintaining any challenge, objection, lien, claim, demand, appeal, stay request, injunction request, avoidance action, or other proceeding that would delay, impair, restrain, unwind, recover, disgorge, or otherwise interfere with the indefeasible payment of the Settlement Funds to the Commission or the Commission's receipt or retention of the Settlement Funds.

vii. To give the Commission prompt written notice of any actual or threatened claim, lien, demand, subpoena, writ, garnishment, attachment, injunction request, stay request, appeal, insolvency proceeding, avoidance action, or other action, instruction, or proceeding that could delay, impair, restrain, unwind, recover, disgorge, or otherwise interfere with the indefeasible payment of the Settlement Funds to the Commission or the Commission's receipt or retention of the Settlement Funds.

viii. Not to create, permit, or suffer to exist any lien, transfer, encumbrance, or adverse claim upon or against the Settlement Funds, or to otherwise support, encourage, fund, assign, transfer, perfect, record, create, cause, or suffer to exist or become effective any encumbrance or restriction of any kind on the ability of Jones and Kevin to indefeasibly pay the Settlement Funds to the Commission.

ix. Not to transfer assets, incur obligations, commence or consent to any insolvency proceeding, or take any other action intended or reasonably likely to impair payment, indemnity, reimbursement, or enforcement obligations owed to the Commission under the Settlement Agreement.

8. **Indemnification**.

A. **Indemnity Obligation**. The Debtor Parties shall, jointly and severally, indemnify, defend, and hold harmless the Commission and its officers, employees, agents, and representatives from and against any and all claims, liabilities, losses, damages, costs, and expenses (including reasonable attorneys' fees, expert fees, administrative costs, and any other enforcement costs) arising out of or relating to (i) any claim by any person or entity asserting an interest in the Settlement Funds, (ii) any breach of any representation, warranty, covenant, or obligation made in the Settlement Agreement, (iii) any action, demand, appeal, or proceeding to avoid, recover, disgorge, or otherwise impair the Commission's right to retain the Settlement Funds, (iv) any reimbursement, replacement, or restoration of Settlement Funds required after payment to the Commission, or (v) any inaccuracy in any representation or warranty made

herein. The obligations of the Debtor Parties under this Section shall be absolute and unconditional and shall not be subject to any defense, setoff, counterclaim, or recoupment.

B. **Indemnity Obligation Due Upon Demand**. The indemnity obligations of the Debtor Parties shall be payable immediately upon demand and shall be independent of, and in addition to, the Commission's release conditions, claim-revival rights, and other remedies.

9. **Preservation of Commission Authority**. Except for the Commission Releases and the Debtor Party Releases, and notwithstanding any other provision, nothing in this Agreement shall release, waive, limit, or impair the Commission's sovereign, regulatory, police, or enforcement powers or authority, including without limitation its authority with respect to public trust lands, oil and gas leases, royalties, plugging, abandonment, decommissioning, and environmental obligations.

10. **Notices**. Any notices to be given to any of the Parties shall be made as per the below:

A. Any notices to the Commission shall be made at:

Jessica Tucker-Mohl
Isabella Panicucci
Steven Kerns
California Attorney General's Office
300 S. Spring Street, Suite 1702
Los Angeles, CA 90012-1230
Telephone: (213) 269-6226
Jessica Tucker-Mohl@doj.ca.gov
Isabella.Panicucci@doj.ca.gov
Steven.Kerns@doj.ca.gov

B. Any notices to the Trustee shall be made at:

Randy L. Royal
Chapter 7 Trustee
P.O. Box 551
Greybull, WY 82426
Phone: 307-765-4433
Fax: 307-765-9563
rlroyal@randylroyalpc.com

C. Any notices to Signal Hill shall be made at:

Stephen R. Winship
Winship & Winship, P.C.
145 South Durbin Street, Suite 201
Casper, WY 82601
(307) 234-8991

steve@winshipandwinship.com

D. Any notices to Jones shall be made at:

James R. Felton

G & B Law, LLP

16000 Ventura Blvd., Suite 1000

Encino, CA 91436

(818) 382-6200

jfelton@gblawllp.com

E. Any notices to Kevin shall be made at:

James R. Felton

G & B Law, LLP

16000 Ventura Blvd., Suite 1000

Encino, CA 91436

(818) 382-6200

jfelton@gblawllp.com

F. Any notices to any of the Debtor Parties (excluding Signal Hill) shall be made at:

James R. Felton

G & B Law, LLP

16000 Ventura Blvd., Suite 1000

Encino, CA 91436

(818) 382-6200

jfelton@gblawllp.com

G. Any notice given under this Agreement shall be sent to the electronic email listed above and the notice shall be deemed sent at the time of the transmission of the email.

11. **Survival**. All representations, warranties, and covenants set forth herein and in this Agreement shall survive the execution of this Agreement, the payment of the Settlement Funds, and the entry and finality of the Court's approval order. The indemnity, release-condition, tolling, enforcement, and jurisdiction provisions of this Agreement shall survive until all applicable avoidance, recovery, and enforcement risks have been fully and finally extinguished.

12. **Enforcement of Agreement**. The Court shall retain exclusive jurisdiction over the subject matter of this Agreement, including the enforcement thereof, and each of the Parties consent to the non-exclusive jurisdiction (including personal jurisdiction) and venue of this Court for enforcement of this Agreement including entry of final orders or judgments based on this Agreement. The Commission shall be entitled to its reasonable attorneys' fees, costs, and expenses in connection with any enforcement of this Agreement or any action arising out of or relating to this Agreement, including any dispute regarding the interpretation, validity, or breach hereof. Service of any papers in connection with any proceeding(s) to enforce this Agreement shall be made in accordance with notice to be provided in this Agreement.

13. **Integration Clause**. This Agreement contains the entire agreement between the Parties and may only be modified in writing signed by the Parties or their duly appointed agents. All prior agreements and understandings between the Parties concerning the subject matter of this Agreement are superseded by the terms of this Agreement.

14. **Binding Effect**. This Agreement and the Recitals shall be binding on each of the Parties and the Estate.

15. **No Third-Party Beneficiaries**. This Agreement shall inure to the benefit of the Parties. There are no intended third-party beneficiaries to this Agreement.

16. **Authority**. The Parties represent and warrant to each other that they have the full power and authority to execute and to perform their respective obligations under this Agreement and, where appropriate, have obtained the requisite corporate authority to enter into this Agreement.

17. **Governing Law**. This Agreement is governed by, and shall be construed in accordance with the laws of the State of California, without regard to its conflict of laws principles.

18. **Voluntary Agreement**. Each of the Parties acknowledges that it has read all of the terms of this Agreement, has had an opportunity to consult with counsel of their own choosing, and enters into those terms voluntarily and without duress.

19. **Joint Drafting**. Each Party acknowledges that it participated in and jointly consented to the drafting of this Agreement and any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

20. **Severability**. If any provision of this Agreement is held to be invalid, illegal, or unenforceable, the remaining provisions shall remain in full force and effect. The Parties shall negotiate in good faith to replace any invalid provision with a valid provision that, to the greatest extent possible, achieves the original intent of the Parties, including the protections afforded to the Commission.

21. **No Waiver**. No failure or delay by the Commission in exercising any right, remedy, power, or privilege under this Agreement shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right, remedy, power, or privilege. No waiver shall be effective unless made in writing and signed by the Commission.

22. **Section Headings**. Section headings included herein are for convenience of reference only and shall not modify, define, expand, or limit any of the terms or provisions hereof.

23. **Countersigned Copies**. This Agreement may be executed in any number of counterparts and by different Parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same Agreement. Delivery of an executed counterpart of a signature page to this Agreement by facsimile or by electronic mail in portable document format (PDF) shall be effective as delivery of a manually executed counterpart of this Agreement.

IN WITNESS WHEREOF, the Parties have caused the execution of this Agreement as of the Effective Date.

Dated: ~~August [ ]~~, 2026
September 20, 2026

SIGNAL HILL SERVICE, INC.

By: [signature]

Name: Russ Howard

Title: CFO

Dated: ~~August [ ]~~, 2026
9/29/2026

THE CALIFORNIA STATE LANDS COMMISSION

Signed by:
By: Matthew Dumlao
A1747A652BD9437...

Name: Matthew Dumlao

Title: Executive Officer

Dated: ~~August [ ]~~, 2026

RANDY ROYAL, SOLELY IN HIS CAPACITY AS THE CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF SIGNAL HILL SERVICE, INC.

By: ______________ Trustee 10-5-26

Dated: ~~August [ ]~~, 2026

RICHARD CARONE

By: ______________

Dated: ~~August [ ]~~, 2026

KRISTEN JONES CARONE

By: ______________

Dated: ~~August [ ]~~, 2026

KEVIN ANDREW CARONE

By: ______________

Dated: ~~August [ ]~~, 2026
September 20, 2026

RUSSELL HOWARD

By: ______________

Dated: ~~August [ ]~~, 2026

CARONE ENERGY CORPORATION

By: ______________

Name: Kevin Carone

Title: President

Dated: ~~August [ ]~~, 2026

CARONE PETROLEUM CORPORATION

By: ______________

Name: Richard Carone

By: ______________________________

Dated: ~~August [ ]~~ Sept 23, 2026

RICHARD CARONE

By: R. L. Carone

Dated: ~~August [ ]~~, 2026

KRISTEN JONES CARONE

By: ______________________________

Dated: ~~August [ ]~~, 2026

KEVIN ANDREW CARONE

By: ______________________________

Dated: ~~August [ ]~~, 2026

RUSSELL HOWARD

By: ______________________________

Dated: ~~August [ ]~~, 2026

CARONE ENERGY CORPORATION

By: ______________________________

Name: Kevin Carone

Title: President

Dated: ~~August [ ]~~ Sept 23, 2026

CARONE PETROLEUM CORPORATION

By: R. L. Carone

Name: Richard Carone

Title: President

Dated: ~~July [ ]~~, 2026

REPUBLIC DRILLING COMPANY, INC.

By: ______________________

Name: Clem Alberts

Title: President

Dated: ~~August [ ]~~, 2026

PACIFIC OPERATORS OFFSHORE, LLC

By: ______________________

Name: Wagner Barkley

Title: Manager

Dated: ~~August [ ]~~, 2026

VERRAZZANO CORPORATION

By: ______________________

Name: Carlos Perdue

Title: President

Dated: ~~August []~~, 2026

CARPINTERIA OFFSHORE PROJECT LTD. Pres of Signal Hill Svc Inc AS General Partner of COP LTD

By: R. L. Carone

Name: Richard Carone



2700916.1 - 32744.0001

President of Signal Hill Service, Inc.,
General Partner of Carpinteria Offshore Project Ltd
Title: ______________________________

Dated: ~~August [ ]~~, 2026

PACIFIC OPERATORS, INC., DBA
PACIFIC OPERATORS OFFSHORE, INC.

By: ______________________________

Name: Wagner Barkley

Title: President

Dated: ~~August [ ]~~, 2026

ANAMERICAN CORPORATION (FDBA
ANAMERICAN DRILLING, INC.)

By: ______________________________

Name: Robert Carone

Title: President

Dated: ~~August [ ]~~, 2026

DEVELOPMENT FUNDING ASSOCIATES
LLC

By: ______________________________

Name: ______________________________

Title: ______________________________

Dated: ~~August [ ]~~, 2026

MBS CONSULTING LLC

By: ______________________________

Name: ______________________________

By: ______________________________

Dated: ~~August [ ]~~, 2026

RICHARD CARONE

By: ______________________________

Dated: ~~August [ ]~~ Sept. 24, 2026

KRISTEN JONES CARONE

By: Kristen Jones Carone

Dated: ~~August [ ]~~, 2026

KEVIN ANDREW CARONE

By: ______________________________

Dated: ~~August [ ]~~, 2026

RUSSELL HOWARD

By: ______________________________

Dated: ~~August [ ]~~, 2026

CARONE ENERGY CORPORATION

By: ______________________________

Name: Kevin Carone

Title: President

Dated: ~~August [ ]~~, 2026

CARONE PETROLEUM CORPORATION

By: ______________________________

Name: Richard Carone

By: ______________________________

Dated: ~~August [ ]~~, 2026

RICHARD CARONE

By: ______________________________

Dated: ~~August [ ]~~, 2026

KRISTEN JONES CARONE

By: ______________________________

Dated: ~~August [ ]~~, 2026
September 28, 2026

KEVIN ANDREW CARONE

By: ______________________________

Dated: ~~August [ ]~~, 2026

RUSSELL HOWARD

By: ______________________________

Dated: ~~August [ ]~~, 2026
September 28, 2026

CARONE ENERGY CORPORATION

By: ______________________________

Name: Kevin Carone

Title: President

Dated: ~~August [ ]~~, 2026

CARONE PETROLEUM CORPORATION

By: ______________________________

Name: Richard Carone

Title: President

Dated: ~~July [ ]~~, 2026
September 10, 2026

REPUBLIC DRILLING COMPANY, INC.

By: [signature]

Name: Clem Alberts

Title: President

Dated: ~~August [ ]~~, 2026

PACIFIC OPERATORS OFFSHORE, LLC

By: ______________________

Name: Wagner Barkley

Title: President

Dated: ~~August [ ]~~, 2026

VERRAZZANO CORPORATION

By: ______________________

Name: Richard Carone

Title: President

Dated: ~~August []~~, 2026

CARPINTERIA OFFSHORE PROJECT LTD.

By: ______________________

Name: Richard Carone

President of Signal Hill Service, Inc.,
General Partner of Carpinteria Offshore Project Ltd
Title: ______________________

Dated: ~~August [ ]~~, 2026

PACIFIC OPERATORS, INC., DBA
PACIFIC OPERATORS OFFSHORE, INC.

By: ______________________

Name: Wagner Barkley

Title: President

Dated: ~~August [ ]~~, 2026
September 23, 2026

ANAMERICAN CORPORATION (FDBA ANAMERICAN DRILLING, INC.)

By: [signature]

Name: Robert Carone

Title: President

Dated: ~~August [ ]~~, 2026

DEVELOPMENT FUNDING ASSOCIATES LLC

By: ______________________

Name: ______________________

Title: ______________________

Dated: ~~August [ ]~~, 2026

MBS CONSULTING LLC

By: ______________________

Name: ______________________

Title: President

Dated: ~~July [ ]~~, 2026

REPUBLIC DRILLING COMPANY, INC.

By: ______________________

Name: Clem Alberts

Title: President

Dated: ~~August [ ]~~, 2026

PACIFIC OPERATORS OFFSHORE, LLC

By: ______________________

Name: Wagner Barkley

Title: Manager

Dated: ~~August [ ]~~, 2026

**September 12, 2026**

VERRAZZANO CORPORATION

By: CPerdue

Name: Carlos Perdue

Title: President

Dated: ~~August []~~, 2026

CARPINTERIA OFFSHORE PROJECT LTD.

By: ______________________

Name: Richard Carone

Title: President

Dated: ~~July [ ]~~, 2026

REPUBLIC DRILLING COMPANY, INC.

By: ______________________

Name: Clem Alberts

Title: President

Dated: ~~August [ ]~~, 2026

September 20, 2026

PACIFIC OPERATORS OFFSHORE, LLC

By: [signature]

Name: Wagner Barkley

Title: Manager

Dated: ~~August [ ]~~, 2026

VERRAZZANO CORPORATION

By: ______________________

Name: Carlos Perdue

Title: President

Dated: ~~August []~~, 2026

CARPINTERIA OFFSHORE PROJECT LTD.

By: ______________________

Name: Richard Carone

President of Signal Hill Service, Inc.,
General Partner of Carpinteria Offshore Project Ltd
Title: ______________________________

Dated: ~~August [--]~~, 2026
September 20, 2026

PACIFIC OPERATORS, INC., DBA
PACIFIC OPERATORS OFFSHORE, INC.

By: WBarkley

Name: Wagner Barkley

Title: President

Dated: ~~August [--]~~, 2026

ANAMERICAN CORPORATION (FDBA ANAMERICAN DRILLING, INC.)

By: ______________________________

Name: Robert Carone

Title: President

Dated: ~~August [--]~~, 2026

DEVELOPMENT FUNDING ASSOCIATES LLC

By: ______________________________

Name: ______________________________

Title: ______________________________

Dated: ~~August [--]~~, 2026

MBS CONSULTING LLC

By: ______________________________

Name: ______________________________

Title: ______________________________

Dated: August [ ], 2026

PACIFIC OPERATORS, INC., DBA
PACIFIC OPERATORS OFFSHORE, INC.

By: ______________________________

Name: ______________________________

Title: ______________________________

Dated: August [ ], 2026

ANAMERICAN CORPORATION (FDBA
ANAMERICAN DRILLING, INC.)

By: ______________________________

Name: ______________________________

Title: ______________________________

Dated: August [ ], 2026
Sept 4, 2026

DEVELOPMENT FUNDING ASSOCIATES
LLC

By: [signature]

Name: Marvin B. Smith

Title: Manager

Dated: August [ ], 2026
Sept 4, 2026

MBS CONSULTING LLC

By: [signature]

Name: Marvin B. Smith

Title: Owner

Label Matrix for local noticing
1089-2
Case 24-20439
District of Wyoming
Cheyenne
Mon Oct 5 10:11:04 MDT 2026

California State Lands Commission
100 Howe Avenue
Suite 100 South
Sacramento, CA 95825-8219

Meadow River Investments, L.L.C.
100 North Center Street
Newton Falls, OH 44444-1321

Signal Hill Service, Inc.
204 W Spear St.
#4063
Carson City, NV 89703-4160

US Trustee
2150 Centre Ave, Building A
Fort Collins, CO 80526-8121

US Bankruptcy Court
2120 Capitol Avenue #6004
Cheyenne, WY 82001-3647

ABS Quality Evaluations, Inc.
1701 City Plaza Drive
Spring, TX 77389-1831

AIRX Testing Services
2472 Eastman Ave
STE 34
Ventura, CA 93003-5774

Abacus IMT, Inc.
7001 Downing Ave.
Bakersfield, CA 93308-5813

Amergent Techs LLC
3361 Cerritos Ave
Los Alamitos, CA 90720-2105

Aquatic Bioassy, Inc.
29 N Olive St
Ventura, CA 93001-2552

Avanti Environmental, Inc.
10842 Noel St
Unit 108
Los Alamitos, CA 90720-2583

C & C Boats, Inc.
18211 Enterprise Ln
Ste E
Huntington Beach, CA 92648-1244

Cableco
13100 Firestone Blvd
Santa Fe Springs, CA 90670-5517

Cadlerock IV, LLC
100 N Center St.
Newton Falls, OH 44444-1321

California State Lands Commission (CSLC)
100 Howe Ave, Ste 100-South
Sacramento, CA 95825-8219

Carpinteria Offshore Project Partnership
1145 Eguenia Place, Suite 200
Carpinteria, CA 93013-2169

Century Calibrating Company
2439 Cerritos Ave
Signal Hill, CA 90755-3498

Chancellor Oil Tool, Inc.
3521 Gulf St
Bakersfield, CA 93308-5210

Chevron USA Inc.
6001 Bollinger Canyon Road
San Ramon, CA 94583-5737

Clariant
4000 Monroe Rd
Charlotte, NC 28205-7782

Compliance Services, Inc
1308 Deschules Creek Ln
Bakersfield, CA 93311-9307

DFA Investors Trust
31990 S 624 Place, #75
Grove, OK 74344-0426

DXP Enterprises, Inc.
5301 Hollister St
Houston, TX 77040-6140

Enviro-Tech Systems
17327 Norwell Dr.
Covington, LA 70435-5664

Gaynor Ranch, LLC
c/o Ferguson Case Orr Paterson LLP
1050 So. Kimball Rd.
Ventura, CA 93004-2000

Green Compass Southern
2091 Goodyear Ave
Ventura, CA 93003

I.D.E.A.S., Inc.
1 Park Way
Upper Saddle River, NJ 07458-2388

IPC
4501 Tamiami Trail North
Ste 102S
Naples, FL 34103-3018

Instrument Service Inc.
186 S Ramona Ave
Corona, CA 92879

Joy Equipment Protection, Inc.
5690 Casitas Pass Rd
Carpinteria, CA 93013-3160

LTS Environmental, Inc
704 Adirondack Ave
Ventura, CA 93003-1120

Legal Vision Consulting Group
1801 Century Park East
#350
Los Angeles, CA 90067-2327

Luna & Glushon
1801 Century Park East
Ste 2400
Los Angeles, CA 90067-2326

MHA Petroleum Consultants
730 17th St
Denver, CO 80202-3580

Office of Natural Resource Revenue
P.O. Box 25165, MS 64200B
Denver, CO 80225-0165

Oil & Gas Information Systems
5801 Edwards Ranch Rd
Ste 200
Fort Worth, TX 76109-4130

Oilfield Electric Company
1801 N Ventura Ave
Ventura, CA 93001-1597

Ost Trucks & Cranes Inc.
2301 Union Ave
Bakersfield, CA 93307-4159

Pacific Operators Offshore, LLC
1145 Eugenia Pl
Ste 200
Carpinteria, CA 93013-2169

Pacific Operators Offshore, LLC
204 W Spear, #3799
Carson City, NV 89703-4160

Pacific Seatec LLC
527 N Quarantina St
Santa Barbara, CA 93103-3120

Patriot Environmental Service
2091 Goodyear Ave
Ventura, CA 93003

Pipeline Association For Public Awarenes
8601 W Cross Dr PMB 302
Unit F5
Littleton, CO 80123-2200

Praxair Distribution Inc.
305 E Haley St.
Santa Barbara, CA 93101-1712

Production Tool Solution, Inc.
2210 Soledad Canyon Rd H
Acton, CA 93510-2452

Pt. Hueneme Marine Supply Co
710 W Hueneme Rd
Oxnard, CA 93033-9038

Quinn Pumps, LLC
601 SOUTH RAQUET
LUFKIN, TX 75904-3951

Ready Refresh
PO Box 856680
Louisville, KY 40285-6680

(c)REPUBLIC DRILLING COMPANY
410 N MAIN ST STE 100
BUFFALO WY 82834-1778

SBRS Services Inc.
920 De La Vina
Santa Barbara, CA 93101-3221

SC Commercial, LLC
5508 Lonas Drive
Knoxville, TN 37909-3221

SC Fuels
1800 W. Katella Ave.
Ste. 400
Orange, CA 92867-3449

SOS Crane & Trucking
1135 Enos Ln Bakersfield
Bakersfield, CA 93314-9548

Santa Barbara County Parks Dept
123 E Anapamu St
Santa Barbara, CA 93101-2025

Santa Barbara Fuel Dock, Inc.
125 Harbor Way
Ste 12
Santa Barbara, CA 93109-2352

Tammy Heeston, Measurement & Control Eng
7620 E Paseo Hermosa
Prescott Valley, AZ 86314-5510

Terra Chem, Inc
2107 Brundage Ln
Bakersfield, CA 93304-2701

Thomas & Beers
572 Poli St
Ventura, CA 93001-2633

Union Pacific Railroad Company
1400 Douglas St.
Omaha, NE 68179-0002

United States Department of the Interior
attn: Andrew Perry
755 Parfet Street
Suite 151
Lakewood, CO 80215-5599

Ventura Harbor Marine Fuel, Inc.
1551 Spinnaker Dr
Ventura, CA 93001-4337

Alex Schurawel
Markus Williams LLC
1775 Sherman Street
Suite 1950
Denver, CO 80203-4350

Randy L. Royal
P.O. Box 551
Greybull, WY 82426-0551

Stephen R. Winship
Winship and Winship, PC
145 South Durbin Street
Suite 201
Casper, WY 82601-2566

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

Republic Drilling Company
412 N Main St
Ste 100
Buffalo, WY 82834-1761

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Gaynor Ranch LLC

(d)Meadow River Investments, L.L.C.
100 North Center Street
Newton Falls, OH 44444-1321

| | |
|---|---|
| End of Label Matrix | |
| Mailable recipients | 64 |
| Bypassed recipients | 2 |
| Total | 66 |

Randy L. Royal
Chapter 7 Trustee
P.O. Box 551
Greybull, WY 82426
Phone: 307-765-4433
Fax: 307-765-9563
rlroyal@randylroyalpc.com

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SIGNAL HILL SERVICE, INC., | ) | Case No. 24-20439 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

**NOTICE TO CREDITORS AND PARTIES IN INTEREST OF THE MOTION TO APPROVE SETTLEMENT AGREEMENT AND OPPORTUNITY TO OBJECT**

**NOTICE IS HEREBY GIVEN** that the Trustee is seeking an Order Approving Settlement Agreement entered into between the parties thereto. A copy of the pleading is being mailed herewith.

You are notified that if you desire to oppose this action, you must file with the Court and serve on the Trustee in the case, a written objection to the requested relief on or before **October 29, 2026**. In the absence of a timely objection, the relief sought may be granted by the Court without further hearing. If you file a written response, the Court will set the matter for, and provide notice of, a hearing.

DATED: October 5, 2026

*/s/ Randy L. Royal, Chapter 7 Trustee*

243801503.2
232604-10001

Randy L. Royal
Chapter 7 Trustee
P.O. Box 551
Greybull, WY 82426
Phone: 307-765-4433
Fax: 307-765-9563
rlroyal@randylroyalpc.com

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SIGNAL HILL SERVICE, INC., | ) | Case No. 24-20439 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I, Randy L. Royal, do hereby certify that a copy of the foregoing **NOTICE TO CREDITORS AND PARTIES IN INTEREST OF THE MOTION TO APPROVE SETTLEMENT AGREEMENT AND OPPORTUNITY TO OBJECT** and **MOTION TO APPROVE SETTLEMENT AGREEMENT** was mailed by first class mail, postage pre-paid, on October 5, 2026, to:

Via: United States Mail:
Attached Official Matrix

Via: Electronic Notice:
**U.S. Trustee's Office (USTPRegion19.cy.ecf@usdoj.gov)**
**Jeffrey M Boldt (jeffrey@kukerlaw.com)**
**John A. Coppede (jcoppede@coalcreeklaw.com)**
**William Cross (wcross@markuswilliams.com)**
**Jennifer M. Salisbury (jsalisbury@markuswilliams.com)**
**Steven Kerns (steven.kerns@doj.ca.gov)**
**Isabella Panicucci (Isabella.Panicucci@doj.ca.gov)**

/s/

Label Matrix for local noticing
1089-2
Case 24-20439
District of Wyoming
Cheyenne
Mon Oct 5 10:11:04 MDT 2026

California State Lands Commission
100 Howe Avenue
Suite 100 South
Sacramento, CA 95825-8219

Meadow River Investments, L.L.C.
100 North Center Street
Newton Falls, OH 44444-1321

Signal Hill Service, Inc.
204 W Spear St.
#4063
Carson City, NV 89703-4160

US Trustee
2150 Centre Ave, Building A
Fort Collins, CO 80526-8121

US Bankruptcy Court
2120 Capitol Avenue #6004
Cheyenne, WY 82001-3647

ABS Quality Evaluations, Inc.
1701 City Plaza Drive
Spring, TX 77389-1831

AIRX Testing Services
2472 Eastman Ave
STE 34
Ventura, CA 93003-5774

Abacus IMT, Inc.
7001 Downing Ave.
Bakersfield, CA 93308-5813

Amergent Techs LLC
3361 Cerritos Ave
Los Alamitos, CA 90720-2105

Aquatic Bioassy, Inc.
29 N Olive St
Ventura, CA 93001-2552

Avanti Environmental, Inc.
10842 Noel St
Unit 108
Los Alamitos, CA 90720-2583

C & C Boats, Inc.
18211 Enterprise Ln
Ste E
Huntington Beach, CA 92648-1244

Cableco
13100 Firestone Blvd
Santa Fe Springs, CA 90670-5517

Cadlerock IV, LLC
100 N Center St.
Newton Falls, OH 44444-1321

California State Lands Commission (CSLC)
100 Howe Ave, Ste 100-South
Sacramento, CA 95825-8219

Carpinteria Offshore Project Partnership
1145 Eguenia Place, Suite 200
Carpinteria, CA 93013-2169

Century Calibrating Company
2439 Cerritos Ave
Signal Hill, CA 90755-3498

Chancellor Oil Tool, Inc.
3521 Gulf St
Bakersfield, CA 93308-5210

Chevron USA Inc.
6001 Bollinger Canyon Road
San Ramon, CA 94583-5737

Clariant
4000 Monroe Rd
Charlotte, NC 28205-7782

Compliance Services, Inc
1308 Deschules Creek Ln
Bakersfield, CA 93311-9307

DFA Investors Trust
31990 S 624 Place, #75
Grove, OK 74344-0426

DXP Enterprises, Inc.
5301 Hollister St
Houston, TX 77040-6140

Enviro-Tech Systems
17327 Norwell Dr.
Covington, LA 70435-5664

Gaynor Ranch, LLC
c/o Ferguson Case Orr Paterson LLP
1050 So. Kimball Rd.
Ventura, CA 93004-2000

Green Compass Southern
2091 Goodyear Ave
Ventura, CA 93003

I.D.E.A.S., Inc.
1 Park Way
Upper Saddle River, NJ 07458-2388

IPC
4501 Tamiami Trail North
Ste 102S
Naples, FL 34103-3018

Instrument Service Inc.
186 S Ramona Ave
Corona, CA 92879

Joy Equipment Protection, Inc.
5690 Casitas Pass Rd
Carpinteria, CA 93013-3160

LTS Environmental, Inc
704 Adirondack Ave
Ventura, CA 93003-1120

Legal Vision Consulting Group
1801 Century Park East
#350
Los Angeles, CA 90067-2327

Luna & Glushon
1801 Century Park East
Ste 2400
Los Angeles, CA 90067-2326

MHA Petroleum Consultants
730 17th St
Denver, CO 80202-3580

Office of Natural Resource Revenue
P.O. Box 25165, MS 64200B
Denver, CO 80225-0165

Oil & Gas Information Systems
5801 Edwards Ranch Rd
Ste 200
Fort Worth, TX 76109-4130

Oilfield Electric Company
1801 N Ventura Ave
Ventura, CA 93001-1597

Ost Trucks & Cranes Inc.
2301 Union Ave
Bakersfield, CA 93307-4159

Pacific Operators Offshore, LLC
1145 Eugenia Pl
Ste 200
Carpinteria, CA 93013-2169

Pacific Operators Offshore, LLC
204 W Spear, #3799
Carson City, NV 89703-4160

Pacific Seatec LLC
527 N Quarantina St
Santa Barbara, CA 93103-3120

Patriot Environmental Service
2091 Goodyear Ave
Ventura, CA 93003

Pipeline Association For Public Awarenes
8601 W Cross Dr PMB 302
Unit F5
Littleton, CO 80123-2200

Praxair Distribution Inc.
305 E Haley St.
Santa Barbara, CA 93101-1712

Production Tool Solution, Inc.
2210 Soledad Canyon Rd H
Acton, CA 93510-2452

Pt. Hueneme Marine Supply Co
710 W Hueneme Rd
Oxnard, CA 93033-9038

Quinn Pumps, LLC
601 SOUTH RAQUET
LUFKIN, TX 75904-3951

Ready Refresh
PO Box 856680
Louisville, KY 40285-6680

(c)REPUBLIC DRILLING COMPANY
410 N MAIN ST STE 100
BUFFALO WY 82834-1778

SBRS Services Inc.
920 De La Vina
Santa Barbara, CA 93101-3221

SC Commercial, LLC
5508 Lonas Drive
Knoxville, TN 37909-3221

SC Fuels
1800 W. Katella Ave.
Ste. 400
Orange, CA 92867-3449

SOS Crane & Trucking
1135 Enos Ln Bakersfield
Bakersfield, CA 93314-9548

Santa Barbara County Parks Dept
123 E Anapamu St
Santa Barbara, CA 93101-2025

Santa Barbara Fuel Dock, Inc.
125 Harbor Way
Ste 12
Santa Barbara, CA 93109-2352

Tammy Heeston, Measurement & Control Eng
7620 E Paseo Hermosa
Prescott Valley, AZ 86314-5510

Terra Chem, Inc
2107 Brundage Ln
Bakersfield, CA 93304-2701

Thomas & Beers
572 Poli St
Ventura, CA 93001-2633

Union Pacific Railroad Company
1400 Douglas St.
Omaha, NE 68179-0002

United States Department of the Interior
attn: Andrew Perry
755 Parfet Street
Suite 151
Lakewood, CO 80215-5599

Ventura Harbor Marine Fuel, Inc.
1551 Spinnaker Dr
Ventura, CA 93001-4337

Alex Schurawel
Markus Williams LLC
1775 Sherman Street
Suite 1950
Denver, CO 80203-4350

Randy L. Royal
P.O. Box 551
Greybull, WY 82426-0551

Stephen R. Winship
Winship and Winship, PC
145 South Durbin Street
Suite 201
Casper, WY 82601-2566

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

Republic Drilling Company
412 N Main St
Ste 100
Buffalo, WY 82834-1761

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Gaynor Ranch LLC

(d)Meadow River Investments, L.L.C.
100 North Center Street
Newton Falls, OH 44444-1321

End of Label Matrix

| | |
|---|---|
| Mailable recipients | 64 |
| Bypassed recipients | 2 |
| Total | 66 |